# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILILNOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION, | MDL No. 2948 |
| | Master Docket No. 20 C 4699 |
| | Judge John Z. Lee |
| | Magistrate Judge Sunil R. Harjani |
| This Document Relates to All Cases | |

## CASE MANAGEMENT ORDER NO. 1

The Judicial Panel on Multi District Litigation ("JPML"), pursuant to its order of August 4, 2020, transferred to this Court the civil actions listed on Exhibit A attached hereto. Because these transferred civil actions merit special attention as complex litigation, IT IS ORDERED THAT:

1. **Applicability of Order**. The provisions of this Order (and of future orders applicable to "All Cases") shall govern the practice and procedure in those actions, listed on Exhibit A, that were transferred to this Court by the JPML pursuant to its order of August 4, 2020. This Order also applies to all related cases filed in all divisions of the Northern District of Illinois and will also apply to any "tag-along actions" later filed in, removed to, or transferred to this Court.

2. **Consolidation**. The civil actions assigned to MDL No. 2948 are consolidated for pretrial purposes. Any "tag-along actions" later filed in, removed to or transferred to this Court, or directly filed in the Northern District of Illinois, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation, however, does not

constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

3. **Master Docket**. The Clerk of Court will maintain a master docket case file under the style "*In Re: TikTok, Inc. Consumer Privacy Litigation*" and the master docket identification number "20-cv-4699" as well as the identification "MDL No. 2948." All pleadings and filing should be filed in the master docket case no. 20-cv-4699. When a pleading or filing is intended to be applicable to all actions, this shall be indicated in the caption by the words: "This Document Relates to All Cases." When a pleading is intended to apply to fewer than all cases, this Court's docket number for the individual case or cases to which the document number relates shall appear in the caption immediately after the words: "This Document Relates to [individual case number(s)]."

4. **Filing Procedures.** Any pleading or document which is to be filed in any of these actions shall be filed with the Clerk of this Court and not in the transferor court. All documents filed in this Court must be filed electronically pursuant to this Court's General Order on Electronic Case Filing (General Order 211-24) and the CM/ECF User Guide. All counsel of record are required to register in the Court's CM/ECF Filing System. Additional information can be found at: https://www.ilnd.uscourts.gov/CMECF.aspx.

5. **Appearance.** Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court. Furthermore, attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation and need not file a motion to be admitted *pro hac vice*. Association with local counsel is not required.

6. **Local Rules and Procedures.** All counsel of record are expected to familiarize themselves with the Court's local rules and procedures including, the electronic case filing rules, the CM/ECF User Guide, and Judge Lee's Case Management Procedures (https://www.ilnd.uscourts.gov/judge-info.aspx?4Qf5zc8loCI5U7rfMP9DHw==).

7. **Interim Counsel of Record.** Counsel who currently are electronically registered to receive electronic notifications in this litigation shall serve as Interim Counsel of Record until such time that the Court appoints Liaison Counsel and Lead Counsel. These individuals are asked to forward a copy of this order and any additional orders, which are issued prior to the appointment of Liaison Counsel and Lead Counsel, to the other attorneys who are involved in the transferred actions, to the extent that such attorneys have not registered to receive electronic notifications.

8. **Initial Pretrial Conference.** Matters relating to pretrial and discovery proceedings in these cases will be addressed at an initial pretrial conference to be held on September 22, 2020, at 2:00 p.m. In light of the COVID-19 pandemic and the related General Orders, the Court finds that it is necessary to conduct the status hearing via telephone conference. The call-in number is 888-273-3658 and the access code is 1637578. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in court-imposed sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. All participants should review the Court's standing order regarding telephone conferences that is on Judge Lee's website, which can be found at: https://www.ilnd.uscourts.gov/judge-info.aspx?4Qf5zc8loCI5U7rfMP9DHw==.

9. **Initial Pretrial Conference Agenda.**

(a) **Procedures for Complex Litigation.** Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth* ("MCL 4th") and be prepared at the conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation.

(b) **List of Related Cases.** Counsel shall file a statement listing all known related cases (other than the matters that appear on Exhibit A) pending in state or federal court, if any, by September 8, 2020.

(c) **Appearance at Hearing.** Each party represented by counsel shall appear at the initial pretrial conference through their attorney who will have primary responsibility for the party's interest in this litigation. Parties not represented by counsel may appear in person or through an authorized and responsible agent. To minimize costs and facilitate a manageable conference, parties with similar interests may agree, to the extent practicable, to have an attending attorney represent their interest at the conference. A party that designates an attorney to represent its interest at the conference will not be precluded from other representation during the litigation, nor will attendance at the conference waive objections to jurisdiction, venue, or service.

(d) **Meeting of Counsel.** Prior to the initial pretrial conference, counsel for the parties should confer and seek agreement as to the following, to the extent applicable:

    (i) any fact discovery that may be necessary, including any limit on the number of additional interrogatories, limits on the number of additional depositions and their duration, and time frame for such discovery;

(ii) issues related to class certification and the filing of consolidated motions for class certification;

(iii) the schedule for any additional expert witness disclosures and related discovery;

(iv) the schedule for any dispositive motions;

(v) settlement efforts; and

(vi) any other Fed. R. Civ. P. 16 and 26(f) topics not addressed above.

(f) **Filing of Proposed Case Management Schedule.** After conferring as noted above, the parties should file jointly a proposed case management schedule no later than September 8, 2020, to the extent applicable. The proposed case management schedule should set forth a proposed schedule for this litigation and address, at a minimum, the items noted above. To the extent there is agreement among the parties as to one or more of these items, it should be so noted. To the extent that there is disagreement among the parties as to any one or more items, the various positions with respect to each item of disagreement should be set forth in the joint filing.

