# Exhibit B



Office of the Press Secretary

FOR IMMEDIATE RELEASE
August 14, 2020

ORDER

- - - - - - -

REGARDING THE ACQUISITION OF MUSICAL.LY BY BYTEDANCE LTD.

By the authority vested in me as President by the Constitution and the laws of the United States of America, including section 721 of the Defense Production Act of 1950, as amended (section 721), 50 U.S.C. 4565, it is hereby ordered as follows:

Section 1.  Findings.  (a)  There is credible evidence that leads me to believe that ByteDance Ltd., an exempted company with limited liability incorporated under the laws of the Cayman Islands ("ByteDance"), through acquiring all interests in musical.ly, an exempted company with limited liability incorporated under the laws of the Cayman Islands ("Musical.ly"), might take action that threatens to impair the national security of the United States.  As a result of the acquisition, ByteDance merged its TikTok application with Musical.ly's social media application and created a single integrated social media application; and

(b)  Provisions of law, other than section 721 and the International Emergency Economic Powers Act (50 U.S.C. 1701 et seq.), do not, in my judgment, provide adequate and appropriate authority for me to protect the national security in this matter.

Sec. 2.  Actions Ordered and Authorized.  On the basis of the findings set forth in section 1 of this order, considering the factors described in subsection (f) of section 721, as appropriate, and pursuant to my authority under applicable law, including section 721, I hereby order that:

(a)  The transaction resulting in the acquisition by ByteDance of Musical.ly, to the extent that Musical.ly or any of its assets is used in furtherance or support of, or relating to, Musical.ly's activities in interstate commerce in the United States ("Musical.ly in the United States"), is hereby prohibited, and ownership by ByteDance of any interest in Musical.ly in the United States, whether effected directly or indirectly through ByteDance, or through ByteDance's subsidiaries, affiliates, or Chinese shareholders, is also prohibited.

(b)  In order to effectuate this order, not later than 90 days after the date of this order, unless such date is extended for a period not to exceed 30 days, on such written conditions as the Committee on Foreign Investment in the United States (CFIUS) may impose, ByteDance, its subsidiaries, affiliates, and Chinese shareholders, shall divest all interests and rights in:

(i)  any tangible or intangible assets or property, wherever located, used to enable or support ByteDance's operation of the TikTok application in the United States, as determined by the Committee; and

(ii)  any data obtained or derived from TikTok application or Musical.ly application users in the United States.  Immediately upon divestment, ByteDance shall certify in writing to CFIUS that all steps necessary to fully and permanently effectuate the actions required under sections 2(a) and 2(b) have been completed.

(c)  Immediately upon divestment, ByteDance shall certify in writing to CFIUS that it has destroyed all data that it is required to divest pursuant to section 2(b)(ii), as well as all copies of such data wherever located, and CFIUS is authorized to require auditing of ByteDance on terms it deems appropriate in order to ensure that such destruction of data is complete.

(d)  ByteDance shall not complete a sale or transfer under section 2(b) to any third party:

(i)  until ByteDance notifies CFIUS in writing of the intended recipient or buyer; and

(ii)  unless 10 business days have passed from the notification in section 2(d)(i) and CFIUS has not issued an objection to ByteDance.  Among the factors CFIUS may consider in reviewing the proposed sale or transfer are whether the buyer or transferee:  is a U.S. citizen or is owned by U.S. citizens; has or has had a direct or indirect contractual, financial, familial, employment, or other close and continuous relationship with ByteDance, or its officers, employees, or shareholders; and can demonstrate a willingness and ability to support compliance with this order.  In addition, CFIUS may consider whether the proposed sale or transfer would threaten to impair the national security

of the United States or undermine the purpose of this order, and whether the sale effectuates, to CFIUS's satisfaction and in its discretion, a complete divestment of all tangible or intangible assets or property, wherever located, used to enable or support the operation of the TikTok application in the United States.

(e)  From the date of this order until ByteDance provides a certification of divestment to CFIUS pursuant to section 2(b), ByteDance and TikTok Inc., a Delaware corporation, shall certify to CFIUS on a weekly basis that they are in compliance with this order and include a description of efforts to divest the interests and rights described in section 2(b) and a timeline for projected completion of remaining actions.

(f)  Any transaction or other device entered into or employed for the purpose of, or with the effect of, evading or circumventing this order is prohibited.

(g)  Without limitation on the exercise of authority by any agency under other provisions of law, and until such time as the divestment is completed and verified to the satisfaction of CFIUS, CFIUS is authorized to implement measures it deems necessary and appropriate to verify compliance with this order and to ensure that the operations of the TikTok application are carried out in such a manner as to ensure protection of the national security interests of the United States.  Such measures may include the following:  on reasonable notice to ByteDance and TikTok Inc., employees of the United States Government, as designated by CFIUS, shall be permitted access, for purposes of verifying compliance with this order, to all premises and facilities of ByteDance and TikTok Inc., and any of their respective subsidiaries, operated in furtherance of the TikTok

application located in the United States:

       (i)    to inspect and copy any books, ledgers, accounts, correspondence, memoranda, and other records and documents in the possession or under the control of ByteDance or TikTok Inc., or any of their respective subsidiaries, that concern any matter relating to this order;

       (ii)    to inspect or audit any information systems, networks, hardware, software, data, communications, or property in the possession or under the control of ByteDance or TikTok Inc., or any of their respective subsidiaries; and

       (iii)    to interview officers, employees, or agents of ByteDance or TikTok Inc., or any of their respective subsidiaries, concerning any matter relating to this order.  CFIUS shall conclude its verification procedures within 90 days after the certification of divestment is provided to CFIUS pursuant to subsection (b) of this section.

    (h)  If any provision of this order, or the application of any provision to any person or circumstances, is held to be invalid, the remainder of this order and the application of its other provisions to any other persons or circumstances shall not be affected thereby.  If any provision of this order, or the application of any provision to any person of circumstances, is held to be invalid because of the lack of certain procedural requirements, the relevant executive branch officials shall implement those procedural requirements.

    (i)  The Attorney General is authorized to take any steps necessary to enforce this order.

Sec. 3.  Reservation.  I hereby reserve my authority to issue further orders with respect to ByteDance, Musical.ly, Musical.ly in the United States, and TikTok Inc. as shall in my judgment be necessary to protect the national security.

     Sec. 4.  Publication and Transmittal.  (a)  This order shall be published in the Federal Register.

     (b)  I hereby direct the Secretary of the Treasury to transmit a copy of this order to the appropriate parties named in section 1 of this order.

                                             DONALD J. TRUMP

THE WHITE HOUSE,
    August 14, 2020.