# EXHIBIT 12

| | |
|---|---|
| **Subject:** | RE: TikTok Plaintiffs' Counsel Meet and Confer |
| **Date:** | Friday, August 21, 2020 at 2:00:17 PM Central Daylight Time |
| **From:** | Katrina Carroll |
| **To:** | Ekwan E. Rhow, dgirard@girardsharp.com, jelias@girardsharp.com, apolk@girardsharp.com, Benjamin F. Johns, bmm@chimicles.com, Kyle Shamberg, Nicholas Lange, Lesley Weaver, akeller@dicellolevitt.com, dmillen@fklmlaw.com, bhogan@fklmlaw.com, Jon Jagher, kjustice@fklmlaw.com, jsprengel@caffertyclobes.com, dherrera@caffertyclobes.com, nhagman@caffertyclobes.com, rrg@gordonlawchicago.com, Joseph Sauder, tyiatras@gmail.com, casey@lawofficeflynn.com, francisflynn@gmail.com, jbk@sstriallawyers.com, Tina Wolfson, Robert Ahdoot, Ted Maya, bking@ahdootwolfson.com, rstephan@stephanzouras.com, jzouras@stephanzouras.com, aficzko@stephanzouras.com, mshannon@stephanzouras.com, elangeland@langelandlaw.com, jtostrud@tostrudlaw.com, fbottini@bottinilaw.com, achang@bottinilaw.com, ykolesnikov@bottinilaw.com, jcotchett@cpmlegal.com, mmolumphy@cpmlegal.com, tredenbarger@cpmlegal.com, nrahman@cpmlegal.com, ehg@classlawgroup.com, dmb@classlawgroup.com, jbk@classlawgroup.com, william.a.baird.1@gmail.com, jguglielmo@scott-scott.com, ecomite@scott-scott.com, jpettigrew@scott-scott.com, ekirkwood1@bellsouth.net, Wichmann@onderlaw.com, Onder@onderlaw.com, ssklaver@susmangodfrey.com, Kalpana Srinivasan, mgervais@susmangodfrey.com, ecc@fmcolaw.com, kcc@fmcolaw.com, rmf@fmcolaw.com, beth@feganscott.com, melissa@feganscott.com, jonathan@feganscott.com |
| **CC:** | Marc E. Masters, Tom R. Freeman, Jonathan Rotter, Marc L. Godino, Kara Wolke, Lionel Glancy, David M. Given, Nicholas A. Carlin, James Pizzirusso, Megan E. Jones, Amanda Klevorn, Korey Nelson |

**Attachments:** image001.png

Ekwan:

We do not believe engaging any further over email is productive. We have already made our position clear: we take no position on your dispute with defense counsel and will not join in your request.

If you do not wish to participate on our call Monday, please advise as to your position on leadership, since we were ordered to meet and confer by order of the court.

Best,
Katrina

KATRINA CARROLL
Partner
CARLSON LYNCH LLP
111 W. Washington Street
Suite 1240
Chicago, IL 60602
Main: 312.750.1265
Direct: 312.750.1591
Fax: 773.598.5609
kcarroll@carlsonlynch.com
carlsonlynch.com



**From:** Ekwan E. Rhow <erhow@birdmarella.com>
**Sent:** Friday, August 21, 2020 1:37 PM
**To:** Katrina Carroll <kcarroll@carlsonlynch.com>; dgirard@girardsharp.com; jelias@girardsharp.com; apolk@girardsharp.com; bfj@chimicles.com; bmm@chimicles.com; Kyle Shamberg <kshamberg@carlsonlynch.com>; Nicholas Lange <nlange@carlsonlynch.com>; lweaver@bfalaw.com; akeller@dicellolevitt.com; dmillen@fklmlaw.com; bhogan@fklmlaw.com; Jon Jagher <jjagher@fklmlaw.com>; kjustice@fklmlaw.com; jsprengel@caffertyclobes.com; dherrera@caffertyclobes.com; nhagman@caffertyclobes.com; rrg@gordonlawchicago.com; jgs@sstriallawyers.com; tyiatras@gmail.com; casey@lawofficeflynn.com; francisflynn@gmail.com; jbk@sstriallawyers.com; twolfson@ahdootwolfson.com; rahdoot@ahdootwolfson.com; tmaya@ahdootwolfson.com; bking@ahdootwolfson.com; rstephan@stephanzouras.com; jzouras@stephanzouras.com; aficzko@stephanzouras.com; mshannon@stephanzouras.com; elangeland@langelandlaw.com; jtostrud@tostrudlaw.com; fbottini@bottinilaw.com; achang@bottinilaw.com; ykolesnikov@bottinilaw.com; jcotchett@cpmlegal.com; mmolumphy@cpmlegal.com; tredenbarger@cpmlegal.com; nrahman@cpmlegal.com; ehg@classlawgroup.com; dmb@classlawgroup.com; jbk@classlawgroup.com; william.a.baird.1@gmail.com; jguglielmo@scott-scott.com; ecomite@scott-scott.com; jpettigrew@scott-scott.com; ekirkwood1@bellsouth.net; Wichmann@onderlaw.com; Onder@onderlaw.com; ssklaver@susmangodfrey.com; Kalpana Srinivasan <ksrinivasan@susmangodfrey.com>; mgervais@susmangodfrey.com; ecc@fmcolaw.com; kcc@fmcolaw.com; rmf@fmcolaw.com; beth@feganscott.com; melissa@feganscott.com; jonathan@feganscott.com
**Cc:** Marc E. Masters <mmasters@birdmarella.com>; Tom R. Freeman <tfreeman@birdmarella.com>; Jonathan Rotter <jrotter@glancylaw.com>; Marc L. Godino <mgodino@glancylaw.com>; Kara Wolke <KWolke@glancylaw.com>; Lionel Glancy <LGlancy@glancylaw.com>; David M. Given <DMG@phillaw.com>; Nicholas A. Carlin <NAC@phillaw.com>; James Pizzirusso <jpizzirusso@hausfeld.com>; Megan E. Jones <mjones@hausfeld.com>; Amanda Klevorn <aklevorn@burnscharest.com>; Korey Nelson <knelson@burnscharest.com>
**Subject:** RE: TikTok Plaintiffs' Counsel Meet and Confer

