# EXHIBIT 13



**Ekwan E. Rhow**
erhow@birdmarella.com

1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone (310) 201-2100
Facsimile (310) 201-2110
www.BirdMarella.com

File 4614.2

August 19, 2020

**Via Electronic Mail Only**

Anthony Weibell
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
E-Mail: aweibell@wsgr.com

Re: **In re TikTok, Inc. Consumer Privacy Litigation, MDL No. 2948, Case No. 20-cv-4699**

Dear Mr. Weibell:

As you know, we are Interim Counsel pursuant to Judge John Z. Lee's August 17, 2020 Case Management Order No. 1 (the "CMO") and we write to request that you and your clients, the Defendants in the above entitled matter, immediately produce a term sheet from the August 13, 2020 mediation that accurately and completely reflects all terms of the "settlement in principle" to which you refer in your August 16, 2020 "Joint Status Report." We also request that you and your clients immediately reveal the "certain conditions" to which this purported settlement in principle is subject, as referred to in the "Joint Status Report." Katrina Carroll, who attend the August 13 mediation, has indicated that she takes no position regarding our requests.

As designated Interim Counsel pursuant to the CMO, we must know these terms and conditions, particularly given they relate to our respective clients and the class in general. We are also required to have such information in order to comply with the CMO's explicit mandate to meet and confer concerning "settlement" issues, such that the parties can file a joint proposed case management schedule on September 8 addressing settlement issues, in preparation for the September 22 initial pretrial conference at which settlement issues will be discussed. Without this information, the parties simply cannot fulfill their meet and confer obligations under the CMO. *Accordingly, by withholding such information from us and other counsel, you and your clients are making the court-ordered meet and confer impossible – in violation of the CMO*.

August 19, 2020
Page 2

      Of course, we will stipulate to all the standard mediation confidentiality provisions to ensure such information is protected from improper disclosure. There is no legitimate reason to withhold such information from us where (1) you have shared it with those counsel who participated in the August 13 mediation and (2) the fact of the purported settlement is now public. Judge Lee has not appointed Rule 23(g) interim lead counsel and thus all counsel in the MDL have the same, equal right to know the terms and conditions of the purported settlement under the CMO.

      Please provide all the information and documentation described above by no later than noon PST on Thursday, August 20, 2020.

Sincerely,

*/s/ Ekwan E. Rhow*

Ekwan E. Rhow
**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.**

Sincerely,

*/s/ Kara M. Wolke*

Kara M. Wolke
**GLANCY, PRONGAY & MURRAY LLP**

Sincerely,

*/s/ David M. Given*

David M. Given
**PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP**

August 19, 2020
Page 3

Sincerely,

*/s/ Megan E. Jones*

Megan E. Jones
**HAUSFELD LLP**

Sincerely,

*/s/ Amanda Klevorn*

Amanda Klevorn
**BURNS CHAREST LLP**

Sincerely,

*/s/ Lesley E. Weaver*

Lesley E. Weaver
**BLEICHMAR FONTI & AULD LLP**

Sincerely,

*/s/ Amy E. Keller*

Amy E. Keller
**DICELLO LEVITT GUTZLER LLC**

cc: all other plaintiffs' counsel

EER:brl

3666267.1