UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK, INC. CONSUMER PRIVACY LITIGATION<br><br>This Document Relates to All Cases | MDL No. 2948<br><br>Master Docket No. 20 C 4699<br><br>Judge John Z. Lee<br><br>Magistrate Judge Sunil R. Harjani |

**<u>DEFENDANTS' JOINT OPPOSITION TO<br>NON-SETTLING PLAINTIFFS' PURPORTED EMERGENCY MOTION</u>**

There is no emergency, and the Court should therefore deny or set a normal briefing and hearing schedule on the non-settling plaintiffs' purported emergency motion filed August 27, 2020 (ECF No. 11, "the Emergency Motion"). As stated on this Court's website, "Emergency matters must be of such a nature that a delay in hearing them would cause serious harm to one or more parties." The non-settling plaintiffs' Emergency Motion identifies no such "serious harm":

- To the extent the Emergency Motion asks the Court to compel Defendants to meet and confer as required by Case Management Order No. 1 (ECF No. 3), Defendants have done so and have further stated: "[O]ur positions were stated in the Aug. 21 filing with the Court. *If you would like to confer on any of those points, we are happy to do so*." *See* ECF No. 11-18, Ex. 17. Counsel for the non-settling plaintiffs never responded to this offer.

- To the extent the Emergency Motion seeks an order requiring Defendants to preserve relevant evidence, *the Court has already ordered* all parties to preserve all relevant evidence in its Case Management Order No. 1, ¶ 14 (ECF No. 3). There is no need—let alone on any emergency basis—for a second redundant order. Defendants have repeatedly affirmed that

1

Defendants are actively preserving and will continue to preserve relevant evidence. They also affirm so here. The executive orders cited by the Emergency Motion give Defendants 90 days (up to 120 with an extension) to "divest," i.e., transfer their relevant data to an acquiror before it is deleted. Nothing in the executive orders prohibits Defendants from ensuring that evidence relevant to the litigation be preserved by the acquiror. Defendants do not intend to spoliate any evidence in complying with these orders.

- To the extent the Emergency Motion is concerned about being able to collect any monetary judgment after an acquisition of TikTok Inc. by a third party, such acquisition presents no risk of "serious harm." The potential acquiring entities identified in the Emergency Motion (Microsoft, Oracle, and Twitter) are certainly not "judgment proof" entities. *See* ECF No. 11-5.

- To the extent the Emergency Motion seeks to discover the confidential terms of the tentative settlement reached in this case, the request is premature and fails to show any risk of "serious harm." Non-settling plaintiffs have no standing to challenge a settlement before it is presented to the Court for approval. *Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 501 (7th Cir. 2012) ("a non-settling party does not have standing to object to a settlement between other parties" unless and until the non-settling party "will suffer plain legal prejudice"); *Agretti v. ANR Freight Sys.*, 982 F.2d 242, 247 (7th Cir. 1992) ("We reject any suggestion by [the non-settling party] that standing to object to a settlement in a class action situation by a nonsettling party requires a different standard than plain legal prejudice."); *Smith v. Ohio Dep't of Rehab. & Corr.*, No. 2:08-cv-15, 2010 U.S. Dist. LEXIS 81842, at *11-12 (S.D. Ohio Aug. 12, 2010) (objections to class settlement were "premature and overruled" because settlement had not yet been submitted to the Court for approval).

Simply put, there is no "emergency" here that justifies disrupting the settling parties' ongoing task of finalizing the settlement for presentment to the Court (and non-settling parties) for comment and approval. And the Emergency Motion appears to be no more than a pretext to do just that. Most of the facts and timeline recited in the Emergency Motion have nothing to do with the purported emergency, and to the extent relevant, are inaccurate and incomplete. Defendants also object to the improper filing in the public record by the non-settling parties of confidential mediation and settlement communications after non-settling parties promised not to do so as a condition of having those discussions. Defendants cannot be expected to share confidential information with such parties.

For all these reasons, the Court should deny the Emergency Motion or set a reasonable briefing schedule on the motion. If the Court desires further briefing on the Emergency Motion, Defendants request that they be given 14 days (September 10, 2020) to respond to that 16-page motion so they can address each of the points asserted therein.

Respectfully submitted,

DATED: August 27, 2020

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/Anthony J Weibell
Anthony J Weibell (aweibell@wsgr.com)
David S. Steuer (dsteuer@wsgr.com)
Sara Lai-Ming Rose Tolbert (srose@wsgr.com)
Curtis S. Kowalk (ckowalk@wsgr.com)
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

Victor Jih (vjih@wsgr.com)
Ryan S. Benyamin (rbenyamin@wsgr.com)
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071-2027
Telephone: (323) 210-2900

*Lead Counsel for all Defendants*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on August 27, 2020, the foregoing document was filed electronically through the Court's Electronic Case Filing System. Service of this document is being made upon all counsel of record in this case by the Notice of Electronic Filing issues through the Court's Electronic Case Filing System on this date.

                                            */s/Anthony J Weibell*
                                            Anthony J Weibell