UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK, INC., ) | |
| CONSUMER PRIVACY ) | MDL No. 2948 |
| LITIGATION, ) | |
| ) | Master Docket No. 20 C 4699 |
| ) | |
| ) | Judge John Z. Lee |
| ) | |
| ) | Magistrate Judge Sunil R. Harjani |
| This Document Relates to All Cases ) | |

**LITIGATING PLAINTIFFS' REPLY TO DEFENDANTS' JOINT OPPOSITION TO THE EMERGENCY MOTION**

There is an emergency here, and the fact that Defendants fail to recognize the urgency gives the Litigating Plaintiffs even greater pause. Defendants' dire situation threatens both the Class's ability to prove its case and its ability to collect from the liable parties. Defendants' response has been to violate the Court's Case Management Order No. 1 (the "CMO") and place the Class at greater risk with each passing day. This is a strategic choice intended for the Defendants to gain tactical advantage. The Litigating Plaintiffs reply briefly to each of Defendants' arguments in their Opposition to the Emergency Motion, Doc. No. 16:

First, Defendants suggest that they have met and conferred and further imply they are willing to meet and confer concerning settlement as directed by the CMO, Doc. No. 4, but that is false. To be absolutely clear, Defendants repeatedly refused – and continue to refuse – to disclose the contents of their purported settlement in principle, and have barred the Litigating Plaintiffs and Interim Counsel who do not represent the Settling Plaintiffs from any participation in the attendant ongoing negotiations.[1] Defendants' idea of meeting and conferring on settlement, as required by the

---

[1] Evidence of Defendants' refusal to disclose the purported settlement terms and conditions, and refusal to allow all Interim Counsel to participate in settlement talks, is found in their (1) public

CMO, is to tell the Litigating Plaintiffs and Interim Counsel who do not represent the Settling Plaintiffs that they will find out about the settlement in late October. That conduct violates the Court's CMO and its mandate to meet and confer on "settlement" prior to the September 8 joint report. Due to the circumstances set forth in the moving papers, Doc. Nos. 11-12, Defendants' conduct threatens the Class with irreparable harm.

Second, as to preservation, Defendants notably fail to address two key considerations raised in the motion: (a) that after the impending deal, the China-based Defendants will have no ties to the United States; and (b) that the August 14 Executive Order *requires* the destruction of data in China, where much of the key evidence resides. Defendants claim that all relevant data will be transferred to an acquirer, but in fact, Defendants' systems will not be transferred wholesale. To the contrary, intricate surgery to separate TikTok from Defendants' China-based operations is underway—surgery that would be unnecessary had Defendants' repeated public statements about U.S. user data not being accessible in China been true.[2] Defendants' omission of this critical fact intensifies the urgency of this matter. In view of these circumstances, Defendants' plea to "trust us" is insufficient. Also, while Defendants take the position that evidence in the hands of the acquirer is exempt from the August 14 Executive Order to destroy data, that is unclear and steps must be taken to ensure that a compliant alternative is adopted. Finally, the CMO requires the parties to meet and confer on discovery prior to the September 8 joint report, but Defendants have refused to do so, claiming the issue is moot in light of their secret purported settlement, and have merely asserted that the data will be transferred. These circumstances call out for immediate Court supervision, potentially by a special master.

---

filings in this case, Doc. Nos. 1, 6, 8; (2) communications with undersigned Interim Counsel, Rhow Decl. at ¶¶ 5-9, 15-24; and (3) Opposition to the Emergency Motion, Doc. No. 16.
[2] *See* https://www.reuters.com/article/us-usa-tiktok-cybersecurity-exclusive/exclusive-microsoft-faces-complex-technical-challenges-in-tiktok-carveout-idUSKCN256100

Third, Defendants rely on the straw man argument that the potential acquiring parties are large, solvent companies. The problem for the Class is that, depending on the deal structure, the solvency of an asset acquirer may become irrelevant should that deal structure insulate the acquirer from liability to the Class. Thus, the acquirer's purported solvency may not ensure the Class's ability to recover and, by that time, the China-based Defendants will have no ties or assets in the U.S.

Finally, Defendants raise irrelevant arguments about objections to a settlement. The cases cited by Defendants are inapposite: the Litigating Plaintiffs are not objectors. The undersigned are Interim Counsel, and are withholding judgment on the substance of the settlement, which has been concealed; at this point the Litigating Plaintiffs have raised concerns only about the process and violations of the CMO. What the Litigating Plaintiffs request is a court order directing Defendants to permit all Interim Counsel, as part of their meet and confer duties with respect to "settlement" under the CMO prior to the September 8 joint report, to participate in the ongoing negotiations concerning the purported settlement. That does not make anyone an objector, but rather, it ensures that all Interim Counsel participate in the ongoing negotiations where they can better protect the Class. Defendants are attempting to use a purported settlement reached at a structurally-flawed mediation to achieve a de facto stay of the case, including by violating the Court's CMO. In the fast-moving circumstances presented by the sale of TikTok, that threatens the Class with irreparable harm for the reasons in the moving papers. Doc. Nos. 11-12.

