**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILILNOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: TIKTOK, INC., | ) | |
| CONSUMER PRIVACY | ) | MDL No. 2948 |
| LITIGATION, | ) | |
| | ) | Master Docket No. 20 C 4699 |
| | ) | |
| | ) | Judge John Z. Lee |
| | ) | |
| | ) | Magistrate Judge Sunil R. Harjani |
| This Document Relates to All Cases | ) | |

## CASE MANAGEMENT ORDER NO. 2

On August 17, 2020, the Court issued Case Management Order ("CMO") No. 1, ECF No. 4, which sets forth a schedule for, among other things, selection of two Lead Counsel and one Liaison Counsel for Plaintiffs. The Court hereby amends CMO No. 1 and will permit any applications/nominations for those positions to be up to seven (7) pages in length, and any objections also may be up to seven (7) pages in length.

In addition, after further consideration, the Court will establish a Steering Committee of counsel for Plaintiffs. The duties and responsibilities of Plaintiffs' Steering Committee will be to assist Lead Counsel in their efforts to represent the interests of the Plaintiffs in this multi-district litigation. The Plaintiffs' Steering Committee will consist of five members and applications/nominations for those positions should be filed no later than September 8, 2020, with each submission being no longer than seven (7) pages in length. Any objections to a proposed applicant/nominee must be filed by September 15, 2020, and should not exceed seven (7) pages.

Furthermore, as stated in CMO No. 1, the Court has designated all counsel who are appearing on behalf of a Plaintiff and who are electronically registered to receive electronic notifications in this litigation to serve as Interim Counsel of Record, until such time that the Court

appoints Lead Counsel, Liaison Counsel, and the Plaintiff's Steering Committee. Until the Court makes these appointments, no counsel of record representing a particular Plaintiff or a putative class of Plaintiffs shall have any more or less authority than another. Nor will counsel of record for a particular Plaintiff or a putative class of Plaintiffs have the authority to act on behalf of or bind another Plaintiff or another putative class of Plaintiffs absent further order of the Court.

Along these lines, the Court is informed by certain Plaintiffs' counsel that progress has been made in settlement discussions with Defendants. Certain other Plaintiffs' counsel take umbrage with the manner in which those settlement discussions have taken place, stating that they were not allowed to participate in the settlement discussions (for one reason or another) and have not been informed of the terms of any potential settlement. It goes without saying that, before this Court can approve a class-wide settlement of any kind, it must consider the factors set forth in Fed. R. Civ. P. 23(a), (b), and (e). Those factors include, without limitation, whether the settling class representatives and class counsel have adequately represented the class, whether the proposal was negotiated at arm's length, whether the relief provided for the class is adequate, and whether the proposed settlement treats class members equitably relative to one another.

In the Court's experience, it often is advisable for the settling plaintiffs to encourage the participation in the settlement process of attorneys who represent other plaintiffs who have brought similar claims in other venues. After all, those attorneys may represent potential class members, possible objectors, or others who may opt out of any settlement class altogether. And, to the extent that counsel for certain plaintiffs are excluded from participating in the settlement process (whether by other plaintiff's attorneys or a defendant), such exclusion may raise concerns regarding the equity and fairness of the overall negotiation process. Lastly, what efforts, if any, that a particular plaintiff's attorney has made (in this case and other cases) to canvas, coordinate, compile, and

incorporate the thoughts and input of other plaintiff's counsel in the MDL is a factor that the Court will consider in the appointment Lead Counsel, Liaison Counsel, and members of the Steering Committee.

Next, the attorneys for certain Plaintiffs have raised the concern that any upcoming sale of TikTok, Inc., or its assets by its current owner to a domestic company may result in the destruction of relevant documents as that term is used in the Federal Rules of Civil Procedure. The Court wants to make it clear that, in the event that such a sale takes place, any successor-in-interest shall be bound by Paragraph 14 of CMO No. 1 (just as the Defendants are now) and must make all reasonable efforts to preserve any and all evidence in the possession, custody, or control of TikTok, Inc., that is relevant to the claims and defenses raised in this action.

Finally, absent further order of the Court, the deadlines and provisions contained in CMO No. 1 stand. The actions that are part of this multi-district litigation are stayed only to the extent set forth in CMO No. 1. And the emergency motion to compel filed by certain Interim Plaintiffs' Counsel, ECF. No. 11, is denied except as set forth in this order.

ENTERED: 9/1/20

John Z. Lee

United States District Court Judge