# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) MDL No. 2948<br><br>Master Docket No. 20 C 4699<br><br>Judge John Z. Lee<br><br>Magistrate Judge Sunil R. Harjani |

**DECLARATION OF JAMES B. ZOURAS IN SUPPORT OF APPLICATION TO SERVE AS A MEMBER OF THE STEERING COMMITTEE**

Under penalties as provided by law pursuant to 28 U.S.C. § 1746, the undersigned certifies that the statements set forth in this instrument are true and correct:

1. As counsel for Plaintiff H.S., a minor, through her guardian, J.S., I submit this Declaration in support of my application to serve as a member of the Steering Committee, pursuant to Case Management Order No. 2, ECF No. 24. I make these statements based on personal knowledge and if called to testify, I could and would competently testify consistently with all matters set forth herein.

2. I am a member in good standing of the Illinois State Bar and one of the two founders and principals of the Chicago-based law firm of Stephan Zouras, LLP. After graduating from DePaul University College of Law, where I was ranked in the top 10% of my class and served as Editor of the Law Review, I was admitted to practice law in Illinois in 1995. Following a one-year judicial clerkship, I have worked my entire professional career as a plaintiffs' trial lawyer and class action litigator.

3.     For approximately 24 years, I have been admitted to the Trial Bar of the of the United States District Court for the Northern District of Illinois, and have been admitted or admitted *pro hac vice* to various federal and state courts throughout the United States for the purpose of prosecuting class and collective actions, including the Central District of Illinois, the Southern and Eastern Districts of New York, the Superior Court for the State of California, the Eastern District of Missouri, the District of Maryland, the Southern District of Ohio, the Northern, Middle and Southern Districts of Florida, the District of Massachusetts, the Eastern District of Michigan, the District of New Jersey, the District of Minnesota, the First Judicial District of Pennsylvania, the Middle District of Pennsylvania, the Western District of Washington, the Southern and Northern Districts of Iowa, the Western District of North Carolina, the District of Arizona, and the District of New Mexico.  I have also argued before various federal and state appellate courts as lead appellate counsel on at least 14 occasions and served as lead trial counsel on at least 12 major civil jury trials which have gone to verdict.  I am also a member of the bar of the Supreme Court of the United States.

4.     Since 2002, my practice has been highly concentrated in representing employees in cases arising under federal and state wage and hour laws, and other statutes, including the Fair Labor Standards Act (FLSA), the Illinois Minimum Wage Law (IMWL) and comparable state wage and hour laws, and other statutes, across the United States. The vast majority of these cases proceeded as class and/or collective actions.  Since early 2017, my firm and I have also concentrated on representing plaintiffs in class actions arising under the Illinois Biometric Information Privacy Act ("BIPA").

5.     I am frequently invited as a speaker at seminars on class actions, employment litigation, and trial practice with national and local organizations such as the Illinois Trial Lawyers

Association (ITLA). Most recently, in May 2020, I spoke at a seminar sponsored by the Illinois Institute for Continuing Legal Education on how the COVID-19 crisis is affecting workers, including issues related to BIPA. I have also testified before committees of the Illinois Senate and Illinois House of Representatives on issues relating to plaintiff's rights, including arbitration agreements, which are directly at issue in this case.

6. The accomplishments of Stephan Zouras, LLP are set forth in the Firm Resume attached as Exhibit 1. As described therein, Stephan Zouras, LLP, has extensive experience in successfully representing plaintiffs as lead counsel in hundreds of class actions nationwide. Since founding our firm in 2007, I, along with my partner Ryan Stephan, have secured a significant number of seven and eight-figure jury verdicts and settlements on behalf of aggrieved employees and victims of corporate negligence and abuse. Both of us have been named an Illinois class action "Super Lawyer" in every consecutive year since 2009. As recently observed by Judge Matthew F. Kennelly, "[Stephan Zouras] have substantial class action experience, and they have secured multi-million dollar class recoveries in the past." *Bhattacharya v. Capgemini North America, Inc.*, 324 F.R.D. 353, 363 (N.D. Ill. 2018).

7. Our firm has nine attorneys, seven of whom, along with extensive support staff, are committed to the firm's dedicated BIPA practice. We anticipate adding at least one more attorney to our staff in the next six months.

8. In early 2017, my firm filed one of the first BIPA class actions in the employment context. *Doporcyk v. Roundy's Supermarkets, Inc. and Kronos, Inc.*, 17-CH-08092 (Cook Cty. Cir. Ct. Jun. 09, 2017). Since then, Stephan Zouras has filed and is actively prosecuting over 150 BIPA class actions in federal and state court, in both employment and consumer context. As a result of extensive discovery practice in these actions, including depositions of defendants and their

3

representatives, our firm is well-versed on biometric technology, including how biometric information is collected, maintained and disseminated, particularly as it relates to the requirements of BIPA. The firm has also retained consultants to assist with our investigation and understanding of biometric technology and the defenses asserted by Defendants, including experts to review source code, evaluate network and device configurations, analyze network traffic, and test various hardware and software (mobile, desktop, server, embedded devices, web applications, etc.) to determine functionality as well as uncover potential security and privacy issues. Stephan Zouras, LLP is uniquely experienced and qualified to handle any difficult technological questions that arise.

