**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILILNOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION** | **MDL No. 2948** |
| | **Master Docket No. 20-cv-4699** |
| | **Judge John Z. Lee** |
| | **Magistrate Jude Sunil R. Harjani** |
| **This Documents Relates to All Cases** | |

## APPLICATION OF JOSEPH P. GUGLIELMO FOR APPOINTMENT TO PLAINTIFFS' STEERING COMMITTEE AND IN SUPPORT OF PROPOSED CO-LEAD COUNSEL AND LIAISON COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure and the Court's Case Management Orders Nos. 1 ("CMO 1") and 2 ("CMO 2"), Plaintiff G.R. by and through her Guardian Mayra De La Cruz ("Plaintiff"), submits this memorandum in support of the application for Joseph P. Guglielmo of Scott+Scott Attorneys at Law LLP ("Scott+Scott") to Plaintiffs' Steering Committee, and the applications of Katrina Carroll of Carlson Lynch LLP ("Carlson Lynch") and Jonathan Jagher of Freed Kanner London & Millen LLC ("Freed Kanner") as Co-Lead Counsel, and Elizabeth Fegan of Fegan Scott, LLC as Plaintiffs' Liaison Counsel.

### I. INTRODUCTION

Federal Rule of Civil Procedure 23(g)(3) provides that the Court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Furthermore, the MANUAL FOR COMPLEX LITIGATION (the "Manual") provides guidance regarding the organization of complex litigation, including the responsibilities and duties of counsel appointed to lead such actions, the importance of the

appointment of "designated" counsel and the various organizational structures. *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) §§10.2, 10.21, 10.22, 10.221, and 10.224 (2004). As the Manual explains, "[e]arly organization of the counsel who have filed the various cases transferred or consolidated for pretrial purposes is a critical case-management task." *Id.* §22.62.

In appointing class counsel, the court "must consider":

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A)(i-iv). These four factors also apply in the selection of *interim* class counsel. *Walker v. Discover Fin. Servs.*, No. 10-CV-6994, 2011 WL 2160889, at *2 (N.D. Ill. May 26, 2011); Newberg on Class Actions §3:85 (5th ed.). In addition, the Court may consider "'other matter[s] pertinent to counsel's ability to fairly and adequately represent the interests of the class.'" *Smith v. State Farm Mut. Auto. Ins. Co.*, 301 F.R.D. 284, 288 (N.D. Ill. 2014)[1]; Fed. R. Civ. P. 23(g)(1)(B). As set forth below, based on these factors, as well as those set forth by the Court in CMO 1, Plaintiff submits that Ms. Carroll and Mr. Jagher should be appointed Co-Lead Class Counsel. Plaintiff further submits that Mr. Guglielmo of Scott+Scott be appointed to Plaintiffs' Steering Committee[2] as the proposed attorneys are best suited to represent the interests

---

[1] Unless otherwise indicated, citations are omitted and emphasis is added.

[2] Plaintiff further supports the proposal submitted by Ms. Carroll and Mr. Jagher of Plaintiffs' Steering Committee consisting of: Robert Foote (Foote, Mielke, Chavez & O'Neil, LLC); Michael Gervais (Susman Godfrey LLP); Joseph Guglielmo (Scott+Scott); Tina Wolfson (Ahdoot & Wolfson, PC); and James Zouras (Stephan Zouras, LLP). For the same reasons set forth herein, Plaintiff believes the proposed Plaintiffs' Steering Committee will inclusively and efficiently serve the interests of the putative classes.

of the class and will ensure the vigorous, effective, cooperative, and efficient prosecution of the actions.

In CMO 1, the Court indicated that the main criteria for appointment as Lead Counsel would be: (a) counsel's willingness and availability to commit to a time consuming project; (b) counsel's ability to work cooperatively with others; and (c) counsel's professional experience in this type of litigation . . . ." CMO 1 at 6-7. As discussed below, Mr. Guglielmo of Scott+Scott has demonstrated his willingness to commit to this action and expend the resources necessary to achieve the best result for Plaintiff and the Class. Mr. Guglielmo has vast experience in complex litigation, data privacy, and data security litigation. Mr. Guglielmo has a strong track record of cooperation with other attorneys and firms across the plaintiff's bar, including many in this action. Mr. Guglielmo, along with other attorneys representing clients that had filed various claims against TikTok, Inc. ("TikTok"), agreed to participate in settlement discussions, which included a mediation held before Hon. Layn Phillips, which ultimately led to the settlement with TikTok. Mr. Guglielmo's inclusion in the Steering Committee would provide added depth and experience and ensure that the best result possible is achieved for the class against TikTok. Mr. Guglielmo's inclusion in the Steering Committee would also ensure that a strong voice for California claims and class members is represented in a leadership position.

