IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK, INC. CONSUMER PRIVACY LITIGATION<br><br><br><br>**This Document Relates to All Cases** | MDL No. 2948<br><br>Master Docket No. 20 C 4699<br><br>District Judge John Z. Lee<br><br>Magistrate Judge Sunil R. Harjani |

**APPLICATION OF MARK C. MOLUMPHY AND ALBERT Y. CHANG FOR APPOINTMENT TO PLAINTIFFS' STEERING COMMITTEE; NOMINATION OF LEAD COUNSEL**

**I.      INTRODUCTION**

Pursuant to this Court's Case Management Orders ("CMO") Nos. 1 and 2 [ECF Nos. 4, 24], counsel for Plaintiff A.J., through her guardian, Aaron Johnson, respectfully move the Court to:

- appoint **Katrina Carroll** ("Carroll") of Carlson Lynch, LLP ("Carlson Lynch") and **Jonathan Jagher** ("Jagher") of Freed Kanner London & Millen LLC ("Freed Kanner") to serve as Co-Lead Counsel; and

- appoint **Mark Molumphy** ("Molumphy") of Cotchett, Pitre & McCarthy, LLP ("CPM") and **Albert Chang** ("Chang") of Bottini & Bottini, Inc. ("Bottini") as members of Plaintiffs' Steering Committee.

There are many experienced attorneys in this case. Inevitably, with such diverse experience, there will be different approaches on how to best represent the Class. Thus, it is

1

imperative that Co-Lead Counsel not only have the knowledge, experience, and resources to take on TikTok, but also the leadership skills to work with, and consider the viewpoints of, other plaintiffs and their counsel regardless of where they originally filed their cases. For these reasons, Plaintiff A.J. – who originally filed her case in the Northern District of California – strongly supports Carroll and Jagher as Co-Lead Counsel. Carroll and Jagher alone have demonstrated the experience to lead this case *and* the willingness to consider other perspectives. If selected, they will best represent the Class going forward.

Similarly, the Steering Committee should have independent membership to represent the views of all Class members and their counsel. Molumphy and Chang will provide a unique and independent perspective on Plaintiffs' Steering Committee (in addition to their substantial experience litigating complex cases against China-based corporations). Unlike the other applicants, Molumphy and Chang were not a part of the Settling Plaintiffs' mediation process resulting in the proposed settlement (coordinated by one of the two Co-Lead Counsel applicants), nor were they part of the "N.D.Cal. Interim Leadership Group" which previously moved to intervene and dismiss actions filed in Illinois federal districts and now seeks to litigate this case here (coordinated by the other Co-Lead Counsel applicant). Thus, Molumphy and Chang are not beholden to either group and will provide this Court, and the Class, with experienced and independent representation on the Steering Committee.

## II. KATRINA CARROLL AND JONATHAN JAGHER SHOULD BE APPOINTED TO SERVE AS CO-LEAD COUNSEL

Carroll and Jagher should be appointed as Co-Lead Counsel to represent the proposed Class. Both have extensive experience litigating the claims at issue and the ability to work with other counsel, including those with different points of view or who filed in different districts.

2

Indeed, even before the cases were consolidated by the JPML, Carroll and Jagher alone sought out the views of Plaintiff A.J.'s counsel, Molumphy and Chang, and considered their input about the direction of the case. This was true even though, at the time, Molumphy and Chang were pursuing their client's case in the Northern District of California, where TikTok is headquartered. After the cases were consolidated and transferred to this District by the JPML, Carroll and Jagher continued to coordinate with other plaintiffs' counsel, including in matters relating to case management and compliance with meet and confer requirements set by this Court in CMO Nos. 1 and 2. Based on these first-hand experiences, Molumphy and Chang believe Carroll and Jagher are the best choice to serve as Co-Lead counsel in this case.

