UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK, INC CONSUMER PRIVACY LITIGATION | MDL No. 2948 |
| | Master Docket No. 20 C 4699 |
| This Document Relates to All Cases | Judge John Z. Lee |
| | Magistrate Judge Sunil R. Harjani |

**APPLICATION OF MICHAEL GERVAIS OF SUSMAN GODFREY L.L.P. FOR APPOINTMENT AS A MEMBER OF PLAINTIFFS' STEERING COMMITTEE**

I, Michael Gervais of Susman Godfrey L.L.P., respectfully apply to be appointed as a member of the plaintiffs' Steering Committee pursuant to the Court's Case Management Order No. 1 and No. 2.[1]

## I.     Michael Gervais is Highly Qualified to Serve on the Steering Committee[2]

I have extensive experience prosecuting complex litigation in federal courts across the country, including in class actions matters as well as cases that involve technical subject matter. I have practiced law on both the plaintiff and defense side over the course of my career, spent largely at Susman Godfrey  I am a former clerk of the Ninth Circuit and for U.S. Supreme Court Justice Stephen Breyer, and I am the first partner of color at Susman Godfrey to have clerked on the U.S. Supreme Court. My firm profile is attached as Exhibit A.

As set forth below, I have been involved in a number of significant class action cases that not only resulted in favorable outcomes for the Class, but have also set important and needed precedent for similar cases that will follow, helping to protect future classes of plaintiffs who have been harmed economically or had their rights hampered. My experience in complex class action cases, both in high-stakes business and public interest/pro-bono disputes, includes representing:

- a certified class led by The Turtles (a 1960s rock group) on behalf of other song writers and owners in a royalty class action that resulted in a settlement valued at approximately $73 million in *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. 13-cv-5693 (C.D. Cal.).  The case settled less than 48 hours before the jury trial was

---

[1] In appointing class counsel, the court "must consider": (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(A).

[2] My firm and I are counsel of record for plaintiff in the following class action case included in this MDL proceeding:  *C.H. v. TikTok Inc., et al.*, Case No. 20-cv-05036.

scheduled to begin. As part of my work on that matter, I analyzed damages to the class and the value of copyright royalties to class members in assessing settlement;

- a certified class of indigent misdemeanor arrestees in a landmark case challenging the money bail scheme in Harris County, Texas that resulted in a sweeping preliminary injunction that struck down the unconstitutional money bail scheme and a subsequent breakthrough consent decree in *ODonnell et al. v. Harris County, Texas, et al.* In the first year in which the injunctive relief was in effect, more than 12,000 people received its benefits. Case No. 16-cv-01414 (S.D. Tex.);

- a certified nationwide class of more than 40,000 life insurance policy owners that were subjected to an unlawful cost of insurance rate increase in *Hanks et al. v. Lincoln Life & Annuity Co. of New York*, Case No. 16-cv-06399 (S.D.N.Y.). I obtained critical testimony from key witnesses, including corporate representatives and expert witnesses, that was relied on for briefing class certification and summary judgment.

Throughout my career I have demonstrated my ability to work cooperatively and collegially with others. Over the years, I have worked closely with many other attorneys (both within Susman Godfrey and outside) in a myriad of complex cases and I routinely earn the respect, trust, and confidence of those colleagues.

Susman Godfrey is committed to encouraging diversity in its practice. Likewise, diversity in MDL proceedings has received increased attention in recent years, with many judges seeking to make appointments of class counsel that is consistent with the diversity of our society and the justice system. With this goal in mind, we at Susman Godfrey have assembled a team of seasoned and successful attorneys for this matter that reflect both gender and racial diversity, including both myself and Kalpana Srinivasan. Kalpana Srinivasan is the first woman and person of color to serve

as a Managing Partner at Susman Godfrey and has successfully litigated many complex cases nationwide, both in class actions and intellectual property. She has been recognized extensively for her work in IP matters, including as an Intellectual Property MVP by Law360 and California Benchmark's IP Attorney of the Year.

My firm and I are willing and have the ability to commit the firm's ample resources, time, and expertise to the prosecution of this litigation. Susman Godfrey has a proven track record of successfully trying complex cases to successful outcomes for its clients' cases, including litigating and resolving consumer class actions. Further, the firm has been appointed to serve as class counsel or on the steering committee in numerous nationwide class actions, including serving as:

- co-lead counsel in *In re Qualcomm Antitrust Litigation*, Case No. 5:17-md-02773-LHK (N.D. Cal.) (Koh, J.), representing hundreds of millions of consumers in what has been deemed by some the "the biggest class action in history." In appointing my law partner and colleague in this action, Kalpana Srinivasan, as co-lead counsel, the Court wrote in its order: "Ms. Srinivasan has considerable experience litigating patent cases, including regarding the technology at issue, and complex class actions. In addition, of all the Plaintiffs' counsel in these consolidated cases, Ms. Srinivasan is the only attorney who has tried a case before this Court, and Ms. Srinivasan was excellent at trial."

- co-lead counsel for end-payor plaintiffs in *In re Automotive Parts Antitrust Litigation*, MDL No. 2311 (E.D. Mich.) that has resulted in over $1.2 billion in settlements to date;

- member of the steering committee for indirect purchasers *In re Capacitors Antitrust Litigation*, No. 3:14-cv-03264 (N.D. Cal.) that resulted in $80 million in settlements.

3

- co-lead counsel in *In re Crude Oil*, where Judge Pauley praised the firm's long history of serving as "lead counsel in hundreds of class actions." *See In re Crude Oil Commodity Futures Litig.*, No. 11-cv-3600 (WHP), 2012 WL 569195, at *2 (S.D.N.Y. Feb. 14, 2012).

