UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE TIKTOK, INC. CONSUMER PRIVACY LITIGATION<br><br>This Document Relates to All Cases | MDL No. 2948<br><br>Case No. 1:20-cv-04699<br><br>District Judge John Z. Lee<br><br>Magistrate Judge Sunil R. Harjani |

## JOINT CASE MANAGEMENT STATEMENT

As ordered by this Court in Case Management Order No. 1 on August 17, 2020 [ECF No. 4], and Case Management Order No. 2 on September 1, 2020 [ECF No. 24], undersigned counsel for the parties to this MDL, which parties consist of: the plaintiffs who have reached a prospective settlement of the claims in the MDL ("Settling Plaintiffs") (as identified in ECF No. 6 and in the signature blocks below), additional "Plaintiffs in Support of the Settlement Schedule" (as identified in ECF No. 6 and in the signature blocks below), including Plaintiff A.J. who supports the settlement schedule, non-settling plaintiffs who have proposed a litigation schedule ("Litigating Plaintiffs") (as identified in the signature blocks below), Plaintiff M.E, and Defendants, submit this joint case management statement setting forth their respective positions on the topics requested by the Court:

**CMO 1, ¶9(b): List of Related Cases (Excluding Those Identified on Ex. A to CMO 1).**

1. *A.J. v. TikTok Inc. and ByteDance Inc.*, Case No. 5:20-cv-03390 (N.D. Cal. filed 5/19/2020)
2. *G.R. v. TikTok, Inc. and ByteDance, Inc.*, Case No. 2:20-cv-04537 (C.D. Cal. filed 5/20/2020)
3. M.*E., through guardian Anna Marie Emmerich v. TikTok Inc. and ByteDance Inc.*, Case No. 5:20-cv-3555, (N.D. Cal. filed 5/27/2020)

4. *L.M., A minor, through Guardian S.M. v. TikTok Inc. and ByteDance Inc.*, Case No. 3:20-cv-0498 (S.D. Ill. filed 5/29/2020)

5. *C.H., a minor, by and through his Guardian, Marc Halpin v. TikTok, Inc. and ByteDance, Inc.*, Case No. 2:20-cv-05036 (C.D. Cal. filed 6/5/2020)

6. *Arpana Iyer, Brandy Johnson TikTok Inc. and ByteDance Inc.*, Case No. 3:20-cv-03795 (N.D. Cal. filed 6/9/2020)

**CMO 1, ¶9(d): Meeting of Counsel Topics.**

Settling Plaintiffs' Position, including Plaintiffs in Support of the Settlement Schedule:

Discussion of the topics set forth in paragraph 9(d) is not applicable in light of the settlement in principle Defendants have negotiated with certain Interim Counsel of Record for the Settling Plaintiffs.

Defendants' Position:

The Federal Government has recently taken unprecedented, unconstitutional, and *ultra vires* actions against Defendants, *see TikTok Inc., et al., v. Donald J. Trump, et al.*, No. 2:20-cv-07672, ECF No. 1 (C.D. Cal. Aug. 24, 2020) (civil action seeking to enjoin presidential executive order against Defendants), that have placed Defendants in the unfair position of having to capitulate and resolve by settlement this litigation, which litigation should otherwise be dismissed on the pleadings. Because of Defendants' unfairly disadvantaged bargaining position, that settlement is nothing short of a windfall for the proposed settlement class, and the settlement should therefore have little difficulty clearing the standards for approval set by Fed. R. Civ. P. 23(e). The settling parties are currently working as fast as they can to satisfy certain conditions and prepare that settlement to be presented to the Court for preliminary approval, and they anticipate being able to do so in only **48 days (October 26, 2020)**.

Given the circumstances, it is extremely unlikely, if not a virtual impossibility, that the settlement will not completely resolve this litigation. Rarely, if ever, do such cases return to

litigation on the merits after settlement. (This is true even when meritorious objections are raised during the settlement approval process. Such objections are typically resolved by modification, rather than termination, of the settlement.) For that reason, it would be a waste of Court and party resources to litigate the issues in paragraph 9(d) of CMO No. 1 that will be mooted by an approved settlement. Even so, Defendants have repeatedly made themselves available to all plaintiffs' counsel to meet and confer regarding those topics and to listen to their respective proposals.

