# EXHIBIT 3

**From:** Ekwan E. Rhow <erhow@birdmarella.com>
**Sent:** Tuesday, August 11, 2020 10:25 PM
**To:** Weibell, Tony <aweibell@wsgr.com>
**Cc:** Katrina Carroll <kcarroll@carlsonlynch.com>; Megan E. Jones <mjones@hausfeld.com>
**Subject:** RE: Mediation

Tony:

I write in response to your August 6, 2020 and August 11, 2020 e-mails.

On July 14, 2020, Judge Lucy H. Koh issued an order under Rule 23(g) of the Federal Rules of Civil Procedure in which she appointed me as "Interim Lead Plaintiffs' Counsel and Chairperson of an Executive Committee" consisting of "Kara Wolke of Glancy, David Given of Phillips, Megan Jones of Hausfeld, and Amanda Klevorn of Burns." Judge Koh explicitly adopted the "leadership configuration and general oversight responsibilities" set forth in our motion, which made each of the Executive Committee members responsible to me, and gave me joint responsibility for their particular areas of oversight. That includes Ms. Jones's oversight of settlement. *See In re TikTok, Inc. Privacy Litig.*, 19-cv-07792, Doc. Nos. 64, 82. Judge Koh's Order remains in place and governs all parties and counsel in the Northern District of California, including you and your clients.

Despite your express invitation to the parties in the N.D. Cal. actions to attend the mediation, you

now demand that (1) I not attend the mediation and (2) Ms. Jones acknowledge and agree "that no one associated with Plaintiffs will disclose any confidential mediation communications or other confidential information from TikTok to any attorney or staff associated with the Bird Marella or Glancy law firms." These unilaterally-imposed conditions are in direct violation of Judge Koh's Order, which allow – and indeed require – Ms. Jones to communicate and coordinate with me. I have equal right and responsibility to attend the mediation under the Order, and to represent my clients and the class identified in the N.D. Cal. complaints. Your demands also impermissibly interfere with the attorney-client relationship by preventing open and candid discussions about the mediation between our clients and their chosen counsel of record, and as such require that we violate the rules of professional responsibility. This is unacceptable.

You already admitted that your clients have no actual evidence of a conflict, but only vague "feelings" motivating these demands. Nonetheless, without obligation to do so, I confirmed to you last week that I have no past, present or planned connections with Facebook, Instagram, Microsoft, President Trump or the ongoing governmental investigations. Nor do Bird Marella or Glancy, Prongay & Murray. Even though any such connections would not be a basis to disqualify our firms – and you have never sought or obtained such a disqualification order – I indicated our willingness to sign declarations attesting to the lack of such connections to supplement all the normal confidentiality protections that attach to mediation. We remain willing to do so.

Your attempt to personally select which plaintiffs' counsel attends the mediation is especially concerning given your repeated admissions to me and others that my presence would be useful to ensuring a comprehensive mediation that covers all existing and potential claims and remedies that the class may have. By barring my participation, in direct conflict with Judge Koh's Order, you are creating a fractured and incomplete mediation that unnecessarily and artificially shuts out our clients and their current claims, as well as additional contemplated ones. Your current insistence on my exclusion also could undermine any representation that may be made about the arms' length negotiation between plaintiff and defense counsel, which is essential for approval of a settlement.

Having invited the N.D. Cal. plaintiffs to participate in this mediation, you cannot now pick and choose which of their lawyers will attend or set conditions or restrictions on how information flows to their court-approved lead counsel. Moreover, because Judge Koh's Order expressly forbids any other law firms from working on the case "without prior approval of the Court," *see In re TikTok, Inc. Privacy Litig.*, 19-cv-07792, Doc. No. 82, you are unilaterally and effectively excluding the N.D. Cal. plaintiffs from participating by virtue of barring me and setting self-serving conditions on participation.

In the interest of protecting the integrity of the mediation, we ask you to reconsider your position. In the meantime, we reserve all rights and remedies arising from your unilateral conduct.

Sincerely,
Ekwan


**Ekwan E. Rhow**

Principal
O: 310.201.2100
F: 310.201.2110
E: erhow@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,**
**Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
www.BirdMarella.com

---

**From:** Weibell, Tony <aweibell@wsgr.com>
**Sent:** Tuesday, August 11, 2020 10:12 AM
**To:** Ekwan E. Rhow <erhow@birdmarella.com>
**Cc:** Katrina Carroll <kcarroll@carlsonlynch.com>; Megan E. Jones <mjones@hausfeld.com>
**Subject:** [EXTERNAL] RE: Mediation

Hi Ekwan, Megan, and Katrina,

(Apologies for the lengthy email.)

