UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK, INC., ) <br> CONSUMER PRIVACY ) <br> LITIGATION, ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> **This Document Relates to All Cases** ) | MDL No. 2948 <br><br> Master Docket No. 20 C 4699 <br><br> Judge John Z. Lee <br><br> Magistrate Judge Sunil R. Harjani |

### APPLICATION OF AMANDA K. KLEVORN FOR APPOINTMENT TO THE PLAINTIFFS' STEERING COMMITTEE AND NOMINATION OF EKWAN E. RHOW AND MEGAN JONES AS CO-LEAD COUNSEL, KARA WOLKE AND DAVID GIVEN AS MEMBERS OF THE PLAINTIFFS' STEERING COMMITTEE, AND SHANNON MCNULTY AS LIAISON COUNSEL

I, Amanda K. Klevorn, counsel for minor P.S., through her legal guardian Cherise Slate, and minor M.W., through her legal guardian Brenda Washington, respectfully submit this application for appointment to the Plaintiffs' Steering Committee and in support of Ekwan Rhow of Bird Marella Boxer Wolpert Nessim Drooks Lincenberg & Rhow, P.C. and Megan Jones of Hausfeld LLP as co-lead counsel; David Given of Phillips, Erlewine, Given & Carlin LLP, and Kara M. Wolke of Glancy Prongay & Murray LLP to the Plaintiffs' Steering Committee; and Shannon McNulty of Clifford Law Offices as liaison counsel (collectively, the "Litigating Plaintiffs").

**I.  I will make a strong addition to the Plaintiffs' Steering Committee because of my significant plaintiff-side complex litigation experience and my work on this case to date.**

I am applying to be appointed as a member of the Plaintiffs' Steering Committee ("PSC") with a focus on the following responsibilities: oversight of research, pleadings, and motions.[1] I have represented plaintiffs in complex litigation since I was admitted to the Louisiana bar in 2013. In the

---

[1] Mr. Rhow's leadership application suggests specific roles for each PSC position, but the members of the Litigating Plaintiffs' proposed leadership structure are amenable to whatever division of work and responsibilities the Court feels is most efficient and appropriate.

last seven years, I amassed significant experience in nationwide class actions and multi-district litigation in a variety of practice areas, including antitrust, products liability, environmental, and data breaches. I was recognized as a Louisiana Super Lawyer Rising Star in 2019 and 2020 and recently by the Best Lawyers In America publication as "One to Watch" for 2021. Details about my experience as well as my Burns Charest LLP colleagues' relevant experience are set forth in my Declaration, attached to this application.

I currently serve on two plaintiff steering committees: 1) *In re: Gilead Tenofovir Cases*, CJC-19-005043, JCCP No. 5043, Superior Court for the State of California, County of San Francisco; and 2) *In re Imerys Talc America, Inc. et al.*, Case No. 19-10289-LSS, U.S. Bankruptcy Court for the District of Delaware.[2] I am also Class Counsel in *Scola, et al. v Facebook Inc.*, Superior Court for the State of California, County of San Mateo. I do not anticipate that my participation on these two committees or as class counsel will in any way hinder my ability to commit the time and resources necessary to this litigation.

In addition to my current leadership appointments, my prior experience is directly relevant to the responsibilities I seek to undertake on behalf of the class in this case, including oversight of motion practice and discovery. For example, my law firm serves on the Executive Committee in *In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*,[3] and I have been involved in every aspect of the litigation to date, including serving as the lead brief writer on *Daubert* briefs and leading several challenges related to the defendants' attorney-client privilege and work product claims. Likewise, my law firm serves as Co-Lead Counsel in *In re: Epipen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation*,[4] where I have engaged in

---

[2] Further information about my work on these committees is set forth in my Declaration.
[3] 3:16-md-02738-FLW-LHG, U.S. District Court for the District of New Jersey.
[4] 2:17-md-02785-DDC-TJJ, U.S. District Court for the District of Kansas.

extensive motion practice on class certification briefing and attorney-client privilege and work product issues.

