**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: TIKTOK, INC.,** **CONSUMER PRIVACY** **LITIGATION** | **MDL No. 2948** **Master Docket No. 20-cv-4699** **Judge John Z. Lee** **Magistrate Judge Sunil R. Harjani** |
| **This Document Relates to All Cases** | |

**DECLARATION OF DANIEL C. GIRARD IN SUPPORT OF**
**APPLICATION OF D.M. PLAINTIFFS FOR APPOINTMENT OF GIRARD SHARP LLP**
**TO PLAINTIFFS' STEERING COMMITTEE**

I, Daniel C. Girard, declare as follows:

1.      I am the founder and managing partner of Girard Sharp LLP, counsel for the D.M. Plaintiffs in the above-captioned multidistrict litigation.  I submit this declaration in support of the Application of D.M. Plaintiffs for Appointment of Girard Sharp to Plaintiffs' Steering Committee.  I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto.

2.      On May 8, 2020, my firm filed a class action in the Northern District of California alleging that Defendants TikTok Inc. and ByteDance Inc. obtained and stored users' biometric identifiers without adequate informed consent in violation of the Illinois Biometric Information Privacy Act, or BIPA.  *See D.M. et al. v. TikTok, Inc. et al.*, No. 20-03185 (N.D. Cal.).  Girard Sharp is counsel of record for the D.M. Plaintiffs: D.M and A.M., minors, by and through their guardian Porchia Heidelberg, A.O, a minor, by and through his guardian Jasmin Beverley, and M.P., a minor, by and through her guardian Requeenis Gilder.

3.      Girard Sharp respectfully seeks appointment on the Steering Committee, or in such other capacity as the Court may order.

**Background of This Litigation and Girard Sharp's Involvement to Date**

4.      Before filing the D.M. Plaintiffs' action, Girard Sharp investigated the facts surrounding TikTok's collection and storage of facial geometry data from app users, including minors.  Girard Sharp lawyers also analyzed TikTok's privacy policies, arbitration provision, and putative contract formation process (as it evolved over time) and interviewed numerous class members.

5.      Girard Sharp has consulted, among other experts, an expert on the acquisition and storage of biometric data.  These consultations have shown how readily companies like TikTok

can collect biometric data without the user's awareness and the implications for consumers of the capture of their biometric data, including exposure to the predations of cyber criminals. Girard Sharp has also consulted an expert in "dark patterns"—elements of design or decision flow intended to coerce users of websites and smartphone apps—in anticipation of opposing any motion by Defendants to compel arbitration.

6. Girard Sharp has continuously participated in case activities in this litigation, including before the JPML. *See* MDL No. 2948, ECF No. 33. Girard Sharp has maintained an open communication channel and had continuing dialogue with all counsel in the global litigation. Girard Sharp has shown the ability to work cooperatively with other counsel in many previous class cases.

7. Girard Sharp elected not to participate in the mediation that took place on August 13, given the pending briefing on leadership appointments in the related Northern District of California litigation. Participation in that mediation was open to all counsel at the invitation of Northern District of Illinois counsel.

### Girard Sharp's Relevant Experience

8. Girard Sharp has served in the leadership of many challenging MDLs and successfully resolved dozens of class cases, often bridging the gap between multiple stakeholders with divergent interests. We have represented numerous classes in complex settlement dynamics and ensured that any settlement presented for court approval was fair, adequate, and reasonable.

9. Girard Sharp has repeatedly been appointed to leadership positions by federal and state courts in a variety of substantive legal contexts. Attached as **Exhibit A** is the firm's resume, which provides further information about the firm's relevant experience.

10.     I lead the team working on this case.  I founded Girard Sharp in 1995 and have led the firm since then, serving as lead or co-lead counsel in numerous cases.  I have specialized in class actions since 1988 and have litigated many consumer class actions throughout over 30 years of advocacy for plaintiffs.

11.     In 2015, Chief Justice Roberts appointed me to the Standing Committee on Rules of Practice and Procedure, and in 2018 appointed me to a second term.  I also served on the United States Judicial Conference Advisory Committee on Civil Rules from 2004 to 2010, after Chief Justice Rehnquist appointed me to that committee.  I am a member of the Council of the American Law Institute, currently serving as Chair of Audit Committee, a member of the Consultative Group for the Principles of the Law, Data Privacy project, and an adviser to the Reporters responsible for the Restatement of the Law of Torts, Third: Remedies.  I am a Life Fellow of the American Bar Foundation, and I served on the Advisory Board of the Institute for the Advancement of the American Legal System from 2007 to 2016.

12.     Some of Girard Sharp's representative cases, including in this district, are:

- *Billitteri v. Securities Am., Inc.*, No. 3:09-cv-01568-F (N.D. Tex.).  Girard Sharp served as lead counsel in an action brought by investors in a failed investment scheme who asserted claims under Texas state securities laws.  Girard Sharp coordinated settlement negotiations with bankruptcy trustees and competing plaintiff groups, securing a global $150 million settlement. In approving the settlement, U.S. District Judge W. Royal Furgeson wrote: "Class counsel in this case possess great competence and experience, and the result reached in this case perfectly exemplifies their abilities.  The Court has been extremely impressed with the conduct, skill, and accomplishment of class counsel throughout this litigation."  2011 WL 3585983, at *8 (N.D. Tex. Aug. 4, 2011).

