**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: TIKTOK, INC., ) | |
| CONSUMER PRIVACY ) | MDL No. 2948 |
| LITIGATION ) | |
| ) | Master Docket No. 20 C 4699 |
| ) | |
| ) | Judge John Z. Lee |
| ) | |
| ) | Magistrate Judge Sunil R. Harjani |
| This Document Relates to All Cases ) | |

**DAVID M. GIVEN'S APPLICATION FOR PLAINTIFFS' STEERING COMMITTEE; NOMINATION OF EKWAN RHOW AND MEGAN JONES AS CO-LEAD COUNSEL, KARA WOLKE AND AMANDA KLEVORN TO PLAINTIFFS' STEERING COMMITTEE, AND SHANNON MCNULTY AS PLAINTIFFS' LIAISON COUNSEL**

### I. INTRODUCTION

In accordance with the Court's orders on the subject, the "Litigating Plaintiffs" (as that term is used elsewhere) have together nominated a diverse slate of attorneys to serve in designated roles as Co-Lead Counsel and as members of Plaintiffs' Steering Committee. The undersigned supports that slate in its entirety, incorporates those other applications by reference and, for the reasons set forth there, respectfully submits that the structure, attorneys, and roles proposed will best serve the interests of the putative nationwide class of users of the TikTok app.

By this separate filing, the undersigned applies for a position as a member of Plaintiffs' Steering Committee. The undersigned is ready, willing and able to assume that role and stands committed to the **adequate and zealous prosecution** of this matter. He respectfully submits that he is uniquely qualified to serve given his background and experience in the business sectors in which Defendants operate as well as his previous class action leadership experience in the data privacy space. See attached declaration ("Given Decl."), at ¶ 3.

II. **THE UNDERSIGNED IS WILLING AND ABLE TO COMMIT TO THIS CASE; HE CAN AND WILL WORK COOPERATIVELY WITH OTHERS; AND HE HAS SPECIALIZED EXPERTISE IN THIS TYPE OF LITIGATION AND IN THE BUSINESS SECTORS IN WHICH DEFENDANTS OPERATE**

Courts evaluating interim counsel appointments do so utilizing the Rule 23(g)(1)(A) factors. This Court has emphasized the following three factors for that evaluation in this case: "(a) counsel's willingness and availability to commit to a time-consuming project; (b) counsel's ability to work cooperatively with others; and (c) counsel's professional experience in this type of litigation, including any prior appointments as lead counsel or liaison counsel in multi-party litigation." See ECF No. 3, at ¶ 11(a). The Litigating Plaintiffs' two Co-Lead applications collectively address the first two factors. See also Given Decl. at ¶¶ 14-23.

As for the last factor, the undersigned has a demonstrated background and experience particularly well-suited to representing the putative class in this case. **First**, unique among the many excellent class action attorneys seeking a leadership position in this case, the undersigned has decades-long business sector experience specific to the entertainment, media, technology and venture space, as both a litigator and as a transactional attorney, with pertinent subject-matter expertise. See Given Decl. at ¶¶ 5-6 & Ex. 1. This experience gives the undersigned a valuable perspective on the inner workings of the industries in which defendants in this case operate. Id.

**Second**, the undersigned served as co-lead counsel and litigated the first data privacy class case involving the uploading of private personally-identifiable data via personal device applications. See Given Decl. at ¶¶ 7-11 & Ex. 2. The undersigned spent five years in litigation in that case against Apple and many of the top app developers in Silicon Valley, deeply immersed in the technical aspects of the apps in issue. Id. at ¶ 9. The case resulted in several decisions, some published in the official reports, including the first successful contested class certification motion (against app developer Path and Apple) in a case like the one here. Id. at ¶ 10. The settlement in that case ranks

as one of the best of its kind on record in a data privacy class case in which statutory damages were lacking.  Id. at ¶ 11.

**Third**, the undersigned has significant experience reviewing and analyzing the technology at issue in the case before the Court. See Given Decl. at ¶¶ 14-22. This case does not concern an unintentional data breach. There, matters of data security predominate. This case concerns the **intentional acquisition of data** and the use to which that data is put by the app developer and its corporate affiliates. Here, matters of technical specification in the app's source code programming and functionality, use of the app by the consumer (as dictated by the app's operation as well as its terms of use), data flow and data repurposing, and intra-company structure and internal IT organization predominate. In this, the undersigned's experience is spot-on.

## CONCLUSION

For these reasons, the undersigned respectfully requests that the Court appoint him as a member of Plaintiffs' Steering Committee.

Respectfully submitted,

DATED:  September 8, 2020      **PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP**

*/s/ David M. Given*
David M. Given
39 Mesa Street, Suite 201, The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900
Email: dmg@phillaw.com

MDL Interim Counsel
Attorneys for Plaintiffs Meghan Smith, minors C.W. and I.W., through their mother and legal guardian Mikhaila Woodall, and minor R.P., through her mother and legal guardian Lynn Pavalon

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2020, the foregoing document was filed electronically through the Court's Electronic Case Filing System. Service of this document is being made upon all counsel of record in this case by the Notice of Electronic Filing issues through the Court's Electronic Case Filing System on this date.

/s/ *David M. Given*
David M. Given