EXHIBIT 1

9/8/2020

Phillips, Erlewine, Given & Carlin LLP - Clients and Representative Industries

**MESSAGE REGARDING FIRM OPERATIONS DURING COVID PANDEMIC**



# Phillips, Erlewine, Given & Carlin LLP

San Francisco @ 415-398-0900

Los Angeles @ 310-436-0900

home   practice   attorneys   news   investigations

clients   contact

# representative clients & industries

## Media & Entertainment

- recording artists & song writers

- music producers & production companies

- authors, writers, & other literary artists

- painters, graphic designers, & other visual artists

- motion picture studios & production companies

## Business & Finance

- executives

- venture capitalists

- creditors & debtors

- investors & shareholders

- contractors

- employers & aggrieved employees

## High-tech

- journalists
- actors & filmmakers
- <mark>internet marketers & advertisers</mark>
- independent record labels
- talent agents
- literary & music publishers
- licensees & licensors of rights in creative works

## Insurance

- claimants & patients
- hospitals & administrators
- "first-party" insureds

- semiconductor designers & fabricators
- <mark>mobile application developers</mark>
- <mark>tech start-ups & entrepreneurs</mark>
- <mark>patent applicants</mark>
- "smartphone" owners
- video game developers & publishers

---

39 Mesa Street, Suite 201
The Presidio
San Francisco, CA 94129

1925 Century Park East
Suite 2100
Los Angeles, CA 90067

©2020 Phillips, Erlewine, Given & Carlin LLP
Privacy Policy & Disclaimer

✕

### MESSAGE REGARDING FIRM OPERATIONS DURING COVID PANDEMIC



# Phillips, Erlewine, Given & Carlin LLP

San Francisco @ 415-398-0900

Los Angeles @ 310-436-0900

## home   practice   attorneys   news   investigations

## clients   contact



dmg@phillaw.com

**EDUCATION**

- A.B.
  (French),
  College of
  Arts and
  Sciences,

# DAVID M. GIVEN

**David is the managing partner and general counsel as well as a co-founder of the firm. He began his career with the esteemed New York trial attorney** Louis Nizer. **His current practice spans both commercial and class action litigation as well as transactional matters, the latter with a special emphasis on entertainment, technology and intellectual property law.**

David has served in several leadership roles in connection with complex class action litigation. From 2009 to 2015, he and the firm served as co-team leader and class counsel in three class actions involving the overdraft fee practices of three national banks, resulting in

**IN THE NEWS**

**Court appoints firm partner to leadership role in TikTok privacy class action**

**Firm joins class action over data**

Cornell University

- J.D., School of Law, University of Virginia

**PROFESSIONAL AFFILIATIONS**

- State Bar of California

- State Bar of New York

- American Bar Association
  - Section on Litigation
  - Section on Intellectual Property
  - Forum on Entertainment & Sports Industries (Chair, 2000-02)

- Bar Association of San Francisco
  - Entertainment and Sports Law Section (Chair, 1997-99)

cumulative settlements of over $430 million on behalf of those banks' customers. In 2012, David was appointed co-lead counsel by two different federal district court judges in class actions involving major record labels' treatment of digital download income in their accounting to recording artists and other royalty participants; settlements in those cases totaled $23 million and included significant prospective relief in the form of an ongoing royalty adjustment for class members. And he and the firm served, following their appointment by Federal District Court Judge Jon S. Tigar, as co-lead counsel in class action litigation against Apple and 12 of the nation's major application developers over the alleged surreptitious harvesting of consumers' contact information from their iDevices; in March 2018, Judge Tigar approved a $5.3 million class settlement in the case.

David has a wide-ranging entertainment and music law practice, encompassing both litigation and transactional work.  Over the years, David's clients have included many mainstays of the Bay Area music, film and video game industries. For over a decade, David represented various entities associated with filmmaker George Lucas, including Lucasfilm Ltd. and its related video game company, LucasArts, in a variety of transactional and litigation matters. His experience in both transactional and litigation matters also spans all areas of the music industry; this includes representing leaving band members from platinum and multi-platinum acts as well as representing spouses in several high-profile rock-and-roll divorces, all of which has given him a unique perspective on intra-band dynamics and management.

privacy against TikTok

Appellate court reverses trial court, awards client costs and attorneys' fees

Firm files class action against Lucky Devils Band for Talent Agencies Act violations

Firm moves to certify class of restaurant workers in Charlie Palmer case

Case against makers of

- International Association of Entertainment Lawyers

**PUBLISHED DECISIONS**

*Samsky v. State Farm*, 37 Cal.App.5th 517 (2019)

*Smith v. AMC Networks*, 129 U.S.P.Q.2d 1366 (N.D. Cal. 2019)

*Opperman v. Path*, 205 F.Supp.3d 1064 (N.D. Cal. 2016)

*One Media IP Ltd. v. S.A.A.R. SrL,* 122 F.Supp.3d 705 (M.D. Tenn. 2015)

*Opperman v. Path,* 84 F.Supp.3d 962 (N.D. Cal. 2015)

*Stewart v. Screen-Gems-EMI Music,* 81 F.Supp.3d 938 (N.D. Cal. 2015)

More recently, David has been called upon to counsel and advise individuals and estates on the disposition of their creative property (i.e., songs, recordings, literary material, visual art, etc.) and royalty interests, including on the subject of copyright reversion.  In 2018, he counseled long-time clients, rights-holders of both the hit song and recording "Spirit in the Sky," in the sale of those rights to Concord Music.  He has given advice to numerous creative artists and estates of those artists on reclaiming rights under the copyright termination provisions of the federal Copyright Act.  Among other engagements, David represented a majority of legendary musician Jerry Garcia's heirs, and played a central role in the creation of the Jerry Garcia Estate LLC, which held and managed Jerry's creative works as well as his name and likeness rights following the close of his estate.  And he continues as legal counsel and advisor to Caged Bird Legacy, the successor to the rights and entitlements in the works of literary and civil rights icon Dr. Maya Angelou.

