IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION, | MDL No. 2948 |
| | Master Docket No. 20-cv-4699 |
| | Judge John Z. Lee |
| | Magistrate Judge Sunil R. Harjani |
| This Document Relates to All Cases | |

**KATRINA CARROLL AND JONATHAN JAGHER'S APPLICATION FOR APPOINTMENT AS CO-LEAD COUNSEL, PLAINTIFFS' STEERING COMMITTEE AND LIAISON COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)**

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure and the Court's August 17, 2020 Case Management Order ("CMO 1"), ECF Doc. 4[1], Katrina Carroll of Carlson Lynch LLP ("Carlson Lynch") and Jonathan Jagher of Freed Kanner London & Millen LLC ("Freed Kanner") submit this application for their appointment as Co-Lead Counsel ("Proposed Co-Lead Counsel").

## INTRODUCTION

Though there are many highly qualified and accomplished counsel involved in this MDL, Ms. Carroll and Mr. Jagher both deserve to be Co-Lead Counsel in this case. We have consistently endorsed an inclusive approach with all counsel and, above all, consistently acted with only the best interests of the class in mind. The following facts speak for themselves:

- We successfully organized all of the related actions and advanced the pre-MDL litigation in this District – our progress on this front was lauded by the MDL panel;

- We formed a coalition representing the majority of all related actions and were able to pursue a unique settlement opportunity for the class;

---

[1] The Court subsequently amended CMO 1, in part. ECF Doc. 24 ("CMO 2").

- We communicated professionally and garnered the respect of defense counsel to ensure that the settlement opportunity would not be lost;

- We worked cooperatively with a large group of law firms and distributed and shared work assignments, recognizing each counsel's strengths and unique areas of expertise;

- We tried to spare the Court's and the parties' resources and acted continually to avoid unnecessary motion practice;

- Through our coalition, we successfully negotiated a substantial settlement;

- Since reaching the settlement, we have worked collaboratively with Interim Counsel, *even counsel that chose not to participate in the mediation*. As a result, we built consensus with additional firms who have agreed to support our process until we are able to disclose the settlement, and these firms support our application to be appointed Co-Lead Counsel; and

- Counsel from 14 of 19 of the related actions support our appointment as Co-Lead Counsel.

No other counsel in this case has this track record of results or is more uniquely suited to serve as Co-Lead Counsel. The vast majority of counsel here agree.

### A. Proposed Co-Lead Counsel Will Commit, and Have Already Committed, Substantial Time and Resources to a Successful Outcome for the Class

Before a court may appoint interim class counsel it must evaluate whether the proposed counsel will fairly and adequately represent the interests of the class. *Smith v. State Farm Mut. Auto. Ins. Co*., 301 F.R.D. 284, 288 (N.D. Ill. 2014) (*citing* Fed. R. Civ. P. 23(g)(2), (4)). In CMO 1, this Court specifically instructed that "[t]he main criteria for appointment will be: (a) counsel's willingness and availability to commit to a time consuming project; (b) counsel's ability to work cooperatively with others; and (c) counsel's professional experience in this type of litigation." CMO 1 at 6-7. Ms. Carroll and Mr. Jagher easily meet each of these criteria. Our experience is detailed in our accompanying Declarations and briefly summarized below.

As the Declarations make clear, from the very outset of this case, we have devoted nearly all of our days, nights and weekends for months advancing the claims of the class. We worked cooperatively, cohesively, and in a transparent, all-inclusive manner to try and organize *all* of the related actions in this MDL. The progress we made in our litigation here was integral to the Panel's decision to transfer the related cases to this District. In fact, in its transfer order, the MDL Panel recognized our progress and praised this Court for its active management of our process. MDL Docket, ECF No. 2 at 1-2. Through our efforts, and because we convinced counsel to take MDL leadership off the table until appropriate leadership proceedings could be had in the ultimate transferee court, all Plaintiffs' counsel coordinated seamlessly and worked toward the common goal of litigating in the most efficient way possible. Together, we filed a Consolidated Complaint, served discovery, worked with our expert and prepared for the mediation, which ultimately resulted in the excellent settlement which we would like to present to this Court. We will continue to work just as vigorously with even more support from the other plaintiffs' attorneys and will see this case through to the end.

