# EXHIBIT C

**EXHIBIT C**                                                                    1

**Katrina Carroll**

| | |
|---|---|
| **From:** | Katrina Carroll |
| **Sent:** | Wednesday, June 3, 2020 8:59 AM |
| **To:** | Marc E. Masters; mjones@hausfeld.com; sgassman@hausfeld.com; mhausfeld@hausfeld.com; jpizzirusso@hausfeld.com; wthompson@burnscharest.com; wburns@burnscharest.com; dcharest@burnscharest.com; rherman@burnscharest.com; knelson@burnscharest.com; aklevorn@burnscharest.com; pmurphree@burnscharest.com; jbaer@baerlawllc.com; cdereus@baerlawllc.com; jstein@baerlawllc.com; dgirard@girardsharp.com; jelias@girardsharp.com; apolk@girardsharp.com; bfj@chimicles.com; bmm@chimicles.com; Kyle Shamberg; Nicholas Lange; lweaver@bfalaw.com; akeller@dicellolevitt.com; dmillen@fklmlaw.com; bhogan@fklmlaw.com; Jon Jagher; kjustice@fklmlaw.com; jsprengel@caffertyclobes.com; dherrera@caffertyclobes.com; nhagman@caffertyclobes.com; rrg@gordonlawchicago.com; jgs@sstriallawyers.com; tyiatras@gmail.com; casey@lawofficeflynn.com; francisflynn@gmail.com; jbk@sstriallawyers.com; twolfson@ahdootwolfson.com; rahdoot@ahdootwolfson.com; tmaya@ahdootwolfson.com; bking@ahdootwolfson.com; rstephan@stephanzouras.com; jzouras@stephanzouras.com; aficzko@stephanzouras.com; mshannon@stephanzouras.com; elangeland@langelandlaw.com; jtostrud@tostrudlaw.com; fbottini@bottinilaw.com; achang@bottinilaw.com; ykolesnikov@bottinilaw.com; jcotchett@cpmlegal.com; mmolumphy@cpmlegal.com; tredenbarger@cpmlegal.com; nrahman@cpmlegal.com; ehg@classlawgroup.com; dmb@classlawgroup.com; jbk@classlawgroup.com; william.a.baird.1@gmail.com; jguglielmo@scott-scott.com; ecomite@scott-scott.com; jpettigrew@scott-scott.com; ekirkwood1@bellsouth.net; Wichmann@onderlaw.com; Onder@onderlaw.com |
| **Cc:** | Ekwan E. Rhow; Dorothy Wolpert; Tom R. Freeman; Jonathan Rotter; Marc L. Godino; Kara Wolke; Pavithra Rajesh; David M. Given; Nicholas A. Carlin; bsc@phillaw.com |
| **Subject:** | RE: Meet and Confer re MDL and Transfer Issues |
| **Attachments:** | 2020-06-03 Joint Status Report and Request for Briefing Schedule-FILED.pdf |

Dear counsel:

As you know, Jon Jagher and I represent plaintiffs in the Consolidated Action pending in the Northern District of Illinois before Judge Lee. Over the past few weeks, Jon and I have communicated extensively with the various plaintiff counsel groups in an effort to streamline our cases. We have also been communicating regularly with defense counsel.

In case you have not yet seen it, attached is a joint status report that we filed with Judge Lee which advises the Court that Defendant has expressed an interest in pursuing mediation. To that end, we have agreed to proceed before the Honorable Layn Phillips and have secured August 13, 2020 as the mediation date. We and counsel for TikTok believe that a global settlement would benefit all plaintiffs in all cases.

Recognizing the various interests and cases on file in multiple districts, we sincerely hope you will participate in the mediation. To maximize the benefit to the class and efficiency, we propose to form a mediation team consisting of two attorneys representing the ND. Ill. cases, two attorneys representing the ND. Cal. cases, and one attorney each for the SD. Ill. and CD. Cal. cases. Certainly, we will welcome input from all counsel and will schedule an all-counsel strategy session to make sure everyone has a voice.

We look forward to working with you as we proceed to mediation and propose an all-counsel conference call for tomorrow at 1:00 CST/ 11:00 PST to discuss further. We will circulate call information separately.

Also, Judge Phillips' office has asked that we provide a list of parties and counsel who will be participating in the mediation. To that end, it would be helpful if in advance of tomorrow's call if each of the various groups can provide us contact information for its mediation team delegates.

**EXHIBIT C**                                                                                             **2**

Best,
Katrina Carroll and Jon Jagher

KATRINA CARROLL
Partner
CARLSON LYNCH LLP
111 W. Washington Street
Suite 1240
Chicago, IL 60602
Main:   312.750.1265
Direct:  312.750.1591
Fax:     773.598.5609
kcarroll@carlsonlynch.com
carlsonlynch.com



---

**From:** Marc E. Masters <mmasters@birdmarella.com>
**Sent:** Monday, June 1, 2020 7:42 PM
**To:** Katrina Carroll <kcarroll@carlsonlynch.com>; mjones@hausfeld.com; sgassman@hausfeld.com; mhausfeld@hausfeld.com; jpizzirusso@hausfeld.com; wthompson@burnscharest.com; wburns@burnscharest.com; dcharest@burnscharest.com; rherman@burnscharest.com; knelson@burnscharest.com; aklevorn@burnscharest.com; pmurphree@burnscharest.com; jbaer@baerlawllc.com; cdereus@baerlawllc.com; jstein@baerlawllc.com; dgirard@girardsharp.com; jelias@girardsharp.com; apolk@girardsharp.com; bfj@chimicles.com; bmm@chimicles.com; Kyle Shamberg <kshamberg@carlsonlynch.com>; Nicholas Lange <nlange@carlsonlynch.com>; lweaver@bfalaw.com; akeller@dicellolevitt.com; dmillen@fklmlaw.com; bhogan@fklmlaw.com; Jon Jagher <jjagher@fklmlaw.com>; kjustice@fklmlaw.com; jsprengel@caffertyclobes.com; dherrera@caffertyclobes.com; nhagman@caffertyclobes.com; rrg@gordonlawchicago.com; jgs@sstriallawyers.com; tyiatras@gmail.com; casey@lawofficeflynn.com; francisflynn@gmail.com; jbk@sstriallawyers.com; twolfson@ahdootwolfson.com; rahdoot@ahdootwolfson.com; tmaya@ahdootwolfson.com; bking@ahdootwolfson.com; rstephan@stephanzouras.com; jzouras@stephanzouras.com; aficzko@stephanzouras.com; mshannon@stephanzouras.com; elangeland@langelandlaw.com; jtostrud@tostrudlaw.com; fbottini@bottinilaw.com; achang@bottinilaw.com; ykolesnikov@bottinilaw.com; jcotchett@cpmlegal.com; mmolumphy@cpmlegal.com; tredenbarger@cpmlegal.com; nrahman@cpmlegal.com; ehg@classlawgroup.com; dmb@classlawgroup.com; jbk@classlawgroup.com; william.a.baird1@gmail.com; jguglielmo@scott-scott.com; ecomite@scott-scott.com; jpettigrew@scott-scott.com; ekirkwood1@bellsouth.net; Wichmann@onderlaw.com; Onder@onderlaw.com
**Cc:** Ekwan E. Rhow <erhow@birdmarella.com>; Dorothy Wolpert <dwolpert@birdmarella.com>; Tom R. Freeman <tfreeman@birdmarella.com>; Jonathan Rotter <jrotter@glancylaw.com>; Marc L. Godino <mgodino@glancylaw.com>; Kara Wolke <KWolke@glancylaw.com>; Pavithra Rajesh <prajesh@glancylaw.com>; David M. Given <DMG@phillaw.com>; Nicholas A. Carlin <NAC@phillaw.com>; bsc@phillaw.com
**Subject:** RE: Meet and Confer re MDL and Transfer Issues

For those who participated on the call today, thank you for your time. We've given more thought to the concerns expressed on the call, but nonetheless we intend to file tomorrow in the Northern District of Illinois (and shortly thereafter in the Southern District of Illinois). We appreciate the expressed concerns and we're willing to refrain from filing if counsel and parties in these Illinois Cases consent to transfer their cases from Illinois to the Northern District of California. That would be an easy way to avoid confronting the issues that

**EXHIBIT C**      **3**

were articulated on the call today. However, unless we hear from counsel in the Illinois Cases by 10 a.m. PST / noon CST tomorrow, we will assume that they continue to refuse to consent to transfer.

To further ensure no misunderstanding as to our filing, let me re-iterate what those papers will look like. We intend to file a motion for an order permitting our clients to intervene in the Illinois Cases for the limited purpose of litigating their proposed motion ("Proposed Motion") dismissing, staying or transferring all TikTok class actions in the Illinois federal courts. Specifically, in the Proposed Motion (to be attached to the intervention motion), our clients will seek: (i) dismissal or transfer of the Illinois Cases to the Northern District of California pursuant to 28 U.S.C. § 1406(a) for lack of personal jurisdiction under Seventh Circuit law; (ii) dismissal or stay of the duplicative later-filed Illinois Cases pursuant to the Court's inherent authority under the first-filed rule; or, alternatively, (iii) transfer of the Illinois Cases pursuant to 28 U.S.C. § 1404(a). In view of the upcoming JPML hearing, and the guidance from the JPML to seek alternatives to centralization, our clients also will request that the Court order an expedited briefing and hearing schedule on both the intervention motion and the Proposed Motion such that a resolution of both motions is reached in advance of the JPML hearing. And our clients will request that the Court grant them two extra pages beyond the 15-page limit for their Proposed Motion, which is 17 pages.

Again, we will assume that counsel in the Illinois Cases oppose unless we hear otherwise by the date and time above.

Thank you,
Marc

**Marc E. Masters**
*Of Counsel*
O: 310.201.2100
F: 310.201.2110
E: mmasters@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,**
**Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

---

**From:** Marc E. Masters
**Sent:** Saturday, May 30, 2020 9:55 PM
**To:** Katrina Carroll <kcarroll@carlsonlynch.com>; mjones@hausfeld.com; sgassman@hausfeld.com; mhausfeld@hausfeld.com; jpizzirusso@hausfeld.com; wthompson@burnscharest.com; wburns@burnscharest.com; dcharest@burnscharest.com; rherman@burnscharest.com; knelson@burnscharest.com; aklevorn@burnscharest.com; pmurphree@burnscharest.com; jbaer@baerlawllc.com; cdereus@baerlawllc.com; jstein@baerlawllc.com; dgirard@girardsharp.com; jelias@girardsharp.com; apolk@girardsharp.com; bfj@chimicles.com; bmm@chimicles.com; Kyle Shamberg <kshamberg@carlsonlynch.com>; Nicholas Lange <nlange@carlsonlynch.com>; lweaver@bfalaw.com; akeller@dicellolevitt.com; dmillen@fklmlaw.com; bhogan@fklmlaw.com; Jon Jagher <jjagher@fklmlaw.com>; kjustice@fklmlaw.com; jsprengel@caffertyclobes.com; dherrera@caffertyclobes.com; nhagman@caffertyclobes.com; rrg@gordonlawchicago.com; jgs@sstriallawyers.com; tyiatras@gmail.com; casey@lawofficeflynn.com; francisflynn@gmail.com; jbk@sstriallawyers.com; twolfson@ahdootwolfson.com; rahdoot@ahdootwolfson.com; tmaya@ahdootwolfson.com; bking@ahdootwolfson.com; rstephan@stephanzouras.com; jzouras@stephanzouras.com;

**EXHIBIT C**  4

aficzko@stephanzouras.com; mshannon@stephanzouras.com; elangeland@langelandlaw.com; jtostrud@tostrudlaw.com; fbottini@bottinilaw.com; achang@bottinilaw.com; ykolesnikov@bottinilaw.com; jcotchett@cpmlegal.com; mmolumphy@cpmlegal.com; tredenbarger@cpmlegal.com; nrahman@cpmlegal.com; ehg@classlawgroup.com; dmb@classlawgroup.com; jbk@classlawgroup.com; william.a.baird.1@gmail.com; jguglielmo@scott-scott.com; ecomite@scott-scott.com; jpettigrew@scott-scott.com; ekirkwood1@bellsouth.net; Wichmann@onderlaw.com; Onder@onderlaw.com

**Cc:** Ekwan E. Rhow <erhow@birdmarella.com>; Dorothy Wolpert <dwolpert@birdmarella.com>; Tom R. Freeman <tfreeman@birdmarella.com>; Jonathan Rotter <jrotter@glancylaw.com>; Marc L. Godino <mgodino@glancylaw.com>; Kara Wolke <KWolke@glancylaw.com>; Pavithra Rajesh <prajesh@glancylaw.com>; David M. Given <DMG@phillaw.com>; Nicholas A. Carlin <NAC@phillaw.com>; bsc@phillaw.com

**Subject:** RE: Meet and Confer re MDL and Transfer Issues

I'm re-circulating this email chain because we have another TikTok lawsuit in SD Illinois, filed on Friday, and I'm including counsel in that matter in case they wish to join our Monday call. My co-counsel Jon Rotter will circulate a Zoom invitation before Monday for those who wish to join. Thanks, Marc

