IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION,<br><br>This Document Relates to All Cases | MDL No. 2948<br><br>Master Docket No. 20-cv-4699<br><br>Judge John Z. Lee<br><br>Magistrate Judge Sunil R. Harjani |

## NOTICE IN SUPPORT OF MOTION TO APPOINT KATRINA CARROLL AND JONATHAN M. JAGHER AS CO-LEAD COUNSEL AND TO APPOINT THEIR PROPOSED PLAINTIFFS' LIAISON COUNSEL AND PROPOSED PLAINTIFFS' STEERING COMMITTEE

**I.     INTRODUCTION**

Plaintiff A.S., a minor, by and through Guardian A.S., respectfully support the appointment of Katrina Carroll of Carlson Lynch, LLP ("Ms. Carroll") and Jonathan M. Jagher, Esq. of Freed Kanner London & Millen LLC ("Mr. Jagher") as Co-Lead Counsel ("Proposed Co-Lead Counsel"), Beth Fegan of Fegan Scott LLC as Plaintiffs' Liaison Counsel, and Robert M. Foote of Foote, Mielke, Chavez & O'Neil, LLC, James B. Zouras of Stephan Zouras, LLP, Michael Gervais of Susman Godfrey L.L.P., Tina Wolfson of Ahdoot & Wolfson, P.C., and Joseph P. Guglielmo of Scott+Scott Attorneys at Law LLP, for the Plaintiffs' Steering Committee ("PSC"). Proposed Co-Lead Counsel have demonstrated expertise in successfully managing complex MDL litigation, have unmatched experience and expertise litigating complex class action cases generally - and particularly in cases under privacy law and/or Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS/14 – and are willing and available to commit time and financial resources to this important project. In fact, the time and resources put towards the case to date has already resulted in a settlement in principal in this case, which will be submitted to the Court once Defendants authorize such disclosure.

Proposed Co-Lead Counsel are well-qualified to represent the proposed class under the

criteria established for selection of lead counsel by Fed. R. Civ. P. 23(g)(1)(A) and the factors highlighted by this Court. As set forth more fully below, (a) Proposed Co-Lead Counsel have vast experience in litigating consumer class actions, including privacy related cases and have been appointed in the past in leadership positions; (b) Proposed Co-Lead Counsel have a history of successfully working together with others in consumer class actions, including privacy related cases; and (c) Proposed Co-Lead Counsel are willing and available to commit time and financial resources to this important project – and in fact have already invested time, effort, and resources to date which have resulted in achieving a settlement in principal which will be presented to the Court once Defendant authorizes such disclosure. Each of these factors weigh heavily in favor of appointment and will ensure that this case will proceed efficiently, fairly, cooperatively, respectfully, and professionally.

Finally, and most importantly, Katrina Carroll and Jonathan M. Jagher should be appointed Co-Lead Counsel to bring the settlement in principal to final approval, which is in the best interests of the Class.

## II. APPOINTMENT OF PROPOSED CO-LEAD COUNSEL IS APPROPRIATE

### A. Legal Standard

Attorneys appointed to serve as lead class counsel "must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). In deciding whether to appoint an applicant as lead class counsel, Rule 23(g)(1)(A) requires that the Court consider: (i) the work counsel has done in identifying or investigating potential claims in the action, (ii) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, (iii) counsel's knowledge of the applicable law, and (iv) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A); see also Advisory Committee Notes to the 2003 Amendments, Subdivision (g). No single factor is determinative; all factors must be considered. Advisory Committee Notes to the 2003 Amendments to Fed. R. Civ. P. 23(c)(2)(B). In addition, the Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). In this regard, courts evaluate whether

proposed class counsel have worked cooperatively with opposing counsel and the court and whether counsel commands the respect of colleagues. Manuel for Complex Litigation 4th § 10.224. Application of these factors strongly supports designating Proposed Counsel.

### B. Counsel's Willingness and Availability to Commit to a Time-Consuming Project

Katrina Carroll and Jonathan M. Jagher have devoted a significant amount of time already to this case and have indicated they are willing and able to devote nearly all of their time to this case in the future. The additional members of the leadership structure are also willing and available to commit to this project, and have participated meaningfully to date.

