**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| M.G., through his father and legal guardian BARTOSZ GRABOWSKI, individually and on behalf of all others similarly situated, | Case No.: 1:20-cv-04699 |
| | MDL No: 2948 |
| Plaintiff, | This Document Relates to All Cases |
| v. | **APPLICATION FOR APPOINTMENT AS CLASS COUNSEL** |
| TIKTOK INC.; and BYTEDANCE, INC., | |
| Defendants. | |

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 23(g) and Case Management Orders 1 and 2 in this action, Plaintiff M.G., a minor child, by and through his father and legal guardian Bartosz Grabowski (collectively, "Plaintiff"), respectfully moves for an order appointing Frank S. Hedin of Hedin Hall LLP ("Hedin Hall") and/or Philip L. Fraietta of Bursor & Fisher, P.A. ("Bursor & Fisher") as lead counsel or, alternatively, as Steering Committee members on behalf of the Classes,[1] and appointing J. Dominick Larry of Nick Larry Law LLC ("Nick Larry Law") as Steering Committee member on behalf of the Classes (collectively, "Proposed Class Counsel").[2]

Proposed Class Counsel have significant nationwide consumer class action experience, knowledge of the applicable law and substantial resources that can be used to litigate this action. They also have a proven track record of success in similar privacy cases, including seminal cases involving Illinois' Biometric Information Privacy Act ("BIPA").

## BACKGROUND

In *M.G. v. TikTok Inc. et al.*, Case No. 1:20-cv-5305, minor Illinois resident M.G., by and through his father, alleges that Defendants have used the "TikTok" mobile application (the "TikTok App") to surreptitiously capture, collect, store, and use the "biometric identifiers" and "biometric information" of everyone whose face or voice has appeared on the TikTok App, including Plaintiff and millions of other young children, in direct violation of BIPA. (*See generally M.G.*, ECF No. 1 ("Compl.").) Following several reports and articles in the news media concerning Defendants' data-collection practices, at least sixteen other class actions have been filed against the companies by various law firms. *See* ECF No. 2 at 3; *id.,* ECF No. 26 at 2.

Of these firms, Bursor & Fisher, Hedin Hall, and Nick Larry Law are best positioned to represent the putative Classes. They have extensive class action experience and are well-versed in

---

[1]     The "Classes" are defined in paragraph 107 of Plaintiff's Class Action Complaint.

[2]     Plaintiff M.G. takes no position on the composition of the remainder of the Steering Committee, or the Liaison Counsel designees.

data privacy issues and BIPA litigation in particular.  Proposed Class Counsel have conducted a comprehensive investigation of the relevant facts and are now working to protect the interests of Class members by moving to enjoin Defendants' imminent dissemination of their biometrics to a third-party acquirer – a disclosure that, if allowed, would only further violate BIPA and magnify the harm to these individuals. (*See M.G.*, ECF No. 3.)

Accordingly, Plaintiff moves for the appointment of  Frank S. Hedin of Hedin Hall and/or Philip L. Fraietta of Bursor & Fisher as lead counsel or, alternatively, as Steering Committee members on behalf of the Classes, and the appointment of J. Dominick Larry of Nick Larry Law as Steering Committee member on behalf of the Classes.

## APPLICABLE LAW

Under Federal Rule of Civil Procedure 23(g)(3), a "court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action."  Fed. R. Civ. P. 23(g). The court should "conduct an independent review to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." *Manual for Complex Litigation*, § 10.22 (4th ed. 2006). The considerations set out in Rule 23(g)(1), which governs post-certification appointments of class counsel, apply equally to pre-certification appointments.  *Anderson v. Fiserv, Inc.*, 2010 WL 571812, at *2 (S.D.N.Y. Jan. 29, 2010).

Rule 23(g)(1)(A) provides, in relevant part, that the Court must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. Fed R. Civ. P. 23(g)(1). Each of these considerations supports the appointment of Proposed Class Counsel, as detailed below.

## ARGUMENT

### I.  Proposed Class Counsel Have Conducted an Extensive Investigation

While no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily be

determinative," Advisory Committee Notes (2003), the investigative and analytical efforts of counsel can be a deciding factor. Moore's Fed. Prac. § 23.120(3)(a) (3d. Ed. 2007).

