**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| M.G., through his father and legal guardian BARTOSZ GRABOWSKI, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>   v.<br><br>TIKTOK INC. and BYTEDANCE, INC.,<br><br>                  Defendants. | Case No.: 1:20-cv-04699<br><br>MDL No: 2948<br><br>This Document Relates to All Cases<br><br>**DECLARATION OF PHILIP L. FRAIETTA IN SUPPORT OF APPLICATION FOR APPOINTMENT AS CLASS COUNSEL** |

I, Philip L. Fraietta, declare as follows:

1.      I am a partner at Bursor & Fisher, P.A. ("Bursor & Fisher").  I am an attorney at law licensed to practice in the State of New York.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto. I make this declaration in support of the Plaintiff's Motion for Appointment of Class Counsel.

2.      Attached hereto as **Exhibit A** is a true and correct copy of the Firm Resume of my law firm, Bursor & Fisher, P.A.  The attorneys at my law firm have represented both plaintiffs and defendants in more than 100 class-action lawsuits in state and federal courts throughout the country in a variety of fields, including data privacy, home appliances, dietary supplements, pharmaceuticals, telecommunications, residential mortgage foreclosures, online social networking sites and others.  We have been court-appointed to represent purchasers of Avacor, Xenadrine, LG refrigerators, and Crest toothpaste products, Bell & Howell pest repellers, Maytag washing machines as well as customers of AT&T Wireless, Cingular Wireless, T-Mobile, CitiMortgage, MyLife.com, Michaels Stores, Facebook and Hyland's homeopathic cold and flu remedies, among many others.  We also negotiated and obtained court-approval for two landmark settlements in *Nguyen v. Verizon Wireless* and *Zill v. Sprint Spectrum* (the largest and second largest classes ever certified, respectively).  These settlements required Verizon and Sprint to open their wireless networks to third-party devices and applications.  Moreover, in *Hendricks v. StarKist Co.*, No. 13-cv-00729-HSG (N.D. Cal.), Bursor & Fisher crafted a settlement plan that resulted in the nationwide submission of over 2.4 million claims from class members, the largest number of claims ever submitted in the history of Rule 23 class actions.

3.      On November 21, 2011, my firm obtained class certification and was appointed class counsel in *In re Pacific Bell Late Fee Litig.*, No. MSC 10-00840 (California Superior

1

Court, Contra Costa County), representing a class of three million California residents who paid late fees to PacBell for wireline telephone services. Also, in 2013, my firm negotiated and earned preliminary approval for a $38 million nationwide class settlement in that case. Bursor & Fisher has won many contested class certification motions, including winning a motion to certify a nationwide class of purchasers of Capatriti 100% Pure Olive Oil, a motion to certify New York and California classes of purchasers of Scotts Turf Builder EZ Seed, and most recently a motion to certify nationwide class of purchasers of Bell & Howell ultrasonic pest repellers. *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. Feb. 25, 2014); *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397 (S.D.N.Y. Jan. 26, 2015); *Hart v. BHH, LLC*, 2017 WL 2912519, at *9 (S.D.N.Y. July 7, 2017).

4. Bursor & Fisher also has an active civil trial practice, having won multi-million dollar verdicts or recoveries in six of six civil jury trials since 2008. For example, while serving as lead trial counsel in *Thomas v. Global Vision Products, Inc.*, our named partners, Scott Bursor and Tim Fisher, obtained a $50 million jury verdict in favor of the plaintiff and class. In another example, in *Ayyad v. Sprint Spectrum, L.P.*, Bursor & Fisher obtained a $299 million trial verdict for a class of Sprint customers on a claim for unjust enrichment. In *McMillion v. Rash Curtis & Associates*, Bursor & Fisher won a class action jury trial for claims under the Telephone Consumer Protection Act and secured a $267 million judgment.

5. Since December 2010, Bursor & Fisher lawyers have been court-appointed Class Counsel or Interim Class Counsel in:

    i. *O'Brien v. LG Electronics USA, Inc.* (D.N.J. Dec. 16, 2010) to represent a certified nationwide class of purchasers of LG French-door refrigerators,

    ii. *Ramundo v. Michaels Stores, Inc.* (N.D. Ill. June 8, 2011) to represent a certified nationwide class of consumers who made in-store purchases at Michaels Stores using a debit or credit card and had their private financial information stolen as a result,

iii. *In re Haier Freezer Consumer Litig.* (N.D. Cal. Aug. 17, 2011) to represent a certified class of purchasers of mislabeled freezers from Haier America Trading, LLC,

iv. *Rodriguez v. CitiMortgage, Inc.* (S.D.N.Y. Nov. 14, 2011) to represent a certified nationwide class of military personnel against CitiMortgage for illegal foreclosures,

v. *Rossi v. The Procter & Gamble Co.* (D.N.J. Jan. 31, 2012) to represent a certified nationwide class of purchasers of Crest Sensitivity Treatment & Protection toothpaste,

