**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| M.G., through his father and legal guardian BARTOSZ GRABOWSKI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TIKTOK INC.; and BYTEDANCE, INC.,<br><br>Defendants. | Case No.: 1:20-cv-04699<br><br>MDL No: 2948<br><br>This Document Relates to All Cases<br><br>**DECLARATION OF FRANK S. HEDIN IN SUPPORT OF APPLICATION FOR APPOINTMENT AS CLASS COUNSEL** |

I, Frank S. Hedin, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 and based on my own personal knowledge, that the following statements are true:

1. I am a partner at the law firm Hedin Hall LLP ("Hedin Hall") and a member in good standing of the Florida Bar and the State Bar of California. I have filed a motion to appear in this matter on a *pro hac vice* basis.

2. I am very familiar with the rules and procedures of this Court, having litigated and appeared before it on several prior occasions. *E.g., Norberg v. Shutterfly Inc.*, No. 1:15-cv-05351 (N.D. Ill.); *Rivera v. Google Inc.*, No. 1:16-cv-02714 (N.D. Ill.); *Monroy v. Shutterfly, Inc.*, No. 1:16-cv-10984 (N.D. Ill.); *Wilson v. Redbox Automated Retail LLC*, No. 1:19-cv-01993 (N.D. Ill.).

3. Attached hereto as <u>Exhibit A</u> is a true and correct copy of the Firm Resume of Hedin Hall. Since its founding in March 2018, my firm has represented consumers in numerous data-privacy and financial services class action lawsuits in state and federal courts nationwide, including as court-appointed class counsel. *E.g., Olsen, et al. v. ContextLogic Inc.*, No. 19CH06737 (Cir. Ct. Cook Cnty. Ill.) (class counsel in data-privacy action, $16 million non-reversionary settlement finally approved); *Donahue v. Everi Payments, Inc., et al.*, No. 2018-CH-15419 (Cook Cnty., Ill. Cir. Ct.) (class counsel in data-privacy action, $14 million non-reversionary settlement pending preliminary approval); *Kokoszki v. Playboy Enterpises, Inc.*, No. 19-cv-10302-BAF (E.D. Mich.) (class counsel in data-privacy action, $3.8 million non-

reversionary settlement finally approved); *Huguelet, et al. v. Maxim Inc.*, No. 19-cv-4452-ALC (S.D.N.Y.) (class counsel in data-privacy action, class-wide settlement pending final approval); *Owens, et al. v. Bank of America, N.A., et al.*, No. 19-cv-20614-MGC (S.D. Fla.) (class counsel in overdraft-fee action, $4.95 million settlement finally approved); *Liggio v. Apple Federal Credit Union*, No. 18-cv-1059-LO (E.D. Va.) (class counsel in overdraft-fee action, $2.7 million settlement finally approved); *Hansen v. LMB Mortgage Servs., Inc.*, No. 19-cv-179-KJM (E.D. Cal.) (class counsel in data-privacy action, successfully defeated motion to compel arbitration); *Wilson v. Redbox Automated Retain*, LLC, No. 19-v-1993 (N.D. Ill.) (same); *Lin v. Crain Communications Inc.*, No. 19-cv-11889-VAR (E.D. Mich.) (same).

4. My law firm also represents investors as class counsel or plaintiffs' counsel in securities class actions in state and federal courts throughout the country. *E.g., In re Menlo Therapeutics Inc. Sec. Litig.*, Case No. 18CIV06049 (Cal. Sup Ct., San Mateo County) ($9.5 million class settlement on behalf of IPO investors finally approved); *In re EverQuote, Inc. Sec. Litig.*, (N.Y. Supreme, New York County), Case No. 651177/2019 ($4.75 million class settlement on behalf of IPO investors finally approved); *Luczak v. Nat'l Beverage Corp.*, No. 18-cv-61631-KMM (S.D. Fla.) (court-appointed counsel for class in action alleging violations of federal securities laws); *Plymouth County Retirement System v. Impinj, Inc., et al.*, Index No. 650629/2019 (N.Y. Sup. Ct., N.Y. Cnty.) (co-lead counsel for plaintiff class of investors asserting Securities Act claims arising from initial and secondary public offerings).

5. Hedin Hall also represents indigent litigants in civil rights and housing matters on a pro bono basis. *E.g., Groover v. U.S. Corrections, LLC, et al.*, No. 15-cv-61902-BB (S.D. Fla.) (represented plaintiff and putative class against country's largest private prisoner extradition companies in Section 1983 civil rights action alleging violations of the Eighth Amendment).

