# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| M.G., through his father and legal guardian BARTOSZ GRABOWSKI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TIKTOK INC.; and BYTEDANCE, INC.,<br><br>Defendants. | Case No.: 1:20-cv-04699<br><br>MDL No: 2948<br><br>This Document Relates to All Cases<br><br>**DECLARATION OF J. DOMINICK LARRY IN SUPPORT OF APPLICATION FOR APPOINTMENT TO STEERING COMMITTEE** |

Pursuant to 28 U.S.C. § 1746, I, J. Dominick Larry, hereby declare and state as follows:

1. I am an attorney admitted to practice in the State of Illinois. I am the owner and sole attorney at Nick Larry Law LLC, which has been retained to represent Plaintiff M.G., by and through his father Bartosz Grabowski (collectively, "Plaintiff"), in the above-captioned matter. I am over 18 and am fully competent to make this declaration. This declaration is based upon my personal knowledge, except where expressly noted otherwise.

2. I have spent nearly my entire career practicing consumer class actions, focusing particularly on privacy, security, and technology claims. In June 2020, I formed Nick Larry Law LLC to continue pursuing those types of cases.

3. I began my career at Edelson McGuire, LLC (now Edelson PC) in 2011 as a summer associate. I continued working at Edelson through my third year at Northwestern University School of Law, and then from graduation in 2012 until early 2017, when I left the firm.

4. During my time at Edelson, I was responsible for litigation of dozens of consumer class actions, including several high-profile cases of first impression.

5. Among those cases was *In re Netflix Privacy Litig.*, No. 11-cv-379 (N.D. Cal.), a $9 million class-action settlement of claims alleging that Netflix had unlawfully retained consumers' personally identifiable information in violation of the Video Privacy Protection Act (a statute that has been invoked by some of the plaintiffs in this multidistrict litigation). In *Netflix*, I

was the lead associate on matters concerning settlement approval, including taking discovery and obtaining appeal bonds from "professional objectors" to the settlement. Over my years at Edelson, I also litigated VPPA class actions against Redbox, CNN, Cartoon Network, ESPN, Disney, and Gannett (publisher of USA Today), the latter of which resulted in the first appellate opinion holding that mobile-device identifiers were identifying (and therefore protected) under the VPPA. *See Yershov v. Gannett Satellite Info. Network, Inc.*, 820 F.3d 482 (1st Cir. 2016) (Souter, J.).

6. I was also part of the team at Edelson that secured a $14 million settlement in *Dunstan v. comScore*, No. 11-cv-5807 (N.D. Ill.), a case asserting that the defendant violated the Electronic Communications Privacy Act, Stored Communications Act, Computer Fraud and Abuse Act, and Illinois Consumer Fraud and Deceptive Practices Act, and was unjustly enriched, by installing sophisticated analytics spyware on the computers of millions of consumers nationwide. When Judge Holderman certified the proposed class, it was believed to be the largest privacy class certified to date.

7. Along with other lawyers from Edelson PC, I was appointed lead class counsel in *In re LinkedIn User Privacy Litig.*, No. 12-cv-3088 (N.D. Cal.), a consolidated class action arising out of LinkedIn's well-publicized 2012 data breach. I was responsible for the amended pleadings, hiring and overseeing plaintiffs' data-security and behavioral-economics testifying expert, and briefing and arguing the motion to dismiss. Those efforts resulted in Judge Davila endorsing a novel, consumer-fraud based theory of liability for failure to employ industry-standard security measures. *See In re LinkedIn*, 2014 WL 1323713 (N.D. Cal. Mar. 28, 2014). After the parties negotiated a $1.25 million class settlement, I was responsible for briefing and arguing preliminary approval, final approval, and the petition for attorneys' fees, costs, and incentive award.

8. Additionally, I was responsible for developing the first cases against magazine publishers under Michigan's Preservation of Personal Privacy Act. From outlining the theory of liability to screening clients and preparing complaints, through to handling motion to dismiss briefing and discovery, I was directly involved in advancing this new area of law. As a result of the favorable case-law created, *see Halaburda v. Bauer Pub. Co., LP*, No. 12-cv-12831, 2013 WL

2

4012827 (E.D. Mich. Aug. 5, 2013) (a case in which, along with my Edelson colleagues, I was appointed class counsel), millions of Michiganders have recovered well over $100 million from various publishers.

9. In addition to novel data-privacy cases, I have been responsible for litigating a number of Telephone Consumer Protection Act ("TCPA") class actions against financial institutions, consumer-fraud claims against technology companies, and more.

10. Most relevant here, I was part of the team responsible for the first consumer class action asserting BIPA violations, *Licata v. Facebook*, Case No. 2015-CH-05427 (Cook Co. Apr. 1, 2015), later removed, transferred, and coordinated with other proceedings under the caption *In re Facebook Biometric Information Privacy Litig.*, No. 15-cv-3747 (N.D. Cal.). From filing until I left Edelson nearly two years later, I was the senior associate on the case, and was responsible for all aspects of case management, including briefing many issues that will surely be relevant in this case. It was during my time working on *Facebook* that I became acquainted with David Hall and Frank Hedin, who were my then-counterparts at Robbins Geller and Carey Rodriguez, respectively.

11. Before leaving Edelson, I was also part of the team that obtained the first class-wide BIPA settlement, in *Sekura v. L.A. Tan Enterps.*, No. 2015-CH-16694 (Cir. Ct. Cook Co.), and was responsible for briefing and arguing novel BIPA issues in a number of cases then pending.

12. After leaving Edelson, I was an associate in the Chicago office of Benesch, Friedlander, Coplan & Aronoff LLP. At Benesch, I worked on plaintiff's litigation on behalf of corporate clients, and as plaintiff's counsel on consumer class actions. Those consumer cases included *Simms v. ExactTarget, LLC*, No. 14-cv-737 (S.D. Ind.), a TCPA class action where I was responsible for dispositive-motion and settlement-approval briefing. Those efforts led to a $6.25 million class-wide recovery, even though the primary defendant had long since declared bankruptcy.

13. I left Benesch in March 2019 to join Keller Lenkner, LLC, where I was involved in a number of consumer class actions and arbitrations. Relevant here, I was the lead associate on

*B.F. et al. v. Amazon.com, Inc. et al.*, No. C19-910 RAJ-MLP (W.D. Wash.), a class action on behalf of children in states throughout the country alleging that Amazon unlawfully recorded their private conversations through its popular Alexa voice-assistant service. I was also involved in the formation of the firm's BIPA practice, and a number of other consumer-protection matters.

  14. In May 2020, I transitioned to a new role as Counsel at Keller Lenkner so that I could open my own firm, which launched in June. I started Nick Larry Law to focus on the cases I know best: consumer class actions, particularly involving privacy and technology issues, with statutory causes of action.

  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 8, 2020, in Chicago, Illinois.

                s/ J. Dominick Larry