# EXHIBIT 4

```
               IN THE UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION


T.K., THROUGH HER MOTHER, SHERRI   )
LESHORE, AND A.S., THROUGH HER     )
MOTHER, LAURA LOPEZ,               )
individually and on behalf of      )   No. 19 CV 7915
all others similarly situated,     )
                                   )   Chicago, Illinois
                 Plaintiffs,       )   August 4, 2020
                                   )   11:00 o'clock a.m.
         -vs-                      )
                                   )
BYTEDANCE TECHNOLOGY CO., LTD.,    )
MUSICAL.LY, INC., MUSICAL.LY THE   )
CAYMAN ISLANDS CORPORATION, AND    )
TIKTOK, INC.,                      )
                                   )
                 Defendants.       )


        TRANSCRIPT OF TELEPHONIC PROCEEDINGS - Motion
              BEFORE THE HONORABLE JOHN R. BLAKEY

APPEARANCES:

For the Plaintiffs:     MASON LIETZ & KLINGER LLP
                        BY:  MR. GARY M. KLINGER
                        227 West Monroe Street
                        Suite 2100
                        Chicago, Illinois  60606


For the Plaintiffs:     MASON LIETZ & KLINGER LLP
                        BY:  MR. DAVID K. LIETZ
                             MR. GARY E. MASON
                        5101 Wisconsin Avenue NW
                        Suite 305
                        Washington, DC  20016



            LAURA LACIEN, CSR, RMR, FCRR, CRR
                  OFFICIAL COURT REPORTER
               219 South Dearborn Street
                       Room 1212
                Chicago, Illinois  60604
                     (312) 408-5032
```

11:44AM
1  plaintiffs that the child advocacy groups support this
2  settlement is not -- is inaccurate at best.
3          So, again, when looking at the strength of the
4  claims versus what's been offered, there's just -- there's a
5  complete disconnect, your Honor.  The strength of the claims
6  are strong.  They're worth far in excess of $1.1 million and
7  the $1.1 million settlement fund is totally disattached from
8  the actual worth and strength of the claims.
9          The next factor that the Court, I believe, should
11:44AM
10  look at in its analysis is whether or not class counsel and
11  the class representatives have adequately represented the
12  class.  And here we have a settlement that principally served
13  to induce the defendant to -- we have a case that principally
14  served to induce the defendant to pay money to class counsel
11:45AM
15  to make them go away.  And, in fact, the plaintiffs indicated
16  that that's what they think all settlements are is just an
17  amount of money to make plaintiffs go away.  Well, the
18  Seventh Circuit has expressly said that that is not the case
19  in *In re Subway*.
11:45AM
20          And beyond that, your Honor, the fees that the
21  class counsel are seeking here of $363,000 are completely
22  unsupported.  They want to do a percentage of the funds fee
23  but here it's unclear what work they did to earn that fee and
24  at minimum Objector believes that the calculus should be a
11:45AM
25  lodestar or at least a lodestar cross-check.

1   When looking at where the substantive allegations
2   of this complaint came from, which is important because it
3   indicates the investigation that went into these claims, the
4   plaintiffs in this case wholly copied them from a previously
5   filed complaint in the FTC matter and we set forth those --
6   the copied allegations in our initial objection.  So when the
7   plaintiffs come forth and say they should get $363,000 plus
8   expenses, which is a third of the small settlement already,
9   the fact is, is that the investigation that went into this
10  case was done by government attorneys; not done by
11  plaintiffs' counsel.
12      Moreover, in terms of the inadequate
13  representation, the release in this case, your Honor, is
14  extremely broad.  They seek to release any claims that arise
15  out of or related to -- for all time anything related to the
16  civil actions which are the claims in this case or the
17  subject matter of the complaint and we set forth in our
18  objection and in our response numerous claims that are
19  subject to the release.  And this has already become a
20  problem because as we said in our objection, your Honor, one
21  of the claims that is subject to the release indisputably are
22  claims under the Biometric Information Privacy Act, an act
23  which wholly deals with personal information and taking
24  personal information, namely biometric data, without people's
25  consent; and we raised in our objection that this was subject

to the release.

And the reason that I highlight this is because the defendants and the plaintiffs have spent some time saying that these claims under the Biometric Information Privacy Act, referred to as BIPA, were not part of the release. And this is important, your Honor, because the defendants and the plaintiffs at once are trying to have your Honor uphold the settlement and at the same time they're trying to disregard parts of the settlement that they don't like making it impossible for people to know what their rights are even under the settlement.

