UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK, INC. CONSUMER PRIVACY LITIGATION<br><br><br>This Document Relates to:<br>Case No. 1:20-cv-05305 | MDL No. 2948<br><br>Master Docket No. 20 C 4699<br><br>Judge John Z. Lee<br><br>Magistrate Judge Sunil R. Harjani |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S PURPORTED EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER**

Plaintiff M.G.'s purported emergency motion for a temporary restraining order (ECF No. 3, "the Emergency Motion")[1] should be denied as both moot and meritless for at least four reasons:

- *First*, the Emergency Motion is moot because it seeks to enjoin Defendants from transferring data they do not have: "data that Plaintiff contends constitutes [Plaintiff's] biometric identifiers and biometric information (referred to collectively as 'biometrics') within the meaning of Illinois' Biometric Information Privacy Act ('BIPA') – to any entity that acquires TikTok." Specifically, Plaintiff alleges that Defendants collected Plaintiff's "voiceprints and face templates" and that Defendants may transfer this data to a third party to comply with executive orders issued by the President of the United States. ECF No. 4 at 2. But as TikTok already explained to Plaintiff, there is no need for an injunction because TikTok is not in possession of any "voiceprints" or "face templates" for Plaintiff. There is, therefore, absolutely no risk that such non-existent data will be transferred to a third party.

---

[1] Notably, Plaintiff's civil action was filed two days ago on the same day lead counsel applications were due in the MDL. Plaintiff rushed to file a complaint, emergency motion for temporary restraining order, and application for lead counsel appointment in the MDL all on that day.

- *Second*, the Emergency Motion is also moot because it seeks to force Defendants to comply with BIPA by defying federal executive orders; but as Plaintiff's brief concedes, BIPA expressly allows for the transfer of biometric data when "required by State or federal law or municipal ordinance." ECF No. 4 at 5 (quoting 740 ILCS 14/15(d)). Executive orders purportedly issued pursuant to statutory authority, like those at issue here, are "federal law." *See Bassidji v. Goe*, 413 F.3d 928, 935-36 (9th Cir. 2005) (contract was "illegal" under "federal law" because it violated executive order banning transactions with Iran); *Old Dominion Branch No. 496 v. Austin*, 418 U.S. 264, 273 n.5 (1974) ("we have no difficulty concluding that the Executive Order is valid and may create rights protected against inconsistent state laws through the Supremacy Clause"); *Stevens v. Carey*, 483 F.2d 188, 190 (7th Cir. 1973) (executive orders "issued pursuant to statutory authority providing for presidential implementation … have the force and effect of law"). Here, the executive orders fall under BIPA's federal law exemption until such time as they may be held invalid by court order. Complying with the executive orders will thus not violate BIPA.

- *Third*, Plaintiff's Emergency Motion is meritless because it is not supported by any sworn declaration, affidavit, or verified complaint. Instead, Plaintiff's false allegations relating to Defendants' supposed collection of biometric data are supported only by his own conclusory allegations made on "information and belief." Such conclusory allegations are insufficient for Plaintiff to satisfy his "significant burden" to "make a strong showing that [he] is likely to succeed on the merits." *Ill. Republican Party v. Pritzker*, No. 20-2175, 2020 U.S. App. LEXIS 28118, at *5-6 (7th Cir. Sep. 3, 2020) (affirming denial of TRO where plaintiff failed to demonstrate how it could "prove the key elements of its case"); *McDonald v. Cook Cty. Officers' Electoral Bd.*, No. 18 C 1277, 2018 U.S. Dist. LEXIS 42503, at *17-18 (N.D. Ill. Mar. 15, 2018) (denying TRO because "unsubstantiated and trite generalizations are not evidence and [plaintiff's] declaration

does not make them so; she is not in a position to testify about [the pertinent facts]"); *see also Reed v. Allied Waste Transp., Inc.*, 621 F. App'x 345, 347 (7th Cir. 2015) ("unsworn allegations are not evidence") (citing *Thomas v. Christ Hosp. & Med. Ctr.*, 328 F.3d 890, 894 (7th Cir. 2003)).

- *Fourth*, Plaintiff fails to show that he will suffer any "irreparable injury." *Pritzker*, 2020 U.S. App. LEXIS 28118, at *6 ("The applicant must also demonstrate that irreparable injury is likely in the absence of an injunction"). Plaintiff alleges that the TikTok mobile app is a video-sharing social media application that he used to upload and share "videos of himself." Compl. ¶ 84. But he makes no showing how transfer of these videos to a U.S. acquiring company will cause him any irreparable injury. Any acquiror will be subject to the same laws to which Defendants are currently subject. And as explained above, no "voiceprints" or "face templates" for Plaintiff exist.

For these reasons, the Court should deny Plaintiff's Emergency Motion.

Respectfully submitted,

DATED: September 10, 2020          WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   */s/ Anthony J Weibell*
Anthony J Weibell (aweibell@wsgr.com)
David S. Steuer (dsteuer@wsgr.com)
Sara Lai-Ming Rose Tolbert (srose@wsgr.com)
Curtis S. Kowalk (ckowalk@wsgr.com)
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

Victor Jih (vjih@wsgr.com)
Ryan S. Benyamin (rbenyamin@wsgr.com)
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071-2027
Telephone: (323) 210-2900

*Lead Counsel for all Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 10, 2020, the foregoing document was filed electronically through the Court's Electronic Case Filing System. Service of this document is being made upon all counsel of record in this case by the Notice of Electronic Filing issues through the Court's Electronic Case Filing System on this date.

*/s/Anthony J Weibell*_____
Anthony J Weibell
