**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION<br><br>This Document Relates to All Cases | MDL No. 2948<br><br>Master Docket No. 20-cv-4699<br><br>Judge John Z. Lee<br><br>Magistrate Judge Sunil R. Harjani |

**EMERGENCY MOTION FOR LEAVE TO FILE
MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER
TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

On behalf of himself and all others similarly situated, Plaintiff M.G., a minor child, by and through his father and legal guardian Bartosz Grabowski (collectively, "Plaintiff"), moves this Court for leave to file an Emergency Motion[1] for a Temporary Restraining Order, and for an Order to Show Cause Why a Preliminary Injunction Should Not Issue.[2] In support thereof, Plaintiff states as follows:

1. On September 8, 2020, Plaintiff M.G. filed his class action complaint, and Emergency Motion For Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "Motion"). (*See* Case No. 1:20-cv-5305, ECF Nos. 1, 3, 4.) At the time of filing, Plaintiff's counsel interpreted CMO-1 to mean that any later-filed actions would be automatically transferred to the Master Docket, inclusive of complaints and requests for such preliminary relief.

2. On September 11, 2020, the Court struck the Motion for noncompliance with CMO-1, ¶¶ 1, 12(a), and instructed Plaintiff to seek leave of Court if he had good cause to file the

---

[1] Prior to filing this emergency motion, Plaintiff's counsel contact the Courtroom Deputy to obtain a hearing date in advance of the Court's next regularly scheduled motion date (September 21, 2020). On September 14, 2020, the Courtroom Deputy instructed Plaintiff's counsel to file the motion without a hearing date, and that the Court would review the motion and then set a hearing date. Accordingly, this motion has not been noticed for hearing.

[2] On September 11, 2020, Plaintiff's counsel Frank Hedin emailed counsel of record listed on the master docket to determine their concurrence or opposition to the relief sought. As of filing, no party has responded.

request for the TRO notwithstanding CMO-1. (*See* ECF No. 63; Case No. 1:20-cv-5305, ECF No. 8.)

3. Having carefully re-read CMO-1, Plaintiff believes that, to the extent the relief sought by the proposed TRO conflicts with Paragraph 12(a) of CMO-1, good cause exists to allow the filing of his proposed Emergency Motion for a Temporary Restraining Order and for an Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "Proposed Motion," a copy of which is attached hereto as Exhibit A), and his memorandum in support (the "Memorandum," a copy of which is attached hereto as Exhibit B).

4. Under Fed. R. Civ. P. 16(b)(4), a court's scheduling order "may be modified only for good cause and with the judge's consent." CMO-1, ¶ 12(a) provides, in pertinent part, that "pending the initial pretrial conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated. Moreover, all pending motions are stricken without prejudice." (ECF No. 4, at 10, ¶ 12(a).)

5. Plaintiff's Proposed Motion does not pertain to the discovery process, nor does it seek to interfere with the preservation obligations imposed by CMO-1 or CMO-2. (*See* Ex. B at 12.) Plaintiff is not requesting production or destruction of any relevant data. Rather, Plaintiff only seeks to prevent the dissemination without consent of certain relevant data collected through the TikTok App to Oracle, the buyer of TikTok's U.S. operations. (*See* Ex. A at 1, ¶ 1.) Nor did Defendants' opposition to the Motion, (*see* ECF No. 62), assert that Plaintiff sought to interfere with the discovery process in any way.

6. To be clear, Plaintiff is not seeking to enjoin TikTok, Inc.'s sale, or to compel destruction of *any* user data. Plaintiff simply seeks to ensure that certain BIPA-protected user data is not disclosed by Defendants to Oracle without consent – disclosures that Defendants recently advised the Court they intend to make. (*See* ECF No. 16 at 2.)

7. To the extent that CMO-1 ¶ 12(a) acts to automatically strike newly filed motions absent a showing of good cause, Plaintiff respectfully submits that the extraordinary and unforeseeable nature of the circumstances warrants the exceptional relief sought. ByteDance Inc.

2

has announced that it will be selling management of TikTok's user data to Oracle by the President's September 20, 2020 deadline, and the Court's initial pretrial conference is set for September 22, 2020. By the time the case-management conference takes place, Defendants will be likely to have already disclosed the relevant data, pertaining to millions of Class members, to Oracle.

WHEREFORE, Plaintiff M.G., by and through his father and legal guardian Bartosz Grabowski, respectfully requests that the Court grant leave to file the attached Motion for a Temporary Restraining Order and Order to Show Cause Why A Preliminary Injunction Should Not Issue, along with his memorandum in support.

Dated: September 14, 2020     Respectfully submitted,

s/ J. Dominick Larry

**NICK LARRY LAW LLC**
J. Dominick Larry
55 E Monroe St, Suite 3800
Chicago, IL 60603
Tel: (773) 694-4669
Fax: (773) 694-4691
Email: nick@nicklarry.law

**HEDIN HALL LLP**
Frank S. Hedin
David W. Hall
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801
E-mail: fhedin@hedinhall.com
         dhall@hedinhall.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor
Joseph I. Marchese
Joshua D. Arisohn
Philip L. Fraietta
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-Mail: scott@bursor.com
         jmarchese@bursor.com
         jarisohn@bursor.com
         pfraietta@bursor.com

*Counsel for Plaintiff, by and through his father and legal guardian Bartosz Grabowski, and the Putative Classes*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on September 14, 2020, I served the above and foregoing by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the Court's CM/ECF electronic filing system.

                 s/ J. Dominick Larry