# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION<br><br>This Document Relates to All Cases | MDL No. 2948<br><br>Master Docket No. 20-cv-4699<br><br>Judge John Z. Lee<br><br>Magistrate Judge Sunil R. Harjani |

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

On behalf of himself and all others similarly situated, Plaintiff M.G., a minor child, by and through his father and legal guardian Bartosz Grabowski (collectively, "Plaintiff"), having filed his complaint in this matter seeking damages, a permanent injunction, and restitution for consumers injured by Defendants' unlawful practices, moves this Court for a Temporary Restraining Order, and for an Order to Show Cause Why a Preliminary Injunction Should Not Issue. In support thereof, Plaintiff states:

1. Plaintiff seeks an Order temporarily enjoining Defendants from selling, transferring or otherwise disseminating without consent the uniquely identifying data in its possession pertaining to the voices and faces of Plaintiff and the other unnamed Illinois Voice Class and Illinois Face Class[1] members – data that Plaintiff contends constitute biometric identifiers[2] and biometric information[3] (referred to collectively as "biometrics") within the meaning of Illinois' Biometric Information Privacy Act ("BIPA") – to Oracle Corp. (the entity that will be "partnering"

---

[1] The proposed "Illinois Voice Class" and "Illinois Face Class" are defined in paragraph 107 of Plaintiff's Class Action Complaint (*M.G. v. TikTok Inc. et al.*, Case No. 20 C 5305, ECF No. 1 (hereinafter, "Compl."), at 29.)

[2] The term "biometric identifier" includes voiceprints, scans of face geometry, fingerprints and handprints, and iris and retinal scans.

[3] "Biometric information" is any information captured, converted, stored, or shared based on a person's biometric identifier used to identify an individual.

with TikTok in the U.S.), and order Defendants to show cause why the Temporary Restraining Order should not be converted to a Preliminary Injunction.[4]

2. This Court has full authority to grant the relief requested. The Biometric Information Privacy Act authorizes the Court to award "[o]ther relief, including an injunction, as the State or federal court may deem appropriate." 740 ILCS 14/20(4). To obtain a temporary restraining order, Plaintiff must show that "(1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits." *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661-62 (7th Cir. 2015). If the movant makes the required threshold showing, then the court moves on to the second stage and considers: "(4) the irreparable harm the moving party will endure if the preliminary injunction is wrongfully denied versus the irreparable harm to the nonmoving party if it is wrongfully granted; and (5) the effects, if any, that the grant or denial of the preliminary injunction would have on nonparties," *i.e.* the public interest. *Id.* at 662.

3. As explained in more detail in Plaintiff's memorandum filed herewith in support of this Motion, and in Plaintiff's class action complaint, Defendants are unlawfully in possession of Plaintiff's and the Illinois Voice Class and Illinois Face Class members' biometric identifiers and information, and have indicated that they intend to transfer that private information to Oracle Corp., as part of its assumption of management of TikTok's U.S. user data, in the coming weeks (rather than merely transferring ownership of TikTok, Inc. itself). Defendants' proposed transfer of Plaintiff's and the Illinois Voice Class and Illinois Face Class members' biometrics without

---

[4] On September 8, 2020, prior to filing Plaintiff's original emergency motion for a temporary restraining order, Frank S. Hedin, Plaintiff's counsel, conferred with Defendants' counsel by email regarding the relief sought, and provided Defendants' counsel with a copy of the memorandum in support of the motion, and was informed that Defendants opposed the relief sought. Defendants filed their opposition papers on September 10, 2020. (ECF No. 62.) On September 11, 2020, Plaintiff's counsel conferred telephonically with counsel from the Bird Marella, Glancy Prongay & Murray, and Hausfeld firms, and is awaiting a response regarding their position on the relief sought. Plaintiff's counsel also has a call scheduled with other firms representing plaintiffs in this action, but has not been able to determine their position prior to filing this proposed emergency motion.

their consent would bring the number of entities with access to their biometrics to three—instead of zero—and is neither required by the President's recent executive orders (detailed more fully in the Memorandum) nor allowed by the Biometric Information Privacy Act.

WHEREFORE, Plaintiff M.G., by and through his father and legal guardian Bartosz Grabowski, respectfully requests that the Court grant Plaintiff's Motion and enter the Temporary Restraining Order.

Dated: September 14, 2020

Respectfully submitted,

*s/* J. Dominick Larry

**NICK LARRY LAW LLC**
J. Dominick Larry
55 E Monroe St, Suite 3800
Chicago, IL 60603
Tel: (773) 694-4669
Fax: (773) 694-4691
Email: nick@nicklarry.law

**HEDIN HALL LLP**
Frank S. Hedin
David W. Hall
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801
E-mail: fhedin@hedinhall.com
  dhall@hedinhall.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor
Joseph I. Marchese
Philip L. Fraietta
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-Mail: scott@bursor.com
  jmarchese@bursor.com
  pfraietta@bursor.com

*Counsel for Plaintiff, by and through his father and legal guardian Bartosz Grabowski, and the Putative Class*