IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK, INC. CONSUMER PRIVACY LITIGATION <br><br><br> **This Document Relates to All Cases** | MDL No. 2948 <br><br> Master Docket No. 20 C 4699 <br><br> District Judge John Z. Lee <br><br> Magistrate Judge Sunil R. Harjani |

**PLAINTIFF A.J.'S OBJECTIONS TO PROPOSED APPLICATIONS FOR LEAD COUNSEL AND/OR PLAINTIFFS' STEERING COMMITTEE**

Pursuant to Case Management Orders Nos. 1 and 2 (ECF Nos. 4, 24), counsel for Plaintiff A.J., through her guardian, Aaron Johnson, **Mark Molumphy** ("Molumphy") of Cotchett, Pitre & McCarthy, LLP ("CPM") and **Albert Chang** ("Chang") of Bottini & Bottini, Inc. ("Bottini") respectfully submit this response to the competing applications filed in this matter.

**1.  Katrina Carroll and Jonathan Jagher Should Be Appointed Co-Lead Counsel**

The following four applications were filed by attorneys seeking appointment as co-lead counsel:

| Co-Lead Counsel | Co-Lead Counsel | Co-Lead Counsel | Co-Lead Counsel |
|---|---|---|---|
| **Katrina Carroll** <br> Carlson Lynch | **Ekwan E. Rhow** <br> Bird, Marella | **Amy Keller** <br> DiCello Levitt | **Frank S. Hedin** <br> Hedin Hall LLP |
| **Jonathan Jagher** <br> Freed Kanner | **Megan Jones** <br> Hausfeld | **Lesley Weaver** <br> Bleichmer Fonti | **Philip L. Fraietta** <br> Bursor & Fisher |

In CMO Nos. 1 and 2, the Court stated its main criteria in appointing Lead Counsel will be (a) counsel's willingness and availability to commit to a time-consuming project; (b) counsel's ability to work cooperatively with others; (c) counsel's professional experience in this type of

1

litigation, including prior assignments as lead or liaison counsel in multi-party litigation, and (d) the efforts, if any, that a particular plaintiffs' attorney has made (in this case and other cases) to canvas, coordinate, compile, and incorporate the thoughts and input of other plaintiff's counsel in the MDL. (ECF Nos. 4, 24.)

Based on the criteria set by the Court, Plaintiff A.J. supports the application of Carroll and Jagher. While each of the Lead Counsel applicants describes their various degrees of class action experience, and all confirm their willingness and availability to work on this project, Carroll and Jagher stand alone in their ability and efforts to work with other plaintiffs' counsel in this MDL. Carroll and Jagher reached out to all counsel, regardless of where they filed cases or whether they supported coordination in this district, to seek out their input on matters such as scheduling, discovery and preservation of evidence, and the pros and cons of mediation.

Conversely, the other applicants have unilaterally filed motions impacting other plaintiffs without first consulting counsel (*e.g.*, Hedin and Fraietta's emergency motion for a temporary restraining order (ECF No. 70)), filed motions that would prejudice other plaintiffs in the MDL over objections from their counsel (*e.g.*, Rhow and Jones' motions to intervene (*E.R. v. TikTok, Inc.*, No. 1:20-cv-02810 (N.D. Ill.), ECF No. 46, and *A.S. v. TikTok, Inc.*, No. 3:20-cv-00457 (S.D. Ill.), ECF No. 3), or have yet to even make contact with all other MDL counsel in this case (Keller and Weaver).

Carroll and Jagher will provide the best and most inclusive representation as Lead Counsel.

**2.** **Mark Molumphy and Albert Chang Should Be Appointed to the Steering Committee**

In CMO No. 2, the Court indicated it would appoint a five-member Plaintiffs' Steering Committee with the responsibility to assist Lead Counsel in their efforts to represent the interests of the Plaintiffs in this multi-district litigation.

