**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: TIKTOK, INC., | ) | |
| CONSUMER PRIVACY | ) | **MDL No. 2948** |
| LITIGATION, | ) | |
| | ) | **Master Docket No. 20 C 4699** |
| | ) | |
| | ) | **Judge John Z. Lee** |
| | ) | |
| | ) | **Magistrate Judge Sunil R. Harjani** |
| This Document Relates to All Cases | ) | |

<u>**SUPPLEMENTAL DECLARATION OF EKWAN E. RHOW**</u>

I, Ekwan E. Rhow, declare as follows:

1.     I am a principal with Bird Marella Boxer Wolpert Nessim Drooks Lincenberg & Rhow, P.C. Together with co-counsel Glancy Prongay & Murray, LLP, I filed the first case pending in this MDL, which is now captioned *In re: TikTok, Inc. Privacy Litigation*, Case No. 1:20-cv-04723 (previously, "*Hong*," after the first plaintiff). I make this declaration in support of the Oppositions submitted by myself, Megan Jones of Hausfeld LLP, Kara Wolke of Glancy Prongay, David Given of Phillips Erlewine Given & Carlin LLP, and Amanda Klevorn of Burns Charest LLP (collectively, the "Litigating Firms") to Katrina Carroll's and Jonathan M. Jagher's applications to serve as Co-Lead Counsel, to the applications of the attorneys who have applied to serve on the Plaintiffs' Steering Committee ("PSC") with Ms. Carroll and Mr. Jagher,[1] and to the attorneys who submitted various notices and memoranda in support of Ms. Carroll, Mr. Jagher, and the PSC applicants (collectively, the "Settling Firms"). I have personal knowledge of the facts stated herein, and if called to testify about such statements, I could and would competently do so.

2.     While the Litigating Firms have had and continue to have professional disagreements

---

[1] Robert Foote (Foote, Mielke, Chavez & O'Neil, LLC); Michael Gervais (Susman Godfrey LLP); Joseph Guglielmo (Scott+Scott Attorneys at Law LLP); Tina Wolfson (Ahdoot & Wolfson, PC); James Zouras (Stephen Zouras LLP).

with Ms. Carroll and other counsel for the Settling Firms, I reject Ms. Carroll's suggestions that I and the other Litigating Firms have been uncooperative or unwilling to work with others. To the contrary, I have continually sought the input and cooperation of all MDL interim plaintiffs' counsel on every important issue that has arisen. I previously believed that Ms. Carroll and I had a productive and professional working relationship, as she never once mentioned to me any issues she had with the Litigating Firms' conduct.

3.      Despite our professional disagreements, I believed Ms. Carroll and I could continue to foster a productive relationship that would benefit the class. Indeed, on August 17 and after many of the events outlined below had already occurred, she stated in a text to me: "You know my thoughts already – I think including you is in everyone's best interests."

4.      To that end, on September 2, I proposed that we serve as co-lead counsel together with an equal number of attorneys from the Litigating Firms and the Settling Firms.[2] On September 3, Ms. Carroll and Mr. Jagher rejected that offer, but still indicated some willingness to work with the Litigating Firms by offering two spots on their proposed PSC.[3] In making that offer, Ms. Carroll never stated that I and the other Litigating Firms had been uncooperative or unprofessional.

5.      Ms. Carroll now makes clear in her Application and Declaration that she is not willing to work with me or the other Litigating Firms *at all* because such a "forced marriage" could potentially "derail" her conditional "settlement in principle." In contrast, the Litigating Firms' leadership proposal leaves two spaces open on our proposed PSC for attorneys outside our group.

6.      The Settling Firms and the Litigating Firms have had professional disagreements. Ms. Carroll's declaration converts these disagreements into accusations but I have always attempted to view these issues in the context of what is best for the class. The first major professional disagreement between the Settling Firms and Litigating Firms was whether it was appropriate for

---

[2] *See* **Exhibit 1** hereto, which is a true and correct copy of the email I sent to Ms. Carroll and Mr. Jagher on Wednesday, September 2, 2020.

[3] *See* **Exhibit 2** hereto, which is a true and correct copy of the email Mr. Jagher sent to me on Thursday, September 3, 2020.

Ms. Carroll to arrange a mediation with Defendants when both venue and leadership were still undecided. Ms. Carroll arranged this mediation in response to the Litigating Firms seeking transfer of the cases to the jurisdiction where we filed the first case some six months earlier, and where there was no question as to jurisdiction on behalf of a nationwide class because the domestic defendants were based there.[4] Ms. Carroll's characterization of this issue is inaccurate. To begin with, she informed us on June 3 that she had scheduled an August 13 mediation with Defendants – less than one month after filing her May 8 copycat BIPA complaint. Doc. No. 52-3 at 2 of 54. (The first BIPA lawsuit in the country was filed by Hausfeld LLP and Burns Charest LLP on April 30, eight days before Ms. Carroll filed, and my firm along with Glancy Prongay and Phillips Erlewine filed the first BIPA case against the China-based defendants on May 11.)

7.      I met and conferred with Defendants' counsel Mr. Anthony Weibell prior to the July 30 JPML hearing and told him that the mediation he had scheduled with Ms. Carroll for August 13 could and should be continued until venue and leadership were decided. He resisted. At the JPML hearing, Mr. Weibell for the first time argued that the cases should be consolidated in N.D. Ill. and that it was a better forum than N.D. Cal. where his own client's offices are located. Notably, prior to the hearing, including in their response brief, Defendants had declined to take a position on venue as between N.D. Ill. and N.D. Cal.

8.      I never took the position that a mediation was generally inappropriate, only that it was premature so long as there was no appointed class counsel, venue was undecided, and also given that further discovery would be helpful. Had the parties waited to mediate until both venue and leadership had been resolved (or at least allowed *all* interim plaintiffs' counsel to participate),

---

[4] Ms. Carroll complains that the Litigating Firms filed a Motion for Transfer pursuant to 28 U.S.C. § 1404 after the petition for consolidation was filed with the JPML. However, the JPML instructed the parties to "… pursue alternatives to centralization (including, but not limited to, engaging in informal coordination of discovery and scheduling, and **seeking Section 1404 transfer of one or more of the subject cases**.)." [MDL Docket, MDL No. 2948, at ECF No. 4]. We filed the Rule 1404 motion to transfer only *after* receiving this JPML guidance and consulting with all counsel with cases on file and asking them to voluntarily transfer their cases to N.D. Cal. where the first filed cases with the longest litigation history were pending.

concerns about the propriety of the settlement process could have been avoided and the issues caused by Defendants' exclusionary conduct (as explained below) would never have occurred.

9.      Ms. Carroll also accuses me for the first time of taking that position only for personal gain. Doc. No. 52 at ¶ 28. That is not true. In fact, I objected to scheduling or conducting a mediation while the JPML proceedings were still pending and *before* Judge Koh had appointed me as lead counsel in N.D. Cal. I also objected to the mediation *before* I knew whether the cases would be centralized in N.D. Ill. and *before* I knew who would ultimately serve as lead counsel for the class. I was not alone in that position. A lawyer not part of our group also expressed his concerns about scheduling mediation during the pendency of the JPML proceedings and prior to leadership being in place. Ms. Carroll included her email proposing the mediation in her application papers, but omitted this lawyer's response, a true and correct copy of which is attached hereto as **Exhibit 3**.

10.      It is also not true that the Litigating Firms asked the mediator Judge Phillips *to cancel* the August 13 mediation. Doc. No. 52 at ¶ 60. We had mediated our case, and our BIPA claim, with Judge Phillips before any competing cases were filed and, given his history with the case, simply alerted him to Judge Koh's leadership order and our view that the mediation was premature.

11.      The next professional disagreement arose after the cases were centralized in N.D. Ill. on August 4. Ms. Carroll and Defendants indicated they were moving ahead toward their scheduled August 13 mediation. Even though I still believed a mediation was premature until leadership was resolved, because the mediation was going forward, I planned to attend as I was, at that time, the only court-appointed lead counsel and the Litigating Firms had the most history with the case based on our extensive investigation. Five days before the mediation, however, Mr. Weibell inexplicably barred me from attending.

12.      It is my belief that Mr. Weibell intentionally excluded me (and my co-counsel at Glancy Prongay) from the August 13 mediation solely to benefit his clients and based on vague, unfounded accusations that, to this day, have never been fully explained, much less proven. In an email dated August 8, Mr. Weibell even admitted there was no factual basis to the accusations, stating: "I emphasize the word 'questions' because we cannot state factually whether this is true or

not, and I don't want to be misunderstood as representing that this is true or otherwise suggesting that these firms are in any way in breach of fiduciary and professional responsibilities."

13.    I was concerned that Defendants' hand-selection of their new adversaries at the August 13 mediation after failing to resolve their case with us at a prior mediation (before any other cases were filed) would create the foundation of a reverse auction, which would not serve the best interests of the class. Given a text Ms. Carroll sent me indicating her view that Mr. Weibell's conduct was based on a "weird conspiracy theory," Ms. Carroll's current attempt to frame my exclusion from the mediation as something that I invited is surprising.

