**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: TIKTOK, INC., ) <br> **CONSUMER PRIVACY** ) <br> **LITIGATION,** ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> **This Document Relates to All Cases** ) | **MDL No. 2948** <br><br> Master Docket No. 20 C 4699 <br><br> Judge John Z. Lee <br><br> Magistrate Judge Sunil R. Harjani |

## DECLARATION OF MEGAN E. JONES

I, Megan E. Jones, declare as follows:

1. I am a partner at Hausfeld LLP.

2. My firm, along with Burns Charest LLP, filed the first case in this MDL asserting BIPA claims on April 30, 2020. It was based on extensive, independent and proprietary research and investigation. The history of what happened since that time is laid out in the numerous other filings before this Court.

3. I, and the Litigating Firms, believed that mediation was premature prior to resolution of venue and class leadership in the MDL. Nevertheless, when it appeared that the Settling Firms were going to proceed with a mediation despite our concerns, I agreed to evaluate participating in the mediation with Mr. Rhow.

4. TikTok's Counsel, Anthony Weibell, initially sought out and welcomed our participation.

5. On August 6, 2020, however, he abruptly changed course and required settlement conditions in order for me to attend the mediation, and banned Bird Marella and Glancy Prongay completely.

1

6. On August 11, 2020 at 10:12 am PST, Mr. Weibell sent an email (that I was copied on) that stated "[t]here has been no change in TikTok's position." *See* Doc. No. 11-7, page 4. There, he stated:

   a. "TikTok welcomes the inclusion in the mediation of the consolidated plaintiffs from the ND Cal actions and their representation by Megan Jones. . . But no confidential mediation communications or confidential information disclosed by TikTok as a part of or as a result of the mediation or anticipated settlement may be shared with any attorney or staff associated with the Bird Marella or Glancy law firms."

   b. For the first time, in this email, I was asked to acknowledge Mr. Weibell's terms in writing:

      i. **If Ms. Jones acknowledges and agrees to the limitation above in a written response to this email and agrees that no one associated with Plaintiffs will disclose any confidential mediation communications or other confidential information from TikTok to any attorney or staff associated with the Bird Marella or Glancy law firms, then TikTok consents for Ms. Jones to receive the materials that have been exchanged to date and to participate at the mediation on behalf of any plaintiffs. (emphasis in original)**

*See* Doc. No. 11-7, pages 4-5.

7. I was concerned that I would be asked to participate in a mediation on behalf of "**any** plaintiffs," but at the same time be precluded by Mr. Weibell from talking to those same plaintiffs' counsel (*i.e.*, Bird Marella and Glancy Prongay).

8. On August 11, 2020 at 11:32 am PST, Mr. Weibell asked me by email if I was planning to attend the mediation.

9. On August 11, 2020 at 10:25 pm PST, I was copied on an email that Ekwan Rhow sent to Mr. Weibell. In that email, Mr. Rhow asked Mr. Weibell to reconsider his position regarding my attendance with a gag order. *See* Doc. No. 11-7, pages 3-4.

10. On August 12, 2020, at 9:05 pm I was copied on an email that Mr. Rhow sent to Mr. Weibell. In that email, Mr. Rhow stated both that a) I was willing to participate in the mediation without any conditions, and b) that he was willing to attend the August 13, 2020 mediation as well:

2

    a. "We have not heard from you but continue to believe that we have the right and the obligation to participate tomorrow, as per our below e-mail. Megan Jones will be at your offices ready to participate but does not consent to any of the conditions that you have attempted to impose. I will be available by zoom and phone, and expect to participate in all aspects of the mediation as well. I will start my drive down from Lake Tahoe by about 9 a.m. so that I can participate in person in the afternoon.

*See* Exhibit 1, attached (emphasis added).

11. On August 12, 2020 at 9:49 pm PST, I was copied on an email from Mr. Weibell that stated, in part:

    a. "TikTok's position has not changed."

    b. "This is a private mediation between parties that have a contract with each other and with the mediator to engage in a confidential mediation."

    c. "Your email below also states that she does not consent to the confidentiality conditions **to which the rest of the parties have agreed**. She cannot and will not therefore be admitted to the mediation."

*See* Exhibit 1, attached (emphasis added).

12. Mr. Weibell therefore prevented me from attending the mediation on August 13, 2020.

13. Katrina Carroll posits a question in her declaration: "[W]hat could have been the conceivable downside of Ms. Jones' attendance at the mediation, even if Mr. Rhow could not be there?" *See* Doc. No. 52 at ¶ 77.

14. Rule of Professional Conduct 1.2(a) in California and Illinois both state: "a lawyer shall abide by a client's decisions concerning the objectives of representation, and as required by rule 1.4, shall reasonably consult with the client as to the means by which they are to be pursued. . . . A lawyer shall abide by client's decision whether to settle a matter." Cal. R. Prof'l Conduct, R. 1.2(a) (eff. Nov. 1, 2018); Ill. R. Prof'l Conduct R. 1.2 (eff. Jan. 1, 2010).

