IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION,<br><br>This Document Relates to All Cases | MDL No. 2948<br><br>Master Docket No. 20-cv-4699<br><br>Judge John Z. Lee<br><br>Magistrate Judge Sunil R. Harjani |

**SETTLING PLAINTIFFS' AND ADDITIONAL INTERIM COUNSEL'S OBJECTIONS TO THE APPLICATIONS OF: (1) EKWAN RHOW, MEGAN JONES, THEIR PROPOSED PLAINTIFFS' STEERING COMMITTEE (KARA WOLKE, AMANDA KLEVORN AND DAVID GIVEN) AND PROPOSED LIAISON COUNSEL (SHANNON MCNULTY); (2) LESLEY WEAVER AND AMY KELLER, AND; <u>(3) FRANK HEDIN AND PHILIP FRAIETTA</u>**

As the Court is aware, Settling Plaintiffs (with support from additional Interim Counsel designated below) propose the following plaintiffs' counsel leadership structure: Katrina Carroll and Jonathan Jagher as Co-Lead Counsel; a Steering Committee consisting of Robert Foote, Michael Gervais, Joseph Guglielmo, Tina Wolfson and James Zouras, and; Beth Fegan as Liaison Counsel. This structure is the result of arduous consensus building and compromise-based self-ordering. It also has broad support from counsel involved in the MDL who came together in the spirit of collaboration. Support for Ms. Carroll and Mr. Jagher's specific appointments to serve together as Co-Lead Counsel also goes beyond just the firms who

1

participated in the August 13, 2020 mediation, and includes firms from the Northern District of California litigation, each of whom attest to our extensive efforts at cooperation and inclusion.[1]

Indeed, the facts speak for themselves. No other counsel in this case has achieved remotely comparable endorsements or substantive results. *See generally* Declaration of Katrina Carroll (the "Carroll Decl.") [ECF No. 52]. Settling Plaintiffs' proposed structure is the most inclusive, has garnered the support of counsel from *all* districts in the MDL, promotes age, gender and racial diversity, includes counsel with significant experience in the country's largest class actions and specifically incorporates counsel who have the most experience in biometric privacy cases under BIPA and with technology-focused matters. Our proposed structure best meets this Court's articulated criteria for leadership (the willingness and availability to commit to this case, the ability to work cooperatively, and experience in this type of litigation).

Most importantly, Ms. Carroll and Mr. Jagher seek appointment as Co-Lead Counsel because under their direction, Settling Plaintiffs reached a substantial and meaningful settlement with Defendants (where others previously failed using the same mediator), capitalizing on a pivotal moment for TikTok, and doing so with the solid backing and the support of so many other firms. No other counsel was as effective to ensure this opportunity of recovery, especially given TikTok's precarious position in light of the President's Executive Orders and impending sale. At all times, Ms. Carroll and Mr. Jagher have acted in the best interests of the class and

---

[1] The following Interim Counsel filed briefs supporting Ms. Carroll and Mr. Jagher as Co-Lead counsel: Foote, Mielke, Chavez & O'Neil, LLC [ECF No. 27]; Stephan Zouras, LLP; Langeland Law; Tostrud Law Group, P.C. [ECF No. 28, 30, 32, 39]; Fegan Scott LLC [ECF No. 29]; Scott + Scott Attorneys at Law LLP; Wood Law Firm, LLC; Baird Law Firm [ECF No. 31]; Ahdoot & Wolfson P.C. [ECF No. 33]; Cotchett, Pitre & McCarthy LLP; Bottini & Bottini, P.C. [ECF No. 35]; Susman Godfrey L.L.P. [ECF No. 36]; Cafferty Clobes Meriwether & Sprengel LLP [ECF No. 37]; Sauder Schelkopf LLC; Gordon Law Offices, Ltd. [ECF No. 42]; Girard Sharp [ECF No. 44]; Onder Law, LLC [ECF No. 53]; and Consumer Protection Legal, LLC; Law Office of Francis J. Flynn, Jr. [ECF No. 54].

permitting them to lead this case will allow the most efficient and effective presentation of the proposed settlement for Court approval. Of course, any party or his or her counsel can object to the settlement, if upon disclosure those individuals believe the settlement is deficient in any respect.[2] But appointing those who are responsible for the settlement capitalizes on the cohesion, consensus, and progress built by Ms. Carroll and Mr. Jagher. That progress should continue.

