UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK, INC. CONSUMER PRIVACY LITIGATION<br><br>This Document Relates to:<br>Case No. 1:20-cv-05305 | MDL No. 2948<br><br>Master Docket No. 20 C 4699<br><br>Judge John Z. Lee<br><br>Magistrate Judge Sunil R. Harjani |

**DEFENDANTS' OPPOSITION TO PLAINTIFF M.G.'S EMERGENCY MOTION FOR LEAVE TO FILE A MOTION FOR A TEMPORARY RESTRAINING ORDER**

Plaintiff M.G.'s emergency motion for leave to file a motion for a temporary restraining order (ECF No. 70, "the Emergency Motion") is without merit and should be denied for at least the following reasons:

- *First,* there is no need for a Temporary Restraining Order because Defendants do not have the data that Plaintiff M.G. seeks to enjoin from transfer. ECF No. 70-1 at ¶ 1. Specifically, Plaintiff M.G. fears that Defendants are in possession of Plaintiff's "voiceprints and face templates" and that Defendants may transfer this data to a third party to comply with executive orders issued by the President of the United States. ECF No. 70-2 at 2. But as TikTok has repeatedly explained, TikTok is not in possession of any "voiceprints" or "face templates" for Plaintiff (or any other putative class members). Such data is simply not a part of the user data that TikTok collects or maintains for U.S. users. There is, therefore, absolutely no risk that such non-existent data will be transferred to Oracle or any other third party as feared by Plaintiff.

- *Second*, there is no emergency. The potential transfer of U.S. user data to Oracle or any other partner or acquiror is no different from how Defendants have always shared data with

1

corporate affiliates and partners, as disclosed in the TikTok Privacy Policy for years.[1] Sharing this data with Oracle or another U.S.-based partner or acquiror to be approved by the U.S. Government bears no more risk than the ongoing sharing of user data with Defendants' current affiliates, subsidiaries, and parent companies in accordance with the terms of the privacy policy.

Presumably for this reason, none of the plaintiffs in the other 19 actions that make up this MDL have ever felt the need to seek the emergency preliminary injunctive relief that Plaintiff M.G. now seeks, despite the fact that this litigation has been pending since last year (and some plaintiffs claim to have been working on the case for nearly two years). ECF No. 70 at 1, n. 2; ECF No. 70-1 at ¶ 1, n. 4. Indeed, if such data sharing constituted an emergency, surely Plaintiff M.G.'s counsel would have filed a request for a temporary restraining order way back in May 2020 when they first contacted Defendants' counsel to discuss this litigation.[2] To raise this concern now after so much time has passed shows the lack of any real urgency and is grounds alone for denial of the motion. *Sung Ohr ex rel. NLRB v. Arlington Metals Corp.*, 148 F. Supp. 3d 659, 673 (N.D. Ill. 2015) ("unexcused delay on the part of parties seeking extraordinary injunctive relief is grounds for denial of a motion because such delay implies a lack of urgency and irreparable harm" (quoting *Ixmation, Inc. v. Switch Bulb Co., Inc.*, No. 14-CV-6993, 2014 U.S. Dist. LEXIS 150787 (N.D. Ill. Oct. 23, 2014)).

---

[1] TikTok's Privacy Policy provides that TikTok "may share your information with a parent, subsidiary, or other affiliate of our corporate group" and "may share your information in connection with a substantial corporate transaction, such as the sale of a website, a merger, consolidation, asset sale, or in the unlikely event of bankruptcy." *Available at* https://www.tiktok.com/legal/privacy-policy?lang=en (last accessed September 17, 2020).

[2] The Bursor & Fisher law firm representing Plaintiff M.G. first reached out to Defendants' counsel to discuss the litigation on May 25, 2020. They did not file the Motion for TRO until September 8, 2020, the same day lead counsel applications were due in the MDL. They filed a complaint, the emergency motion for temporary restraining order, and an application for lead counsel appointment in the MDL all on the same day. *See* ECF No. 55.

- *Third*, both Plaintiff's Emergency Motion and his proposed Motion for a Temporary Restraining Order lack any evidentiary support. They are not supported by any sworn declaration, affidavit, or verified complaint. Instead, Plaintiff's false allegations relating to Defendants' supposed collection of biometric data are supported only by his own conclusory allegations made on "information and belief." Such conclusory allegations are insufficient for Plaintiff to satisfy his "significant burden" to "make a strong showing that [he] is likely to succeed on the merits." *Ill. Republican Party v. Pritzker*, No. 20-2175, 2020 U.S. App. LEXIS 28118, at *5-6 (7th Cir. Sep. 3, 2020) (affirming denial of TRO where plaintiff failed to demonstrate how it could "prove the key elements of its case"); *McDonald v. Cook Cty. Officers' Electoral Bd.*, No. 18 C 1277, 2018 U.S. Dist. LEXIS 42503, at *17-18 (N.D. Ill. Mar. 15, 2018) (denying TRO because "unsubstantiated and trite generalizations are not evidence and [plaintiff's] declaration does not make them so; she is not in a position to testify about [the pertinent facts]"); *Kinney ex rel. NLRB v. Fed. Sec., Inc.*, No. 01-0838, 2001 U.S. Dist. LEXIS 2301, at *3 n.2 (N.D. Ill. Mar. 2, 2001) (denying TRO supported only by affidavit based on "information and belief" rather than "personal knowledge"); *see also Reed v. Allied Waste Transp., Inc.*, 621 F. App'x 345, 347 (7th Cir. 2015) ("unsworn allegations are not evidence") (citing *Thomas v. Christ Hosp. & Med. Ctr.*, 328 F.3d 890, 894 (7th Cir. 2003)). Likewise, "good cause" for leave to file an otherwise unauthorized motion cannot be based on mere allegations made on "information and belief."

- *Fourth*, Plaintiff fails to show that he will suffer any "irreparable injury." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) ("Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction."); *Pritzker*, 2020 U.S. App. LEXIS 28118, at *6 (same). Plaintiff alleges that the TikTok mobile app is a video-sharing social media application used by him to upload and share

"videos of himself." Compl. ¶ 84. But he makes no showing that the potential sharing of these videos with a new partner or parent company in the U.S. (if any such a transaction is approved by the U.S. Government) is "likely" to cause him any irreparable injury. Any acquiror will be subject to the same laws to which Defendants are currently subject. And as explained above, no "voiceprints" or "face templates" for Plaintiff exist.

For these reasons, the Court should deny Plaintiff's Emergency Motion.

Respectfully submitted,

DATED: September 17, 2020

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Anthony J Weibell*
Anthony J Weibell (aweibell@wsgr.com)
David S. Steuer (dsteuer@wsgr.com)
Sara Lai-Ming Rose Tolbert (srose@wsgr.com)
Curtis S. Kowalk (ckowalk@wsgr.com)
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

Victor Jih (vjih@wsgr.com)
Ryan S. Benyamin (rbenyamin@wsgr.com)
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071-2027
Telephone: (323) 210-2900

*Lead Counsel for all Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2020, the foregoing document was filed electronically through the Court's Electronic Case Filing System. Service of this document is being made upon all counsel of record in this case by the Notice of Electronic Filing issues through the Court's Electronic Case Filing System on this date.

*/s/Anthony J Weibell*
Anthony J Weibell
