**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILILNOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: TIKTOK, INC.,** | ) | |
| **CONSUMER PRIVACY** | ) | **MDL No. 2948** |
| **LITIGATION** | ) | |
| | ) | **Master Docket No. 20 C 4699** |
| | ) | |
| | ) | **Judge John Z. Lee** |
| | ) | |
| | ) | **Magistrate Judge Sunil R. Harjani** |
| **This Document Relates to All Cases** | ) | |

**CASE MANAGEMENT ORDER NO. 3:
APPOINTING LEAD COUNSEL, PLAINTIFFS'
LIASON COUNSEL, AND PLAINTIFFS' STEERING COMMITTEE**

In Case Management Order (CMO) Nos. 1 and 2, *see* ECF Nos. 3 and 24, the Court provided a procedure for the selection of Plaintiffs' Interim Co-Lead Counsel, Liaison Counsel, and Steering Committee, as well as Defendants' Lead Counsel, in this Multidistrict Litigation (MDL). Pursuant to CMO Nos. 1 and 2, the parties have submitted numerous applications, nominations, and objections for these counsel positions. Having now assessed the parties' submissions, and in conjunction with an initial pretrial conference at which the parties appeared before the Court on September 24, 2020, IT IS ORDERED THAT:

## I.     ORGANIZATION OF COUNSEL

1.     **Class Counsel.**  Because the cases that have been consolidated in this MDL are each putative class actions, the Court may, in the exercise of its discretion, "designate interim counsel to act on behalf of [the] putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Class counsel appointed under Rule 23(g) have a duty to "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4); *see* 7B Charles Alan Wright et al., *Federal Practice and Procedure: Civil* § 1802.3 (3d ed. 2001).

2.      **Rule 23(g).**  In appointing class counsel pursuant to Rule 23(g), the Court "must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class."  Fed. R. Civ. P. 23(g)(1)(A).  The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(B).  Where, as here, numerous qualified applicants have sought appointment as class counsel, the Court "must appoint the applicant[s] best able to represent the interests of the class."  Fed. R. Civ. P. 23(g)(2).

3.      **Additional Criteria.**  In addition to the factors set forth under Rule 23, the primary criteria that the Court has considered in appointing class counsel are: (a) counsel's willingness and availability to commit to a time-consuming project; (b) counsel's ability to work cooperatively with others; and (c) counsel's professional experience in this type of litigation, including any prior appointments as lead counsel or liaison counsel in multi-party litigation.

4.      **Plaintiffs' Co-Lead Counsel.**  Based on the foregoing criteria, the Court appoints the following three individuals as Plaintiffs' Co-Lead Counsel:

Katrina Carroll
Carlson Lynch, LLP
111 West Washington Street
Suite 1240
Chicago, IL 60602
(312) 750-1265
kcarroll@carlsonlynch.com

Elizabeth A. Fegan
Fegan Scott, LLC
150 South Wacker Drive
24th Floor
Chicago, IL 60606
(312) 741-1019
beth@feganscott.com

Ekwan Eric Rhow
Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067
(310) 201-2100
erhow@birdmarella.com

5. **Duties of Plaintiffs' Co-Lead Counsel.** Plaintiffs' Co-Lead Counsel, in conjunction with Plaintiffs' Liaison Counsel and the Plaintiffs' Steering Committee, (collectively the "Plaintiffs' Leadership Group") shall be responsible for overseeing all aspects of this MDL on behalf of all Plaintiffs and putative Plaintiff classes. In that capacity, Co-Lead Counsel have a duty to ensure that the interests of all Plaintiffs and putative Plaintiff classes are fairly and adequately represented. As outlined in CMO No. 1, Co-Lead Counsel's additional duties include:

(1) Developing and proposing to the Court any schedules that may be required of Plaintiffs, such as with respect to the commencement, execution, and completion of all discovery on their behalf;

(2) Initiating, coordinating, and conducting all discovery on behalf of Plaintiffs, including with respect to all necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the operative pleadings;

(3) Supervising all pretrial proceedings on behalf of all Plaintiffs and acting as their spokespersons at such proceedings and in response to any inquiries by the Court, subject to the right of any Plaintiffs' counsel to present non-repetitive individual or different positions;

