**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION, | MDL No. 2948 |
| | Master Docket No. 20-cv-4699 |
| | Judge John Z. Lee |
| | Magistrate Judge Sunil R. Harjani |
| This Document Relates to All Cases | |

**PLAINTIFFS' STATUS REPORT REGARDING ADMINISTRATION OF PLAINTIFFS' LEADERSHIP GROUP**

Pursuant to Section II (1) of Case Management Order No. 3, Plaintiffs' Co-Lead Counsel submit this status report regarding how the Leadership Group will be administered on a day-to-day basis.

### A. Status Report

Since the Court's appointment of Co-Lead Counsel, Ekwan Rhow, Katrina Carroll and Elizabeth Fegan have engaged in multiple Zoom meetings in which they have reached a consensus on next steps forward in this litigation, both with respect to full transparency among them on the settlement negotiations and process, as well as next steps in a litigation track if appropriate. Co-Lead Counsel have also collaborated with the Plaintiffs' Steering Committee (including Liaison Counsel) regarding this process. As a result, the Plaintiffs' Leadership Group is working together seamlessly and by consensus and intends to continue to do so.

### B. Plaintiffs' Time-Keeping Protocols

Co-Lead Counsel have worked together to create a Lodestar and Expense Protocol that is consistent with protocols adopted by MDL courts nationwide (but without features unique to mass tort MDLs that are not at issue here), *see e.g., In re GMC Air Conditioning Mktg. & Sales*

1

*Practices Litig.,* No. 18-md-2818, 2018 U.S. Dist. LEXIS 77780 (E.D. Mich. May 9, 2018), as well as this Court's expressed concerns in the NCAA MDL. *See In re NCAA Student-Athlete Concussion Injury Litig.,* Master Dkt. No. 13 C 9116, 2019 U.S. Dist. LEXIS 135682 (N.D. Ill. Aug. 12, 2019). A copy of the protocol is attached as Exhibit 1. The purpose is to ensure that the litigation is conducted efficiently, there is no unnecessary duplication of effort or work, and the Class is not charged for unnecessary or excessive attorney or professional time or expenses.

Key features include: (1) a requirement that all counsel contemporaneously record time in tenth of an hour increments (i.e. six minute increments); (2) instruction that Plaintiffs' counsel shall only be eligible to receive attorneys' fees and expense reimbursements if the time expended, costs incurred, and activity in question were: (i) for the common benefit of the Class; (ii) appropriately authorized by Co-Lead Counsel; and (iii) timely submitted to Co-Lead Counsel; and (3) parameters to ensure the reasonableness of expenses. Plaintiffs' Co-Lead Counsel intend to collect and review monthly time and expense submissions from each firm.

### C. Protective Order

The parties in *Hong v. Bytedance, Inc. et al.,* transferred into this MDL from the Northern District of California previously agreed to an Unopposed Protective Order for Litigation Involving Highly Sensitive Confidential Information and/or Trade Secrets. *See* Exhibit 2. Plaintiffs' Co-Lead Counsel believe that it would be appropriate to adopt the *Hong* Protective Order in this MDL.  The parties have conferred, and Defendants' counsel has no objection.

### D. Consolidated Amended Complaint

Plaintiffs' Co-Lead Counsel (with input from the PSC) is working to draft a Consolidated Amended Complaint, which they propose to file within 45 days, on or before November 23, 2020. Plaintiffs have conferred with Defendant's counsel, who has no objection.  After the amended complaint is filed, Plaintiffs will meet and confer with Defendants concerning a

schedule for Defendant's responsive pleading, if any.

