**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILILNOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE:  TIKTOK, INC., | ) | |
| **CONSUMER PRIVACY** | ) | **MDL No. 2948** |
| **LITIGATION** | ) | |
| | ) | **Master Docket No. 20 C 4699** |
| | ) | |
| | ) | **Judge John Z. Lee** |
| | ) | |
| | ) | **Magistrate Judge Sunil R. Harjani** |
| **This Document Relates to All Cases** | ) | |

**CASE MANAGEMENT ORDER NO. 4:**
**COMMON BENEFIT FEE AND EXPENSE PROTOCOL**

In order to provide for the fair and equitable sharing among Plaintiffs and their counsel of

the burden of services performed and expenses incurred by attorneys acting for the common benefit

of all Plaintiffs and putative classes of Plaintiffs in this Multidistrict Litigation ("MDL"), IT IS

ORDERED THAT:

## I.        SCOPE OF ORDER

**1.        Governing Principles.**  The principles governing this Order are derived from the

United States Supreme Court's common benefit doctrine, as established in *Trustees v. Greenough*,

105 U.S. 527 (1881); refined in, *inter alia*, *Central Railroad & Banking Co. v. Pettus*, 113 U.S.

116 (1884); *Sprague v. Ticonic National Bank*, 307 U.S. 161 (1939); *Mills v. Electric Auto-Lite*

*Co.*, 396 U.S. 375 (1970); and *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); and implemented

in the MDL context in, *inter alia*, *In re Pradaxa (Dabigatran Etexilate) Products Liability*

*Litigation*, MDL No. 2385, ECF No. 61 (S.D. Ill. Nov. 13, 2012).

**2.        Application of this Order.**  This Order applies to all cases now pending, as well

as to any cases later filed in, transferred to, or removed to this Court and treated as related cases to

*In re TikTok, Inc., Consumer Privacy Litigation*, Master Docket Case No. 20-cv-4699 (N.D. Ill.)

(the "Master Docket Case"), which is part of this MDL No. 2948.  This Order further applies to each attorney or counsel of record ("Participating Counsel") who represents a Plaintiff with a case that is now or subsequently related to the Master Docket Case.

## II.    COMMON BENEFIT WORK AND EXPENSES

3.    **Qualified Work and Expenses.**  Participating Counsel shall be eligible to receive attorneys' fees for time expended, and reimbursement for expenses incurred, only if the time and expenses were: (1) for the common benefit of all Plaintiffs and putative classes of Plaintiffs; (2) for work specifically assigned or otherwise authorized in advance, in writing, by Plaintiffs' Co-Lead Counsel; and (3) timely reported and submitted in accordance with the procedures below. Expenses must also be (4) reasonable in amount and (5) adequately documented.

4.    **Common Benefit Work Defined.**  Common benefit work refers to all work that is performed, by an attorney or paralegal, for the benefit of all Plaintiffs and putative classes of Plaintiffs, and that advances this MDL to its conclusion.  Common benefit work may include, without limitation, factual and legal investigation and research; preparation of memoranda, pleadings, and briefs; conducting discovery; preparing for and attending meetings, conferences, and proceedings; engaging in settlement negotiations; and preparing for trial.  Common benefit work product does not include work performed for the benefit of fewer than all Plaintiffs and putative classes of Plaintiffs or that does not advance this MDL, such as, without limitation, unnecessary work; duplicative work; work performed by a person more senior than necessary for the task; excessive time spent on a task; "read and review" time, unless specifically related to a compensable task; time spent creating, reviewing, and revising time and expense reports; and time spent on clerical, secretarial, and technical support.

5.    **Common Benefit Expenses Defined.**  Common Benefit Expenses refer to all

expenses incurred in, and necessary for, the performance of common benefit work. Common benefit expenses may include, without limitation, deposition, court reporter, and video technician costs; court, filing, and service costs; printing, copying, and scanning costs; telephone, postal, and courier charges; legal research costs; transcription costs; translation costs; travel expenses, including lodging and meals; generic witness expenses; generic expert witness, consultant, and investigator fees and expenses; accountant fees; bank fees; special master and mediation fees; costs for materials and services provided by outside third-party vendors and attorneys; Plaintiffs' Steering Committee ("PSC") administration costs, such as for meetings and conference calls; costs for maintaining and producing electronically stored information ("ESI"); costs related to obtaining, reviewing, indexing, and paying for hard-copies of computerized images of documents; and costs for creating, operating, and administering a document depository. It is worth reiterating that all common benefit expenses must also be reasonable.

