IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION, <br><br> **This Document Relates to All Cases** | MDL No. 2948 <br><br> Master Docket No. 20-cv-4699 <br><br> Judge John Z. Lee <br><br> Magistrate Judge Sunil R. Harjani |

**DECLARATION OF FORMER UNITED STATES DISTRICT
JUDGE LAYN R. PHILLIPS REGARDING APPROVAL OF SETTLEMENT**

I, LAYN R. PHILLIPS, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I submit this Declaration in my capacity as the mediator in connection with the proposed settlement of the claims asserted in this action. While the mediation process is confidential, the parties have authorized me to inform the Court of the procedural and substantive matters set forth herein in support of approval of the Settlement. I make this Declaration based on personal knowledge and am competent to so testify. For the reasons discussed herein, I believe, based on my extensive discussions with the parties and the information made available to me both before and during two separate rounds of mediation, that the $92 million settlement was negotiated in good faith and represents a fair and reasonable settlement for the class given the risks involved.

2. I am a former U.S. District Judge, a former United States Attorney and a former litigation partner with the law firm of Irell & Manella LLP. I currently serve as a mediator and arbitrator with my own alternative dispute resolution company, Phillips ADR Enterprises, which is based in Corona del Mar, California. I am a member of the bars of Oklahoma, Texas, California

1

and the District of Columbia, as well as the United States Courts of Appeals for the Ninth and Tenth Circuits and the Federal Circuit. I earned my Bachelor of Science in Economics, as well as my J.D., from the University of Tulsa. I also completed two years of L.L.M. work at Georgetown University Law Center in the area of antitrust and economic regulation of industry. After serving as an antitrust prosecutor and an Assistant United States Attorney in Los Angeles, California, I was nominated by President Reagan to serve as a United States Attorney in Oklahoma, and did so for approximately four years.

3. I personally tried many cases and oversaw the trials of numerous other cases as a United States Attorney. While serving as a United States Attorney, I was nominated by President Reagan to serve as a United States District Judge for the Western District of Oklahoma. While on the bench, I presided over a total of more than 140 federal trials and sat by designation in the United States Court of Appeals for the Tenth Circuit. I also presided over cases in Texas, New Mexico and Colorado.

4. I left the federal bench in 1991 and joined Irell & Manella, where for 23 years I specialized in alternative dispute resolution, complex civil litigation and internal investigations. In 2014, I left Irell & Manella to start my own company, Phillips ADR Enterprises, which provides mediation and other alternative dispute resolution services.

5. Over the past 25 years, I have devoted a considerable amount of my professional life to serving as a mediator and arbitrator in connection with large, complex cases such as this one. I have successfully mediated numerous complex commercial cases, including large-scale data privacy actions.

6. I was first contacted by certain Plaintiffs' counsel and Defendants' counsel in

early 2020 to serve as mediator in connection with a potential resolution of the litigation, and I agreed. The parties submitted two rounds of lengthy and detailed briefs, including proposed term sheets, in March 2020. These various documents addressed highly complex factual and technological issues that revealed substantial expert and investigatory work. This briefing also tackled directly relevant legal issues such as: (1) whether the arbitration and class action waiver provisions apply; (2) whether the privacy policies adequately disclose the conduct at issue such that user consent is obtained; (3) whether damages had been alleged or could be established in fact; (4) whether the elements of the various causes of action had been alleged or could be established in fact; and (5) whether a class could be certified. The term sheets revealed strongly opposed and adversarial visions of the case, both in terms of the appropriate injunctive relief necessary to protect the class and the monetary sum required to compensate the class for its injuries. On April 6, 2020, I conducted an approximately 12-hour mediation with representatives of the parties, but the mediation did not result in a settlement.

7. In early June, I was separately contacted by other Plaintiffs' counsel and Defendants to facilitate their discussions related to resolving the litigation, and I agreed to serve as their mediator.

8. Prior to this second mediation session, the parties provided me detailed mediation statements that addressed key factual issues, and the important legal issues related to both liability and damages. For example, TikTok maintained the position that Plaintiffs could not overcome its arbitration and class action waiver agreements, that Plaintiffs failed to state a claim, and that Plaintiffs could not get a class certified. Plaintiffs countered all these points. My office also conducted numerous telephonic conferences with the parties to further discuss their respective positions. I found these mediation statements and follow-up discussions to be extremely valuable

3

in helping me understand the relative merits of each party's positions, and to identify the issues that were likely to serve as the primary drivers and obstacles to achieving a settlement.

9. Because the parties to the second mediation submitted their mediation statements and arguments in the context of a confidential mediation process pursuant to Federal Rule of Civil Procedure 408, I cannot reveal their content. I can say, however, that the arguments and positions asserted by all involved were the product of much hard work, and they were complex and highly adversarial. After reviewing the written mediation statements, I believed that the negotiation would be a difficult and adversarial process through which all involved would hold strong to their convictions that they had the better legal and substantive arguments, and that a resolution without further litigation or trial was by no means certain.

10. On August 13, the second group of Plaintiffs' counsel, together with Defendants' counsel, participated in a twelve-hour mediation. At approximately 9 p.m. Pacific that night, the parties agreed to the amount of the settlement fund and executed a binding Term Sheet. It was apparent to me from the mediation session that both sides possessed strong, non-frivolous arguments, and that neither side was assured of victory if the case was litigated to final judgment.

11. The settlement was the product of extensive arm's-length negotiations. There was no collusion whatsoever in reaching the terms of the settlement. I believe it was in the best interests of all parties and the Class that they that they agree upon the settlement now before the Court.

12. The settlement obtained is particularly fair, adequate and reasonable under the circumstances of this case because it provides a very substantial recovery for the Class, especially when measured against the significant obstacles standing in the way of achieving a resolution of Plaintiffs' claims.

13. Based upon my experience in this case and other complex data privacy class actions as a lawyer, mediator and former District Judge, as well as my involvement with the parties and counsel in this case, I am of the opinion that the settlement amount of $92 million is a fair and reasonable result. This case also presented numerous appellate issues for both sides, which could have caused this case to drag on for years, with a verdict providing no certainty or finality to either side. The settlement here ensures that the Class will receive certain money without being exposed to the risks of trial and appeal. Further, at the time of the second mediation, Defendants were in a particularly precarious position, as they were the subject of President Trump's Executive Orders that potentially could have banned them from the United States, making any recovery much more difficult if not impossible. Plaintiffs' counsel took advantage of this opportunity and settled at what I believe to be a most opportune juncture.

14. In sum, based on my experience as a litigator, a former U.S. District Judge and a mediator, I believe that this settlement represents a reasonable and fair outcome given the Parties' strongly held positions throughout the months of negotiations. As such, I strongly support the approval of the settlement in all respects.

I declare under penalty of perjury under the laws of the United States that the foregoing facts are true and correct and that this declaration was executed this 23rd day of February 2021.

_____
LAYN R. PHILLIPS