IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION,<br><br>This Document Relates to All Cases | MDL No. 2948<br><br>Master Docket No. 20-cv-4699<br><br>Judge John Z. Lee<br><br>Magistrate Judge Sunil R. Harjani |

**DECLARATION OF JAMES B. ZOURAS
IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

Under penalties as provided by law under 28 U.S.C. § 1746, I, James B. Zouras, under oath, declare, state and certify that the statements set forth in this instrument are true and correct:

1. I submit this declaration in support of Plaintiffs' motion for preliminary approval of the proposed class action settlement. I make these statements based on personal knowledge and if called to testify, I could and would competently testify consistently with all matters set forth herein.

2. I am a member in good standing of the Illinois State Bar and one of the two founders and principals of the Chicago-based law firm of Stephan Zouras, LLP. After graduating from DePaul University College of Law, where I was ranked in the top 10% of my class and served as Editor of the Law Review, I was admitted to practice law in Illinois in 1995. Following a one-year judicial clerkship, I have worked ever since as a plaintiffs' trial lawyer and class action litigator.

3. Federal and state courts have appointed me and Stephan Zouras, LLP as lead class counsel in hundreds of class actions, including over a dozen class actions under the Illinois Biometric Information Privacy Act ("BIPA"). Since 2017, my firm and I have been actively

engaged, on a daily basis, with extensive court, discovery and motion practice in connection with our prosecution of over 160 class actions brought under BIPA. Stephan Zouras, LLP has secured favorable rulings for individuals at both the appellate and trial court levels in connection with novel issues and defenses asserted under BIPA, including that BIPA claims are not subject to arbitration as "wage and hour" claims, *Liu v. Four Seasons Hotel, Ltd.*, 2019 IL App (1st) 182645, the Constitutionality of BIPA, *Bruhn v. New Albertson's Inc.*, 2018-CH-01737 (Cir. Ct. Cook Cty. Jan. 30, 2020) (J. Loftus), the inapplicability of BIPA's "HIPAA exemption" to employees, *e.g., Bruhn v. New Albertson's In*c*.,* 2018-CH-01737 (Cir. Ct. Cook Cty. July 2, 2019) (J. Loftus) and most recently, on when BIPA claims accrue: specifically, that an aggrieved plaintiff's claims accrue each time an entity collects or disseminates biometric data without securing prior informed consent and a release. *Cothron v. White Castle System, Inc.,* 2020 WL 4569694 (Aug. 7, 2020) (J. Tharp) (ruling currently on appeal before the Seventh Circuit, which I and my firm are defending). I am also lead appellate counsel defending the trial court's ruling at the Illinois Appellate Court that BIPA is subject to a five-year statute of limitation, which is an issue of first impression. *See Tims v. Black Horse Carriers*, No. 1-20-0563 (Ill. App. Ct. 1st Dist.).

   4.  As a result of our extensive investigation, motion, discovery and appellate practice in BIPA actions, including depositions of defendants and their representatives, our firm is well-versed and highly experienced on biometric technology, including how biometric information is collected, maintained and disseminated, particularly as it relates to the requirements of BIPA. My firm has retained consultants to assist with our investigation and understanding of biometric technology and the defenses asserted by defendants, including experts in the biometric field to review source code, evaluate network and device configurations, analyze network traffic, and test various hardware and software to determine functionality as well as uncover potential security and

privacy issues. Stephan Zouras, LLP actively tracks and analyzes all BIPA filings, rulings and settlements in federal and state court.

5. As lead class counsel, I have been responsible for developing allocation plans for settlement funds in a range of class actions including class settlements in BIPA actions. I am familiar with the standards governing judicial approval of class action settlements, including allocation plans.

6. In this case, I was asked by Lead Counsel to serve as counsel for the Illinois Subclass as that Class is defined in the Settlement Agreement. The scope of my representation consisted of advocating for the interests of the Illinois Subclass in connection with the proposed settlement that is the subject of this Motion for Preliminary Approval.

7. Lead Counsel requested that I engage in settlement negotiations with Jonathan Rotter as counsel for the Nationwide Class (as that class is defined in the Settlement Agreement), with respect to a proposed allocation of the Settlement Fund. My role was to ensure that the allocation of the Settlement Fund was fair to the Illinois Subclass because unlike other members of the Nationwide Class, the members of the Illinois Subclass have standing to assert claims under BIPA. I am qualified to serve in this capacity by virtue of my background, knowledge and experience, both generally and specifically with respect to this case.

8. Along with my firm's extensive independent research and investigation into the facts of this case over the last year, I have consulted with Lead Counsel concerning the factual and procedural history of this litigation, the claims and defenses (both substantive and procedural) common to all class members, as well as the respective interests of the Illinois Subclass and Nationwide Class. Apart from my review of all publicly filed pleadings in this case (some of which I, along with my colleagues at my firm, helped draft), Lead Counsel provided me and Mr.

Rotter with copies of the Settlement Agreement and addendum, mediation briefs, and other confidential work product addressing issues in the litigation, including attorney research on the strength and weaknesses of the Plaintiffs' claims, as well as the settlement values in comparable privacy cases.

9. In addition, I along with several attorneys at my firm, independently assessed the merits of the claims and defenses, and researched, reviewed and analyzed relevant case law, rulings and settlements.

10. I engaged in discussions regarding settlement allocation with Mr. Rotter. From when Lead Counsel first gave us our assignment on December 28, 2020 through February 18, 2021, we met via Zoom and telephone on at least 10 occasions.

11. In addition to exchanging allocation models, Mr. Rotter and I engaged in spirited, robust and fulsome discussions to fully vet the relative strengths, weaknesses and potential value ranges for the various claims at issue. While these discussions were collegial, they were adversarial in nature with Mr. Rotter and I vigorously and zealously advocating for the interests of the respective Class and Subclass we represented for this purpose.

12. As a result of this process, we ultimately concluded and agreed that each member of the Illinois Subclass should receive a *pro rata* award that is 6x the amount of the *pro rata* claim award which each member of only the Nationwide Class will receive. Put another way, each Illinois Subclass member should receive $6.00 for every $1.00 received by each Nationwide Class member who is not a member of the Illinois Subclass.

13. The process Mr. Rotter and I employed to reach our conclusion on the proper allocation of the Settlement Fund was informed, fair and impartial.

14. Based on my experience developing and defending claim methodologies and

allocation plans in class actions and my familiarity with the applicable facts and law, I believe the allocation as between the Illinois Subclass and the Nationwide Class is fair to the members of the Illinois Subclass and should be approved.

I declare that the foregoing is true and correct.

Dated: February 23, 2021

/s/ *James B. Zouras*
James B. Zouras
STEPHAN ZOURAS, LLP
100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
(312) 233-1550