**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION,** | **MDL No. 2948** |
| | **Master Docket No. 20-cv-4699** |
| | **Judge John Z. Lee** |
| **This Document Relates to All Cases** | **Magistrate Judge Sunil R. Harjani** |

**DECLARATION OF STEVEN WEISBROT, ESQ. OF ANGEION GROUP LLC**
**RE: THE PROPOSED NOTICE PLAN**

I, Steven Weisbrot, Esq., declare under penalty of perjury as follows:

1.      I am a partner at the class action notice and claims administration firm Angeion Group, LLC ("Angeion"). I am fully familiar with the facts contained herein based upon my personal knowledge.

2.      I have been responsible in whole or in part for the design and implementation of hundreds of court-approved notice and administration programs including some of the largest and most complex notice plans in recent history. I have taught numerous accredited Continuing Legal Education courses on the Ethics of Legal Notification in Class Action Settlements, using Digital Media in Due Process Notice Programs, as well as Claims Administration, generally. I am the author of multiple articles on Class Action Notice, Claims Administration, and Notice Design in publications such as Bloomberg, BNA Class Action Litigation Report, Law360, the ABA Class Action and Derivative Section Newsletter, and I am a frequent speaker on notice issues at conferences throughout the United States and internationally.

3.      I was certified as a professional in digital media sales by the Interactive Advertising Bureau ("IAB") and I am co-author of the Digital Media section of Duke Law's *Guidelines and Best Practices—Implementing 2018 Amendments to Rule 23*.

4.      I have given public comment and written testimony to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, broadcast media, digital media and print publication, in effecting Due Process notice, and I have met with representatives of the Federal Judicial Center to discuss the 2018 amendments to Rule 23 and suggested an educational curriculum for the judiciary concerning notice procedures.

5.      Prior to joining Angeion's executive team, I was employed as Director of Class Action services at Kurtzman Carson Consultants, an experienced notice and settlement administrator. Prior to my notice and claims administration experience, I was employed in private law practice.

6.      My notice work comprises a wide range of class actions that include product defect, data breach, mass disasters, false advertising, employment, antitrust, tobacco, banking, firearm, insurance, and bankruptcy cases.

7.      I have been at the forefront of infusing digital media, as well as big data and advanced targeting, into class action notice programs. For example, the Honorable Sarah Vance stated in her December 31, 2014 Order in *In Re: Pool Products Distribution Market Antitrust Litigation*, MDL No. 2328:

> To make up for the lack of individual notice to the remainder of the class, the parties propose a print and web-based plan for publicizing notice. The Court welcomes the inclusion of web-based forms of communication in the plan…. The Court finds that the proposed method of notice satisfies the requirements of Rule 23(c)(2)(B) and due process.
>
> The direct emailing of notice to those potential class members for whom Hayward and Zodiac have a valid email address, along with publication of notice in print and on the web, is reasonably calculated to apprise class members of the settlement.

As detailed below, courts have repeatedly recognized my work in the design of class action notice programs:

(a) On February 24, 2017, The Honorable Ronald B. Rubin in *James Roy et al. v. Titeflex Corporation et al.*, No. 384003V (Md. Cir. Ct.), noted when granting preliminary approval to the settlement:

> What is impressive to me about this settlement is in addition to all the usual recitation of road racing litanies is that there is going to be a) public notice of a real nature and b) about a matter concerning not just money but public safety and then folks will have the knowledge to decide for themselves whether to take steps to protect themselves or not. And that's probably the best thing a government can do is to arm its citizens with knowledge and then the citizens can make a decision. To me that is a key piece of this deal. ***I think the notice provisions are exquisite.*** (Emphasis added).

(b) Likewise, on July 21, 2017, The Honorable John A. Ross in *In Re Ashley Madison Customer Data Security Breach Litigation*, MDL No. 2669 (E.D. Mo.), stated in the Court's Order granting preliminary approval of the settlement:

> The Court further finds that the method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot, Esq. on Adequacy of Notice Program, dated July 13, 2017, and the Parties' Stipulation—including an extensive and targeted publication campaign composed of both consumer magazine publications in People and Sports Illustrated, as well as serving 11,484,000 highly targeted digital banner ads to reach the prospective class members that will deliver approximately 75.3% reach with an average frequency of 3.04 —***is the best method of notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and all Constitutional requirements including those of due process***. (Emphasis added).
>
> The Court further finds that the Notice fully satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; provided, that the Parties, by agreement, may revise the Notice, the Claim Form, and other exhibits to the Stipulation, in ways that are not material or ways that are appropriate to update those documents for purposes of accuracy.

(c) In the *In Re Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices, and Products Liability Litigation*, Case No. 17-md-02777-EMC (N.D. Cal.), in the Court's February

11, 2019 Order, the Honorable Edward M. Chen ruled:

> [In addition] the Court finds that the language of the class notices (short and long-form) is appropriate and that the means of notice – which includes mail notice, electronic notice, publication notice, and social media "marketing" – is the "best notice . . . practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B); see also Proc. Guidance for Class Action Sett. ¶¶ 3-5, 9 (addressing class notice, opt-outs, and objections). The Court notes that the means of notice has changed somewhat, as explained in the Supplemental Weisbrot Declaration filed on February 8, 2019, so that notice will be more targeted and effective. See generally Docket No. 525 (Supp. Weisbrot Decl.) (addressing, inter alia, press release to be distributed via national newswire service, digital and social media marketing designed to enhance notice, and "reminder" first-class mail notice when AEM becomes available).

(d)     On June 26, 2018, in his Order granting preliminary approval of the settlement in *Mayhew v. KAS Direct, LLC, et al.*, Case No. 16-cv-6981 (VB) (S.D.N.Y.), The Honorable Vincent J. Briccetti ruled:

> In connection with their motion, plaintiffs provide the declaration of Steven Weisbrot, Esq., a principal at the firm Angeion Group, LLC, which will serve as the notice and settlement administrator in this case. (Doc. #101, Ex. F: Weisbrot Decl.) According to Mr. Weisbrot, he has been responsible for the design and implementation of hundreds of class action administration plans, has taught courses on class action claims administration, and has given testimony to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, and digital media in due process notice. Mr. Weisbrot states that the internet banner advertisement campaign will be responsive to search terms relevant to "baby wipes, baby products, baby care products, detergents, sanitizers, baby lotion, [and] diapers," and will target users who are currently browsing or recently browsed categories "such as parenting, toddlers, baby care, [and] organic products." (Weisbrot Decl. ¶ 18). According to Mr. Weisbrot, the internet banner advertising campaign will reach seventy percent of the proposed class members at least three times each. (Id. ¶ 9). Accordingly, the Court approves of the manner of notice proposed by the parties as it is reasonable and the best practicable option for confirming the class members receive notice.

