# EXHIBIT 5

```
                 IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
                           EASTERN DIVISION

T.K. THROUGH HER MOTHER, SHERRI   )
LESHORE, and A.S., THROUGH HER    )
MOTHER, LAURA LOPEZ,              )
individually and on behalf of     )   No. 19 CV 7915
all others similarly situated,    )
                                  )   Chicago, Illinois
              Plaintiffs,         )   August 7, 2020
                                  )   11:00 o'clock a.m.
         -vs-                     )
                                  )
BYTEDANCE TECHNOLOGY CO., LTD.,   )
MUSICAL.LY, INC., MUSICAL.LY THE  )
CAYMAN ISLANDS CORPORATION, AND   )
TIKTOK, INC.,                     )
                                  )
              Defendants,         )


         TRANSCRIPT OF TELEPHONIC PROCEEDINGS - Motion
              BEFORE THE HONORABLE JOHN R. BLAKEY


APPEARANCES:

For the Plaintiffs:      MASON LIETZ & KLINGER LLP
                         BY:  MR. GARY M. KLINGER
                         227 West Monroe Street
                         Suite 2100
                         Chicago, Illinois  60606


For the Plaintiffs:      MASON LIETZ & KLINGER LLP
                         BY:  MR. DAVID K. LIETZ
                         5101 Wisconsin Avenue NW
                         Suite 305
                         Washington, DC  20016



              LAURA LACIEN, CSR, RMR, FCRR, CRR
                    OFFICIAL COURT REPORTER
                  219 South Dearborn Street
                         Room 1212
                  Chicago, Illinois  60604
                       (312) 408-5032
```

```
 1   APPEARANCES: (Cont'd)
 2
 3   For the Defendants:    WILSON SONSINI GOODRICH & ROSATI PC
                            BY: MR. ANTHONY J. WEIBELL
                            650 Page Mill Road
 4                          Palo Alto, California  94304
 5
     For the Defendants:    MANDELL MENKES LLC
 6                          BY: MR. STEVEN P. MANDELL
                            One North Franklin
 7                          Suite 3600
                            Chicago, Illinois  60606
 8
 9   For the Intervenor:    LOEVY & LOEVY
     I                      BY: MR. SCOTT R. DRURY
10                          311 North Aberdeen
                            3rd Floor
11                          Chicago, Illinois  60607
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1   questions to the parties so if you have anything else in your
 2   argument, counsel, go ahead.
 3               MR. WEIBELL:  Your Honor, this is Tony Weibell for
 4   defendants.  Just for clarification on your request, the
 5   materials you'd like submitted -- and you said without
 6   additional briefing -- would you like us just to submit a
 7   notice of supplemental materials and then attach them as
 8   exhibits for your Honor's consideration or how much do you
 9   want us to get into describing what it is we're submitting?
10               THE COURT:  Whatever you -- whatever you think is
11   appropriate, counsel.  I just don't want another -- I don't
12   want the parties to incur the expense of another 15-page
13   memorandum.  If you need to have a cover page to explain
14   what's attached, that's fine.  I'm going to leave it to the
15   parties to act in good faith on that.
16               And you don't have to file anything.  I'm just
17   giving you that opportunity because it does seem like we have
18   a very dynamic factual situation that's happening and
19   changing even this week and who knows what's going to happen
20   next week.  So I just want to make sure that the parties have
21   an opportunity to make sure that they put whatever facts they
22   believe are important in front of the Court.
23               Does that answer your question?
24               MR. WEIBELL:  Yes, your Honor.  It does.  Thank
25   you.
```

|   |   |
|---|---|
| | 1    THE COURT: All right. If there's nothing else on |
| | 2    behalf of defense counsel, is there anything that any of the |
| | 3    parties want to add before we conclude today? |
| | 4    MR. DRURY: Scott Drury, your Honor, on behalf of |
| 11:56AM | 5    the Objector. I would like to respond to some of the issues |
| | 6    that were raised by both plaintiffs and defendants with your |
| | 7    Honor's permission. |
| | 8    THE COURT: Yeah, sure. Go ahead. |
| | 9    MR. DRURY: Your Honor, first of all, I think it's |
| 11:56AM | 10    important for the Court to note that none of the claims |
| | 11    asserted in this case are direct claims under COPPA. So when |
| | 12    the plaintiffs and defendants keep saying these are COPPA |
| | 13    claims and this is the first case that's brought under COPPA, |
| | 14    that's just inaccurate. There's a statutory claim under the |
| 11:57AM | 15    Video Privacy Protection Act, there's statutory claims under |
| | 16    Illinois and California law, and there's common law claims; |
| | 17    and those are the claims that are asserted and none of them |
| | 18    are preempted. The critical statute that plaintiffs and |
| | 19    defendants ignore is the Video Privacy Protection Act. |
| 11:57AM | 20    That's a federal statute that is in no way preempted by COPPA |
| | 21    because it's a federal law. |
| | 22    The other thing that's important about the Video |
| | 23    Privacy Protection Act, your Honor, is that it allows for |
| | 24    $2,500 of statutory damages. So when the plaintiffs and |
| 11:57AM | 25    defendants cite to data breach cases where there's results |

