# EXHIBIT 12

Official Notice from the United States District Court for the Northern District of California

# Facebook users in Illinois may be entitled to payment if their face appeared in a picture on Facebook after June 7, 2011

**Don't worry, you are not being sued. This is an official court notice, not an ad for a lawyer.**

Facebook, Inc. has settled a class action that claimed Facebook collected and stored the biometric data of Facebook users in Illinois without the proper notice and consent in violation of Illinois law as part of its "Tag Suggestions" feature and other features involving facial recognition technology.

You are included in the Settlement if you are or were a Facebook user located in Illinois and Facebook created and stored a face template for you after June 7, 2011.

Included users can fill out a short Claim Form and receive approximately $200 to $400 per person from a $650 million Settlement Fund. This fund will also be used to pay the costs of notifying people about the Settlement, the lawyers' fees, awards to the users who helped bring the lawsuit, and certain taxes.

The Settlement also requires Facebook to turn "off" its Facial Recognition setting and delete face templates for most users unless they turn it back "on."

If you are included, your legal rights are affected whether you act or do not act. Read this Notice carefully.

The Court in charge of this case hasn't decided if the Settlement is fair yet. Payments will be made only if the Court decides the Settlement is fair and approves the Settlement.

## Your Legal Rights and Options in this Lawsuit

**1. Fill Out a Claim Form.**

The only way to get a payment. You must submit a valid Claim Form either online or by mail postmarked by November 23, 2020.

**2. Object.**

Write to the Court about why you do not like something about the Settlement by November 23, 2020.

**3. Ask to be excluded from the Class.**

If you don't want to be a part of the Settlement, you must send a written request to be excluded. You won't get any money or other benefits, but you will keep any rights to sue Facebook yourself for the same legal issues in this lawsuit.

**4. Go to a hearing on January 7, 2021.**

You can ask to speak to the Court about your opinion of the Settlement, including the amount of lawyers' fees. Written requests to speak must be received by the Court by November 23, 2020.

**5. Do nothing.**

You won't get any money and you will lose any rights to sue Facebook yourself for the same legal issues in this lawsuit.

## Basic Information

**6. Why should I read this Notice?**

This Notice explains the lawsuit, the Settlement, your rights, what payments are available, and how to get them.

The Hon. James Donato of the United States District Court for the Northern District of California is in charge of this class action. The lawsuit is known as *In re Facebook Biometric Information Privacy Litigation*, Case No. 3:15-CV-03747-JD.

**7. What is this lawsuit about?**

Facebook users in Illinois sued Facebook claiming that its "Tag Suggestions" feature and other features involving facial recognition technology violated the Illinois Biometric Information Privacy Act ("BIPA"). That law says companies can't collect, store, or give out "biometric data," which includes things like face or fingerprint scans, without first giving notice and getting consent. This case alleges that Facebook used facial recognition technology to create face templates—unique templates that can be used to identify users in photos, that these templates are covered by BIPA, and that Facebook did this without the proper notice and consent. Facebook denies all allegations of wrongdoing and liability.

**8. What is a class action and who is involved?**

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of other people who have similar claims. These people together are a "Class" or "Class Members." One court resolves the issues in the case for everyone in the Class–except for those people who choose to exclude themselves from the Class. In this case, the Court appointed Nimesh Patel, Adam Pezen, and Carlo Licata as the Class Representatives. These individuals are each from Illinois and claim that they had face templates created and stored by Facebook.

**9. Why is there a Settlement?**

Facebook and the Class Representatives spent more than five years in Court fighting this case. Shortly before trial, both sides agreed to a settlement. The Settlement gives Class Members guaranteed payments now whereas in a trial, Class Members might get nothing or might get payments only years from now. Because there is a settlement, the Court has not decided who should win the case.

## Who Is Included in the Settlement

To see if you can get a payment, you first need to determine whether you are included in this lawsuit.

**10. Am I Included as part of the Class?**

The Court decided that all people who fit this definition are included in the Class: "Facebook users located in Illinois for whom Facebook created and stored a face template after June 7, 2011."

To receive money under the Settlement, you must have lived in the State of Illinois for a period of at least 183 days (6 months) after June 7, 2011. Time spent traveling or taking a vacation outside Illinois can be included in this time period and does not make you ineligible.

Facebook's records were used to identify certain Class Members who should have received Notice through email or on Facebook. If you didn't get a Notice and think you're included, you might be part of the Class if you are a current or former Facebook user in Illinois who uploaded a photograph of yourself or were "tagged" in a photograph on Facebook after June 7, 2011. Not everybody in Illinois who uses Facebook is included. If photographs of you that were uploaded to Facebook (by yourself or others) after June 7, 2011 did not result in the creation of a face template while you lived in Illinois, you are not part of the Class. For more information, please visit **www.facebookbipaclassaction.com**.

**11. Are there exceptions to being included?**

Some users are excluded because they work for Facebook or are related to the judges or lawyers in the case. The Settlement Agreement has a list of the categories of people who are excluded. Of course, users who request to be excluded (this process is explained below) aren't included either.

**12. I'm still unsure if I am included.**

If you are still not sure whether you are included, you can get free help at www.facebookbipaclassaction.com, by calling the Settlement Administrator at 1-844-799-2417 or by calling the lawyers appointed to represent Class Members in this case, Edelson PC ("Edelson") of Chicago, Illinois 1-866-354-3015, Robbins Geller Rudman & Dowd LLP ("Robbins Geller") of San Francisco, California 1-800-449-4900, and Labaton Sucharow LLP ("Labaton Sucharow") of New York, New York 1-888-219-6877. Please do not contact the Court or Facebook.

