# EXHIBIT B

# Exhibit B
*In re TikTok, Inc. Consumer Privacy Litigation*, MDL No. 2948, 20-cv-4699
Table of Comparable Privacy Settlements

| CASE NAME | PRIMARY CLAIMS ASSERTED | AVAILABLE STATUTORY DAMAGES | FACTS | ARB RISK? | KEY FACTORS | EST. CLASS SIZE | TOTAL SETTLEMENT FUND | CLASS MEMBER RECOVERY |
|---|---|---|---|---|---|---|---|---|
| ***In re Netflix Privacy Litig.***, No. 11-cv-00379, 2013 U.S. Dist. LEXIS 37286 (N.D. Cal. Mar. 18, 2013) (final approval order); *see also* Nos. 13-15723, 13-15733, 13-15734, 13-15751, 13-15759 (9th Cir.)<br><br>(Jay Edelson was counsel) | Video Privacy Protection Act (VPPA) | $2,500 (VPPA) | Asserted that Netflix unlawfully stored the financial information and viewing history of former customers who canceled their accounts. | NO | • Conceded data collection.<br>• Dispute over legality of collection and disclosure.<br>• Edelson was plaintiffs' counsel and claimed that settlement was on par with *Lane v. Facebook* (described below). | 62M | *Cy pres* only distribution of $9 million to 20 non-profit organizations.<br><br>Counsel (Jay Edelson) stated that:<br><br>*cy pres* was reasonable given that direct distribution would have provided approx. $0.14 per class member.<br><br>the *cy pres* settlement provides consumers with "relief in excess of what could reasonably be expected from trial."<br><br>"class counsel calculated the net present value of the case to be approximately $6.4 million plus attorneys' fees and costs"<br><br>"regardless of the likelihood of certifying a class and prevailing on the merits of the Disclosure Claims, given that Netflix's theoretical liability exceeded ***$150 billion***, both constitutional and pragmatic concerns suggested that no court would award such an amount, and, in class counsel's opinion, a best-case recovery for those claims would be $3 million." | $0.00 |

| CASE NAME | PRIMARY CLAIMS ASSERTED | AVAILABLE STATUTORY DAMAGES | FACTS | ARB RISK? | KEY FACTORS | EST. CLASS SIZE | TOTAL SETTLEMENT FUND | CLASS MEMBER RECOVERY |
|---|---|---|---|---|---|---|---|---|
| *Missaghi v. Blockbuster, LLC*, No. 0:11-cv-02559-JRT-JSM (D. Minn.)<br><br>(Jay Edelson was counsel) | VPPA | $2,500 (VPPA) | Alleged that Blockbuster unlawfully kept a digital dossier on millions of consumers. Plaintiffs asserted that Blockbuster's records contained PII, credit card information, and video preferences and viewing histories. | NO | • Video tape service provider conceded.<br>• Consumers were actually identified.<br>• Ability to pay was an issue and thus, injunctive relief was focal point.<br>• Early settlement (motion to dismiss was filed but never briefed; motion subsequently withdrawn and case settled). | 20M | No monetary recovery to the class or *cy pres* relief; injunction only | $0.00 |
| *Turner v. Storm8, LLC*, No. 09-cv-05234-CW, 2010 U.S. Dist. LEXIS 145536 (N.D. Cal. July 30, 2010) (preliminary approval order)<br><br>(Edelson McGuire, LLP was counsel) | Computer Fraud and Abuse Act (CFAA)<br><br>California Unfair Competition Law (UCL)<br><br>California's Computer Crime Law (CCCL)<br><br>And others. | None | Alleged that Defendant improperly utilized gaming software to remove, collect, and store consumers' wireless telephone numbers without authorization. | NO | • Parties identified at mediation several potentially viable defenses and reached largely in-kind relief-based settlement in light of complexity and uncertainty of continued litigation. | 2.1M | No monetary relief provided. In-kind relief only consisting of 45 Points per device owned. Value of points was represented to be equivalent to $3.75 per device per Class Member. The relief was represented to have a "total purchase value of approximately $7,875,000." | Points only; no money |