10. **Liaison Counsel.** Prior to the initial pretrial conference, counsel for Plaintiffs and counsel for Defendants shall, to the extent they have not already done so, confer and seek consensus on the selection of a candidate for the position of Liaison Counsel for each group who will be charged with essentially administrative matters. For example, Liaison Counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group and perform other tasks determined by the Court. Liaison Counsel shall be required to maintain complete files with copies of all documents served

upon them and shall make such files available to parties within their liaison group upon request. Liaison Counsel are also authorized to receive orders and notices from the JPML pursuant to Rule 5.2(e) of the JPML's Rules of Procedure or from the transferee court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group. The expenses incurred in performing the services of Liaison Counsel shall be shared equally by all members of the liaison group in a manner agreeable to the parties or set by the Court failing such agreement. Plaintiffs, as a group, and Defendants, as a group, each should file a designation of liaison counsel by September 8, 2020. Appointment of Liaison Counsel shall be subject to the approval of the Court. At the first conference, Liaison Counsel and/or the parties should be prepared to discuss any additional needs for an organizational structure or any additional matters consistent with the efficient handling of this matter.

11. **Appointment of Lead Counsel.**

(a) **Lead Counsel for Plaintiffs.** It is the Court's intent to appoint two attorneys to serve as Lead Counsel for Plaintiffs to conduct and coordinate the pretrial stage of this litigation with the Defendants' representatives. Prior to the initial pretrial conference, counsel for Plaintiffs shall, to the extent they have not already done so, confer and seek consensus on the selection of two candidates for these position. Once an agreement is reached, Plaintiffs should file a designation of Lead Counsel with the Court. In the event that Plaintiffs are unable to arrive at an agreement, applications/nominations for the positions should be filed no later than September 8, 2020. The main criteria for appointment will be: (a) counsel's willingness and availability to commit to a time-consuming project; (b) counsel's ability to work cooperatively with others; and (c)

6

counsel's professional experience in this type of litigation, including any prior appointments as lead counsel or liaison counsel in multi-party litigation. Applications/nominations should succinctly address each of the above criteria as well as any other relevant matters. No submissions longer than five (5) pages will be considered. The Court will only consider attorneys who have filed a civil action in this litigation. Any objections to the appointment of a proposed applicant/nominee must be filed by September 15, 2020, and should not exceed five (5) pages.

(b) **Lead Counsel for Defendants.** Because there is only one principal Defendant, the Court will also appoint one Lead Counsel on the defense side. Counsel for Defendants should advise the Court who they prefer to serve in this position.

(c) **Role of Lead Counsel.** Lead counsel will have the responsibility to coordinate and/or perform the following functions:

(i) **Discovery**

(A) Initiate, coordinate, and conduct all pretrial discovery on behalf of Plaintiffs in all actions which are consolidated with the instant multi district litigation.

(B) Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all Plaintiffs.

(C) Cause to be issued in the name of all Plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation. Similar requests, notices,

and subpoenas may be caused to be issued by Lead Counsel upon written request by an individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims.

(D)  Conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all Plaintiffs. No attorney for a Plaintiff may be excluded from attending the examination of witnesses and other proceedings.

(ii)  **Hearings and Meetings**

(A)  Call meetings of counsel for Plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

(B)  Examine witnesses and introduce evidence at hearings on behalf of Plaintiffs.

(C)  Act as spokesperson for all Plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any Plaintiff's counsel to present non-repetitive individual or different positions.

(iii)  **Miscellaneous**

(A)  Submit and argue any verbal or written motions presented to the Court on behalf of the Plaintiffs, as well as oppose when necessary any motions submitted by Defendants or other parties.

(B) Negotiate and enter into stipulations with Defendants regarding this litigation. All stipulations entered into by Lead Counsel, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation. Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within ten (10) days after he/she knows or should have reasonably become aware of the stipulation. Failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party.

(C) Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation.

(D) Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by Plaintiffs or their attorneys.

(E) Prepare periodic status reports summarizing the Lead Counsels' work and progress. These reports shall be submitted to the Plaintiffs' Liaison Counsel who will promptly distribute copies to the other Plaintiffs' attorneys.

(F) Perform any task necessary and proper for Lead Counsel to accomplish their responsibilities as defined by the Court's orders.

(G) Perform such other functions as may be expressly authorized by further orders of this Court.

(H) Reimbursement for costs and/or fees for services will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.

12. **Interim Measures.**  Unless otherwise ordered by the Court:

(a) **Extension and Stay.**  To the extent that Defendants are required to file an answer or otherwise plead to the complaints filed in the transferred actions, Defendants are granted an extension until a date to be set by this Court.  Furthermore, pending the initial pretrial conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated. Moreover, all pending motions are stricken without prejudice.

(b) **Orders of Transferor Courts.**  All orders of transferor courts imposing dates for pleadings or discovery are vacated.

13. **Remand Stipulations.**  In the event that a case is remanded, the parties shall furnish to the Clerk of Court a stipulation or designation of the contents of the record and furnish all necessary copies of any pleadings filed so as to enable the transferee clerk to comply with the order of remand.

14. **Preservation of Evidence.**  All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action. "Documents, data, and tangible things" is to be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, e-mail, telephone

message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies, or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data, and tangible things containing information potentially relevant to the subject matter of this litigation. Counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties.

15. **Communications with the Court.** Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing, with copies to opposing counsel. Nevertheless, the Court recognizes that cooperation by and among Plaintiffs' counsel and by and among Defendants' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between Plaintiffs' counsel and among and between Defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product, and cooperative efforts contemplated above shall in no way be used against any Plaintiff by Defendants or against a Defendant by any

Plaintiff.  Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

**IT IS SO ORDERED.**　　　　　　　　　　**ENTERED: 8/17/20**

_____
**JOHN Z. LEE**
**United States District Judge**