Dear Katrina:

We have made clear our positions on the facts leading up to the mediation in prior communications with your group and Tony, and will not repeat them here.

Putting that aside, this is not a "dispute" just between my firm and Tony and certainly not a dispute between my firm, our group, and/or your group. Nor is our disagreement with Tony "personal." I assume it is not personal between you and me. We believe it is obvious that Tony is taking positions that are in Defendants' best interests, not our clients'. His tactics should be scrutinized by all counsel, not just our group.

Our group collectively and sincerely believes that the issues we are raising go to the integrity of the process - something about which all should be concerned. The integrity of the process can affect the outcome of the settlement, regardless of the terms. Accordingly, if any counsel were being artificially excluded from a mediation I was attending based on defense counsel's vague "feeling", or because that counsel supposedly had been too tough in previous negotiations with Defendants, I would have felt compelled to defend their ability to participate and would have rescheduled the mediation to prevent defense counsel from manipulating the process, particularly when that counsel was the only court-appointed interim lead counsel.

In my view, that would have been in the best interests of the class. We can agree to disagree on this point.

Regardless, all counsel should now be afforded an opportunity to review the proposed settlement's terms in accordance with CMO No. 1. That is, again, all we are asking for. To this end, do you have any issue with our writing Tony and indicating that all Interim Counsel are requesting that he disclose the settlement terms to all of us immediately? Please let me know.

We feel it is necessary to proceed with our meet and confer today to discuss the issues in the Court's CMO. We do not understand your insistence on providing your own schedule without the cooperation or involvement of all Interim Counsel, but you should file whatever you feel is appropriate and we will do the same. We believe that any schedule to approve a settlement is premature until the terms are shared with all counsel.

Please feel free to contact me to discuss the above.

Sincerely,
Ekwan

**Ekwan E. Rhow**
*Principal*
O: 310.201.2100
F: 310.201.2110
E: erhow@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

**From:** Katrina Carroll <kcarroll@carlsonlynch.com>
**Sent:** Friday, August 21, 2020 8:23 AM
**To:** Ekwan E. Rhow <erhow@birdmarella.com>; dgirard@girardsharp.com; jelias@girardsharp.com; apolk@girardsharp.com; bfj@chimicles.com; bmm@chimicles.com; Kyle Shamberg <kshamberg@carlsonlynch.com>; Nicholas Lange <nlange@carlsonlynch.com>; lweaver@bfalaw.com; akeller@dicellolevitt.com; dmillen@fklmlaw.com; bhogan@fklmlaw.com; Jon Jagher <jjagher@fklmlaw.com>; kjustice@fklmlaw.com; jsprengel@caffertyclobes.com; dherrera@caffertyclobes.com; nhagman@caffertyclobes.com; rrg@gordonlawchicago.com; jgs@sstriallawyers.com; tyiatras@gmail.com; casey@lawofficeflynn.com; francisflynn@gmail.com; jbk@sstriallawyers.com; twolfson@ahdootwolfson.com; rahdoot@ahdootwolfson.com; tmaya@ahdootwolfson.com; bking@ahdootwolfson.com; rstephan@stephanzouras.com; jzouras@stephanzouras.com; aficzko@stephanzouras.com; mshannon@stephanzouras.com; elangeland@langelandlaw.com; jtostrud@tostrudlaw.com; fbottini@bottinilaw.com; achang@bottinilaw.com; ykolesnikov@bottinilaw.com; jcotchett@cpmlegal.com; mmolumphy@cpmlegal.com; tredenbarger@cpmlegal.com; nrahman@cpmlegal.com; ehg@classlawgroup.com; dmb@classlawgroup.com; jbk@classlawgroup.com; william.a.baird.1@gmail.com; jguglielmo@scott-scott.com; ecomite@scott-scott.com; jpettigrew@scott-scott.com; ekirkwood1@bellsouth.net; Wichmann@onderlaw.com; Onder@onderlaw.com; ssklaver@susmangodfrey.com; Kalpana Srinivasan <ksrinivasan@susmangodfrey.com>; mgervais@susmangodfrey.com; ecc@fmcolaw.com; kcc@fmcolaw.com; rmf@fmcolaw.com; beth@feganscott.com; melissa@feganscott.com; jonathan@feganscott.com