Despite the obvious emergency described in the moving papers, Doc. Nos. 11-12, Defendants seek a briefing schedule that would have the Emergency Motion decided after the September 20 sale deadline and also after the parties' joint report is due on September 8 pursuant to the CMO, thus cementing Defendants' violation, injuring the Class, and depriving the Court of the benefit of full compliance with its Order. The undersigned Interim Counsel respectfully request that the Court set an expedited hearing to immediately address these ongoing and serious violations.

Respectfully submitted,

DATED: August 28, 2020         **BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.**

By: */s/ Ekwan E. Rhow*
Ekwan E. Rhow
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Telephone: (310) 201-2100
Email: erhow@birdmarella.com

MDL Interim Counsel
Attorneys for Plaintiffs Misty Hong, minor A.S., through her mother and legal guardian Laurel Slothower, and minor A.R., through her mother and legal guardian Gilda Avila

DATED: August 28, 2020         **GLANCY PRONGAY & MURRAY LLP**

By: */s/ Kara M. Wolke*
Kara M. Wolke
1925 Century Park East, Suite 2100
Los Angeles, California 90067-2561
Telephone: (310) 201-9150
Los Angeles, California 90067-2561
Email: info@glancylaw.com

MDL Interim Counsel
Attorneys for Plaintiffs Misty Hong, minor A.S., through her mother and legal guardian Laurel Slothower, and minor A.R., through her mother and legal guardian Gilda Avila

DATED:  August 28, 2020     **PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP**

By:  /s/ *David M. Given*
David M. Given
39 Mesa Street, Suite 201, The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900
Email: dmg@phillaw.com

MDL Interim Counsel
Attorneys for Plaintiffs Meghan Smith, minors C.W. and I.W., through their mother and legal guardian Mikhaila Woodall, and minor R.P., through her mother and legal guardian Lynn Pavalon

DATED:  August 28, 2020     **HAUSFELD LLP**

By:  /s/ *Megan E. Jones*
Megan E. Jones
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 633-1908
Email: mjones@hausfeld.com

MDL Interim Counsel
Attorneys for Plaintiffs minor P.S., through her legal guardian Cherise Slate, and minor M.T.W., through her legal guardian, Brenda Washington

DATED:  August 28, 2020     **BURNS CHAREST LLP**

By:  /s/ *Amanda Klevorn*
Amanda Klevorn
365 Canal Street, Suite 1170
New Orleans, Louisiana 70115
Telephone: (504) 779-2845
Email: aklevorn@burnscharest.com

MDL Interim Counsel
Attorneys for Plaintiffs minor P.S., through her legal guardian Cherise Slate, and minor M.T.W., through her legal guardian, Brenda Washington

DATED:  August 28, 2020  **CLIFFORD LAW OFFICES, P.C.**

By: */s/ Robert A. Clifford*
Robert A. Clifford
Shannon M. McNulty
120 N. LaSalle Street, Suite 3100
Chicago, Illinois 60602
Telephone: (312) 899-9090
Email: rac@cliffordlaw.com

MDL Interim Counsel
Attorneys for Plaintiffs minor P.S., through her legal guardian Cherise Slate, and minor M.T.W., through her legal guardian, Brenda Washington

DATED:  August 28, 2020  **LAWRENCE KAMIN, LLP**

By: */s/ Peter E. Cooper*
Peter E. Cooper
300 S. Wacker Dr., Ste. 500
Chicago, IL 60606
Telephone: (312) 372-1947
Email: pcooper@lawrencekamin.com

MDL Interim Counsel
Attorneys for Plaintiffs Misty Hong, minor A.S., through her mother and legal guardian Laurel Slothower, and minor A.R., through her mother and legal guardian Gilda Avila, Meghan Smith, minors C.W. and I.W., through their mother and legal guardian Mikhaila Woodall, and minor R.P., through her mother and legal guardian Lynn Pavalon, P.S., through her legal guardian Cherise Slate, and minor M.T.W., through her legal guardian, Brenda Washington

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2020, the foregoing document was filed electronically through the Court's Electronic Case Filing System. Service of this document is being made upon all counsel of record in this case by the Notice of Electronic Filing issues through the Court's Electronic Case Filing System on this date.

*/s/ Peter E. Cooper*
Peter E. Cooper