9. Stephan Zouras, LLP actively tracks all BIPA filings in federal and state court, including the 750+ BIPA actions currently pending, and stores any significant rulings and settlements generated in these cases in a dedicated database maintained by our firm. As a result, our firm possesses a vast repository of knowledge and information on BIPA-related litigation, which we routinely share with members of the plaintiffs' bar who are actively prosecuting BIPA cases.

10. Our firm's BIPA advocacy has included substantial legislative efforts to prevent the law from being curtailed through amendments or repealed outright, as advocated by the Chamber of Commerce and many other corporate interest groups which are spending incredible sums trying to gut the law in Springfield.

11. Stephan Zouras, LLP is actively engaged, on a daily basis, with extensive court, discovery and motion practice on their BIPA actions. The firm has secured at least 30 favorable decisions[1] for plaintiffs, many on issues of first impression, at both the appellate and trial court levels on

---

[1] Because of their voluminous nature, copies of these decisions are not included as exhibits but are readily available upon request.

novel issues and defenses asserted under BIPA, including that BIPA claims are not subject to arbitration as "wage and hour" claims, *Liu v. Four Seasons Hotel, Ltd.*, 2019 IL App (1st) 182645, the Constitutionality of BIPA, *Bruhn v. New Albertson's*, 2018-CH-01737 (Cir. Ct. Cook Cty. Jan. 30, 2020) (J. Loftus) (Exhibit 2),[2] the inapplicability of BIPA's "HIPAA exemption" to employees, *e.g., Bruhn v. New Albertson's Inc., et al.*, No. 18-CH-01737 (Cir. Ct. Cook Cty. July 2, 2019) (J. Loftus) (Exhibit 3), and most recently, the first federal decision on when BIPA claims accrue; specifically, that an aggrieved plaintiff's claims accrue *each time* an entity collects or disseminates biometric information without securing prior informed consent and a release. *Cothron v. White Castle System, Inc.*, 2020 WL 4569694 (Aug. 7, 2020) (J. Tharp). Also, my firm secured the first decision holding that the statute of limitations under BIPA is five years, rather than one or two years. *Robertson v. Hostmark Hospitality Grp., et al.*, No. 18-CH-05194 (Cir. Ct. Cook Cty. July 31, 2019) (J. Cohen) (Exhibit 4). We are currently defending the ruling of another trial court, which held consistent with *Roberston* on the statute of limitations question, at the Illinois Appellate Court, which is expected to be the first appellate court decision on this critical issue. *See Tims v. Black Horse Carriers*, No. 1-20-0563 (Ill. App. Ct. 1st Dist.).

12. Courts have appointed me and Stephan Zouras, LLP as class counsel in dozens of BIPA cases. For example, I was appointed, in contested proceedings, as co-lead interim class counsel in the two largest BIPA class actions filed on behalf of employees, including one before this court. *See* Exhibit 5, September 19, 2019 order in *Figueroa, et al v. Kronos Incorporated*, 19 cv 1306 (N.D.Ill.) (J. Feinerman); Exhibit 6, November 19, 2019 order in *Henderson, et al. v. ADP, LLC*,

---

[2] In *Bruhn*, the trial court recently granted the defendant's request to certify the Constitutional question for interlocutory appeal. If accepted for review, Stephan Zouras, LLP will defend the Constitutionality of BIPA on this issue of first impression before the Illinois Appellate Court.

5

18 CH 7139 (Circuit Court of Cook County) (J. Atkins). Both actions, which are comprised of several hundred thousand putative class members, are being actively litigated by my firm.

13. My firm and I have achieved, and continue to achieve, outstanding and benchmark-setting results for class wide settlements in 11 finally-approved BIPA cases, which have resulted in actual monetary recoveries for almost 22,000 individuals and counting. *See, e.g.,* Exhibit 7, August 20, 2019 order in *Dixon v. The Wash. & Jane Smith Home, et al.*, 17-cv-08033 (N.D. Ill.) (J. Kennelly) (approving BIPA settlement awarding $1,000 per class member); Exhibit 8, May 12, 2020 order in *Jackson v. A. Finkl & Sons, Co.*, 2018-CH-07424 (Circuit Court of Cook County) (J. Tailor) (approving BIPA settlement awarding $1,180 per class member); Exhibit 9, November 13, 2019 order in *Watts v. Aurora Chicago Lakeshore Hosp., LLC*, No. 17-CH-12756 (Circuit Court of Cook County) (J. Reilly) (approving BIPA settlement awarding $1,000 per class member); Exhibit 10, November 18, 2019 order in *Edmond v. DPI Specialty Foods, Inc., et al.*, 2018-CH-09573 (Circuit Court Cook County) (J. Tailor) (approving BIPA settlement awarding $1,000 per class member); Exhibit 11, June 2, 2020 order in *Goings v. AEP NVH OPCO, LLC d/b/a Applied Acoustics, et al.*, 2017-CH-14954 (Circuit Court Cook County) (J. Tailor) (approving BIPA settlement awarding $1,200 per class member); Exhibit 12, August 14, 2020 order in *Kane v. Conservation Technology of Illinois, LLC d/b/a Con-Tech Lighting, et al.*, 2018-CH-12194 (Circuit Court Cook County) (J. Reilly) (approving BIPA settlement awarding $1,200 per class member). Excluding a handful of cases where we verified that the defendant lacked the financial ability to pay full value, the average payout is nearly $900.00 per-person and as a result of our efforts, is trending up. In almost every case, we have insisted on a settlement structure that distributes funds via direct checks to the class members without a claims structure, which means