## II. JOSEPH P. GUGLIELMO SHOULD BE APPOINTED TO PLAINTIFFS' STEERING COMMITTEE

### A. Joseph Guglielmo Has the Experience and Dedication to Serve on the Steering Committee

For over the past 20 years, Mr. Guglielmo has litigated in a leadership capacity numerous complex consumer class actions, including as lead counsel in several prominent multidistrict data breach and data privacy class actions. Mr. Guglielmo currently serves as co-lead counsel for the

financial institution plaintiffs in *In re Equifax, Inc. Customer Data Security Breach Litigation*, No. 1:17-md-02800 (N.D. Ga.), which recently settled on a nationwide basis. Mr. Guglielmo also currently serves in a leadership capacity in *In re Google Assistant Privacy Litigation*, No. 5:19-cv-04286 (N.D. Cal.)., representing consumers alleging privacy violations whereby Google Assistant records and discloses their private, confidential communications without consent. Mr. Guglielmo is also counsel in *Lopez v. Apple Inc.* Case No.: 4:19-cv-04577-JSW (N.D. Cal.), representing consumers and their minor children alleging privacy violations by Apple through its Siri application.

Mr. Guglielmo was appointed co-lead counsel in *Forth v. Walgreen Co, Inc.,* No. 1:17-cv-02246 (N.D. Ill.), in this District, representing consumers and third-party payers claiming overcharges for medically necessary prescription drugs. A complete overview of Mr. Guglielmo's prior experience and successful results is available on his firm's website.[3]

Mr. Guglielmo's recent successes further demonstrate his experience and dedication for appointment to Plaintiffs' Steering Committee. Mr. Guglielmo served as co-lead counsel in *In re The Home Depot, Inc., Customer Data Security Breach Litigation*, No. 1:14-md-02583 (N.D. Ga.) and negotiated a $27.25 million settlement on behalf of financial institutions nationwide. Mr. Guglielmo was one of the principal negotiators of a $50 million settlement on behalf of financial institutions involving the breach of personal and financial information in *First Choice Federal Credit Union v. The Wendy's Co.*, No. 2:16-cv-00506 (W.D. Pa.), and Mr. Guglielmo was appointed to the plaintiffs' steering committee and helped secure a $59 million settlement in *In re Target Corporation Customer Data Security Breach Litigation*, No. 0:14-md-02522 (D. Minn.). Notably, in approving a settlement involving a Bernie Madoff Ponzi scheme, Justice Lowe of the

---

[3]     *See* https://scott-scott.com/about-us/attorneys/joseph-p-guglielmo/.

New York Supreme Court commended Scott+Scott and Mr. Guglielmo's representation: "Scott+Scott has demonstrated a remarkable grasp and handling of the extraordinarily complex matters in this case. The extremely professional and thorough means by which NYU's counsel has litigated this matter has not been overlooked by this Court." *New York Univ. v. Ariel Fund Ltd.*, No. 603803/08, slip. op. at 9-10 (N.Y. Sup. Ct. Mar. 1, 2010).

Through these cases, Mr. Guglielmo has worked extensively and cooperatively with almost all of the law firms representing plaintiffs against TikTok. Given Mr. Guglielmo's strong prior track record of cooperation and experience with firms across the plaintiff's bar, as well as his extensive knowledge of data breach and data privacy litigation, and the settlement of such actions, Mr. Guglielmo has brought, and will continue to bring, his depth of knowledge and experience to this action. Mr. Guglielmo, on behalf of the California client and Class he represents, researched, developed, and brought specific claims under California law against TikTok, including the California Consumer Privacy Act of 2018 ("CCPA"), Cal. Civil Code §1798.100 *et seq.*, as well claims based on violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §17200, based on unlawful and unfair conduct under Cal. Bus. & Prof. Code §22576, and Cal. Fam. Code §6701 and §6710. Mr. Guglielmo has also done extensive research into the factual claims, as well as research into the application development at issue. Mr. Guglielmo has dedicated substantial time and resources to the claims and has been a material participant in the mediation and ultimate settlement of the claims brought against TikTok. For these reasons, Plaintiff respectfully requests that the Court appoint Mr. Guglielmo to Plaintiffs' Steering Committee.