### III. MOLUMPHY AND CHANG ARE EXPERIENCED COUNSEL AND WILL PROVIDE A UNIQUE, INDEPENDENT PERSPECTIVE TO PLAINTIFFS' STEERING COMMITTEE

#### A. Molumphy and Chang Have Vast Experience Handling Complex Privacy Cases, Including Class Actions Against China-Based Companies

**Mark C. Molumphy** is a Partner at CPM, based in Burlingame, California, in close proximity to TikTok's headquarters in San Jose, California (as well as to TikTok's counsel, Wilson Sonsini, based in Palo Alto, California). Molumphy has been practicing for nearly three decades, chairs CPM's consumer protection and privacy practices, and has substantial privacy and class action experience. Molumphy has had a leadership role in many of the nation's most prominent privacy and data breach cases, including *In re Apple Inc. Device Performance Litigation,* No. 18-md-02827-EJD (N.D. Cal.), a multi-district class action against Apple alleging violations of state and federal computer intrusion statutes, which recently settled for payment of $310-$500 million to Apple iPhone customers. Molumphy served as co-lead counsel with Bottini in the *In re Yahoo! Shareholder Litigation*, No. 17-cv-307054 (Santa Clara Sup. Ct.), alleging both direct and derivative claims following Yahoo!'s disclosure of two of the largest data

3

breaches in history impacting one billion users. Molumphy won permission to take expedited discovery, personally deposed Yahoo!'s Chief Information Security Officer, and obtained a settlement including both injunctive relief and a $29 million payment. Currently, Molumphy serves as co-lead counsel in the Zoom privacy class action, *In Re: Zoom Video Communications, Inc. Privacy Litigation*, No. 20-cv-02155-LHK (N.D. Cal.), alleging that Zoom obtained and shared private information without consent, similar to claims asserted here. CPM also has substantial experience in this district and currently serves as lead counsel for the Commercial & Institutional Indirect Purchaser Plaintiff class in *In re Broilers Antitrust Litigation*, No. 1:16-cv-08637 (N.D. Ill.) and on Plaintiffs' Executive Committee in *In re Ethiopian Airlines Flight ET 302 Crash*, No. 1:19-cv-02170 (N.D. Ill.). Molumphy's CV is attached as **Exhibit 1** to the Declaration of Mark C. Molumphy filed in support of this Application and Nomination.

**Albert Y. Chang**, who is fluent in Chinese, has nearly two decades of experience representing consumers and shareholders in high-stakes litigation involving technology companies, such as Facebook, Inc. and Yahoo! Inc. In a nationwide class action against the China-based tech giant, Alibaba Group Holding, Ltd., Chang took depositions of Alibaba employees in Hong Kong and managed the multi-lingual review of millions of pages of documents. In 2019, after extensive discovery, Alibaba paid $75 million to settle the case. Chang is currently representing a proposed class of consumers in the Northern District of California, alleging BIPA violations against Facebook. *Zellmer v. Facebook, Inc.*, No. 18-cv-1880-JD (N.D. Cal.) and *Gullen v. Facebook, Inc.*, No. 16-cv-0937-JD (N.D. Cal.). In this hard-fought litigation going into its fifth year, Chang has litigated cutting-edge, complex issues, including Article III standing, in both the district court and the Ninth Circuit Court of Appeals. A former judicial law clerk to the Honorable Suzanne B. Conlon, Chang regularly litigates in this District and the

Seventh Circuit Court of Appeals. In 2014, for example, Chang successfully litigated a shareholder derivative action in this District, *In re Career Education Shareholder Derivative Litigation*, No. 11 C 9119 (N.D. Ill.), which recovered $20 million for the company. Chang's CV is attached as **Exhibit 1** to the Declaration of Albert Y. Chang filed in support of this Application and Nomination.

Based on their extensive experience in similar cases, their ability to work with others entrusted with leadership responsibilities, their unique litigation experience with China-based companies, and CPM's geographic proximity to TikTok and its counsel in Northern California, Molumphy and Chang are well qualified to serve on the Plaintiffs' Steering Committee.

### B. Molumphy and Chang Sought to Work Cooperatively with the Attorneys in This Case

Molumphy and Chang have experience working on large class actions, involving numerous plaintiffs' attorneys, which will allow them to manage issues that are pivotal to the success of this case. Molumphy and Chang also have a professional reputation as lawyers who prioritize collegiality and work with civility, respect, and candor towards their co-counsel, as well as the Court and defense counsel.