Additionally, and unlike many firms focused solely on class action work, Susman Godfrey has extensive experience litigating and trying cases involving highly technical subject matter, including data analytics, software patents and social media platforms. Susman Godfrey is well-versed in analyzing technical documents, working with experts to review source code and understanding the operation of technical platforms. It has done so repeatedly in the context of trade secret, patent and copyright infringement cases. For example:

- Susman Godfrey won a jury verdict of $706.2 million for real estate analytics company HouseCanary in a misappropriation of trade secret, fraud and breach of contract case. *Title Source Inc. v. HouseCanary Inc.*, No. 2016CI06300 (Bexar, Tex.). The case is currently subject to appeal. The case involved claims of machine learning to reverse engineer highly valuable data and analytics belonging to HouseCanary. Ms. Srinivasan served as co-lead counsel in that action which resulted in a three-month trial;

- In *IQVIA Inc. et al v. Veeva Systems Inc.*, No. 17-cv-00177 (D.N.J.), an ongoing case that involves alleged trade secret misappropriation and antitrust claims, I personally immersed myself in the complex technology of these software and data companies and obtained critical testimony from key witnesses including executives and engineers;

- Susman Godfrey has handled and tried patent cases covering areas such as online gaming, fitness tracking devices, and video chat services. It has represented

4

companies such as Jawbone, Vaporstream, and PalTalk and has been adverse to major technology and online media companies such as Microsoft, SnapChat, Fitbit, Apple, Sony and Google[3];

- Serving as co-lead counsel, Susman Godfrey secured a deal worth over $100 million to settle a class-action lawsuit with music streaming service, Spotify, brought on behalf of music copyright owners. *Ferrick et al. v. Spotify USA, Inc., et al.*, No. 16-cv-08412 (S.D.N.Y.). To reach the settlement, Susman Godfrey, lead by Ms. Srinivasan, analyzed extensive data regarding Spotify's systems and operations to anticipate the number of potentially infringed works.

If appointed by the Court to serve as a member of plaintiffs' Steering Committee, my firm and I commit to dedicate whatever time is necessary to successfully manage and prosecute this case. At the same time, we know how to handle those cases effectively and efficiently. In this case, we have worked with a focused team of experienced lawyers to further advance the interests of the putative classes.

My colleagues at Susman Godfrey and I have undertaken significant efforts to investigate and advance the claims and have gained substantial knowledge of the facts and issues, including those that bear on liability and class certification. I have analyzed document preservation protocols that culminated in a document preservation letter propounded on defendants and have extensively monitored and reviewed the public reporting of TikTok, ByteDance, the state of surveillance in China, and more to remain apprised of the most recent events that bear on this litigation.

---

[3] *Jawbone v. Fitbit*, No. 15-cv-04073 (N.D. Cal.); *Vaporstream, Inc. v. Snap Inc.*, 17-cv-0020 (C.D. Cal.); *PalTalk v. Sony and Activision*, No. 09-cv-00274 (E.D. Tex.); *PalTalk v. Microsoft*, No. 06-cv-00367 (E.D. Tex.); *GPNE Corp. v. Apple Inc.*, No. 12-cv-02855 (N.D. Cal.); *MicroUnity v. Apple Inc.*, No. 11-cv-00052 (E.D. Tex.); *Rockstar Consortium Inc. v. Google Inc.*, No. 13-cv-00893 (E.D. Tex.); *ZiiLabs v. Samsung*, No. 14-cv-00203 (E.D. Tex.).

Throughout the course of this litigation, I have worked collaboratively with fellow plaintiffs' counsel to advance this litigation, including, for example, participating in plaintiffs' strategy conferences to discuss the mediation and strategies for negotiation. I have been actively involved in efforts to mediate this case, including participating in a successful mediation before the Hon. Layn Phillips on August 13, 2020, that resulted in a proposed settlement, subject to Court approval, that we will present to the Court for preliminary approval as soon as possible.

Susman Godfrey has worked together cooperatively, efficiently and in the best interests of the plaintiffs and the putative classes for months and is committed to continuing these efforts going forward. Based on its extensive pre- and post-filing efforts, my firm and I stand committed to devoting the resources necessary to protect the interests of the putative classes and to advance this litigation to its ultimate successful disposition.

## II.     Katrina Carroll and Jonathan Jagher Should Serve as Co-Lead Counsel

In addition, I wish to advise the Court that I support the appointment of Katrina Carroll of Carlson Lynch LLP and Jonathan Jagher of Freed Kanner London & Millen LLC to serve as co-lead counsel. Having worked collaboratively with them during the course of this litigation, I believe they are eminently qualified to serve as co-lead counsel. They have worked together cooperatively and transparently to try and organize all related actions in this MDL, including spearheading efforts to coordinate with other plaintiffs' counsel to participate in a successful mediation before the Hon. Layn Phillips. I believe their appointment as co-lead counsel will serve the best interests of the plaintiffs and the putative classes.

### CONCLUSION

For the reasons stated above, it is respectfully submitted that I be appointed as a member of plaintiffs' Steering Committee. I am confident I will add value to the team of lawyers leading the plaintiffs and putative classes.

DATED: September 8, 2020          SUSMAN GODFREY L.L.P.

By:    */s/ Michael Gervais*
Michael Gervais
Kalpana Srinivasan
Steven Sklaver
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
Email: mgervais@susmangodfrey.com
Email: ksrinivasan@susmangodfrey.com
Email: ssklaver@susmangodfrey.com


*Attorneys for Plaintiff C.H., by and through his guardian, Marc Halpin*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2020, I electronically filed the foregoing document with the clerk of court for the U. S. District Court, Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By:   <i>/s/ Michael Gervais</i><br>
Michael Gervais