To the extent any non-settling parties seek to learn the terms of the settlement, they will have those terms within 48 days (October 26, 2020) and will suffer no prejudice during these 48 days (or less). They will have ample time to review the settlement and provide their input prior to any hearing on final approval. By contrast, Defendants stand to suffer great prejudice should any premature leak of confidential terms adversely affect their ability to comply with certain conditions of the Settlement or comply with the executive order that is the subject of the civil action against the President of the United States referred to above. The putative class will also suffer a tremendous loss should the efforts of any non-settling parties seeking to disrupt the settlement be successful and the government action against Defendants render future settlement impossible.

<u>Plaintiff A.J.'s Position:</u>

Pursuant to CMO 1 and 2, Plaintiff A.J.'s Counsel was included and participated in meet and confer discussions with other Interim Counsel of Record relating to scheduling matters. However, Plaintiff A.J.'s Counsel was not informed of, and thus did not participate in, a subsequent meet and confer call arranged with Defendants' Counsel. Following direct communications with Defendants' Counsel, Plaintiff A.J. proposes that the Court defer setting deadlines proposed by "Litigating Plaintiffs" with respect to pleadings, discovery and class certification pending (1) distribution of the Settlement to all Interim Counsel of Record and (2) a hearing to consider

approval of the proposed Settlement in accordance with the Settlement Schedule.

<u>Plaintiff M.E.'s Position:</u>

Plaintiff M.E., and her attorneys at Gibbs Law Group suggest that the Court defer setting a case management schedule until after it appoints co-lead counsel and gives those attorneys an opportunity to caucus. This case is too important, too complex, and too divisive to be rushed through the settlement approval process. Instead, Plaintiff suggests the Court take a similar approach to the one Judge George H. Wu took when faced with an early proposed settlement in the highly visible fuel-economy multidistrict litigation against Hyundai & Kia. Rather than judge the settlement immediately, at a time when it faced opposition from several other plaintiffs' counsel and potential objections had yet to be fleshed out much less addressed, Judge Wu, through a series of status conferences and hearings, authorized supplemental discovery requested by the non-settling plaintiffs, requested several rounds of briefing to ensure all litigants' concerns were heard and addressed, and ultimately approved a revised settlement that had the support of all but a few plaintiffs. The Ninth Circuit, sitting *en banc*, was complimentary of Judge Wu's approach and affirmed his order granting final approval to a revised settlement valued at more than $210 million. *In re Hyundai & Kia Fuel Econ. Litig.,* 926 F.3d 539, 572 (9th Cir. 2019) (remarking that "the district court performed an admirable job of managing this complex litigation" after settlement was announced at the initial CMC). Plaintiff M.W. believes this case shares many similarities with *Hyundai* and would benefit from a similar process.

<u>Litigating Plaintiffs' Position:</u>

The Litigating Plaintiffs plan to proceed with discovery and setting a litigation schedule, as reflected in the below proposed case management schedule. The Litigating Plaintiffs believe that the proposed Class members' rights should be protected by litigation, and this case should be

vigorously prosecuted on behalf of the proposed Classes unless and until a Settlement is filed by Court-appointed counsel and approved by this Court. While Defendants emphasize that the purported Settlement will be filed a mere 48 days from today, and that it will completely resolve this litigation, the Litigating Plaintiffs are cognizant of the Court's statement in CMO 2 that no Interim Plaintiffs' Counsel has the authority to "bind another Plaintiff or another putative class of Plaintiffs absent further order of the Court." Accordingly, counsel for the Litigating Plaintiffs were prepared to discuss each of the topics set forth in paragraph 9(b) of CMO 1.

However, counsel for the Settling Plaintiffs, counsel for Plaintiffs in Support of the Settlement Schedule, and Defendants maintain that discussion of the topics is not applicable in light of the purported Settlement negotiated between Defendants and certain Interim Counsel of Record for the Settling Plaintiffs. Defendants also continue to refuse to disclose the terms of the purported Settlement, despite the directive in CMO 1 ¶9(d)(v) to discuss settlement efforts.