There has been no change since last week in the status of TikTok's position. TikTok welcomes the inclusion in the mediation of the consolidated plaintiffs from the ND Cal actions and their representation by Megan Jones, who was previously appointed by Judge Koh to serve as "Executive Committee Member with oversight of settlement, including mediation, motions for preliminary and final approval, addressing potential objections, and claims administration." But no confidential mediation communications or confidential information disclosed by TikTok as part of or as a result of the mediation or anticipated settlement may be shared with any attorney or staff associated with the Bird Marella or Glancy law firms. This means that TikTok does not agree to the presence of these two firms at the mediation.

We appreciate the assurances that have been provided that no ulterior interests in the form of undisclosed motives and/or undisclosed clients exists with respect to these firms, and we hoped that would be sufficient to alleviate the concerns and allow for these two firms to participate in the mediation. But given the unprecedented sensitivity of TikTok's current situation with the presidential executive order issued August 6, 2020 and the seemingly coordinated efforts between TikTok's competitors, potential acquirors, political adversaries, and the activities of these two firms, TikTok is not in a position to subject itself to further risk when the absent class members are more than adequately represented by Ms. Jones, Ms. Carroll, and all of the other counsel who will be representing plaintiffs in the mediation. TikTok does not object of course to these two firms providing whatever advice and information to their co-counsel they deem helpful to their negotiating position in advance of the mediation, including the briefs and other confidential information exchanged during the April 6, 2020 mediation.

**If Ms. Jones acknowledges and agrees to the limitation above in a written response to this email and agrees that no one associated with Plaintiffs will disclose any confidential mediation**

**communications or other confidential information from TikTok to any attorney or staff associated with the Bird Marella or Glancy law firms, then TikTok consents for Ms. Jones to receive the materials that have been exchanged to date and to participate at the mediation on behalf of any plaintiffs.**

The limitation applies only to the two firms named above, not to their clients. To the extent it has been suggested that TikTok does not have the right to choose with whom it will agree to mediate, that suggestion is untenable. This mediation is a private affair. TikTok has agreed with certain parties and the mediator to conduct a private, confidential mediation—TikTok does not have to privately mediate with any party or counsel to which it does not agree.

Notably, the Bird Marella and Glancy firms were repeatedly invited to participate in the mediation but refused on the grounds that no one could compel their inclusion. Not only did they refuse to agree to participate in this mediation, they repeatedly accused counsel who had worked to put the mediation together of breaching their professional and fiduciary duties (e.g., telling the court that "the hasty reverse auction Northern Illinois Counsel cooked up in an attempt to bolster their own leadership position is unlikely to serve the best interests of the class"), tortiously interfered with the parties' mediation agreement by contacting the mediator in an effort to disrupt the mediation, and sought to restrain other counsel and parties from participating in the mediation who would otherwise have done so. *Despite all of this, all counsel involved in the mediation were still willing to allow all plaintiffs' firms to participate in the mediation.* But due to recent events and concerns about potential ulterior interests that have resurfaced, TikTok has decided that the risks of allowing the Bird Marella and Glancy firms to participate (not their clients) outweigh the benefits, especially where an all-star cast of plaintiff firms is participating and can without doubt adequately represent the interests of the putative class.

Thanks,

Tony



# WILSON SONSINI

**Anthony J Weibell | Partner | Wilson Sonsini Goodrich & Rosati**
650 Page Mill Road | Palo Alto, CA 94304-1050 | direct: 650.354.4134 | aweibell@wsgr.com

---

**From:** Ekwan E. Rhow <erhow@birdmarella.com>
**Sent:** Tuesday, August 11, 2020 8:22 AM
**To:** Weibell, Tony <aweibell@wsgr.com>

**Cc:** Katrina Carroll <kcarroll@carlsonlynch.com>; Megan E. Jones <mjones@hausfeld.com>
**Subject:** Mediation

[External]
Tony - As we prepare for the upcoming mediation, we need to be able to have the entire plaintiff's group access the mediation materials from the prior mediation and the upcoming one. We are willing to waive the confidentiality requirement that attaches to those materials so that they can freely be shared among the group but need your consent as well. Please confirm that Tik Tok will consent to such disclosure so that we can be adequately prepared for our mediation on Thursday. Thanks.
Ekwan


This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.