My law firm and our co-counsel at Hausfeld LLP filed the first class action complaint making BIPA claims on behalf of an Illinois class in the Northern District of California on April 30, 2020.[5] Prior to the filing of the complaint, I personally, along with my colleagues at Burns Charest and our co-counsel, expended a significant amount of time and resources identifying and investigating potential claims. We researched the case for months before filing, and our work included identifying and reviewing publicly available sources concerning the TikTok app technology, reviewing client documents, and researching legal issues pertinent to the prosecution of the case, including, but not limited to, potential causes of action, standing, and arbitration. I am committed to and passionate about this case.

Finally, both myself and my colleagues at Burns Charest pride ourselves on our ability to work well with co-counsel as well as defense counsel to avoid unnecessary disputes and resolve legitimate disputes as efficiently and amicably as possible. I am confident that the attorneys we have worked with both in past and current cases would speak to our professionalism and the spirit of cooperation we bring to the table at all times.

II. **The Litigating Plaintiffs' proposed leadership structure is diverse, promotes efficiency, and best protects the interests of the class.**

The full leadership structure proposed by the Litigating Plaintiffs in Mr. Rhow's application brings together a diverse group of younger attorneys (like myself) and more seasoned attorneys with substantial trial experience; attorneys who have represented both plaintiffs and defendants in class actions; attorneys who have performed substantial work developing this case factually and legally; and attorneys responsible for achieving some of the largest class action recoveries, and defending

---

[5] *P.S., et al. v. TikTok, Inc., et al.*, No. 3:20-cv-2992 (N.D. Cal.).

companies exposed to some of the largest potential liabilities, in complex, document-intensive, and high-profile class actions, including data breach and privacy cases. The Litigating Plaintiffs' proposal leaves open two PSC spots in recognition of the fact that there are other applicants who can contribute a diversity of experience and knowledge to the case.

The Litigating Plaintiffs' proposed leadership structure also promotes efficiency by carving out areas of focus for each member. While there will certainly be circumstances where PSC members are called upon to assist outside of their respective "realms," providing clearly delineated roles at the outset of the litigation cuts down on unnecessary, duplicative work and billing. Finally, the proposed leadership structure protects the interests of the class by ensuring that the attorneys who have committed the most time and resources developing and litigating the case and who have acquired the most knowledge about the case as a result have oversight of the ongoing litigation and any potential settlement negotiations.

III. **The Litigating Plaintiffs' proposed leadership structure satisfies the Court's three-factor leadership test.**

The attorneys included in the Litigating Plaintiffs' proposed leadership structure have a well-documented commitment to this litigation, set forth in detail in Mr. Rhow's application, and are willing and available to continue to carry it forward. We filed the first complaints and have collectively—by far—invested the most time and resources investigating and litigating the case. Our ability to work cooperatively is illustrated by the fact that our firms voluntarily joined forces early in this litigation to work together on behalf of the class. We also invited counsel for the Settling Plaintiffs' group to serve as co-lead counsel along with Mr. Rhow and suggested that an equal number of PSC positions go to counsel firms representing the Settling Plaintiffs as to firms representing Litigating Plaintiffs. Settling Plaintiffs rejected that offer, yet we have still left two PSC positions open on our proposed slate to be filled by talented attorneys outside of the Litigating Plaintiffs' group. Finally, all of the attorneys included in the Litigating Plaintiffs' proposed leadership

structure possess a wealth of relevant personal experience that will benefit the class. Their experience is set forth in their respective applications, and my experience is set forth above and in my attached Declaration.

Respectfully submitted,

Dated: September 8, 2020 **BURNS CHAREST LLP**

By: /s/ Amanda K. Klevorn
Amanda K. Klevorn
365 Canal Street, Suite 1170
Telephone: (504) 799-2845
Email: aklevorn@burnscharest.com

*MDL Interim Counsel Attorneys for Plaintiffs minor P.S., through her legal guardian Cherise Slate, and minor M.W., through her legal guardian Brenda Washington*

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2020, the foregoing document was filed electronically through the Court's Electronic Case Filing System. Service of this document is being made upon all counsel of record in this case by the Notice of Electronic Filing issued through the Court's Electronic Case Filing System on this date.

/s/ Amanda K. Klevorn
Amanda K. Klevorn