- *Prather v. Wells Fargo Bank, N.A.*, No. 1:17-cv-00481 (N.D. Ill.).  Girard Sharp served as co-lead counsel in recent litigation against Wells Fargo under the Telephone Consumer Protection Act.  With a sharply contested class certification motion pending in the firm's Northern District of California case, *Pieterson v. Wells Fargo Bank*, No. 3:17-cv-02306, Wells Fargo announced a settlement in *Prather v. Wells Fargo Bank, N.A.*, No. 1:17-cv-00481, a related case pending in this district.  Girard Sharp then worked with all

3

plaintiffs' counsel to reach a global settlement for $17.85 million providing for recoveries of over $400 per claimant for consumers who received unsolicited robocalls from Wells Fargo. On December 10, 2019, the Honorable Manish S. Shah granted final approval, finding that Girard Sharp and its co-counsel were "well-informed" and "improved the settlement" in connection with the transfer of their companion case from California federal court, resulting in a "global settlement that resolves multiple putative class actions" and "provides meaningful relief" and a "substantial amount of money for claimants." *Prather*, ECF No. 131. The Seventh Circuit granted the plaintiffs' motion to dismiss a settlement objector's appeal. No. 20-1080 (7th Cir. Feb. 25, 2020).

- *In re USC Student Health Center Litigation*, No. 2:18-cv-04258-SVW (C.D. Cal.). Girard Sharp is interim co-lead counsel in an action brought by women alleging Dr. George Tyndall sexually assaulted them and that USC and the Board of Trustees of USC failed to respond appropriately to Dr. Tyndall's misconduct. Along with co-lead counsel, Girard Sharp negotiated a settlement that would create a $215 million fund and require USC to adopt and implement procedures to identify and prevent sexual misconduct. The Court finally approved the settlement on February 25, 2020.

- *In re Target Corp. Customer Data Sec. Breach Litig.*, MDL No. 2522 (D. Minn. Nov. 17, 2015). As a member of the Plaintiffs' Executive Committee in the Target data breach litigation, Girard Sharp was instrumental in defending the consumer class action settlement against a vigorous objection. *See* 2015 WL 7253765 (D. Minn. Nov. 17, 2015), *rev'd & remanded*, 855 F.3d 913 (8th Cir. 2017), *on remand*, 2017 WL 2178306 (D. Minn. May 17, 2017), *aff'd*, 892 F.3d 968 (8th Cir. 2018).

- *Paeste v. Government of Guam*, No. 1:11-cv-00008 (D. Guam). Girard Sharp obtained a permanent injunction against the government of Guam requiring the timely payment of refunds of the Guam Territorial Income Tax. The plaintiffs challenged the government's refund program, pursuant to 42 U.S.C. § 1983, as a violation of equal protection and asserted claims under the Organic Act of Guam. The Ninth Circuit affirmed the district court's orders, rejecting Guam's sovereign immunity and subject matter jurisdiction arguments. 798 F.3d 1228, 1234 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 2508 (2016).

- *Corona v. Sony Pictures Entertainment, Inc.*, No. 2:14-cv-09600-RGK (C.D. Cal.). Girard Sharp was co-lead counsel for current and former Sony Pictures Entertainment employees whose sensitive personal and financial information was compromised and publicly disclosed as a result of a cyberattack attributed to North Korea. The court largely denied Sony's motion to dismiss. 2015 WL 3916744 (C.D. Cal. June 15, 2015). Girard Sharp then played a leadership role in negotiating a class settlement that provided a model for future data breach settlements, securing: (1) a substantial non-reversionary fund; (2)

the defendant's implementation of more robust data security defenses; and (3) extended identity theft protection services for breach victims.

- *In re American Express Financial Advisors Securities Litigation*, No. 04-cv-01773-DAB (S.D.N.Y.). Girard Sharp served as co-lead counsel on behalf of individuals who bought financial plans and invested in mutual funds from American Express Financial Advisors. The case alleged that American Express steered its clients into underperforming "shelf space funds" to reap kickbacks and other financial benefits. The court granted final approval of a settlement providing $100 million in cash and other relief.

- *In re Peregrine Financial Group Litigation*, No. 12-cv-5546 (N.D. Ill.). Working in this district, Girard Sharp served as co-lead counsel in litigation that generated over $60 million in recoveries from U.S. Bank and JPMorgan Chase & Co. for futures and commodities investors.

- *In re H&R Block Express IRA Litig.*, MDL No. 1786, No. 4:06-md-1786 (W.D. Mo.). Girard Sharp served as co-lead counsel on behalf of consumers who invested in H&R Block retirement accounts and were assessed inadequately disclosed fees. The case, which involved claims under the Missouri Securities Act of 2003, Missouri's Merchandising Practices Act, and state common law, settled in coordination with an action by the New York Attorney General. The $19.5 million settlement fund provided consumers full refunds of all fee payments with interest.