For a two-year term, David served as chairman of the American Bar Association's Forum on the Entertainment and Sports Industries. He has been a panelist and featured speaker at numerous entertainment, technology and video game industry events. In 2007, he co-chaired with Microsoft's lead in-house copyright attorney the LSI-sponsored Entertainment Technology Law Summit in Seattle. That same year, the American Bar Association chose him to present its annual Presidential Showcase Program, "Privacy, Copyright and Parental Control in the Age of YouTube, MySpace and Beyond." For over a dozen years, he was a featured speaker at the South by Southwest Interactive/Music Conference in Austin, Texas, on topics ranging from recent developments

**FEAR THE WALKING DEAD resolved**

**Firm launches copyright / trademark case for DEAD KENNEDYS**

**Firm closes "Spirit in the Sky" sale**

**Firm guides music publisher in sale of song rights**

**Court rejects NRA's attempt to halt discovery in copyright dispute**

*In re Checking Account Overdraft Lit.*, MDL No. 2036, 674 F.3d 1252 (11th Cir. 2012)

*USA Technologies, Inc. v. Doe*, 713 F.Supp.2d 901 (N.D. Cal. 2010)

*Newton v. Diamond*, 388 F.3d 1189 (9th Cir. 2004)

*Mendler v. Winterland Production, Ltd.*, 207 F.3d 1119 (9th Cir. 2000)

*Dead Kennedys v. Biafra*, 37 F.Supp.2d 1151 and 46 F.Supp.2d 1028 (N.D. Cal. 1999)

*Systems XIX, Inc. v. Parker*, 30 F.Supp.2d 1225 (N.D. Cal. 1998)

*Ahern v. Scholz*, 85 F.3d 774 (1st Cir. 1996)

*Smith v. BIC Corp.*, 869 F.2d 194 (3rd

in music industry litigation to the future of cloud computing.

For four consecutive spring semesters, David lectured in law at the University of California at Berkeley, School of Law (Boalt Hall), where he helped develop and implement the core curriculum for the school's entertainment law class. David has also guest lectured at the law schools of the University of San Francisco, Pepperdine and Stanford University, among others.

For 14 years David served on the board of trustees (including as vice-chairman and chairman) of the Blue Bear School of Music in San Francisco. A highlight of his career remains interviewing the inestimable Frank Zappa at his home studio in Los Angeles for a special issue of the *Entertainment and Sports Lawyer* on art and censorship.

**REPRESENTATIVE MATTERS**

Anonymous v. Anonymous. Settlement of just under $9 million in a "Me Too" sexual harassment case. The client was a foreign national working for a foreign subsidiary of an American company. Her supervisor, who was a foreign national but also in the worldwide leadership group of the company, harassed the client for months, forcing her into a sexual relationship, and attempting to get her to provide sexual favors to others to obtain business for the company. The case presented complex issues of foreign, U.S. and international law. It settled confidentially in late 2019 after a two-day mediation and before the filing of a lawsuit.

**Firm partner honored for service at ABA event**

**Partner to speak at Bar Association event**

**Firm files copyright infringement case over FEAR THE WALKING DEAD**

**Firm files copyright infringement case for renowned sculptor against NRA**

**Panel agrees with firm on location of Facebook action**

Cir. 1989)

*Record Club of Amer., Inc. v. United Artists Records, Inc.*, 701 F.Supp. 71 (S.D.N.Y. 1988)

*Record Club of Amer., Inc. v. United Artists Records, Inc.*, 696 F.Supp. 940 (S.D.N.Y. 1988)

*Littlejohn v. BIC Corp.*, 851 F.2d 673 (3rd Cir. 1988)



**In re: Checking Account Overdraft Litigation (Multidistrict Litigation).** Class action litigation against major US banks for their overdraft fee practices; served as co-team leader and class counsel, obtaining over $430 million in settlement proceeds on behalf of banks' customers.

**In re: Digital Download Litigation.** Served as co-lead counsel in two class actions against UMG/EMI and Warner Music over the alleged systematic failure to account properly for income derived from digital downloads and ringtones; obtained $23 million cumulative settlement and prospective royalty adjustments on behalf of recording artists, producers and others.

**Opperman et al. v. Path et al.** Served as co-lead counsel in class action litigation against Apple and a host of App Developers over the alleged surreptitious harvesting of consumers' contact information; obtained $5.3 million settlement approved by court in March 2018.

**Medical Self Care v. NBC.** Prevailed on summary judgment in dispute regarding the assignment of almost $10 million in advertising time on the NBC television network.

**Black v. Lucasfilm.** Defended Lucasfilm Ltd. against claims for $4 million in unpaid royalties to plaintiff claiming rights to *Raiders of the Lost Ark*; settlement entailed dismissal of case and no monies paid.