> **B. Proposed Co-Lead Counsel Have Demonstrated Their Ability to Work Cooperatively With Other Plaintiffs' Counsel**

The main driver of our success is our proven track record of working collaboratively with other attorneys, both on the plaintiffs' side and the defense side. For example, in *In Re: Rust-Oleum Restore Marketing, Sales Practices and Products Liability Litigation*, 1:15-cv-1364 (N.D. Ill.), a complex MDL in which Ms. Carroll served as Co-Lead Counsel, Judge St. Eve praised Ms. Carroll's professionalism with defense counsel (Lori Lightfoot, then a partner at Mayer Brown) as a "model I wish all lawyers would follow." Likewise, Mr. Jagher has always taken the "team first approach" essential to leading class action cases on the plaintiffs' side, developing personal and

3

business relationships with most if not all of the attorneys and their firms in this MDL. Jagher Decl. ¶ 4.

Because of our extensive network of pre-existing relationships we spearheaded the highly successful coordination of related actions in the MDL. *See generally* Carroll Decl. (detailing our extensive efforts at coordinating this sprawling litigation in as inclusive and equitable a manner as possible). At all times, we did so with the sole interest of achieving the best possible outcome for the plaintiffs and the class. *Id.* The Court has made clear that "what efforts, if any, [] a particular plaintiff's attorney has made (in this case and other cases) to canvas, coordinate, compile, and incorporate the thoughts and input of other plaintiff's counsel in the MDL is a factor that the Court will consider in the appointment [of] Lead Counsel . . . ." CMO 2, at 2-3. *No one has done this more effectively or more consistently than we have.*

### C. Proposed Co-Lead Counsel Are National Leaders in BIPA Litigation and Complex Class Actions

We have a track record of successfully litigating and resolving consumer class actions and other complex litigation. Our vast litigation experience is fully detailed in our Declarations.

Briefly, Ms. Carroll has significant experience with biometric privacy matters, having litigated some of the earliest biometric privacy cases on record in this District, including cases against Google and Shutterfly that have shaped BIPA jurisprudence across the country. *See e.g., Norberg v. Shutterfly, Inc.*, 152 F. Supp. 3d 1103 (N.D. Ill. 2015) (finding jurisdiction against defendant and that plaintiff stated a claim under the Illinois Biometric Information Privacy Act); *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088, 1095-96 (N.D. Ill. 2017) (interpreting meaning of "biometric identifier" within the context of BIPA). She is currently litigating BIPA matters against some of the largest companies in the world (IBM, Amazon, Google, Microsoft and Facebook). Apart from her BIPA experience, Ms. Carroll has extensive MDL experience and has been

4

personally appointed to leadership positions in numerous complex class cases, including privacy-related actions like this one. *See* Carroll Decl. ¶¶ 5-6. Her firm, Carlson Lynch, has additional and far-ranging MDL experience in some of the country's largest privacy and data breach matters. *Id.* ¶ 7.

Similarly, Mr. Jagher has built a practice representing plaintiffs in consumer and antitrust class actions, recovering close to $1 billion for his clients and represented classes. Jagher Decl. ¶ 4. He is currently serving a lead role for Freed Kanner as an Executive Committee member in a case involving mobile apps (such as TikTok) in *Cameron et. al. v. Apple, Inc.* 4:19-cv-03074 (N.D. Cal.). *Id.* ¶ 6. Mr. Jagher also has significant experience and has served in lead roles in the some of the largest antitrust cases on record including *In re Automotive Parts Antitrust Litigation*, MDL 2311 (E.D. Mich.) ("Auto Parts"), an ongoing MDL consisting of over 25 different coordinated actions in which settlements to date total over $550 million. Significantly, Ms. Carroll also played a key role in that litigation, and for years, worked seamlessly with Mr. Jagher. *Id.* ¶ 8. She witnessed first-hand Mr. Jagher's ability to extract key deposition testimony from top global executives, his successful negotiation of mega-fund class action settlements, and his effective management of thirty plaintiffs' firms across multiple classes in that MDL. These skills contributed to the successful outcome of that MDL and have similarly contributed to the effective prosecution of this litigation.

In sum, we are committed to pursuing the best interests of plaintiffs and the class and have the necessary skills, experience and reputation to do so. We understand the time and resources necessary to pursue this action. Our firms have already made significant investments into the prosecution of the claims against TikTok. Further, our firms possess the resources and manpower required to continue our vigorous prosecution. Perhaps most importantly, we will lead this

5

litigation, as we have done since the beginning, in a way that gives a voice to all involved parties and seeks cohesion, agreement, and cooperation in protecting and advancing the interests of the class.