**Marc E. Masters**
*Of Counsel*
O: 310.201.2100
F: 310.201.2110
E: mmasters@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,**
**Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

---

**From:** Marc E. Masters
**Sent:** Thursday, May 28, 2020 4:02 PM
**To:** Katrina Carroll <kcarroll@carlsonlynch.com>; mjones@hausfeld.com; sgassman@hausfeld.com; mhausfeld@hausfeld.com; jpizzirusso@hausfeld.com; wthompson@burnscharest.com; wburns@burnscharest.com; dcharest@burnscharest.com; rherman@burnscharest.com; knelson@burnscharest.com; aklevorn@burnscharest.com; pmurphree@burnscharest.com; jbaer@baerlawllc.com; cdereus@baerlawllc.com; jstein@baerlawllc.com; dgirard@girardsharp.com; jelias@girardsharp.com; apolk@girardsharp.com; bfj@chimicles.com; bmm@chimicles.com; Kyle Shamberg <kshamberg@carlsonlynch.com>; Nicholas Lange <nlange@carlsonlynch.com>; lweaver@bfalaw.com; akeller@dicellolevitt.com; dmillen@fklmlaw.com; bhogan@fklmlaw.com; Jon Jagher <jjagher@fklmlaw.com>; kjustice@fklmlaw.com; jsprengel@caffertyclobes.com; dherrera@caffertyclobes.com; nhagman@caffertyclobes.com; rrg@gordonlawchicago.com; jgs@sstriallawyers.com; tyiatras@gmail.com; casey@lawofficeflynn.com; francisflynn@gmail.com; jbk@sstriallawyers.com; twolfson@ahdootwolfson.com; rahdoot@ahdootwolfson.com; tmaya@ahdootwolfson.com; bking@ahdootwolfson.com; rstephan@stephanzouras.com; jzouras@stephanzouras.com; aficzko@stephanzouras.com; mshannon@stephanzouras.com; elangeland@langelandlaw.com; jtostrud@tostrudlaw.com; fbottini@bottinilaw.com; achang@bottinilaw.com; ykolesnikov@bottinilaw.com; jcotchett@cpmlegal.com; mmolumphy@cpmlegal.com; tredenbarger@cpmlegal.com; nrahman@cpmlegal.com; ehg@classlawgroup.com; dmb@classlawgroup.com; jbk@classlawgroup.com; william.a.baird.1@gmail.com; jguglielmo@scott-scott.com; ecomite@scott-scott.com; jpettigrew@scott-scott.com; ekirkwood1@bellsouth.net

**Cc:** Ekwan E. Rhow <erhow@birdmarella.com>; Dorothy Wolpert <dwolpert@birdmarella.com>; Tom R. Freeman <tfreeman@birdmarella.com>; Jonathan Rotter <jrotter@glancylaw.com>; Marc L. Godino <mgodino@glancylaw.com>; Kara Wolke <KWolke@glancylaw.com>; Pavithra Rajesh <prajesh@glancylaw.com>; David M. Given

<DMG@phillaw.com>; Nicholas A. Carlin <NAC@phillaw.com>; bsc@phillaw.com
**Subject:** RE: Meet and Confer re MDL and Transfer Issues

Katrina –

Thank you for your prompt response. We welcome further conversation and will file on Monday rather than tomorrow. Let's plan for the call at your suggested time of 9:30 am PST / 11:30 am CST. My team will disseminate a Zoom invitation prior to the call.

Thank you,
Marc

**Marc E. Masters**
*Of Counsel*
O: 310.201.2100
F: 310.201.2110
E: mmasters@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,**
**Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

---

**From:** Katrina Carroll <kcarroll@carlsonlynch.com>
**Sent:** Thursday, May 28, 2020 3:40 PM
**To:** Marc E. Masters <mmasters@birdmarella.com>; mjones@hausfeld.com; sgassman@hausfeld.com; mhausfeld@hausfeld.com; jpizzirusso@hausfeld.com; wthompson@burnscharest.com; wburns@burnscharest.com; dcharest@burnscharest.com; rherman@burnscharest.com; knelson@burnscharest.com; aklevorn@burnscharest.com; pmurphree@burnscharest.com; jbaer@baerlawllc.com; cdereus@baerlawllc.com; jstein@baerlawllc.com; dgirard@girardsharp.com; jelias@girardsharp.com; apolk@girardsharp.com; bfj@chimicles.com; bmm@chimicles.com; Kyle Shamberg <kshamberg@carlsonlynch.com>; Nicholas Lange <nlange@carlsonlynch.com>; lweaver@bfalaw.com; akeller@dicellolevitt.com; dmillen@fklmlaw.com; bhogan@fklmlaw.com; Jon Jagher <jjagher@fklmlaw.com>; kjustice@fklmlaw.com; jsprengel@caffertyclobes.com; dherrera@caffertyclobes.com; nhagman@caffertyclobes.com; rrg@gordonlawchicago.com; jgs@sstriallawyers.com; tyiatras@gmail.com; casey@lawofficeflynn.com; francisflynn@gmail.com; jbk@sstriallawyers.com; twolfson@ahdootwolfson.com; rahdoot@ahdootwolfson.com; tmaya@ahdootwolfson.com; bking@ahdootwolfson.com; rstephan@stephanzouras.com; jzouras@stephanzouras.com; aficzko@stephanzouras.com; mshannon@stephanzouras.com; elangeland@langelandlaw.com; jtostrud@tostrudlaw.com; fbottini@bottinilaw.com; achang@bottinilaw.com; ykolesnikov@bottinilaw.com; jcotchett@cpmlegal.com; mmolumphy@cpmlegal.com; tredenbarger@cpmlegal.com; nrahman@cpmlegal.com; ehg@classlawgroup.com; dmb@classlawgroup.com; jbk@classlawgroup.com; william.a.baird.1@gmail.com; jguglielmo@scott-scott.com; ecomite@scott-scott.com; jpettigrew@scott-scott.com; ekirkwood1@bellsouth.net
**Cc:** Ekwan E. Rhow <erhow@birdmarella.com>; Dorothy Wolpert <dwolpert@birdmarella.com>; Tom R. Freeman <tfreeman@birdmarella.com>; Jonathan Rotter <jrotter@glancylaw.com>; Marc L. Godino <mgodino@glancylaw.com>; Kara Wolke <KWolke@glancylaw.com>; Pavithra Rajesh <prajesh@glancylaw.com>; David M. Given <DMG@phillaw.com>; Nicholas A. Carlin <NAC@phillaw.com>; bsc@phillaw.com
**Subject:** RE: Meet and Confer re MDL and Transfer Issues

Marc:
Thanks for your email. As you know, it's late in the day here, but I've exchanged some emails with my fellow plaintiffs'

EXHIBIT C                                    6

counsel.  We think another call makes sense but are not available until Monday at the earliest. I suggest that we speak at 11:30 CST/ 9:30 PST unless you have another time in mind.
Best,
Katrina

KATRINA CARROLL
Partner
CARLSON LYNCH LLP
111 W. Washington Street
Suite 1240
Chicago, IL  60602
Main:    312.750.1265
Direct:  312.750.1591
Fax:     773.598.5609
kcarroll@carlsonlynch.com
carlsonlynch.com

**CARLSON**
**LYNCH**

---

**From:** Marc E. Masters <mmasters@birdmarella.com>
**Sent:** Thursday, May 28, 2020 4:02 PM
**To:** mjones@hausfeld.com; sgassman@hausfeld.com; mhausfeld@hausfeld.com; jpizzirusso@hausfeld.com; wthompson@burnscharest.com; wburns@burnscharest.com; dcharest@burnscharest.com; rherman@burnscharest.com; knelson@burnscharest.com; aklevorn@burnscharest.com; pmurphree@burnscharest.com; jbaer@baerlawllc.com; cdereus@baerlawllc.com; jstein@baerlawllc.com; dgirard@girardsharp.com; jelias@girardsharp.com; apolk@girardsharp.com; bfj@chimicles.com; bmm@chimicles.com; Katrina Carroll <kcarroll@carlsonlynch.com>; Kyle Shamberg <kshamberg@carlsonlynch.com>; Nicholas Lange <nlange@carlsonlynch.com>; lweaver@bfalaw.com; akeller@dicellolevitt.com; dmillen@fklmlaw.com; bhogan@fklmlaw.com; Jon Jagher <jjagher@fklmlaw.com>; kjustice@fklmlaw.com; jsprengel@caffertyclobes.com; dherrera@caffertyclobes.com; nhagman@caffertyclobes.com; rrg@gordonlawchicago.com; jgs@sstriallawyers.com; tyiatras@gmail.com; casey@lawofficeflynn.com; francisflynn@gmail.com; jbk@sstriallawyers.com; twolfson@ahdootwolfson.com; rahdoot@ahdootwolfson.com; tmaya@ahdootwolfson.com; bking@ahdootwolfson.com; rstephan@stephanzouras.com; jzouras@stephanzouras.com; aficzko@stephanzouras.com; mshannon@stephanzouras.com; elangeland@langelandlaw.com; jtostrud@tostrudlaw.com; fbottini@bottinilaw.com; achang@bottinilaw.com; ykolesnikov@bottinilaw.com; jcotchett@cpmlegal.com; mmolumphy@cpmlegal.com; tredenbarger@cpmlegal.com; nrahman@cpmlegal.com; ehg@classlawgroup.com; dmb@classlawgroup.com; jbk@classlawgroup.com; william.a.baird.1@gmail.com; jguglielmo@scott-scott.com; ecomite@scott-scott.com; jpettigrew@scott-scott.com; ekirkwood1@bellsouth.net
**Cc:** Ekwan E. Rhow <erhow@birdmarella.com>; Dorothy Wolpert <dwolpert@birdmarella.com>; Tom R. Freeman <tfreeman@birdmarella.com>; Jonathan Rotter <jrotter@glancylaw.com>; Marc L. Godino <mgodino@glancylaw.com>; Kara Wolke <KWolke@glancylaw.com>; Pavithra Rajesh <prajesh@glancylaw.com>; David M. Given <DMG@phillaw.com>; Nicholas A. Carlin <NAC@phillaw.com>; bsc@phillaw.com
**Subject:** RE: Meet and Confer re MDL and Transfer Issues

Dear Plaintiffs' Counsel in the ByteDance/TikTok Matters –

As early as tomorrow, we intend to file a motion to intervene in the five Northern District of Illinois cases, and to dismiss, stay or transfer such cases. We will seek transfer to the Northern District of California. Four of those Northern District of Illinois cases have been consolidated before Judge Lee, and there is a pending unopposed

motion to consolidate the fifth case with the other four. We also intend to separately file a similar motion for the case pending in the Southern District of Illinois.

We will ask the Northern District and Southern District of Illinois courts to dismiss or transfer the Illinois Cases pursuant to 28 U.S.C. 1406 for improper venue and the lack of personal jurisdiction over the named defendants under Seventh Circuit precedent. We will also ask those courts to, alternatively, exercise their inherent authority to dismiss or stay the Illinois Cases under the first-filed rule. Finally, we will ask those courts to, alternatively, transfer the Illinois Cases to the Northern District of California under 28 U.S.C. 1404(a).

As you know, we previously met and conferred on MDL and transfer issues earlier this month (see email below), and we are available tomorrow morning to meet and confer on these issues if you think resuming our prior discussion would be fruitful. Please advise today if you would like to arrange a call for tomorrow morning.

Thank you,
Marc

**Marc E. Masters**
*Of Counsel*
O: 310.201.2100
F: 310.201.2110
E: mmasters@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,**
**Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

---

**From:** Marc E. Masters
**Sent:** Sunday, May 17, 2020 2:28 PM
**To:** mjones@hausfeld.com; sgassman@hausfeld.com; mhausfeld@hausfeld.com; jpizzirusso@hausfeld.com; wthompson@burnscharest.com; wburns@burnscharest.com; dcharest@burnscharest.com; rherman@burnscharest.com; knelson@burnscharest.com; aklevorn@burnscharest.com; pmurphree@burnscharest.com; jbaer@baerlawllc.com; cdereus@baerlawllc.com; jstein@baerlawllc.com; dgirard@girardsharp.com; jelias@girardsharp.com; apolk@girardsharp.com; bfj@chimicles.com; bmm@chimicles.com; kcarroll@carlsonlynch.com; kshamberg@carlsonlynch.com; nlange@carlsonlynch.com; lweaver@bfalaw.com; akeller@dicellolevitt.com; dmillen@fklmlaw.com; bhogan@fklmlaw.com; jjagher@fklmlaw.com; kjustice@fklmlaw.com; jsprengel@caffertyclobes.com; dherrera@caffertyclobes.com; nhagman@caffertyclobes.com; rrg@gordonlawchicago.com; jgs@sstriallawyers.com; tyiatras@gmail.com; casey@lawofficeflynn.com; francisflynn@gmail.com; jbk@sstriallawyers.com; twolfson@ahdootwolfson.com; rahdoot@ahdootwolfson.com; tmaya@ahdootwolfson.com; bking@ahdootwolfson.com
**Cc:** Ekwan E. Rhow <erhow@birdmarella.com>; Dorothy Wolpert <dwolpert@birdmarella.com>; Tom R. Freeman <tfreeman@birdmarella.com>; Jonathan Rotter <jrotter@glancylaw.com>; Marc L. Godino <mgodino@glancylaw.com>; Kara Wolke <KWolke@glancylaw.com>; Pavithra Rajesh <prajesh@glancylaw.com>; David M. Given <DMG@phillaw.com>; Nicholas A. Carlin <NAC@phillaw.com>; bsc@phillaw.com
**Subject:** Meet and Confer re MDL and Transfer Issues

Dear Plaintiffs' Counsel in the ByteDance/TikTok Matters –

I'm writing to introduce myself and our team, and to explain why we believe the various cases filed in California and Illinois have the several probability of success before Judge Lucy H. Koh in the Northern District of California. We invite your input and welcome the opportunity to have a videoconference (via Zoom or otherwise) to discuss your thoughts. We encourage all of the parties to agree to a voluntary transfer to avoid the inevitable months-long MDL delay or motions practice that would necessarily follow.