### C. Counsel's Ability to Work Cooperatively With Others

Prior to the TikTok litigation, the undersigned has personally had an opportunity to work with Ms. Carroll in matters pending in the Northern District of Illinois and in the Southern District of New York, as well as in state court in Illinois. Ms. Carroll does not just have many strengths as a talented class action attorney, but she is also gifted when it comes to identifying individual attorneys' strengths and creating a professional litigation and/or settlement team to be reckoned with; whilst also keeping the lines of communication open with the defendant to encourage, where appropriate, a path toward resolution that is in the best interests of the class. She is everything a Court would want in terms of lead counsel for a class action as envisioned by the Federal Rules.

To date, in this case, Katrina Carroll and Jonathan M. Jagher have been beyond cooperative, inviting the other class action attorneys to coordinate in an organized fashion. From the minute the mediation opportunity presented itself, Proposed Co-Lead Counsel worked to put together a formidable team of class action attorneys, so that the unique opportunity to resolve the case did not elude the class members. This team went on to achieve a settlement in principal, and now Katrina Carroll and Jonathan M. Jagher should be appointed Co-Lead Counsel to bring the settlement in principal to final approval.

Tiffany M. Yiatras has direct experience working with each member of the proposed slate during this litigation, mediation, and/or proposed settlement. Ms. Yiatras, who was briefly

appointed interim lead counsel of the Southern District of Illinois cases in *In re: TikTok Inc. Data Privacy Litigation*, Case No. 3:20-cv-00457 pending MDL transfer, participated in the August 13th mediation via telephone[1] as the Delegate of the Southern District of Illinois Actions. Ms. Yiatras had the unique opportunity to work with members of the proposed leadership slate for months in the preparation for the mediation and since reaching the settlement in principal. The entire proposed leadership slate, and frankly all Interim Counsel that Ms. Carroll and Mr. Jagher have worked so hard to unify, is a truly collaborative and strong unit, each with different strengths, where each member brings something to the table. The team has open and respectful communication to ensure the best path forward for the class. The collaboration has continued beyond the mediation and the undersigned is hopeful the Court will allow it to continue.

    **D.**    **Counsel's Professional Experience In This Type of Litigation, Including Any Prior Appointments As Lead Counsel or Liaison Counsel in Multi-Party Litigation**

The application of specific factors enumerated by Rule 23(g) weighs strongly in favor of appointing Proposed Co-Lead Counsel. Ms. Carroll and Mr. Jagher are well suited to be lead counsel in this litigation. Both of them have developed a national reputation for zealously representing plaintiffs in complex litigation, specifically consumer protection and/or privacy class action litigation. Their respective firms have litigated hundreds of consumer class action cases as well as data breach and/or privacy class action cases, obtaining nearly a billion in settlements for class members. Furthermore, they or their respective firms have notable experience litigating major class action cases and are recognized leaders in the plaintiffs' class action bar.

Furthermore, Ms. Carroll has handled many complex actions in this Court, Illinois and throughout the United States. She is well situated to serve in the role as lead counsel as she both lives and has experience litigating in the United States District Court for the Northern District of Illinois.

**III.**    **CONCLUSION**

---

[1] Participation was via telephone due to Covid

For the foregoing reasons, Plaintiff A.S. supports the appointment of Ms. Carroll and Mr. Jagher as Proposed Co-Lead Counsel and their proposed PSC and Liaison Counsel pursuant to Rule 23(g).

Date: 9/8/2020  By: /s/ Tiffany Marko Yiatras
Tiffany Marko Yiatras
**CONSUMER PROTECTION LEGAL, LLC**
8235 Forsyth Boulevard, Suite 1100
Saint Louis, Missouri 63011-2029
Tele: 314-541-0317
Email: tiffany@consumerprotectionlegal.com
tyiatras@gmail.com

Francis J. "Casey" Flynn, Jr.
**LAW OFFICE OF FRANCIS J. FLYNN, JR.**
3518A Arsenal Street
Saint Louis, Missouri 63118
Tele: 314-662-2836
Email: casey@lawofficeflynn.com
francisflynn@gmail.com

**ATTORNEYS FOR PLAINTIFF IN A.S. V. TIKTOK, INC.**

**CERTIFICATE OF SERVICE**

I, Tiffany M. Yiatras, hereby certify that on September 8, 2020, I caused the foregoing to be filed using the Court's CM/ECF system, and thereby electronically served it upon all registered ECF users in this case.

By: /s/ *Tiffany Marko Yiatras*
**TIFFANY MARKO YIATRAS**