Here, Proposed Class Counsel's comprehensive investigation of the facts (over the course of several months) and identification of the appropriate claims demonstrates that they are best suited to represent the proposed Classes.  For example, Proposed Class Counsel have:

a) Investigated and assessed the viability of potential claims arising from Defendants' alleged practices of collecting, storing and using consumers' biometric identifiers and biometric information, with a focus on <u>both scans of face geometry and voiceprints</u>;

b) Analyzed numerous articles, journals, reports, web-based resources (on both a current and historical basis), and patents and patent applications describing Defendants' challenged conduct;

c) Researched Defendants' data-storage practices and identified the locations in Illinois where Defendants store the data implicated in this case;

d) Researched Defendants' corporate structures and the relationship between the Defendants and the entities believed to be potential acquirers of TikTok;

e) Interviewed numerous potential clients;

f) Assessed the adequacy of the named Plaintiff to represent the Classes; and

g) Prepared the Complaint on behalf nationwide unjust enrichment classes and Illinois BIPA subclasses, alleging claims arising from voiceprint and face template collection.

In other words, instead of racing to the courthouse, Proposed Class Counsel thoroughly investigated the law and facts surrounding Defendants' conduct. As a result, Proposed Class Counsel identified several important issues overlooked by other law firms involved in this litigation. In particular, Proposed Class Counsel, drawing on their extensive experience in other BIPA litigation (detailed below), recognized the importance of establishing that Defendants engaged in unlawful conduct *in Illinois*, and identified the CDN and edge servers used by the TikTok App in Chicago to establish that fact. (Compl. ¶¶ 58-59.) Proposed Class Counsel also identified a publicly reported, but previously unasserted, theory of liability – that Defendants unlawfully captured voiceprints from those users who, like Plaintiff, spoke or sang in the videos they posted to the TikTok App (*e.g., id.* ¶¶ 54, 56) – and recognized the importance of pursuing that theory on behalf of a distinct subclass. And, most important, Proposed Class Counsel recognized the immediate need to seek relief to protect the Classes from further dissemination of their biometrics in connection with TikTok's acquisition. (*See M.G.*, ECF No. 3.) These measures

are precisely the type of work that the Advisory Committee Notes state that the Court should consider under Rule 23(g).

The Notes also contemplate that the appointment of class counsel may be necessary to conduct pre-certification discovery prior to a determination to grant or deny class certification pursuant to Fed. R. Civ. P. 23(c)(1). *See* Fed. R. Civ. P. 23, Advisory Committee Notes (2003). Here, a significant amount of discovery (and likely motion practice) <u>must</u> occur prior to class certification and trial. *See id.* Discovery in this matter is sure to be complex, nuanced, and require specialized knowledge and experience to perform effectively and efficiently. Proposed Class Counsel's experience prosecuting prior similar matters (discussed further below), will enable them to effectively build and prosecute this case on behalf of the Classes.

This factor's importance is not diminished – and in fact is only heightened – by the apparent agreement of some firms involved to a settlement-in-principle with Defendants. (*See* ECF Nos. 12, 16.) Given the numerous potential red flags raised by the settlement—*i.e.*, that it appears to have been reached without *any* adversarial motion practice or discovery, that certain groups of lawyers have been barred from participating or even learning about the settlement, etc.—it is imperative that counsel experienced in litigating complex BIPA matters be involved in evaluating the evidence, before the Court and the Parties expend substantial resources in the settlement-approval process. Proposed Class Counsel's experience in BIPA litigation—including litigating the first BIPA class action and the first settled BIPA class action, and obtaining judicial opinions resolving multiple important issues of first impression under BIPA—fits the bill.

## II.   Proposed Class Counsel Is Experienced in Handling Class Actions and Other Complex Litigation

The second factor the court must consider is "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action." Fed. R. Civ. P. 23(g)(1)(A)(ii). This factor also supports the appointment of Proposed Class Counsel.