vi. *Dzielak v. Whirlpool Corp. et al.* (D.N.J. Feb. 21, 2012) to represent a proposed nationwide class of purchasers of mislabeled Maytag Centennial washing machines from Whirlpool Corp., Sears, and other retailers,

vii. *In re Sensa Weight Loss Litig.* (N.D. Cal. Mar. 2, 2012) to represent a certified nationwide class of purchasers of Sensa weight loss products,

viii. *In re Sinus Buster Products Consumer Litig.* (E.D.N.Y. Dec. 17, 2012) to represent a certified nationwide class of purchasers,

ix. *Ebin v. Kangadis Food Inc.* (S.D.N.Y. Feb. 25, 2014) to represent a certified nationwide class of purchasers of Capatriti 100% Pure Olive Oil,

x. *Forcellati v. Hyland's, Inc.* (C.D. Cal. Apr. 9, 2014) to represent a certified nationwide class of purchasers of children's homeopathic cold and flu remedies,

xi. *Ebin v. Kangadis Family Management LLC, et al.* (S.D.N.Y. Sept. 18, 2014) to represent a certified nationwide class of purchasers of Capatriti 100% Pure Olive Oil,

xii. *In re Scotts EZ Seed Litig.* (S.D.N.Y. Jan. 26, 2015) to represent a certified class of purchasers of Scotts Turf Builder EZ Seed,

xiii. *Dei Rossi v. Whirlpool Corp., et al.* (E.D. Cal. Apr. 28, 2015) to represent a certified class of purchasers of mislabeled KitchenAid refrigerators from Whirlpool Corp., Best Buy, and other retailers,

xiv. *Hendricks v. StarKist Co.* (N.D. Cal. July 23, 2015) to represent a certified nationwide class of purchasers of StarKist tuna products,

xv. *In re NVIDIA GTX 970 Graphics Card Litig.* (N.D. Cal. May 8, 2015) to represent a proposed nationwide class of purchasers of NVIDIA GTX 970 graphics cards,

xvi. *Melgar v. Zicam LLC, et al.* (E.D. Cal. March 30, 2016) to represent a certified ten-jurisdiction class of purchasers of Zicam Pre-Cold products,

xvii. *In re Trader Joe's Tuna Litigation* (C.D. Cal. December 21, 2016) to represent purchaser of allegedly underfilled Trader Joe's canned tuna,

xviii. *In re Welspun Litigation* (S.D.N.Y. January 26, 2017) to represent a proposed nationwide class of purchasers of Welspun Egyptian cotton bedding products,

xix. *Retta v. Millennium Products, Inc.* (C.D. Cal. January 31, 2017) to represent a certified nationwide class of Millennium kombucha beverages,

xx. *Moeller v. American Media, Inc.*, (E.D. Mich. June 8, 2017) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

xxi. *Hart v. BHH, LLC* (S.D.N.Y. July 7, 2017) to represent a nationwide class of purchasers of Bell & Howell ultrasonic pest repellers,

xxii.   *McMillion v. Rash Curtis & Associates* (N.D. Cal. September 6, 2017) to represent a certified nationwide class of individuals who received calls from Rash Curtis & Associates,

xxiii.   *Lucero v. Solarcity Corp.* (N.D. Cal. September 15, 2017) to represent a certified nationwide class of individuals who received telemarketing calls from Solarcity Corp.,

xxiv.   *Taylor v. Trusted Media Brands, Inc.* (S.D.N.Y. Oct. 17, 2017) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

xxv.   *Gasser v. Kiss My Face, LLC* (N.D. Cal. Oct. 23, 2017) to represent a proposed nationwide class of purchasers of cosmetic products,

xxvi.   *Gastelum v. Frontier California Inc.* (S.F. Superior Court February 21, 2018) to represent a certified California class of Frontier landline telephone customers who were charged late fees,

xxvii.   *Williams v. Facebook, Inc.* (N.D. Cal. June 26, 2018) to represent a proposed nationwide class of Facebook users for alleged privacy violations,

xxviii.   *Ruppel v. Consumers Union of United States, Inc.* (S.D.N.Y. July 27, 2018) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

xxix.   *Bayol v. Health-Ade* (N.D. Cal. August 23, 2018) to represent a proposed nationwide class of Health-Ade kombucha beverage purchasers,

xxx.   *West v. California Service Bureau* (N.D. Cal. September 12, 2018) to represent a certified nationwide class of individuals who received calls from California Service Bureau,

xxxi.   *Gregorio v. Premier Nutrition Corporation* (S.D.N.Y. Sept. 14, 2018) to represent a nationwide class of purchasers of protein shake products,

xxxii.   *Moeller v. Advance Magazine Publishers, Inc. d/b/a Condé Nast* (S.D.N.Y. Oct. 24, 2018) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

xxxiii.   *Bakov v. Consolidated World Travel Inc. d/b/a Holiday Cruise Line* (N.D. Ill. Mar. 21, 2019) to represent a certified class of individuals who received calls from Holiday Cruise Line,