6. Additionally, I served as court-appointed class counsel or lead or co-lead plaintiffs' counsel in several data-privacy actions prior to founding Hedin Hall, and successfully obtained meaningful relief for consumers in many such matters. *E.g., Farnham v. Caribou Coffee Coffee, Inc.*, 16cv295-WMC (W.D Wisc. 2017) (class counsel in privacy action, $8.5 million non-

1

reversionary settlement finally approved); *Chimeno-Buzzi v. Hollister Co. et al.*, 14cv23120-MGC (S.D. Fla. 2014) (class counsel in privacy action, $10 million non-reversionary settlement finally approved).

7. Significantly, as it relates to the instant matter against TikTok Inc. and ByteDance, Inc., I have also frequently represented plaintiffs in BIPA class actions alleging defendants' collection of "scans of face geometry," including in litigation against Google and Shutterfly where I achieved multiple significant victories on issues of first impression pertaining to the statute's construction, interpretation, and applicability to online facial recognition technologies (like those at issue here). Specifically, my work on these matters resulted in: (1) the first decision in the country holding that scans of face geometry collected from digital photographs constitute "biometric identifiers" within the meaning of BIPA, *Norberg v. Shutterfly, Inc.*, 152 F. Supp. 3d 1103 (N.D. Ill. 2015); (2) the first decision in the country holding that neither Illinois' presumption against extraterritoriality nor the dormant commerce clause is violated by applying BIPA to prohibit the extraction of scans of face geometry from digital depictions of Illinois residents uploaded from devices located in Illinois, *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088 (N.D. Ill. 2017); and (3) the first decision in the country holding that the nonconsensual collection of a scan of face geometry, a bare violation of BIPA, is invasive of privacy and thus manifests, in and of itself, a concrete and particularized injury sufficient to confer Article III standing, *Monroy v. Shutterfly, Inc.*, 2017 WL 4099846, at *8 n.5 (N.D. Ill. Sept. 15, 2017).

8. My partner David W. Hall maintains his office in San Francisco, California, is a member in good standing of the State Bar of California, and will also soon be filing an application to appear in this matter on a *pro hac vice* basis. For nearly three years at his prior firm, Robbins Geller Rudman & Dowd LLP, Mr. Hall served as one of the primary attorneys in a BIPA action against Facebook Inc. (also involving the collection of "scans of face geometry" from digital photographs). *See In re Facebook Biometric Privacy Litig.*, 3:15-cv-03747-JD (N.D. Cal.) (proposed $650 million class-wide settlement recently granted preliminary approval).

9. My firm and I conducted an extensive pre-filing investigation of potential claims arising from Defendants' practices of collecting, capturing, storing, and using consumers' "voiceprints" and "scans of face geometry," as well as their plans to disseminate this sensitive data to a third-party acquirer of TikTok in the near future.

10. In particular, as part of our pre-suit investigation, I performed the following work: (a) investigated potential legal claims arising from Defendants' alleged practice of collecting, storing and using consumers' biometric identifiers and biometric information, with a focus on <u>both scans of face geometry and voiceprints</u>; (b) analyzed numerous articles, journals, reports, web-based resources (on both a current and historical basis), and patents and patent applications describing Defendants' challenged conduct; (c) researched Defendants' data-storage practices and identified the locations in Illinois and vendors retained by Defendants to store the data implicated in this case; (d) researched Defendants' corporate structures and the relationship between the Defendants and the entities believed to be potential acquirers of TikTok; (e) investigated the nature of the challenged conduct at issue here by interviewing numerous potential clients; (f) investigated the adequacy of the named Plaintiff to represent putative classes; and (g) prepared the Complaint in this action on behalf of two nationwide unjust enrichment classes and two Illinois BIPA subclasses.

11. Hedin Hall maintains offices in Miami, Florida and San Francisco, California and has support staff available to assist with our efforts prosecuting this litigation. My firm also has ample resources available to devote to investigation, the hiring of experts, and whatever else may be necessary to most effectively prosecute this action on behalf of the proposed Classes. My firm and I are well suited to represent the Plaintiff and proposed Classes in this matter.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct. Executed this 8th day of September, 2020 in Miami, Florida.

_____
Frank S. Hedin

3