Your Honor, in your order on December 19th, 2019, your preliminary approval order, you entered a preliminary injunction that barred any settlement class members from bringing any new alleged class actions or asserting any released claims in any other action. Shortly after you did that, a bunch of class actions were filed in the Northern District of Illinois. They've all been consolidated in front of Judge Lee in matter 20 CV 2810, *E.R. v. TikTok*.

Each of those complaints initially tried to abide by your preliminary injunction and they defined the class in those cases, which were all cases -- privacy cases against TikTok based on BIPA. They limited the class to Illinois residents ages 14 to 17. That's important because the class here was children under 13. So those plaintiffs knew at the

1  time or at least thought they knew that the release in this
2  case included the BIPA claims and that your Honor's
3  injunction barred anyone from bringing those claims.
4  We filed our objection on May 11th, 2020, where we
5  raised the issue of the broad release.  On June 5th, 2020,
6  both the plaintiffs -- well, the plaintiffs in their
7  opposition explicitly stated that no, the BIPA claims are not
8  released even despite the broad language in those claims.
9  Exactly one week later, the plaintiffs in those cases in the
10 Northern District of Illinois filed a consolidated complaint
11 and they changed the class definition to all children under
12 18.
13 Now why is this important?  Well, it's important,
14 your Honor, because it's unclear to members of the settlement
15 class, including the Objector, whether or not -- what their
16 rights are even under the settlement and what other claims
17 they could be bringing or could not be bringing.  The
18 plaintiffs fault the Objector for not filing his own
19 complaint but doing so would be in direct violation of your
20 Honor's order unless the plaintiffs and defendants say that
21 it wouldn't be.  And there's just no -- right now, there's no
22 certainty as to what the -- what your Honor's order is and
23 the plaintiffs and defendants are seemingly just trying to
24 play games by trying to salvage the settlement where they can
25 and move forward with other litigation where they can all in

 1   hopes of having the settlement go forward but not really even
 2   looking at their own language that they put forward.  So it's
 3   problematic and it demonstrates that the -- that the
 4   plaintiffs and the plaintiffs' counsel are not adequately
 5   representing the class, which again provides grave problems
 6   for the settlement and is a reason that the settlement should
 7   not be approved.
 8         Finally, your Honor, there's an issue of the
 9   defective notice program in this case which we set forth at
10   length in our brief.  There was no direct notice provided to
11   the class members and it's unclear and no one has explained
12   why the defendant simply couldn't have direct messaged
13   through their app to members of TikTok that this settlement
14   had happened and that they could enforce their rights.
15         Further, the fact is that the way TikTok works,
16   it's able to identify people through facial recognition and
17   show them videos and other materials that seemingly based on
18   data that we've seen show people and videos just like the
19   people watching them that they know who is watching these
20   videos and they have the technology to identify children that
21   they believe or believe to be are under 13 and no effort was
22   made.
23         But even if we put that technology aside, the fact
24   is that the targeting in this case was completely wrong.
25   They -- they targeted parents of children under 18 where the

```
11:52AM   1   parents use music apps, use social media, or use video apps
          2   and there's no explanation as to why the belief was that
          3   someone who has a child under 13 who uses TikTok themselves
          4   are heavy app users, be it TikTok or any other app, and why
          5   traditional methods of notification weren't used.  And the
          6   fact that there's such a small response, 1.5 percent, is
          7   indicative of the fact that either this settlement was too
          8   small for people to care or the fact that people didn't get
          9   notice.
11:52AM  10           Further, the notice program failed to update class
         11   members of the changes in the schedule through the COVID
         12   orders as has been an issue in this case.  What were the
         13   actual dates when objections were due, what were the actual
         14   dates of this hearing.  That information was not being
11:53AM  15   updated on the site even though your Honor's order in
         16   December specifically required the parties to update the
         17   notice on the website.  That's at Paragraph 14 of Docket 13.
         18   The notice had the wrong effective date of when
         19   people's claims -- the effective date of people's claims.  It
11:53AM  20   cut off the effective date on May 6th even though the
         21   effective date has not run even as of this hearing, your
         22   Honor.
         23           And finally as we raised, the original schedule set
         24   forth in the notice program improperly required the
11:53AM  25   objections to be put forth before the motion for approved --
```