Not surprisingly, each of the Lead Counsel applicants either nominated themselves to the Steering Committee (in the event they are not selected as Lead Counsel), or nominated members who are already committed to supporting their respective positions. For example, Carroll and Jagher proposed five attorneys who not only support them as Co-Lead Counsel, but who *personally participated* in the underlying mediation and settlement negotiations. Similarly, Rhow and Jones proposed three attorneys who not only support them as Co-Lead Counsel, but *supported* their prior efforts to be appointed in the Northern District of California, to file motions to intervene in the Northern and Southern Districts of Illinois, and/or to object to settlement negotiations.

However, the Steering Committee should include members independent of these two competing slates. Indeed, given this history of this case, it is absolutely essential to have independent representation on the Steering Committee, rather than Committee members who have already committed to certain positions or strategies or outcomes. The inclusion of independent Steering Committee members will provide an important check on counsel to ensure that the proposed Class obtains the best possible result, free from conflict, or any predetermined course for how this case should be litigated or resolved.

Molumphy and Chang are the best choices for such independent representation on the Steering Committee. Unlike the other applicants, they were not involved in the underlying mediation and thus have not committed to the settlement (like the five members proposed by Carroll and Jagher), nor were they involved in the active efforts to dismiss cases filed in Illinois district courts and transfer them to California (like the three members proposed by Rhow and Jones). In addition, Molumphy and Chang both have extensive experience in multi-party class actions involving similar legal and factual issues, as detailed in their application (ECF No. 35). Unique to their application, Molumphy and Chang have also personally litigated multi-party,

3

complex actions against China-based corporations, including a recent class action against Alibaba, the largest corporation in China, which involved extensive discovery, review of documents produced in several languages, and depositions in Hong Kong. No other firm or attorney has such experience.

Finally, Molumphy and Chang are well-positioned to benefit the Plaintiffs because both are located in California, where TikTok (Culver City) and its counsel (Palo Alto) are located. Further, according to recent reports, Oracle has now been selected as the "trusted technology provider" to TikTok, and may take possession of some or all of TikTok's assets and data stored in the United States.[1] Oracle is located in San Mateo County, just minutes away from Molumphy's office, and both Molumphy and Chang have experience in litigation involving Oracle. *In re Oracle Corp. Derivative Litig.*, No. C-10-3392 (N.D. Cal.); *Klein v. Ellison*, No. 20-cv-4439 (N.D. Cal.).

Accordingly, based on their independence, their demonstrated willingness and ability to work with others, their unique and substantial litigation experience in complex cases involving China-based companies, and their physical location and ability to provide practical benefits to the class, the Court should appoint Molumphy and Chang to Plaintiffs' Steering Committee.

Dated: September 15, 2020

| | |
|---|---|
| */s/ Mark C. Molumphy* | */s/ Albert Y. Chang* |
| MARK C. MOLUMPHY | Albert Y. Chang |
| **COTCHETT, PITRE & McCARTHY LLP** | **BOTTINI & BOTTINI, INC.** |
| 840 Malcolm Road, Suite 200 | 7817 Ivanhoe Avenue, Suite 102 |
| Burlingame, CA 94010 | La Jolla, CA 92037 |
| Telephone: 650.697.6000 | Telephone: 858.914.2001 |
| mmolumphy@cpmlegal.com | achang@bottinilaw.com |

*Attorneys for Plaintiff A.J., through her guardian, Aaron Johnson*

---

[1] Jordan Novet, *Oracle confirms deal with TikTok-owner ByteDance to become 'trusted technology provider'*, CNBC, available at https://www.cnbc.com/2020/09/14/oracle-confirms-deal-with-tiktok-owner-bytedance-to-become-trusted-technology-provider.html (last visited Sept. 15, 2020).

## CERTIFICATE OF SERVICE

      I, Albert Y. Chang, affirm that the foregoing was filed on September 15, 2020, via CM/ECF, which automatically served all counsel of record.

Dated: September 15, 2020             /s/ *Albert Y. Chang*
                                                      Albert Y. Chang