14.    Further, Defendants' "offer" to have Ms. Megan Jones attend the mediation in my place was no offer at all because it was contingent upon Ms. Jones agreeing that she would not disclose what happened at the mediation to anyone at my firm or Glancy Prongay. This "gag order" proposal would have amounted to a *de facto* disqualification order orchestrated by Defendants and would have allowed Defendants to exclude the attorneys with the most knowledge about the case from the process, while simultaneously allowing both Defendants and Ms. Carroll to claim the interests of the N.D. Cal. plaintiffs were adequately represented. Ms. Jones would have likely been forced to violate Judge Koh's Order (which at the time had not been modified), as well as Ms. Jones' duties to her clients. Thus, Ms. Jones immediately declined Defendants' "offer." Ms. Carroll proceeded with the mediation with full knowledge that Defendants had barred us from participating.

15.    Ms. Carroll now also accuses me of excluding other attorneys with cases originally filed in N.D. Cal. from participating in the August 13 mediation. Doc. No. 52 at ¶ 68 fn. 10. This also is not true.

    a.    **On August 11**, Ms. Carroll had already told attorneys Amy Keller and Lesley Weaver that she would not allow them to attend the mediation. Doc. No. 51-2.

    b.    **On August 12**, Ms. Carroll herself told me that Ms. Keller and Ms. Weaver were trying to "sneak" into the mediation. In response, I told her Judge Koh's Order excluded N.D. Cal. Plaintiffs' counsel who had not received permission to attend. She apparently is now using that conversation to argue that it was me, not her, who excluded these attorneys. But Ms. Carroll already

had excluded Ms. Keller and Ms. Weaver the day before (above), and I had no objection to Ms. Keller and Ms. Weaver participating at mediation. I never told Ms. Carroll I was barring them from attending.

16.     During that conversation, Ms. Carroll did not disclose to me that she had secretly invited Tina Wolfson – another attorney for the N.D. Cal. plaintiffs – to attend, and that Ms. Wolfson was, in fact, attending. In other words, while Ms. Carroll was using Judge Koh's Order to exclude Ms. Keller and Ms. Weaver, she was simultaneously allowing another lawyer subject to Judge Koh's Order – Ms. Wolfson – to participate.

17.     Like Defendants, Ms. Carroll was picking and choosing who she wanted to attend the mediation, while paying lip service to the notion that all attorneys were invited.

18.     There was no legitimate reason that the mediation could not have been temporarily continued to force Mr. Weibell to allow the excluded plaintiffs' counsel to attend. There was nothing significant about the August 13 date. The mediation could have been continued to allow this Court to weigh in on this issue or, more properly, to allow Defendants time to seek an exclusion order if they felt they had a real basis. And the recent events related to the September 2020 Trump orders do not change this because approval of the settlement would not occur until many months later.

19.     Ms. Carroll failed to work cooperatively with her fellow interim plaintiffs' counsel and work in a meaningful way to avoid the optics of a reverse auction, and informed Mr. Weibell that she would move forward with the August 13 mediation regardless of whether my firm and others were excluded. In particular, she told Mr. Weibell and others in the email chain that: **"We hope this conflict can be resolved today, however, if it is not, we intend to move forward and represent the class to the best of our ability."** Doc. No. 52-3 at 37 of 54.

20.     In retrospect, Ms. Carroll's actions leading up to and surrounding the August 13 mediation were not supportive of the class' interests because: she did not challenge Defendants when they banned me and other Litigating Firms from participating in the mediation; she herself excluded plaintiffs' counsel (Ms. Keller and Ms. Weaver) from participating under false pretenses; and she did not disclose which attorneys actually attended the mediation to me or any of the other

Litigating Firms.[5] It has come to light that many of the attorneys who signed on to Ms. Carroll's August 21 Proposed Case Management Schedule (thereby supporting her "settlement in principle" and agreeing to bring the litigation to a halt) did not attend the mediation and do not even know the settlement terms.

21.     Additionally, Ms. Carroll's depiction of the issue of waiving privilege at the first mediation that I conducted with Defendants in April 2020 inexplicably fails to note that when I first believed that I and the other Litigating Firms would attend the August 13 mediation, I discussed the claims that had been presented and the term sheet from the April mediation with Ms. Carroll.

22.     In responding to our arguments that our VPPA claim is potentially worth billions of dollars in statutory damages and that it should have been presented at mediation, Ms. Carroll's declaration states we "could have freely shared [our] supposed insight at any point prior to the mediation, as [the Litigating Firms] were repeatedly invited to do but continually refused." Doc. No. 52 at ¶ 81. That is not true. During one of our pre-mediation discussions, I specifically discussed with Ms. Carroll the VPPA claim that we had put together and told her that, based on statutory damages calculations, the damages could be in the billions of dollars. Ms. Carroll did not ask any further questions about the claim and instead stated it would be "better" not to raise it at the mediation. We did not continue discussing the issue but I assumed that Ms. Carroll was fearful that raising a new claim like this would derail the potential settlement she was contemplating.

23.     Even after Mr. Weibell first objected to my attendance at the August 13 mediation, Ms. Carroll and I continued to discuss and plan for the mediation together, as I hoped that Mr. Weibell would eventually be forced to withdraw his baseless objection and allow me to attend. During those exchanges, Ms. Carroll never shared her mediation materials, briefs, analysis, or any other information about the August 13 mediation with me despite claiming to have waived privilege.

---

[5] Ms. Carroll for the first time provided the identities of the plaintiffs' counsel who were permitted to attend the mediation in a footnote to her Declaration: "The seven delegates who participated in the mediation were: me, Mr. Jagher, Robert Foote (Foote, Mielke, Chavez & O'Neil, LLC); Michael Gervais (Susman Godfrey LLP); Joseph Guglielmo (Scott+Scott Attorneys at Law LLP); Tina Wolfson (Ahdoot & Wolfson, PC) and Tiffany Yiatras (Consumer Protection Legal, LLC)." Doc. No. 52 at fn. 3.

24.     Eventually, it became clear that Mr. Weibell would not withdraw his objection and that Ms. Carroll would not side with her fellow interim plaintiffs' counsel and defend our right to participate. I then became concerned about waiving privilege with respect to the April mediation given that I and other interim plaintiffs' counsel were being barred from participating on August 13.

25.     Ms. Carroll told me she would call me during the August 13 mediation (with Judge Phillips) and ask me to waive privilege. Despite my concerns about the integrity of the settlement process at that point, I told her that, if necessary and in the best interest of the class, I would do so. Ms. Carroll ultimately did not call me during the August 13 mediation and did not ask me to waive privilege.

26.     Despite her after the fact complaints about my not waiving privilege, she has repeatedly represented on the record and to all interim plaintiff's counsel that she achieved a fair and reasonable conditional settlement on August 13, without having called me during the mediation to waive privilege. It appears that Ms. Carroll did not believe that my doing so was necessary, because at any time, she could  have stopped the mediation to insist on my participation.

27.     After the August 13 mediation, Ms. Carroll expressed an interest in discussing leadership and attorneys' fees.[6] She also made baseless assertions that other attorneys for the Litigating Firms were not looking after my interests and that yet other interim plaintiffs' counsel were "unethical."

28.     On August 22, Mr. Weibell offered to attend a third mediation with the Litigating Firms at which point the settlement's terms would be revealed and discussed. We jointly informed the Court of this plan. Doc. No. 7. However, Ms. Carroll contacted the mediator, Judge Phillips, and voiced concerns about the mediation proceeding. Mr. Weibell thereafter rescinded Defendants' offer to mediate with us. Doc. No. 8.

---

[6] Similarly, after the August 13 mediation, Mr. Weibell wrote in an August 20 email that the conditional settlement was "more than enough to fairly compensate all who have expended effort to contribute to this case," suggesting that firms should just agree to it so they could get paid. Doc. No. 52-3 at 52 of 54.

29.     Thereafter, the Settling Firms and Defendants continued to keep the terms of the conditional settlement – and all information related to the mediation – a secret. Ms. Carroll and the Settling Firms, together with Defendants, asserted in their joint filings that the settlement terms should not be disclosed until October 26, 2020 and the litigation should essentially come to a complete standstill because of the conditional settlement. Doc. Nos. 1, 6. I filed an Emergency Motion on this issue on August 27, arguing that it could be detrimental to the class to allow the litigation to come to a full stop and for the settlement terms to remain undisclosed until late October in light of Trump's Executive Orders and the potentially imminent TikTok sale. Doc. Nos. 11, 11-1, 12, 17.

30.     This Court subsequently issued CMO 2 on September 1, which provided as follows: "Until the Court makes these appointments, no counsel of record representing a particular Plaintiff or a putative class of Plaintiffs shall have any more or less authority than another. Nor will counsel of record for a particular Plaintiff or a putative class of Plaintiffs have the authority to act on behalf of or bind another Plaintiff or another putative class of Plaintiffs absent further order of the Court." Doc. No. 24.