15. Rules of Professional Conduct 1.4 in California and Illinois both state that "a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." *Id.* at 1.4(b). In fact, comments to the Illinois rule state that:

> [2] If these Rules require that a particular decision about the representation be made by the client, paragraph (a)(1) requires **that the <u>lawyer</u> promptly consult with and secure the client's consent prior to taking action** unless prior discussions with the client have resolved what action the client wants the lawyer to take. For example, ***a lawyer*** who receives from opposing counsel an offer of settlement in a civil controversy . . .**must promptly inform the client of its substance** unless the client has previously indicated that the proposal will be acceptable or unacceptable or has authorized the lawyer to accept or to reject the offer. See Rule 1.2(a).
>
> [3] Paragraph (a)(2) requires the lawyer to reasonably consult with the client about the means to be used to accomplish the client's objectives. In some situations–depending on both the importance of the action under consideration and the feasibility of consulting with the client–this duty will require consultation prior to taking action.
>
> [5] **The client should have sufficient information to participate intelligently in decisions concerning the objectives of the representation** and the means by which they are to be pursued, to the extent the client is willing and able to do so. Adequacy of communication depends in part on the kind of advice or assistance that is involved.

Ill. R. Prof'l Conduct R. 1.4 (comments) (eff. Jan. 1, 2010) (emphasis added).

16. Model Rules of Professional Conduct 4.2 in Illinois and California state that "In representing a client, a lawyer shall not communicate [directly or indirectly] about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter . . . ." Ill. R. Prof'l Conduct R. 4.2.; Cal. R. Prof'l Conduct, R. 4.2(a) (alteration in Cal R. Prof'l Conduct only).

17. Bird Marella and Glancy Prongay have the following clients: Misty Hong, minor A.S., through her mother and legal guardian Laurel Slothower, and minor A.R., through her mother and legal guardian Gilda Avila. I do not represent those clients, nor do I have an attorney client relationship with them.

4

18. Given the foregoing Rules of Professional Conduct, I was concerned about Mr. Weibell's conditions.

19. Further, in appointing me to the Plaintiffs' Executive Committee with settlement authority, Judge Koh's Order stated that Mr. Rhow was, in addition to being Lead counsel, also the Chair of the Executive Committee who had general oversight of all work on the case. *See In Re TikTok Privacy Litig.*, Case No. 5:19-cv-07792-LHK (N.D. Cal.), Doc. No. 82 (adopting leadership structure set forth in Doc. No. 64). As this Order had yet to be explicitly modified by this Court, I also did not want to jeopardize violating Judge Koh's directions by entering into settlement conditions that explicitly prevented oversight by Mr. Rhow.

20. In my years of experience as a class action litigator, I cannot recall ever participating in settlement negotiations under conditions that: (1) required me to participate in a mediation on behalf of clients that I do not represent; and (2) permitted me to ask counsel for those clients (not present at the mediation) for advice about terms that affect their clients, but when doing so, prevented me from disclosing the actual mediation terms themselves.

21. For these reasons, I could not agree to Mr. Weibell's terms, and therefore was prevented from attending the mediation on August 13, 2020.

Executed this 15th day of September, 2020 in Palo Alto, California.

*/s/ Megan E. Jones*
Megan Jones

# EXHIBIT 1

| | |
|---|---|
| **Subject:** | RE: Mediation |
| **Date:** | Wednesday, August 12, 2020 at 9:49:35 PM Pacific Daylight Time |
| **From:** | Weibell, Tony |
| **To:** | Ekwan E. Rhow |
| **CC:** | Katrina Carroll, Megan E. Jones, jjagher@fklmlaw.com |
| **Attachments:** | image001.png, image002.png, image003.png, image004.png, image005.png, image006.png |

???

Hi Ekwan,

It is late on the evening before a very large mediation that has been in the works for some time. I am putting my children to bed. I cannot make any sense of your email. TikTok's position has not changed. This is a private mediation between parties that have a contract with each other and with the mediator to engage in a confidential mediation. I asked Megan yesterday to tell me whether she planned to participate so that I could make arrangements with security and provide her with the COVID-19 protocol to be admitted to the office. I waited all day, and she never responded with any indication that she planned to attend. Your email below also states that she does not consent to the confidentiality conditions to which the rest of the parties have agreed. She cannot and will not therefore be admitted to the mediation. And for the reasons stated in my prior emails, neither can you. Further, for efficiency and logistical reasons, it is also too late to change your mind about whether Megan will now accept the proposed conditions. The time has long passed for acceptance.

We have a very long and grueling day ahead to attempt to resolve the many issues in these cases with the parties who are attending. Please do not seek to contact us or otherwise disrupt those efforts further. If you would like to talk after the mediation, I would be happy to do so.