Because Settling Plaintiffs and other Interim Counsel believe that our proposed structure is the most qualified based on our collective experience and the results we achieved in this case, Settling Plaintiffs and other Interim Counsel designated below object to the following applicants who seek leadership appointments: (1) the applications of Mr. Rhow and Ms. Jones, their proposed Steering Committee (Kara Wolke, Amanda Klevorn and David Given) and Liaison Counsel Shannon McNulty ("Non-Settling Plaintiffs' Slate") [ECF Nos. 40, 43][3]; (2) Ms. Weaver and Ms. Keller's joint leadership application [ECF No. 51], and; (3) Mr. Hedin and Mr. Fraietta's application which proposes they serve as Co-Lead counsel (or alternatively as members of a PSC) and Mr. Larry as a member of the PSC [ECF No. 55].[4]

---

[2] As explained in the Carroll Decl., Settling Plaintiffs support and have urged the disclosure of the settlement to all litigants. At the very least, Settling Plaintiffs believe that TikTok should support disclosure to the Court *in camera*. TikTok has not yet agreed to our proposals. *See* Carroll Decl. at ¶¶23, 24, 75, 76.

[3] The PSC members and Liaison Counsel proposed by Mr. Rhow and Ms. Jones, each filed a separate application. *See* [ECF No. 41] (Amanda Klevorn), [ECF No. 47] (David Given) and [ECF No. 45] (Kara Wolke); [ECF No. 48] (Shannon McNulty).

[4] Two additional applications for PSC positions were filed by Mark Molumphy [ECF No. 35] and Dan Girard [ECF No. 44], both of whom support Ms. Carroll and Mr. Jagher for Co-Lead Counsel. A third application was filed by Eric Gibbs, who has indicated a neutral position as to the appointment of Co-Lead Counsel, but proposes himself to serve as a "liaison" between Non-Settling Plaintiffs and Settling Plaintiffs. [ECF No. 46]. In Settling Plaintiffs' view, this proposal is unnecessary, inefficient and not supported by the various counsel involved. This settlement, reached with the assistance of a highly respected mediator, and having the support of the vast majority of counsel, should simply proceed in its normal course.

While the attorneys on Non-Settling Plaintiffs' Slate make general statements promoting their ability to create consensus and work cooperatively with other plaintiffs' counsel, these generalities are demonstrably inconsistent with their conduct in this case. All of this history is recounted in Ms. Carroll's Declaration [ECF No. 52] and need not be restated here.

Even looking at Non-Settling Plaintiffs' Slate objectively, however, it becomes evident that the slate is not the product of consensus. Non-Settling Plaintiffs' Slate has not expanded to include any counsel from outside their small, self-formed group, or counsel from any actions filed outside of the Northern District of California. Non-Settling Plaintiffs' proposal was not built on any post-MDL consensus: they merely propose all of the same attorneys they previously proposed in California.[5] And unlike Settling Plaintiffs' group, which includes counsel who stepped back so that the group could be best-positioned to achieve success for the class, none of the Northern District of California counsel from Non-Settling Plaintiffs' Slate did the same. Because of this, Non-Settling Plaintiffs' proposal is stilted and heavily favors the Northern District of California attorneys to the exclusion of nearly everyone else, including the counsel who reached a settlement with Defendants. Similarly, Ms. Weaver and Ms. Keller, who supported Non-Settling Plaintiffs' Slate in its entirety during the Northern District of California leadership proceedings, did not form a proposal built on consensus. *In re TikTok, Inc. Privacy Litigation*, 5:19-cv-07792-LHK (N.D. Cal.) [ECF Nos. 66, 72, 76].

The same goes for the application of Messrs. Hedin, Fraietta and Larry. Settling Plaintiffs were unaware of the involvement of any of these attorneys until they filed a leadership application in the MDL docket (within *minutes* of filing a complaint, *M.G. v. TikTok*, the day

---

[5] Non-Settling Plaintiffs' Slate includes proposed Liaison Counsel Shannon McNulty, retained by Non-Settling Plaintiffs' counsel without having filed any underlying case in the MDL. As such, the inclusion of Ms. McNulty is not the result of any consensus building.

leadership applications were due). None of these attorneys provided any advance notice of these filings nor any articulated interest in collaborating with any of the other counsel in the MDL.

Non-Settling Plaintiffs[6] attempt to downplay our successful consensus-building and imply that the entire coalition we assembled is uninformed about the settlement. This is not accurate. While only the delegates to the mediation know the exact settlement terms because they personally participated, the larger group of 16 firms were involved at all times in mediation preparation (and are contributing now). All 16 firms worked on pre-mediation analysis, were involved in mediation-related discussions with defense counsel and assisted in the preparation of Settling Plaintiffs' mediation materials. For purposes of efficiency (since having 16 firms appearing at the mediation would not have been productive), the larger group ultimately agreed on a delegation authorized to conduct negotiations. It is not atypical for authorized representatives to negotiate in this manner. After the settlement was reached, all firms agreed to respect confidentiality given TikTok's articulated need for secrecy. Further, the additional firms supporting Ms. Carroll and Mr. Jagher have also agreed to preserve confidentiality and respect our process. *See* Carroll Decl., ¶¶16, 23 & n. 5.