(4) Examining witnesses and introducing evidence at hearings on behalf of all Plaintiffs;

(5) Exploring, developing, and pursuing all settlement options on behalf of all Plaintiffs pertaining to any claim or portion thereof of any case consolidated in this MDL;

(6)     Maintaining adequate files of all pretrial matters and making them available, under reasonable terms and conditions, for examination by any Plaintiffs or Plaintiffs' counsel;

(7)     Calling meetings of Plaintiffs' counsel for any appropriate purpose, including coordinating responses to question of other parties or of the Court;

(8)     Preparing periodic status reports summarizing their work and progress and submitting such reports to Plaintiffs' Liaison Counsel for distribution to the other Plaintiffs' counsel;

(9)     Preparing and filing a consolidated amended complaint on behalf of all Plaintiffs, if necessary, which would supersede any complaint filed in any case consolidated in this MDL;

(10)     Preparing, submitting, and arguing any verbal or written motions presented to the Court on behalf of all Plaintiffs, including supporting memorandum, and opposing when necessary any motions submitted by Defendants or other parties;

(11)     Signing all pleadings, motions, briefs, discovery requests, discovery objections, noticed, and other such filings submitted on behalf of all Plaintiffs;

(12)     Negotiating and entering into any stipulations with Defendants with respect to all aspect of this MDL, subject to the conditions set forth in CMO No. 1;

(13)     Exercising sole authority to communicate with Defendants' Lead Counsel and the Court on behalf of all Plaintiffs, unless that authority is expressly delegated to other Plaintiffs' counsel;

(14)     Allocating work assignments to members of the Plaintiffs' Steering Committee or other Plaintiffs' counsel as they may deem appropriate;

(15)    Coordinating and monitoring the activities of all Plaintiffs and their counsel during pretrial proceedings to ensure that deadlines are met and unnecessary expenditures of time and expense avoided.

(16)    Performing any task necessary and proper for Co-Lead Counsel to accomplish their responsibilities as defined by the Court's orders; and

(17)  Performing such other functions as may be expressly authorized by further orders of this Court.

6.    **Plaintiffs' Liaison Counsel.**  As Plaintiffs' Liaison Counsel, the Court appoints:

Shannon Marie McNulty
Clifford Law Offices, P.C.
120 North LaSalle Street, Suite 3100
Chicago, IL 60602
(312) 899-9090
smm@cliffordlaw.com

7.    **Duties of Plaintiffs' Liaison Counsel.**  Plaintiffs' Liaison Counsel shall be responsible for all essentially administrative matters on behalf of all Plaintiffs, including:

(1)    Receiving orders and notices from the Court;

(2)    Preparing copies of such orders and notices and transmitting them  to   the other Plaintiffs' counsel;

(3)    Maintaining complete files, with copies of all documents served upon them, and make such files available to the other Plaintiffs' counsel upon request;

(4)    Receiving orders and notices from the JPML pursuant to Rule 5.2(e) of the JPML's Rules of Procedure or from the transferee court, as well as preparing   copies   of such orders and notices and transmitting them to the other Plaintiffs' counsel;

(5)    Maintaining an up-to-date service list and distributing it to the other Plaintiffs' Counsel and to Defendants' Lead Counsel regularly; and

(6)    Assisting in the coordination of activities, discovery, meetings, and hearings, as well as the resolution of any scheduling conflicts among the parties.

8.    **Plaintiffs' Steering Committee.**    The Court appoints the following five individuals to serve as members of the Plaintiffs' Steering Committee:

| | |
|---|---|
| Jonathan Jagher<br>Freed Kanner London & Millen LLC<br>923 Fayette Street<br>Conshohocken, PA 19428<br>(610) 234-6487<br>jjagher@fklmlaw.com | Megan E. Jones<br>Hausfeld LLP<br>1700 K Street NW, Suite 650<br>Washington, D.C. 20006<br>(202) 540-7200<br>mjones@hausfledllp.com |
| Michael Gervais<br>Susman Godfrey LLP<br>1900 Avenue of the Stars<br>Suite 1400<br>Los Angeles, CA 90067<br>(310) 789-3100<br>mgervais@susmangodfrey.com | Amanda K. Klevorn<br>Burns Charest LLP<br>365 Canal Street<br>Suite 1170<br>New Orleans, LA 70130<br>(504) 799-2845<br>aklevorn@burnscharest.com |
| Albert Y. Chang<br>Bottini & Bottini, Inc.<br>7817 Ivanhoe Avenue<br>Suite 102<br>La Jolla, CA 92037<br>(858) 914-2001<br>achang@bottinilaw.com | |