Dated: October 9, 2020       Respectfully Submitted,

By: /s/ *Elizabeth A. Fegan*
Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: 312.741.1019
Fax: 312.264.0100
beth@hbsslaw.com

By: /s/ *Katrina Carroll*
Katrina Carroll
CARLSON LYNCH, LLP
111 W. Washington St.
Suite 1240
Chicago IL 60602
312.750.1265
kcarroll@carlsonlynch.com

By: /s/ *Ekwan Rhow*
Ekwan Rhow
BIRD, MARELLA, BOXER,
WOLPERT, NESSIM, DROOKS,
LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067
(310) 201-2100
erhow@birdmarella.com

*Plaintiffs Co-Lead Counsel*

Shannon Marie McNulty
Clifford Law Offices, P.C.
120 North LaSalle Street, Suite 3100
Chicago, IL 60602
(312) 899-9090
smm@cliffordlaw.com
*Plaintiffs' Liaison Counsel*

Jonathan Jagher
Freed Kanner London & Millen LLC
923 Fayette Street
Conshohocken, PA 19428
(610) 234-6487
jjagher@fklmlaw.com

Megan E. Jones
Hausfeld LLP
1700 K Street NW, Suite 650
Washington, D.C. 20006
 (202) 540-7200
mjones@hausfledllp.com

Michael Gervais
Susman Godfrey LLP
1900 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
(310) 789-3100
mgervais@susmangodfrey.com

Amanda K. Klevorn
Burns Charest LLP
365 Canal Street
Suite 1170
New Orleans, LA 70130
(504) 799-2845
aklevorn@burnscharest.com

Albert Y. Chang
Bottini & Bottini, Inc.
7817 Ivanhoe Avenue
Suite 102
La Jolla, CA 92037
(858) 914-2001
achang@bottinilaw.com

*Plaintiffs' Steering Committee*

## CERTIFICATE OF SERVICE

I, Elizabeth A. Fegan, an attorney, affirm that the foregoing was filed on October 9, 2020 on ECF, which automatically served all counsel of record.

Dated: October 9, 2020

By: /s/ Elizabeth A. Fegan

Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: 312.741.1019
Fax: 312.264.0100
beth@hbsslaw.com

# EXHIBIT 1

**Lodestar and Expense Protocol**
*In Re: TikTok, Inc., Consumer Privacy Litigation, MDL 2948*

## I.     Introduction

It is important that all plaintiffs' counsel on this case follow the same consistent, standard, and accurate billing practices. Time keeping has both a substantive and procedural component: we must only bill for time that is justifiably billed to the case (and that we would feel comfortable requesting payment from a fee-paying client), and we must document that time contemporaneously, accurately, and completely so that the Court and/or our clients can understand the work that was done. At the direction of Co-Lead Counsel, and effective on October 9, 2020, the following billing protocol is now in place. The purpose of this is to ensure that the litigation is conducted efficiently, that there is no unnecessary duplication of effort or work, and that the Class is not charged for unnecessary or excessive attorney or professional time or expenses. **Please forward this memo to all timekeepers at your firm**.

Plaintiffs' counsel shall only be eligible to receive attorneys' fees and expense reimbursements if the time expended, costs incurred, and activity in question were: (i) for the common benefit of the Class; (ii) appropriately authorized by Co-Lead Counsel; and (iii) timely submitted to Co-Lead Counsel. Plaintiffs' counsel shall use the following time and expense procedures.

### A.     Time Reporting

1.     Counsel shall keep a contemporaneous[1] record of their time in tenth-of-an-hour (i.e., 6 minute) increments. Time entries not maintained in tenth-of-an-hour increments may not be considered for payment.

2.     Time records shall specify for each attorney or paralegal the date, amount of time spent, activity code, and nature of work performed in detailed time entries.

3.     The following activity code numbers and descriptions are to be used for all time entries for work performed in this matter:

1. Pleadings
2. Legal Research/Factual Investigation
3. Briefs/Motions
4. Plaintiff Vetting & Discovery
5. Defendant or 3rd Party Written Discovery

---

[1] "Contemporaneous" means that time spent on a particular activity should be recorded no later than seven (7) days after that activity occurred.