6. **Travel Expense Limitations.** Except in extraordinary circumstances approved in advance by Plaintiffs' Co-Lead Counsel, all travel expenses are subject to the following limitations:

> (1) <u>Airfare</u>: Only the price of a coach seat for a reasonable itinerary shall be reimbursed. Business/First Class Airfare shall not be fully reimbursed, except for international flights, which require prior approval by Plaintiffs' Co-Lead Counsel. Use of a private aircraft shall not be reimbursed. If Business/First Class Airfare is used on domestic flights, the difference between the Business/First Class Airfare must be shown on the travel reimbursement form, and only the coach fare shall be reimbursed.

(2)  Hotel: Hotel room charges for the average available room rate of a business hotel, including the Hyatt, Westin, and Marriott hotels, in the city in which the stay occurred shall be reimbursed.  Luxury hotels shall not be fully reimbursed, but rather only at the average available rate of a business hotel.  Incidental expenses shall not be reimbursed.

(3)  Meals: Meal expenses must be reasonable on a per-meal and per-diem basis.  Costs of alcohol shall not be reimbursed.

(4)  Cash Expenses: Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) shall be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

(5)  Rental Automobiles: Luxury automobile rentals shall not be fully reimbursed, unless only luxury automobiles were available.  If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several counsel and/or paralegals.

(6)  Mileage: Mileage claims must be documented by stating the origin, destination, and total actual miles for each trip.  The maximum allowable reimbursement rate is that allowed by the IRS (currently 57.5¢ per mile).

(7)  Taxis and Ridesharing Services: Fares for travel to and from court, depositions, meetings of counsel, and similar case-related events are

4

reimbursable.  If luxury rideshares are selected when non-luxury rideshares are available, the difference between the luxury and non-luxury rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless a luxury sized vehicle is needed to accommodate several counsel and/or paralegals.  Tips must be reasonable.

(8)  <u>Parking</u>: Parking costs must be reasonable and documented.

7.    **Non-Travel Expense Limitations.**    Except in extraordinary circumstances approved in advance by Plaintiffs' Co-Lead Counsel, all non-travel expenses are subject to the following limitations:

(1)    <u>Contract Attorneys</u>: Participating Counsel shall not retain contract attorneys for any purpose, including document review, without the prior written approval of Plaintiffs' Co-Lead Counsel.

(2)    <u>Investigators</u>: Participating Counsel shall not retain investigators without the prior written approval of Plaintiffs' Co-Lead Counsel.

(3) <u>ESI</u>: Participating Counsel shall not incur any expenses relating to ESI without the prior written approval of Plaintiffs' Co-Lead Counsel.

(4)  <u>Long Distance and Cellular Telephone Charges</u>: General subscription or monthly lease costs associated with long-distance services and cellular phones are not reimbursable.  Long-distance and cellular telephone charges for specific MDL-related calls must be documented.

(5)  <u>Shipping, Courier, and Delivery Charges</u>: All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

(6) <u>Postage Charges</u>: A contemporaneous postage log or other supporting documentation must be maintained and submitted. Postage charges are to be reported at actual cost.

(7) <u>Telefax Charges</u>: Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $1.00 per page.

(8) <u>In-House Photocopying and Printing</u>: A contemporaneous photocopy log, printing log, or other such documentation must be maintained and submitted. The maximum copy and printing charge shall be 30¢ per page.

(9) <u>Computerized Legal Research</u>: Claims for LEXIS, Westlaw, PACER, and other computerized legal research should be made in the exact amount charged to the firm for the task(s) in question, and only to the extent that the firm is billed by case and an itemized invoice supports the expense. To the extent that a firm has a flat-fee subscription, computerized legal research charges are considered overhead and shall not be billed.

### III.   **TIME AND EXPENSE REPORTING AND SUBMISSION**

**8.    Time Reporting.**    Participating Counsel shall maintain an accurate and contemporaneous report, in electronic format, of all time claimed in connection with this MDL. Time must be reported by each particular task; in other words, block-billing is not allowed. In order to standardize submissions, time should be reported on the pre-formatted Monthly Time Report spreadsheet to be provided separately by Plaintiffs' Co-Lead Counsel. The Monthly Time Report must be completed in full, including, for each task, the amount of time spent, to the tenth-

of-an-hour; the activity code; and a detailed description. The Monthly Time Report should include all attorneys and paralegals who billed time during the month in question at a given firm.

9. **Monthly Time Summary.** In addition to the Monthly Time Report, Participating Counsel shall also complete a second pre-formatted, Monthly Time Summary spreadsheet to be provided separately by Plaintiffs Co-Lead Counsel, which serves to total the hours claimed during the month in question by each attorney and paralegal at a given firm.

10. **Expense Reporting.** Participating Counsel shall likewise maintain an accurate and contemporaneous report, in electronic format, of all expenses claimed in connection with this MDL. In order to standardize submissions, expenses should be reported on the pre-formatted Monthly Expense Report spreadsheet to be provided separately by Plaintiffs' Co-Lead Counsel. The Monthly Expense Report should include all expenses claimed during the month in question by a given firm.