(e)     A comprehensive summary of judicial recognition Angeion has received is

attached hereto as **Exhibit A**.

8.      By way of background, Angeion is an experienced class action notice and claims administration company formed by a team of executives that have had extensive tenures at five other nationally recognized claims administration companies. Collectively, the management team at Angeion has overseen more than 2,000 class action settlements and distributed over $15 billion to class members. The executive profiles as well as the company overview are available at www.angeiongroup.com/our_team.htm.

9.      As a class action administrator, Angeion has regularly been approved by both federal and state courts throughout the United States and abroad to provide notice of settlement and claims processing services.

10.     Angeion has had extensive experience as the court appointed notice or claims administrator in the following data or privacy cases:

| Case Caption | Case/Index No. | Court Details |
|---|---|---|
| In re: Google Plus Profile Litigation | 5:18-cv-06164 | N.D. Cal. |
| T.K. et al. v. Bytedance Technology Co. Ltd. Et al. | 1:19-cv-07915 | N.D. Ill. |
| McDonald et al. v. Kiloo A/S et al.; Rushing et al. v. The Walt Disney Co. et al.; Rushing et al. v. ViacomCBS Inc. et al. | 3:17-cv-04344; 3:17-cv-04419; 3:17-cv-04492 | N.D. Cal. |
| In re: Ashley Madison Customer Data Security Breach Litigation | 4:15-md-02669 | E.D. Mo. |
| Beckett v Aetna Inc. | 2:17-cv-3864 | E.D. Pa. |
| Pagoaga v Stephens Institute d/b/a Academy of Art University | CGC 16-551952 | Cal. Super. Ct. |
| Rivera v Aimbridge Hospitality, LLC | 2018-CA-7870 | Fla. 13th Cir. Ct. |
| McKenzie v Allconnect Inc. | 5:18-cv-00359 | E.D. Ky. |
| Friske v Bonnier Corporation | 2:16-cv-12799 | E.D. Mich. |
| Clark v. Experian Information Solutions, Inc. | 3:16-cv-00032 | E.D. Va. |
| In re: Home Depot, Inc., Customer Data Security Breach Litigation | 1:14-md-02583 | N.D. Ga. |
| Remijas et al. v. Neiman Marcus Group LLC | 1:14-cv-01735 | N.D. Ill. |
| Sackin, et al. v. TransPerfect Global, Inc. | 1:17-cv-01469 | S.D.N.Y. |
| Cotter v. Checkers Drive-In Restaurants Inc. | 8:19-cv-01386 | M.D. Fla. |
| Kokobaeva v Eddie Bauer LLC | 14-06964-C | Ma. Super. Ct. |
| Nguyen v. Mitchell Gold Co. | 2018-00966249 | Cal. Super. Ct. |
| Wilcox v. James Craig Swapp et al. | 2:17-cv-00275 | E.D. Wash. |
| Taha v Bucks County | 2:12-cv-06867 | E.D. Pa. |

11.     This declaration will describe the Notice Program that we will implement in this matter,

including the considerations that informed the development of the plan and why it will provide Due Process of Law to the Class.

## SUMMARY OF THE NOTICE PROGRAM

12.     In my professional opinion, the Notice Program detailed below is the best notice that is practicable under the circumstances and fully comports with due process and Fed. R. Civ. P. 23. The Notice Program provides individual direct notice to all reasonably identifiable Class Members combined with a state-of-the-art media campaign comprised of internet advertising, social media advertising and a paid search campaign. As detailed below, specific emphasis will be given towards Illinois Class Members throughout the media campaign to inform those Class Members of their increased award amount.

13.     In addition, a customized and strategic claims stimulation package will be implemented during the claim filing period to further Class Member participation in the Settlement. The claims stimulation package consists of an active listening component on Twitter, additional targeted social media ad placements on Facebook & Instagram, as well as an extension of the paid search campaign.

14.     The Notice Program also includes a dedicated settlement website and toll-free telephone line where Class Members can learn more about their rights and options pursuant to the terms of the Settlement.

15.     As discussed in greater detail below, the national media campaign component of the Notice Program is designed to deliver an approximate 95.23% reach with an average frequency of 5.85 times. What this means in practice is that 95.23% of our Target Audience will see a digital advertisement concerning the Settlement an average of 5.85 times each. The 95.23% reach is separate and apart from the direct notice effort, the claims stimulation package, dedicated website, and toll-free telephone line, all of which are difficult to measure in terms of reach percentage but will nonetheless provide awareness and further diffuse news of the Settlement to Class Members. The 95.23% reach is also separate and apart from the direct notice efforts and the Illinois-focused media efforts described below.

16.     The Federal Judicial Center states that a publication notice plan that reaches 70% of class members is one that reaches a "high percentage" and is within the "norm". Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, "Managing Class Action Litigation: A Pocket Guide or Judges", at 27 (3d Ed. 2010).

## CLASS DEFINITION

17.     The Settlement Class is defined as all persons who reside in the United States who used the TikTok - Make Your Day video-sharing application (or its Musical.ly predecessor) distributed in the U.S. prior to preliminary approval of the Settlement.

18.     Angeion has been informed that it will be provided with email addresses for approximately one-third of the Class Members. Angeion will use this Class Member data to provide direct notice to Class Members, as described below.

## DIRECT NOTICE

**Email Notice**

19.     Angeion will cause notice of the Settlement to be sent to all valid email addresses it receives. Prior to disseminating notice via email, Angeion will perform an extensive analysis of the class data records that contain an email address. The email addresses will be subjected to an email cleansing and will be deduplicated. The email cleansing process removes extra spaces, fixes common typographical errors in domain name, and corrects insufficient domain suffixes (e.g., gmal.com to gmail.com, gmail.co to gmail.com, yaho.com to yahoo.com, etc.). After the cleansing process wherein the email addresses will be standardized, the records will be subjected to a deduplication process which matches records based on the email address, so that Class Members contained in the data multiple times will not receive the same notification multiple times.  In the event a Class Member has multiple email addresses, that Class Member will be sent a notice to each unique email address.

20.     The standardized and deduplicated email addresses will then be subject to an email validation process whereby each email address is compared to known bad email addresses and where the address was not designated as a known bad address. As an additional validation process,

the email address will be verified by contacting the Internet Service Provider ("ISP") to determine if the email address exists.

21.     Further, Angeion designs the email notice to avoid many common "red flags" that might otherwise cause a Class Members' spam filter to block or identify the email notice as spam. For instance, Angeion does not include the Claim Form or Long Form Notice as an attachment to the email notice, because attachments are often interpreted by various Internet Service Providers ("ISP") as spam.  Rather, in accordance with industry best practices, Angeion includes a link to all operative documents so that Class Members can easily access this information.