11:58AM

1 where people get $5 per class and the cases that they cite
2 actually -- there's even -- the settlements are more than
3 just $5 and I'll get into that in a second.  Here, it's
4 $2,500 per violation and so the damages here are easily
5 calculable and are far in excess of the $1.1 million.  A case
6 that I would respectfully suggest your Honor look at is
7 *Reynolds v. Beneficial National Bank*, 288 F.3d, 277.  It's a
8 Seventh Circuit case from 2002.  As well as *Synfuel Tech v.*
9 *DHL*, 463 F.3d 646 at Page 653; and that's another Seventh

11:58AM

10 Circuit case from 2006.  In there, the Seventh Circuit says
11 that in calculating the strength of the case versus the
12 offer, a court and the parties should try to look at
13 different scenarios and compare the outcomes that would
14 happen under the scenarios.  And in *Reynolds*, the court

11:58AM

15 specifically said that the court -- that the district court
16 should look at a high option, a medium option, a low option
17 and a zero option in terms of recovery.
18         In applying the numbers here using the $2,500
19 number, assuming that's the only claim that is successful

11:59AM

20 here, $2,500 times six million class members, your Honor, is
21 $15 billion.  And the court there in *Reynolds* what it did is
22 it said let's assume that there's only .5 chance of success
23 of success of getting $15 billion and it took that into
24 consideration.  It then gave numbers for medium and low.  And

11:59AM

25 using the same ratios that the court used in *Reynolds*, the

 11:59AM

1 medium number here, your Honor, would be $600 million. And
2 again the court in *Reynolds* then apply a 20 percent value to
3 the possibility of success. And the low rate here, your
4 Honor, would be $30 million and the court in *Reynolds* said
5 let's assume that's a 30 percent chance of success. And then
6 for 49.5 percent, we could assume that there is no chance of
7 success at all.
8 If we use those ratios, your Honor, the net
9 expected value of this case is $204 million. I'm not talking

 12:00PM

10 about punitive damages. I'm just talking about statutory
11 relief. And neither the plaintiffs nor the defendants tried
12 to explain anywhere, in their briefs or in their arguments,
13 how their $1.1 million settlement relates remotely to the net
14 expected value of the case that the Seventh Circuit laid out

 12:00PM

15 in *Reynolds v. Beneficial*.
16 Now I don't want to get bogged down in BIPA because
17 this case is not about BIPA and I want to make that clear for
18 the Court. But when looking at the value of the settlement
19 and is this a good settlement, I think a more apt analogy is

 12:00PM

20 to BIPA cases because in BIPA cases there are statutory
21 damages of $1,000 to $5,000. And as we set forth in our
22 brief in a recent case in the Northern District of California
23 involving Facebook -- and we discussed that at Docket Number
24 38 at ECF Page 9, the district court there rejected a $550

 12:00PM

25 million settlement that would have returned $150 to $300 to

the class members saying it wasn't good enough based on the statutory damages and the parties recently came back and upped the settlement to $650 million.

So I think it's important, your Honor, to consider that this case has this federal claim under the Video Privacy Protection Act, it's a viable claim as I stated during my initial comments under *In re Vizio* and there's simply no rebuttal to that and so I just -- I want to make that clear.

The other thing that plaintiffs' counsel has repeatedly argued is that this is -- that the Objector is just claiming that this -- that this settlement just isn't enough; and that simply isn't the fact, your Honor, and I've already talked about that at length. But when one looks at *In re Subway* and *Redman v. RadioShack* and *Eubank v. Pella* -- all Seventh Circuit cases -- this settlement is a train wreck. It gives 60 percent of the settlement to fees and -- to fees and administration fees. 44 percent of that goes to the lawyers and the class members are left with a mere $5 and it's important to take note of that.

The plaintiffs keep saying that this objection isn't timely and that's just a bizarre argument given all of the COVID orders and given that we -- it clearly was filed before it was due. And what they ignore is that if the objection was untimely, then their papers for their fee petition and the Motion for Final Approval also was untimely

```
12:16PM





12:16PM
```

1 again shows that there's really at this point no one
2 arguing on -- no one in the case arguing on behalf of the six
3 million class members.
4     THE COURT: Okay. Thank you, counsel. The
5 Court -- obviously any -- if the parties want to make any
6 supplemental submissions to the Court, they should do it on
7 or before 8-28. Counsel should order the transcript. The
8 Court will take all motions under advisement and I will issue
9 a written ruling by separate order. Thank you, counsel.
10     MR. LIETZ: Thank you, your Honor.
11     MR. WEIBELL: Thank you, your Honor.
12     THE COURT: Court's in recess.
13   (Proceedings concluded at 12:16 p.m.)
14
15               C E R T I F I C A T E
16   I hereby certify that the foregoing is a transcript of
17 telephonic proceedings before the Honorable John Robert
18 Blakey on August 7, 2020.
19
20   */s/Laura LaCien*                August 11, 2020
    Official Court Reporter          DATE
21
22
23
24
25