## The Settlement Benefits

**13. What does the Settlement provide?**

Facebook will pay $650 million to settle this case. That money will go into a "Settlement Fund" to pay for everything related to the Settlement. Most of the money will go to Class Members who submit valid Claim Forms (more about that in the question below). The rest will be used to pay the costs of notifying people about the Settlement, the lawyers' fees, awards to the Class Representatives who helped bring the lawsuit, and certain taxes.

Facebook will also turn "off" its Face Recognition feature for most Class Members. If those Class Members don't turn Face Recognition back on, Facebook will delete all existing face templates for those users.

Some Class Members who already turned Face Recognition back "on" for themselves, including Class Members who recently signed up for Facebook, won't have their Face Recognition setting turned off.

Finally, Facebook will delete any face templates of any Class Members who have had no activity on Facebook for a period of three years.

**14. How much will my payment be?**

Payments will likely be approximately $200 to $400 per person. We can't give you an exact number right now because the payment amounts depend on how many Class Members file valid claims and the amount of fees, costs, expenses, and awards deducted from the Settlement Fund. The Settlement Website will periodically be updated to provide the estimated payment amount based on the number of participating Class Members.

**15. How can I get a payment?**

To get a payment you have to complete and submit a valid Claim Form **no later than November 23, 2020.** Please file your claim electronically on **www.facebookbipaclassaction.com.** Not only is submitting online easier and more secure, but it is completely free and takes only minutes. You can get payment by a check or electronically through Zelle, PayPal, and direct deposit.

If you want to get a paper copy of the Claim Form, you can go to **www.facebookbipaclassaction.com** or call toll-free, 1-844-799-2417.

**16. When will I get my payment?**

We can't give you a date yet. Payments will be made about two months after the Court approves the Settlement. The Court will consider final approval of the Settlement on January 7, 2021. Even if the Court approves the Settlement, there may be appeals. It is always uncertain whether and when appeals can be resolved, and resolving them can take more than a year.

All checks will expire and become void 90 days after they are issued. If there is any money left because of uncashed checks or returned electronic payments, you may get a second payment if you filed a valid claim. If there is money left after the second payments, that money may be donated to the American Civil Liberties Union of Illinois to be used for their efforts protecting biometric privacy rights.

The Settlement Website will be updated to inform Class Members of the progress of the Settlement. Please be patient.

## What happens if you remain in the Settlement

**17. What am I giving up if I stay in the Class?**

Unless you exclude yourself, you are staying in the Class. That means that if the Court approves the Settlement, you are giving up the right to file your own lawsuit against, or seek further money from, Facebook for any of the issues or claims in the case—whether or not you are currently aware of those claims.

The specific scope of the claims you are releasing is in paragraph 1.25 of the Settlement Agreement, which is available through the "Court Documents" link on the Settlement Website. If you have any questions, you can talk to the lawyers listed in Question 19 for free, or you can, of course, talk to your own lawyer if you have questions about what the release means.

**18. What happens if I do nothing at all?**

If you are a Class Member and do nothing (meaning you don't submit a Claim Form and don't exclude yourself), you will not get anything from this Settlement and you will release your claims as explained above.

## The Lawyers Representing you

**19. Do I have a lawyer in this case?**

The Court has appointed the law firms of Edelson 1-866-354-3015, Robbins Geller 1-800-449-4900, and Labaton Sucharow 1-888-219-6877 to represent you and all Class Members. These firms are called "Class Counsel." The law firms are experienced in handling similar class action cases. More information about Edelson, Robbins Geller, and Labaton Sucharow, their practices, and their lawyers' experience is available at www.edelson.com, www.rgrdlaw.com, and www.labaton.com.

They believe, after fighting with Facebook in Court for several years, that the Settlement Agreement is fair, reasonable, and in the best interests of the Class. You will not be separately charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**20. How will the lawyers be paid?**

The Court will determine how much Class Counsel will be paid for attorneys' fees, costs, and expenses in this case. The amounts will be paid from the $650 million Settlement Fund. Class Counsel will apply for an attorneys' fees award of no more than twenty percent of the original $550 million settlement fund, plus costs and expenses. Labaton Sucharow will use money from its share of what is awarded to pay the Offices of Norman Rifkind.

Class Counsel will also ask the Court to approve awards of up to $7,500 each to compensate the Class Representatives for their services on behalf of the Class.

Class Counsel's application for an award of attorneys' fees, costs, and expenses and the Class Representative awards will be made available on the "Court Documents" page at www.facebookbipaclassaction.com on October 15, 2020.

## Excluding Yourself from the Class

**21. How do I get out of the Settlement?**

To exclude yourself from the Class, and no longer be part of the Settlement, you must mail, email, or deliver a letter stating that you want to be excluded from the Class in *In re Facebook Biometric Information Privacy Litigation*, Case No. 3:15-cv-03747-JD. Your request for exclusion must include your name, address, email address, and your signature. If your email address is different than the email address associated with your Facebook account, please also include an email address associated with your account or a mobile phone number associated with your account. You must mail or email your exclusion request **no later than November 23, 2020**, to:

*In re Facebook Biometric Information Privacy Litigation* **Settlement Administrator**
P.O. Box 43401
Providence, RI 02940-3401
admin@facebookbipaclassaction.com

**22. If I do not exclude myself, can I sue Facebook for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Facebook for the claims being resolved by this Settlement. If you have a pending case against Facebook, please speak with your attorney immediately.