| CASE NAME | PRIMARY CLAIMS ASSERTED | AVAILABLE STATUTORY DAMAGES | FACTS | ARB RISK? | KEY FACTORS | EST. CLASS SIZE | TOTAL SETTLEMENT FUND | CLASS MEMBER RECOVERY |
|---|---|---|---|---|---|---|---|---|
| *In re DoubleClick Inc. Privacy Litigation,* No. 00-CV-0641. 2002 U.S. Dist. LEXIS 27009 (S.D.N.Y. May 23, 2002) (final approval order) | Stored Communications Act (SCA) Wiretap Act CFAA Related state law claims | $10,000 (Wiretap Act) $1,000 (SCA) | Class action against Internet advertising corporation relating to corporation's storage of "cookies" on Internet users' hard drives. | NO | • Case dismissed on pleadings. *See In Re DoubleClick, Inc. Privacy Litig.*, 154 F. Supp .2d 497 (S.D.N.Y. 2001).<br>• Settlement reached after filing of notice of appeal.<br>• DoubleClick committed to a series of privacy protections for consumers, including better disclosure of how data will be used and a promise to purge old consumer data. The company also served 300 million banner ads with information for consumers about Internet privacy. | 100M | No monetary recovery for the class; only injunctive relief and attorneys' fees | $0.00 |
| *In re Sony PS3 "Other OS" Litig.,* No. 10-cv-01811, 2017 U.S. Dist. LEXIS 203402 (N.D. Cal. Nov. 21, 2017) (preliminary approval order) | CFAA | None | Alleged that Sony marketed "Fat PS3" as having the ability to run an alternative operating system such as Linux in addition to the native game operating system ("Other OS"), and that SCEA subsequently removed the "Other OS" functionality via firmware update 3.21, harming PS3 purchasers. | NO | • Claims-Made | 10M | Claims made settlement only; no settlement fund<br><br>Total paid was $3,750,000 (inclusive of Notice/Admin, Fees/Costs; Service Awards/Valid Claims); Fees and costs awarded were $1,250,000.00, Service awards in aggregate were $17,500. | Monetary relief available to each class member less than $0.25, ultimate payout was approximately $10 per claimant. |

3

| CASE NAME | PRIMARY CLAIMS ASSERTED | AVAILABLE STATUTORY DAMAGES | FACTS | ARB RISK? | KEY FACTORS | EST. CLASS SIZE | TOTAL SETTLEMENT FUND | CLASS MEMBER RECOVERY |
|---|---|---|---|---|---|---|---|---|
| ***In re Google Inc. Cookie Placement Consumer Privacy Litigation***, No. 1:12-md-02358, (D. Del.) *Note*: Settlement was finally approved in 2016; Third Circuit remanded for issues related to *cy pres* recipients and release of claims. Parties agreed to third party neutral to choose *cy pres* recipients. Settlement pending approval. | Stored Communications Act (SCA) Wiretap Act CFAA California Constitutional Right to Privacy Common law claims | $10,000 (Wiretap Act) $1,000 (SCA) | Alleged that Google circumvented users' privacy to secretly track their online activity. | NO | • Variety of non-BIPA privacy violations.<br>• Third Circuit affirmed district court dismissal of the three federal statutory causes of action; common law claims sustained. | 100M+ | *Cy pres* only Google agreed to pay $5.5 million to nonprofit or educational institutions for public awareness of privacy concerns. | $0.00 |