**Cc:** Marc E. Masters <mmasters@birdmarella.com>; Tom R. Freeman <tfreeman@birdmarella.com>; Jonathan Rotter <jrotter@glancylaw.com>; Marc L. Godino <mgodino@glancylaw.com>; Kara Wolke <KWolke@glancylaw.com>; Lionel Glancy <LGlancy@glancylaw.com>; David M. Given <DMG@phillaw.com>; Nicholas A. Carlin <NAC@phillaw.com>; James Pizzirusso <jpizzirusso@hausfeld.com>; Megan E. Jones <mjones@hausfeld.com>; Amanda Klevorn <aklevorn@burnscharest.com>; Korey Nelson <knelson@burnscharest.com>
**Subject:** [EXTERNAL] RE: TikTok Plaintiffs' Counsel Meet and Confer

Ekwan:

As I said already, our group does not want to join in your personal dispute with defense counsel, which appears to be based on defense counsel's belief that you are engaged in some impropriety. This dispute pertains to you and your firm and we just do not see how getting involved benefits the class in any way. I would, however, like to briefly correct some inaccuracies in your email:

1.  You and Megan were never "confirmed attendees" at the mediation, as I'm sure Judge Phillips' office will attest.
2.  We never indicated that your participation was "necessary" (to the contrary, as I repeatedly advised you, we were preparing for mediation for over two months and planned to proceed, with you or without you).
3.  I told you that I did not have sufficient information to understand Defendants' position on your conflict and that my greatest concern was to make sure your issues did not eliminate a settlement opportunity for the class.
4.  Our mediation confidentiality agreement with Judge Phillips is no more baseless or unethical than your same mediation confidentiality agreement with Judge Phillips (which, to date, you still refuse to waive). It is important to note that we are willing and are eager to share the settlement terms as soon as defendant authorizes it. Contrast this to your prior mediation, where defendant waived confidentiality months ago, yet you still have not shared what transpired.

As previously stated, we don't believe that preparing for additional litigation is efficient or in the best interest of the class. The topics you list for discussion on your proposed call are not germane in light of the procedural posture of the case. To address the matters which are genuinely germane, attached is a proposed Case Management Schedule which the settling plaintiffs intend to file next Tuesday.

As many people are on vacation this week with limited availability, I propose that in lieu of a call today, we have a group call Monday at 2:00 Central to reach consensus if possible. We believe a discussion of leadership is appropriate at that time. I will send a calendar invite to everyone on this chain.

Have a nice weekend.

Best,

Katrina

KATRINA CARROLL
Partner
CARLSON LYNCH LLP
111 W. Washington Street
Suite 1240
Chicago, IL 60602
Main:   312.750.1265
Direct:  312.750.1591
Fax:     773.598.5609
kcarroll@carlsonlynch.com
carlsonlynch.com