every one of these nearly 22,000 individuals received a check without the need to submit a claim form.

14. From the beginning of BIPA litigation, I and my firm have established and maintained regular contact and collaborative working relationships with the limited number of mostly-Illinois plaintiffs' attorneys with practices focused on BIPA actions, including proposed lead counsel Katrina Carroll, so the cases could be monitored, coordinated and advanced in the best interests of all aggrieved class members. Even before the onset of BIPA litigation, I and my firm had established collegial and working relationships with many of these firms and attorneys. Virtually every firm was receptive and has been working collaboratively on BIPA litigation. These efforts have succeeded in identifying and developing underlying legal theories, strategies and responses to the various defenses asserted in BIPA cases. In addition to helping to ensure the efficient and effective prosecution of BIPA cases, these steps have enabled us to continue to improve outcomes for BIPA plaintiffs. The firm's litigation approach, which I and Ryan have instilled in our attorneys and other legal staff since we founded Stephan Zouras, LLP in 2007, has not gone unnoticed by the judiciary. For example, just three weeks ago, Judge Jeffrey Cole stated, "I would be remiss if I failed to note not only the extremely capable written presentations on behalf of the parties, but also to note the cooperative and collegial efforts of all counsel in the case. The plaintiff was represented by Ryan Stephan and Haley Jenkins of Stephan Zouras LLP in Chicago. … They displayed an extraordinary measure of excellence and courtesy that is unfortunately all too rare in today's fractious and overly competitive atmosphere. They brought conspicuous skills to this case, and their conduct is proof that lawyers can act civilly and courteously in their dealings with each other without sacrificing in the slightest the obligations they owe to their clients." *Bello v. The Parc at Joliet, LLC*, 18 cv 8196 (Aug. 18, 2020) (Exhibit 13).

15. Our investigation into TikTok's collection of biometric information and potential BIPA violations began in January 2020. Among other things, this investigation included enlisting the services of individuals in both China and Taiwan to download and examine the Chinese equivalent of TikTok, Douyin, which is also owned by Defendant Bytedance, to compare the functionality and features of the two applications, including their use of filters and facial landmarks, and to determine the extent to which user biometric information, such as voiceprints and facial recognition, is shared between the two entities and the parent company (and third parties) – a critical determination to establish Section 15(d) claims under BIPA. *See* 740 ILCS 14/15(d).

16. Prior to and immediately upon filing this action, we brought our firm's expertise and experience to bare, working with the attorneys Settling Plaintiffs are nominating for Co-Lead Counsel and other leadership positions, who themselves are well-respected members of the plaintiffs' bar, to thoroughly investigate and advance the class's claims. In addition to our collaborative work with these plaintiffs' attorneys to help formulate strategy, our firm took the lead in drafting the amended consolidated complaint, written discovery and preservation letter propounded on Defendants. Our unique expertise also helped inform preparation for the mediation and the draft term sheet, with special emphasis on the realistic range on the value of the BIPA claims given the liability posture, and the need for non-monetary relief and confirmatory discovery.

17. Stephan Zouras, LLP has dedicated—and will continue to dedicate—substantial resources to investigating the facts underlying this action, and developing the legal bases for liability. This investigation is informed by our unparalleled experience in BIPA litigation, and has included (1) ongoing investigation of defendants' practices, including expert consultation; (2) detailed

examination of the technology implicated in this action, and (3) substantial factual and legal research—and development of the law in the area—to determine how best to prosecute the case.

18. Stephan Zouras, LLP has the financial resources necessary to prosecute this case, has stood ready, and remains able and willing to advance necessary expenses and devote significant attorney time from our roster of highly-qualified attorneys and staff to all aspects of this case.

19. Should the Court appoint me to the Steering Committee, I am fully prepared and committed to continue devoting, to the fullest extent of my ability, all the time, expertise and other resources necessary to assist Lead Counsel in their efforts to represent the interests of the class.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 8, 2020              FURTHER DECLARANT SAYETH NOT.

                                     /s/ *James B. Zouras*
                                     James B. Zouras
                                     STEPHAN ZOURAS, LLP
                                     100 North Riverside Plaza, Suite 2150
                                     Chicago, Illinois 60606
                                     (312) 233-1550

9