III.    **KATRINA CARROLL AND JON JAGHER SHOULD BE APPOINTED CO-LEAD COUNSEL**

Mr. Guglielmo offers his full support for the applications of Katrina Carroll and Jon Jagher as Co-Lead Counsel. Having worked with them and their firms in previous complex consumer

class action litigation, and having seen their tremendous dedication and skill in the instant litigation in trying to bring about consensus among as many parties as possible towards a complete resolution of the class claims, Mr. Guglielmo is confident that Ms. Carroll and Mr. Jagher clearly meet the criteria warranting appointment as Co-Lead Counsel and have and will continue to work with all parties in a professional, constructive, and cooperative manner to achieve the best possible outcome for all members of the Class.

Ms. Carroll and Mr. Jagher have already shown their willingness and availability to commit to this litigation, which has been a time consuming project, as well as their ability and willingness to work cooperatively with others by bringing together attorneys and clients with actions throughout the United States to work together to achieve a common goal of all plaintiffs' counsel – to obtain the best possible outcome for their clients and the Class they seek to represent. Moreover, Ms. Carroll and Mr. Jagher have demonstrated in this action and in their respective firm resumes their professional experience in this type of litigation.

Ms. Carroll and Mr. Jagher have dedicated a substantial number of hours towards the prosecution and litigation of this action. Ms. Carroll and Mr. Jagher have responded with a dedication to expend the resources necessary to reach a positive outcome. Substantively, this litigation presents complex and novel interpretations of still-developing consumer privacy rights statutes and caselaw, requiring many hours of legal research, analysis, synthesis, and writing. Procedurally, the matter has already been through extensive preliminary motion practice, including consolidation procedures at the district and multi-district levels, and two full-day mediation sessions. Ms. Carroll and Mr. Jagher have shown that they and their firms are more than willing to put in the necessary time and resources to fully litigate this matter to its conclusion.

Ms. Carroll and Mr. Jagher have also shown their tireless efforts to forge consensus. As more fully described in their respective submissions and declarations, Ms. Carroll and Mr. Jagher have documented dozens of communications among all plaintiffs' and defendants' counsel regarding numerous issues of strategy, coordination, and settlement. Mr. Guglielmo fully expects this openness and desire to gain full consensus to the benefit of the putative classes to continue should they be appointed co-Lead Counsel.

Finally, Ms. Carroll and Mr. Jagher have years of experience as top-class consumer class action litigators that they would bring to bear as co-leaders of the plaintiffs' group in this litigation. Ms. Carroll has prior experience with biometric privacy litigation in particular, including BIPA cases against Google and Shutterfly. *See, e.g., Norberg v. Shutterfly, Inc.*, 152 F. Supp. 3d 1103 (N.D. Ill. 2015) (finding jurisdiction against defendant and that plaintiff stated a claim under the Illinois Biometric Information Privacy Act ("BIPA")); *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088, 1095-96 (N.D. Ill. 2017) (interpreting meaning of "biometric identifier" within the context of BIPA).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff submits that Mr. Guglielmo be appointed to Plaintiffs' Steering Committee, that Ms. Carroll and Mr. Jagher be appointed co-Lead Counsel, and that Ms. Fegan should be appointed as Liaison Counsel.

Dated: September 8, 2020     Respectfully submitted,
           **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

           */s/ Joseph P. Guglielmo*
           Joseph P. Guglielmo (IL Bar #2759819)
           The Helmsley Building
           230 Park Avenue, 17th Fl
           New York, NY 10169
           Telephone: 212-223-4478
           Facsimile: 212-223-6334
           jguglielmo@scott-scott.com

Erin Green Comite (IL Bar #420630)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860-537-5537
Facsimile: 860-537-4432
ecomite@scott-scott.com

Joseph A. Pettigrew
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 860-537-5537
Facsimile: 860-537-4432
jpettigrew@scott-scott.com

E. Kirk Wood
ekirkwood1@bellsouth.net
**WOOD LAW FIRM, LLC**
P. O. Box 382434
Birmingham, AL 35238-2434
Telephone: 205-908-4906
Facsimile: 866-747-3905

William A. Baird
w.baird.law@gmail.com
**BAIRD LAW FIRM**
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Telephone: 805-267-1209
Facsimile: 866-747-3905

*Counsel for Plaintiff G.R., a Minor, by and Through Her Guardian Mayra De La Cruz*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 8th day of September, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

*s/ Joseph P. Guglielmo*
Joseph P. Guglielmo