From the beginning of this case, Molumphy and Chang prioritized coordination with other counsel to advance the class interests, rather than confrontation or taking antagonistic positions. Molumphy and Chang were the first California counsel to coordinate with plaintiffs who filed cases in Illinois. Indeed, both prior to and after the MDL hearing, Molumphy and Chang spoke with Carroll, in her capacity as then-Interim Lead Counsel appointed by this Court, to discuss their respective cases and strategies to best represent the plaintiffs.

Other firms decided to take a different approach, resisting coordination with other plaintiffs (unless they signed on with their litigation strategy) and, in certain cases, unilaterally

5

acting in ways that arguably prejudiced plaintiffs who filed in other districts. *See e.g.*, July 13, 2020 Order in *E.R. v. TikTok, Inc.*, No. 1:20-cv-02810 (N.D. Ill.), CM/ECF Dkt. No. 46 (denying motion to intervene and finding "that intervention would prejudice the existing Plaintiffs"), and July 1, 2020 Memorandum and Order in *A.S. v. TikTok, Inc.*, No. 3:20-cv-00457 (S.D. Ill.), CM/ECF Dkt. No. 3 (denying motion to intervene and finding that "intervention and consideration of the proposed motions as likely to prejudice the rights of the original parties.").

Despite these contrasting approaches, all plaintiffs appear to agree that Plaintiffs' Steering Committee should not only provide support for Co-Lead Counsel, but offer independent perspectives on important strategy decisions. Uniquely situated, Molumphy and Chang were not parties to the contentious intervention motions filed by one set of proposed Co-Lead Counsel, nor did they participate in the mediation led by the other proposed Co-Lead Counsel. Rather, they offer a fresh and independent perspective to this case, and as Steering Committee members will help ensure that the best interests of all Class members are protected in this case.

### C. Molumphy and Chang are Willing and Able to Commit All Necessary Resources to this Case

Plaintiffs face a well-financed defendant, represented by highly capable counsel. The proposed class needs equally qualified and committed representation. Molumphy and Chang are committed to this case and their firms have the resources necessary to support that commitment. Molumphy and Chang, and their firms, have long track records litigating complex cases for as long as it takes, including trial and appeal. *See, e.g.*, *In People of the State of California v. Atlantic Richfield*, et al., No. 1-00-CV-788657 (Santa Clara Super. Ct.) (CPM represented California cities and counties in a public nuisance action against lead paint manufacturers involving conduct dating back half a century; after over a decade of litigation, CPM prevailed at trial and obtained a $1.15 billion judgment); *In re Career Education Shareholder Derivative*

*Litigation*, No. 11 C 9119 (N.D. Ill.) (Bottini prevailed in nearly five-year-long derivative lawsuit involving securities fraud).

## IV. CONCLUSION

For the reasons stated herein, the Court should appoint Katrina Carroll and Jonathan Jagher as Co-Lead Counsel, and appoint Mark Molumphy and Albert Chang as members of Plaintiffs' Steering Committee.


Dated: September 8, 2020

| | |
|---|---|
| */s/ Mark C. Molumphy* | */s/ Albert Y. Chang* |
| MARK C. MOLUMPHY | Albert Y. Chang |
| **COTCHETT, PITRE & McCARTHY LLP** | **BOTTINI & BOTTINI, INC.** |
| 840 Malcolm Road, Suite 200 | 7817 Ivanhoe Avenue, Suite 102 |
| Burlingame, CA 94010 | La Jolla, CA 92037 |
| Telephone: 650.697.6000 | Telephone: (858) 914-2001 |
| Facsimile: 650.697.0577 | achang@bottinilaw.com |
| mmolumphy@cpmlegal.com | |

*Attorneys for Plaintiff A.J., through her guardian, Aaron Johnson*

7

## CERTIFICATE OF SERVICE

      I, Albert Y. Chang, affirm that the foregoing was filed on September 8, 2020 via CM/ECF, which automatically served all counsel of record.

Dated: September 8, 2020                      /s/ *Albert Y. Chang*
                                                                Albert Y. Chang