**CMO 1, ¶(f): Proposed Case Management Schedule.**

| EVENT | Litigating Plaintiffs | Settling Plaintiffs, Plaintiff A.J., and other Plaintiffs in Support of Settlement Schedule | Defendants |
|---|---|---|---|
| Defendants to disclose purported Settlement terms to all Plaintiffs' counsel of record | 1 day after Order appointing Lead Counsel[1] | We are in favor of disclosure and take no position on the timing. | October 26, 2020. This event proposed by non-settling plaintiffs is not an event identified in CMO No. 1. The terms of the Settlement are confidential, highly sensitive, and Defendants and class members |

---

[1] Counsel for J.S. and R.S., by their guardian, Aparna Iyer, Katherine Czajka, Brandy Johnson, and Karina Quinteiro, represented by Lesley Weaver and Amy Keller, believe that, after the terms of the purported Settlement are disclosed, the appointed Lead Counsel can discuss a briefing schedule on the Settlement or discuss whether further negotiations are appropriate or feasible. Depending on the answers to these questions, the schedule as proposed by the Litigating Plaintiffs may need to be modified.

| | | | stand to suffer great prejudice from any premature disclosure made prior to satisfaction of conditions in the settlement and preparation of the settlement for submission to the Court. |
|---|---|---|---|
| Submit briefing schedule regarding disputes or agreed Protocol for Special Master for Preservation | 7 days after Order appointing Lead Counsel.[2] | We do not feel this is necessary in light of CMO 1 and 2. | This proposed event is not an event identified in CMO No. 1. It was also obviated and rejected by CMO No. 2. It is a waste of Court and party resources, as Defendants are complying with those orders. |
| Consolidated Amended Complaint ("CAC") | 30 days after Order appointing Lead Counsel | Not applicable as a result of the Settlement. | Not applicable as a result of the Settlement, which is anticipated to be filed with the Court just 34 days after the hearing on lead counsel appointment |
| Defendants' Motion to Dismiss | 60 days after filing CAC | Not applicable as a result of the Settlement. | Not applicable as a result of the Settlement. |
| Opposition to Motion to Dismiss | 60 days after filing motion to dismiss | Not applicable as a result of the Settlement. | Not applicable as a result of the Settlement. |
| Reply in Support of Motion to Dismiss | 45 days after opposition to motion to dismiss | Not applicable as a result of the Settlement. | Not applicable as a result of the Settlement. |
| Exchange Initial Disclosures | October 20, 2020 | Not applicable as a result of the Settlement. | Not applicable as a result of the Settlement. |
| File joint or competing Protective Order, ESI Protocol, and other orders | October 20, 2020 | Not applicable as a result of the Settlement. | Not applicable as a result of the Settlement. |

---

[2] Defendants state that they are complying with the Court's CMOs. Despite Litigating Plaintiffs' request, Defendants have failed to confirm to the Litigating Plaintiffs that they have informed TikTok's potential acquirors of the directives of CMO 2.

6

| | | | |
|---|---|---|---|
| Amend Pleadings, Add Parties, Claims or Defenses | 60 days after Order on motion to dismiss | Not applicable as a result of the Settlement. | Not applicable as a result of the Settlement. |
| Substantial Production of Discovery | May 5, 2021 | Not applicable as a result of the Settlement. | Not applicable as a result of the Settlement. |
| Fact Discovery Cutoff | October 5, 2021 | Not applicable as a result of the Settlement. | Not applicable as a result of the Settlement. |
| Class Certification Brief | October 23, 2021 | Not applicable as a result of the Settlement. | Not applicable as a result of the Settlement. |
| Class Certification Opposition | December 16, 2021 | Not applicable as a result of the Settlement. | Not applicable as a result of the Settlement. |
| Class Certification Reply | February 12, 2022 | Not applicable as a result of the Settlement. | Not applicable as a result of the Settlement. |
| Fact Expert Reports | March 12, 2022 | Not applicable as a result of the Settlement. | Not applicable as a result of the Settlement. |
| Fact Expert Rebuttal Reports | April 16, 2022 | Not applicable as a result of the Settlement. | Not applicable as a result of the Settlement. |
| Fact Expert Deposition Deadline | May 28, 2022 | Not applicable as a result of the Settlement. | Not applicable as a result of the Settlement. |

Respectfully Submitted,

*INTERIM COUNSEL OF RECORD FOR LITIGATING PLAINTIFFS:*

DATED: September 8, 2020	**GLANCY PRONGAY & MURRAY LLP**
By: */s/ Kara M. Wolke*
Kara M. Wolke
1925 Century Park East, Suite 2100
Los Angeles, California 90067-2561
Telephone: (310) 201-9150
Email: kwolke@glancylaw.com

**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.**
Ekwan E. Rhow
1875 Century Park East, 23rd Floor
Telephone: (310) 201-2100
Email: erhow@birdmarella.com

**PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP**
David M. Given
39 Mesa Street, Suite 201, The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900
Email: dmg@phillaw.com