- *In re High-Tech Employee Antitrust Litig.*, No. 11-CV-02509-LHK (N.D. Cal.). I represented a class representative who objected to a proposed $325 million class action settlement. The court sustained the objection, denying preliminary approval, No. 11-CV-02509-LHK, 2014 WL 3917126 (N.D. Cal. Aug. 8, 2014), and later approved a revised settlement for $415 million, 2015 WL 12991307 (N.D. Cal. Mar. 3, 2015).

- *In re Lehman Brothers Holdings Securities & ERISA Litigation*, No. 09-MD-2017 (S.D.N.Y.). I was appointed to the executive committee charged with managing MDL proceedings arising out of the collapse of Lehman Brothers Holdings, Inc., the largest bankruptcy in American history. Girard Sharp also served as class counsel for a certified class of retail investors in Lehman-issued principal protection notes sold by UBS Financial Services, Inc. The *Lehman* litigation yielded recoveries of $735 million.

- *In re U.S. Office of Personnel Management Data Security Breach Litigation*, No. 15-mc-1394 (D.D.C.). I am sole lead counsel for the 21.5 million federal government employees whose private information was hacked and taken from U.S. Office of Personnel Management databases. The claims against the government arise under the Privacy Act,

5 U.S.C. § 552a, which—like BIPA—provides for statutory damages. 5 U.S.C. § 552a(g)(4)(A). After the district court dismissed the class claims on standing and immunity grounds, Girard Sharp coordinated a team effort among plaintiffs' counsel that led to a complete reinstatement of the claims. *In re U.S. Office of Pers. Mgt. Data Sec. Breach Litig.*, 928 F.3d 42 (D.C. Cir. 2019).

- *In re Yahoo! Mail Litigation*, No. 5:13-cv-4980-LHK (N.D. Cal.). Girard Sharp served as co-lead counsel for a class of non-Yahoo Mail subscribers who alleged that Yahoo illegally intercepted their e-mails to Yahoo Mail subscribers, extracting and using the content in violation of state and federal data privacy laws. This court granted the plaintiffs' motion for class certification, 308 F.R.D. 577 (N.D. Cal. 2015), and following cross-motions for summary judgment the matter was successfully resolved.

- *In re Lenovo Adware Litigation*, MDL No. 2624 (N.D. Cal.). Girard Sharp is co-lead counsel for a class of computer purchasers whose online activities were surreptitiously monitored by pre-installed software. The undisclosed spyware degraded the computers' performance, operating continuously in the background as it analyzed browsing activity and injected ads into visited webpages. The court certified a nationwide indirect purchaser class for trial on privacy claims. 2016 WL 6277245 (N.D. Cal. Oct. 27, 2016). After the defendants agreed to a non-reversionary cash settlement, Girard Sharp designed a claims procedure that allowed each participating class member to choose between (1) completing a short online claim form to receive an estimated $40 cash payment for every purchased computer, or (2) submitting receipts or other documentation to recover sums actually expended as a result of the spyware being on the computer, up to $750. The court granted final approval of the settlement, *see* 2019 WL 1791420 (N.D. Cal. Apr. 24, 2019), and Girard Sharp continues to supervise distribution of the fund.

13. Girard Sharp has the necessary resources to represent the proposed class in this action, whether through settlement, trial or appeal. For example, in *Skold v. Intel Corp.*, No. 1-05-CV-039231 (Cal. Super. Ct., Santa Clara Cty.). Girard Sharp represented Intel consumers through a decade of hard-fought litigation, ultimately certifying a nationwide class under an innovative "price inflation" theory and negotiating a settlement that provided refunds and $4 million in cy pres donations. In approving the settlement, the court wrote: "It is abundantly clear that Class Counsel invested an incredible amount of time and costs in a case which lasted

6

approximately 10 years with no guarantee that they would prevail. . . . Simply put, Class Counsel earned their fees in this case."

14.     Girard Sharp is fully prepared to commit whatever time and resources are needed to achieve the best possible outcome for the class in this case.  The firm is self-funded and does not rely on litigation finance.

15.     The attorneys assigned to this matter at my firm are, in addition to the undersigned, Jordan Elias and Adam E. Polk.  As relevant here, Mr. Elias published a well-received article on privacy topics, *Course Correction—Data Breach as Invasion of Privacy*, 69 Baylor L. Rev. 574 (2018), and took the lead in the briefing to the full Third Circuit in the landmark contested antitrust class action settlement with the De Beers diamond cartel.  *See Sullivan v. DB Invs., Inc.,* 667 F.3d 273 (3d Cir. 2011) (en banc).  Mr. Polk currently heads the ABA's Class Actions and Derivative Suits Committee and serves as co-lead counsel in *In re Subaru Battery Drain Product Liability Litigation*, No. 20-3095 (D.N.J.).  The experience and qualifications of each member of our team are described more fully in the firm resume attached hereto as **Exhibit A**.

*   *   *

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on September 8, 2020.

/s/ *Daniel C. Girard*
Daniel C. Girard