**Dunbar v. Gottwald.** Represented songwriters for the pop group THE RUBINOOS in lawsuit against pop superstar AVRIL LAVIGNE and her producer and co-writer Lukasz ("DR. LUKE") Gottwald for copyright infringement, alleging that the Lavigne/Gottwald song "Girlfriend," which was a

**Firm guides long-time record label client in sale of assets**

**Federal court approves class settlement in data privacy case**

**Firm launches wage and hour case against the Charlie Palmer Group**

**Firm concludes successful infringement defense of Supreme**

**Firm launches data**

No. 1 worldwide hit song for much of 2007, infringed on The Rubinoos' 1979 hit song "I Wanna Be Your Boyfriend."

**Mendler v. Winterland Productions**. Defended legendary music merchandiser in copyright dispute with photographer.

**Watts v. Watts**. Defended daughters of philosopher/writer Alan Watts in arbitration against claims by disinherited siblings involving rights to Watts's literary works, resulting in award of attorneys' fees and costs.

**Doobie Brothers v. Curcio.** Represented the renowned classic rock band THE DOOBIE BROTHERS in suit against promoter and three former members to prevent them from touring and promoting themselves as the "Original" Doobie Brothers; obtained a Preliminary Injunction, an order holding Defendants in contempt of the injunction, and a judgment in excess of $1 million, upheld on appeal by the 11th Circuit.

**Dead Kennedys v. Jello Biafra**. Represented the legendary punk rock band DEAD KENNEDYS, achieving "complete victory" in case against band's former front man, Jello Biafra.

**Carolyn Garcia v. Estate of Garcia**. Represented Carolyn "Mountain Girl" Garcia, ex-wife of the late Jerry Garcia, in lawsuit against Jerry's estate to enforce a property settlement agreement entered into by the late musician and his former wife; following two-week, nationally-televised trial, court awarded Ms. Garcia attorneys' fees and the right to the remainder of the dissolution agreement, totaling more than $4.5 million.

**breach class action against Equifax**

**Firm launches breach of contract and fraud action against PopSugar and Ebates**

**Appellate court sides with firm client FAITH NO MORE in anti-SLAPP spat**

**Firm partner confirmed to speak at South by Southwest music conference**

## SELECTED PUBLICATIONS

"US copyright termination: re-monetizations final frontier," *Journal of Intellectual Property Law & Practice,* 2016, Vol. 11, No. 11: 826-832.

"U.S. Copyright Termination: Remonetization's Final Frontier," in *The Monetization of the Global Music Business* Ch. 3.5 at 292 (Marcelo Goyanes & William Lewis eds., 2016).

"Music in the Cloud -- A Business and Legal Primer," *Entertainment and Sports Lawyer* (Winter 2012).

"Clash of the Titans: Viacom v. YouTube," *Daily Journal* (January 25, 2010).

"A Modern Pandora's Box: Music, the Internet and the Dilemma of Clearing Public Performance Rights," *Entertainment and Sports Lawyer* (Fall 2008).

"Online Music Comparisons, A Practical Guide," *Entertainment and Sports Lawyer* (Fall 2000).

First Amendment Protection for Trademark Use, Practicing Law Institute (1998).

Review of *Law and Business of the Entertainment Industries (Third Edition)*, *Entertainment and Sports Lawyer* (Spring 1996).

"Plus Ca Change, Plus C'est La Meme Chose": European Coproduction Remains Viable, For Now," *Entertainment and Sports Lawyer* (Fall 1995).

**Firm to defend DEAD KENNEDYS in copyright infringement dispute**

**Oxford University journal publishes partner's article on copyright termination**

**Firm successfully defends former BOSTON guitarist in trademark infringement trial**

**Court certifies class against Path, Apple, for damages in**

**SELECTED SPEAKING ENGAGEMENTS**

Recent Developments in Music Copyright Law.
Intellectual Property Section of the Bar Association
of San Francisco and the Copyright Society of the
U.S. (September 12, 2018; San Francisco, California)

Death, Taxes and Legacy Management. SXSW
Conference and Festival (March 17, 2017; Austin,
Texas)

Monetisation of the Global Music Business - From
Creators to Major Industry.  MIDEM Conference.
 (June 4, 2016; Cannes, France)

Workshop on Copyright Termination of Transfer.
Berkeley Center for Law & Technology (October 30,
2015; UC Berkeley Law)

Issues and Case Law Updates in Entertainment
Litigation. 6th Annual International Legal
Symposium on the World of Music, Film, Television,
and Sports (April 23, 2015; Miami, Florida)

Copyright Policy, Creativity, and Innovation in the
Digital Economy. Department of Commerce
Internet Policy Task Force Green Paper Roundtable
on Remix, Sampling, and Mashups (July 30, 2014;
UC Berkeley Law)

Actions, Reactions and Class Actions: Music
Business Litigation. SXSW Conference and Festival
(2014; Austin, Texas)

Fast Forward! Protecting and Selling Music in the
Digital Age. Berkeley Center for Law &

invasion
of privacy
case

Partner
gives
paper on
copyright
terminati
on at
internatio
nal music
conferenc
e

Judge
rejects
attempt
to keep
internal
Apple,
Path
document
s secret

Court
sends
copyright
tourist
packing

MORE

Technology, California Lawyers Association, and
Sports and Entertainment Law Society of Berkeley
Law (January 2013; UC Berkeley Law)

Run for Cover: The Future of Cloud
Commerce. SXSW Conference and Festival (2012;
Austin, Texas)

The Impact of Recent Big Music Cases. SXSW
Conference and Festival (2011; Austin, Texas)