### D. The Court Should Approve Our Proposed PSC And Liaison Counsel

Apart from our appointment as Co-Lead Counsel, we propose a Plaintiffs' Steering Committee ("PSC")[2] consisting of the following counsel: Robert Foote (Foote, Mielke, Chavez & O'Neil, LLC); Michael Gervais (Susman Godfrey LLP); Joseph Guglielmo (Scott+Scott Attorneys at Law LLP); Tina Wolfson (Ahdoot & Wolfson, PC) and James Zouras (Stephan Zouras, LLP). These attorneys are eminently qualified and have devoted significant time and attention to progressing this matter.

This proposed PSC consists of individuals who personally participated in the mediation (remotely) and counsel that contributed significantly through their tireless efforts in the months preceding the mediation. The proposed PSC is in part comprised of counsel from this District who actively advanced the litigation by assisting in the research and drafting of the consolidated complaint, preparing discovery requests, and several other "litigation track" assignments. Simply put, the proposed PSC, at our direction, has worked cooperatively, efficiently and in the best interests of the class for months and is well-qualified to continue these efforts.

In addition to the PSC, there are many other Class Counsel that have collaborated with us and support our appointment as Co-Lead Counsel. In the interest of presenting an agreed-upon cohesive group, many of these counsel (who are just as well qualified and could easily serve in a

---

[2] Each member of the proposed PSC supports Ms. Carroll and Mr. Jagher as Co-Lead Counsel and will be submitting individual applications for PSC positions discussing their qualifications in detail.

PSC role here) stepped back for the good of the collective team.[3] Should this Court appoint us as Co-Lead Counsel, we will continue drawing on their collective class-action experience. This all-star team of lawyers and firms that we have united includes William Baird (Baird Law Firm); Albert Chang (Bottini & Bottini, Inc.); Francis J. "Casey" Flynn, Jr. (Law Office of Francis J. Flynn, Jr.); Richard Gordon (Gordon Law Offices, Ltd.); Daniel Herrera (Cafferty Clobes Meriwether & Sprengel LLP); Benjamin Johns (Chimicles Schwartz Kriner & Donaldson-Smith LLP); Erik H. Langeland (Erik H. Langeland, P.C.); Mark Molumphy (Cotchett Pitre & McCarthy LLP); James Onder and Lawana Wichmann (Onder Law LLC); Daniel Girard (Girard Sharp); Joseph Sauder (Sauder Schelkopf LLC); Jon Tostrud (Tostrud Law Group, P.C.); E. Kirk Wood (Wood Law Firm, LLC); and Tiffany Yiatras (Consumer Legal LLC).

We also propose Beth Fegan of Fegan Scott, LLC as Liaison Counsel. Since filing her case, Ms. Fegan has worked hand-in-hand with us. She has supported and contributed to the mediation efforts and is extremely well-suited to serve as Liaison Counsel in this MDL.[4]

## CONCLUSION

For all the above reasons, we respectfully request that the Court grant our application to serve as Co-Lead Counsel in the matter and approve our proposed PSC and choice of Liaison Counsel.

---

[3] We think it is particularly appropriate to recognize Tiffany Yiatras, appointed by Judge Rosenstengel as Interim Lead Counsel in the Southern District of Illinois actions during the pendency of the MDL. Ms. Yiatras performed substantial work for our team at all times. She also served as a mediation delegate. Despite her continuous efforts and in the interests of consensus, Ms. Yiatras graciously agreed to forego a PSC position on our proposed slate. In addition, Daniel Herrera and Joseph Sauder both greatly contributed to our efforts and participated in the mediation coalition. Like Ms. Yiatras, both Mr. Herrera and Mr. Sauder also agreed to step down for the good of our group.

[4] Ms. Fegan supports Ms. Carroll and Mr. Jagher as Co-Lead Counsel and will be submitting an individual application for appointment as Liaison Counsel discussing her qualifications in detail.

Dated: September 8, 2020                 Respectfully submitted,

*/s/ Katrina Carroll*
Katrina Carroll
*kcarroll@carlsonlynch.com*
**CARLSON LYNCH LLP**
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Telephone: (312) 750-1265

Jonathan M. Jagher
**FREED KANNER LONDON &
MILLEN LLC**
923 Fayette St.
Conshohocken, PA 19428
Tel.: (610) 234-6487
Fax: (224) 632-4521
jjagher@fklmlaw.com

***Proposed Co-Lead Counsel***

## CERTIFICATE OF SERVICE

      I hereby certify that on September 8, 2020, the foregoing document was filed electronically through the Court's Electronic Case Filing System. Service of this document is being made upon all counsel of record in this case by the Notice of Electronic Filing issued through the Court's Electronic Case Filing System on this date.

                                                */s/ Katrina Carroll*
                                                Katrina Carroll