My firm, Bird Marella Boxer Wolpert Nessim Drooks Lincenberg & Rhow, P.C., and the firm Glancy, Prongay & Murray, LLP originally filed a 46-page complaint in November 2019 initiating *Hong v. ByteDance, Inc. et al.*, which was assigned to Judge Koh. We filed in the Northern District of California where Defendants ByteDance, Inc. and TikTok, Inc. are located. Our eight causes of action were premised on Defendants' taking of TikTok users' biometrics, along with other private and personally-identifiable information. Both prior to and after the November 2019 filing, we hired and worked closely with a team of experts to carefully develop our case. Some of these experts performed analysis of the Musical.ly app and TikTok app source code, while other experts provided analysis of the Musical.ly app and TikTok app's functionality. We also employed two teams of investigators to perform important interviews and critical research in the United States as well as in China. And we have been consulting with other experts on the intersection of artificial intelligence, privacy, China-based technology corporations, and the Chinese government. During the course of this work, we have gathered a significant amount of information and are well prepared to prosecute the claims on behalf of our clients.

We also participated in a mediation on April 6, 2020 before former United States District Judge Layn Phillips. Prior to that mediation, we had informed Defendants' counsel that we believed that Defendants' conduct also violated the Illinois Biometric Information Privacy Act ("BIPA"). The law firm Phillips, Erlewine, Given & Carlin LLP participated in this mediation, and they represented certain Illinois residents and a prospective Illinois subclass, including with respect to their BIPA claims. Thus, the mediation included these BIPA claims. While the mediation did not result in an agreement, going through the process further assisted our preparation for responding to Defendants' forthcoming motions.

Shortly following mediation, the parties submitted a joint CMC statement to Judge Koh in mid-April informing her that Plaintiffs intended to amend the original complaint to add additional California and Illinois plaintiffs, and that the Illinois Plaintiffs intended to bring a BIPA claim. Judge Koh issued a case management order establishing pre-trial and trial dates, and allowing us to amend our complaint to assert the BIPA claim, while cautioning that we should ensure a proper basis for that claim. We therefore performed additional due diligence in advance of filing our detailed 89-page amended complaint on May 11, 2020. As clarified throughout our amended complaint, the factual basis underlying the BIPA claim also constitutes grounds for the other privacy claims therein. Accordingly, our broad lawsuit protects the privacy interests of each member of the Illinois subclass – including not only protection of their biometrics, but also their private videos and their user and device identifiers.

Prior to mediation, Plaintiffs had served eight sets of discovery on Defendants, and shortly after mediation, Defendants responded to each. We negotiated and agreed to a protective order to facilitate discovery, and we're in the process of negotiating with Defendants concerning amended responses to our original eight sets of discovery. Notably, one of the entities responding to discovery is the primary China-based entity within the ByteDance/TikTok family: Beijing ByteDance Technology Co., Ltd. We are the only lawsuit to have named them as a defendant and to have served them, and we believe they were and are heavily involved in the BIPA (and other) violations alleged in our amended complaint.

Of the multitude of additional BIPA suits that have been filed in the past two weeks or so, Hausfeld LLP and Burns Charest filed the first action on April 30, 2020, also in the Northern District of California. Those firms have agreed to relate their case to ours pending before Judge Koh, and they similarly believe that transfer of all of these matters to Judge Koh is the best course of action. Judge Koh is an experienced jurist with complex litigation experience, and she is prepared to move these cases toward a quick resolution. Moreover, as you

**EXHIBIT C**                                                                    **9**

likely are aware, the landmark Facebook biometrics litigation is ongoing in the Northern District of California and has resulted in a record tentative settlement of a BIPA claim. Finally, arbitration will be an important defense we must overcome, and the Northern District of California has some of the best rulings in the country on the specific arbitration issues we will face.

We invite you to discuss these issues with us. Please indicate whether you are available on Monday or Tuesday at 11 am PST (1 pm CST / 2 pm EST).

Thank you,
Marc

**Marc E. Masters**
*Of Counsel*
O: 310.201.2100
F: 310.201.2110
E: mmasters@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

# INTENTIONALLY LEFT BLANK

**EXHIBIT C**          **11**

---

**Katrina Carroll**

---

| | |
|---|---|
| **From:** | Katrina Carroll |
| **Sent:** | Thursday, June 4, 2020 8:45 AM |
| **To:** | Marc E. Masters; mjones@hausfeld.com; sgassman@hausfeld.com; mhausfeld@hausfeld.com; jpizzirusso@hausfeld.com; wthompson@burnscharest.com; wburns@burnscharest.com; dcharest@burnscharest.com; rherman@burnscharest.com; knelson@burnscharest.com; aklevorn@burnscharest.com; pmurphree@burnscharest.com; jbaer@baerlawllc.com; cdereus@baerlawllc.com; jstein@baerlawllc.com; dgirard@girardsharp.com; jelias@girardsharp.com; apolk@girardsharp.com; bfj@chimicles.com; bmm@chimicles.com; Kyle Shamberg; Nicholas Lange; lweaver@bfalaw.com; akeller@dicellolevitt.com; dmillen@fklmlaw.com; bhogan@fklmlaw.com; Jon Jagher; kjustice@fklmlaw.com; jsprengel@caffertyclobes.com; dherrera@caffertyclobes.com; nhagman@caffertyclobes.com; rrg@gordonlawchicago.com; jgs@sstriallawyers.com; tyiatras@gmail.com; casey@lawofficeflynn.com; francisflynn@gmail.com; jbk@sstriallawyers.com; twolfson@ahdootwolfson.com; rahdoot@ahdootwolfson.com; tmaya@ahdootwolfson.com; bking@ahdootwolfson.com; rstephan@stephanzouras.com; jzouras@stephanzouras.com; aficzko@stephanzouras.com; mshannon@stephanzouras.com; elangeland@langelandlaw.com; jtostrud@tostrudlaw.com; fbottini@bottinilaw.com; achang@bottinilaw.com; ykolesnikov@bottinilaw.com; jcotchett@cpmlegal.com; mmolumphy@cpmlegal.com; tredenbarger@cpmlegal.com; nrahman@cpmlegal.com; ehg@classlawgroup.com; dmb@classlawgroup.com; jbk@classlawgroup.com; william.a.baird.1@gmail.com; jguglielmo@scott-scott.com; ecomite@scott-scott.com; jpettigrew@scott-scott.com; ekirkwood1@bellsouth.net; Wichmann@onderlaw.com; Onder@onderlaw.com |
| **Cc:** | Ekwan E. Rhow; Dorothy Wolpert; Tom R. Freeman; Jonathan Rotter; Marc L. Godino; Kara Wolke; Pavithra Rajesh; David M. Given; Nicholas A. Carlin; bsc@phillaw.com |
| **Subject:** | RE: Meet and Confer re MDL and Transfer Issues |

Dear Counsel:

Our attempts to include you in the mediation process are consistent with the briefing schedule guidance entered by the MDL panel encouraging informal coordination of actions. We believe that such coordination is achievable here given the positive responses we've received.

We understand that certain counsel in the Northern District of California have expressed a preference in waiting for a leadership order governing their cases. To that end, we believe that in light of the impending mediation, perhaps someone in the Northern District of California cases could advise Judge Koh of this opportunity of a global settlement and expedite the leadership proceedings. Alternatively, the Northern District of California counsel could self-order for purposes of mediation (we understand that *Hong* counsel along with counsel in subsequently-filed Northern District of California cases have already made counsel agreements).

The avenues we propose- expedited court proceedings or private ordering- obviate the concerns raised regarding the appointment of leadership prior to the mediation. We are hopeful given that we have two full months prior to the scheduled date, we can resolve this amicably.

We will proceed with our call as previously scheduled today at 1:00. Call information is as follows:
Dial-in number (US): (425) 535-9510
Access code: 679-946-958#

**EXHIBIT C**      **12**

We hope you will join.

Best,
Katrina and Jon

KATRINA CARROLL
Partner
CARLSON LYNCH LLP
111 W. Washington Street
Suite 1240
Chicago, IL 60602
Main:   312.750.1265
Direct:  312.750.1591
Fax:     773.598.5609
kcarroll@carlsonlynch.com
carlsonlynch.com



---

**From:** Marc E. Masters <mmasters@birdmarella.com>
**Sent:** Wednesday, June 3, 2020 8:27 PM
**To:** Katrina Carroll <kcarroll@carlsonlynch.com>; mjones@hausfeld.com; sgassman@hausfeld.com; mhausfeld@hausfeld.com; jpizzirusso@hausfeld.com; wthompson@burnscharest.com; wburns@burnscharest.com; dcharest@burnscharest.com; rherman@burnscharest.com; knelson@burnscharest.com; aklevorn@burnscharest.com; pmurphree@burnscharest.com; jbaer@baerlawllc.com; cdereus@baerlawllc.com; jstein@baerlawllc.com; dgirard@girardsharp.com; jelias@girardsharp.com; apolk@girardsharp.com; bfj@chimicles.com; bmm@chimicles.com; Kyle Shamberg <kshamberg@carlsonlynch.com>; Nicholas Lange <nlange@carlsonlynch.com>; lweaver@bfalaw.com; akeller@dicellolevitt.com; dmillen@fklmlaw.com; bhogan@fklmlaw.com; Jon Jagher <jjagher@fklmlaw.com>; kjustice@fklmlaw.com; jsprengel@caffertyclobes.com; dherrera@caffertyclobes.com; nhagman@caffertyclobes.com; rrg@gordonlawchicago.com; jgs@sstriallawyers.com; tyiatras@gmail.com; casey@lawofficeflynn.com; francisflynn@gmail.com; jbk@sstriallawyers.com; twolfson@ahdootwolfson.com; rahdoot@ahdootwolfson.com; tmaya@ahdootwolfson.com; bking@ahdootwolfson.com; rstephan@stephanzouras.com; jzouras@stephanzouras.com; aficzko@stephanzouras.com; mshannon@stephanzouras.com; elangeland@langelandlaw.com; jtostrud@tostrudlaw.com; fbottini@bottinilaw.com; achang@bottinilaw.com; ykolesnikov@bottinilaw.com; jcotchett@cpmlegal.com; mmolumphy@cpmlegal.com; tredenbarger@cpmlegal.com; nrahman@cpmlegal.com; ehg@classlawgroup.com; dmb@classlawgroup.com; jbk@classlawgroup.com; william.a.baird1@gmail.com; jguglielmo@scott-scott.com; ecomite@scott-scott.com; jpettigrew@scott-scott.com; ekirkwood1@bellsouth.net; Wichmann@onderlaw.com; Onder@onderlaw.com
**Cc:** Ekwan E. Rhow <erhow@birdmarella.com>; Dorothy Wolpert <dwolpert@birdmarella.com>; Tom R. Freeman <tfreeman@birdmarella.com>; Jonathan Rotter <jrotter@glancylaw.com>; Marc L. Godino <mgodino@glancylaw.com>; Kara Wolke <KWolke@glancylaw.com>; Pavithra Rajesh <prajesh@glancylaw.com>; David M. Given <DMG@phillaw.com>; Nicholas A. Carlin <NAC@phillaw.com>; bsc@phillaw.com
**Subject:** RE: Meet and Confer re MDL and Transfer Issues

Thank you for the email. We will not be participating in the proposed mediation. Instead, we will await Judge Lucy H. Koh's appointment of interim lead counsel.

**EXHIBIT C**                    **13**

Also, for those counsel who are not in the Northern District of Illinois, attached please find Judge Lee's order from this morning.