"Bursor & Fisher, P.A., are class action lawyers who have experience litigating consumer claims . . . . The firm has been appointed class counsel in dozens of cases in both federal and state

courts, and has won multi-million dollar verdicts or recoveries in five class action jury trials since 2008." *Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014) (Rakoff, J.). Those successes have included negotiating the largest and second largest classes ever certified, *see Nguyen v. Verizon Wireless* and *Zill v. Sprint Spectrum*; overseeing the settlement with the largest number of claims (2.4 million) ever submitted in a Rule 23 class action, *see Hendricks v. StarKist Co*, No. 13-cv-00729-HSG (N.D. Cal.); and numerous multi-million dollar verdicts or recoveries in consumer class-action trials. *See* Fraietta Decl. ¶¶ 2-4 (citing *Thomas v. Global Vision Products, Inc.*, ($50 million jury verdict); *Ayyad v. Sprint Spectrum, L.P.* ($299 million trial verdict); *McMillion v. Rash Curtis & Associates* ($267 million judgment)).

Likewise, courts have recognized that "Hedin Hall has extensive experience in class action," *Luczak v. Nat'l Beverage Corp.*, 2018 WL 9847842, at *2 (S.D. Fla. Oct. 12, 2018), and provides exemplary representation to the classes of consumers and investors that they represent. *See, e.g., Groover v. Prisoner Transportation Servs., LLC*, 2019 WL 3974143, at *2 (S.D. Fla. Aug. 22, 2019) (noting that Hedin Hall LLP "provided excellent and thorough representation in a case that was exceptionally time-consuming"). And over the past two years alone, Hedin Hall has secured over $75 million in all-cash relief for class members, on a non-reversionary basis, in several consumer-privacy, financial services, and securities class actions. *See* Hedin Decl. ¶¶ 3-4.

Perhaps most important, Proposed Class Counsel have substantial experience handling data security and data privacy cases. *See, e.g.*, Fraietta Decl. ¶¶ 8-9; *Edwards v. Hearst Communications, Inc.*, 1:15-cv-09279-AT-JLC (Bursor & Fisher secured a $50 million data-privacy class action settlement); *In re Michaels Stores Pin Pad Litig.*, No. 11-cv-00350, ECF No. 22 (N.D. Ill. June 8, 2011) (Bursor & Fisher secured nationwide data breach settlement) *Moeller v. American Media, Inc.*, No. 16-cv-11367, ECF No. 42 (E.D. Mich. Sept. 28, 2017) (Bursor & Fisher co-counsel in $7.6 million data-privacy class action settlement); *Taylor v. Trusted Media Brands, Inc.*, No. 16-cv-01812, ECF No. 87 (S.D.N.Y. Feb. 1, 2018) ($8.225 million data-privacy settlement); *Olsen v. ContextLogic Inc.*, No. 2019-CH-06737 (Cir. Ct. Cook Cnty. Ill. Jan 7, 2017) (Hedin Hall secured $16 million data-privacy class action settlement); *Donahue v. Everi Payments,*

*Inc.*, No. 2018-CH-15419 (Cir. Ct. Cook Cnty. Ill.) (Hedin Hall secured $14 million data-privacy settlement); *Chimeno-Buzzi v. Hollister Co.*, No. 14-cv-23120-MGC (S.D. Fla.) (F. Hedin of Hedin Hall secured $10 million data-privacy action settlement); *In re LinkedIn User Privacy Litig.*, No. 5:12-cv-03088-EJD (N.D. Cal.) (Larry arguing motion to dismiss and class-settlement approval in data-breach class action); *Halaburda v. Bauer Publ'g Co.*, No. 12-cv-12831 (E.D. Mich. Aug. 5, 2013) (Larry principally involved in defeating motion to dismiss in first class action under Michigan's Video Rental Privacy Act); *In re Netflix User Privacy Litig.*, No. 5:11-cv-379 (N.D. Cal.) (Larry among team that secured $9 million class-wide settlement of Video Privacy Protection Act Claims).

### III.    Proposed Class Counsel Is Very Familiar with the Applicable Law

In addition to their long track records of success in consumer class actions, they also have extensive BIPA experience.