xxxiv.   *Martinelli v. Johnson & Johnson* (E.D. Cal. March 29, 2019) to represent a certified class of purchasers of Benecol spreads labeled with the representation "No Trans Fat,"

xxxv.   *Edwards v. Hearst Communications, Inc.* (S.D.N.Y. April 24, 2019) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

xxxvi.   *Galvan v. Smashburger* (C.D. Cal. June 25, 2019) to represent a proposed class of purchasers of Smashburger's "Triple Double" burger,

xxxvii.   *Kokoszki v. Playboy Enterprises, Inc.* (E.D. Mich. Feb. 7, 2020) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

xxxviii.   *Russett v. The Northwestern Mutual Life Insurance Co.* (S.D.N.Y. May 28, 2020) to represent a class of insurance policyholders that were allegedly charged unlawful paper billing fees,

xxxix. *In re: Metformin Marketing and Sales Practices Litigation* (D.N.J. June 3, 2020) to represent a proposed nationwide class of purchasers of generic diabetes medications that were contaminated with a cancer-causing carcinogen,

xl. *Hill v. Spirit Airlines, Inc.* (S.D. Fla. July 21, 2020) to represent a proposed nationwide class of passengers whose flights were cancelled by Spirit Airlines due to the novel coronavirus, COVID-19, and whose tickets were not refunded,

xli. *Kramer v. Alterra Mountain Co.* (D. Colo. July 31, 2020) to represent a proposed nationwide class of purchasers to recoup the unused value of their Ikon ski passes after Alterra suspended operations at its ski resorts due to the novel coronavirus, COVID-19,

xlii. *Qureshi v. American University* (D.D.C. July 31, 2020) to represent a proposed nationwide class of students for tuition refunds after their classes were moved online by American University due to the novel coronavirus, COVID-19,

xliii. *Hufford v. Maxim Inc.* (S.D.N.Y. Aug. 13, 2020) to represent a class of magazine subscribers under the Michigan Preservation of Personal Privacy Act,

xliv. *Desai v. Carnegie Mellon University* (W.D. Pa. Aug. 26, 2020) to represent a proposed nationwide class of students for tuition refunds after their classes were moved online by Carnegie Mellon University due to the novel coronavirus, COVID-19,

xlv. *Heigl v. Waste Management of New York, LLC* (E.D.N.Y. Aug. 27, 2020) to represent a class of insurance policyholders that were allegedly charged unlawful paper billing fees.

6. Bursor & Fisher has conducted an extensive pre-filing investigation of potential claims arising from Defendants' practice of compiling, storing and disclosing consumers' biometrics.

7. As part of our pre-suit investigation, Bursor & Fisher performed the following work: (a) Investigated potential legal claims arising from Defendants' alleged practice of collecting, storing and using consumers' biometric identifiers and biometric information; (b) analyzed numerous articles describing Defendants' challenged conduct; (c) reviewed Defendants' websites; (d) researched Defendants' corporate structures; (e) researched the relationship between the Defendants; (f) investigated the nature of the challenged conduct at issue here by interviewing dozens of potential clients; (g) investigated the adequacy of the named Plaintiff to represent putative classes; and (h) drafted and filed the Complaint in this action.

8.     My firm, and myself in particular, also have extensive experience in litigating data security and data privacy practices. Indeed, my firm has been appointed Class Counsel in numerous cases brought pursuant to Michigan's Preservation of Personal Privacy Act, in which I was the primary attorney working on the case, and has secured approximately $100 million in relief to those class members. *See, e.g.*, *Edwards v. Hearst Communications, Inc.*, 1:15-cv-09279-AT-JLC (S.D.N.Y.) (securing a $50 million cash settlement of data privacy claims under Michigan law); *Ruppel v. Consumers Union of United States, Inc.*, 7:16-cv-02444-KMK (S.D.N.Y.) (securing a $16.375 million cash settlement of data privacy claims under Michigan law); *Moeller v. Advance Magazine Publishers, Inc.*, 1:15-cv-05671-NRB (S.D.N.Y.) (securing a $13.75 million cash settlement of data privacy claims under Michigan law); *Taylor v. Trusted Media Brands, Inc.*, 7:16-cv-01812-KMK (S.D.N.Y.) (securing a $8.225 million cash settlement of data privacy claims under Michigan law); *Moeller v. American Media Inc.*, 5:16-cv-11367-JEL (E.D. Mich.) (securing a $7.6 million cash settlement of data privacy claims under Michigan law); *Kokoszki v. Playboy Enterprises, Inc.*, 2:19-cv-10302-BAF (E.D. Mich.) (securing a $3.85 million cash settlement of data privacy claims under Michigan law).

9.     Moreover, my firm was appointed Class Counsel by Judge Kocoras in *In re Michaels Stores Pin Pad Litig.*, 1:11-cv-03350 (N.D. Ill.), a data breach case in which we ultimately secured a $16.15 million settlement.

I declare under the penalty of perjury under the law of the State of New York that the foregoing is true and correct, executed on September 8, 2020 at New York, New York.

Philip L. Fraietta