31.     Nonetheless, Ms. Carroll and the Settling Firms have apparently disregarded the Court's directive and continue to negotiate and finalize their settlement before this Court has ruled on leadership and while continuing to exclude other interim counsel. Ms. Carroll continues to attempt to bind other lawyers and clients to the conditional settlement, despite the fact that the majority of interim plaintiffs' counsel do not know the terms and despite the fact that she is purporting to resolve claims she did not bring on behalf of classes she does not represent against defendants she did not sue.

32.     With respect to the Video Privacy Protection Act claim, it has also come to our attention that in the matter of *T.K. v. Bytdance Technology Co., Ltd.*, Case No. 1:19-cv-07915 (N.D. Ill.) ("*T.K.*"), a separate matter pending in this district that followed the FTC's case against TikTok's predecessor for violations of the Children's Online Privacy Protection Act ("COPPA"), an objector has asserted that: (1) our group rushed to file a VVPA claim after the objector pointed out the

strength of the claim at an August hearing; and (2) our filing of the VPPA claim violates the *T.K.* Court's injunction in that case, entered at the parties' request as part of preliminary approval in that case, against asserting released claims. *T.K.* Doc. No. 50.

33.     Neither assertion has merit. First, our group was unaware of the objector's comments at the hearing before we filed the Consolidated Amended Complaint, Doc. No. 89 in *In re TikTok, Inc. Privacy Litigation*, 1:20-cv-04723, and our work on the VPPA claim significantly predated that hearing. Ms. Weaver's and Ms. Keller's VPPA claim (based on different factual allegations than our clients' VPPA claim) also predated that hearing. Second, the VPPA claim in this case *rests on an entirely different factual foundation* than that in *T.K.* Indeed, in *T.K.*, as to the scope of the release, plaintiffs have pointed out that "[t]he release is bounded by the facts that are alleged in the complaint and that is what limits it," and defendants have noted with respect to the VPPA claim that "the Objector's counsel pointed out that the claim has statutory damages and it's not based on COPPA. There's two issues with that. One is that to the extent this case goes beyond the allegation of the collection of information from children about parental consent, **those claims would get captured and be related to the MDL that's pending now before Judge Lee in the Northern District of Illinois**." Tr. of Aug. 7, 2020 Hrg. in *T.K.* at 22, 53, MDL Dkt. 59-3 (emphasis added).

34.     My sole objective throughout this litigation has been to protect the interests of the class, and to that end I have been willing to express and act on professional disagreements whenever necessary. I do not believe that makes me unprofessional or uncooperative. While I am disappointed by Ms. Carroll's mischaracterizations of my conduct in her Declaration and her lack of leadership and commitment to her fellow interim plaintiffs' counsel on the issues discussed above, I remain willing to work with whoever the Court appoints to leadership, including her or the attorneys from the Settling Firms. I believe that attorneys should be able to put professional agreements aside to work for the betterment of the class and their clients and I am fully prepared to do so.

Executed this 15th day of September, 2020 at Los Angeles, California.

*/s/ Ekwan E. Rhow*
Ekwan E. Rhow

EXHIBIT 1

**From:** Ekwan E. Rhow <erhow@birdmarella.com>
**Sent:** Wednesday, September 2, 2020 1:09 PM
**To:** Jon Jagher <jjagher@fklmlaw.com>; Megan E. Jones <mjones@hausfeld.com>
**Cc:** Katrina Carroll <kcarroll@carlsonlynch.com>
**Subject:** Re: TikTok

Dear Jon and Katrina:

We agree wholeheartedly that a consensus on leadership makes sense here. We're glad you're open to considering a proposal that would merge our respective groups. To be clear, however, we do not speak for Lesley and Amy.

In response to your proposal, and solely for purposes of reaching a compromise, we would propose a slate that includes Ekwan and one of your group as Co-Lead. We would also propose that both our group and your group have two additional slots each on the PSC, and that the fifth slot on the PSC goes to an attorney that is not aligned with either of our groups (and we would leave the choice of that attorney to the group of unaligned attorneys). So, under our proposal, both your group and our group would have 3 positions including 1 Co-Lead. That would be an equitable split and show the cooperation that Judge Lee mandated in his Case Management Orders.

We are happy to discuss further during our call today.

Sincerely,

Ekwan Rhow
Kara Wolke
David Given
Megan Jones
Amanda Klevorn

**Ekwan E. Rhow**
*Principal*
O: 310.201.2100
F: 310.201.2110
E: erhow@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor

Los Angeles, California 90067-2561
**www.BirdMarella.com**

---

**From:** Jon Jagher <jjagher@fklmlaw.com>
**Sent:** Wednesday, September 2, 2020 6:07 AM
**To:** Ekwan E. Rhow <erhow@birdmarella.com>; Megan E. Jones <mjones@hausfeld.com>
**Cc:** Katrina Carroll <kcarroll@carlsonlynch.com>
**Subject:** [EXTERNAL] TikTok

Ekwan and Megan-
Understanding that we are speaking later this afternoon, in accordance with Judge Lee's directives in CMOs 1 and 2 we wanted to reach out again and try and reach consensus on leadership. As you are aware, we are proposing that Katrina and I be co-lead counsel. We believe that private ordering is preferable and therefore propose 2 spots on the Plaintiffs' Steering Committee for your group- which we understand includes Lesley Weaver and Amy Keller. We take no position on who fills the spots. Please let us know if this proposal is acceptable as we have many firms and lawyers supporting us and this will require us to work with our group and have others step back, which some have indicated they are willing to do for the benefit of moving the case forward and avoiding any more conflict. We look forward to speaking to you this afternoon.

Regards,
Jon and Katrina

**Jonathan M. Jagher, Esq.**
**Freed Kanner London & Millen LLC**
**923 Fayette Street**
**Conshohocken, Pennsylvania 19428**

**610.234.6486 - Direct**
**610.234.6487 - Main**
**224.632.4521 - Facsimile**



Web site: www.fklmlaw.com

PRIVILEGED ATTORNEY/CLIENT COMMUNICATION AND/OR ATTORNEY WORK PRODUCT. The information in this transmittal may be privileged and/or confidential. It is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify Freed Kanner London & Millen LLC immediately at (224) 632-4500 or by return e-mail.

EXHIBIT 2

From:       Jon Jagher
To:         Ekwan E. Rhow; Katrina Carroll; dgirard@girardsharp.com; jelias@girardsharp.com; Adam Polk;
bfj@chimicles.com; bmm@chimicles.com; Kyle Shamberg; Nicholas Lange; Lesley Weaver; Amy Keller; Douglas
Millen; Brian Hogan; Kimberly Justice; jsprengel@caffertyclobes.com; dherrera@caffertyclobes.com;
nhagman@caffertyclobes.com; rrg@gordonlawchicago.com; jgs@sstriallawyers.com; tyiatras@gmail.com;
casey@lawofficeflynn.com; francisflynn@gmail.com; jbk@sstriallawyers.com; twolfson@ahdootwolfson.com;
rahdoot@ahdootwolfson.com; tmaya@ahdootwolfson.com; bking@ahdootwolfson.com;
rstephan@stephanzouras.com; jzouras@stephanzouras.com; aficzko@stephanzouras.com;
mshannon@stephanzouras.com; elangeland@langelandlaw.com; jtostrud@tostrudlaw.com;
fbottini@bottinilaw.com; achang@bottinilaw.com; ykolesnikov@bottinilaw.com; jcotchett@cpmlegal.com;
MMolumphy@cpmlegal.com; tredenbarger@cpmlegal.com; nrahman@cpmlegal.com; ehg@classlawgroup.com;
dmb@classlawgroup.com; jbk@classlawgroup.com; william.a.baird.1@gmail.com; jguglielmo@scott-scott.com;
ecomite@scott-scott.com; jpettigrew@scott-scott.com; ekirkwood1@bellsouth.net; Wichmann@onderlaw.com;
Onder@onderlaw.com; ssklaver@susmangodfrey.com; Kalpana Srinivasan; mgervais@susmangodfrey.com;
ecc@fmcolaw.com; kcc@fmcolaw.com; rmf@fmcolaw.com; beth@feganscott.com; melissa@feganscott.com;
Jonathan Lindenfeld
Cc:        Marc E. Masters; Tom R. Freeman; Jonathan Rotter; Marc L. Godino; Kara Wolke; Lionel Glancy; David M. Given;
Nicholas A. Carlin; James J. Pizzirusso; Megan E. Jones; Amanda Klevorn; Korey Nelson; Warren T. Burns; Patrick
Murphree
Subject:    [EXTERNAL] RE: TikTok
Date:       Thursday, September 3, 2020 8:16:01 AM
Attachments:   image001.png

Ekwan-

We appreciate your proposal and have discussed it with the many firms with which we have been
successfully collaborating in the litigation, which is essentially all of the firms other than your
coalition. These firms have indicated their support for Katrina and me to serve as lead counsel.
Given how many different stakeholders are involved in this case, and the large percentage of which
that have expressed their support for Katrina and me to serve as co-lead counsel, we think your
proposal for a fifty percent leadership interest is too much. As you know, all of the firms, outside of
your group, have worked tirelessly in an effort to foster collaboration and take advantage of the
unique circumstances which created an opportunity for the Class to negotiate an excellent
settlement with the Defendant. Our efforts now are focused on presenting that settlement for
approval, pursuant to Rule 23. While we don't think your serving as co-lead counsel would be
appropriate, our offer of two PSC slots remains. We think those two slots will provide you and your
group a more proportional role in the leadership of the litigation, and we encourage you to consider
joining us in our collaboration. However, as several capable and qualified firms have stepped back
from our proposed PSC to afford your group the two slots, please let us know your final decision no
later than noon Eastern tomorrow.