Thanks,

Tony

**From:** Ekwan E. Rhow <erhow@birdmarella.com>
**Sent:** Wednesday, August 12, 2020 9:05 PM
**To:** Weibell, Tony <aweibell@wsgr.com>
**Cc:** Katrina Carroll <kcarroll@carlsonlynch.com>; Megan E. Jones <mjones@hausfeld.com>
**Subject:** RE: Mediation

[External]
Tony:
We have not heard from you but continue to believe that we have the right and the obligation to participate tomorrow, as per our below e-mail. Megan Jones will be at your offices ready to participate but does not consent to any of the conditions that you have attempted to impose. I will be available by zoom and phone, and expect to participate in all aspects of the mediation as well. I will start my drive down from Lake Tahoe by about 9 a.m. so that I can participate in person in the afternoon.
Ekwan

**Ekwan E. Rhow**

*Principal*
O: 310.201.2100
F: 310.201.2110
E: erhow@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
www.BirdMarella.com

---

**From:** Ekwan E. Rhow
**Sent:** Tuesday, August 11, 2020 10:25 PM
**To:** Weibell, Tony <aweibell@wsgr.com>
**Cc:** Katrina Carroll <kcarroll@carlsonlynch.com>; Megan E. Jones <mjones@hausfeld.com>
**Subject:** RE: Mediation

Tony:

I write in response to your August 6, 2020 and August 11, 2020 e-mails.

On July 14, 2020, Judge Lucy H. Koh issued an order under Rule 23(g) of the Federal Rules of Civil Procedure in which she appointed me as "Interim Lead Plaintiffs' Counsel and Chairperson of an Executive Committee" consisting of "Kara Wolke of Glancy, David Given of Phillips, Megan Jones of Hausfeld, and Amanda Klevorn of Burns." Judge Koh explicitly adopted the "leadership configuration and general oversight responsibilities" set forth in our motion, which made each of the Executive Committee members responsible to me, and gave me joint responsibility for their particular areas of oversight. That includes Ms. Jones's oversight of settlement. *See In re TikTok, Inc. Privacy Litig.*, 19-cv-07792, Doc. Nos. 64, 82. Judge Koh's Order remains in place and governs all parties and counsel in the Northern District of California, including you and your clients.

Despite your express invitation to the parties in the N.D. Cal. actions to attend the mediation, you now demand that (1) I not attend the mediation and (2) Ms. Jones acknowledge and agree "that no one associated with Plaintiffs will disclose any confidential mediation communications or other confidential information from TikTok to any attorney or staff associated with the Bird Marella or Glancy law firms." These unilaterally-imposed conditions are in direct violation of Judge Koh's Order, which allow – and indeed require – Ms. Jones to communicate and coordinate with me. I have equal right and responsibility to attend the mediation under the Order, and to represent my clients and the class identified in the N.D. Cal. complaints. Your demands also impermissibly interfere with the attorney-client relationship by preventing open and candid discussions about the mediation between our clients and their chosen counsel of record, and as such require that we violate the rules of professional responsibility. This is unacceptable.

You already admitted that your clients have no actual evidence of a conflict, but only vague "feelings" motivating these demands. Nonetheless, without obligation to do so, I confirmed to you last week that I have no past, present or planned connections with Facebook, Instagram, Microsoft, President Trump or the ongoing governmental investigations. Nor do Bird Marella or Glancy, Prongay & Murray. Even though any such connections would not be a basis to disqualify our firms – and you have never sought or obtained such a disqualification order – I indicated our willingness to sign declarations attesting to the lack of such connections to supplement all the normal confidentiality protections that attach to mediation. We remain willing to do so.

Your attempt to personally select which plaintiffs' counsel attends the mediation is especially concerning given your repeated admissions to me and others that my presence would be useful to ensuring a

comprehensive mediation that covers all existing and potential claims and remedies that the class may have. By barring my participation, in direct conflict with Judge Koh's Order, you are creating a fractured and incomplete mediation that unnecessarily and artificially shuts out our clients and their current claims, as well as additional contemplated ones. Your current insistence on my exclusion also could undermine any representation that may be made about the arms' length negotiation between plaintiff and defense counsel, which is essential for approval of a settlement.

Having invited the N.D. Cal. plaintiffs to participate in this mediation, you cannot now pick and choose which of their lawyers will attend or set conditions or restrictions on how information flows to their court-approved lead counsel. Moreover, because Judge Koh's Order expressly forbids any other law firms from working on the case "without prior approval of the Court," *see In re TikTok, Inc. Privacy Litig.*, 19-cv-07792, Doc. No. 82, you are unilaterally and effectively excluding the N.D. Cal. plaintiffs from participating by virtue of barring me and setting self-serving conditions on participation.

In the interest of protecting the integrity of the mediation, we ask you to reconsider your position. In the meantime, we reserve all rights and remedies arising from your unilateral conduct.

Sincerely,
Ekwan

**Ekwan E. Rhow**
*Principal*
O: 310.201.2100
F: 310.201.2110
E: erhow@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**



REDACTED

<a>
<s>

</s>
</a>



**Total Control Panel**  Log n

To: mjones@hausfe d.com    Remove th s sender from my a ow st
From: awe be @wsgr.com

You received this message because the sender is on your allow list.