Non-Settling Plaintiffs' red herring argument (that because Mr. Jagher and Ms. Carroll only plead BIPA claims in the pre-MDL consolidated complaint filed in this District, they cannot resolve any additional claims) is unsupported by the facts and relevant caselaw, and can be further addressed in the briefing seeking preliminary or final approval of the proposed settlement. First, the 16-firm mediation coalition includes plaintiffs who assert non-BIPA claims on behalf of nationwide classes. *See, e.g., G.R. et. al. v. TikTok, Inc. et. al.*, 2:20-cv-04537-AB-

---

[6] For clarity, references to "Non-Settling Plaintiffs" do not include Messrs. Hedin and Fraietta, as they have had no involvement throughout the history of this case and no statements can properly be attributed to them.

MAA (C.D. Cal.). Thus, the Settling Plaintiffs group, on behalf of a nationwide class, has standing to assert all of the claims and negotiate a resolution for the Court's approval. Second, Non-Settling Plaintiffs' assertion that the VPPA claim could not properly be compromised since it had not been pleaded at the time of mediation, is also incorrect.[7] The VPPA is a *federal* cause of action, and thus *all* current plaintiffs have a potential VPPA claim that can be asserted on behalf of a nationwide class (to the extent such a claim is viable). Prior to filing their complaints and then in anticipation of mediation, the experienced counsel among the 16-firm mediation coalition considered a broad range of potential claims (including the VPPA claim), going well beyond the four corners of the on-file complaints. All potential claims were thoroughly vetted, their merits were closely scrutinized and the relief was zealously negotiated. Though Non-Settling Plaintiffs argue otherwise, there is no requirement that every potential claim be pleaded prior to the time of settlement negotiations. Of course, once the settlement is made public, the Court will evaluate the proposed scope of the release at preliminary and final approval.[8] Non-Settling Plaintiffs attempt to cast aspersions on the settlement process to support their leadership bid, but any such issues will be properly handled during the Rule 23 process for objections.

---

[7] Ms. Weaver and Ms. Keller seek credit for originating the VPPA claim, when in fact, those claims are at issue in the *T.K.* matter which is outside of the MDL has been pending before Judge Blakey since December of 2019. *See* Carroll Decl. ¶82. In any event, the VPPA claim was specifically discussed during our settlement negotiations. *Id.*

[8] With respect to the ability to settle unpleaded claims, "the Seventh Circuit has recognized that a settlement offer is a compromise and may include release of claims not before the court. Additionally, a federal court may release not only those claims alleged in the complaint, but also a claim based on the identical factual predicate as that underlying the claims in the settled class action even though the claim was not presented and might have not been presentable in the class action." *Kaufman v. American Express Travel Related Services, Co.*, No. 07-cv-1707, 2016 WL 806546, at *9 (N.D. Ill. 2016) (internal quotation marks and citations omitted).

Because Settling Plaintiffs reached a settlement with Defendants, it would be highly inefficient to adopt Non-Settling Plaintiffs' proposal concerning the retention of a Special Master to resolve document preservation issues. The Court's two prior Case Management Orders eliminate any preservation concerns. There is no good cause to expend class resources for the services of a Special Master, which would only reduce the recovery to class members, with no attendant benefit. Of course, should the services of a Special Master become necessary, lead counsel can freely engage one in the future. Non-Settling Plaintiffs' proposal for the appointment of a Special Master does not provide a basis for their appointment to lead this case.

When the Court analyzes the various competing applications using its articulated criteria (the willingness and availability to commit to this case, the ability to work cooperatively, and counsel's experience in this type of litigation), it should find that Settling Plaintiffs' proposed structure most aptly fulfills each of these requirements and should be appointed to lead this case.