9.    **Duties of Plaintiffs' Steering Committee.**  Members of the Plaintiffs' Steering Committee shall be responsible for assisting Plaintiffs' Co-Lead Counsel in performing the duties set forth in Paragraph 5, *supra*.

10.    **Plaintiffs' Leadership Group.**  Altogether, the foregoing selection of appointees shall at times be referred to as the "Plaintiffs' Leadership Group."  The Court anticipates that the Plaintiffs' Leadership Group will work by consensus and that Plaintiffs' Co-Lead Counsel in particular will do everything possible to facilitate a consensus decision-making process.  It also

is worth emphasizing that cooperation by and among all members of the Plaintiffs' Leadership Group is essential for the orderly and efficient resolution of this MDL.

11.    **Defendants' Lead Counsel.**  In accordance with Defendants' agreed designation, the Court appoints the following to serve as Defendants' Interim Lead Counsel:

> Anthony J. Weibell
> Wilson Sonsini Goodrich & Rosati, P.C.
> 650 Page Mill Road
> Palo Alto, CA 94304
> (650) 354-4134
> aweibell@wsgr.com

12.    **Duties of Defendants' Lead Counsel.**  Defendants' Lead Counsel shall be responsible for overseeing all aspects of this MDL on behalf of the Defendants, and is thus charged with Defendants' share of all the same duties discussed above with respect to Plaintiffs' Interim Co-Lead Counsel.

## II.    NEXT STEPS

1.    **Leadership Group's Proposal.**    By October 9, 2020, Plaintiffs' Co-Lead Counsel shall confer with the other members of the Plaintiffs' Leadership Group and submit a proposal as to how the Leadership Group will be administered on a day-to-day basis.

2.    **Joint Status Report.**  By October 30, 2020, the parties are directed to submit a joint status report addressing all substantive topics raised in CMO No. 1, including:

(1)    Whether Plaintiffs intend to file a consolidated amended complaint and, if so, the deadline for the filing and Defendants' answer or other responsive pleading;

(2)    Any fact discovery that may be necessary, including any limits on the number of additional interrogatories and the number and duration of additional depositions, as well as a proposed schedule for such discovery;

(3)     Any expert discovery that may be necessary, including any additional expert witness disclosures, as well as a proposed schedule for such discovery;

(4)     Any issues pertinent to class certification and the filing of consolidated motions for class certification;

(5)     The status of settlement efforts;

(6)     All known related cases currently pending in any state court, if any, as well as the cases' caption, the court in which the cases are pending, and the judge before whom the cases are pending;

(7)     What impact, if any, the proposed class action settlement in *T.K. et al. v. ByteDance Tech. Co., Ltd., et al.*, Case No. 19-cv-7915 (N.D. Ill.) (Blakey, J.), will have on the claims and defenses in this MDL; and

(8)     Any other topics that the parties would like to raise with the Court.

3.     **Status Hearing.** A status hearing is set for November 4, 2020, at 2:00 p.m. The conference will take place via video on the Microsoft Teams platform. Plaintiffs' Co-Lead Counsel and other members of the Leadership Group, as well as Defendants' Lead Counsel, will be provided with an email link that they can use to log onto the video conference, whether via the Teams application or the web-based feature. All other counsel and the public will be able to call into the conference using the dial in number that will placed on the master docket. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in court-imposed sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other

sanctions deemed necessary by the Court. All participants should review the Court's standing order regarding telephone conferences that is on Judge Lee's website.

**IT IS SO ORDERED.**                              **ENTERED:  9/28/20**

_____

**JOHN Z. LEE**
**United States District Judge**