2

6.   Document Review
7.   Depositions (Prepare/Take/Defend)
8.   Experts/Consultants
9.   Class Certification
10.  Court Appearance & Preparation
11.  Settlement
12.  Trial & Preparation
13.  Attorney Communications/Conferences/Meetings
14.  Case Management/Litigation Strategy
15.  Client Communications

4.      Time records must report the billing rate for each timekeeper listed. Current and standard hourly rates for each timekeeper are to be used in calculating time. With your first submission of time and expenses, you shall also provide to us a list of the proposed attorneys/paralegals who will bill time on this case and their customary and usual court-approved hourly rates. For each attorney, you must also specify whether the attorney is a partner or associate (including of counsel or other designations), and the year of law school graduation. Your submission of these rates to Co-Lead Counsel does not mean that we approve of them, and we reserve the right to cap hourly rates based on actual work performed.

5.      In describing the nature of the work, timekeepers must specify the task performed. Vague descriptions such as "performed legal research," "drafted briefing," "conference call," or "reviewed documents" are not sufficient. Timekeepers must include details such as which brief or issue the legal research related to, which custodian's documents were reviewed and for what purpose (e.g., deposition prep), etc. Time entries that are insufficiently detailed may not be considered for payment.

6.      Timekeepers must not block bill (i.e., combine multiple unrelated tasks into a single description). Time must be recorded per each task such that if there are multiple tasks billed to this case in a single day, each task must be its own entry including its allotted time spent on that specific task alone.

7.      Time records are to be maintained in an electronic format. Attached is a pre-formatted Excel spreadsheet to be used for submitting this information. The Excel spreadsheet includes a column to identify which Co-Lead Counsel assigned or pre-approved the work.

8.      Unless Co-Lead Counsel determines that an exception is warranted and authorizes the exception in writing, the following rules shall apply:

    a.      Counsel will only bill for work assigned or pre-approved by Co-Lead Counsel in writing;

    b.      Counsel will only bill for attorney and paralegal time, not clerical, secretarial, or technical support;

3

*CONFIDENTIAL ATTORNEY*
*WORK PRODUCT*

      c.      Counsel will not attend or bill for attending meetings, conference calls, hearings, or depositions unless Co-Lead Counsel deems their presence necessary; and

      d.      Counsel will not bill for reviewing Court filings unless they are reviewing the document for an authorized reason (e.g., in connection with a specific task delegated by Co-Lead Counsel). Time spent reviewing Court filings to gain general familiarity is considered time spent for your individual client, and must not be submitted as compensable time spent for the class's benefit.

9.      Only time spent on matters that advance the litigation will be considered in determining fees. Co-Lead Counsel will review the time submissions at reasonable intervals and will strike duplicative or inefficient billing or billing for unauthorized work. Co-Lead Counsel may request clarification of time entries as necessary. Co-Lead Counsel's responsibility is continuing and we expressly reserve the right to review any time entries at any time. Co-Lead Counsel's auditing responsibilities notwithstanding, the ultimate determination of what is compensable work, and the extent or rate at which it is compensable, is within the purview of the Court.

10.      We intend to be particularly mindful about the use of contract lawyers, including those used for document review. No contract lawyers should be used to work on this case without Co-Lead Counsel's prior written approval. Further, in seeking approval for the use of contract lawyers, please disclose to Co-Lead Counsel both the amount that you will be paying those contract lawyers, as well as the rate at which you intend to bill for their time. We may cap document review attorney rates, including but not limited to rates that may be charged for approved contract attorneys.

11.      Categories of compensable work done on behalf of the class may include:

- factual and legal investigation and research;

- preparation of research memoranda, pleadings, and briefs;

- conducting document discovery (e.g., reviewing, indexing, and coding documents);

- preparation for and attendance at depositions, hearings, meetings with defense counsel or co-counsel, and mediation or settlement conferences;

- preparation of and responding to written discovery requests;

- work with clients;

- work with experts;

- settlement and settlement negotiations, and related activities;

- appellate work; and

*CONFIDENTIAL ATTORNEY*
*WORK PRODUCT*

- trial preparation and trial.