11. **Monthly Submission of Time and Expense Reports.** On the 15th of each month (or the first business day thereafter if the 15th falls on a weekend) following the entry of this Order, Participating Counsel shall submit their Monthly Time Report, Monthly Time Summary, and Monthly Expense Report for the prior month—compiled, in that order, into both (1) a single Microsoft Excel spreadsheet (in .xls format) containing three tabs, one for each report; and (2) a single PDF file (in .pdf format)—to the following individuals, via the following email addresses:

> Katrina Carroll (kcarroll@carlsonlynch.com);
>
> Ekwan Rhow (erhow@birdmarella.com);
>
> Elizabeth Fegan (beth@feganscott.com); and
>
> Jon Romanishin (jromanishin@carlsonlynch.com).

12.     **First Submission of Time and Expense Reports.**  Participating Counsel shall submit their first time and expense reports on Monday, November 23, 2020, for all time spent and expenses incurred through October 31, 2020.  Furthermore, with each counsel's first submission of time and expenses, counsel shall provide to Plaintiffs' Co-Lead Counsel a list of the proposed attorneys and paralegals who will bill time on this case, as well as their customary and usual court-approved hourly rates. For each attorney listed, counsel must also specify whether the attorney is a partner or associate (including of counsel or other designations) and the attorney's year of law school graduation.  Plaintiffs' Co-Lead Counsel reserve the right to disapprove of any attorneys or paralegals proposed by Participating Counsel.

13.     **Verification of Expenses.**  Participating Counsel must keep receipts for all expenses. Credit card receipts or statements are an appropriate form of verification if accompanied by a declaration from counsel that the expenses were incurred for the common benefit.  The description of any unclaimed expenses on a receipt may be redacted.  Receipts need not be submitted on a routine basis, but may be required later as a condition of reimbursement. Receipts shall be maintained by Participating Counsel until the end of this MDL and provided to Plaintiffs' Co-Lead Counsel upon request.  Expenses not supported by receipts shall not be reimbursed, except as otherwise provided in this Order or for good cause shown.

14.     **Co-Lead Counsel's Role.**  Plaintiffs' Co-Lead Counsel shall timely review Participating Counsel's monthly time and expense reports and address any issues or discrepancies identified.  In so doing, Plaintiffs' Co-Lead Counsel may demand any receipts, clarification, or correction; they may also demand to see any time entries at any time.  Plaintiffs' Co-Lead Counsel shall be further responsible for compiling and maintaining all time and expense reports, as well as any receipts submitted to them, until the end of this MDL.

8

**15. Quarterly Reports to the Appointed CPA.** On the 15th of each month (or the first business day thereafter if the 15th falls on a weekend) following the entry of this Order, Plaintiffs' Co-Lead Counsel shall provide the appointed certified public accountant (the "CPA"), whose appointment is provided for in Paragraph 18 of this Order, with reports on the fees and expenses submitted by various plaintiffs' counsel during the preceding quarter for eventual reimbursement. The reports shall be organized so the CPA can review the attorneys' fees incurred for various categories of work in the case and the attorneys who incurred them, and so the CPA can review the expenses for reimbursement. The CPA shall provide any information regarding these submissions to the Court at the Court's request.

**16. Failure to Comply.** Failure to comply with the requirements set forth in this Order shall result in time or expenses being disallowed, except for good cause shown.

## IV.  PLAINTIFFS' LITIGATION FEE AND EXPENSE FUND

**17. Establishing the Litigation Fee and Expense Fund.** At an appropriate time and as necessary (if at all), Plaintiffs' Liaison Counsel shall be directed to establish an interest-bearing account, called the TikTok, Inc., Consumer Privacy Litigation Fee and Expense Fund (the "Fund"), to receive and disburse funds as provided in this Order. The Fund, which will be held subject to the direction of this Court, shall be administered by Plaintiffs' Co-Lead Counsel and funded by all members of the PSC and others as determined by Plaintiffs' Co-Lead Counsel.

**18. Appointing the CPA.** By subsequent order, the Court will appoint a CPA to serve as Escrow Agent over the Fund, to keep detailed records of all deposits and withdrawals, and to prepare tax returns and other tax filings in connection with the Fund. Such subsequent order shall specify the hourly rates to be charged by the CPA and for the CPA's assistants, who shall be utilized where appropriate to control costs. The CPA shall submit an annual budget and quarterly

detailed bills to the Court and to Plaintiffs' Liaison Counsel. Upon approval by the Court, the CPA's bills shall be paid from the Fund and considered a common benefit expense.