22.     Angeion also accounts for the real-world reality that some emails will inevitably fail to be delivered during the initial delivery attempt. Therefore, after the initial noticing campaign is complete, Angeion, after an approximate 24-72-hour rest period (which allows any temporary block at the ISP level to expire) causes a second round of email noticing to continue to any email addresses that were previously identified as soft bounces and not delivered.  In our experience, this minimizes emails that may have erroneously failed to deliver due to sensitive servers and optimizes delivery.

23.     At the completion of the email campaign, Angeion will report to the Court concerning the rate of delivered emails accounting for any emails that are blocked at the ISP level.

## MEDIA NOTICE

24.     Angeion will utilize a form of internet advertising known as Programmatic Display Advertising, which is the leading method of buying digital advertisements in the United States.  It is estimated that U.S. advertisers spent nearly $60 billion on programmatic display advertising in 2019 in 2021, it is estimated that almost 88%, or $81 billion, of all U.S. digital display ad dollars will transact programmatically[1].  In laymen's terms, programmatic advertising is a method of advertising where an algorithm identifies and examines demographic profiles and uses advanced

---

[1] "US Programmatic Ad Spending Forecast 2019" available at https://www.emarketer.com/content/us-programmatic-ad-spending-forecast-2019.

technology to place advertisements on the websites where members of the audience are predicted to visit (these websites are accessible on computers, mobile phones and tablets).

25.     The Settlement Class definition was used as the starting point to create the media notice campaign.  To develop the media notice campaign and to verify its effectiveness, our media team analyzed data from 2020 comScore Multi-Platform//GfK MRI Media + Fusion to profile the class and arrive at the Target Audience.  The following syndicated research definition was used to profile Class Members and create an appropriate Target Audience:

- Social Media used in the last 30 days: TIKTOK

26.     Based on the target definition, the potential audience size is estimated to be 34,680,000 individuals.  The Target Audience is based on objective syndicated data, which will allow the parties to report the reach and frequency to the court, with the confidence that the reach within the Target Audience and the number of exposure opportunities complies with due process and exceeds the Federal Judicial Center's threshold as to reasonableness in notification programs.

27.     Understanding the socio-economic characteristics, interests and practices of a target group aids in the proper selection of media to reach that target.  Here, the Target Audience has the following characteristics:

- 53.52% are ages 18-34, with a median age of 33.7

- 58.36% are female

- 43.10% are now married

- 44.91% have children

- 63.38% have some college education or higher

- 70.75% are currently employed full or part time

- The average household income is $77,390

- 91.67% have used social media in the last 30 days

28.     To identify the best vehicles to deliver messaging to the Target Audience, Angeion also reviewed the media quintiles, which measure the degree to which an audience uses media relative

to the general population. Here, the objective syndicated data shows that members of the Target Audience are "heavy" internet users.

29.     Given the strength of digital advertising, as well as our Target Audience's internet use, we recommend utilizing a robust internet advertising campaign to reach Class Members. This media schedule will allow us to deliver an effective reach level and a vigorous frequency, which will provide due and proper notice to the class.

30.     Angeion utilizes a programmatic approach when purchasing digital media. This approach allows us to focus squarely on the reaching the prototypical individual Class Member, rather than allocating resources to determine which websites would be most appropriate based on a demographic profile. Programmatic media purchasing relies on advanced targeting, machine learning, and a known and verifiable Target Audience profile to ensure we are reaching members of our Target Audience online. In fact, purchasing display and mobile inventory programmatically provides the highest reach, allows for multiple advanced targeting layers, and offers the most cost-efficient rates to reach potential Class Members. Advertisements will run on desktop and mobile devices to reach the most qualified audience where they surf, shop and play. Moreover, targeting users of Tok-tok will also help qualify impressions to ensure messaging is served to the most relevant audience.

31.     Multiple targeting layers will be implemented into the programmatic campaign to help ensure delivery to the most appropriate users, inclusive of the following tactics:

- Look-a-like Modeling: Using data methods, we will build a look-a-like audience against known Tok-tok users.

- Predictive Targeting (prospecting): Allows technology to "predict" which users will be served the ad.

- Audience Targeting: Leverage demographic and behavioral data to find our exact audience.

- Search Retargeting: Target users based on previous searches related to "Tik Tok" keywords.

- Geotargeting: The campaign will be targeted nationwide, with a weighted delivery based on how the measured audience is geographically spread throughout the country. In addition, Illinois class member will be specifically targeted to highlight the increased award amounts available to Illinois Class Members.

- Site Retargeting: Re-message previous site visitors to drive conversion with qualified audiences.

32.     To combat the possibility of non-human viewership of the digital advertisements and to verify effective unique placements, Angeion employs Oracle's BlueKai, LiveRamp, and/or Lotame, which are demand management platforms ("DMP"), as well as comScore Content Activation, DoubleVerify, GrapeShot, Peer39 and Moat are online ad verification and security provider examples, which will be deployed to provide a higher quality of service to ad performance.

33.     DMPs allow Angeion to learn more about the online audiences that are being reached. Through pixels attached behind the scenes, Angeion can and will collect data on users who are served impressions, click on the banner, and visit the dedicated website. From this data, demographic profiles can be developed and leveraged for changes in targeting strategies to increase the overall performance of the digital campaign. These insights help Angeion to understand the type of user profile that is most valuable to campaign success.

34.     The internet banner notice portion will be implemented using desktop and mobile campaign, utilizing standard IAB sizes (160x600, 300x250, 728x90, 300x600, 320x50 and 300x50).   The internet banner notice portion is designed to serve approximately 64,285,714 impressions nationally and is strategically designed to notify and drive Class Members to the dedicated settlement website, where they can find more information about the Settlement and are able to submit a claim form. Likewise, the separate Illinois banner ad plan is designed to provide approximately 1,528,571 impressions in Illinois.

35.     To track campaign success, Angeion will implement conversion pixels throughout the settlement website to better understand audience behavior and identify those members who are

most likely to convert. The programmatic algorithm will change based on success and failure to generate conversions throughout the process. Successful conversion on the claim submission button will be the primary goal, driving optimizations.

## SOCIAL MEDIA CAMPAIGN

36.     The Notice Program also includes a social media campaign utilizing Facebook, Instagram, and Twitter, which are amongst the leading social media platforms in North America. The social media campaign uses an interest-based approach which focuses on the interests that users exhibit while on the social media platform.

37.     We will engage with the Target Audience via a mix of news feed and stories units to optimize performance. Look-a-like modeling against known audiences, build segments to target consumer profiles, conquesting and geo-targeting will be implemented to further qualify and deliver impressions to the Target Audience. Specifically, we will geotarget Illinois to highlight the increased award amounts for Illinois Class Members.