**23. If I exclude myself, can I still get anything from the Settlement?**

No. If you exclude yourself, you should not submit a Claim Form to ask for a payment because you will no longer be eligible for any.

## Objecting to or Commenting on the Settlement

**24. How do I object or comment on the Settlement or the request for attorneys' fees, costs, expenses, and incentive awards?**

You can comment on, or object to, the Settlement, Class Counsel's request for attorneys' fees, costs and expenses, and/or the request for awards for the Class Representatives.

You can ask the Court to deny approval of the Settlement. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no payments will be made now, and the litigation will continue. If that is what you want to happen, you must object.

Any objection to the proposed Settlement must be in writing. If you file a written objection before the deadline, you may, but don't have to, appear at the Final Approval Hearing. If you want to appear, you can do so yourself or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

All written objections must contain the following:

- The name and case number of this lawsuit (*In re Facebook Biometric Information Privacy Litigation*, Master File No. 3:15-CV-03747-JD);

- Your full name, mailing address, email address, and telephone number;

- If you use a different email address or telephone number for your Facebook account please also provide that information;

- An explanation of why you believe you are a Class Member;

- A statement that identifies whether you are objecting only on your own behalf, on behalf of a subsection of the Class, or on behalf of the Class as a whole;

- All reasons for your objection or comment, including all citations to legal authority and evidence supporting the objection;

- Whether you intend to personally appear and/or testify at the Final Approval Hearing (either personally or through counsel), and what witnesses you will ask to speak;

- The name and contact information of any and all attorneys representing, advising, and/or assisting you, including any counsel who may be entitled to compensation for any reason related to your objection or comment, who must make an appearance with the Court in accordance with the Local Rules; and

- Your handwritten or electronically imaged signature. An attorney's signature, or typed signature, is not sufficient.

To be considered by the Court, your comment or objection must be received by the Court either by mailing it to the Class Action Clerk, United States District Court for the Northern District of California, Phillip Burton Federal Building & U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing it in person at any location of the United States District Court for the Northern District of California. To be considered, your comment or objection must be filed or postmarked **on or before November 23, 2020**.

**25. What is the difference between objecting and excluding myself from the Class?**

Objecting means that you disagree with some aspect of the Settlement and think the Court should not approve the Settlement. An objection, or a comment, allows your views to be heard in court. You can object only if you stay in the Class.

Excluding yourself from the Class means that you are no longer a Class Member and do not want the Settlement to apply to you. If you exclude yourself, you lose any right to receive any payments or benefits from the Settlement or to object to the Settlement because the case no longer affects you.

## The Court's Final Approval Hearing

**26. When and where will the Court decide whether to approve the Settlement?**

The Court is scheduled to hold the Final Approval Hearing on January 7, 2021 at 10:00 a.m. in Courtroom 11 of the United States Courthouse, 450 Golden Gate Ave., 19th Floor, San Francisco, CA. The hearing may be rescheduled to a different date or time or location without another Notice to Class Members. Especially given the national health emergency, the date, time and location of the hearing may be subject to change, as will the manner in which Class Members might appear at the hearing. Please review the Settlement Website for any updated information regarding the Final Approval Hearing.

At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The Court may listen to people who appear at the hearing and who have provided notice of their intent to appear at the hearing. The Court may also consider Class Counsel's application for attorneys' fees, costs and expenses and for awards to Class Representatives.

**27. Do I have to come to the Final Approval Hearing?**

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish. If you submit a written objection or comment, you do not have to come to the Court to talk about it. As long as you submit your written objection or comment on time, and follow the requirements above, the Court will consider it. You may also pay your own attorney to attend, but it is not required.

**28. May I speak at the Final Approval Hearing?**

Yes. You may ask the Court for permission to speak at the Final Approval Hearing. At the hearing, the Court may hear any objections and arguments concerning the fairness of the Settlement and/or Class Counsel's request for attorneys' fees, costs, expenses, and incentive awards.

To do so, you must include in your objection or comment a statement saying that it is your "Notice of Intent to Appear in *In re Facebook Biometric Information Privacy Litigation*, Case No. 3:15-cv-03747-JD". It must include your name, address, email, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your submission and notice of intent to appear must be filed with the Court and be received no later than November 23, 2020.

You cannot speak at the hearing if you exclude yourself from the Class.

## Getting More Information

**29. How do I get more information?**

This Notice summarizes the proposed Settlement. More details are in the Stipulation of Class Action Settlement, in the Court's orders, and other relevant documents, which are available online at **www.facebookbipaclassaction.com**.

You can also get information about this case by accessing the Court docket, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at www.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, San Francisco Courthouse, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

You may also contact the Settlement Administrator at 1-844-799-2417 or write to *In re Facebook Biometric Information Privacy Litigation* Settlement Administrator, P.O. Box 43401, Providence, RI 02940-3401, or call Class Counsel Edelson (1-866-354-3015), Robbins Geller (1-800-449-4900), and Labaton Sucharow (1-888-219-6877).

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE
TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

All questions regarding the Settlement or claims process should be directed to the Settlement Administrator or to Class Counsel.