| CASE NAME | PRIMARY CLAIMS ASSERTED | AVAILABLE STATUTORY DAMAGES | FACTS | ARB RISK? | KEY FACTORS | EST. CLASS SIZE | TOTAL SETTLEMENT FUND | CLASS MEMBER RECOVERY |
|---|---|---|---|---|---|---|---|---|
| ***In re Google Referrer Header Privacy Litigation***, No. 5:10-cv-04809 (N.D. Cal.)<br><br>*Note*: Settled in 2013; finally approved in 2015; affirmed on appeal to Ninth Circuit; vacated and remanded by the Supreme Court in 2019 for issues related to standing; case is now pending again. | SCA<br><br>Unjust Enrichment<br><br>Other common law claims. | $1,000 (SCA) | Challenged Google's practice of disclosing search terms to third parties, alleged to contain user's personal information. | NO | • Variety of non-BIPA privacy violations.<br>• Admitted "novel" theory of liability. | 129M | *Cy pres* only. | $0.00 |

| CASE NAME | PRIMARY CLAIMS ASSERTED | AVAILABLE STATUTORY DAMAGES | FACTS | ARB RISK? | KEY FACTORS | EST. CLASS SIZE | TOTAL SETTLEMENT FUND | CLASS MEMBER RECOVERY |
|---|---|---|---|---|---|---|---|---|
| *In re Carrier iQ, Inc., Consumer Privacy Litig.,* No. 3:12-md-2330, 2016 U.S. Dist. LEXIS 114235 (N.D. Cal. Aug. 25, 2016) (final approval order) | Wiretap Act<br><br>Violations of state privacy acts<br><br>Violations of state consumer protection acts, including California UCL<br><br>Magnuson-Moss Warranty Act<br><br>Common law implied warranty claim | $10,000 (Wiretap Act) | Alleged that Carrier IQ developed software which collected and transferred sensitive data from cell phones. | NO | • Variety of non-BIPA privacy violations.<br>• Wiretap claims dismissed.<br>• Court found no secondary liability under the ECPA. | 79M devices involved (appx 30M users) | $9 Million Fund with $2.25 million in attorneys' fees and approximately $1 million in administration costs. Settlement notice disclosed that, in the event of unanticipated volume of claims, no money could be available and funds would be distributed *cy pres* to privacy advocates. | Total fund made $0.30 available to each class member; actual claims rate of 0.14% led to payment of about $140 per class member. |
| *T.K. ex rel. Leshore v. Bytedance Tech. Co.,* No. 1:19-cv-07915 (N.D. Ill.)<br><br>*Note*: Pending final approval. | VPPA | $2,500 (VPPA) | Alleges that defendants violated privacy laws, including the Children's Online Privacy Protection Act by tracking, collecting, and disclosing personally identifiable information and viewing data of minors under the age of 13 without seeking parental consent. | YES | • Conceded data collection and disclosure.<br>• Dispute over binding arbitration and preemption.<br>• Settled pre-litigation. | 6M | $1.1 million fund (pending final approval). | $0.19 |

6

| CASE NAME | PRIMARY CLAIMS ASSERTED | AVAILABLE STATUTORY DAMAGES | FACTS | ARB RISK? | KEY FACTORS | EST. CLASS SIZE | TOTAL SETTLEMENT FUND | CLASS MEMBER RECOVERY |
|---|---|---|---|---|---|---|---|---|
| ***In re Google LLC Streetview Elec. Communications Litig.,*** No. 3:10-md-02184, 2020 U.S. Dist. LEXIS 47928 (N.D. Cal. Mar. 18, 2020) (final approval order) | Wiretap Act | $10,000 (Wiretap Act) | Claimed Google illegally collected user information when consumers used public Wi-Fi. | NO | • Conceded data collection.<br>• Dispute over disclosure and statutory wording. | 60M | $13 million *cy pres*. | $0.00 |
| ***In re Google Buzz User Privacy Litig.,*** No. 5:10-cv-00672 (N.D. Cal.) | SCA | $1,000 (SCA) | Concerned Google Buzz, a social networking and messaging tool that integrates with Gmail and other Google services. The default "auto-follow" feature alleged to reveal private information about its users. | NO | • Conceded data collection.<br>• Dispute over consent and statutory wording. | 37M | $8.5 million *cy pres*. | $0.00 |