**From:** Ekwan E. Rhow <erhow@birdmarella.com>
**Sent:** Thursday, August 20, 2020 1:49 PM
**To:** Katrina Carroll <kcarroll@carlsonlynch.com>; dgirard@girardsharp.com; jelias@girardsharp.com; apolk@girardsharp.com; bfj@chimicles.com; bmm@chimicles.com; Kyle Shamberg <kshamberg@carlsonlynch.com>; Nicholas Lange <nlange@carlsonlynch.com>; lweaver@bfalaw.com; akeller@dicellolevitt.com; dmillen@fklmlaw.com; bhogan@fklmlaw.com; Jon Jagher <jjagher@fklmlaw.com>; kjustice@fklmlaw.com; jsprengel@caffertyclobes.com; dherrera@caffertyclobes.com; nhagman@caffertyclobes.com; rrg@gordonlawchicago.com; jgs@sstriallawyers.com; tyiatras@gmail.com; casey@lawofficeflynn.com; francisflynn@gmail.com; jbk@sstriallawyers.com; twolfson@ahdootwolfson.com; rahdoot@ahdootwolfson.com; tmaya@ahdootwolfson.com; bking@ahdootwolfson.com; rstephan@stephanzouras.com; jzouras@stephanzouras.com; aficzko@stephanzouras.com; mshannon@stephanzouras.com; elangeland@langelandlaw.com; jtostrud@tostrudlaw.com; fbottini@bottinilaw.com; achang@bottinilaw.com; ykolesnikov@bottinilaw.com; jcotchett@cpmlegal.com; mmolumphy@cpmlegal.com; tredenbarger@cpmlegal.com; nrahman@cpmlegal.com; ehg@classlawgroup.com; dmb@classlawgroup.com; jbk@classlawgroup.com; william.a.baird.1@gmail.com; jguglielmo@scott-scott.com; ecomite@scott-scott.com; jpettigrew@scott-scott.com; ekirkwood1@bellsouth.net; Wichmann@onderlaw.com; Onder@onderlaw.com; ssklaver@susmangodfrey.com; Kalpana Srinivasan <ksrinivasan@susmangodfrey.com>; mgervais@susmangodfrey.com; ecc@fmcolaw.com; kcc@fmcolaw.com; rmf@fmcolaw.com; beth@feganscott.com; melissa@feganscott.com; jonathan@feganscott.com
**Cc:** Marc E. Masters <mmasters@birdmarella.com>; Tom R. Freeman <tfreeman@birdmarella.com>; Jonathan Rotter <jrotter@glancylaw.com>; Marc L. Godino <mgodino@glancylaw.com>; Kara Wolke <KWolke@glancylaw.com>; Lionel Glancy <LGlancy@glancylaw.com>; David M. Given <DMG@phillaw.com>; Nicholas A. Carlin <NAC@phillaw.com>; James Pizzirusso <jpizzirusso@hausfeld.com>; Megan E. Jones <mjones@hausfeld.com>; Amanda Klevorn <aklevorn@burnscharest.com>; Korey Nelson <knelson@burnscharest.com>
**Subject:** Re: TikTok Plaintiffs' Counsel Meet and Confer

Katrina –

My e-mail to the entire group of Interim Counsel is simply a request that you and others join in our demand that Defendants' counsel share the terms and conditions of the potential settlement that you referenced in your "Joint Status Report" with all Interim Counsel so that we can all comply with Judge Lee's CMO No. 1. I assume that all Interim Counsel would agree that prompt review and discussion of that information by everyone is in the best interest of the class and in the nature of the cooperative approach suggested by Judge Lee. To that end, we are seeking a collaborative effort to request the release of that information to all Interim Counsel and do not understand why you "see no benefit to be gained for the class in making such a demand of Defendant at this time." If any counsel who attended the mediation has a different point of view from Ms. Carroll's, please advise us.

In addition to specifically requesting this information in light of Judge Lee's CMO No. 1, we are also seeking this information so that we can determine whether we believe the potential settlement is fair and reasonable to the class and our claims. We are not drawing any premature conclusions at this time.

We would hope that you, too, would reserve judgment on our actions as you sit in the position of having information that has, to date, been concealed from us. Rather than go through the entire history relating

to mediation and correct any discrepancies in your email, let me highlight facts that are not in dispute, including that: (1) as of August 7, less than a week before the August 13 mediation, Megan Jones and I were confirmed attendees at the mediation and I was willing to drive down from a family vacation to attend; (2) as of that date, all parties indicated that our participation was necessary and, importantly, beneficial to the class given our history in the matter and unique claims and insight; (3) as documented in e-mails and communications with Mr. Weibell, Defendants then prevented our participation based on a "feeling" that you and I thought made no sense; and (4) Megan Jones and I remained willing to attend without a baseless and unethical gag order, which we asked Defendants' counsel to reconsider, but he did not.

We remain willing and open to working with you and all counsel on all aspects of this case and to support whatever is in the best interests of the class.

Finally, you have indicated that you do not believe a conference is necessary to discuss the various items in Judge Lee's CMO No. 1 given your purported conditional settlement. Absent an order from Judge Lee to the contrary, we believe that the parties should proceed to meet and confer with Defendants on the issues outlined in his CMO No. 1 and we intend to do so. Indeed, that Order was issued the day after you filed your "Joint Status Report" so there is no current basis to believe Judge Lee's directives concerning the meet and confer process are moot. Certainly, until such time as any conditional settlement is presented to the Court for approval, we believe it makes sense to prepare to litigate these claims.

If any other Interim Counsel would like to participate, please join us for a pre-planning call on **Friday, August 21 at noon PST / 2 pm CST / 3 pm EST**. We are happy to work collaboratively on these issues with anyone willing to do so, and will send out a call in number to all who respond.