**HAUSFELD LLP**
Megan E. Jones
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 633-1908
Email: mjones@hausfeld.com

**BURNS CHAREST LLP**
Amanda Klevorn
365 Canal Street, Suite 1170
New Orleans, Louisiana 70115
Telephone: (504) 779-2845
Email: aklevorn@burnscharest.com

**LAWRENCE KAMIN, LLP**
Peter E. Cooper
300 S. Wacker Dr., Ste. 500
Chicago, IL 60606
Telephone: (312) 372-1947
Email: pcooper@lawrencekamin.com

**CLIFFORD LAW OFFICES**
Rober A. Clifford
Shannon M. McNulty
120 N LaSalle Street, 31st Floor
Chicago, IL 60602
Telephone: (312) 625-6192
Email: rac@cliffordlaw.com
Email: smm@cliffordlaw.com

**BLEICHMAR FONTI & AULD LLP**
By: */s/ Lesley E. Weaver*
Lesley E. Weaver
555 12th Street, Suite 1600
Oakland, CA 94607
Telephone: (415) 445-4003
email: lweaver@bflaw.com

**DICELLO LEVITT GUTZLER**
By: */s/ Amy E. Keller*
Amy E. Keller
10 North Dearborn Street, 6th floor
Chicago, IL 60602
Telephone: (312) 214-7300
Email: Akeller@dicellolevitt.com

*INTERIM COUNSEL OF RECORD FOR THE SETTLING PLAINTIFFS:*

Dated: September 8, 2020

**CARLSON LYNCH LLP**

By: */s/ Katrina Carroll*
Katrina Carroll
Kyle A. Shamberg
Nicholas R. Lange
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Telephone: (312) 750-1265
Email: kcarroll@carlsonlynch.com
Email: kshamberg@ carlsonlynch.com
Email: nlange@carlsonlynch.com

**FREED KANNER LONDON & MILLEN LLC**
Jonathan M. Jagher
Kimberly A. Justice
923 Fayette St.
Conshohocken, PA 19428
Tel.: (610) 234-6487
Fax: (224) 632-4521
Email: jjagher@fklmlaw.com
Email: kjustice@fklmlaw.com

9

**FREED KANNER LONDON &**
**MILLEN LLC**
Douglas A. Millen
Brian M. Hogan
2201 Waukegan Road, Suite 130
Bannockburn, Illinois 60015
Tel.: (224) 632-4500
Fax: (224) 632-4521
Email: dmillen@fklmlaw.com
Email: bhogan@fklmlaw.com

**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
Jennifer W. Sprengel
Daniel O. Herrera
Nickolas J. Hagman
150 S. Wacker, Suite 3000
Chicago, Illinois 60606
Telephone: 312-782-4880
Facsimile: 318-782-4485
Email: jsprengel@caffertyclobes.com
Email: dherrera@caffertyclobes.com
Email: nhagman@caffertyclobes.com

**SAUDER SCHELKOPF LLC**
Joseph G. Sauder
Joseph B. Kenney
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (610) 200-0580
Fax: (610) 421-1326
Email: jgs@sstriallawyers.com
Email: jbk@sstriallawyers.com

**GORDON LAW OFFICES, LTD.**
Richard R. Gordon
111 West Washington Street
Suite 1240
Chicago, Illinois 60602
Tel: (312) 332-5200
Fax: (312) 242-4966
Email: rrg@gordonlawchicago.com

**STEPHAN ZOURAS, LLP**
James B. Zouras
Ryan F. Stephan
Andrew C. Ficzko
Megan E. Shannon
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 f
Email: rstephan@stephanzouras.com
Email: jzouras@stephanzouras.com
Email: aficzko@stephanzouras.com
Email: mshannon@stephanzouras.com

**ERIK LANGELAND, P.C.**
Erik H. Langeland
(*pro hac vice* forthcoming)
733 Third Avenue, 15th Floor
New York, N.Y. 10017
Tel: (212) 354-6270
Email: elangeland@langelandlaw.com

**TOSTRUD LAW GROUP, P.C.**
Jon A. Tostrud
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Tel: (310) 278-2600
Email: jtostrud@tostrudlaw.com

**FEGAN SCOTT LLC**
Elizabeth A. Fegan
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Phone: 312.741.1019
Fax: 312.264.0100
Email: beth@feganscott.com

**FEGAN SCOTT LLC**
Melissa Ryan Clark
Jonathan D. Lindenfeld
140 Broadway, 46th Floor
New York, NY 10005
Phone: 332.216.2101
Fax: 917.725.9346
Email: melissa@feganscott.com
Email: jonathan@feganscott.com