Is Copyright Law Harming or Helping the Music
Industry? Northern California Chapter of the
Copyright Society of the U.S.A. (February 21, 2011)

Clash of the Titans: Viacom v. YouTube -- Will
Copyright Law Undo Google's Internet
Juggernaut? American Bar Association Forum on
the Entertainment and Sports Industries (August 6,
2010; San Francisco, CA)

Recent Developments in Digital Copyright
Litigation. Bar Association of San Francisco
(November 20, 2008)

The Ongoing Transformation of the Music
Business: Lessons from the History of New
Approaches for Online Distribution and Industry
Responses to New Technologies and
Players. Entertainment Technology Law Summit
(August 16-17, 2007; Seattle, Washington)

---

39 Mesa Street, Suite
201
The Presidio
San Francisco, CA 94129

1925 Century Park East
Suite 2100
Los Angeles, CA 90067

©2020 Phillips, Erlewine, Given & Carlin LLP
Privacy Policy & Disclaimer

EXHIBIT 2

**MESSAGE REGARDING FIRM OPERATIONS DURING COVID PANDEMIC**

×



# Phillips, Erlewine, Given & Carlin LLP

San Francisco @ 415-398-0900

Los Angeles @ 310-436-0900

home   practice   attorneys   news   investigations

clients   contact

# iDevice privacy class action

**Federal court approves class settlement in data privacy case**

March 27, 2018 – Federal district court judge Jon S. Tigar today granted final approval of the class action settlement reached in the firm's breach of privacy case against a range of mobile application developers (including Twitter, Instagram and Yelp!) and Apple, Inc. Following hotly-contested litigation, including a successful class certification effort led by firm partner David Given, Judge Tigar preliminarily approved the $5.3 million settlement in July 2017. Today's order marks the beginning of the end of the case, which began in March 2012 after reporting in the New York Times about private contact data being removed from iDevices without users' knowledge or consent.  Approximately 60,000 class members who made claims will share in the common fund.  "As Judge Tigar's

Search

## Summary

Plaintiffs, led by PEG&C and lawyers with Kerr & Wagstaffe LLP, are prosecuting a class action lawsuit against Apple and a host of mobile application developers (including Path, Foursquare,

9/8/2020
Case: 1:20-cv-04699 Document #: 47-1 Filed: 09/08/20 Page 16 of 30 PageID #:780
iDevice Privacy Class Action against Apple – Phillaw

order recognizes, this is an excellent result for the class," Mr. Given said. "Moreover, the case produced four published decisions," Mr. Given continued, "clarifying consumers' rights to control their personal data and establishing a basis to pursue legal claims classwide when technology companies take or misuse that data." A final judgment in the case is expected soon.

## Court will approve $5.3 million class settlement in data breach case

December 14, 2017 – Federal district court judge Jon S. Tigar indicated from the bench today that he will grant final approval to the $5.3 million settlement made on behalf of 13 named plaintiffs in their long-running breach of privacy case against eight mobile application developers and Apple, Inc. The settling app developers – Foodspotting, Foursquare, Gowalla, Instagram, Kik, Path, Twitter, and Yelp – have already deposited $5.3 million earmarked, net of costs and fees, to pay the approximately 60,000 class members making claims. Partner David Given, who led the firm's effort on behalf of the class, cited plaintiffs' success in this complex and evolving area of the law in support of the settlement. "The case resulted in four reported decisions," Mr. Given said, "clarifying consumers' rights and establishing a basis for class certification of personal device users for data privacy breaches by app developers and device manufacturers." An order and final judgment (there were no objectors to the settlement) is expected soon.

## Court grants preliminary approval of settlement in data privacy class action

July 6, 2017 – Federal district court judge Jon S. Tigar today granted the firm's motion for preliminary approval of a proposed class action settlement made on behalf of several named plaintiffs in their long-running breach of privacy case against eight mobile application developers and Apple, Inc. Led by firm partner David Given, the settlement agreement is the product of several years of extensive discovery and vigorous negotiations. The settling app developers – Foodspotting, Foursquare, Gowalla, Instagram, Kik, Path, Twitter, and Yelp – will pay $5.3 million to establish a non-reversionary common fund for class members, who consist of anyone in the U.S. who activated the applicable versions of the apps on their Apple devices during the relevant time period. Plaintiffs' case against Apple for misrepresentation and false

Twitter, Yelp, Instagram and others) for those companies' piracy of private consumer data, including address book data.

The complaint, which follows national reporting of the companies' practice from February of 2012, alleges that these developers surreptitiously uploaded users' contact book information without notice to and consent from users, and that Apple knowingly facilitated these invasions of privacy by selling or otherwise distributing the offending applications through its App Store.

## More
- **2019**
- **2018**
- **2017**
- **2016**

advertising in connection with its security and privacy promises relating to iDevices remains ongoing; Judge Tigar heard and took under submission a motion for certification of that class, and an order is expected soon.  A hearing for final approval of the app developer settlement is set for December 14, 2017 at 2:00 p.m. For more information about the settlement and the claims process, click here.

## Plaintiffs reply to Apple, urge class certification

May 5, 2017 – Plaintiffs filed papers today replying to App Store proprietor Apple, urging that their claims of false advertising be certified for class treatment on behalf of several million consumers nationwide who bought various versions of the iPhone and iPad whose operating systems allowed the surreptitious upload of address book data from those users' iDevices.  Plaintiffs contend that Apple's insistent messaging of concern for users' "privacy" and "security" in their personal contact data was false, that its products were tainted, and that consumers were misled and as a result overpaid for those devices.  Federal district court judge Jon S. Tigar has set a May 31st hearing on the matter.