Thank you,
Marc

**Marc E. Masters**
*Of Counsel*
O: 310.201.2100
F: 310.201.2110
E: mmasters@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,**
**Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

---

**From:** Katrina Carroll <kcarroll@carlsonlynch.com>
**Sent:** Wednesday, June 3, 2020 6:59 AM
**To:** Marc E. Masters <mmasters@birdmarella.com>; mjones@hausfeld.com; sgassman@hausfeld.com; mhausfeld@hausfeld.com; jpizzirusso@hausfeld.com; wthompson@burnscharest.com; wburns@burnscharest.com; dcharest@burnscharest.com; rherman@burnscharest.com; knelson@burnscharest.com; aklevorn@burnscharest.com; pmurphree@burnscharest.com; jbaer@baerlawllc.com; cdereus@baerlawllc.com; jstein@baerlawllc.com; dgirard@girardsharp.com; jelias@girardsharp.com; apolk@girardsharp.com; bfj@chimicles.com; bmm@chimicles.com; Kyle Shamberg <kshamberg@carlsonlynch.com>; Nicholas Lange <nlange@carlsonlynch.com>; lweaver@bfalaw.com; akeller@dicellolevitt.com; dmillen@fklmlaw.com; bhogan@fklmlaw.com; Jon Jagher <jjagher@fklmlaw.com>; kjustice@fklmlaw.com; jsprengel@caffertyclobes.com; dherrera@caffertyclobes.com; nhagman@caffertyclobes.com; rrg@gordonlawchicago.com; jgs@sstriallawyers.com; tyiatras@gmail.com; casey@lawofficeflynn.com; francisflynn@gmail.com; jbk@sstriallawyers.com; twolfson@ahdootwolfson.com; rahdoot@ahdootwolfson.com; tmaya@ahdootwolfson.com; bking@ahdootwolfson.com; rstephan@stephanzouras.com; jzouras@stephanzouras.com; aficzko@stephanzouras.com; mshannon@stephanzouras.com; elangeland@langelandlaw.com; jtostrud@tostrudlaw.com; fbottini@bottinilaw.com; achang@bottinilaw.com; ykolesnikov@bottinilaw.com; jcotchett@cpmlegal.com; mmolumphy@cpmlegal.com; tredenbarger@cpmlegal.com; nrahman@cpmlegal.com; ehg@classlawgroup.com; dmb@classlawgroup.com; jbk@classlawgroup.com; william.a.baird.1@gmail.com; jguglielmo@scott-scott.com; ecomite@scott-scott.com; jpettigrew@scott-scott.com; ekirkwood1@bellsouth.net; Wichmann@onderlaw.com; Onder@onderlaw.com
**Cc:** Ekwan E. Rhow <erhow@birdmarella.com>; Dorothy Wolpert <dwolpert@birdmarella.com>; Tom R. Freeman <tfreeman@birdmarella.com>; Jonathan Rotter <jrotter@glancylaw.com>; Marc L. Godino <mgodino@glancylaw.com>; Kara Wolke <KWolke@glancylaw.com>; Pavithra Rajesh <prajesh@glancylaw.com>; David M. Given <DMG@phillaw.com>; Nicholas A. Carlin <NAC@phillaw.com>; bsc@phillaw.com
**Subject:** RE: Meet and Confer re MDL and Transfer Issues

Dear counsel:
As you know, Jon Jagher and I represent plaintiffs in the Consolidated Action pending in the Northern District of Illinois before Judge Lee. Over the past few weeks, Jon and I have communicated extensively with the various plaintiff counsel groups in an effort to streamline our cases. We have also been communicating regularly with defense counsel.

In case you have not yet seen it, attached is a joint status report that we filed with Judge Lee which advises the Court that Defendant has expressed an interest in pursuing mediation. To that end, we have agreed to proceed before the

**EXHIBIT C** 14

REMAINDER OF EMAIL CHAIN
TRUNCATED FOR
PURPOSES OF BREVITY

**INTENTIONALLY LEFT BLANK**

**EXHIBIT C**            16

---

**Katrina Carroll**

---

| | |
|---|---|
| **From:** | Katrina Carroll |
| **Sent:** | Tuesday, June 9, 2020 7:21 PM |
| **To:** | Marc E. Masters; Jon Jagher; Jonathan Rotter; David M. Given |
| **Subject:** | RE: TikTok |

Marc:
We do not believe that fighting among counsel is productive or necessary.  To respond briefly to your points:

1. The suggestion that we are rushing to mediation is disingenuous given that you've already been to mediation with Judge Phillips in this case.
2. There is no reason to delay an opportunity of further mediation because of leadership concerns. This can easily be resolved as we suggested through private ordering or expedited proceedings with Judge Koh.  We brought our suggestion up again on yesterday's call, but you declined to participate. We further suggested on yesterday's call that, since Judge Koh's decision may come before the mediation date, whomever is appointed can participate.
3. Venue has no bearing on mediation whatsoever.
4. We don't believe that defense counsel is playing anyone against each other. We invited you to participate in mediation and quite frankly, we don't understand your refusal.
5. We asked you to waive confidentiality to avoid duplicative effort.  This makes sense since you already mediated with the same defendant and the same mediator.  Your accusation that we are unprepared is unfounded and incorrect.
6. We will continue with our preparations as we move toward mediation and sincerely hope you will reconsider your position.

Best,
Katrina and Jon

KATRINA CARROLL
Partner
CARLSON LYNCH LLP
111 W. Washington Street
Suite 1240
Chicago, IL  60602
Main:   312.750.1265
Direct:  312.750.1591
Fax:    773.598.5609
kcarroll@carlsonlynch.com
carlsonlynch.com



---

**From:** Marc E. Masters <mmasters@birdmarella.com>
**Sent:** Tuesday, June 9, 2020 8:45 AM
**To:** Jon Jagher <jjagher@fklmlaw.com>; Jonathan Rotter <jrotter@glancylaw.com>; David M. Given <DMG@phillaw.com>

**Cc:** Katrina Carroll <kcarroll@carlsonlynch.com>
**Subject:** RE: TikTok

Jon and Katrina:

Thank you for your inquiry. We are committed to putting the class in the strongest possible position, as is evidenced by the extensive work and investigation reflected in our original and amended complaints. At an appropriate time, we would be happy to participate in another mediation with defendants and play whatever role would be most beneficial to the class.

But, as we informed you previously, we continue to believe that mediation is unlikely to benefit the class until leadership is resolved and an appropriate venue has been decided. We are deeply concerned that TikTok is trying to play counsel against each other in an attempt to enter into another settlement that is not beneficial for the class, such as the one currently under attack in the Northern District of Illinois COPPA case. We ask that you wait until we know where these cases are going, and who is going to lead them, before making and/or finalizing arrangements for a mediation. At that time, we can revisit your request if necessary. Today, however, we must decline.

Your email is concerning for other reasons as well. First, rushing to arrange a mediation as part of jockeying for leadership in the litigation benefits the defendants, who you copied on your original email (but I have left off mine), and disadvantages the class. Second, the fact that you are requesting some of our extensive investment in investigation, expert analysis and legal research reveals that you are not sufficiently prepared or informed to represent the best interests of the class at mediation. Thus, we again request that we all wait and allow the courts to put these cases in the appropriate posture for lead counsel to properly represent the class's best interests.

Thank you,
Marc

**Marc E. Masters**
*Of Counsel*
O: 310.201.2100
F: 310.201.2110
E: mmasters@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,**
**Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

---

**From:** Jon Jagher <jjagher@fklmlaw.com>
**Sent:** Monday, June 8, 2020 8:23 AM
**To:** Marc E. Masters <mmasters@birdmarella.com>; Jonathan Rotter <jrotter@glancylaw.com>; David M. Given <DMG@phillaw.com>
**Cc:** Katrina Carroll <kcarroll@carlsonlynch.com>; aweibell@wsgr.com
**Subject:** TikTok

**EXHIBIT C**                                                          **18**

Marc, Jonathan and David-

Counsel for TikTok advised us that you entered into a confidentiality agreement related to some of the information exchanged during your April 6 mediation. As we move forward to the August 13 mediation, we kindly ask that you waive any privilege/confidentiality to allow us and those participating in the next round of mediation access to the information. This will allow us to have a clearer picture of everything that's happened to this point. Please let us know if you will consent.

Regards,
Jon and Katrina

**Jonathan M. Jagher, Esq.**
**Freed Kanner London & Millen LLC**
**923 Fayette Street**
**Conshohocken, Pennsylvania 19428**

**610.234.6486 - Direct**
**610.234.6487 - Main**
**224.632.4521 - Facsimile**



Web site: www.fklmlaw.com

**PRIVILEGED ATTORNEY/CLIENT COMMUNICATION AND/OR ATTORNEY WORK PRODUCT. The information in this transmittal may be privileged and/or confidential. It is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify Freed Kanner London & Millen LLC immediately at (224) 632-4500 or by return e-mail.**

This email has been scanned for spam and viruses. Click here to report this email as spam.

**INTENTIONALLY LEFT BLANK**

**EXHIBIT C**                                                                                    **20**

---

**Katrina Carroll**
_____

**From:**          Ekwan E. Rhow <erhow@birdmarella.com>
**Sent:**          Friday, July 17, 2020 12:50 PM
**To:**            Katrina Carroll
**Cc:**            Marc E. Masters
**Subject:**       RE: TikTok


Katrina:

I appreciate the introductory email and the invitation. Going forward, please copy Marc Masters on all future correspondence.

We will not participate in the August 13 mediation and we have explained our position in prior email exchanges as well as in briefing before the various courts. We remain open to the possibility of a productive mediation at the right time and under the right circumstances. With the July 30 JPML hearing coming up, and with the question of centralization still undecided, we believe the timing and circumstances of the scheduled August 13 mediation are not appropriate.

Thanks.
Ekwan


**Ekwan E. Rhow**
*Principal*
O: 310.201.2100
F: 310.201.2110
E: erhow@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,**
**Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

---

**From:** Katrina Carroll <kcarroll@carlsonlynch.com>
**Sent:** Friday, July 17, 2020 9:35 AM
**To:** Ekwan E. Rhow <erhow@birdmarella.com>
**Subject:** TikTok

Hi Ekwan:
It's nice to "meet" you by email and I sincerely hope we can build a positive working relationship going forward.
As you probably know already, all of the plaintiffs in TikTok cases pending outside of the Northern District of California are proceeding to mediation on August 13th with Judge Phillips.
I've invited your group to participate a few times, but there was hesitation because Judge Koh had not appointed any leadership for the Northern District of California cases.
In light of your recent appointment as Lead Counsel in those matters, I'm reaching out to see if your position on mediation has changed.
We believe that your participation would benefit everyone involved and are willing to set our past differences aside to ensure productive discussions for the class.

1

**EXHIBIT C** 21

Please let us know your thoughts.

Best,
Katrina

KATRINA CARROLL
Partner
CARLSON LYNCH LLP
111 W. Washington Street
Suite 1240
Chicago, IL 60602
Main:   312.750.1265
Direct:  312.750.1591
Fax:     773.598.5609
kcarroll@carlsonlynch.com
carlsonlynch.com



This email has been scanned for spam and viruses. Click here to report this email as spam.

**EXHIBIT C** 22

# INTENTIONALLY LEFT BLANK

**EXHIBIT C**                                                                                 **23**

| | |
|---|---|
| **From:** | Katrina Carroll |
| **To:** | Ekwan E. Rhow |
| **Subject:** | RE: Tik Tok |
| **Date:** | Wednesday, August 5, 2020 10:01:00 AM |
| **Attachments:** | image001.png |

Hi Ekwan:

Thanks so much for the nice words. I'm around today generally. Give me a call on my cell whenever you're ready: 847-848-1384.

Best,

Katrina

**KATRINA CARROLL**

Partner

**CARLSON LYNCH** LLP

111 W. Washington Street
Suite 1240
Chicago, IL 60602
Main:  312.750.1265
Direct:  312.750.1591
Fax:    773.598.5609
kcarroll@carlsonlynch.com
carlsonlynch.com



---

**From:** Ekwan E. Rhow <erhow@birdmarella.com>
**Sent:** Tuesday, August 4, 2020 8:15 PM
**To:** Katrina Carroll <kcarroll@carlsonlynch.com>
**Subject:** Tik Tok

Katrina – Great work on the argument and am happy that the case is in good hands out there in Illinois.

Now that centralization is resolved, let me know if you have time to chat about the case going forward.

Thanks.

Ekwan

**Ekwan E. Rhow**

*Principal*

O: 310.201.2100

F: 310.201.2110

E: erhow@birdmarella.com

**Bird, Marella, Boxer, Wolpert, Nessim,**

**EXHIBIT C**                                                            **24**

**Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

# INTENTIONALLY LEFT BLANK

**EXHIBIT C**                                                                                        **26**

| | |
|---|---|
| **From:** | Ekwan E. Rhow |
| **To:** | Katrina Carroll |
| **Subject:** | Mediation |
| **Date:** | Thursday, August 6, 2020 1:26:02 PM |

Katrina

Good talking today. I am getting together the prior mediation materials and should have a package together soon.

I have cleared with my wife (just barely) and think I can fly down from Tahoe that morning. Could you confirm time and address for the mediation?