Frank S. Hedin of Hedin Hall has served as lead plaintiffs' counsel in several prior BIPA class actions involving the collection of "scans of face geometry," including in litigation against Google and Shutterfly where he achieved multiple significant victories for consumers on issues of first impression under the statute, including whether: (1) scans of face geometry collected from photographs constitute "biometric identifiers" within the meaning of BIPA, *Norberg v. Shutterfly, Inc.*, 152 F. Supp. 3d 1103 (N.D. Ill. 2015); (2) the presumption against extraterritoriality or the dormant commerce clause bars BIPA's application to the collection of Illinoisans' biometrics from devices assigned Illinois-based IP addresses, *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088 (N.D. Ill. 2017); and (3) the nonconsensual collection of a scan of face geometry, a bare violation of BIPA, is a concrete and particularized injury sufficient to confer Article III standing, *Monroy v. Shutterfly, Inc.*, 2017 WL 4099846, at *8 n.5 (N.D. Ill. Sept. 15, 2017). Hedin Decl. ¶ 7. Additionally, for nearly three years, David W. Hall of Hedin Hall served as one of the primary attorneys in the BIPA litigation against Facebook Inc. while at his prior firm, Robbins Geller Rudman & Dowd LLP. *Id.* ¶ 8. Mr. Hall was joined on that case by J. Dominick Larry, who, during his time at Edelson PC, was highly involved in the *Facebook* biometrics case (the first

consumer class action filed under BIPA), and was part of the team to secure approval of the first class-wide BIPA settlement, *Sekura v. L.A. Tan Enterps.*, No. 2015-CH-16694 (Cir. Ct. Cook Co.).

The BIPA-related experience of Proposed Class Counsel makes them uniquely qualified to steer this litigation on a prudent course on behalf of the Classes.

## IV. Proposed Class Counsel Will Commit All Necessary Resources to Representing the Classes

The final Rule 23(g)(1)(C)(i) factor, which concerns the resources that counsel will commit to the case, also strongly supports the appointment of Proposed Class Counsel. Proposed Class Counsel have well-established and successful practices and have the resources (including work product developed in other similar cases) and the personnel necessary to pursue a case of this magnitude, as they have demonstrated in numerous similar class actions. Hedin Decl. ¶ 11; *see also Melgar v. Zicam, LLC*, No. 2:14-cv-00160-MCE-AC, at *3 (E.D. Cal. Oct. 29, 2014) (C.J., England, Jr.) ("Bursor & Fisher is a well-established, reputable firm that is up to handling the challenges of this litigation and is capable of committing the requisite resources to doing so."); *Groover*, 2019 WL 3974143, at *2 (recognizing the "excellent and thorough representation" provided by Hedin Hall, including in "exceptionally time-consuming" cases).

If appointed to represent the classes, Proposed Class Counsel will commit the same resources to this case as they have committed to their other successful class action litigations.

## CONCLUSION

For the foregoing reasons, Plaintiff M.G. respectfully requests that the Court appoint Frank S. Hedin of Hedin Hall and/or Philip L. Fraietta of Bursor & Fisher as lead counsel or, alternatively, as Steering Committee members on behalf of the Classes, and appoint J. Dominick Larry of Nick Larry Law as Steering Committee member on behalf of the Classes.

Dated: September 8, 2020      Respectfully submitted,

*s/* J. Dominick Larry

**NICK LARRY LAW LLC**
J. Dominick Larry
55 E Monroe St, Suite 3800
Chicago, IL 60603

Tel: (773) 694-4669
Fax: (773) 694-4691
Email: nick@nicklarry.law

**HEDIN HALL LLP**
Frank S. Hedin**
David W. Hall*
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801
E-mail: fhedin@hedinhall.com
          dhall@hedinhall.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor *
Joseph I. Marchese*
Philip L. Fraietta*
888 Seventh Avenue
New York, NY 10019
Tel:  (646) 837-7150
Fax: (212) 989-9163
E-Mail:  scott@bursor.com
           jmarchese@bursor.com
           pfraietta@bursor.com

*\*\*Pro Hac Vice Application Pending*
*\*Pro Hac Vice Application Forthcoming*

*Counsel for Plaintiff, by and through his father and legal guardian Bartosz Grabowski, and the Putative Class*

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2020, I served the above and foregoing by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the Court's CM/ECF electronic filing system.

s/ J. Dominick Larry _____