Regards,

Jon and Katrina

---

**From:** Ekwan E. Rhow <erhow@birdmarella.com>
**Sent:** Wednesday, September 2, 2020 5:44 PM
**To:** Katrina Carroll <kcarroll@carlsonlynch.com>; dgirard@girardsharp.com; jelias@girardsharp.com;
Adam Polk <apolk@girardsharp.com>; bfj@chimicles.com; bmm@chimicles.com; Kyle Shamberg
<kshamberg@carlsonlynch.com>; Nicholas Lange <nlange@carlsonlynch.com>; Lesley Weaver
<lweaver@bfalaw.com>; Amy Keller <akeller@dicellolevitt.com>; Douglas Millen
<dmillen@fklmlaw.com>; Brian Hogan <bhogan@fklmlaw.com>; Jon Jagher
<jjagher@fklmlaw.com>; Kimberly Justice <kjustice@fklmlaw.com>; jsprengel@caffertyclobes.com;
dherrera@caffertyclobes.com; nhagman@caffertyclobes.com; rrg@gordonlawchicago.com;
jgs@sstriallawyers.com; tyiatras@gmail.com; casey@lawofficeflynn.com; francisflynn@gmail.com;

jbk@sstriallawyers.com; twolfson@ahdootwolfson.com; rahdoot@ahdootwolfson.com;
tmaya@ahdootwolfson.com; bking@ahdootwolfson.com; rstephan@stephanzouras.com;
jzouras@stephanzouras.com; aficzko@stephanzouras.com; mshannon@stephanzouras.com;
elangeland@langelandlaw.com; jtostrud@tostrudlaw.com; fbottini@bottinilaw.com;
achang@bottinilaw.com; ykolesnikov@bottinilaw.com; jcotchett@cpmlegal.com;
MMolumphy@cpmlegal.com; tredenbarger@cpmlegal.com; nrahman@cpmlegal.com;
ehg@classlawgroup.com; dmb@classlawgroup.com; jbk@classlawgroup.com;
william.a.baird.1@gmail.com; jguglielmo@scott-scott.com; ecomite@scott-scott.com;
jpettigrew@scott-scott.com; ekirkwood1@bellsouth.net; Wichmann@onderlaw.com;
Onder@onderlaw.com; ssklaver@susmangodfrey.com; Kalpana Srinivasan
<ksrinivasan@susmangodfrey.com>; mgervais@susmangodfrey.com; ecc@fmcolaw.com;
kcc@fmcolaw.com; rmf@fmcolaw.com; beth@feganscott.com; melissa@feganscott.com; Jonathan
Lindenfeld <jonathan@feganscott.com>
**Cc:** Marc E. Masters <mmasters@birdmarella.com>; Tom R. Freeman <tfreeman@birdmarella.com>;
Jonathan Rotter <jrotter@glancylaw.com>; Marc L. Godino <mgodino@glancylaw.com>; Kara Wolke
<KWolke@glancylaw.com>; Lionel Glancy <LGlancy@glancylaw.com>; David M. Given
<DMG@phillaw.com>; Nicholas A. Carlin <NAC@phillaw.com>; James J. Pizzirusso
<jpizzirusso@hausfeld.com>; Megan E. Jones <mjones@hausfeld.com>; Amanda Klevorn
<aklevorn@burnscharest.com>; Korey Nelson <knelson@burnscharest.com>; Warren T. Burns
<wburns@burnscharest.com>; Patrick Murphree <pmurphree@burnscharest.com>
**Subject:** Fw: TikTok

Dear Counsel –

Pursuant to the agreement of counsel who participated on the 2 p.m. PST / 4 p.m. CST call
today, please see the email chain below.

Sincerely,

Ekwan Rhow
Kara Wolke
David Given
Megan Jones
Amanda Klevorn

**Ekwan E. Rhow**
*Principal*
O: 310.201.2100
F: 310.201.2110
E: erhow@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

**From:** Ekwan E. Rhow <erhow@birdmarella.com>
**Sent:** Wednesday, September 2, 2020 1:09 PM
**To:** Jon Jagher <jjagher@fklmlaw.com>; Megan E. Jones <mjones@hausfeld.com>
**Cc:** Katrina Carroll <kcarroll@carlsonlynch.com>
**Subject:** Re: TikTok

Dear Jon and Katrina:

We agree wholeheartedly that a consensus on leadership makes sense here. We're glad you're open to considering a proposal that would merge our respective groups. To be clear, however, we do not speak for Lesley and Amy.

In response to your proposal, and solely for purposes of reaching a compromise, we would propose a slate that includes Ekwan and one of your group as Co-Lead. We would also propose that both our group and your group have two additional slots each on the PSC, and that the fifth slot on the PSC goes to an attorney that is not aligned with either of our groups (and we would leave the choice of that attorney to the group of unaligned attorneys). So, under our proposal, both your group and our group would have 3 positions including 1 Co-Lead. That would be an equitable split and show the cooperation that Judge Lee mandated in his Case Management Orders.

We are happy to discuss further during our call today.

Sincerely,

Ekwan Rhow
Kara Wolke
David Given
Megan Jones
Amanda Klevorn

**Ekwan E. Rhow**
*Principal*
O: 310.201.2100
F: 310.201.2110
E: erhow@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

---

**From:** Jon Jagher <jjagher@fklmlaw.com>
**Sent:** Wednesday, September 2, 2020 6:07 AM

**To:** Ekwan E. Rhow <erhow@birdmarella.com>; Megan E. Jones <mjones@hausfeld.com>
**Cc:** Katrina Carroll <kcarroll@carlsonlynch.com>
**Subject:** [EXTERNAL] TikTok

Ekwan and Megan-
Understanding that we are speaking later this afternoon, in accordance with Judge Lee's directives in CMOs 1 and 2 we wanted to reach out again and try and reach consensus on leadership. As you are aware, we are proposing that Katrina and I be co-lead counsel. We believe that private ordering is preferable and therefore propose 2 spots on the Plaintiffs' Steering Committee for your group- which we understand includes Lesley Weaver and Amy Keller. We take no position on who fills the spots. Please let us know if this proposal is acceptable as we have many firms and lawyers supporting us and this will require us to work with our group and have others step back, which some have indicated they are willing to do for the benefit of moving the case forward and avoiding any more conflict. We look forward to speaking to you this afternoon.

Regards,
Jon and Katrina

**Jonathan M. Jagher, Esq.**
**Freed Kanner London & Millen LLC**
**923 Fayette Street**
**Conshohocken, Pennsylvania 19428**

**610.234.6486 - Direct**
**610.234.6487 - Main**
**224.632.4521 - Facsimile**



Web site: www.fklmlaw.com

**PRIVILEGED ATTORNEY/CLIENT COMMUNICATION AND/OR ATTORNEY WORK PRODUCT. The information in this transmittal may be privileged and/or confidential. It is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify Freed Kanner London & Millen LLC immediately at (224) 632-4500 or by return e-mail.**

EXHIBIT 3

| From: | Adam Polk |
|---|---|
| To: | Katrina Carroll; Marc E. Masters; mjones@hausfeld.com; sgassman@hausfeld.com; mhausfeld@hausfeld.com; jpizzirusso@hausfeld.com; wthompson@burnscharest.com; wburns@burnscharest.com; dcharest@burnscharest.com; rherman@burnscharest.com; knelson@burnscharest.com; aklevorn@burnscharest.com; pmurphree@burnscharest.com; jbaer@baerlawllc.com; cdereus@baerlawllc.com; jstein@baerlawllc.com; Daniel Girard; Jordan Elias; bfj@chimicles.com; bmm@chimicles.com; Kyle Shamberg; Nicholas Lange; lweaver@bfalaw.com; akeller@dicellolevitt.com; dmillen@fklmlaw.com; bhogan@fklmlaw.com; Jon Jagher; kjustice@fklmlaw.com; jsprengel@caffertyclobes.com; dherrera@caffertyclobes.com; nhagman@caffertyclobes.com; rrg@gordonlawchicago.com; jgs@sstriallawyers.com; tyiatras@gmail.com; casey@lawofficeflynn.com; francisflynn@gmail.com; jbk@sstriallawyers.com; twolfson@ahdootwolfson.com; rahdoot@ahdootwolfson.com; tmaya@ahdootwolfson.com; bking@ahdootwolfson.com; rstephan@stephanzouras.com; jzouras@stephanzouras.com; aficzko@stephanzouras.com; mshannon@stephanzouras.com; elangeland@langelandlaw.com; jtostrud@tostrudlaw.com; fbottini@bottinilaw.com; achang@bottinilaw.com; ykolesnikov@bottinilaw.com; jcotchett@cpmlegal.com; mmolumphy@cpmlegal.com; tredenbarger@cpmlegal.com; nrahman@cpmlegal.com; Eric H.. Gibbs; David M. Berger; jbk@classlawgroup.com; william.a.baird.1@gmail.com; jguglielmo@scott-scott.com; ecomite@scott-scott.com; jpettigrew@scott-scott.com; ekirkwood1@bellsouth.net; Wichmann@onderlaw.com; Onder@onderlaw.com |
| Cc: | Ekwan E. Rhow; Dorothy Wolpert; Tom R. Freeman; Jonathan Rotter; Marc L. Godino; Kara Wolke; Pavithra Rajesh; David M. Given; Nicholas A. Carlin; bsc@phillaw.com |
| Subject: | Re: Meet and Confer re MDL and Transfer Issues |
| Date: | Wednesday, June 3, 2020 8:59:10 AM |
| Attachments: | image001.png |