                              Respectfully submitted,

Date: September 15, 2020         **CARLSON LYNCH LLP**

                              <u>/s/ Katrina Carroll</u>
                              Katrina Carroll
                              111 W. Washington Street, Suite 1240
                              Chicago, IL 60602
                              Tel: (312) 750-1265
                              Email: kcarroll@carlsonlynch.com

                              Jonathan M. Jagher
                              FREED KANNER LONDON &
                                  MILLEN LLC
                              923 Fayette St.
                              Conshohocken, PA 19428
                              Tel.: (610) 234-6487
                              Email:  jjagher@fklmlaw.com

                              ***PROPOSED CO-LEAD COUNSEL AND INTERIM COUNSEL OF RECORD FOR SETTLING PLAINTIFFS***

Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Tel: (312) 741-1019
Fax: (312) 264-0100
Email: beth@feganscott.com

***PROPOSED LIAISON COUNSEL AND INTERIM COUNSEL OF RECORD FOR SETTLING PLAINTIFFS***

Robert Foote
FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
10 W. State Street, Suite 200
Geneva, IL 60134
Tel.: (630) 232-7450
Fax: (630) 232-7452
Email: rmf@fmcolaw.com

James B. Zouras
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza,
Suite 2150
Chicago, Illinois 60606
Tel.: (312) 233-1550
Fax: (312.) 233-1560
Email: jzouras@stephanzouras.com

Tina Wolfson
AHDOOT & WOLFSON, PC
10728 Lindbrook Drive
Los Angeles, CA 90024
Tel: (310) 474-9111
Fax: (310) 474-8585
Email: twolfson@ahdootwolfson.com

Joseph P. Guglielmo
SCOTT+SCOTT ATTORNEYS AT LAW LLP
230 Park Avenue, 17th Floor
New York, NY 10169
Tel.: (212) 223-6444
Fax: (212) 223-6334
Email: jguglielmo@scott-scott.com

8

Michael Gervais
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
Email:  mgervais@susmangodfrey.com

***PROPOSED PLAINTIFFS' STEERING COMMITTEE AND INTERIM COUNSEL OF RECORD FOR SETTLING PLAINTIFFS***

Tiffany M. Yiatras
CONSUMER PROTECTION LEGAL, LLC
8235 Forsyth Boulevard, Suite 1100
Saint Louis, MO 63105-1643
Tel: (314) 541-0317
Email: tiffany@consumerprotectionlegal.com

Jennifer W. Sprengel
Daniel O. Herrera
Nickolas J. Hagman
CAFFERTY CLOBES MERIWETHER
    & SPRENGEL LLP
150 S. Wacker, Suite 3000
Chicago, Illinois 60606
Tel: (312) 782-4880
Fax: (312) 782-4485
Email:  jsprengel@caffertyclobes.com
Email:  dherrera@caffertyclobes.com
Email:  nhagman@caffertyclobes.com

Joseph G. Sauder
Joseph B. Kenney
SAUDER SCHELKOPF LLC
1109 Lancaster Avenue
Berwyn, PA 19312
Tel.: (610) 200-0580
Fax: (610) 421-1326
Email:  jgs@sstriallawyers.com
Email:  jbk@sstriallawyers.com

Richard R. Gordon
GORDON LAW OFFICES, LTD.
111 West Washington Street

Suite 1240
Chicago, Illinois 60602
Tel: (312) 332-5200
Fax: (312) 242-4966
Email: rrg@gordonlawchicago.com

Erik H. Langeland
733 Third Avenue, 15th Floor
New York, N.Y. 10017
Tel: (212) 354-6270
Email: elangeland@langelandlaw.com

Jon A. Tostrud
TOSTRUD LAW GROUP, P.C.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Tel: (310) 278-2600
Email: jtostrud@tostrudlaw.com

William A. Baird
BAIRD LAW FIRM
2625 Townsgate Road
Suite 330
Westlake Village, CA 91361
Tel: (805) 267-1209
Fax: (866) 747-3905
Email: william.a.baird.1@gmail.com

E. Kirk Wood
WOOD LAW FIRM, LLC
P. O. Box 382434
Birmingham, AL 35238-2434
Tel: (205) 908-4906
Fax: (866) 747-3905
Email: ekirkwood1@bellsouth.net

***INTERIM COUNSEL OF RECORD FOR SETTLING PLAINTIFFS***

Francis J. "Casey" Flynn, Jr.
LAW OFFICE OF FRANCIS J. FLYNN, JR.
3518A Arsenal Street
Saint Louis, Missouri 63118
Tel: (314) 662-2836
Email: casey@lawofficeflynn.com

10

        Lawana S. Wichmann
        James G. Onder
        ONDERLAW, LLC
        110 E. Lockwood Ave, 2nd Floor St. Louis, MO 63119
        Tel: (314) 963.9000
        Fax: (314) 963-1700
        Email: Wichmann@onderlaw.com
        Email: Onder@onderlaw.com

***ADDITIONAL INTERIM COUNSEL OF RECORD***

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2020, the foregoing document was filed electronically through the Court's Electronic Case Filing System. Service of this document is being made upon all counsel of record in this case by the Notice of Electronic Filing issued through the Court's Electronic Case Filing System on this date.

*/s/ Katrina Carroll*
Katrina Carroll