12.     Compensable work does not include:

- excessive time for a particular task;[2]

- work performed by a person more senior than necessary for the task;

- duplicative time;

- "read and review" time (e.g., billing time for reading every document filed on the court's docket regardless of whether it related to the individual's responsibilities), unless specifically related to a billable task;

- time for which descriptions are missing or incomplete;

- time for internal filing or other ministerial tasks;

- time for activities that are inappropriately coded;

- internal firm time for firm management; and

- time spent creating, reviewing, and revising time records.

**B.     Expense Reporting**

13.     To be eligible for reimbursement, expenses must meet the requirements of this section. Only reasonable and necessary expenses incurred for the common benefit of the class may be submitted. Expenses must be:

- appropriately authorized by Co-Lead Class Counsel;

- timely submitted;

- reasonable in amount; and

- supported by adequate documentation.

14.     Counsel seeking reimbursement of expenses shall provide a detailed listing of all expenses incurred on behalf of the class. Attached herewith is a pre-formatted Excel spreadsheet

---

[2] What constitutes "excessive work" for a given task for purposes of submitting that time to the Court in connection with any fee application will be within the discretion and determination of Co-Lead Counsel, and ultimately the Court.

*CONFIDENTIAL ATTORNEY*
*WORK PRODUCT*

to be used for submitting expense information.

15.     Categories of reimbursable expenses include:

- costs related to obtaining, reviewing, indexing, and paying for hard-copies of computerized images of documents (although we would expect that this will not be handled by individual firms, but through a litigation fund);

- legal research (e.g., LEXIS, Westlaw, or PACER charges), but only to the extent that your firm is billed by case and an itemized invoice supports your expense report. To the extent your firm is on a flat-fee subscription, those charges are considered overhead and should not be billed;

- deposition, court reporter, and transcript costs;

- costs for the electronic storage, retrieval, and searches of ESI (these must be pre-approved if individual firms are incurring these changes. We expect that this will be handled through a litigation fund);

- Court, filing, and service costs;

- reasonable travel expenses including lodging and meals;

- expert witness and consultant fees and related expenses;[3]

- investigator fees and related expenses;[3]

- printing, copying, coding, and scanning;

- telephone, postage charges, and courier charges;

- data and materials provided by outside third-party vendors, consultants and attorneys;

- witness expenses, including reasonable travel costs;

- translation costs.

16.     ***Expense Limitations.*** Unless Co-Lead Counsel determines that an exception is warranted and authorizes the exception in writing, the following rules regarding expenses shall apply:

a.   <u>Airfare</u>. Counsel shall use their best efforts to obtain reasonably-priced airline

---

[3] Only Co-Lead Counsel (by consensus) or other counsel that has received authorization from Co-Lead Counsel may retain investigators and seek reimbursement for investigator-related costs.

*CONFIDENTIAL ATTORNEY*
*WORK PRODUCT*

tickets. Only the price of a coach seat for a reasonable itinerary will be reimbursed. Business/First Class Airfare will not be fully reimbursed. If Business Class/First Class Airfare is used, then an estimate of the difference between the Business Class/First Class Airfare and coach fare must be shown on the travel reimbursement form, and only the portion representing a reasonably-priced coach fare will be reimbursed.

b. <u>Hotel</u>. Hotel room charges for the average available room rate of a business hotel, such as the Marriott, in the city in which the stay occurred will be reimbursed. Room rates must be reasonable in comparison to the average rate for the city in which the hotel is located. Unless a special discounted rate is negotiated, luxury hotels will not be fully reimbursed but will be reimbursed at the average available rate of a business hotel. Incidentals (hotel mini-bar that is not a meal replacement, laundry, movies, etc.) are not to be charged to the case.