19. **Payments into the Fund.** All Plaintiffs and their attorneys who are subject to this Order and who agree to settle, compromise, dismiss, or reduce the amount of a claim, or who, with or without trial, recover a judgment for monetary damages or other monetary relief, including such compensatory and punitive damages, with respect to any claims asserted in this MDL, are subject to an assessment of the gross monetary recovery, as provided herein.

20. **Gross Monetary Recovery.** Gross monetary recovery includes any and all amounts paid to an individual Plaintiff, his estate, or other derivative person through a settlement or pursuant to a judgment. The "gross monetary recovery" includes all sums certain paid by or on account of any Defendants, including the present value of any fixed and certain payments to be made in the future. The assessment shall apply to all cases of the Plaintiffs' attorneys who are subject to this Order, whether as sole counsel or co-counsel.

21. **Assessment Amount.** The assessment amount shall be a total of 5% of the gross recovery, assessed solely from attorneys' fees and not the client's share of the gross recovery. The assessment shall be deposited into the Fund. The assessment represents a holdback, *see, e.g.*, *In re Zyprexa Prods. Liab. Litig.*, 467 F. Supp. 2d 256, 266–67 (E.D.N.Y. 2006), and shall not be altered. However, if any Non-Participating Counsel receives common benefit work product or otherwise benefits from the common benefit work product, such counsel and the cases in which he or she has a fee interest may be subject to an increased assessment.

22. **Defendants' Obligations.** Defendants and their counsel shall not distribute settlement proceeds to any Plaintiffs' counsel (or directly to any Plaintiff) until after (1) Defendants' Lead Counsel notifies Plaintiffs' Co-Lead Counsel, in writing, of the existence of a

settlement and the name of the individual Plaintiffs' attorney (without disclosing the amount of the settlement); and (2) Plaintiffs' Co-Lead Counsel has advised Defendants' Lead Counsel, in writing, whether the individual Plaintiffs' attorney's cases are subject to an assessment and the amount (stated as a percentage of the recovery) of the assessment pursuant to this Order. For cases subject to an assessment, Defendants are directed to withhold an assessment from any and all amounts paid to Plaintiffs and their counsel and to pay the assessment directly into the Fund as a credit against the settlement or judgment. No orders of dismissal of any Plaintiff's claim, subject to this Order, shall be entered unless accompanied by a certificate of Plaintiffs' and Defendants' counsel that the assessment, if applicable, shall be withheld and deposited into the Funds at the same time the settlement proceeds are paid to settling counsel. If, for any reason, the assessment is not or has not been so withheld, the Plaintiff and his counsel are jointly responsible for paying the assessment into the Fund promptly.

23. **Defendants' Quarterly Reports.** Counsel for each Defendant shall provide at least quarterly to the Court or its designee (such as the CPA) notice of the names and docket numbers of the cases for which that Defendant has paid an assessment into the Funds since the last such report. A report is not due if there are no payments made into the Funds by that Defendant during that quarter. Details of any individual settlement agreement, individual settlement amount, and individual amounts deposited into escrow shall be confidential and shall not be disclosed by the CPA to Plaintiffs' Co-Lead Counsel, the PSC, the Court, or the Court's designee, unless the Court requests such information. Monthly statements from the CPA shall, however, be provided to Plaintiffs' Co-Lead Counsel showing only the aggregate of the monthly deposits, disbursements, interest earned, financial institution charges, if any, and current balance.

## V.    DISTRIBUTIONS

**24.    Court Approval.**  The amounts deposited into the Fund shall be available for distribution to Participating Counsel who have performed professional services or incurred expenses for the common benefit.  No amounts shall be disbursed without review and approval by the Court or such other mechanism as the Court may order.  Specifically, such sums shall be distributed only upon order of this Court.  This Court retains jurisdiction over any common benefit award or distribution.

**25.    Application for Distribution.**  Each Participating Counsel who performs common benefit work and/or incurs common benefit expenses has the right to present their claim(s) for compensation and/or reimbursement prior to any distribution approved by this Court.

**26.    Settlement in Related Cases.**  In the event that a settlement is reached on a class basis in cases now pending and/or later filed in, transferred to or removed to this Court and treated as related cases to the Master Docket Case, at the appropriate time, this Court shall request that Plaintiffs' Co-Lead Counsel make recommendations to this Court for distributions to Participating Counsel who have performed common benefit work.  Plaintiffs' Co-Lead Counsel shall determine on their own the most fair and efficient manner by which to evaluate all time and expense submissions in making its recommendation to this Court.  This Court will give due consideration to the recommendation of Plaintiffs' Co-Lead Counsel.  Defendants reserve the right to object to any distributions to Participating Counsel.

**IT IS SO ORDERED.**                          **ENTERED:  11/18/20**

_____

**JOHN Z. LEE**
**United States District Judge**

13