38.     The social media campaign will coincide with the programmatic display advertising portion of the Notice Program and is designed to deliver approximately 88,750,000 impressions via Facebook and Instagram, and approximately 40,000,000 impressions via Twitter.

39.     The separate digital media campaign focused on Illinois is designed to deliver approximately 4,500,000 impressions via Facebook and Instagram, and approximately 300,000 impressions via Twitter.

## PAID SEARCH CAMPAIGN

40.     The Notice Program also includes a paid search campaign to help drive Settlement Class Members who are actively searching for information about the Settlement to the dedicated Settlement Website. Paid search ads will complement the programmatic campaign, as search engines are frequently used to locate a specific website, rather than a person typing in the URL. Search terms would relate to not only the Settlement itself but also the subject-matter of the litigation.

## CLAIMS STIMULATION PROGRAM

41.     In addition to the above notice efforts, Angeion will implement a custom Claims Stimulation Noticing Program consisting of additional targeted social media ad placements on Facebook & Instagram, an extension of the paid search campaign and active listening on Twitter. The Claims Stimulation noticing will use simplified messaging specifically designed to drive Class Members to the Settlement Website and ultimately submit a claim. The timing of the additional noticing is intended to capitalize on the earned media (*i.e.*, mainstream, and social media attention) this Settlement is likely to receive given the popularity of Tok-tok. Angeion will provide a supplemental declaration to provide the Court with the details and effective implementation of the Claims Stimulation Noticing.

**Social Media**

42.     Angeion will also cause the settlement to be promoted on Twitter.  Our methodology includes an "active listening" component wherein we monitor Twitter traffic for discussion of the settlement, and actively provide notice, and/or answers to frequently asked question via Twitter as appropriate.

## RESPONSE MECHANISMS

43.     The Notice Program will also implement the creation of a case-specific website, where Class Members can easily view general information about this class action Settlement, review relevant Court documents, and view important dates and deadlines pertinent to the Settlement. The website will be designed to be user-friendly and make it easy for Class Members to find information about the case. The website will also have a "Contact Us" page whereby Class Members can send an email with any additional questions to a dedicated email address.

44.     Class Members will also be able to submit a claim form online via the Settlement Website.

45.     A toll-free hotline devoted to this case will be implemented to further apprise Class Members of their rights and options pursuant to the terms of the Settlement.  The toll-free hotline will utilize an interactive voice response ("IVR") system to provide Class Members with responses

to frequently asked questions and provide essential information regarding the Settlement. This hotline will be accessible 24 hours a day, 7 days a week.

## REACH AND FREQUENCY

46.     This declaration describes the reach and frequency evidence which courts systemically rely upon in reviewing class action publication notice programs for adequacy.  The reach percentage and the number of exposure opportunities meet or exceed the guidelines as set forth in the Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide.

47.     Specifically, the national media portions of the Notice Program are designed to deliver an approximate 95.23% reach with an average frequency of 5.85 times each.  The 95.23% reach does not include the direct notice efforts, dedicated settlement website and toll-free hotline, which are not calculable in reach percentage but will nonetheless aid in informing Class Members of their rights and options under the Settlement and is also independent from the claims stimulation package. Likewise, the separate Illinois media plan is not included in the 95.23% reach of the national plan.

## CONCLUSION

48.     The Notice Program outlined above includes direct notice to all reasonably identifiable Class Members, combined with a robust media campaign consisting of state-of-the-art internet advertising, robust social media campaign and a paid search campaign.  Further, the Notice Program provides for a carefully tailored claims stimulation package to further diffuse notice of the settlement and remind Class Members of their ability to submit claims during the claim filing period and includes the implementation of a dedicated settlement website and toll-free hotline to further inform Class Members of their rights and options in the litigation.

49.     In my opinion, the Notice Program will provide full and proper notice to Class Members before the claims, opt-out, and objection deadlines.  Moreover, it is my opinion that Notice Program is the best notice that is practicable under the circumstances, fully comports with due

process and Fed. R. Civ. P. 23. After the Notice Program has concluded, Angeion will provide a final report verifying its effective implementation.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: February 23, 2021

STEVEN WEISBROT

Exhibit A



# INNOVATION
## IT'S PART OF OUR DNA

class action | mass tort | legal noticing | litigation support



ANGEION GROUP
**Changing the Rules**

# Judicial Recognition

© Angeion Group, LLC

**IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION**

**Case No. 5:18-md-02827**

The Honorable Edward J. Davila, United States District Court, Northern District of California (May 7, 2020): The Court approves the Claim Form, Class Notice, and Summary Notice, which are attached to the Settlement Agreement as Exhibits A, B, and C, respectively, and finds that their dissemination substantially in the manner and form set forth in the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Actions, the effect of the proposed Settlement (including the releases contained therein), the anticipated Motion for Attorneys' Fees and/or Expenses and for Service Awards, and their rights to participate in, opt out of, or object to any aspect of the proposed Settlement.

**IN RE: GOOGLE PLUS PROFILE LITIGATION**

**Case No. 5:18-cv-06164**

The Honorable Edward J. Davila, United States District Court, Northern District of California (June 10, 2020): The Court approves the program for disseminating notice to Class Members set forth in the Agreement and Exhibits A and B thereto (herein, the "Notice Program"). The Court approves the form and content of the proposed forms of notice, in the forms attached as Exhibits A and B to the Agreement. (Doc. 57-2). The Court finds that the proposed forms of notice are clear and readily understandable by Class Members. The Court finds that the Notice Program, including the proposed forms of notice, is reasonable and appropriate and satisfies any applicable due process and other requirements, and is the only notice to the Class Members of the Settlement that is required.

**IN RE: HANNA ANDERSSON AND SALESFORCE.COM DATA BREACH LITIGATION**

**Case No. 3:20-cv-00812**

The Honorable Edward M. Chen, United States District Court, Northern District of California (December 29, 2020): The Court finds that the Class Notice and Notice Program satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances.

**IN RE: PEANUT FARMERS ANTITRUST LITIGATION**

**Case No. 2:19-cv-00463**

The Honorable Raymond A. Jackson, United States District Court, Eastern District of Virginia (December 23, 2020): The Court finds that the Notice Program...constitutes the best notice that is practicable under the circumstances and is valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of Rule 23(c)(2) and the due process requirements of the Constitution of the United States.

**BENTLEY ET AL. v. LG ELECTRONICS U.S.A., INC.**

**Case No. 2:19-cv-13554**

The Honorable Madeline Cox Arleo, United States District Court, District of New Jersey (December 18, 2020): The Court finds that notice of this Settlement was given to Settlement Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of

# JUDICIAL RECOGNITION

the proceedings and matters set forth therein, including the Litigation, the Settlement, and the Settlement Class Members' rights to object to the Settlement or opt out of the Settlement Class, to all Persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.