By order of the United States District Court for the Northern District of California

Aviso Oficial del Tribunal de Distrito de Estados Unidos por el Distrito Norte de California

# Los usuarios de Facebook en Illinois pueden tener derecho a un pago si su cara apareció en una foto en Facebook después del 7 de junio de 2011

**No se preocupe, usted no está siendo demandado. Esto es un aviso oficial del tribunal, no un anuncio de un abogado.**

Facebook, Inc. ha resuelto una demanda colectiva que alega que Facebook recopiló y almacenó datos biométricos de los usuarios de Facebook en Illinois sin el debido aviso y consentimiento infringiendo la ley de Illinois como parte de su función "Sugerencias de Etiqueta" y otras funciones que implican la tecnología de reconocimiento facial.

Usted está incluido en el Acuerdo si es o era usuario de Facebook ubicado en Illinois y Facebook creó y almacenó una plantilla de cara para usted después del 7 de junio de 2011.

Los usuarios incluidos pueden rellenar un breve Formulario de Reclamación y recibir aproximadamente de $200 a $400 por persona procedente del Fondo del Acuerdo de $650 millones. Este fondo también se utilizará para pagar los costos de notificar a las personas sobre el Acuerdo, los honorarios de los abogados, las adjudicaciones a los usuarios que ayudaron a presentar la demanda, y ciertos impuestos.

El Acuerdo también solicita que Facebook "desactive" su configuración de Reconocimiento Facial y elimine las plantillas de rostros para la mayoría de los usuarios, a menos que ellos la vuelvan a "activar".

Si usted está incluido, sus derechos legales se ven afectados independientemente de si actúa o no. Lea este Aviso detenidamente.

El Tribunal a cargo de este caso aún no ha decidido si el Acuerdo es justo. Los pagos solamente se efectuarán si el Tribunal decide que el Acuerdo es justo y lo aprueba.

## Sus Derechos Legales y Opciones en esta Demanda

**1. Rellenar un Formulario de Reclamación.**

La única manera de obtener un pago. Usted tiene que presentar un Formulario de Reclamación válido ya sea en línea o por correo con matasellos de no más tarde del 23 de noviembre de 2020.

**2. Objetar.**

Escriba al Tribunal sobre por qué no le agrada algo del Acuerdo no más tarde del 23 de noviembre de 2020.

**3. Solicitar ser excluido de la Clase.**

Si no desea formar parte del Acuerdo, tiene que enviar una solicitud por escrito para ser excluido. No recibirá ningún dinero ni otros beneficios, pero mantendrá cualquier derecho a demandar a Facebook usted mismo por los mismos asuntos legales en esta demanda.

**4. Asistir a una audiencia el 7 de enero de 2021.**

Usted puede solicitar hablar en el Tribunal sobre su opinión del Acuerdo, incluyendo el monto de los honorarios de abogados. Las solicitudes por escrito para hablar tienen que ser recibidas por el Tribunal no más tarde del 23 de noviembre de 2020.

**5. No hacer nada.**

No recibirá dinero y perderá cualquier derecho a demandar a Facebook usted mismo por los mismos asuntos legales en esta demanda.

## Información Básica

**6. ¿Por qué debería leer este Aviso?**

Este Aviso explica la demanda, el Acuerdo, sus derechos, los pagos disponibles, y cómo obtenerlos.

El Hon. James Donato del Tribunal de Distrito de Estados Unidos por el Distrito Norte de California está a cargo de esta demanda colectiva. La demanda se conoce como *In re Facebook Biometric Information Privacy Litigation*, N.º de caso 3:15-CV-03747-JD.

**7. ¿De qué trata esta demanda?**

Los usuarios de Facebook en Illinois demandaron a Facebook alegando que su función de "Sugerencia de Etiqueta" y otras funciones relacionadas con la tecnología de reconocimiento facial infringió la Ley de Privacidad de Información Biométrica de Illinois ("BIPA" por sus siglas en inglés). Esa ley dice que las empresas no pueden recopilar, almacenar, o dar "datos biométricos", que incluyen cosas como escaneos faciales o de huellas dactilares, sin antes dar aviso y obtener consentimiento. Este caso alega que Facebook utilizó tecnología de reconocimiento facial para crear plantillas de rostros—plantillas únicas que se pueden utilizar para identificar a los usuarios en fotos, que estas plantillas están cubiertas por BIPA, y que Facebook lo hizo sin el debido aviso y consentimiento. Facebook niega todas las alegaciones de irregularidades y responsabilidad.

**8. ¿Qué es una demanda colectiva y quién participa?**

En una demanda colectiva, una o más personas llamadas "Representantes de la Clase" demandan en nombre de otras personas que tienen reclamaciones similares. Estas personas juntas forman una "Clase" o son "Miembros de la Clase". Un tribunal resuelve los asuntos en el caso para todas las personas de la Clase (excepto para aquellas personas que decidan excluirse de la Clase). En este caso, el Tribunal nombró a Nimesh Patel, Adam Pezen y Carlo Licata como Representantes de la Clase. Estas personas son de Illinois y alegan que Facebook tenía plantillas de rostro creadas y almacenadas de ellos.

**9. ¿Por qué hay un Acuerdo?**

Facebook y los Representantes de la Clase pasaron más de cinco años en el Tribunal litigando este caso. Poco antes del juicio, ambas partes llegaron a un acuerdo. El Acuerdo otorga a los Miembros de la Clase pagos garantizados ahora, mientras que en un juicio, los Miembros de la Clase podrían no recibir nada o podrían obtener pagos dentro de unos años. Como hay un acuerdo, el Tribunal no ha decidido quién debería ganar el caso.