| CASE NAME | PRIMARY CLAIMS ASSERTED | AVAILABLE STATUTORY DAMAGES | FACTS | ARB RISK? | KEY FACTORS | EST. CLASS SIZE | TOTAL SETTLEMENT FUND | CLASS MEMBER RECOVERY |
|---|---|---|---|---|---|---|---|---|
| *In re Vizio, Inc., Consumer Privacy Litig.*, No. 8:16-ml-02693, 2019 U.S. Dist. LEXIS 140502 (C.D. Cal. Aug. 14, 2019) (judgment); *see also* ECF No. 337 (07/31/2019 final approval order). | VPPA  Wiretap Act  California UCL  Other state-specific statutory claims under California, Florida, New York, Massachusetts and Washington law  Common Law claims: unjust Enrichment/Quasi-Contract; Privacy Violation Based on Intrusion; Fraud by Omission | $2,500 (VPPA)  $10,000 (Wiretap Act) | Alleged that Vizio secretly tracked—for three years—what people were watching on about 16 million smart TVs. Plaintiffs claimed that Vizio not only collected consumers' viewing histories and information about their digital identities but also sold that information to other companies without the consumers' consent. | YES | • Conceded data collection and disclosure.  • Dispute over whether data taken = PII and its value. | 16M | $17M settlement fund. | $1.06 made available to each customer before attorneys' fees/costs.  Actual payout was approximately $18 per tv. |
| *Sekura v. L.A. Tan Enters.*, **Inc.**, No. 2015 CH 16694 (Ill. Cir. Ct.)  (Edelson PC was counsel) | Illinois Biometric Information Privacy Act (BIPA) | $5,000/$1,000 (BIPA) | Alleged L.A. Tan violated BIPA by collecting Illinois customers' fingerprints without obtaining their informed written consent. | NO | • Conceded use of biometric identifier.  • Dispute over proper defendant (third-party provider). | 37,822 | $1.5 settlement fund. | $39.66 |

8

| CASE NAME | PRIMARY CLAIMS ASSERTED | AVAILABLE STATUTORY DAMAGES | FACTS | ARB RISK? | KEY FACTORS | EST. CLASS SIZE | TOTAL SETTLEMENT FUND | CLASS MEMBER RECOVERY |
|---|---|---|---|---|---|---|---|---|
| *Prelipceanu v. Jumio Corp.*, No. 2018 CH 15883 (Ill. Cir. Ct.) | Illinois BIPA | $5,000/$1,000 (BIPA) | Alleged that Defendant utilized biometric software that collected consumers' biometric information in the form of scans of their facial geometry for identity and/or age verification purposes. | NO | • Conceded use of biometric identifier.<br>• Dispute over proper defendant (third-party provider). | 170,000 | $7 million settlement fund. | $41.18 made available to class members before attorneys' fees/costs. |
| *In re Facebook Biometric Info. Privacy Litig.*, No. 3:15-cv-03747, 2021 U.S. Dist. LEXIS 36801 (N.D. Cal. Feb. 26, 2021) (final approval order)<br><br>(Jay Edelson was counsel) | Illinois BIPA | $5,000/$1,000 (BIPA) | Alleged that Defendant utilized biometric software that collected consumers' biometric information in the form of scans of their facial geometry when photos are uploaded/tagged on Facebook. | NO | • Conceded use of biometric identifier / "detects faces."<br>• Violated prior FTC consent decree on biometrics.<br>• Settlement occurred on eve of trial after plaintiffs had defeated motions on pleadings and for summary judgment. | 6.9M | $650 million settlement fund. | $342 paid to each claimant. |
| *Lane v. Facebook, Inc.*, No. 5:08–cv–03845–RS, 2010 U.S. Dist. LEXIS 24762 (N.D. Cal. Mar. 17, 2010) (final approval order); aff'd, 696 F.3d 811 (9th Cir. 2012) | CFAA<br><br>VPPA<br><br>Wiretap Act | $2,500 (VPPA)<br><br>$10,000 (Wiretap Act) | Facebook launched "Beacon" as part of its advertisement system that sent data from external websites to Facebook, for the purpose of allowing targeted advertisements and allowing users to share their activities with their friends, resulting in users' private information being posted on Facebook without the users' consent. | NO | • Agreement was challenged by some of the class members, who argued that the deal (which involved *cy pres* relief only) was underfunded, and that Facebook should not get a seat on the trust fund's board to help decide where the money would go. The Ninth Circuit disagreed and affirmed the settlement. | 3.6M | $9.5M *cy pres* only. | $0.00 |