Sincerely,

Ekwan Rhow
Kara Wolke
David Given
Megan Jones
Amanda Klevorn

**Ekwan E. Rhow**
*Principal*
O: 310.201.2100
F: 310.201.2110
E: erhow@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

**From:** Katrina Carroll <kcarroll@carlsonlynch.com>
**Sent:** Wednesday, August 19, 2020 7:55 AM
**To:** Ekwan E. Rhow <erhow@birdmarella.com>; dgirard@girardsharp.com <dgirard@girardsharp.com>; jelias@girardsharp.com <jelias@girardsharp.com>; apolk@girardsharp.com <apolk@girardsharp.com>; bfj@chimicles.com <bfj@chimicles.com>; bmm@chimicles.com <bmm@chimicles.com>; Kyle Shamberg <kshamberg@carlsonlynch.com>; Nicholas Lange <nlange@carlsonlynch.com>; lweaver@bfalaw.com <lweaver@bfalaw.com>; akeller@dicellolevitt.com <akeller@dicellolevitt.com>; dmillen@fklmlaw.com <dmillen@fklmlaw.com>; bhogan@fklmlaw.com <bhogan@fklmlaw.com>; Jon Jagher <jjagher@fklmlaw.com>; kjustice@fklmlaw.com <kjustice@fklmlaw.com>; jsprengel@caffertyclobes.com <jsprengel@caffertyclobes.com>; dherrera@caffertyclobes.com <dherrera@caffertyclobes.com>; nhagman@caffertyclobes.com <nhagman@caffertyclobes.com>; rrg@gordonlawchicago.com <rrg@gordonlawchicago.com>; jgs@sstriallawyers.com <jgs@sstriallawyers.com>; tyiatras@gmail.com <tyiatras@gmail.com>; casey@lawofficeflynn.com <casey@lawofficeflynn.com>; francisflynn@gmail.com <francisflynn@gmail.com>; jbk@sstriallawyers.com <jbk@sstriallawyers.com>; twolfson@ahdootwolfson.com <twolfson@ahdootwolfson.com>; rahdoot@ahdootwolfson.com <rahdoot@ahdootwolfson.com>; tmaya@ahdootwolfson.com <tmaya@ahdootwolfson.com>; bking@ahdootwolfson.com <bking@ahdootwolfson.com>; rstephan@stephanzouras.com <rstephan@stephanzouras.com>; jzouras@stephanzouras.com <jzouras@stephanzouras.com>; aficzko@stephanzouras.com <aficzko@stephanzouras.com>; mshannon@stephanzouras.com <mshannon@stephanzouras.com>; elangeland@langelandlaw.com <elangeland@langelandlaw.com>; jtostrud@tostrudlaw.com <jtostrud@tostrudlaw.com>; fbottini@bottinilaw.com <fbottini@bottinilaw.com>; achang@bottinilaw.com <achang@bottinilaw.com>; ykolesnikov@bottinilaw.com <ykolesnikov@bottinilaw.com>; jcotchett@cpmlegal.com <jcotchett@cpmlegal.com>; mmolumphy@cpmlegal.com <mmolumphy@cpmlegal.com>; tredenbarger@cpmlegal.com <tredenbarger@cpmlegal.com>; nrahman@cpmlegal.com <nrahman@cpmlegal.com>; ehg@classlawgroup.com <ehg@classlawgroup.com>; dmb@classlawgroup.com <dmb@classlawgroup.com>; jbk@classlawgroup.com <jbk@classlawgroup.com>; william.a.baird.1@gmail.com <william.a.baird.1@gmail.com>; jguglielmo@scott-scott.com <jguglielmo@scott-scott.com>; ecomite@scott-scott.com <ecomite@scott-scott.com>; jpettigrew@scott-scott.com <jpettigrew@scott-scott.com>; ekirkwood1@bellsouth.net <ekirkwood1@bellsouth.net>; Wichmann@onderlaw.com <Wichmann@onderlaw.com>; Onder@onderlaw.com <Onder@onderlaw.com>; ssklaver@susmangodfrey.com <ssklaver@susmangodfrey.com>; Kalpana Srinivasan <ksrinivasan@susmangodfrey.com>; mgervais@susmangodfrey.com <mgervais@susmangodfrey.com>; ecc@fmcolaw.com <ecc@fmcolaw.com>; kcc@fmcolaw.com <kcc@fmcolaw.com>; rmf@fmcolaw.com <rmf@fmcolaw.com>; beth@feganscott.com <beth@feganscott.com>; melissa@feganscott.com <melissa@feganscott.com>; jonathan@feganscott.com <jonathan@feganscott.com>
**Cc:** Marc E. Masters <mmasters@birdmarella.com>; Tom R. Freeman <tfreeman@birdmarella.com>; Jonathan Rotter <jrotter@glancylaw.com>; Marc L. Godino <mgodino@glancylaw.com>; Kara Wolke <KWolke@glancylaw.com>; Lionel Glancy <LGlancy@glancylaw.com>; David M. Given <DMG@phillaw.com>; Nicholas A. Carlin <NAC@phillaw.com>; James Pizzirusso <jpizzirusso@hausfeld.com>; Megan E. Jones <mjones@hausfeld.com>; Amanda Klevorn <aklevorn@burnscharest.com>; Korey Nelson <knelson@burnscharest.com>

**Subject:** [EXTERNAL] RE: TikTok Plaintiffs' Counsel Meet and Confer

Ekwan:

Thank you for your email.