11

**FOOTE, MIELKE, CHAVEZ
& O'NEIL, LLC**
Kathleen C. Chavez
Elizabeth C. Chavez
Robert Foote
10 W. State Street, Suite 200
Geneva, IL 60134
Tel. No.: (630) 232-7450
Fax No.: (630) 232-7452
Email: ecc@fmcolaw.com
Email: kcc@fmcolaw.com
Email: rmf@fmcolaw.com

**CONSUMER PROTECTION LEGAL, LLC**
Tiffany M. Yiatras
8235 Forsyth Boulevard, Suite 1100
Saint Louis, MO 63105-1643
Telephone: 314-541-0317
Email: tiffany@consumerprotectionlegal.com

**SCOTT+SCOTT**
Joseph P. Guglielmo
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile: 212-223-6334
Email: jguglielmo@scott-scott.com

**SUSMAN GODFREY L.L.P.**
Michael Gervais
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
Email: mgervais@susmangodfrey.com

**AHDOOT & WOLFSON, PC**
Tina Wolfson
10728 Lindbrook Drive
Los Angeles, CA 90024
Tel: (310) 474-9111
Fax: (310) 474-8585
Email: twolfson@ahdootwolfson.com

*INTERIM COUNSEL OF RECORD FOR PLAINTIFF A.J.:*

Dated: September 8, 2020                **COTCHETT, PITRE & McCARTHY LLP**

By: */s/ Mark C. Molumphy*
Mark C. Molumphy
Julia Peng
Tyson Redenbarger
Noorjahan Rahman
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email: mmolumphy@cpmlegal.com
Email: jpeng@cpmlegal.com
Email: tredenbarger@cpmlegal.com
Email: nrahman@cpmlegal.com

**BOTTINI & BOTTINI, INC.**

By: */s/ Albert Y. Chang*
Albert Y. Chang
Francis A. Bottini, Jr.
Yury A. Kolesnikov
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone: (858) 914-2001
Facsimile: (858) 914-2002
Email: fbottini@bottinilaw.com
Email: achang@bottinilaw.com
Email: ykolesnikov@bottinilaw.com

*INTERIM COUNSEL OF RECORD FOR OTHER PLAINTIFFS IN SUPPORT OF THE SETTLEMENT SCHEDULE:*

**GIRARD SHARP LLP**
Daniel Girard
Jordan Elias
Adam Polk
601 California Street, Suite 1400
San Francisco, CA, 94108
Tel: (415) 981-4800
Email: dgirard@girardsharp.com
Email: jelias@girardsharp.com
Email: apolk@girardsharp.com

**CHIMICLES SCHWARTZ KRINER & DONALDSON SMITH-LLP**
Benjamin F. Johns
Beena M. McDonald
361 W. Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633
Email: bfj@chimicles.com
Email: bmm@chimicles.com

**LAW OFFICE OF FRANCIS J. FLYNN, JR.**
Francis J. "Casey" Flynn, Jr.
3518A Arsenal Street
Saint Louis, Missouri 63118
Telephone: (314) 662-2836
Email: casey@lawofficeflynn.com

**ONDERLAW, LLC**
Lawana S. Wichmann
James G. Onder
110 E. Lockwood Ave, 2nd Floor
St. Louis, MO 63119
Telephone: (314) 963.9000
Facsimile: (314) 963-1700
Email: Wichmann@onderlaw.com
Email: Onder@onderlaw.com

*INTERIM COUNSEL OF RECORD FOR PLAINTIFF M.E.:*

Dated: September 8, 2020   **GIBBS LAW GROUP LLP**
By: */s/ Eric H. Gibbs*
Eric H. Gibbs
505 14th Street, Suite 111
Oakland, CA 94612
Telephone: (510) 350-9700
ehg@classlawgroup.com

14

*COUNSEL FOR DEFENDANTS BYTEDANCE INC. AND TIKTOK INC.:*

Dated: September 8, 2020    **WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
By: */s/ Anthony J Weibell*
Anthony J. Weibell
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: aweibell@wsgr.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 8, 2020, the foregoing document was filed electronically through the Court's Electronic Case Filing System. Service of this document is being made upon all counsel of record in this case by the Notice of Electronic Filing issued through the Court's Electronic Case Filing System on this date.

                                                                            */s/ Kara M. Wolke*
                                                                            Kara M. Wolke