## Court will hear class certification motion against Apple for false advertising claim

March 8, 2017 – Federal district court judge Jon S. Tigar today ordered Apple, Inc., to respond to the motion against it, first made in August of last year, seeking to certify a class of iDevice users who overpaid for Apple products as a result of Apple's allegedly false and deceptive assurances to consumers of security and privacy in the personal data they stored on those devices.  The case against Apple arose in the context of widespread data harvesting from iDevices by several technology companies developing apps for Apple devices like the iPhone and iPad.  (The parties in that case recently announced a settlement of those claims.  A motion to approve that settlement and to begin the process of notice to the class is expected shortly.)  Tens of millions of Apple consumers are potentially covered by the proposed class.  Judge Tigar has set a hearing on the matter for May 31st at 9:30 a.m.  The firm serves as co-lead counsel in the case.  For more information about the case, click here.

- **2015**
- **Lucky Devils band class action**
- **Kapoor/NR A copyright infringement case**
- **Charlie Palmer Group wage theft class action**
- **wage theft class actions**
- **archive**

## Apple fails to upset class certification in invasion of privacy case

October 20, 2016 – The Ninth Circuit Court of Appeals denied today Apple's bid for review of an order granting class certification in the firm's long-running data privacy case against it over the alleged surreptitious harvesting of iDevice users' address book data. The firm opposed Apple's petition to the Ninth Circuit, arguing that the trial court's decision to certify a nationwide class of almost half a million iDevice users who downloaded the Path app (triggering the automatic upload of vast quantities of private address book data to Path's servers) was legally sound. The Circuit Court's decision is a triumph for the firm, clearing the way for the case to proceed to trial against Path and Apple. The firm has pending a similar class certification motion against five other app developers, including Instagram, Twitter and Yelp, for classes ranging from 800,000 to potentially 8.5 million iDevice users. Further developments in the case are expected shortly.

## Firm turns back Yelp's attempt to dismiss privacy invasion claim

September 9, 2016 – Federal district court judge Jon S. Tigar issued a 21-page order today denying Yelp's motion for summary judgment in the firm's wide-ranging class action challenging the conduct by Yelp, Apple and various developers of applications for Apple devices over the surreptitious and improper upload of address book data from consumers' iDevices. Judge Tigar rejected Yelp's argument that class members gave consent to their address book data being accessed and uploaded as a matter of law, agreeing with the firm that there was a material factual dispute as to whether Yelp got effective consent to upload users' address book data to its servers.  Judge Tigar also agreed that the evidence the firm adduced in opposition to Yelp's motion presented a triable issue of fact both as to whether users of Yelp's "Find Friends" function had an objectively reasonable expectation that their address book data would remain on their phone and whether Yelp's unauthorized uploading of contacts was highly offensive to a reasonable person.  Judge Tigar's decision sets the stage for a trial on the merits of these and other similar class claims against Apple and the rest of the app developer defendants.  The court has set a further case management conference in the matter for Sept. 22nd. Plaintiffs' omnibus motion for class certification against Apple and

five of the remaining app developer defendants is pending; the
court previously certified one such class against Apple and app
developer Path in July.

## Firm moves for class certification against Instagram, Apple, others in data privacy case

August 23, 2016 – Following the decision last month of Federal
District Court Judge Jon S. Tigar certifying a class of approximately
480,000 users of the Path mobile app, the firm moved today in its
capacity as interim co-lead counsel to certify similar classes of
iDevice owners of certain other mobile apps downloaded from the
Apple App Store before Feb. 2012.  These apps include versions
offered by Foursquare, Instagram, Kik, Twitter and Yelp that
plaintiffs contend surreptitiously uploaded private address book
data from their iDevices.  The iDevice owners impacted by this
practice could exceed 10 million in number.  At the same time, the
firm moved against Apple to certify a class of iDevice owners
plaintiffs say were deceived in their purchases of Apple products by
promises of privacy and security when, in fact, those products
suffered from known vulnerabilities exposing private address book
data to invasion and theft.  The court has set both motions for a
November 15th hearing.

## Court certifies class against Path, Apple, for damages in invasion of privacy case

July 15, 2016 – Federal District Court Judge Jon S. Tigar issued a 28-
page order today certifying a class consisting of approximately
480,000 users of the Path mobile app who had their address book
data uploaded from their iDevices between Nov. 2011 and Feb.
2012 without their knowledge or consent. Plaintiffs Lauren Carter,
Stephanie Cooley and Jason Green will serve as class
representatives for claims of invasion of privacy against Path and
of aiding and abetting that privacy invasion against Apple arising
from the surreptitious taking of their and other class members'
personal address book data. Judge Tigar accepted the firm's
arguments that class members had enough in common that their
claims for nominal and punitive damages should be permitted to
proceed on a class-wide basis. Judge Tigar's order appointed the
firm class counsel and set an Aug. 16th hearing to determine a
schedule for the remainder of the case through trial.

## Plaintiffs reply to Path, Apple, urge class certification

May 5, 2016 – Plaintiffs filed papers today replying to app developer Path and app distributor Apple, urging that their claims of breach of privacy against Path and Apple be certified for class treatment on behalf of approximately 480,000 iDevice users who downloaded or installed versions of the Path app that surreptitiously uploaded address book data from those users' iDevices. Installation of that app on those users' iDevices resulted in the uploading of over 662 million pieces of information which Path held on a database and, the lawsuit contends, intended to use for data-mining, among other things. The court has set a June 14th hearing to consider the class certification of plaintiffs' claims.