Thanks and look forward to working on this together.

Ekwan

**Ekwan E. Rhow**
*Principal*
O: 310.201.2100
F: 310.201.2110
E: erhow@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,**
**Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

This email has been scanned for spam and viruses. Click here to report this email as spam.

**EXHIBIT C**

# INTENTIONALLY LEFT BLANK

**EXHIBIT C**     **28**

| | |
|---|---|
| **From:** | Ekwan E. Rhow |
| **To:** | Katrina Carroll |
| **Subject:** | Mediation |
| **Date:** | Sunday, August 9, 2020 1:13:03 PM |

Katrina

Hope your weekend is going well.  It's been radio silent from Tony who is probably jammed up getting ready to sue Trump.  We are continuing to operate under assumption that I'll be there and, with this delay in getting back to us, the prejudice is only worse and further irreparable.

On my end, I am getting together a package for you that will include the prior briefs, a summary of what the last term sheet was and also a draft consolidated complaint that we were going to file at some point.  The last document will add some new allegations (clipboard, transmission of information to third parties) and a new claim under the VPPA that might provide some useful leverage for us.

My goal is to get all of us to you first thing tomorrow.  We can then talk perhaps on Tuesday to prep (I'll be in a car for seven hours that day).  Feel free to hit me up if you have questions.
Ekwan

## Ekwan E. Rhow

*Principal*
O: 310.201.2100
F: 310.201.2110
E: erhow@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,**
**Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

**INTENTIONALLY LEFT BLANK**

**EXHIBIT C**                                                                    **30**

| | |
|---|---|
| **From:** | Ekwan E. Rhow |
| **To:** | Weibell, Tony |
| **Cc:** | Katrina Carroll; Megan E. Jones |
| **Subject:** | RE: Mediation |
| **Date:** | Wednesday, August 12, 2020 12:24:58 AM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |

Tony:

I write in response to your August 6, 2020 and August 11, 2020 e-mails.

On July 14, 2020, Judge Lucy H. Koh issued an order under Rule 23(g) of the Federal Rules of Civil Procedure in which she appointed me as "Interim Lead Plaintiffs' Counsel and Chairperson of an Executive Committee" consisting of "Kara Wolke of Glancy, David Given of Phillips, Megan Jones of Hausfeld, and Amanda Klevorn of Burns." Judge Koh explicitly adopted the "leadership configuration and general oversight responsibilities" set forth in our motion, which made each of the Executive Committee members responsible to me, and gave me joint responsibility for their particular areas of oversight. That includes Ms. Jones's oversight of settlement. *See In re TikTok, Inc. Privacy Litig.*, 19-cv-07792, Doc. Nos. 64, 82. Judge Koh's Order remains in place and governs all parties and counsel in the Northern District of California, including you and your clients.

Despite your express invitation to the parties in the N.D. Cal. actions to attend the mediation, you now demand that (1) I not attend the mediation and (2) Ms. Jones acknowledge and agree "that no one associated with Plaintiffs will disclose any confidential mediation communications or other confidential information from TikTok to any attorney or staff associated with the Bird Marella or Glancy law firms." These unilaterally-imposed conditions are in direct violation of Judge Koh's Order, which allow – and indeed require – Ms. Jones to communicate and coordinate with me. I have equal right and responsibility to attend the mediation under the Order, and to represent my clients and the class identified in the N.D. Cal. complaints. Your demands also impermissibly interfere with the attorney-client relationship by preventing open and candid discussions about the mediation between our clients and their chosen counsel of record, and as such require that we violate the rules of professional responsibility. This is unacceptable.

You already admitted that your clients have no actual evidence of a conflict, but only vague "feelings" motivating these demands. Nonetheless, without obligation to do so, I confirmed to you last week that I have no past, present or planned connections with Facebook, Instagram, Microsoft, President Trump or the ongoing governmental investigations. Nor do Bird Marella or Glancy, Prongay & Murray. Even though any such connections would not be a basis to disqualify our firms – and you have never sought or obtained such a disqualification order – I indicated our willingness to sign declarations attesting to the lack of such connections to supplement all the normal confidentiality protections that attach to mediation. We remain willing to do so.

Your attempt to personally select which plaintiffs' counsel attends the mediation is especially concerning given your repeated admissions to me and others that my presence would be useful to

ensuring a comprehensive mediation that covers all existing and potential claims and remedies that the class may have. By barring my participation, in direct conflict with Judge Koh's Order, you are creating a fractured and incomplete mediation that unnecessarily and artificially shuts out our clients and their current claims, as well as additional contemplated ones. Your current insistence on my exclusion also could undermine any representation that may be made about the arms' length negotiation between plaintiff and defense counsel, which is essential for approval of a settlement.

Having invited the N.D. Cal. plaintiffs to participate in this mediation, you cannot now pick and choose which of their lawyers will attend or set conditions or restrictions on how information flows to their court-approved lead counsel. Moreover, because Judge Koh's Order expressly forbids any other law firms from working on the case "without prior approval of the Court," *see In re TikTok, Inc. Privacy Litig.*, 19-cv-07792, Doc. No. 82, you are unilaterally and effectively excluding the N.D. Cal. plaintiffs from participating by virtue of barring me and setting self-serving conditions on participation.

In the interest of protecting the integrity of the mediation, we ask you to reconsider your position. In the meantime, we reserve all rights and remedies arising from your unilateral conduct.

Sincerely,
Ekwan


**Ekwan E. Rhow**
*Principal*
O: 310.201.2100
F: 310.201.2110
E: erhow@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

---

**From:** Weibell, Tony <aweibell@wsgr.com>
**Sent:** Tuesday, August 11, 2020 10:12 AM
**To:** Ekwan E. Rhow <erhow@birdmarella.com>
**Cc:** Katrina Carroll <kcarroll@carlsonlynch.com>; Megan E. Jones <mjones@hausfeld.com>
**Subject:** [EXTERNAL] RE: Mediation

Hi Ekwan, Megan, and Katrina,

(Apologies for the lengthy email.)

There has been no change since last week in the status of TikTok's position. TikTok welcomes the inclusion in the mediation of the consolidated plaintiffs from the ND Cal actions and their

**EXHIBIT C**

representation by Megan Jones, who was previously appointed by Judge Koh to serve as "Executive Committee Member with oversight of settlement, including mediation, motions for preliminary and final approval, addressing potential objections, and claims administration." But no confidential mediation communications or confidential information disclosed by TikTok as part of or as a result of the mediation or anticipated settlement may be shared with any attorney or staff associated with the Bird Marella or Glancy law firms. This means that TikTok does not agree to the presence of these two firms at the mediation.

We appreciate the assurances that have been provided that no ulterior interests in the form of undisclosed motives and/or undisclosed clients exists with respect to these firms, and we hoped that would be sufficient to alleviate the concerns and allow for these two firms to participate in the mediation. But given the unprecedented sensitivity of TikTok's current situation with the presidential executive order issued August 6, 2020 and the seemingly coordinated efforts between TikTok's competitors, potential acquirors, political adversaries, and the activities of these two firms, TikTok is not in a position to subject itself to further risk when the absent class members are more than adequately represented by Ms. Jones, Ms. Carroll, and all of the other counsel who will be representing plaintiffs in the mediation. TikTok does not object of course to these two firms providing whatever advice and information to their co-counsel they deem helpful to their negotiating position in advance of the mediation, including the briefs and other confidential information exchanged during the April 6, 2020 mediation.

**If Ms. Jones acknowledges and agrees to the limitation above in a written response to this email and agrees that no one associated with Plaintiffs will disclose any confidential mediation communications or other confidential information from TikTok to any attorney or staff associated with the Bird Marella or Glancy law firms, then TikTok consents for Ms. Jones to receive the materials that have been exchanged to date and to participate at the mediation on behalf of any plaintiffs.**

The limitation applies only to the two firms named above, not to their clients. To the extent it has been suggested that TikTok does not have the right to choose with whom it will agree to mediate, that suggestion is untenable. This mediation is a private affair. TikTok has agreed with certain parties and the mediator to conduct a private, confidential mediation—TikTok does not have to privately mediate with any party or counsel to which it does not agree.

Notably, the Bird Marella and Glancy firms were repeatedly invited to participate in the mediation but refused on the grounds that no one could compel their inclusion. Not only did they refuse to agree to participate in this mediation, they repeatedly accused counsel who had worked to put the mediation together of breaching their professional and fiduciary duties (e.g., telling the court that "the hasty reverse auction Northern Illinois Counsel cooked up in an attempt to bolster their own leadership position is unlikely to serve the best interests of the class"), tortiously interfered with the parties' mediation agreement by contacting the mediator in an effort to disrupt the mediation, and sought to restrain other counsel and parties from participating in the mediation who would otherwise have done so. *Despite all of this, all counsel involved in the mediation were still willing to allow all plaintiffs' firms to participate in the mediation.* But due to recent events and concerns about potential ulterior interests that have resurfaced, TikTok has decided that the risks of allowing

the Bird Marella and Glancy firms to participate (not their clients) outweigh the benefits, especially where an all-star cast of plaintiff firms is participating and can without doubt adequately represent the interests of the putative class.

Thanks,

Tony

---



**Anthony J Weibell | Partner | Wilson Sonsini Goodrich & Rosati**
650 Page Mill Road | Palo Alto, CA 94304-1050 | direct: 650.354.4134 | aweibell@wsgr.com

---

**From:** Ekwan E. Rhow <erhow@birdmarella.com>
**Sent:** Tuesday, August 11, 2020 8:22 AM
**To:** Weibell, Tony <aweibell@wsgr.com>
**Cc:** Katrina Carroll <kcarroll@carlsonlynch.com>; Megan E. Jones <mjones@hausfeld.com>
**Subject:** Mediation

[External]
Tony - As we prepare for the upcoming mediation, we need to be able to have the entire plaintiff's group access the mediation materials from the prior mediation and the upcoming one.  We are willing to waive the confidentiality requirement that attaches to those materials so that they can freely be shared among the group but need your consent as well.  Please confirm that Tik Tok will consent to such disclosure so that we can be adequately prepared for our mediation on Thursday.  Thanks.
Ekwan

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient.  Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited.  If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

**EXHIBIT C**

# INTENTIONALLY LEFT BLANK

**EXHIBIT C**     **35**

| | |
|---|---|
| **From:** | Katrina Carroll |
| **To:** | Ekwan E. Rhow |
| **Subject:** | RE: TikTok |
| **Date:** | Wednesday, August 12, 2020 6:28:00 PM |
| **Attachments:** | image001.png |

Any word yet from Tony? I've heard nothing.

As you know, Tony waived confidentiality. We're working on our prep now and it would be extremely beneficial if we knew what happened during your prior mediation.

KATRINA CARROLL
Partner

CARLSON LYNCH LLP
111 W. Washington Street
Suite 1240
Chicago, IL 60602
Main:  312.750.1265
Direct: 312.750.1591
Fax:   773.598.5609
kcarroll@carlsonlynch.com
carlsonlynch.com

# CARLSON
# LYNCH

---

**From:** Ekwan E. Rhow <erhow@birdmarella.com>
**Sent:** Wednesday, August 12, 2020 3:44 PM
**To:** Katrina Carroll <kcarroll@carlsonlynch.com>
**Subject:** RE: TikTok

Thanks, Katrina.

Let's see what happens.

**Ekwan E. Rhow**
*Principal*
O: 310.201.2100
F: 310.201.2110
E: erhow@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

---

**EXHIBIT C**                                                                    **36**

**From:** Katrina Carroll <kcarroll@carlsonlynch.com>
**Sent:** Wednesday, August 12, 2020 1:25 PM
**To:** Ekwan E. Rhow <erhow@birdmarella.com>
**Subject:** [EXTERNAL] FW: TikTok

FYI. If he responds, I will let you know.

KATRINA CARROLL
Partner
CARLSON LYNCH LLP
111 W. Washington Street
Suite 1240
Chicago, IL 60602
Main:   312.750.1265
Direct: 312.750.1591
Fax:    773.598.5609
kcarroll@carlsonlynch.com
carlsonlynch.com

# CARLSON
# LYNCH

---

**From:** Katrina Carroll
**Sent:** Wednesday, August 12, 2020 3:24 PM
**To:** 'Weibell, Tony' <aweibell@wsgr.com>
**Subject:** TikTok

Hi Tony-
I'm following up on our prior phone conversations concerning the mediation and participation from the ND Cal group.  As you already know and as I have expressed to you a couple of times, our group has continuously taken the position that counsel from the ND Cal consolidated action be allowed to participate in the mediation, including both Ekwan Rhow (Lead Counsel) and Megan Jones (designated Settlement Counsel).  We understand that your client has reservations concerning Ekwan's participation due to a perceived conflict but has agreed to allow Megan Jones to represent their group at mediation, on certain conditions.  I do not know the status of your discussions at the moment, but, as you know, I've suggested several options on how to move forward, including sequestering Ekwan during technical discussions regarding the functionality of the app and/or some type declaration or additional confidentiality agreement by Ekwan and his firm to allay your client's concerns.  I further suggested that perhaps you could work through Layn's office on a compromise. We hope this conflict issue can be resolved today, however, if it is not, we intend to move forward and represent the class to the best of our ability. Please keep us posted on any new developments.
Best,
Katrina

**EXHIBIT C** 37

# INTENTIONALLY LEFT BLANK

**EXHIBIT C** **38**

| | |
|---|---|
| **From:** | Katrina Carroll |
| **To:** | Ekwan E. Rhow |
| **Subject:** | FW: TikTok |
| **Date:** | Wednesday, August 12, 2020 3:24:00 PM |
| **Attachments:** | image001.png |

FYI. If he responds, I will let you know.