Katrina,

We disagree with your suggested approach. There is a 1404 motion pending, an MDL proceeding the Illinois plaintiffs initiated (and you have advocated for), and a consolidated case pending in ND Cal (first filed in November 2018) with an appointment process in place where opening briefs are due the end of this month.

Under the circumstances—and with the number of cases that have been filed—any mediation efforts should follow appointment of counsel. The suggested approach will not result in consensus among the plaintiffs absent a leadership order given the inherent competition among counsel, and will protract proceedings as any settlement will inevitably be subject to collateral attack.

There is no need to rush to the settlement table, other than any time pressures arising from the 1404 motion and the MDL proceedings. From our perspective, the approach that you have suggested is unlikely to benefit class members, and will instead result in empowering the defense to play the various lawyers off against one another.

We urge you to reconsider and take the more measured approach of deferring until the MDL proceedings and/or 1404 motion is decided, and 23(g) counsel has been appointed.

Best,

Adam

**From:** Katrina Carroll <kcarroll@carlsonlynch.com>
**Date:** Wednesday, June 3, 2020 at 6:59 AM
**To:** "Marc E. Masters" <mmasters@birdmarella.com>, "mjones@hausfeld.com" <mjones@hausfeld.com>, Seth Gassman <sgassman@hausfeld.com>, Michael Hausfeld <mhausfeld@hausfeld.com>, "jpizzirusso@hausfeld.com" <jpizzirusso@hausfeld.com>,

"wthompson@burnscharest.com" <wthompson@burnscharest.com>,
"wburns@burnscharest.com" <wburns@burnscharest.com>, "dcharest@burnscharest.com"
<dcharest@burnscharest.com>, "rherman@burnscharest.com" <rherman@burnscharest.com>,
"knelson@burnscharest.com" <knelson@burnscharest.com>, "aklevorn@burnscharest.com"
<aklevorn@burnscharest.com>, "pmurphree@burnscharest.com"
<pmurphree@burnscharest.com>, "jbaer@baerlawllc.com" <jbaer@baerlawllc.com>,
"cdereus@baerlawllc.com" <cdereus@baerlawllc.com>, "jstein@baerlawllc.com"
<jstein@baerlawllc.com>, Daniel Girard <dgirard@girardsharp.com>, Jordan Elias
<jelias@girardsharp.com>, Adam Polk <apolk@girardsharp.com>, Benjamin Johns
<bfj@chimicles.com>, Beena McDonald <bmm@chimicles.com>, Kyle Shamberg
<kshamberg@carlsonlynch.com>, Nicholas Lange <nlange@carlsonlynch.com>,
"lweaver@bfalaw.com" <lweaver@bfalaw.com>, "akeller@dicellolevitt.com"
<akeller@dicellolevitt.com>, "dmillen@fklmlaw.com" <dmillen@fklmlaw.com>,
"bhogan@fklmlaw.com" <bhogan@fklmlaw.com>, Jon Jagher <jjagher@fklmlaw.com>,
"kjustice@fklmlaw.com" <kjustice@fklmlaw.com>, "jsprengel@caffertyclobes.com"
<jsprengel@caffertyclobes.com>, "dherrera@caffertyclobes.com"
<dherrera@caffertyclobes.com>, "nhagman@caffertyclobes.com"
<nhagman@caffertyclobes.com>, "rrg@gordonlawchicago.com"
<rrg@gordonlawchicago.com>, Joseph Sauder <jgs@sstriallawyers.com>,
"tyiatras@gmail.com" <tyiatras@gmail.com>, "casey@lawofficeflynn.com"
<casey@lawofficeflynn.com>, "francisflynn@gmail.com" <francisflynn@gmail.com>,
Joseph Kenney <jbk@sstriallawyers.com>, Tina Wolfson <twolfson@ahdootwolfson.com>,
Robert Ahdoot <rahdoot@ahdootwolfson.com>, Ted Maya <tmaya@ahdootwolfson.com>,
'Brad King' <bking@ahdootwolfson.com>, Ryan Stephan <rstephan@stephanzouras.com>,
Jim Zouras <jzouras@stephanzouras.com>, Andy Ficzko <aficzko@stephanzouras.com>,
"mshannon@stephanzouras.com" <mshannon@stephanzouras.com>,
"elangeland@langelandlaw.com" <elangeland@langelandlaw.com>,
"jtostrud@tostrudlaw.com" <jtostrud@tostrudlaw.com>, "fbottini@bottinilaw.com"
<fbottini@bottinilaw.com>, "achang@bottinilaw.com" <achang@bottinilaw.com>,
"ykolesnikov@bottinilaw.com" <ykolesnikov@bottinilaw.com>, "jcotchett@cpmlegal.com"
<jcotchett@cpmlegal.com>, "mmolumphy@cpmlegal.com" <mmolumphy@cpmlegal.com>,
"tredenbarger@cpmlegal.com" <tredenbarger@cpmlegal.com>, "nrahman@cpmlegal.com"
<nrahman@cpmlegal.com>, Eric Gibbs <ehg@classlawgroup.com>, David Berger
<dmb@classlawgroup.com>, "jbk@classlawgroup.com" <jbk@classlawgroup.com>,
"william.a.baird.1@gmail.com" <william.a.baird.1@gmail.com>, "jguglielmo@scott-
scott.com" <jguglielmo@scott-scott.com>, "ecomite@scott-scott.com" <ecomite@scott-
scott.com>, "jpettigrew@scott-scott.com" <jpettigrew@scott-scott.com>,
"ekirkwood1@bellsouth.net" <ekirkwood1@bellsouth.net>, "Wichmann@onderlaw.com"
<Wichmann@onderlaw.com>, "Onder@onderlaw.com" <Onder@onderlaw.com>
**Cc:** "Ekwan E. Rhow" <erhow@birdmarella.com>, Dorothy Wolpert
<dwolpert@birdmarella.com>, "Tom R. Freeman" <tfreeman@birdmarella.com>, Jonathan
Rotter <jrotter@glancylaw.com>, "Marc L. Godino" <mgodino@glancylaw.com>, Kara
Wolke <KWolke@glancylaw.com>, Pavithra Rajesh <prajesh@glancylaw.com>, "David M.
Given" <DMG@phillaw.com>, "Nicholas A. Carlin" <NAC@phillaw.com>,
"bsc@phillaw.com" <bsc@phillaw.com>
**Subject:** RE: Meet and Confer re MDL and Transfer Issues

EXTERNAL EMAIL

Dear counsel:

As you know, Jon Jagher and I represent plaintiffs in the Consolidated Action pending in the

Northern District of Illinois before Judge Lee. Over the past few weeks, Jon and I have communicated extensively with the various plaintiff counsel groups in an effort to streamline our cases. We have also been communicating regularly with defense counsel.

In case you have not yet seen it, attached is a joint status report that we filed with Judge Lee which advises the Court that Defendant has expressed an interest in pursuing mediation. To that end, we have agreed to proceed before the Honorable Layn Phillips and have secured August 13, 2020 as the mediation date. We and counsel for TikTok believe that a global settlement would benefit all plaintiffs in all cases.

Recognizing the various interests and cases on file in multiple districts, we sincerely hope you will participate in the mediation. To maximize the benefit to the class and efficiency, we propose to form a mediation team consisting of two attorneys representing the ND. Ill. cases, two attorneys representing the ND. Cal. cases, and one attorney each for the SD. Ill. and CD. Cal. cases. Certainly, we will welcome input from all counsel and will schedule an all-counsel strategy session to make sure everyone has a voice.

We look forward to working with you as we proceed to mediation and propose an all-counsel conference call for tomorrow at 1:00 CST/ 11:00 PST to discuss further. We will circulate call information separately.

Also, Judge Phillips' office has asked that we provide a list of parties and counsel who will be participating in the mediation. To that end, it would be helpful if in advance of tomorrow's call if each of the various groups can provide us contact information for its mediation team delegates.