c. <u>Meals</u>. Meal expenses must be reasonable on a per-meal and per-day basis. Meal expense submissions must be supported by receipts or credit card statements that reflect the date and those partaking in the meal, and an explanation for why the expense should be reimbursed.

d. <u>Rental Cars</u>. Luxury automobiles will not be fully reimbursable. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several people.

e. <u>Mileage</u>. Mileage claims must be documented by stating the origination point, destination, and total actual miles for the trip. The maximum allowable reimbursement rate will be the amount allowed by the IRS (currently $0.575 per mile).

f. <u>Taxi/Uber/Lyft</u>. Fares for travel to and from court, depositions, meetings of counsel, or similar case-related events are reimbursable. If luxury rideshares are selected when non-luxury rideshares are available, then the difference between the luxury and non-luxury rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless a larger sized vehicle is needed to accommodate several people. Tips must be reasonable.

g. <u>Non-Travel Expenses</u>. Reasonable, contemporaneously documented expenses will be reimbursable, so long as they reflect actual costs incurred with no markups for overhead or otherwise. Examples include:

- Filing fees;
- Service of process;

*CONFIDENTIAL ATTORNEY*
*WORK PRODUCT*

- Postage and FedEx;
- Printing, copying, and scanning;
- Pacer; and
- Legal research (Westlaw, Lexis – subject to caveat above).

    h.   Other non-travel expenses will be limited as follows:

- Long Distance and Cellular Telephone: Long distance and cellular telephone charges must be documented.

- Shipping, Courier, and Delivery Charges: All such claimed expenses must be documented.

- Postage Charges: A contemporaneous postage log or other supporting documentation must be maintained. Postage charges are to be reported at actual cost.

- In-House Photocopies and Printing: A contemporaneous photocopy log, printing log, or other supporting documentation must be maintained. The maximum copy and printing charge is $0.30 per page.

- Computerized Research: Claims for LEXIS, Westlaw, PACER, and other computerized legal research expenses should be in the exact amount charged to the firm for these research services and only to the extent that your firm is billed by case and an itemized invoice supports your expense report. To the extent your firm is on a flat-fee subscription, those charges are considered overhead and should not be billed

17.    Verification of Expenses. Attorneys and staff must keep receipts for all expenses. Credit card receipts or monthly credit card statements are an appropriate form of verification. Hotel and restaurant costs must be supported by credit card statements, hotel invoice, or restaurant bill. The description of unclaimed expenses on the statement or invoice may be redacted. Receipts need not be submitted on a monthly basis, but shall be maintained by the attorneys incurring the expense, may be required later as a condition of payment, and shall be provided to Co-Lead Counsel upon request.

### C.    Monthly Submission of Time and Expense Reports

18.    Time and expense reports will be compiled and maintained by Carlson Lynch LLP. These reports will be reviewed by Co-Lead Counsel monthly and any issues or discrepancies will be addressed in a timely fashion. Please transmit your monthly time and expense reports electronically in PDF and Excel format to:

Jon Romanishin (jromanishin@carlsonlynch.com);
Katrina Carroll (kcarroll@carlsonlynch.com);
Ekwan Rhow (erhow@birdmarella.com), and;
Elizabeth Fegan (beth@feganscott.com).

*CONFIDENTIAL ATTORNEY*
*WORK PRODUCT*

19.    You must maintain the underlying time and expense records that support your monthly submissions, including original receipts.

20.    Each monthly time and expense submission must include the Time and Expense Reports in both a single Microsoft Excel workbook format (.xls) and PDF (.pdf) format. This means that each monthly submission email will consist of one PDF file and one Excel file, within which there will be three tabs: Monthly Expense Report; Monthly Time Report; and Monthly Time Report Summary. **Submissions must be made using the attached Time and Expense Reports.**.

21.    The first time and expense reports are due **October 31, 2020**, and should include all time and expenses incurred through September 30, 2020. The next reports will be due November 15, 2020 (which will include all time and expenses for October). Time and expense reports thereafter are to be submitted **by the 15th of each month** (or the first business day thereafter) for all time and expenses from the preceding month.