### *IN RE: ALLURA FIBER CEMENT SIDING PRODUCTS LIABILITY LITIGATION*
### Case No. 2:19-mn-02886

The Honorable David C. Norton, United States District Court, District of South Carolina (December 18, 2020): The proposed Notice provides the best notice practicable under the circumstances. It allows Settlement Class Members a full and fair opportunity to consider the proposed settlement. The proposed plan for distributing the Notice likewise is a reasonable method calculated to reach all members of the Settlement Class who would be bound by the settlement. There is no additional method of distribution that would be reasonably likely to notify Settlement Class Members who may not receive notice pursuant to the proposed distribution plan.

### *ADKINS ET AL. v. FACEBOOK, INC.*
### Case No. 3:18-cv-05982

The Honorable William Alsup, United States District Court, Northern District of California (November 15, 2020): Notice to the class is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co., 399 U.S. 306, 314 (1650).*

### *IN RE: 21ST CENTURY ONCOLOGY CUSTOMER DATA SECURITY BREACH LITIGATION*
### Case No. 8:16-md-02737

The Honorable Mary S. Scriven, United States District Court, Middle District of Florida (November 2, 2020): The Court finds and determines that mailing the Summary Notice and publication of the Settlement Agreement, Long Form Notice, Summary Notice, and Claim Form on the Settlement Website, all pursuant to this Order, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. The Court further finds that all of the notices are written in plain language and are readily understandable by Class Members.

### *MARINO ET AL. v. COACH INC.*
### Case No. 1:16-cv-01122

The Honorable Valerie Caproni, United States District Court, Southern District of New York (August 24, 2020): The Court finds that the form, content, and method of giving notice to the Settlement Class as described in paragraph 8 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process

Clause(s) of the United States Constitution. The Court further finds that all of the notices are written in plain language, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

### *BROWN v. DIRECTV, LLC*
**Case No. 2:13-cv-01170**
The Honorable Dolly M. Gee, United States District Court, Central District of California (July 23, 2020): Given the nature and size of the class, the fact that the class has no geographical limitations, and the sheer number of calls at issue, the Court determines that these methods constitute the best and most reasonable form of notice under the circumstances.

### *IN RE: SSA BONDS ANTITRUST LITIGATION*
**Case No. 1:16-cv-03711**
The Honorable Edgardo Ramos, United States District Court, Southern District of New York (July 15, 2020): The Court finds that the mailing and distribution of the Notice and the publication of the Summary Notice substantially in the manner set forth below meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

### *KJESSLER ET AL. v. ZAAPPAAZ, INC. ET AL.*
**Case No. 4:18-cv-00430**
The Honorable Nancy F. Atlas, United States District Court, Southern District of Texas (July 14, 2020): The Court also preliminarily approves the proposed manner of communicating the Notice and Summary Notice to the putative Settlement Class, as set out below, and finds it is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23.

### *HESTER ET AL. v. WALMART, INC.*
**Case No. 5:18-cv-05225**
The Honorable Timothy L. Brooks, United States District Court, Western District of Arkansas (July 9, 2020): The Court finds that the Notice and Notice Plan substantially in the manner and form set forth in this Order and the Agreement meet the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

### *CLAY ET AL. v. CYTOSPORT INC.*
**Case No. 3:15-cv-00165**
The Honorable M. James Lorenz, United States District Court, Southern District of California (June 17, 2020): The Court approves the proposed Notice Plan for giving notice to the Settlement Class through publication, both print and digital, and through the establishment of a Settlement Website, as more fully described in the Agreement and the Claims Administrator's affidavits (docs. no. 222-9, 224, 224-1, and 232-3 through 232-6). The Notice Plan, in form, method, and content,

# JUDICIAL RECOGNITION

complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

### *GROGAN v. AARON'S INC.*
### Case No. 1:18-cv-02821

The Honorable J.P. Boulee, United States District Court, Northern District of Georgia (May 1, 2020): The Court finds that the Notice Plan as set forth in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and constitutes the best notice practicable under the circumstances, including direct individual notice by mail and email to Settlement Class Members where feasible and a nationwide publication website-based notice program, as well as establishing a Settlement Website at the web address of www.AaronsTCPASettlement.com, and satisfies fully the requirements the Federal Rules of Civil Procedure, the U.S. Constitution, and any other applicable law, such that the Settlement Agreement and Final Order and Judgment will be binding on all Settlement Class Members.

### *CUMMINGS v. BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO, ET AL.*
### Case No. D-202-CV-2001-00579

The Honorable Carl Butkus, Second Judicial District Court, County of Bernalillo, State of New Mexico (March 30, 2020): The Court has reviewed the Class Notice, the Plan of Allocation and Distribution and Claim Form, each of which it approves in form and substance. The Court finds that the form and methods of notice set forth in the Agreement: (i) are reasonable and the best practicable notice under the circumstances; (ii) are reasonably calculated to apprise Settlement Class Members of the pendency of the Lawsuit, of their rights to object to or opt-out of the Settlement, and of the Final Approval Hearing; (iii) constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet the requirements of the New Mexico Rules of Civil Procedure, the requirements of due process under the New Mexico and United States Constitutions, and the requirements of any other applicable rules or laws.

### *SCHNEIDER, ET AL. v. CHIPOTLE MEXICAN GRILL, INC.*
### Case No. 4:16-cv-02200

The Honorable Haywood S. Gilliam, Jr., United States District Court, Northern District of California (January 31, 2020): Given that direct notice appears to be infeasible, the third-party settlement administrator will implement a digital media campaign and provide for publication notice in People magazine, a nationwide publication, and the East Bay Times. SA § IV.A, C; Dkt. No. 205-12 at ¶¶ 13–23. The publication notices will run for four consecutive weeks. Dkt. No. 205 at ¶ 23. The digital media campaign includes an internet banner notice implemented using a 60-day desktop and mobile campaign. Dkt. No. 205-12 at ¶ 18. It will rely on "Programmatic Display Advertising" to reach the "Target Audience," Dkt. No. 216-1 at ¶ 6, which is estimated to include 30,100,000 people and identified using the target definition of "Fast Food & Drive-In Restaurants Total Restaurants Last 6 Months [Chipotle Mexican Grill]," Dkt. No. 205-12 at ¶ 13. Programmatic display advertising utilizes "search targeting," "category contextual targeting," "keyword contextual targeting," and "site targeting," to place ads. Dkt. No. 216-1 at ¶¶ 9–12. And through "learning" technology, it continues placing ads on websites where the ad is performing well. Id. ¶ 7. Put simply, prospective Class Members will see a banner ad notifying them of the settlement when they search for terms or websites that are similar to or related to Chipotle, when they browse websites that are categorically relevant to Chipotle (for example, a website related to fast casual

dining or Mexican food), and when they browse websites that include a relevant keyword (for example, a fitness website with ads comparing fast casual choices). Id. ¶¶ 9–12. By using this technology, the banner notice is "designed to result in serving approximately 59,598,000 impressions." Dkt. No. 205-12 at ¶ 18.