## Quién está Incluido en el Acuerdo

Para ver si puede obtener un pago, primero necesita determinar si está incluido en esta demanda.

**10. ¿Estoy incluido como parte de la Clase?**

El Tribunal decidió que todas las personas que se ajustan a esta definición están incluidas en la Clase: "Los usuarios de Facebook ubicados en Illinois para los que Facebook creó y almacenó una plantilla de rostro después del 7 de junio de 2011".

Para recibir dinero conforme al Acuerdo, tiene que haber vivido en el estado de Illinois durante un periodo de al menos 183 días (6 meses) después del 7 de junio de 2011. El tiempo que pasara viajando o de vacaciones fuera de Illinois se puede incluir en este periodo de tiempo y no lo hace inelegible.

Los registros de Facebook se utilizaron para identificar a ciertos Miembros de la Clase que deberían haber recibido un Aviso por correo electrónico o en Facebook. Si usted no recibió un Aviso y cree que está incluido, podría formar parte de la Clase si es un usuario actual o anterior de Facebook en Illinois que subió una fotografía de sí mismo o fue "etiquetado" en una fotografía en Facebook después del 7 de junio de 2011. No todas las personas en Illinois que utilizan Facebook están incluidas. Si las fotografías suyas que fueron subidas a Facebook (por usted u otros) después del 7 de junio de 2011 no resultaron en la creación de una plantilla de rostro mientras vivía en Illinois, no forma parte de la Clase. Para obtener más información, visite **www.facebookbipaclassaction.com**.

**11. ¿Hay excepciones para estar incluido?**

Algunos usuarios quedan excluidos porque trabajan para Facebook o están relacionados con los jueces o abogados en este caso. El Acuerdo de Resolución tiene una lista de las categorías de personas que están excluidas. Por supuesto, los usuarios que soliciten ser excluidos (este proceso se explica más adelante) tampoco están incluidos.

**12. Todavía no estoy seguro de si estoy incluido.**

Si todavía no está seguro de si está incluido, puede obtener ayuda gratuita en www.facebookbipaclassaction.com, llamando al Administrador del Acuerdo al 1-844-799-2417 o llamando a los abogados designados para representar a los Miembros de la Clase en este caso, Edelson PC ("Edelson") de Chicago, Illinois 1-866-354-3015, Robbins Geller Rudman & Dowd LLP ("Robbins Geller") de San Francisco, California 1-800-449-4900, y Labaton Sucharow LLP ("Labaton Sucharow") de New York, New York 1-888-219-6877. Por favor, no se ponga en contacto con el Tribunal o Facebook.

## Los Beneficios del Acuerdo

**13. ¿Qué dispone el Acuerdo?**

Facebook pagará $650 millones para resolver este caso. Ese dinero se ingresará en un "Fondo del Acuerdo" para pagar todo lo relacionado con el Acuerdo. La mayor parte del dinero se destinará a los Miembros de la Clase que presenten Formularios de Reclamación válidos (más detalles en la siguiente pregunta). El resto se utilizará para pagar los costos de notificar a las personas sobre el Acuerdo, los honorarios de los abogados, las adjudicaciones a los Representantes de la Clase que ayudaron a presentar la demanda, y ciertos impuestos.

Facebook además "desactivará" su función de Reconocimiento Facial para la mayoría de los Miembros de la Clase. Si esos Miembros de la Clase no vuelven a activar el Reconocimiento Facial, Facebook eliminará todas las plantillas de rostros existentes para dichos usuarios.

Algunos Miembros de la Clase que ya han vuelto a "activar" el Reconocimiento Facial ellos mismos, incluyendo los Miembros de la Clase que se hayan registrado recientemente en Facebook, no tendrán la función de Reconocimiento Facial desactivada.

Por último, Facebook eliminará cualquier plantilla de rostro de cualquier Miembro de la Clase que no haya tenido actividad en Facebook por un periodo de tres años.

**14. ¿De cuánto será mi pago?**
Los pagos probablemente serán de aproximadamente $200 a $400 por persona. No podemos darle un número exacto en este momento porque los montos de pago dependen de cuántos Miembros de la Clase presenten reclamaciones válidas y los montos de honorarios, costos, gastos, y adjudicaciones deducidas del Fondo del Acuerdo. El sitio web del Acuerdo se actualizará periódicamente para proporcionar el monto estimado del pago basado en el número de Miembros participantes de la Clase.

**15. ¿Cómo puedo obtener un pago?**

Para obtener un pago tiene que completar y enviar un Formulario de Reclamación válido **no más tarde del 23 de noviembre de 2020**. Por favor, presente su reclamación electrónicamente en **www.facebookbipaclassaction.com**. No es solamente más fácil y más seguro, sino que es completamente gratis y toma solo unos minutos. Puede obtener el pago mediante un cheque o electrónicamente a través de Zelle, PayPal, y depósito directo.

Si desea obtener una copia en papel del Formulario de Reclamación, puede dirigirse a **www.facebookbipaclassaction.com** o llamar al número gratuito 1-844-799-2417.

**16. ¿Cuándo recibiré mi pago?**

Todavía no podemos darle una fecha. Los pagos se efectuarán aproximadamente dos meses después de que el Tribunal apruebe el Acuerdo. El Tribunal considerará la aprobación definitiva del Acuerdo el 7 de enero de 2021. Incluso si el Tribunal aprueba el Acuerdo, puede que haya apelaciones. Nunca se sabe si las apelaciones pueden ser resueltas o para cuándo, y resolverlas puede llevar más de un año.