9

| CASE NAME | PRIMARY CLAIMS ASSERTED | AVAILABLE STATUTORY DAMAGES | FACTS | ARB RISK? | KEY FACTORS | EST. CLASS SIZE | TOTAL SETTLEMENT FUND | CLASS MEMBER RECOVERY |
|---|---|---|---|---|---|---|---|---|
| *Campbell v. Facebook, Inc.*, No. 13-cv-05996, 2017 U.S. Dist. LEXIS 132624 (N.D. Cal. Aug. 18, 2017) (final approval order); *aff'd*, 951 F.3d 1106 (9th Cir. 2020) | Wiretap Act<br><br>California Invasion of Privacy Act (CIPA)<br><br>California UCL | $10,000 (Wiretap Act)<br><br>$5,000 (CIPA) | Alleged that Facebook scanned private messages looking for links to web pages, also known as URLs, contained in those messages, and that if a message contained a URL, Facebook would collect that information and use it in a variety of ways without the user's consent. | NO | • Court granted motion to dismiss, dismissing CIPA claim in part and UCL claim.<br>• Court certified injunctive and declaratory relief for class only.<br>• Facebook challenged standing on appeal under *Spokeo*. | >100M | Business practices and privacy changes only. Court awarded $3,895,000 in attorneys' fees. | $0.00 (business practices changes and injunctive relief only). |
| *Fraley v. Facebook Inc.*, No. 11-cv-01726 RS, 966 F. Supp. 2d 939 (N.D. Cal. 2013) (final approval order) | California Civil Code § 3344 | $750 or actual damages, whichever is greater | Alleged Facebook misappropriated user likenesses in advertisements called "Sponsored Stories." | NO | • Court rejected Defendant's standing arguments on motion to dismiss. | 150M | Initial *cy pres* only proposal was rejected by the Court.<br><br>Settlement was revised to create $20 million settlement fund.<br><br>Ultimately, class members submitted only 614,000 claims (a claims rate of 0.4%), thus undersubscribing the fund and allowing the Court room to augment claim values upwards to $15. *Fraley v. Facebook, Inc.*, 966 F. Supp. 2d 939, 944 (N.D. Cal. 2013). | $15 |