As you know, all cases (except for your consolidated action) were represented at the mediation and actively participated in the negotiations. Further, representatives from all cases have continually communicated throughout the history of this case and we continue to do so now. To the extent that your email represents some reconsideration of your prior position and a newfound attempt at collaboration with co-counsel beyond your group, we welcome you. As you are aware, we have previously reached out to you in an effort to establish a collaborative and cooperative relationship among all plaintiffs' counsel in this case. We are heartened that you now appear to be receptive.

At this point, however, we do not believe it is appropriate for us to join your effort to force Defendant to provide information regarding the settlement terms to you. If you choose to proceed with your demand to defense counsel, we will take no position on it. While we have always supported the idea of you participating in the mediation and receiving information regarding the pending settlement, we simply see no benefit to be gained for the class in making such a demand of Defendant at this time, which could derail the hard-fought settlement which we have worked for months to resolve on mutually agreeable terms and with the assistance of a seasoned and tremendously respected mediator. Of course, once the settlement is made public, we would welcome any dialogue that would lead to the best possible result for the class. We understand your concern that 90 days is too long to withhold settlement terms and to allay that, we will explore with Defendant a potential compromise that would make the terms available sooner.

For now, we see no need to deviate from the typical process of settlement approval. Quite frankly, Ekwan, your request to now receive the settlement information in advance of its public disclosure appears to be somewhat at odds with your position regarding participation in the mediation process, and adds to the list of decisions you have made in this case that appear to be driven more by your personal interest in securing control over the litigation than what is in the best interest of our collective clients and the class. Briefly, the history is as follows:

1. On June 3, 2020, we invited all counsel- including you (meaning, Bird Marella)- to participate in the mediation. Despite having mediated already with Judge Phillips, albeit unsuccessfully, you immediately declined. Your stated reason for declining was that you would prefer to await Judge Koh's appointment of interim lead counsel in the consolidated Northern District of California cases. You also indicated to all counsel that you would be pursuing intervention in our case for purposes of dismissal and transfer and circulated Judge Lee's briefing order.

2. On June 4, 2020, despite your having filed intervention papers in our case, we again reached out to all counsel. Because we did not want to forego an opportunity to pursue meaningful relief for the class, and recognizing the procedural status of the cases, we suggested that all counsel in the Northern District of California cases could self-order for purposes of mediation or else pursue

expedited leadership proceedings before Judge Koh to alleviate the concerns raised regarding the appointment of leadership prior to the mediation.  You declined to pursue either of these suggestions and dug in on your refusal to participate in the mediation process.

3.    On June 8, 2020, we held an organizational conference call among all counsel to discuss the mediation, our negotiation strategy and how best to proceed.  Representatives from all of the districts participated on that call.  You declined.

4.    On June 8, 2020, in our preparations for mediation, we asked you to provide us with the information exchanged during your prior mediation with Judge Phillips so that those participating in the next round would have a clearer picture of everything that happened.  In response, without any basis whatsoever, you accused us of improperly rushing to mediation and being unprepared.  You declined to share any information with us  regarding the prior mediation, even though Defendant was willing to waive the mediation privilege  Your decision was shockingly at odds with the best interests of the class and appeared to be driven by your desire to maintain some type of proprietary, self-serving interest over the history of the negotiations with the Defendant.

5.    On June 12, 2020, we learned that certain counsel in your consolidated action (who were invited to participate in the mediation along with everyone else) contacted defense counsel insisting that TikTok to pull out of the mediation and accusing us of attempting to conduct a "reverse auction."  Hence, wholly apart from merely refusing to participate in the mediation, your group affirmatively attempted to thwart a settlement opportunity for the class.  And of course, the accusation of a "reverse auction" was completely baseless, since we had been continually inviting you to attend the mediation and negotiate collaboratively with us.  Again, it appeared that your motivations leaned toward self-interest over the needs of the class.

6.    On June 16, 2020, we reiterated our request that you allow us to know what happened at your prior mediation.  You again declined.

7.    On June 23, 2020, you filed a reply brief in support of your intervention motion in our court that asserted that Northern District of Illinois counsel somehow conspired with defense in filing a joint response brief opposing intervention. When you were informed that Judge Lee had, in fact, ordered us to file the joint brief, you refused to correct your misrepresentation with the court.