## Judge turns down Apple's request for users' iPhone data

March 4, 2016 – In a brief two-page order issued today, Federal District Court Judge Jon S. Tigar sided with the firm's clients and rejected Apple's efforts to invade Plaintiffs' iDevice data in a far-reaching class action against it involving the alleged surreptitious uploading of address book data by several highly-popular mobile apps available on the Apple App Store. Apple had sought production of the contacts data from Plaintiffs' iDevices as well as certain other data files, telling Judge Tigar in its supporting legal memorandum that nothing showed this data "to be highly sensitive, or indeed, private at all" and that there is "no colorable argument for why such data could be considered private." This filing comes as Apple is engaged in what the U.S. Department of Justice has termed a massive public relations campaign to burnish its privacy "brand" to defeat the federal government's own effort to crack the iPhone belonging to one of the terrorists responsible for killing 12 people in San Bernardino late last Fall. In the last several weeks, in two different federal courts, in a multitude of statements and press releases and in sworn testimony before the U.S. Congress, Apple has professed its dedication to user privacy and the treatment of the data it seeks here as personal and private – a message leading one federal judge to accept the proposition that he should "take into account the extent to which the compromise of privacy and data security that Apple promises its customers affects not only its financial bottom line, but also its decisions about the kind of corporation it aspires to be." Apple's appeal to Judge Tigar comes on the heels of a coordinated investigation by

Apple and its lawyers into Plaintiffs' personal and social media life, following the first class certification motion in the matter, and leading to several exceedingly awkward moments in deposition.

## Judge rejects attempt to keep internal Apple, Path documents secret

February 11, 2016 – Sealed materials Apple and Path sought to keep secret are set to be released to the public per a court order entered today by Federal District Court Judge Jon S. Tigar.  In a short five-page decision, Judge Tigar found that neither party made the showing necessary to keep certain internal documents – including communications among Apple personnel about the functionality of apps sold on the iTunes App Store – out of the public record in the ongoing case against these two companies and other app developers over their policies and practices in the uploading and harvesting of address book data from users' iDevices. Judge Tigar also declined to redact portions of plaintiffs' memorandum in support of their class certification motion against Apple and Path.  Firm partner David Given argued that the effort by Apple and Path to foist these redactions on that document was a naked attempt to sanitize the public record, and opposed it in related papers filed with the court.

## Judge rejects further delay, resets class certification motion against Apple, Path

January 6, 2016 – Following a lengthy case management conference, Federal District Court Judge Jon S. Tigar agreed with the firm and issued an order today resetting the class certification motion against defendants Apple, Inc. and Path, Inc., in a wide-ranging breach of privacy case against these two companies and 10 other software developers over the alleged surreptitious upload of address book data from users' iDevices.  Judge Tigar will now hear that motion in early April.  Defendants sought to delay that hearing on various procedural grounds.  Partner David Given made the case that time was of the essence for the over 480,000 iDevice users who downloaded the Path app and had their address book data taken without permission.  Until recently, the lawsuit was mired in a series of motions by defendants delaying class proceedings in the case by over three years.  If Judge Tigar's comments were any indication, the case may now proceed in an

expedited fashion with additional class certification motions against other app developers expected later this year.

## Firm moves for class certification against Apple, Path in breach of privacy case

November 12, 2015 – Plaintiffs Jason Green, Stephanie Cooley and Lauren Carter today moved on their own and on behalf of a group of iDevice users for certification of a class of approximately 480,000 users on their claim against app developer Path for invasion of privacy and against Apple for aiding and abetting same.  Plaintiffs' claims arise from technology built into several versions of the iOS mobile Path app which, upon activation, uploaded users' address book data without notice.  Today's motion follows a Oct. 8th court order directing Path to produce both its CEO, Dave Morin, and its CTO, Nathan Folkman, for a sworn deposition.  Those depositions are pending.  The court has set the hearing on plaintiffs' class certification motion for Dec. 17th.

## Court again sides with plaintiffs in privacy class action against Apple, app developers

March 23, 2015 – Federal District Court Judge Jon S. Tigar today issued a 34-page decision upholding claims against Apple and a dozen of the country's largest application developers for violations of law in connection with the practice of uploading address book data from users' iDevices without the users' authorization or consent.  Today's order is the third in which Judge Tigar has upheld plaintiffs' class claims in the case (in which the court appointed the firm lead counsel in Oct. 2013) against defendants' almost three-year long legal assault.  In today's order, the court found that plaintiffs adequately stated an "extensive" and, allegedly, false and misleading advertising campaign aimed at convincing the public that Apple's personal computer devices were (and are) "secure and include comprehensive consumer-privacy protections."  The court also sustained, as it did before, plaintiffs' invasion of privacy claims against both the app developers and Apple despite several lines of legal attack, including that the federal Copyright Act preempted those claims in their entirety.  Defendants now have 14 days to answer plaintiffs' consolidated complaint, after which the case will proceed to the pre-trial discovery stage.