**KATRINA CARROLL**
Partner

**CARLSON LYNCH** LLP
111 W. Washington Street
Suite 1240
Chicago, IL 60602
Main: 312.750.1265
Direct: 312.750.1591
Fax: 773.598.5609
kcarroll@carlsonlynch.com
carlsonlynch.com

# CARLSON
# LYNCH

**From:** Katrina Carroll
**Sent:** Wednesday, August 12, 2020 3:24 PM
**To:** 'Weibell, Tony' <aweibell@wsgr.com>
**Subject:** TikTok

Hi Tony-
I'm following up on our prior phone conversations concerning the mediation and participation from the ND Cal group.  As you already know and as I have expressed to you a couple of times, our group has continuously taken the position that counsel from the ND Cal consolidated action be allowed to participate in the mediation, including both Ekwan Rhow (Lead Counsel) and Megan Jones (designated Settlement Counsel).  We understand that your client has reservations concerning Ekwan's participation due to a perceived conflict but has agreed to allow Megan Jones to represent their group at mediation, on certain conditions.  I do not know the status of your discussions at the moment, but, as you know, I've suggested several options on how to move forward, including sequestering Ekwan during technical discussions regarding the functionality of the app and/or some type declaration or additional confidentiality agreement by Ekwan and his firm to allay your client's concerns.  I further suggested that perhaps you could work through Layn's office on a compromise. We hope this conflict issue can be resolved today, however, if it is not, we intend to move forward and represent the class to the best of our ability. Please keep us posted on any new developments.
Best,
Katrina

**EXHIBIT C** 39

# INTENTIONALLY LEFT BLANK

# EXHIBIT C
**40**

| | |
|---|---|
| **From:** | Katrina Carroll |
| **To:** | Ekwan E. Rhow; dgirard@girardsharp.com; jelias@girardsharp.com; apolk@girardsharp.com; bfj@chimicles.com; bmm@chimicles.com; Kyle Shamberg; Nicholas Lange; lweaver@bfalaw.com; akeller@dicellolevitt.com; dmillen@fklmlaw.com; bhogan@fklmlaw.com; Jon Jagher; kjustice@fklmlaw.com; jsprengel@caffertyclobes.com; dherrera@caffertyclobes.com; nhagman@caffertyclobes.com; rrg@gordonlawchicago.com; jgs@sstriallawyers.com; tviatras@gmail.com; casey@lawofficeflynn.com; francisflynn@gmail.com; jbk@sstriallawyers.com; twolfson@ahdootwolfson.com; rahdoot@ahdootwolfson.com; tmaya@ahdootwolfson.com; bking@ahdootwolfson.com; rstephan@stephanzouras.com; jzouras@stephanzouras.com; aficzko@stephanzouras.com; mshannon@stephanzouras.com; elangeland@langelandlaw.com; jtostrud@tostrudlaw.com; fbottini@bottinilaw.com; achang@bottinilaw.com; ykolesnikov@bottinilaw.com; jcotchett@cpmlegal.com; mmolumphy@cpmlegal.com; tredenbarger@cpmlegal.com; nrahman@cpmlegal.com; dmb@classlawgroup.com; jbk@classlawgroup.com; william.a.baird.1@gmail.com; jguglielmo@scott-scott.com; ecomite@scott-scott.com; jpettigrew@scott-scott.com; ekirkwood1@bellsouth.net; Wichmann@onderlaw.com; Onder@onderlaw.com; ssklaver@susmangodfrey.com; Kalpana Srinivasan; mgervais@susmangodfrey.com; ecc@fmcolaw.com; kcc@fmcolaw.com; rmf@fmcolaw.com; beth@feganscott.com; melissa@feganscott.com; jonathan@feganscott.com |
| **Cc:** | Marc E. Masters; Tom R. Freeman; Jonathan Rotter; Marc L. Godino; Kara Wolke; Lionel Glancy; David M. Given; Nicholas A. Carlin; James Pizzirusso; Megan E. Jones; Amanda Klevorn; Korey Nelson |
| **Subject:** | RE: TikTok Plaintiffs" Counsel Meet and Confer |
| **Date:** | Wednesday, August 19, 2020 9:55:00 AM |
| **Attachments:** | image001.png |

Ekwan:

Thank you for your email.

As you know, all cases (except for your consolidated action) were represented at the mediation and actively participated in the negotiations. Further, representatives from all cases have continually communicated throughout the history of this case and we continue to do so now. To the extent that your email represents some reconsideration of your prior position and a newfound attempt at collaboration with co-counsel beyond your group, we welcome you. As you are aware, we have previously reached out to you in an effort to establish a collaborative and cooperative relationship among all plaintiffs' counsel in this case. We are heartened that you now appear to be receptive.

At this point, however, we do not believe it is appropriate for us to join your effort to force Defendant to provide information regarding the settlement terms to you. If you choose to proceed with your demand to defense counsel, we will take no position on it. While we have always supported the idea of you participating in the mediation and receiving information regarding the pending settlement, we simply see no benefit to be gained for the class in making such a demand of Defendant at this time, which could derail the hard-fought settlement which we have worked for months to resolve on mutually agreeable terms and with the assistance of a seasoned and tremendously respected mediator. Of course, once the settlement is made public, we would welcome any dialogue that would lead to the best possible result for the class. We understand your concern that 90 days is too long to withhold settlement terms and to allay that, we will explore with Defendant a potential compromise that would make the terms available sooner.

For now, we see no need to deviate from the typical process of settlement approval. Quite frankly, Ekwan, your request to now receive the settlement information in advance of its public disclosure appears to be somewhat at odds with your position regarding participation in the mediation process, and adds to the list of decisions you have made in this case that appear to be driven more by your personal interest in securing control over the litigation than what is in the best interest of our collective clients and the class. Briefly, the history is as follows:

**EXHIBIT C**                                                                                    **41**

1.      On June 3, 2020, we invited all counsel- including you (meaning, Bird Marella)- to participate in the mediation.  Despite having mediated already with Judge Phillips, albeit unsuccessfully, you immediately declined.  Your stated reason for declining was that you would prefer to await Judge Koh's appointment of interim lead counsel in the consolidated Northern District of California cases.  You also indicated to all counsel that you would be pursuing intervention in our case for purposes of dismissal and transfer and circulated Judge Lee's briefing order.

2.      On June 4, 2020, despite your having filed intervention papers in our case, we again reached out to all counsel.  Because we did not want to forego an opportunity to pursue meaningful relief for the class, and recognizing the procedural status of the cases, we suggested that all counsel in the Northern District of California cases could self-order for purposes of mediation or else pursue expedited leadership proceedings before Judge Koh to alleviate the concerns raised regarding the appointment of leadership prior to the mediation.  You declined to pursue either of these suggestions and dug in on your refusal to participate in the mediation process.

3.      On June 8, 2020, we held an organizational conference call among all counsel to discuss the mediation, our negotiation strategy and how best to proceed.  Representatives from all of the districts participated on that call.  You declined.

4.      On June 8, 2020, in our preparations for mediation, we asked you to provide us with the information exchanged during your prior mediation with Judge Phillips so that those participating in the next round would have a clearer picture of everything that happened.  In response, without any basis whatsoever, you accused us of improperly rushing to mediation and being unprepared.  You declined to share any information with us  regarding the prior mediation, even though Defendant was willing to waive the mediation privilege  Your decision was shockingly at odds with the best interests of the class and appeared to be driven by your desire to maintain some type of proprietary, self-serving interest over the history of the negotiations with the Defendant.

5.      On June 12, 2020, we learned that certain counsel in your consolidated action (who were invited to participate in the mediation along with everyone else) contacted defense counsel insisting that TikTok to pull out of the mediation and accusing us of attempting to conduct a "reverse auction." Hence, wholly apart from merely refusing to participate in the mediation, your group affirmatively attempted to thwart a settlement opportunity for the class.  And of course, the accusation of a "reverse auction" was completely baseless, since we had been continually inviting you to attend the mediation and negotiate collaboratively with us.  Again, it appeared that your motivations leaned toward self-interest over the needs of the class.

6.      On June 16, 2020, we reiterated our request that you allow us to know what happened at your prior mediation.  You again declined.

7.      On June 23, 2020, you filed a reply brief in support of your intervention motion in our court that asserted that Northern District of Illinois counsel somehow conspired with defense in filing a joint response brief opposing intervention. When you were informed that Judge Lee had, in fact, ordered us to file the joint brief, you refused to correct your misrepresentation with the court.

8.      On July 17, 2020, we congratulated you on your appointment as lead for the Northern

# EXHIBIT C

District of California case, told you we'd like to set our differences aside to ensure productive collaboration, and again, invited you to participate in mediation. You responded the same day, asked us to copy Marc Masters on all communications going forward despite your having been appointed as lead counsel, and reiterated your prior refusal to participate in the mediation.

9.    On July 30, 2020, we argued the MDL. During the argument, the panel was concerned about your refusal to participate in mediation. You confirmed at the argument that you would not attend. You did not reconsider your refusal in the days following the argument.

10.    Meanwhile, during our July and early August discussions with the mediator's office, we learned that your group contacted the mediator without our prior knowledge or authorization to interfere in the mediation process by attempting to discourage the mediator from allowing us to proceed. In fact, your group created such a significant distraction that we had to devote substantial time and effort to addressing your attempts at interference in the days- and even hours- leading all the way up to the mediation.

11.    On August 4, 2020, after the MDL panel issued its ruling sending the cases to Northern District of Illinois, you suddenly reached out, indicating your willingness to be included in the mediation. (Again, a reversal of position that appeared to be motivated by self-interest rather than the best interest of the plaintiffs and the class.) Thereafter, even though we were very well-organized and had prepared for mediation for over two months, we made every effort to include your group and even reserved two in-person spots (of only eight available) for you and Megan (your group's "settlement" counsel). Even when defense counsel raised issues concerning a perceived conflict with your firm's participation, we implored them to allow you to attend. We tried to assist you in resolving the personal dispute between your firm and defense counsel, which threatened the integrity of the entire mediation and would rob the class of a unique opportunity at settlement given the political climate as well as TikTok's ongoing discussions with potential acquirors. When this dispute surfaced again in the final days preceding the mediation, we even went so far as to suggest several avenues that you could explore with defense counsel. One of our suggestions was to use our mediator to work through these issues separately, the day before the mediation, to eliminate the distraction. We do not know all the details of your discussions, but our understanding is that you did not fully pursue all of your available options. Nor would you agree that Megan could participate in your stead, something that the Defendant agreed to permit.

12.    And finally, the day before the mediation, we asked you again whether you would waive confidentiality so that we wouldn't waste our time bidding against the class. Your response was to condition your providing us with information concerning the prior mediation on your personal attendance at the mediation. We fail to understand how holding this information hostage benefitted the class in any way. You left us (and the class) no choice but to negotiate in a vacuum. Even now, you still have not shared what happened at your mediation, even though the Defendant has expressly consented for you to share such information. This is yet another example of conduct which appears to be calculated to serve your personal interest in controlling this litigation, rather than serving the needs and interests of our collective clients and the class.

EXHIBIT C                                                                    43

Ekwan, as this makes clear, from the very outset, we have attempted to include all counsel (including you up until the final hours preceding the mediation) in the mediation process for the benefit of the class. Conversely and to the detriment of the class, you and/or other counsel from your consolidated case have refused our numerous attempts at cooperation, implored defense counsel not to mediate with us and also interfered with the integrity of the settlement process by contacting the mediator for the purpose of denying the class the opportunity of a favorable, negotiated resolution to this litigation. Notwithstanding these subversive actions, we continue to recognize the value of full participation and welcome the opportunity to work together as we try to move the settlement towards final approval.

As you know, we now have reached a tentative settlement of the claims in this case, with the majority of the cases in the MDL actively participating.  We intend to present that settlement to the court in the normal course. Given that the case is settled, we see no benefit to the class whatsoever of engaging with you in standard "litigation track" discussions (discovery, class certification, etc.) which are now moot.  CMO No. 1 provides for an appropriate meet and confer to discuss litigation decisions and the filing of a proposed case management schedule, but only "to the extent applicable." (See CMO No. 1 at ¶9(d), 9(f)).   The discussions you are suggesting are not at all applicable now.  Of course, we are happy to discuss whatever is ripe and makes sense.