Best,
Katrina Carroll and Jon Jagher

KATRINA CARROLL
Partner
CARLSON LYNCH LLP
111 W. Washington Street
Suite 1240
Chicago, IL 60602
Main:   312.750.1265
Direct:  312.750.1591
Fax:     773.598.5609
kcarroll@carlsonlynch.com
carlsonlynch.com

**CARLSON
LYNCH**

**From:** Marc E. Masters <mmasters@birdmarella.com>

**Sent:** Monday, June 1, 2020 7:42 PM
**To:** Katrina Carroll <kcarroll@carlsonlynch.com>; mjones@hausfeld.com; sgassman@hausfeld.com; mhausfeld@hausfeld.com; jpizzirusso@hausfeld.com; wthompson@burnscharest.com; wburns@burnscharest.com; dcharest@burnscharest.com; rherman@burnscharest.com; knelson@burnscharest.com; aklevorn@burnscharest.com; pmurphree@burnscharest.com; jbaer@baerlawllc.com; cdereus@baerlawllc.com; jstein@baerlawllc.com; dgirard@girardsharp.com; jelias@girardsharp.com; apolk@girardsharp.com; bfj@chimicles.com; bmm@chimicles.com; Kyle Shamberg <kshamberg@carlsonlynch.com>; Nicholas Lange <nlange@carlsonlynch.com>; lweaver@bfalaw.com; akeller@dicellolevitt.com; dmillen@fklmlaw.com; bhogan@fklmlaw.com; Jon Jagher <jjagher@fklmlaw.com>; kjustice@fklmlaw.com; jsprengel@caffertyclobes.com; dherrera@caffertyclobes.com; nhagman@caffertyclobes.com; rrg@gordonlawchicago.com; jgs@sstriallawyers.com; tyiatras@gmail.com; casey@lawofficeflynn.com; francisflynn@gmail.com; jbk@sstriallawyers.com; twolfson@ahdootwolfson.com; rahdoot@ahdootwolfson.com; tmaya@ahdootwolfson.com; bking@ahdootwolfson.com; rstephan@stephanzouras.com; jzouras@stephanzouras.com; aficzko@stephanzouras.com; mshannon@stephanzouras.com; elangeland@langelandlaw.com; jtostrud@tostrudlaw.com; fbottini@bottinilaw.com; achang@bottinilaw.com; ykolesnikov@bottinilaw.com; jcotchett@cpmlegal.com; mmolumphy@cpmlegal.com; tredenbarger@cpmlegal.com; nrahman@cpmlegal.com; ehg@classlawgroup.com; dmb@classlawgroup.com; jbk@classlawgroup.com; william.a.baird.1@gmail.com; jguglielmo@scott-scott.com; ecomite@scott-scott.com; jpettigrew@scott-scott.com; ekirkwood1@bellsouth.net; Wichmann@onderlaw.com; Onder@onderlaw.com
**Cc:** Ekwan E. Rhow <erhow@birdmarella.com>; Dorothy Wolpert <dwolpert@birdmarella.com>; Tom R. Freeman <tfreeman@birdmarella.com>; Jonathan Rotter <jrotter@glancylaw.com>; Marc L. Godino <mgodino@glancylaw.com>; Kara Wolke <KWolke@glancylaw.com>; Pavithra Rajesh <prajesh@glancylaw.com>; David M. Given <DMG@phillaw.com>; Nicholas A. Carlin <NAC@phillaw.com>; bsc@phillaw.com
**Subject:** RE: Meet and Confer re MDL and Transfer Issues

For those who participated on the call today, thank you for your time. We've given more thought to the concerns expressed on the call, but nonetheless we intend to file tomorrow in the Northern District of Illinois (and shortly thereafter in the Southern District of Illinois). We appreciate the expressed concerns and we're willing to refrain from filing if counsel and parties in these Illinois Cases consent to transfer their cases from Illinois to the Northern District of California. That would be an easy way to avoid confronting the issues that were articulated on the call today. However, unless we hear from counsel in the Illinois Cases by 10 a.m. PST / noon CST tomorrow, we will assume that they continue to refuse to consent to transfer.

To further ensure no misunderstanding as to our filing, let me re-iterate what those papers will look like. We intend to file a motion for an order permitting our clients to intervene in the Illinois Cases for the limited purpose of litigating their proposed motion ("Proposed Motion") dismissing, staying or transferring all TikTok class actions in the Illinois federal courts. Specifically, in the Proposed Motion (to be attached to the intervention motion), our clients

will seek: (i) dismissal or transfer of the Illinois Cases to the Northern District of California pursuant to 28 U.S.C. § 1406(a) for lack of personal jurisdiction under Seventh Circuit law; (ii) dismissal or stay of the duplicative later-filed Illinois Cases pursuant to the Court's inherent authority under the first-filed rule; or, alternatively, (iii) transfer of the Illinois Cases pursuant to 28 U.S.C. § 1404(a). In view of the upcoming JPML hearing, and the guidance from the JPML to seek alternatives to centralization, our clients also will request that the Court order an expedited briefing and hearing schedule on both the intervention motion and the Proposed Motion such that a resolution of both motions is reached in advance of the JPML hearing. And our clients will request that the Court grant them two extra pages beyond the 15-page limit for their Proposed Motion, which is 17 pages.

Again, we will assume that counsel in the Illinois Cases oppose unless we hear otherwise by the date and time above.

Thank you,
Marc

**Marc E. Masters**
*Of Counsel*
O: 310.201.2100
F: 310.201.2110
E: mmasters@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,**
**Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

---

**From:** Marc E. Masters
**Sent:** Saturday, May 30, 2020 9:55 PM
**To:** Katrina Carroll <kcarroll@carlsonlynch.com>; mjones@hausfeld.com; sgassman@hausfeld.com; mhausfeld@hausfeld.com; jpizzirusso@hausfeld.com; wthompson@burnscharest.com; wburns@burnscharest.com; dcharest@burnscharest.com; rherman@burnscharest.com; knelson@burnscharest.com; aklevorn@burnscharest.com; pmurphree@burnscharest.com; jbaer@baerlawllc.com; cdereus@baerlawllc.com; jstein@baerlawllc.com; dgirard@girardsharp.com; jelias@girardsharp.com; apolk@girardsharp.com; bfj@chimicles.com; bmm@chimicles.com; Kyle Shamberg <kshamberg@carlsonlynch.com>; Nicholas Lange <nlange@carlsonlynch.com>; lweaver@bfalaw.com; akeller@dicellolevitt.com; dmillen@fklmlaw.com; bhogan@fklmlaw.com; Jon Jagher <jjagher@fklmlaw.com>; kjustice@fklmlaw.com; jsprengel@caffertyclobes.com; dherrera@caffertyclobes.com; nhagman@caffertyclobes.com; rrg@gordonlawchicago.com; jgs@sstriallawyers.com; tyiatras@gmail.com; casey@lawofficeflynn.com; francisflynn@gmail.com;

jbk@sstriallawyers.com; twolfson@ahdootwolfson.com; rahdoot@ahdootwolfson.com;
tmaya@ahdootwolfson.com; bking@ahdootwolfson.com; rstephan@stephanzouras.com;
jzouras@stephanzouras.com; aficzko@stephanzouras.com; mshannon@stephanzouras.com;
elangeland@langelandlaw.com; jtostrud@tostrudlaw.com; fbottini@bottinilaw.com;
achang@bottinilaw.com; ykolesnikov@bottinilaw.com; jcotchett@cpmlegal.com;
mmolumphy@cpmlegal.com; tredenbarger@cpmlegal.com; nrahman@cpmlegal.com;
ehg@classlawgroup.com; dmb@classlawgroup.com; jbk@classlawgroup.com;
william.a.baird.1@gmail.com; jguglielmo@scott-scott.com; ecomite@scott-scott.com;
jpettigrew@scott-scott.com; ekirkwood1@bellsouth.net; Wichmann@onderlaw.com;
Onder@onderlaw.com
**Cc:** Ekwan E. Rhow <erhow@birdmarella.com>; Dorothy Wolpert <dwolpert@birdmarella.com>;
Tom R. Freeman <tfreeman@birdmarella.com>; Jonathan Rotter <jrotter@glancylaw.com>; Marc L.
Godino <mgodino@glancylaw.com>; Kara Wolke <KWolke@glancylaw.com>; Pavithra Rajesh
<prajesh@glancylaw.com>; David M. Given <DMG@phillaw.com>; Nicholas A. Carlin
<NAC@phillaw.com>; bsc@phillaw.com
**Subject:** RE: Meet and Confer re MDL and Transfer Issues


I'm re-circulating this email chain because we have another TikTok lawsuit in SD Illinois, filed
on Friday, and I'm including counsel in that matter in case they wish to join our Monday call.
My co-counsel Jon Rotter will circulate a Zoom invitation before Monday for those who wish
to join. Thanks, Marc


**Marc E. Masters**
*Of Counsel*
O: 310.201.2100
F: 310.201.2110
E: mmasters@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**