22.    The Time and Expense spreadsheet has been created to auto-populate summary information based upon the details you enter. Most of the information you will need to add will be on the Monthly Time Details and Monthly Expenses Detail pages.

   a.  Enter your firm name at the top of the Monthly Time Details page. This will populate the firm name in the remainder of the document.
   b.  Enter timekeepers in the second column of the Monthly Time Details page. Enter Last Name, First Name. Use the dropdown box to note the staffing level of the timekeeper.
   c.  Then enter details of work performed and the dates as usual.
   d.  The first time a timekeeper enters time on the case, you will also need to add their name, professional level, and billing rate on the Monthly Time Summary Page. Each timekeeper only needs to be entered once on the Summary page. Please make sure you enter by Last Name, First Name. That is all you will need to enter on the Summary page. The Total Hours summary and Total Time & Fees will populate from the details provided elsewhere.

23.    Failure to comply with these requirements may result in time or expenses being disallowed, except for good cause shown.

24.    Co-Lead Counsel reserves the right to amend this protocol as necessary as the litigation proceeds.

# EXHIBIT 2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISTY HONG,<br><br>              Plaintiff,<br><br>      v.<br><br>BYTEDANCE, INC., a corporation, TIKTOK, INC., a corporation, BEIJING BYTEDANCE TECHNOLOGY CO. LTD, a privately-held company, and MUSICAL.LY, a corporation,<br><br>              Defendants. | Case No. 5:19-cv-07792-LHK<br><br>UNOPPOSED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS |

## 1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. **DEFINITIONS**

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designated House Counsel: House Counsel who seek access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information in this matter.

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in

detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10 <u>House Counsel</u>: attorneys who are employees or independent contractors of a party to this action or outside counsel other than Outside Counsel of Record.

2.11 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is

in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. **DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted,

that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party within 21 days after the deposition identify the specific portions of the testimony as to

which protection is sought and the level of protection being asserted, prior to which time the entire transcript shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Only those portions of the testimony that are appropriately designated for protection (including, if appropriate, the entire transcript) within the 21 days shall be covered by the provisions of this Stipulated Protective Order.

Parties shall assume that any deposition in this action will include Protected Material and ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. Parties shall give the other parties notice if they reasonably expect a hearing or other in-court proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure

protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure

by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[1] that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

---

[1] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

UNOPPOSED PROTECTIVE ORDER                              Case No. 5:19-cv-07792-LHK

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this

litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

 (b) Designated House Counsel of the Receiving Party[2] (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4 below, have been followed;

 (c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

 (d) the court and its personnel;

 (e) court reporters and their staff, professional jury or trial consultants,[3] and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and mock jurors who have signed the "Acknowledgement and Agreement to Be Bound for Mock Jurors" (Exhibit B); and

 (f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

 7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Designated House Counsel or Experts</u>:

 (a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

---

[2] It may be appropriate under certain circumstances to limit the number of Designated House Counsel who may access "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information under this provision.

[3] *Alternative:* The parties may wish to allow disclosure of information not only to professional jury or trial consultants, but also to mock jurors, to further trial preparation. In that situation, the parties may wish to draft a simplified, precisely tailored Undertaking for mock jurors to sign. [See the attached Exhibit B]

SOURCE CODE" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that sets forth the full name of the Designated House Counsel and the state or province and country of his or her residence, and his or her current and reasonably foreseeable future primary job duties and responsibilities. A Party that makes a request and provides the information specified may disclose the subject Protected Material to the identified Designated House Counsel unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the state or province and country of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[4] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[5] A Party that

---

[4] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

[5] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information.

makes a request and provides the information specified may disclose the subject Protected Material to the identified Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(b) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8. **PROSECUTION BAR**

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to the subject matter of that information, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").[6] For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[7] To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.[8]

9. **SOURCE CODE**

(a)      To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)      Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

---

[6] It may be appropriate under certain circumstances to require Outside and House Counsel who receive access to ""CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information to implement an "Ethical Wall."