The Court finds that the proposed notice process is "'reasonably calculated, under all the circumstances,' to apprise all class members of the proposed settlement." Roes, 944 F.3d at 1045 (citation omitted).

### *HANLEY v. TAMPA BAY SPORTS AND ENTERTAINMENT LLC*
**Case No. 8:19-cv-00550**
The Honorable Charlene Edwards Honeywell, United States District Court, Middle District of Florida (January 7, 2020):  The Court approves the form and content of the Class notices and claim forms substantially in the forms attached as Exhibits A-D to the Settlement. The Court further finds that the Class Notice program described in the Settlement is the best practicable under the circumstances. The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's attorney's fees application and the request for a service award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement. The Class notices and Class Notice program constitute sufficient notice to all persons entitled to notice. The Class notices and Class Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

### *CORCORAN, ET AL. v. CVS HEALTH, ET AL.*
**Case No. 4:15-cv-03504**
The Honorable Yvonne Gonzalez Rogers, United States District Court, Northern District of California (November 22, 2019):  Having reviewed the parties' briefings, plaintiffs' declarations regarding the selection process for a notice provider in this matter and regarding Angeion Group LLC's experience and qualifications, and in light of defendants' non-opposition, the Court APPROVES Angeion Group LLC as the notice provider. Thus, the Court GRANTS the motion for approval of class notice provider and class notice program on this basis.

Having considered the parties' revised proposed notice program, the Court agrees that the parties' proposed notice program is the "best notice that is practicable under the circumstances." The Court is satisfied with the representations made regarding Angeion Group LLC's methods for ascertaining email addresses from existing information in the possession of defendants. Rule 23 further contemplates and permits electronic notice to class members in certain situations. See Fed. R. Civ. P. 23(c)(2)(B). The Court finds, in light of the representations made by the parties, that this is a situation that permits electronic notification via email, in addition to notice via United States Postal Service. Thus, the Court APPROVES the parties' revised proposed class notice program, and GRANTS the motion for approval of class notice provider and class notice program as to notification via email and United States Postal Service mail.

## *PATORA v. TARTE, INC.*
### Case No. 7:18-cv-11760
The Honorable Kenneth M. Karas, United States District Court, Southern District of New York (October 2, 2019): The Court finds that the form, content, and method of giving notice to the Class as described in Paragraph 9 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the Proposed Settlement, and their rights under the Proposed Settlement, including but not limited to their rights to object to or exclude themselves from the Proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clauses of the United States Constitution. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

## *CARTER, ET AL. v. GENERAL NUTRITION CENTERS, INC., and GNC HOLDINGS, INC.*
### Case No. 2:16-cv-00633
The Honorable Mark R. Hornak, United States District Court, Western District of Pennsylvania (September 9, 2019): The Court finds that the Class Notice and the manner of its dissemination described in Paragraph 7 above and Section VII of the Agreement constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise proposed Settlement Class Members of the pendency of this action, the terms of the Agreement, and their right to object to or exclude themselves from the proposed Settlement Class. The Court finds that the notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, Rule 23 of the Federal Rules of Ci vii Procedure, and any other applicable laws.

## *CORZINE v. MAYTAG CORPORATION, ET AL.*
### Case No. 5:15-cv-05764
The Honorable Beth L. Freeman, United States District Court, Northern District of California (August 21, 2019): The Court, having reviewed the proposed Summary Notice, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.

## *MEDNICK v. PRECOR, INC.*
### Case No. 1:14-cv-03624
The Honorable Harry D. Leinenweber, United States District Court, Northern District of Illinois (June 12, 2019): Notice provided to Class Members pursuant to the Preliminary Class Settlement Approval Order constitutes the best notice practicable under the circumstances, including individual email and mail notice to all Class Members who could be identified through reasonable effort, including information provided by authorized third-party retailers of Precor. Said notice provided full and adequate notice of these proceedings and of the matter set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such

notice, and said notice fully satisfied the requirements of F.R.C.P. Rule 23 (e) and (h) and the requirements of due process under the United States and California Constitutions.

### *GONZALEZ v. TCR SPORTS BROADCASTING HOLDING LLP, ET AL.*
**Case No. 1:18-cv-20048**

The Honorable Darrin P. Gayles, United States District Court, Southern District of Florida (May 24, 2019):  The Court finds that notice to the class was reasonable and the best notice practicable under the circumstances, consistent with Rule 23(e)(1) and Rule 23(c)(2)(B).

### *ANDREWS ET AL. v. THE GAP, INC., ET AL.*
**Case No. CGC-18-567237**

The Honorable Richard B. Ulmer Jr., Superior Court of the State of California, County of San Francisco (May 10, 2019):  The Court finds that (a) the Full Notice, Email Notice, and Publication constitute the best notice practicable under the circumstances, (b) they constitute valid, due, and sufficient notice to all members of the Class, and (c) they comply fully with the requirements of California Code of Civil Procedure section 382, California Rules of Court 3.766 and 3.769, the California and United States Constitutions, and other applicable law.

### *COLE, ET AL. v. NIBCO, INC.*
**Case No. 3:13-cv-07871**

The Honorable Freda L. Wolfson, United States District Court, District of New Jersey (April 11, 2019):  The record shows, and the Court finds, that the Notice Plan has been implemented in the manner approved by the Court in its Preliminary Approval Order. The Court finds that the Notice Plan constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this..., (iii) due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law.

### *DIFRANCESCO, ET AL. v. UTZ QUALITY FOODS, INC.*
**Case No. 1:14-cv-14744**

The Honorable Douglas P. Woodlock, United States District Court, District of Massachusetts (March 15, 2019):  The Court finds that the Notice plan and all forms of Notice to the Class as set forth in the Settlement Agreement and Exhibits 2 and 6 thereto, as amended (the "Notice Program"), is reasonably calculated to, under all circumstances, apprise the members of the Settlement Class of the pendency of this action, the certification of the Settlement Class, the terms of the Settlement Agreement, and the right of members to object to the settlement or to exclude themselves from the Class. The Notice Program is consistent with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

### *IN RE: CHRYSLER-DODGE-JEEP ECODIESEL MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION*
**Case No. 3:17-md-02777**

The Honorable Edward M. Chen, United States District Court, Northern District of California (February 11, 2019):  Also, the parties went through a sufficiently rigorous selection process to

select a settlement administrator. See Proc. Guidance for Class Action Sett. ¶ 2; see also Cabraser Decl. ¶¶ 9-10. While the settlement administration costs are significant – an estimated $1.5 million – they are adequately justified given the size of the class and the relief being provided.