Todos los cheques caducarán y se anularán a los 90 días de su emisión. Si queda dinero debido a los cheques no cobrados o los pagos electrónicos devueltos, puede recibir un segundo pago si presentó una reclamación válida. Si queda dinero después de los segundos pagos, dicho dinero puede ser donado a la American Civil Liberties Union of Illinois para ser utilizado a los esfuerzos para proteger los derechos de privacidad biométricos.

El sitio web del Acuerdo se actualizará para informar a los Miembros de la Clase del progreso del Acuerdo. Por favor, sea paciente.

### Qué sucede si permanece en el Acuerdo

**17. ¿A qué estoy renunciando si permanezco en la Clase?**

A menos que se excluya, usted permanece en la Clase. Eso significa que, si el Tribunal aprueba el Acuerdo, está renunciando al derecho de presentar su propia demanda contra Facebook, o solicitar más dinero, por cualquiera de los asuntos o reclamaciones en el caso—independientemente de si usted está o no al tanto de dichas reclamaciones.

El alcance específico de las reclamaciones que está liberando se encuentra en el párrafo 1.25 del Acuerdo de Resolución, que está disponible a través del enlace "Documentos del Tribunal" en el sitio web del Acuerdo. Si tiene alguna pregunta, puede hablar con los abogados listados en la Pregunta 19 de forma gratuita, o puede, por supuesto, hablar con su propio abogado si tiene preguntas en cuanto a lo que significa la liberación.

**18. ¿Qué sucede si no hago nada en absoluto?**

Si usted es un Miembro de la Clase y no hace nada (lo que significa que no envía un Formulario de Reclamación y no se excluye), no recibirá nada de este Acuerdo y liberará sus reclamaciones como se explicó anteriormente.

## Los Abogados que le representan

**19. ¿Tengo un abogado en este caso?**

El Tribunal ha nombrado a los bufetes de abogados de Edelson 1-866-354-3015, Robbins Geller 1-800-449-4900, y Labaton Sucharow 1-888-219-6877 para representarle a usted y a todos los Miembros de la Clase. A estos bufetes se les denomina "Abogados de la Clase". Los bufetes de abogados tienen experiencia en gestionar casos de demandas colectivas similares. Más información sobre Edelson, Robbins Geller, y Labaton Sucharow, sus prácticas, y la experiencia de sus abogados está disponible en www.edelson.com, www.rgrdlaw.com, y www.labaton.com.

Ellos creen que, después de pleitear con Facebook en el tribunal durante varios años, el Acuerdo de Resolución es justo, razonable y para el mejor beneficio de la Clase. No se le cobrará por separado por estos abogados. Si desea estar representado por su propio abogado en este caso, puede contratar uno a su cargo.

**20. ¿Cómo se les pagará a los abogados?**

El Tribunal determinará cuánto se pagará a los Abogados de la Clase por los honorarios de abogados, costos y gastos en este caso. Los montos se pagarán del Fondo del Acuerdo de $650 millones. Los Abogados de la Clase solicitarán una adjudicación de honorarios de abogados de no más del veinte por ciento de los $550 millones originales del fondo del acuerdo, más los costos y gastos. Labaton Sucharow utilizará su parte de lo que se le adjudique para pagar a las Oficinas de Norman Rifkind.

Los Abogados de la Clase también solicitarán al Tribunal que apruebe adjudicaciones de hasta $7,500 cada una para compensar a los Representantes de la Clase por sus servicios en nombre de la Clase.

La solicitud de los Abogados de la Clase para una adjudicación de honorarios de abogados, costos y gastos y las adjudicaciones a los Representantes de la Clase estarán disponibles en la página "Documentos del Tribunal" en www.facebookbipaclassaction.com el 15 de octubre de 2020.

## Excluirse de la Clase

**21. ¿Cómo me salgo del Acuerdo?**

Para excluirse de la Clase, y ya no formar parte del Acuerdo, tiene que enviar por correo postal, correo electrónico o entregar una carta indicando que desea ser excluido de la Clase en *In re Facebook Biometric Information Privacy Litigation*, N.º de caso 3:15-cv-03747-JD. Su solicitud de exclusión tiene que incluir su nombre, dirección, correo electrónico y su firma. Si su dirección de correo electrónico es distinta a la dirección de correo electrónico asociada a su cuenta de Facebook, incluya también una dirección de correo electrónico asociado con su cuenta o un número de teléfono móvil asociado a su cuenta. Tiene que enviar por correo postal o correo electrónico su solicitud de exclusión **no más tarde del 23 de noviembre de 2020** a:

*In re Facebook Biometric Information Privacy Litigation* **Settlement Administrator**
P.O. Box 43401
Providence, RI 02940-3401
admin@facebookbipaclassaction.com

**22. Si no me excluyo, ¿puedo demandar a Facebook por el mismo asunto más adelante?**

No. A menos que se excluya, usted renuncia a cualquier derecho a demandar a Facebook por las reclamaciones que se resuelven en este Acuerdo. Si tiene un caso pendiente contra Facebook, por favor, hable con su abogado inmediatamente.

**23. Si me excluyo, ¿puedo todavía obtener algo del Acuerdo?**

No. Si se excluye, no debe enviar un Formulario de Reclamación para solicitar un pago porque ya no es elegible para ninguno.