10

| CASE NAME | PRIMARY CLAIMS ASSERTED | AVAILABLE STATUTORY DAMAGES | FACTS | ARB RISK? | KEY FACTORS | EST. CLASS SIZE | TOTAL SETTLEMENT FUND | CLASS MEMBER RECOVERY |
|---|---|---|---|---|---|---|---|---|
| ***In re Lenovo Adware Litig.***, No. 15-md-02624-HSG, 2019 U.S. Dist. LEXIS 69797 (N.D. Cal. Apr. 24, 2019) (final approval order) | CFAA<br><br>California's Computer Crime Law<br><br>Wiretap Act | $10,000 (Wiretap Act) | Alleged that co-defendant Superfish's "VisualDiscovery" software, which Lenovo had preinstalled on its laptops, created performance, privacy, and security issues. | NO | • State statutory claims dismissed at pleadings stage.<br>• Indirect purchaser class certified (certification denied for direct purchaser class).<br>• "Here, assuming a 15% claims rate, Plaintiffs estimate that recoveries under the short form claim option will be approximately $40 per computer, and the total settlement amount constitutes approximately 24% of Plaintiffs' maximum possible recovery at trial." *In re Lenovo Adware Litig.*, No. 15-md-02624-HSG, 2018 U.S. Dist. LEXIS 198909, at *30-31 (N.D. Cal. Nov. 21, 2018). | 797,000 | Superfish: $1,000,000, non-reversionary;<br><br>Lenovo: $7,300,000 non-reversionary payment added to the $1,000,000 Superfish payment. | Approx. $40/device. |
| ***McDonald v. Kiloo A/S***, No. 17-cv-04344-JD, 2020 U.S. Dist. LEXIS 175865 (N.D. Cal. Sep. 24, 2020) (preliminary approval order)<br><br>*Note*: Pending final approval. | Intrusion Upon Seclusion<br><br>California Constitutional Right to Privacy<br><br>California UCL<br><br>other New York and Massachusetts state-law claims | None | Alleged gaming apps collected behavioral data for delivery to target advertising to children, without disclosure or consent. | YES in one of the related actions | • Settlements have no obvious deficiencies and provide broad injunctive relief to improve privacy protections for children.<br>• While the settlement did not provide monetary relief, it did not release damages for class members of their children, except class representatives. | | Injunctive-only relief. Privacy protections including, for example, limitations on child-directed apps so that only contextual (not behavioral) advertising is served to children under age 13. | $0.00 (injunctive relief only).<br><br>(pending final approval). |

11

| CASE NAME | PRIMARY CLAIMS ASSERTED | AVAILABLE STATUTORY DAMAGES | FACTS | ARB RISK? | KEY FACTORS | EST. CLASS SIZE | TOTAL SETTLEMENT FUND | CLASS MEMBER RECOVERY |
|---|---|---|---|---|---|---|---|---|
| *Moreno v. S.F. Bay Area Rapid Transit Dist.*, No. 17-cv-02911-JSC, 2019 U.S. Dist. LEXIS 13309 (N.D. Cal. Jan. 28, 2019) (final approval order) (Edelson PC was counsel) | California's Cellular Communications Interception Act (CCIA) Intrusion Upon Seclusion; California Constitutional Right to Privacy; and other claims were dismissed | $2,500 (CCIA) | Alleged that Bay Area Rapid Transit's collection of cell phone identifiers and location data via its mobile application was wrongful. | NO | • The court previously dismissed many claims and a motion to dismiss the remaining claims was pending.<br>• The decision to stop collecting data came as a result of class counsel's efforts.<br>• As long as the parties have sufficient information to make an informed decision, formal discovery is not required; the parties evaluated the strengths and weaknesses of the claims through motion practice. | | Injunctive relief only; application will not collect International Mobile Equipment Identity numbers and will only collect a limited set of information; future compliance with CCIA; reasonable efforts not to retain geolocation data for more than three years. | $0.00 (injunctive relief only). (Note: Only class named plaintiffs released damages claims). |
| *In re LinkedIn User Privacy Litig.*, 309 F.R.D. 573 (N.D. Cal. 2015) and 12-cv-03088, ECF No. 136 (preliminary approval order) (Jay Edelson was counsel) | California UCL Breach of Contract | None | Alleged defendant's lax security allowed website member's passwords to be stolen, including for those members who paid a fee for the service. | NO | • Relatively novel overpayment theory of liability and damages, in that defendant promised "industry standard" data security.<br>• $14.81 per claimant was a significant portion (approx. 30%) of recovery class members could expect if successful at trial.<br>• Formal discovery was not a requirement for approval, "the parties investigated the claims before settling, and had sufficient information to make an informed decision." | 800,000 | $1.25 million settlement fund. | $1.56 per class member. |