8.    On July 17, 2020, we congratulated you on your appointment as lead for the Northern District of California case, told you we'd like to set our differences aside to ensure productive collaboration, and again, invited you to participate in mediation.  You responded the same day, asked us to copy Marc Masters on all communications going forward despite your having been appointed as lead counsel, and reiterated your prior refusal to participate in the mediation.

9.    On July 30, 2020, we argued the MDL.  During the argument, the panel was concerned about your refusal to participate in mediation.  You confirmed at the argument that you would not attend. You did not reconsider your refusal in the days following the argument.

10.    Meanwhile, during our July and early August discussions with the mediator's office, we learned that your group contacted the mediator without our prior knowledge or authorization to interfere in the mediation process by attempting to discourage the mediator from allowing us to proceed.  In fact, your group created such a significant distraction that we had to devote substantial time and effort to addressing your attempts at interference in the days- and even hours- leading all the way up to the mediation.

11.     On August 4, 2020, after the MDL panel issued its ruling sending the cases to Northern District of Illinois,  you suddenly reached out, indicating your willingness to be included in the mediation. (Again, a reversal of position that appeared to be motivated by self-interest rather than the best interest of the plaintiffs and the class.) Thereafter, even though we were very well-organized and had prepared for mediation for over two months, we made every effort to include your group and even reserved two in-person spots (of only eight available) for you and Megan (your group's "settlement" counsel). Even when defense counsel raised issues concerning a perceived conflict with your firm's participation, we implored them to allow you to attend.  We tried to assist you in resolving the personal dispute between your firm and defense counsel, which threatened the integrity of the entire mediation and would rob the class of a unique opportunity at settlement given the political climate as well as TikTok's ongoing discussions with potential acquirors. When this dispute surfaced again in the final days preceding the mediation, we even went so far as to suggest several avenues that you could explore with defense counsel.  One of our suggestions was to use our mediator to work through these issues separately, the day before the mediation, to eliminate the distraction.  We do not know all the details of your discussions, but our understanding is that you did not fully pursue all of your available options.  Nor would you agree that Megan could participate in your stead, something that the Defendant agreed to permit.

12.     And finally, the day before the mediation, we asked you again whether you would waive confidentiality so that we wouldn't waste our time bidding against the class.  Your response was to condition your providing us with information concerning the prior mediation on your personal attendance at the mediation.  We fail to understand how holding this information hostage benefitted the class in any way.  You left us (and the class) no choice but to negotiate in a vacuum.  Even now, you still have not shared what happened at your mediation, even though the Defendant has expressly consented for you to share such information.  This is yet another example of conduct which appears to be calculated to serve your personal interest in controlling this litigation, rather than serving the needs and interests of our collective clients and the class.

Ekwan, as this makes clear, from the very outset, we have attempted to include all counsel (including you up until the final hours preceding the mediation) in the mediation process for the benefit of the class. Conversely and to the detriment of the class, you and/or other counsel from your consolidated case have refused our numerous attempts at cooperation, implored defense counsel not to mediate with us and also interfered with the integrity of the settlement process by contacting the mediator for the purpose of denying the class the opportunity of a favorable, negotiated resolution to this litigation. Notwithstanding these subversive actions, we continue to recognize the value of full participation and welcome the opportunity to work together as we try to move the settlement towards final approval.

As you know, we now have reached a tentative settlement of the claims in this case, with the majority of the cases in the MDL actively participating.  We intend to present that settlement to the court in the normal course. Given that the case is settled, we see no benefit to the class whatsoever of engaging with you in standard "litigation track" discussions (discovery, class certification, etc.) which are now moot.  CMO No. 1 provides for an appropriate meet and confer to discuss litigation decisions and the filing of a proposed case management schedule, but only "to the extent applicable." (See CMO No. 1 at ¶9(d), 9(f)).   The discussions you are suggesting are not at all applicable now.  Of course, we are happy to discuss whatever is ripe and makes sense.

Best,
Katrina Carroll
Jon Jagher


KATRINA CARROLL

Partner
CARLSON LYNCH LLP
111 W. Washington Street
Suite 1240
Chicago, IL 60602
Main: 312.750.1265
Direct: 312.750.1591
Fax: 773.598.5609
kcarroll@carlsonlynch.com
carlsonlynch.com