## Amended complaint sharpens focus in privacy case against Apple and app developers

9/8/2020
Case: 1:20-cv-04099 Document #: 47-2 Filed: 09/08/20 Page 23 of 30 PageID #:787
Phillaw.com - iDevice Privacy Class Action against Apple - ph-e-News

June 27, 2014 – The firm today filed an amended complaint on behalf of plaintiffs in the class action case against Apple and a dozen of the App Store's largest app developers (including, among others, Electronic Arts and Twitter) asserting breaches of privacy relating to the unauthorized uploading of address book data from consumers' iDevices. The amended complaint comes in response to the 55-page decision of Federal District Court Judge Jon S. Tigar on defendants' various motions to dismiss plaintiffs' claims in their entirety. Issued in May, that decision granted in part and denied in part those motions. The amended complaint serves to address concerns raised in Judge Tigar's decision with plaintiffs' prior pleadings, while keeping intact claims the court said could proceed, some subject to additional factual detail. Judge Tigar appointed the firm interim co-lead counsel in the case last October.

## Court appoints firm lead counsel in privacy case against Apple and others

October 22, 2013 – In an order issued today, Federal District Judge Jon Tigar has appointed PE&G (along with its co-counsel) lead attorneys in a wide-ranging class action involving Apple and many of the tech industry's largest application developers over the wide-spread practice of uploading consumers' address book data from iDevices without consumers' authorization or consent. The practice came to light following reporting in the *New York Times* and other major news publications in February of last year, and led to one app developer's civil prosecution by the Federal Trade Commission. The case has survived multiple attacks by Apple and the other defendants; those defendants' third round of motions to dismiss the class plaintiffs' consolidated amended complaint are set to be heard by Judge Tigar in January.

## Court allows privacy case to proceed against Apple, sets date for consolidated complaint

August 5, 2013 – Federal District Judge Jon Tigar has ruled against Apple Inc. in a case over the uploading of private address book data from iDevice users' phones and tablets without their knowledge or consent. In his 17-page order issued today, Judge Tigar sustained everyone but one of the claims made against Apple from legal attack, allowing the case to proceed to the discovery stage, where information will be sought about Apple's policies and practices. In earlier related proceedings, Judge Tigar allowed a

Case: 1:20-cv-04699 Document #: 47-2 Filed: 09/08/20 Page 24 of 30 PageID #:788

consolidated amended complaint to be filed in four cases brought over the same issues and asserting substantially the same claims against Apple and 14 of the largest application developers, including Facebook, Path and Foursquare.  PE&G is helping to lead the plaintiffs' effort against Apple and these app developers in the case.  Judge Tigar has ordered the consolidated amended complaint to be filed on or before Sept. 3rd.

## Firm joins class action over data privacy against Apple, app developers

March 22, 2013 – PE&G attorneys David Given and Nick Carlin have joined a team of lawyers who have brought a class case against Apple and certain developers of consumer applications made available on the App Store over users' privacy rights in their digital data. The core allegation of the complaint is that the apps in question pirated private user information, including address book data, from the user's iDevice by surreptitiously uploading that information without notice to the user and without the user's consent. The federal government recently prosecuted its own case against one such developer, Path, also named in the class action, over the same conduct. That case resulted in a consent order which included a permanent injunction together with civil penalties of $800,000. The class case was recently transferred to the San Francisco federal court, where one judge in another similar case has already sustained most of the claims against Path. The case is set for its first hearing before Federal District Judge Jon Tigar on April 4th.

---

39 Mesa Street, Suite 201
The Presidio
San Francisco, CA 94129

1925 Century Park East
Suite 2100
Los Angeles, CA 90067

©2020 Phillips, Erlewine, Given & Carlin LLP
Privacy Policy & Disclaimer

# EXHIBIT 3

**MESSAGE REGARDING FIRM OPERATIONS DURING COVID PANDEMIC**

<span style="float:right">×</span>



# Phillips, Erlewine, Given & Carlin LLP

San Francisco @ 415-398-0900

Los Angeles @ 310-436-0900

home practice attorneys news investigations

clients contact

Our profession's highest calling is to do justice. We strive to meet that calling every day in our law firm's litigation and trial practice. That practice is national in scope, and we consider it a privilege to represent each of our clients in every matter in which we are engaged. Our values include dignity, responsibility, restraint and respect in and for the practice and rule of law. The firm's principals are seasoned, AV-rated "Preeminent" lawyers who, over the 25 years they have practiced law together, have maintained a successful record in a range of legal matters. We're proud of our legacy. **LESS**.

While we represent clients in a variety of situations, our legal practice focuses primarily on the following three areas:

## Intellectual Property & Entertainment Law

<mark>The firm has a robust and nationally-recognized practice in intellectual property law, with deep roots in the entertainment and technology industries.</mark> Over the years, the firm has served as counsel in a number of high-profile intellectual property and entertainment law cases. The firm's attorneys have represented many mainstays of the Bay Area music scene, including Green Day, The Doobie Brothers, Dead Kennedys, Jerry Garcia, John Lee Hooker, Vince Guaraldi, Erik Jacobsen, Faith No More, Narada Michael Walden, Mark

Case: 1:20-cv-04699 Document #: 47-2 Filed: 09/08/20 Page 27 of 30 PageID #:791

Kozelek, Rancid, Cake, and The Brian Jonestown Massacre, as well as those in the literary publishing (Maya Angelou), visual arts (Anish Kapoor), video game (Sony/Playstation), merchandising (Live Nation Merchandising), theatre (American Musical Theatre of San Jose) and film (Lucasfilm) industries. The firm is also closely involved with clients in managing their intellectual property. While this can mean bringing suit when a client's trademark, copyright or right of publicity or privacy has been violated, or when monies are owed a royalty participant, it also includes advising clients on a range of related legal issues such as digital rights management and licensing, online distribution of entertainment-related content, and copyright and trademark law.