Best,
Katrina Carroll
Jon Jagher

KATRINA CARROLL
Partner
CARLSON LYNCH LLP
111 W. Washington Street
Suite 1240
Chicago, IL  60602
Main:   312.750.1265
Direct:  312.750.1591
Fax:     773.598.5609
kcarroll@carlsonlynch.com
carlsonlynch.com



---

**From:** Ekwan E. Rhow <erhow@birdmarella.com>
**Sent:** Tuesday, August 18, 2020 4:36 PM
**To:** Katrina Carroll <kcarroll@carlsonlynch.com>; dgirard@girardsharp.com; jelias@girardsharp.com; apolk@girardsharp.com; bfj@chimicles.com; bmm@chimicles.com; Kyle Shamberg

**EXHIBIT C**         **44**

<kshamberg@carlsonlynch.com>; Nicholas Lange <nlange@carlsonlynch.com>;
lweaver@bfalaw.com; akeller@dicellolevitt.com; dmillen@fklmlaw.com; bhogan@fklmlaw.com; Jon
Jagher <jjagher@fklmlaw.com>; kjustice@fklmlaw.com; jsprengel@caffertyclobes.com;
dherrera@caffertyclobes.com; nhagman@caffertyclobes.com; rrg@gordonlawchicago.com;
jgs@sstriallawyers.com; tyiatras@gmail.com; casey@lawofficeflynn.com; francisflynn@gmail.com;
jbk@sstriallawyers.com; twolfson@ahdootwolfson.com; rahdoot@ahdootwolfson.com;
tmaya@ahdootwolfson.com; bking@ahdootwolfson.com; rstephan@stephanzouras.com;
jzouras@stephanzouras.com; aficzko@stephanzouras.com; mshannon@stephanzouras.com;
elangeland@langelandlaw.com; jtostrud@tostrudlaw.com; fbottini@bottinilaw.com;
achang@bottinilaw.com; ykolesnikov@bottinilaw.com; jcotchett@cpmlegal.com;
mmolumphy@cpmlegal.com; tredenbarger@cpmlegal.com; nrahman@cpmlegal.com;
ehg@classlawgroup.com; dmb@classlawgroup.com; jbk@classlawgroup.com;
william.a.baird.1@gmail.com; jguglielmo@scott-scott.com; ecomite@scott-scott.com;
jpettigrew@scott-scott.com; ekirkwood1@bellsouth.net; Wichmann@onderlaw.com;
Onder@onderlaw.com; ssklaver@susmangodfrey.com; Kalpana Srinivasan
<ksrinivasan@susmangodfrey.com>; mgervais@susmangodfrey.com; ecc@fmcolaw.com;
kcc@fmcolaw.com; rmf@fmcolaw.com; beth@feganscott.com; melissa@feganscott.com;
jonathan@feganscott.com
**Cc:** Marc E. Masters <mmasters@birdmarella.com>; Tom R. Freeman <tfreeman@birdmarella.com>;
Jonathan Rotter <jrotter@glancylaw.com>; Marc L. Godino <mgodino@glancylaw.com>; Kara Wolke
<KWolke@glancylaw.com>; Lionel Glancy <LGlancy@glancylaw.com>; David M. Given
<DMG@phillaw.com>; Nicholas A. Carlin <NAC@phillaw.com>; James Pizzirusso
<jpizzirusso@hausfeld.com>; Megan E. Jones <mjones@hausfeld.com>; Amanda Klevorn
<aklevorn@burnscharest.com>; Korey Nelson <knelson@burnscharest.com>
**Subject:** TikTok Plaintiffs' Counsel Meet and Confer

Dear Counsel –

I'm writing on behalf of my firm and the other four law firms who were appointed by Judge
Lucy H. Koh to the interim leadership group in the Northern District of California. Pursuant to
Judge John Z. Lee's August 17, 2020 Case Management Order No. 1 (the "CMO"), all
counsel in the cases listed in Exhibit A thereto are now Interim Counsel and have been ordered
to meet and confer on certain issues. I'm writing to begin that process.

First, our five firms intend to send a letter to Defendants by **noon PST tomorrow** demanding
they reveal all the terms of their potential settlement. All designated Interim Counsel are
entitled to know those terms pursuant to the CMO and because they pertain to our respective
clients and the class in general. We will advise Defendants that we will stipulate to the
standard mediation confidentiality provisions to protect that information from improper
disclosure. If you would like to sign on to our letter demand, please let us know by **10 a.m.
PST tomorrow** and we will circulate a draft to you. We are hopeful that the firms who
participated in the August 13 mediation will join in the request that all Interim Counsel be
given the opportunity to see the terms and discuss the potential settlement and contingencies
that are present.

Next, the CMO mandates that all Interim Counsel participate in a meet and confer with
Defendants concerning discovery, class certification, experts, dispositive motions, and

settlement prior to the filing of a joint proposed case management schedule on September 8. We would like to suggest a meet and confer internally among all plaintiffs' counsel to see if we can reach a consensus on these issues before discussing them with Defendants. Please let us know your availability **next Monday or Tuesday** for this discussion. That will allow enough time to receive a response from Defendants on our demand for the terms of the potential settlement, which are part of this meet and confer.

Finally, the CMO directs all Interim Counsel to meet and confer about leadership and liaison counsel, and to attempt to reach consensus before filing any motions/applications by the September 8 deadline. We would like to have these discussions as a group **next Monday or Tuesday** as well. Please advise of your availability.

We recognize that, even beyond the terms of the CMO, Judge Lee may have a different approach to lead appointments than does Judge Koh. We seek an approach that is as inclusive as possible and are interested in any and all input. We look forward to working with you.

Sincerely,

Ekwan Rhow
Kara Wolke
David Given
Megan Jones
Amanda Klevorn


**Ekwan E. Rhow**
*Principal*
O: 310.201.2100
F: 310.201.2110
E: erhow@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,**
**Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

This email has been scanned for spam and viruses. Click here to report this email as spam.

# INTENTIONALLY LEFT BLANK

**EXHIBIT C**                                                                   **47**

| | |
|---|---|
| **From:** | Katrina Carroll |
| **To:** | Weibell, Tony |
| **Cc:** | Tom R. Freeman; Marc E. Masters; Jonathan Rotter; Marc L. Godino; Kara Wolke; Lionel Glancy; David M. Given; Nicholas A. Carlin; James J. Pizzirusso; Megan E. Jones; Amanda Klevorn; Korey Nelson; dgirard@girardsharp.com; jelias@girardsharp.com; apolk@girardsharp.com; bfj@chimicles.com; bmm@chimicles.com; Kyle Shamberg; Nicholas Lange; lweaver@bfalaw.com; akeller@dicellolevitt.com; dmillen@fklmlaw.com; bhogan@fklmlaw.com; Jon Jagher; kjustice@fklmlaw.com; jsprengel@caffertyclobes.com; dherrera@caffertyclobes.com; nhagman@caffertyclobes.com; rrg@gordonlawchicago.com; jgs@sstriallawyers.com; tviatras@gmail.com; casey@lawofficeflynn.com; francisflynn@gmail.com; jbk@sstriallawyers.com; twolfson@ahdootwolfson.com; rahdoot@ahdootwolfson.com; tmaya@ahdootwolfson.com; bking@ahdootwolfson.com; rstephan@stephanzouras.com; jzouras@stephanzouras.com; aficzko@stephanzouras.com; mshannon@stephanzouras.com; elangeland@langelandlaw.com; jtostrud@tostrudlaw.com; fbottini@bottinilaw.com; achang@bottinilaw.com; ykolesnikov@bottinilaw.com; jcotchett@cpmlegal.com; mmolumphy@cpmlegal.com; tredenbarger@cpmlegal.com; nrahman@cpmlegal.com; ehg@classlawgroup.com; dmb@classlawgroup.com; jbk@classlawgroup.com; william.a.baird.1@gmail.com; jguglielmo@scott-scott.com; ecomite@scott-scott.com; jpettigrew@scott-scott.com; ekirkwood1@bellsouth.net; Wichmann@onderlaw.com; Onder@onderlaw.com; ssklaver@susmangodfrey.com; Kalpana Srinivasan; mgervais@susmangodfrey.com; ecc@fmcolaw.com; kcc@fmcolaw.com; rmf@fmcolaw.com; beth@feganscott.com; melissa@feganscott.com; jonathan@feganscott.com; Benyamin, Ryan; Kowalk, Curtis; Ekwan E. Rhow |
| **Subject:** | RE: Demand Letter |
| **Date:** | Tuesday, August 25, 2020 10:34:00 AM |
| **Attachments:** | image007.png |
| | image008.png |
| | image009.png |
| | image010.png |
| | image011.png |
| | image012.png |
| | image013.png |

---

Tony:

Following up on our conversation last night, Jon and I continue to believe that it is in the best interests of the class to share (under Rule 408 and any other necessary confidentiality orders) the settlement terms we reached on August 13th with all plaintiffs' counsel. To that end, as you already know, we waived mediation privilege last week regarding the August 13th settlement. Further, to the extent that defendant is willing to discuss with the non-settling plaintiffs whether they can agree to the settlement terms already negotiated or alternatively, to add value to the settlement, we are fully supportive of those endeavors, whether they be conducted through Layn Phillips or not. We would willingly participate in those discussions and assist in the process in any way we can.

Best,

Katrina

KATRINA CARROLL
Partner

CARLSON LYNCH LLP
111 W. Washington Street
Suite 1240
Chicago, IL  60602
Main:   312.750.1265
Direct:  312.750.1591
Fax:     773.598.5609
kcarroll@carlsonlynch.com
carlsonlynch.com

EXHIBIT C                                                                                    48



**From:** Weibell, Tony <aweibell@wsgr.com>
**Sent:** Thursday, August 20, 2020 7:15 PM
**To:** Ekwan E. Rhow <erhow@birdmarella.com>
**Cc:** Tom R. Freeman <tfreeman@birdmarella.com>; Marc E. Masters <mmasters@birdmarella.com>;
Jonathan Rotter <jrotter@glancylaw.com>; Marc L. Godino <mgodino@glancylaw.com>; Kara Wolke
<KWolke@glancylaw.com>; Lionel Glancy <LGlancy@glancylaw.com>; David M. Given
<DMG@phillaw.com>; Nicholas A. Carlin <NAC@phillaw.com>; James J. Pizzirusso
<jpizzirusso@hausfeld.com>; Megan E. Jones <mjones@hausfeld.com>; Amanda Klevorn
<aklevorn@burnscharest.com>; Korey Nelson <knelson@burnscharest.com>; Katrina Carroll
<kcarroll@carlsonlynch.com>; dgirard@girardsharp.com; jelias@girardsharp.com;
apolk@girardsharp.com; bfj@chimicles.com; bmm@chimicles.com; Kyle Shamberg
<kshamberg@carlsonlynch.com>; Nicholas Lange <nlange@carlsonlynch.com>;
lweaver@bfalaw.com; akeller@dicellolevitt.com; dmillen@fklmlaw.com; bhogan@fklmlaw.com; Jon
Jagher <jjagher@fklmlaw.com>; kjustice@fklmlaw.com; jsprengel@caffertyclobes.com;
dherrera@caffertyclobes.com; nhagman@caffertyclobes.com; rrg@gordonlawchicago.com;
jgs@sstriallawyers.com; tyiatras@gmail.com; casey@lawofficeflynn.com; francisflynn@gmail.com;
jbk@sstriallawyers.com; twolfson@ahdootwolfson.com; rahdoot@ahdootwolfson.com;
tmaya@ahdootwolfson.com; bking@ahdootwolfson.com; rstephan@stephanzouras.com;
jzouras@stephanzouras.com; aficzko@stephanzouras.com; mshannon@stephanzouras.com;
elangeland@langelandlaw.com; jtostrud@tostrudlaw.com; fbottini@bottinilaw.com;
achang@bottinilaw.com; ykolesnikov@bottinilaw.com; jcotchett@cpmlegal.com;
mmolumphy@cpmlegal.com; tredenbarger@cpmlegal.com; nrahman@cpmlegal.com;
ehg@classlawgroup.com; dmb@classlawgroup.com; jbk@classlawgroup.com;
william.a.baird.1@gmail.com; jguglielmo@scott-scott.com; ecomite@scott-scott.com;
jpettigrew@scott-scott.com; ekirkwood1@bellsouth.net; Wichmann@onderlaw.com;
Onder@onderlaw.com; ssklaver@susmangodfrey.com; Kalpana Srinivasan
<ksrinivasan@susmangodfrey.com>; mgervais@susmangodfrey.com; ecc@fmcolaw.com;
kcc@fmcolaw.com; rmf@fmcolaw.com; beth@feganscott.com; melissa@feganscott.com;
jonathan@feganscott.com; Benyamin, Ryan <rbenyamin@wsgr.com>; Kowalk, Curtis
<ckowalk@wsgr.com>
**Subject:** RE: Demand Letter

Apologies, I forgot to address the issue regarding document preservation that was raised in your
letter and statement. Defendants' relevant documents remain under legal hold. We are looking into
whether compliance with the Aug. 14 E.O. by President Trump will change the status quo. If you
have authority that says litigation document preservation obligations trump President Trump's E.O.,
please pass that along, as that will be good to have.  If the opposite is true, someone would have to
file an action to enjoin the E.O., not just enjoin Defendants. Defendants do not object to an
injunction against the E.O, but would object to an order that puts them in a position where they
cannot comply with a court order without violating an E.O.  But I also think the issue is moot, as

complete compliance with the existing E.O.s will mean that the assets (and any duty to preserve) will have transferred to a third party where they will continue to be preserved.