---

**From:** Marc E. Masters
**Sent:** Thursday, May 28, 2020 4:02 PM
**To:** Katrina Carroll <kcarroll@carlsonlynch.com>; mjones@hausfeld.com; sgassman@hausfeld.com;
mhausfeld@hausfeld.com; jpizzirusso@hausfeld.com; wthompson@burnscharest.com;
wburns@burnscharest.com; dcharest@burnscharest.com; rherman@burnscharest.com;
knelson@burnscharest.com; aklevorn@burnscharest.com; pmurphree@burnscharest.com;
jbaer@baerlawllc.com; cdereus@baerlawllc.com; jstein@baerlawllc.com; dgirard@girardsharp.com;
jelias@girardsharp.com; apolk@girardsharp.com; bfj@chimicles.com; bmm@chimicles.com; Kyle
Shamberg <kshamberg@carlsonlynch.com>; Nicholas Lange <nlange@carlsonlynch.com>;

lweaver@bfalaw.com; akeller@dicellolevitt.com; dmillen@fklmlaw.com; bhogan@fklmlaw.com; Jon
Jagher <jjagher@fklmlaw.com>; kjustice@fklmlaw.com; jsprengel@caffertyclobes.com;
dherrera@caffertyclobes.com; nhagman@caffertyclobes.com; rrg@gordonlawchicago.com;
jgs@sstriallawyers.com; tyiatras@gmail.com; casey@lawofficeflynn.com; francisflynn@gmail.com;
jbk@sstriallawyers.com; twolfson@ahdootwolfson.com; rahdoot@ahdootwolfson.com;
tmaya@ahdootwolfson.com; bking@ahdootwolfson.com; rstephan@stephanzouras.com;
jzouras@stephanzouras.com; aficzko@stephanzouras.com; mshannon@stephanzouras.com;
elangeland@langelandlaw.com; jtostrud@tostrudlaw.com; fbottini@bottinilaw.com;
achang@bottinilaw.com; ykolesnikov@bottinilaw.com; jcotchett@cpmlegal.com;
mmolumphy@cpmlegal.com; tredenbarger@cpmlegal.com; nrahman@cpmlegal.com;
ehg@classlawgroup.com; dmb@classlawgroup.com; jbk@classlawgroup.com;
william.a.baird.1@gmail.com; jguglielmo@scott-scott.com; ecomite@scott-scott.com;
jpettigrew@scott-scott.com; ekirkwood1@bellsouth.net
**Cc:** Ekwan E. Rhow <erhow@birdmarella.com>; Dorothy Wolpert <dwolpert@birdmarella.com>;
Tom R. Freeman <tfreeman@birdmarella.com>; Jonathan Rotter <jrotter@glancylaw.com>; Marc L.
Godino <mgodino@glancylaw.com>; Kara Wolke <KWolke@glancylaw.com>; Pavithra Rajesh
<prajesh@glancylaw.com>; David M. Given <DMG@phillaw.com>; Nicholas A. Carlin
<NAC@phillaw.com>; bsc@phillaw.com
**Subject:** RE: Meet and Confer re MDL and Transfer Issues

Katrina –

Thank you for your prompt response. We welcome further conversation and will file on
Monday rather than tomorrow. Let's plan for the call at your suggested time of 9:30 am PST /
11:30 am CST. My team will disseminate a Zoom invitation prior to the call.

Thank you,
Marc

**Marc E. Masters**
*Of Counsel*
O: 310.201.2100
F: 310.201.2110
E: mmasters@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

---

**From:** Katrina Carroll <kcarroll@carlsonlynch.com>
**Sent:** Thursday, May 28, 2020 3:40 PM

**To:** Marc E. Masters <mmasters@birdmarella.com>; mjones@hausfeld.com;
sgassman@hausfeld.com; mhausfeld@hausfeld.com; jpizzirusso@hausfeld.com;
wthompson@burnscharest.com; wburns@burnscharest.com; dcharest@burnscharest.com;
rherman@burnscharest.com; knelson@burnscharest.com; aklevorn@burnscharest.com;
pmurphree@burnscharest.com; jbaer@baerlawllc.com; cdereus@baerlawllc.com;
jstein@baerlawllc.com; dgirard@girardsharp.com; jelias@girardsharp.com; apolk@girardsharp.com;
bfj@chimicles.com; bmm@chimicles.com; Kyle Shamberg <kshamberg@carlsonlynch.com>;
Nicholas Lange <nlange@carlsonlynch.com>; lweaver@bfalaw.com; akeller@dicellolevitt.com;
dmillen@fklmlaw.com; bhogan@fklmlaw.com; Jon Jagher <jjagher@fklmlaw.com>;
kjustice@fklmlaw.com; jsprengel@caffertyclobes.com; dherrera@caffertyclobes.com;
nhagman@caffertyclobes.com; rrg@gordonlawchicago.com; jgs@sstriallawyers.com;
tyiatras@gmail.com; casey@lawofficeflynn.com; francisflynn@gmail.com; jbk@sstriallawyers.com;
twolfson@ahdootwolfson.com; rahdoot@ahdootwolfson.com; tmaya@ahdootwolfson.com;
bking@ahdootwolfson.com; rstephan@stephanzouras.com; jzouras@stephanzouras.com;
aficzko@stephanzouras.com; mshannon@stephanzouras.com; elangeland@langelandlaw.com;
jtostrud@tostrudlaw.com; fbottini@bottinilaw.com; achang@bottinilaw.com;
ykolesnikov@bottinilaw.com; jcotchett@cpmlegal.com; mmolumphy@cpmlegal.com;
tredenbarger@cpmlegal.com; nrahman@cpmlegal.com; ehg@classlawgroup.com;
dmb@classlawgroup.com; jbk@classlawgroup.com; william.a.baird.1@gmail.com;
jguglielmo@scott-scott.com; ecomite@scott-scott.com; jpettigrew@scott-scott.com;
ekirkwood1@bellsouth.net
**Cc:** Ekwan E. Rhow <erhow@birdmarella.com>; Dorothy Wolpert <dwolpert@birdmarella.com>;
Tom R. Freeman <tfreeman@birdmarella.com>; Jonathan Rotter <jrotter@glancylaw.com>; Marc L.
Godino <mgodino@glancylaw.com>; Kara Wolke <KWolke@glancylaw.com>; Pavithra Rajesh
<prajesh@glancylaw.com>; David M. Given <DMG@phillaw.com>; Nicholas A. Carlin
<NAC@phillaw.com>; bsc@phillaw.com
**Subject:** RE: Meet and Confer re MDL and Transfer Issues

Marc:
Thanks for your email. As you know, it's late in the day here, but I've exchanged some emails with
my fellow plaintiffs' counsel.  We think another call makes sense but are not available until Monday
at the earliest. I suggest that we speak at 11:30 CST/ 9:30 PST unless you have another time in mind.
Best,
Katrina

KATRINA CARROLL
Partner
CARLSON LYNCH LLP
111 W. Washington Street
Suite 1240
Chicago, IL  60602
Main:   312.750.1265
Direct:  312.750.1591
Fax:    773.598.5609
kcarroll@carlsonlynch.com
carlsonlynch.com



**From:** Marc E. Masters <mmasters@birdmarella.com>
**Sent:** Thursday, May 28, 2020 4:02 PM
**To:** mjones@hausfeld.com; sgassman@hausfeld.com; mhausfeld@hausfeld.com; jpizzirusso@hausfeld.com; wthompson@burnscharest.com; wburns@burnscharest.com; dcharest@burnscharest.com; rherman@burnscharest.com; knelson@burnscharest.com; aklevorn@burnscharest.com; pmurphree@burnscharest.com; jbaer@baerlawllc.com; cdereus@baerlawllc.com; jstein@baerlawllc.com; dgirard@girardsharp.com; jelias@girardsharp.com; apolk@girardsharp.com; bfj@chimicles.com; bmm@chimicles.com; Katrina Carroll <kcarroll@carlsonlynch.com>; Kyle Shamberg <kshamberg@carlsonlynch.com>; Nicholas Lange <nlange@carlsonlynch.com>; lweaver@bfalaw.com; akeller@dicellolevitt.com; dmillen@fklmlaw.com; bhogan@fklmlaw.com; Jon Jagher <jjagher@fklmlaw.com>; kjustice@fklmlaw.com; jsprengel@caffertyclobes.com; dherrera@caffertyclobes.com; nhagman@caffertyclobes.com; rrg@gordonlawchicago.com; jgs@sstriallawyers.com; tyiatras@gmail.com; casey@lawofficeflynn.com; francisflynn@gmail.com; jbk@sstriallawyers.com; twolfson@ahdootwolfson.com; rahdoot@ahdootwolfson.com; tmaya@ahdootwolfson.com; bking@ahdootwolfson.com; rstephan@stephanzouras.com; jzouras@stephanzouras.com; aficzko@stephanzouras.com; mshannon@stephanzouras.com; elangeland@langelandlaw.com; jtostrud@tostrudlaw.com; fbottini@bottinilaw.com; achang@bottinilaw.com; ykolesnikov@bottinilaw.com; jcotchett@cpmlegal.com; mmolumphy@cpmlegal.com; tredenbarger@cpmlegal.com; nrahman@cpmlegal.com; ehg@classlawgroup.com; dmb@classlawgroup.com; jbk@classlawgroup.com; william.a.baird.1@gmail.com; jguglielmo@scott-scott.com; ecomite@scott-scott.com; jpettigrew@scott-scott.com; ekirkwood1@bellsouth.net
**Cc:** Ekwan E. Rhow <erhow@birdmarella.com>; Dorothy Wolpert <dwolpert@birdmarella.com>; Tom R. Freeman <tfreeman@birdmarella.com>; Jonathan Rotter <jrotter@glancylaw.com>; Marc L. Godino <mgodino@glancylaw.com>; Kara Wolke <KWolke@glancylaw.com>; Pavithra Rajesh <prajesh@glancylaw.com>; David M. Given <DMG@phillaw.com>; Nicholas A. Carlin <NAC@phillaw.com>; bsc@phillaw.com
**Subject:** RE: Meet and Confer re MDL and Transfer Issues