[7] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

[8]

UNOPPOSED PROTECTIVE ORDER                          Case No. 5:19-cv-07792-LHK

(c)     Any source code produced in discovery shall be made available for inspection in a format through which it could be reasonably reviewed and searched during normal business hours or other mutually agreeable times at a location that is reasonably convenient for the Receiving Party and any experts to whom the source code may be disclosed.  The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.[9]

(d)     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers

---

[9] It may be appropriate under certain circumstances to require the Receiving Party to keep a paper log indicating the names of any individuals inspecting the source code and dates and times of inspection, and the names of any individuals to whom paper copies of portions of source code are provided.

14

(including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the deposing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.[10]

## 10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[11]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and

---

[10] The nature of the source code at issue in a particular case may warrant additional protections or restrictions, For example, it may be appropriate under certain circumstances to require the Receiving Party to provide notice to the Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report.

[11] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[12] Absent a

---

[12] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

UNOPPOSED PROTECTIVE ORDER                         Case No. 5:19-cv-07792-LHK

court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**12. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B), except that the recipient of an inadvertent production may not "sequester" or in any way use the document(s) pending resolution of a challenge to the claim of privilege or other protection, other than "presenting" the document(s) to the court to challenge the privilege claim as may otherwise be allowed under Rule 26(b)(5)(B) subject to ethical obligations. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**14. <u>MISCELLANEOUS</u>**

14.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item

17

1  on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to

2  object on any ground to use in evidence of any of the material covered by this Protective Order.

3      14.3  <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and

4  regulations relating to the export of technical data contained in such Protected Material, including the

5  release of such technical data to foreign persons or nationals in the United States or elsewhere. The

6  Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving

7  Party shall take measures necessary to ensure compliance.

8      14.4    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a

9  court order secured after appropriate notice to all interested persons, a Party may not file in the public

10  record in this action any Protected Material. A Party that seeks to file under seal any Protected Material

11  must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a

12  court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule

13  79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is

14  privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving

15  Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the

16  court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local

17  Rule 79-5(e)(2) unless otherwise instructed by the court.

18  **15. <u>FINAL DISPOSITION</u>**

19      Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving

20  Party must return all Protected Material to the Producing Party or destroy such material. As used in this

21  subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other

22  format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned

23  or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the

24  same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category,

25  where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the

26  Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format

27  reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are

28  entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO ORDERED.

DATED: April 20, 2020 _____    _____

Hon. Susan van Keulen
United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name],

of _____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the United States District Court for the Northern District of California on

_____ in the case of *Hong v. Bytedance, Inc, et al.*, United States District Court for the Northern

District of California Case No. 5:19-cv-07792-LHK. I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name]

of _____

[print or type full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____
                [printed name]

Signature: _____
                [signature]

1

<u>EXHIBIT B</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND FOR MOCK JURORS</u>

I, _____ [print or type full name], of

_____ [print or type full address],

have agreed to serve as a mock juror in the case of *Hong v. Bytedance, Inc, et al.*, United States District

Court for the Northern District of California Case No. 5:19-cv-07792-LHK. I understand that in the course

of serving as a mock juror, I may be shown materials that have been designated as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

SOURCE CODE". I solemnly promise that I will not disclose the contents of any such materials to anyone

outside of the mock jury exercise. I understand that these materials are subject to a Court order of

confidentiality in this case and that disclosing the contents of any such materials will expose me to

sanctions by the Court.

I further agree to submit to the jurisdiction of the United States District Court for the Northern

District of California for the purpose of enforcing the terms of this Acknowledgement and Agreement to Be

Bound, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name]

of _____

[print or type full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this Acknowledgement and

Agreement to be bound.


Signed under penalty of perjury:

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]

Signature: _____
                    [signature]