In addition, the Court finds that the language of the class notices (short and long-form) is appropriate and that the means of notice – which includes mail notice, electronic notice, publication notice, and social media "marketing" – is the "best notice...practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B); see also Proc. Guidance for Class Action Sett. ¶¶ 3-5, 9 (addressing class notice, opt-outs, and objections). The Court notes that the means of notice has changed somewhat, as explained in the Supplemental Weisbrot Declaration filed on February 8, 2019, so that notice will be more targeted and effective. See generally Docket No. 525 (Supp. Weisbrot Decl.) (addressing, inter alia, press release to be distributed via national newswire service, digital and social media marketing designed to enhance notice, and "reminder" first-class mail notice when AEM becomes available).

Finally, the parties have noted that the proposed settlement bears similarity to the settlement in the Volkswagen MDL. See Proc. Guidance for Class Action Sett. ¶ 11.

### RYSEWYK, ET AL. v. SEARS HOLDINGS CORPORATION and SEARS, ROEBUCK AND COMPANY
### Case No. 1:15-cv-04519

The Honorable Manish S. Shah, United States District Court, Northern District of Illinois (January 29, 2019):  The Court holds that the Notice and notice plan as carried out satisfy the requirements of Rule 23(e) and due process. This Court has previously held the Notice and notice plan to be reasonable and the best practicable under the circumstances in its Preliminary Approval Order dated August 6, 2018. (Dkt. 191) Based on the declaration of Steven Weisbrot, Esq. of Angeion Group (Dkt. No. 209-2), which sets forth compliance with the Notice Plan and related matters, the Court finds that the multi-pronged notice strategy as implemented has successfully reached the putative Settlement Class, thus constituting the best practicable notice and satisfying due process.

### MAYHEW, ET AL. v. KAS DIRECT, LLC, and S.C. JOHNSON & SON, INC.
### Case No. 7:16-cv-06981

The Honorable Vincent J. Briccetti, United States District Court, Southern District of New York (June 26, 2018):  In connection with their motion, plaintiffs provide the declaration of Steven Weisbrot, Esq., a principal at the firm Angeion Group, LLC, which will serve as the notice and settlement administrator in this case. (Doc. #101, Ex. F: Weisbrot Decl.) According to Mr. Weisbrot, he has been responsible for the design and implementation of hundreds of class action administration plans, has taught courses on class action claims administration, and has given testimony to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, and digital media in due process notice. Mr. Weisbrot states that the internet banner advertisement campaign will be responsive to search terms relevant to "baby wipes, baby products, baby care products, detergents, sanitizers, baby lotion, [and] diapers," and will target users who are currently browsing or recently browsed categories "such as parenting, toddlers, baby care, [and] organic products." (Weisbrot Decl. ¶ 18). According to Mr. Weisbrot, the internet banner advertising campaign will reach seventy percent of the proposed class members at least three times each. (Id. ¶ 9). Accordingly, the Court approves of the manner of notice proposed by

the parties as it is reasonable and the best practicable option for confirming the class members receive notice.

### *IN RE: OUTER BANKS POWER OUTAGE LITIGATION*
**Case No. 4:17-cv-00141**
The Honorable James C. Dever III, United States District Court, Eastern District of North Carolina (May 2, 2018):  The court has reviewed the proposed notice plan and finds that the notice plan provides the best practicable notice under the circumstances and, when completed, shall constitute fair, reasonable, and adequate notice of the settlement to all persons and entities affected by or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. Thus, the court approves the proposed notice plan.

### *GOLDEMBERG, ET AL. v. JOHNSON & JOHNSON CONSUMER COMPANIES, INC.*
**Case No. 7:13-cv-03073**
The Honorable Nelson S. Roman, United States District Court, Southern District of New York (November 1, 2017):  Notice of the pendency of the Action as a class action and of the proposed Settlement, as set forth in the Settlement Notices, was given to all Class Members who could be identified with reasonable effort, consistent with the terms of the Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law in the United States. Such notice constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

### *HALVORSON v. TALENTBIN, INC.*
**Case No. 3:15-cv-05166**
The Honorable Joseph C. Spero, United States District Court, Northern District of California (July 25, 2017):  The Court finds that the Notice provided for in the Order of Preliminary Approval of Settlement has been provided to the Settlement Class, and the Notice provided to the Settlement Class constituted the best notice practicable under the circumstances, and was in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law. The Notice apprised the members of the Settlement Class of the pendency of the litigation; of all material elements of the proposed settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement; of the res judicata effect on members of the Settlement Class and of their opportunity to object to, comment on, or opt-out of, the Settlement; of the identity of Settlement Class Counsel and of information necessary to contact Settlement Class Counsel; and of the right to appear at the Fairness Hearing. Full opportunity has been afforded to members of the Settlement Class to participate in the Fairness Hearing. Accordingly, the Court determines that all Final Settlement Class Members are bound by this Final Judgment in accordance with the terms provided herein.



### *IN RE: ASHLEY MADISON CUSTOMER DATA SECURITY BREACH LITIGATION*
**MDL No. 2669/Case No. 4:15-md-02669**

The Honorable John A. Ross, United States District Court, Eastern District of Missouri (July 21, 2017): The Court further finds that the method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot, Esq. on Adequacy of Notice Program, dated July 13, 2017, and the Parties' Stipulation—including an extensive and targeted publication campaign composed of both consumer magazine publications in People and Sports Illustrated, as well as serving 11,484,000 highly targeted digital banner ads to reach the prospective class members that will deliver approximately 75.3% reach with an average frequency of 3.04 —is the best method of notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and all Constitutional requirements including those of due process.

The Court further finds that the Notice fully satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; provided, that the Parties, by agreement, may revise the Notice, the Claim Form, and other exhibits to the Stipulation, in ways that are not material or ways that are appropriate to update those documents for purposes of accuracy.

### *TRAXLER, ET AL. v. PPG INDUSTRIES INC., ET AL.*
**Case No. 1:15-cv-00912**

The Honorable Dan Aaron Polster, United States District Court, Northern District of Ohio (April 27, 2017): The Court hereby approves the form and procedure for disseminating notice of the proposed settlement to the Settlement Class as set forth in the Agreement. The Court finds that the proposed Notice Plan contemplated constitutes the best notice practicable under the circumstances and is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to the proposed settlement or opt out of the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e). In addition, Class Notice clearly and concisely states in plain, easily understood language: (i) the nature of the action; (ii) the definition of the certified Settlement Class; (iii) the claims and issues of the Settlement Class; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

### *IN RE: THE HOME DEPOT, INC., CUSTOMER DATA SECURITY BREACH LITIGATION*
**Case No. 1:14-md-02583**

The Honorable Thomas W. Thrash Jr., United States District Court, Northern District of Georgia (March 10, 2017): The Court finds that the form, content, and method of giving notice to the settlement class as described in the settlement agreement and exhibits: (a) constitute the best practicable notice to the settlement class; (b) are reasonably calculated, under the circumstances, to apprise settlement class members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by settlement class members.