## Objetar o Comentar el Acuerdo

**24. ¿Cómo objeto o hago un comentario sobre el Acuerdo o la solicitud de los honorarios de abogados, costos, gastos y adjudicaciones de incentivo?**

Usted puede comentar u oponerse al Acuerdo, la solicitud de los Abogados de la Clase para los honorarios de abogados, costos y gastos, y/o la solicitud de las adjudicaciones para los Representantes de la Clase.

Puede solicitar al Tribunal que deniegue la aprobación del Acuerdo. No puede solicitar al Tribunal que ordene un acuerdo diferente; el Tribunal solamente puede aprobar o rechazar el Acuerdo. Si el Tribunal deniega la aprobación, no se efectuará ningún pago en este momento, y el litigio continuará. Si eso es lo que desea que ocurra, tiene que objetar.

Cualquier objeción al Acuerdo propuesto tiene que ser por escrito. Si presenta una objeción por escrito antes de la fecha límite, puede, pero no tiene que hacerlo, comparecer en la Audiencia de Aprobación Final. Si desea comparecer, puede hacerlo usted mismo o mediante su propio abogado. Si comparece mediante su propio abogado, usted es responsable de contratar y pagar a ese abogado.

Todas las objeciones por escrito tienen que incluir lo siguiente:

- El nombre y el número de caso de esta demanda (*In re Facebook Biometric Information Privacy Litigation*, Master File No. 3:15-CV-03747-JD);

- Su nombre completo, dirección de correo postal, correo electrónico, y número de teléfono;

- Si utiliza una dirección de correo electrónico o número de teléfono diferente al de su cuenta de Facebook, también proporcione esa información;

- Una explicación de por qué cree que es un Miembro de la Clase;

- Una declaración que identifique si está objetando solamente en su nombre, en nombre de una subsección de la Clase, o en nombre de la Clase en su conjunto:

- Todas las razones de su objeción o comentario, incluyendo todas las citaciones a la autoridad legal y pruebas que respalden la objeción;

- Si tiene intención de comparecer personalmente y/o testificar en la Audiencia de Aprobación Final (ya sea en persona o mediante abogado), y a qué testigos pedirá hablar;

- El nombre y la información de contacto de todos y cada uno de los abogados que le representen, asesoren, y/o ayuden, incluyendo a cualquier abogado que pueda tener derecho a una compensación por cualquier razón relacionada con su objeción o comentario, que deba hacer una comparecencia ante el Tribunal de acuerdo con las Normas Locales; y

- Su firma manuscrita o firma electrónica. La firma de un abogado, o firma mecanografiada, no es suficiente.

Para ser considerado por el Tribunal, su comentario u objeción tiene que ser recibida por el Tribunal ya sea por correo enviándolo a Class Action Clerk, United States District Court for the Northern District of California, Phillip Burton Federal Building & U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, o presentándolo en persona en cualquier ubicación del Tribunal de Distrito de Estados Unidos por el Distrito Norte de California. Para ser considerado, su comentario u objeción tiene que ser presentado o llevar matasellos de **no más tarde del 23 de noviembre de 2020**.

### 25. ¿Cuál es la diferencia entre objetar y excluirse de la Clase?

Objetar significa que no está de acuerdo con algún aspecto del Acuerdo y piensa que el Tribunal no debe aprobar el Acuerdo. Una objeción, o un comentario, permite que sus puntos de vista sean escuchados en el tribunal. Puede objetar solamente si permanece en la Clase.

Excluirse de la Clase significa que usted ya no es Miembro de la Clase y no desea que el Acuerdo le aplique. Si se excluye, pierde cualquier derecho a recibir pagos o beneficios del Acuerdo o a objetar al Acuerdo porque el caso ya no le afecta.

## La Audiencia de Aprobación Final del Tribunal

### 26. ¿Cuándo y dónde decidirá el Tribunal si aprueba el Acuerdo?

El Tribunal tiene previsto celebrar la Audiencia de Aprobación Final el 7 de enero de 2021, a las 10:00 a.m., en la Sala 11 del Palacio de Justicia de Estados Unidos, 450 Golden Gate Ave., 19th Floor, San Francisco, CA. La audiencia puede ser aplazada a una fecha, lugar u hora diferentes sin más aviso a los Miembros de la Clase. Dada especialmente la emergencia sanitaria nacional, la fecha, hora y lugar de la audiencia pueden estar sujetos a cambios, al igual que la forma en que los Miembros de la Clase puedan presentarse en la audiencia. Por favor, revise el sitio web del Acuerdo para obtener información actualizada sobre la Audiencia de Aprobación Final.

En la Audiencia de Aprobación Final, el Tribunal considerará si el Acuerdo es justo, razonable y adecuado. Si hay objeciones, el Tribunal las considerará. El Tribunal puede escuchar a las personas que comparezcan en la audiencia y que han proporcionado aviso de su intención de comparecer en la audiencia. El Tribunal también puede considerar la solicitud de los Abogados de la Clase por los honorarios de abogados, costos y gastos, y por las adjudicaciones a los Representantes de la Clase.

### 27. ¿Tengo que acudir a la Audiencia de Aprobación Final?

No. Los Abogados de la Clase responderán a cualquier pregunta que el Tribunal pueda tener. Usted puede asistir por su cuenta si lo desea. Si presenta una objeción o comentario por escrito, no tiene que acudir al Tribunal para hablar de ello. Siempre y cuando presente su objeción o comentario por escrito a tiempo, y siga los requisitos anteriores, el Tribunal lo considerará. También puede pagar a su propio abogado para que asista, pero no es necesario.