# CARLSON
# LYNCH

---

**From:** Ekwan E. Rhow <erhow@birdmarella.com>
**Sent:** Tuesday, August 18, 2020 4:36 PM
**To:** Katrina Carroll <kcarroll@carlsonlynch.com>; dgirard@girardsharp.com; jelias@girardsharp.com; apolk@girardsharp.com; bfj@chimicles.com; bmm@chimicles.com; Kyle Shamberg <kshamberg@carlsonlynch.com>; Nicholas Lange <nlange@carlsonlynch.com>; lweaver@bfalaw.com; akeller@dicellolevitt.com; dmillen@fklmlaw.com; bhogan@fklmlaw.com; Jon Jagher <jjagher@fklmlaw.com>; kjustice@fklmlaw.com; jsprengel@caffertyclobes.com; dherrera@caffertyclobes.com; nhagman@caffertyclobes.com; rrg@gordonlawchicago.com; jgs@sstriallawyers.com; tyiatras@gmail.com; casey@lawofficeflynn.com; francisflynn@gmail.com; jbk@sstriallawyers.com; twolfson@ahdootwolfson.com; rahdoot@ahdootwolfson.com; tmaya@ahdootwolfson.com; bking@ahdootwolfson.com; rstephan@stephanzouras.com; jzouras@stephanzouras.com; aficzko@stephanzouras.com; mshannon@stephanzouras.com; elangeland@langelandlaw.com; jtostrud@tostrudlaw.com; fbottini@bottinilaw.com; achang@bottinilaw.com; ykolesnikov@bottinilaw.com; jcotchett@cpmlegal.com; mmolumphy@cpmlegal.com; tredenbarger@cpmlegal.com; nrahman@cpmlegal.com; ehg@classlawgroup.com; dmb@classlawgroup.com; jbk@classlawgroup.com; william.a.baird.1@gmail.com; jguglielmo@scott-scott.com; ecomite@scott-scott.com; jpettigrew@scott-scott.com; ekirkwood1@bellsouth.net; Wichmann@onderlaw.com; Onder@onderlaw.com; sslaver@susmangodfrey.com; Kalpana Srinivasan <ksrinivasan@susmangodfrey.com>; mgervais@susmangodfrey.com; ecc@fmcolaw.com; kcc@fmcolaw.com; rmf@fmcolaw.com; beth@feganscott.com; melissa@feganscott.com; jonathan@feganscott.com
**Cc:** Marc E. Masters <mmasters@birdmarella.com>; Tom R. Freeman <tfreeman@birdmarella.com>; Jonathan Rotter <jrotter@glancylaw.com>; Marc L. Godino <mgodino@glancylaw.com>; Kara Wolke <KWolke@glancylaw.com>; Lionel Glancy <LGlancy@glancylaw.com>; David M. Given <DMG@phillaw.com>; Nicholas A. Carlin <NAC@phillaw.com>; James Pizzirusso <jpizzirusso@hausfeld.com>; Megan E. Jones <mjones@hausfeld.com>; Amanda Klevorn <aklevorn@burnscharest.com>; Korey Nelson

<knelson@burnscharest.com>
**Subject:** TikTok Plaintiffs' Counsel Meet and Confer

Dear Counsel –

I'm writing on behalf of my firm and the other four law firms who were appointed by Judge Lucy H. Koh to the interim leadership group in the Northern District of California. Pursuant to Judge John Z. Lee's August 17, 2020 Case Management Order No. 1 (the "CMO"), all counsel in the cases listed in Exhibit A thereto are now Interim Counsel and have been ordered to meet and confer on certain issues. I'm writing to begin that process.

First, our five firms intend to send a letter to Defendants by **noon PST tomorrow** demanding they reveal all the terms of their potential settlement. All designated Interim Counsel are entitled to know those terms pursuant to the CMO and because they pertain to our respective clients and the class in general. We will advise Defendants that we will stipulate to the standard mediation confidentiality provisions to protect that information from improper disclosure. If you would like to sign on to our letter demand, please let us know by **10 a.m. PST tomorrow** and we will circulate a draft to you. We are hopeful that the firms who participated in the August 13 mediation will join in the request that all Interim Counsel be given the opportunity to see the terms and discuss the potential settlement and contingencies that are present.

Next, the CMO mandates that all Interim Counsel participate in a meet and confer with Defendants concerning discovery, class certification, experts, dispositive motions, and settlement prior to the filing of a joint proposed case management schedule on September 8. We would like to suggest a meet and confer internally among all plaintiffs' counsel to see if we can reach a consensus on these issues before discussing them with Defendants. Please let us know your availability **next Monday or Tuesday** for this discussion. That will allow enough time to receive a response from Defendants on our demand for the terms of the potential settlement, which are part of this meet and confer.

Finally, the CMO directs all Interim Counsel to meet and confer about leadership and liaison counsel, and to attempt to reach consensus before filing any motions/applications by the September 8 deadline. We would like to have these discussions as a group **next Monday or Tuesday** as well. Please advise of your availability.

We recognize that, even beyond the terms of the CMO, Judge Lee may have a different approach to lead appointments than does Judge Koh. We seek an approach that is as inclusive as possible and are interested in any and all input. We look forward to working with you.

Sincerely,

Ekwan Rhow
Kara Wolke
David Given

Megan Jones
Amanda Klevorn

**Ekwan E. Rhow**
*Principal*
O: 310.201.2100
F: 310.201.2110
E: erhow@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,**
**Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.