## Employment & Labor

The firm prosecutes employment disputes in state and federal courts and before government agencies touching virtually every aspect of the employer/employee relationship. These include wage and hour claims (including class actions and PAGA claims), in which the firm has succeeded in collecting over $20 million in back wages and penalties on employees' behalf. It also includes race, age, gender, pregnancy and religious discrimination claims, harassment and retaliation claims, claims under the Americans With Disabilities Act and the Family Medical Leave Act, wrongful discharge, whistleblower, defamation, unfair competition and trade secret claims. The firm has achieved multiple seven-figure verdicts and settlements on behalf of executives (including CEOs) and other employees. These include several "Me Too" cases involving allegations of sexual harassment and assault. The firm has had particular success in trade secret cases involving the employment relationship in both seeking and avoiding early stage motions for preliminary injunctive relief. (The outcome of such motions frequently resolves the case in favor of the prevailing party on such motions.) The firm also has expertise in representing entrepreneurs and executives in connection with negotiating compensation packages and in their relationships with their employers and investors.

## Consumer Protection & Class Action

The firm is committed to the pursuit of justice on a collective basis, and has had several important victories in the class action field. In Nov. 2011, a federal court judge in Miami granted final approval of a $410 million settlement on the claims made by the firm on behalf of customers of Bank of America over that bank's overdraft fee practices. Partners David Given and Nick Carlin were later honored as "Consumer Attorneys of the Year" finalists by the Consumer Attorneys of California for their work on the case. (The firm played a role in settling similar litigation against Bank of the West and M&T Bank for $18 million and $4 million, respectively.) In Feb. 2013, a state court judge in San Francisco gave final approval to a settlement the firm helped conclude with the City of San Francisco on behalf of emergency room patients unlawfully "balanced billed" by San Francisco General Hospital, resulting in a 100 cents on the dollar recovery for those patients. In Sept. 2015,

the firm launched the first in a series of cases against The Honest Company alleging deceptive advertising in connection with that company's "all natural" products, and partner Nick Carlin, who was named interim co-lead counsel in a consolidated court proceeding in the matter, led the effort to beat back Honest's legal attack on the class claims; a federal judge in New York granted final approval to a $7.35 million settlement of those claims.  In April 2016, a federal judge gave final approval to the second of two settlements together totaling $23 million that the firm helped conclude as court-appointed lead counsel in two different class actions against Warner Music Group and Universal Music Group involving the accounting for income from digital downloads of recorded music. In March 2018, following success against multiple legal attacks as well as on the first class certification motion in the case, federal district court judge Jon S. Tigar granted final approval to a $5.3 million settlement of breach of privacy claims against several app defendants and Apple in connection with the unauthorized collection of users' data from iDevices.  In April 2019, the firm filed the first class action on record under California's Talent Agencies Act against the International Musicians League, doing business as the Lucky Devils Band, for acting as an unlicensed talent agent in booking musicians for live performances; the case received cover story treatment in the SF Weekly.  In December 2019, the firm filed a $2.5 billion class action complaint  against Pacific Gas & Electric on behalf of customers who incurred losses as a result of PG&E's planned power outages.  And in May 2020, the firm joined in a data privacy class action against app maker TikTok; in July 2020, following consolidation of several other similar class actions, federal district court judge Lucy H. Koh appointed firm partner David Given a member of the Plaintiffs' Executive Committee established by her to run the case.

For more about our firm's law practice, click here. For news about our firm and its attorneys and legal matters, click here. For professional and biographical information about our attorneys, click here.

---

39 Mesa Street, Suite 201
The Presidio
San Francisco, CA 94129

1925 Century Park East
Suite 2100
Los Angeles, CA 90067

©2020 Phillips, Erlewine, Given & Carlin LLP
Privacy Policy & Disclaimer

**MESSAGE REGARDING FIRM OPERATIONS DURING COVID PANDEMIC**



# Phillips, Erlewine, Given & Carlin LLP

San Francisco @ 415-398-0900

Los Angeles @ 310-436-0900

home   practice   attorneys   news   investigations

clients   contact

## Class Action
## Intellectual Property
## Commercial
## Employment & Labor
## Entertainment
## Personal Injury

Here are some examples of our work in this area:

- Plaintiff's Supplemental Opposition to Uber's Motion to Compel Arbitration

**Consumer Class Actions**

The firm litigates on behalf of consumers, protecting their rights in fields such as health care, banking, and privacy rights. Our partners have previously been selected by the Consumer Attorneys of California as "Consumer Attorney of the Year" finalists for their work in this area.

**Artist Class Actions**

Our attorneys have experience battling large music concerns such as Universal Music Group and Warner Music Group on behalf of artists seeking proper compensation for their work.

**Employee Class Actions**

The firm handles class-wide employee wage and hour claims against employers who abuse employee rights, including access to or

- DCH Tech Workers' Motion for Final Approval of Class Action Settlement
- Plaintiffs' Motion for Class Certification Re Path App
- Honest Company Class Action Plaintiffs' Complaint
- Warner Music Group Plaintiffs' Motion for Final Approval of Class Action Settlement

compensation for meal and rest breaks and overtime payment.

---

39 Mesa Street, Suite 201
The Presidio
San Francisco, CA 94129

1925 Century Park East
Suite 2100
Los Angeles, CA 90067

©2020 Phillips, Erlewine, Given & Carlin LLP
Privacy Policy & Disclaimer