Thanks,

Tony

---

**From:** Weibell, Tony
**Sent:** Thursday, August 20, 2020 4:02 PM
**To:** Ekwan E. Rhow <erhow@birdmarella.com>
**Cc:** Tom R. Freeman <tfreeman@birdmarella.com>; 'Marc E. Masters' <mmasters@birdmarella.com>; Jonathan Rotter <jrotter@glancylaw.com>; Marc L. Godino <mgodino@glancylaw.com>; Kara Wolke <KWolke@glancylaw.com>; Lionel Glancy <LGlancy@glancylaw.com>; David M. Given <DMG@phillaw.com>; Nicholas A. Carlin <NAC@phillaw.com>; James J. Pizzirusso <jpizzirusso@hausfeld.com>; Megan E. Jones <mjones@hausfeld.com>; Amanda Klevorn <aklevorn@burnscharest.com>; Korey Nelson <knelson@burnscharest.com>; Katrina Carroll <kcarroll@carlsonlynch.com>; dgirard@girardsharp.com; jelias@girardsharp.com; apolk@girardsharp.com; bfj@chimicles.com; bmm@chimicles.com; Kyle Shamberg <kshamberg@carlsonlynch.com>; Nicholas Lange <nlange@carlsonlynch.com>; lweaver@bfalaw.com; akeller@dicellolevitt.com; dmillen@fklmlaw.com; bhogan@fklmlaw.com; Jon Jagher <jjagher@fklmlaw.com>; kjustice@fklmlaw.com; jsprengel@caffertyclobes.com; dherrera@caffertyclobes.com; nhagman@caffertyclobes.com; rrg@gordonlawchicago.com; jgs@sstriallawyers.com; tyiatras@gmail.com; casey@lawofficeflynn.com; francisflynn@gmail.com; jbk@sstriallawyers.com; twolfson@ahdootwolfson.com; rahdoot@ahdootwolfson.com; tmaya@ahdootwolfson.com; bking@ahdootwolfson.com; rstephan@stephanzouras.com; jzouras@stephanzouras.com; aficzko@stephanzouras.com; mshannon@stephanzouras.com; elangeland@langelandlaw.com; jtostrud@tostrudlaw.com; fbottini@bottinilaw.com; achang@bottinilaw.com; ykolesnikov@bottinilaw.com; jcotchett@cpmlegal.com; mmolumphy@cpmlegal.com; tredenbarger@cpmlegal.com; nrahman@cpmlegal.com; ehg@classlawgroup.com; dmb@classlawgroup.com; jbk@classlawgroup.com; william.a.baird.1@gmail.com; jguglielmo@scott-scott.com; ecomite@scott-scott.com; jpettigrew@scott-scott.com; ekirkwood1@bellsouth.net; Wichmann@onderlaw.com; Onder@onderlaw.com; ssklaver@susmangodfrey.com; Kalpana Srinivasan <ksrinivasan@susmangodfrey.com>; mgervais@susmangodfrey.com; ecc@fmcolaw.com; kcc@fmcolaw.com; rmf@fmcolaw.com; beth@feganscott.com; melissa@feganscott.com; jonathan@feganscott.com; Benyamin, Ryan <rbenyamin@wsgr.com>; Kowalk, Curtis <ckowalk@wsgr.com>
**Subject:** RE: Demand Letter

Hi Ekwan,

We have reviewed the letter that you sent via Marc's email below, as well as the status report you filed with the Court. I would like to respond to both in this email between counsel only, and do so with more detail than I could in a document that would be filed in the public record.

**EXHIBIT C**                                                                                          **50**

With respect to the status report you filed, the document should be withdrawn for at least two reasons. First, the body of your statement discusses confidential communications between you and me that you told me were confidential. It also attaches a confidential email thread subject to Rule 408 that would not normally be publicly filed without a courtesy heads-up. You dumped these into the public record without a second thought. If we cannot trust you to maintain the confidentiality of discussions you tell us are confidential, we certainly cannot risk disclosing highly-sensitive terms from the confidential mediation that are being sought after by the media and numerous third-parties who are highly resourceful.

Second, we admonished you some time ago after you filed a similar report to refrain from making misrepresentations to the Court about the facts and about Defendants' stated positions. Yet this report continues that practice. For example, here are some of the misrepresentations I noticed:

- You claim to have spent "multiple years of work in the case" –  But TikTok has not even been available in the U.S. for multiple years, and your client Misty Hong did not even download the app but one year ago. Surely you did not wait more than a year before sending your initial demand letter late last fall.
- You claim that "Defendants had conceded that the participation of the N.D. Cal. Interim Leadership Group was essential to the mediation." This is flatly false.  Defendants encouraged you to participate. We never conceded your participation was essential. To the contrary, we at all times were very clear that the plaintiffs' counsel who had agreed to participate were more than adequate to represent the interests of the class.
- You claim that "Defendants prohibited the N.D. Cal. Interim Leadership Group from attending this mediation without justification" – To the contrary, as you know, we repeatedly invited the ND Cal leadership group to participate, including Megan Jones who had been appointed by Judge Koh to oversee mediation efforts. Defendants only objected to the participation of two law firms, and not their clients or co-counsel, due to concerns that resurfaced on August 5-6. And the justification was explained to you in writing and over the phone. Because those communications were confidential, I will not share them with all who are on this thread.
- You claim that Defendants were "forced to acknowledge they have no evidence of any such alleged conflicts, and tried to justify their transparent maneuvering based on a mere 'feeling.'"  That is not true. The concerns were not just about conflicts with the class, but also the risk of ulterior interests not necessarily in conflict with the class. These concerns were also based on multiple points of circumstantial evidence, which I discussed with you, all of which created a risk that Defendants were not willing to take given the unprecedented circumstances they are currently facing.
- You claim that Defendants blocked Plaintiffs from benefitting from your "detailed technical information that could have been used to advance the class's interest" – To the contrary, we repeatedly encouraged you to share with your co-counsel whatever information you had, including information from the prior mediation, and to advise them prior to the mediation so that the class could benefit from whatever you had to offer and from what transpired at the prior mediation. You refused.
- For the same reason, you incorrectly claim that "As a result of Defendants' actions, the N.D. Cal. Interim Leadership Group was barred from presenting at mediation a new claim they filed in an amended complaint in this Court on August 14." There is no reason you could not

**EXHIBIT C**                                                                51

have shared this claim with your co-counsel and allowed Ms. Jones to discuss it at the mediation. In any event, the issues raised by your purported additional claim would not have added anything, as such claims were already being considered.

- For the same reason, you incorrectly claim that "The N.D. Cal. Interim Leadership Group was unable to present the factual and legal support for its other myriad claims against Defendants." This too could have been presented by your co-counsel, and we encouraged you to share it. Again, the only interests you could have had in not sharing this information would have been a selfish interest in conflict with the interests of the class. I am not saying that one plaintiff's counsel is required to disclose its investigation and strategy to another, but there was certainly nothing preventing you from doing so here.

With respect to your letter demanding to see the terms that were negotiated at the August 13 mediation, we do not believe your demand is being made in good faith. We believe you are seeking to disrupt the ongoing settlement process for personal or ulterior interests that are not in the best interests of resolving the case and certainly not in the best interests of the class, just as we believe your firm intentionally sabotaged the prior mediation. Notably, we do not feel the same way about the Glancy, Hausfeld, and other firms on this thread, but any firm's ongoing association with you precludes us from taking that risk. We may be willing to discuss inclusion of those firms, as well as your own firm, in a disclosure of the settlement terms prior to presentment to the Court if we can get to a point where that makes sense. At the moment, however, there is no final settlement agreement, only an agreement to settle on the terms negotiated; and the parties are working diligently to memorialize the negotiated terms in a final written document that will be presented to the Court as soon as we are able.

The plaintiffs' counsel who are currently working on this are both numerous and highly experienced in this effort. As I have said before, they are an all-star cast of who's who of plaintiff class action firms. In contrast, I would prefer not to have to make this observation, but you appear to be the least experienced of all plaintiffs' counsel involved in the MDL when it comes to negotiating and obtaining approval of consumer class action settlements. Your inclusion at this stage would be premature and potentially detrimental to the parties' efforts to work through ongoing issues to reach a resolution that can be presented to the Court for approval. My personal view of course is that the settlement is way over the top of what I ever expected and what is justified by the facts. Unfortunately for my client, the unprecedented political situation and Executive Order from the President have forced them to have to pay a settlement that is grossly unfair to my client in order to resolve the litigation and that results in a windfall for a class of persons who have suffered no pecuniary or other injury. Because of that, there is more than enough to fairly compensate all who have expended effort to contribute to this case. It makes no sense for you or your clients to seek to disrupt the process for personal or ulterior reasons.

Tony



# EXHIBIT C
**52**

**Anthony J Weibell | Partner | Wilson Sonsini Goodrich & Rosati**
650 Page Mill Road | Palo Alto, CA 94304-1050 | direct: 650.354.4134 | aweibell@wsgr.com



---

**From:** Marc E. Masters <mmasters@birdmarella.com>
**Sent:** Wednesday, August 19, 2020 11:29 AM
**To:** Weibell, Tony <aweibell@wsgr.com>
**Cc:** Ekwan E. Rhow <erhow@birdmarella.com>; Tom R. Freeman <tfreeman@birdmarella.com>; Jonathan Rotter <jrotter@glancylaw.com>; Marc L. Godino <mgodino@glancylaw.com>; Kara Wolke <KWolke@glancylaw.com>; Lionel Glancy <LGlancy@glancylaw.com>; David M. Given <DMG@phillaw.com>; Nicholas A. Carlin <NAC@phillaw.com>; James J. Pizzirusso <jpizzirusso@hausfeld.com>; Megan E. Jones <mjones@hausfeld.com>; Amanda Klevorn <aklevorn@burnscharest.com>; Korey Nelson <knelson@burnscharest.com>; Katrina Carroll <kcarroll@carlsonlynch.com>; dgirard@girardsharp.com; jelias@girardsharp.com; apolk@girardsharp.com; bfj@chimicles.com; bmm@chimicles.com; Kyle Shamberg <kshamberg@carlsonlynch.com>; Nicholas Lange <nlange@carlsonlynch.com>; lweaver@bfalaw.com; akeller@dicellolevitt.com; dmillen@fklmlaw.com; bhogan@fklmlaw.com; Jon Jagher <jjagher@fklmlaw.com>; kjustice@fklmlaw.com; jsprengel@caffertyclobes.com; dherrera@caffertyclobes.com; nhagman@caffertyclobes.com; rrg@gordonlawchicago.com; jgs@sstriallawyers.com; tyiatras@gmail.com; casey@lawofficeflynn.com; francisflynn@gmail.com; jbk@sstriallawyers.com; twolfson@ahdootwolfson.com; rahdoot@ahdootwolfson.com; tmaya@ahdootwolfson.com; bking@ahdootwolfson.com; rstephan@stephanzouras.com; jzouras@stephanzouras.com; aficzko@stephanzouras.com; mshannon@stephanzouras.com; elangeland@langelandlaw.com; jtostrud@tostrudlaw.com; fbottini@bottinilaw.com; achang@bottinilaw.com; vkolesnikov@bottinilaw.com; jcotchett@cpmlegal.com; mmolumphy@cpmlegal.com; tredenbarger@cpmlegal.com; nrahman@cpmlegal.com; ehg@classlawgroup.com; dmb@classlawgroup.com; jbk@classlawgroup.com; william.a.baird.1@gmail.com; jguglielmo@scott-scott.com; ecomite@scott-scott.com; jpettigrew@scott-scott.com; ekirkwood1@bellsouth.net; Wichmann@onderlaw.com; Onder@onderlaw.com; ssk]aver@susmangodfrey.com; Kalpana Srinivasan <ksrinivasan@susmangodfrey.com>; mgervais@susmangodfrey.com; ecc@fmcolaw.com; kcc@fmcolaw.com; rmf@fmcolaw.com; beth@feganscott.com; melissa@feganscott.com; jonathan@feganscott.com; Benyamin, Ryan <rbenyamin@wsgr.com>; Kowalk, Curtis <ckowalk@wsgr.com>
**Subject:** Demand Letter

[External]

Dear Mr. Weibell –

Please see the attached correspondence.

Regards,

**EXHIBIT C**          **53**

Marc

### Marc E. Masters
*Of Counsel*
O: 310.201.2100
F: 310.201.2110
E: mmasters@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email has been scanned for spam and viruses. Click here to report this email as spam.