Dear Plaintiffs' Counsel in the ByteDance/TikTok Matters –

As early as tomorrow, we intend to file a motion to intervene in the five Northern District of Illinois cases, and to dismiss, stay or transfer such cases. We will seek transfer to the Northern District of California. Four of those Northern District of Illinois cases have been consolidated before Judge Lee, and there is a pending unopposed motion to consolidate the fifth case with the other four. We also intend to separately file a similar motion for the case pending in the Southern District of Illinois.

We will ask the Northern District and Southern District of Illinois courts to dismiss or transfer

the Illinois Cases pursuant to 28 U.S.C. 1406 for improper venue and the lack of personal jurisdiction over the named defendants under Seventh Circuit precedent. We will also ask those courts to, alternatively, exercise their inherent authority to dismiss or stay the Illinois Cases under the first-filed rule. Finally, we will ask those courts to, alternatively, transfer the Illinois Cases to the Northern District of California under 28 U.S.C. 1404(a).

As you know, we previously met and conferred on MDL and transfer issues earlier this month (see email below), and we are available tomorrow morning to meet and confer on these issues if you think resuming our prior discussion would be fruitful. Please advise today if you would like to arrange a call for tomorrow morning.

Thank you,
Marc

**Marc E. Masters**
*Of Counsel*
O: 310.201.2100
F: 310.201.2110
E: mmasters@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,**
**Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

---

**From:** Marc E. Masters
**Sent:** Sunday, May 17, 2020 2:28 PM
**To:** mjones@hausfeld.com; sgassman@hausfeld.com; mhausfeld@hausfeld.com; jpizzirusso@hausfeld.com; wthompson@burnscharest.com; wburns@burnscharest.com; dcharest@burnscharest.com; rherman@burnscharest.com; knelson@burnscharest.com; aklevorn@burnscharest.com; pmurphree@burnscharest.com; jbaer@baerlawllc.com; cdereus@baerlawllc.com; jstein@baerlawllc.com; dgirard@girardsharp.com; jelias@girardsharp.com; apolk@girardsharp.com; bfj@chimicles.com; bmm@chimicles.com; kcarroll@carlsonlynch.com; kshamberg@carlsonlynch.com; nlange@carlsonlynch.com; lweaver@bfalaw.com; akeller@dicellolevitt.com; dmillen@fklmlaw.com; bhogan@fklmlaw.com; jjagher@fklmlaw.com; kjustice@fklmlaw.com; jsprengel@caffertyclobes.com; dherrera@caffertyclobes.com; nhagman@caffertyclobes.com; rrg@gordonlawchicago.com; jgs@sstriallawyers.com; tyiatras@gmail.com; casey@lawofficeflynn.com; francisflynn@gmail.com; jbk@sstriallawyers.com; twolfson@ahdootwolfson.com; rahdoot@ahdoofwolfson.com; tmaya@ahdootwolfson.com; bking@ahdootwolfson.com
**Cc:** Ekwan E. Rhow <erhow@birdmarella.com>; Dorothy Wolpert <dwolpert@birdmarella.com>; Tom R. Freeman <tfreeman@birdmarella.com>; Jonathan Rotter <jrotter@glancylaw.com>; Marc L. Godino <mgodino@glancylaw.com>; Kara Wolke <KWolke@glancylaw.com>; Pavithra Rajesh

<prajesh@glancylaw.com>; David M. Given <DMG@phillaw.com>; Nicholas A. Carlin
<NAC@phillaw.com>; bsc@phillaw.com
**Subject:** Meet and Confer re MDL and Transfer Issues

Dear Plaintiffs' Counsel in the ByteDance/TikTok Matters –

I'm writing to introduce myself and our team, and to explain why we believe the various cases filed in California and Illinois have the greatest probability of success before Judge Lucy H. Koh in the Northern District of California. We invite your input and welcome the opportunity to have a videoconference (via Zoom or otherwise) to discuss your thoughts. We encourage all of the parties to agree to a voluntary transfer to avoid the inevitable months-long MDL delay or motions practice that would necessarily follow.

My firm, Bird Marella Boxer Wolpert Nessim Drooks Lincenberg & Rhow, P.C., and the firm Glancy, Prongay & Murray, LLP originally filed a 46-page complaint in November 2019 initiating *Hong v. ByteDance, Inc. et al.*, which was assigned to Judge Koh. We filed in the Northern District of California where Defendants ByteDance, Inc. and TikTok, Inc. are located. Our eight causes of action were premised on Defendants' taking of TikTok users' biometrics, along with other private and personally-identifiable information. Both prior to and after the November 2019 filing, we hired and worked closely with a team of experts to carefully develop our case. Some of these experts performed analysis of the Musical.ly app and TikTok app source code, while other experts provided analysis of the Musical.ly app and TikTok app's functionality. We also employed two teams of investigators to perform important interviews and critical research in the United States as well as in China. And we have been consulting with other experts on the intersection of artificial intelligence, privacy, China-based technology corporations, and the Chinese government. During the course of this work, we have gathered a significant amount of information and are well prepared to prosecute the claims on behalf of our clients.

We also participated in a mediation on April 6, 2020 before former United States District Judge Layn Phillips. Prior to that mediation, we had informed Defendants' counsel that we believed that Defendants' conduct also violated the Illinois Biometric Information Privacy Act ("BIPA"). The law firm Phillips, Erlewine, Given & Carlin LLP participated in this mediation, and they represented certain Illinois residents and a prospective Illinois subclass, including with respect to their BIPA claims. Thus, the mediation included these BIPA claims. While the mediation did not result in an agreement, going through the process further assisted our preparation for responding to Defendants' forthcoming motions.

Shortly following mediation, the parties submitted a joint CMC statement to Judge Koh in mid-April informing her that Plaintiffs intended to amend the original complaint to add additional California and Illinois plaintiffs, and that the Illinois Plaintiffs intended to bring a BIPA claim. Judge Koh issued a case management order establishing pre-trial and trial dates, and allowing us to amend our complaint to assert the BIPA claim, while cautioning that we should ensure a proper basis for that claim. We therefore performed additional due diligence in advance of filing our detailed 89-page amended complaint on May 11, 2020. As clarified throughout our amended complaint, the factual basis underlying the BIPA claim also constitutes grounds for the other privacy claims therein. Accordingly, our broad lawsuit protects the privacy interests of each member of the Illinois subclass – including not only protection of their biometrics, but also their private videos and their user and device identifiers.

Prior to mediation, Plaintiffs had served eight sets of discovery on Defendants, and shortly after mediation, Defendants responded to each. We negotiated and agreed to a protective order to facilitate discovery, and we're in the process of negotiating with Defendants concerning amended responses to our original eight sets of discovery. Notably, one of the entities responding to discovery is the primary China-based entity within the ByteDance/TikTok family: Beijing ByteDance Technology Co., Ltd. We are the only lawsuit to have named them as a defendant and to have served them, and we believe they were and are heavily involved in the BIPA (and other) violations alleged in our amended complaint.

Of the multitude of additional BIPA suits that have been filed in the past two weeks or so, Hausfeld LLP and Burns Charest filed the first action on April 30, 2020, also in the Northern District of California. Those firms have agreed to relate their case to ours pending before Judge Koh, and they similarly believe that transfer of all of these matters to Judge Koh is the best course of action. Judge Koh is an experienced jurist with complex litigation experience, and she is prepared to move these cases toward a quick resolution. Moreover, as you likely are aware, the landmark Facebook biometrics litigation is ongoing in the Northern District of California and has resulted in a record tentative settlement of a BIPA claim. Finally, arbitration will be an important defense we must overcome, and the Northern District of California has some of the best rulings in the country on the specific arbitration issues we will face.

We invite you to discuss these issues with us. Please indicate whether you are available on Monday or Tuesday at 11 am PST (1 pm CST / 2 pm EST).

Thank you,
Marc

**Marc E. Masters**
*Of Counsel*
O: 310.201.2100
F: 310.201.2110
E: mmasters@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

This email has been scanned for spam and viruses. Click here to report this email as spam.