# JUDICIAL RECOGNITION



***ROY v. TITEFLEX CORPORATION t/a GASTITE and WARD MANUFACTURING, LLC***
**Case No. 384003V**

The Honorable Ronald B. Rubin, Circuit Court for Montgomery County, Maryland (February 24, 2017):  What is impressive to me about this settlement is in addition to all the usual recitation of road racing litanies is that there is going to be a) public notice of a real nature and b) about a matter concerning not just money but public safety and then folks will have the knowledge to decide for themselves whether to take steps to protect themselves or not. And that's probably the best thing a government can do is to arm their citizens with knowledge and then the citizens can make decision. To me that is a key piece of this deal. ***I think the notice provisions are exquisite*** [emphasis added].

***IN RE: LG FRONT LOADING WASHING MACHINE CLASS ACTION LITIGATION***
**Case No. 2:08-cv-00051**

The Honorable Madeline Cox Arleo, United States District Court, District of New Jersey (June 17, 2016):  This Court further approves the proposed methods for giving notice of the Settlement to the Members of the Settlement Class, as reflected in the Settlement Agreement and the joint motion for preliminary approval. The Court has reviewed the notices attached as exhibits to the Settlement, the plan for distributing the Summary Notices to the Settlement Class, and the plan for the Publication Notice's publication in print periodicals and on the internet, and finds that the Members of the Settlement Class will receive the best notice practicable under the circumstances. The Court specifically approves the Parties' proposal to use reasonable diligence to identify potential class members and an associated mailing and/or email address in the Company's records, and their proposal to direct the ICA to use this information to send absent class members notice both via first class   mail and email. The Court further approves the plan for the Publication Notice's publication in two national print magazines and on the internet. The Court also approves payment of notice costs as provided in the Settlement. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy.

***FENLEY v. APPLIED CONSULTANTS, INC.***
**Case No. 2:15-cv-00259**

The Honorable Mark R. Hornak, United States District Court, Western District of Pennsylvania (June 16, 2016):  The Court would note that it approved notice provisions of the settlement agreement in the proceedings today. That was all handled by the settlement and administrator Angeion. The notices were sent. The class list utilized the Postal Service's national change of address database along with using certain proprietary and other public resources to verify addresses. the requirements of Fed.R.Civ.P. 23(c)(2), Fed.R.Civ.P. 23(e) (l), and Due Process....

The Court finds and concludes that the mechanisms and methods of notice to the class as identified were reasonably calculated to provide all notice required by the due process clause, the applicable rules and statutory provisions, and that the results of ***the efforts of Angeion were highly successful and fulfilled all of those requirements*** [emphasis added].

# JUDICIAL RECOGNITION

### *FUENTES, ET AL. v. UNIRUSH, LLC d/b/a UNIRUSH FINANCIAL SERVICES, ET AL.*
### Case No. 1:15-cv-08372

The Honorable J. Paul Oetken, United States District Court, Southern District of New York (May 16, 2016):  The Court approves, as to form, content, and distribution, the Claim Form attached to the Settlement Agreement as Exhibit A, the Notice Plan, and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B-D, thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of the Actions, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. The Parties, by agreement, may revise the Notices and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

### *IN RE: WHIRLPOOL CORP. FRONTLOADING WASHER PRODUCTS LIABILITY LITIGATION*
### MDL No. 2001/Case No. 1:08-wp-65000

The Honorable Christopher A. Boyko, United States District Court, Northern District of Ohio (May 12, 2016):  The Court, having reviewed the proposed Summary Notices, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan for distributing and disseminating each of them will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.

### *SATERIALE, ET AL. v. R.J. REYNOLDS TOBACCO CO.*
### Case No. 2:09-cv-08394

The Honorable Christina A. Snyder, United States District Court, Central District of California (May 3, 2016):  The Court finds that the Notice provided to the Settlement Class pursuant to the Settlement Agreement and the Preliminary Approval Order has been successful, was the best notice practicable under the circumstances and (1) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, Due Process, and the rules of the Court.

### *FERRERA, ET AL. v. SNYDER'S-LANCE, INC.*
### Case No. 0:13-cv-62496

The Honorable Joan A. Lenard, United States District Court, Southern District of Florida (February 12, 2016):  The Court approves, as to form and content, the Long-Form Notice and Short- Form Publication Notice attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits 1 and 2 to the Stipulation of Settlement. The Court also approves the procedure for disseminating notice of the proposed settlement to the Settlement Class and the Claim Form, as set forth in the Notice and Media Plan attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits G. The Court

# JUDICIAL RECOGNITION

finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.

### *IN RE: POOL PRODUCTS DISTRIBUTION MARKET ANTITRUST LITIGATION*
**MDL No. 2328/Case No. 2:12-md-02328**

The Honorable Sarah S. Vance, United States District Court, Eastern District of Louisiana (December 31, 2014):  To make up for the lack of individual notice to the remainder of the class, the parties propose a print and web-based plan for publicizing notice. The Court welcomes the inclusion of web- based forms of communication in the plan. The Court finds that the proposed method of notice satisfies the requirements of Rule 23(c)(2)(B) and due process. The direct emailing of notice to those potential class members for whom Hayward and Zodiac have a valid email address, along with publication of notice in print and on the web, is reasonably calculated to apprise class members of the settlement. Moreover, the plan to combine notice for the Zodiac and Hayward settlements should streamline the process and avoid confusion that might otherwise be caused by a proliferation of notices for different settlements. Therefore, the Court approves the proposed notice forms and the plan of notice.

### *SOTO, ET AL. v. THE GALLUP ORGANIZATION, INC.*
**Case No. 0:13-cv-61747**

The Honorable Marcia G. Cooke, United States District Court, Southern District of Florida (June 16, 2015):  The Court approves the form and substance of the notice of class action settlement described in ¶ 8 of the Agreement and attached to the Agreement as Exhibits A, C and D. The proposed form and method for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the Settlement Class Members of their rights.

### *OTT v. MORTGAGE INVESTORS CORPORATION OF OHIO, INC.*
**Case No. 3:14-cv-00645**

The Honorable Janice M. Stewart, United States District Court, District of Oregon (July 20, 2015): The Notice Plan, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court finds that the Notice Plan is reasonably calculated to, under all circumstances, reasonably apprise the persons in the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class.