**28. ¿Puedo hablar en la Audiencia de Aprobación Final?**

Sí. Puede solicitar permiso al Tribunal para hablar en la Audiencia de Aprobación Final. En la audiencia, el Tribunal puede escuchar objeciones y argumentos en cuanto a la equidad del Acuerdo y/o la solicitud de los Abogados de la Clase por los honorarios de abogados, costos, gastos, y las adjudicaciones de incentivo.

Para hacerlo, en su objeción o comentario tiene que incluir una declaración diciendo que es su "Aviso de Intención de Comparecer en *In re Facebook Biometric Information Privacy Litigation*, N.º de caso 3:15-cv-03747-JD". Tiene que incluir su nombre, dirección, correo electrónico, número de teléfono y firma, así como el nombre y la dirección de su abogado, si éste comparece en su nombre. Su presentación y aviso de intención de comparecer tiene que ser presentado ante el Tribunal y ser recibido no más tarde del 23 de noviembre de 2020.

Usted no puede hablar en la audiencia si se excluye de la Clase.

## Obtener más Información

**29. ¿Cómo obtengo más información?**

Este Aviso resume el Acuerdo propuesto. Puede encontrar más detalles en la Estipulación del Acuerdo de Demanda Colectiva, en las órdenes del Tribunal, y otros documentos relevantes, que están disponibles en línea en **www.facebookbipaclassaction.com**.

También puede obtener información sobre este caso accediendo al expediente del Tribunal, con cargo, mediante el sistema de Acceso Público del Tribunal a Registros Electrónicos del Tribunal (PACER) en www.cand.uscourts.gov, o visitando la oficina del Secretario del Tribunal del Tribunal de Distrito de Estados Unidos por el Distrito Norte de California, Palacio de Justicia de San Francisco, entre las 9:00 a.m. y 4:00 p.m., de lunes a viernes, excluyendo los días festivos del Tribunal.

También puede ponerse en contacto con el Administrador del Acuerdo llamando al 1-844-799-2417 o escribiendo a *In re Facebook Biometric Information Privacy Litigation* Settlement Administrator, P.O. Box 43401, Providence, RI 02940-3401, o llamando a los Abogados de la Clase Edelson (1-866-354-3015), Robbins Geller (1-800-449-4900), y Labaton Sucharow (1-888-219-6877).

**POR FAVOR, NO LLAME POR TELÉFONO AL TRIBUNAL O A LA OFICINA DEL SECRETARIO DEL TRIBUNAL PARA HACER CONSULTAS SOBRE ESTE ACUERDO O EL PROCESO DE RECLAMACIONES.**

Todas las preguntas relacionadas con el Acuerdo o el proceso de reclamaciones deben dirigirse al Administrador del Acuerdo o a los Abogados de la Clase.

Por orden del Tribunal de Distrito de Estados Unidos por el Distrito Norte de California

*In re Facebook Biometric Information Privacy Litigation*
**Settlement Administrator**
P.O. Box 43401
Providence, RI 02940-3401

**FBY**

*In re Facebook Biometric Information Privacy Litig.*
U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Case No. 3:15-cv-03747-JD (N.D. Cal.)

**Must Be Postmarked
By November 23, 2020**

# Claim Form

*Instructions.* You may be eligible for a payment as part of the settlement of this case. You may submit only one Claim and duplicate claims will be rejected. To submit a claim for payment, provide all the information requested, and select how you would like to receive your payment. You must mail your Claim Form so it is postmarked by **November 23, 2020**.

**1. Basic Information**

First Name    M.I.    Last Name

Address

Address (continued)

City    State    ZIP Code

Email address associated with your Facebook account

or

Phone number associated with your Facebook account

**2. Payment Method.** Payment will be issued by check and will be mailed to the address above.

FOR CLAIMS PROCESSING ONLY   OB   CB   DOC  LC  REV   RED  A  B

1

3. **Claim Information.** Provide the approximate dates and addresses where you lived in Illinois between June 7, 2011 and August 19, 2020.

| __ __ / __ __ / __ __ | to | __ __ / __ __ / __ __ |
| Date (mm/dd/yy) | | Date (mm/dd/yy) |

Address: _____

City: _____  State: ____  ZIP Code: _____

| __ __ / __ __ / __ __ | to | __ __ / __ __ / __ __ |
| Date (mm/dd/yy) | | Date (mm/dd/yy) |

Address: _____

City: _____  State: ____  ZIP Code: _____

| __ __ / __ __ / __ __ | to | __ __ / __ __ / __ __ |
| Date (mm/dd/yy) | | Date (mm/dd/yy) |

Address: _____

City: _____  State: ____  ZIP Code: _____

4. **Affirmation.** By signing and submitting this Claim Form you affirm under penalty of perjury that, to the best of your knowledge: (1) between June 7, 2011 and August 19, 2020, you lived in the State of Illinois for a period of at least 183 days (6 months) and had a Facebook account during that time; (2) during the time I lived in Illinois, I uploaded at least one Facebook profile picture that included my face or was tagged in at least one photo with my face; and (3) all of the information I provided in this Claim Form is true and accurate.

Signature: _____  Date (mm/dd/yyyy): _____

Print Name: _____

Mail your completed Claim Form to:

*In re Facebook Biometric Information Privacy Litigation* Settlement Administrator
P.O. Box 43401
Providence, RI 02940-3401

Your Claim Form must be mailed and postmarked by **November 23, 2020**.

2