# Exhibit B

# Labaton Sucharow

**Jonathan Gardner**
Partner
212 907 0839 direct
212 907 0700 main
212 883 7063 fax
jgardner@labaton.com

**New York Office**
140 Broadway
New York, NY 10005

March 31, 2021

**VIA ELECTRONIC EMAIL**
TikTok, Inc.
5800 Bristol Parkway
Culver City, CA 90230
legal@tiktok.com

**Confidential Communication Pursuant to TikTok's Terms of Use, Federal Rule of Evidence 408, and Illinois' Rule of Evidence 408.**

> Re:  Notice of Claims – TikTok's Violations of Illinois' Biometric Information Privacy Act

Counsel:

Pursuant to TikTok Inc.'s Terms of Use, Section 11, this letter notifies TikTok Inc. ("TikTok") that certain Illinois users are pursuing claims against TikTok as a result of TikTok's violations of Illinois' Biometric Information Privacy Act ("BIPA"). This firm is counsel to the 959 TikTok users listed on Exhibit A, each of whom have suffered harm to their privacy because of TikTok's BIPA violations.

TikTok violates BIPA because it (1) uses proprietary facial recognition technology to generate and collect users' biometric data in the form of face scans without consent, (2) shares users' biometric data without consent, and (3) does not have, nor does it follow, a publicly available guideline for the retention and destruction of that data. Specifically, TikTok violated and continues to violate BIPA because it did not:

- Properly inform our clients in writing that their biometric identifiers (face geometry) were being generated, collected, stored, or shared;

- Properly inform our clients in writing of the specific purpose and length of time for which their biometric identifiers were being collected, stored, used, and/or shared;

- Provide and follow a publicly available retention schedule and guidelines for permanently destroying our clients' biometric identifiers; and

- Receive a written release from our clients to collect, capture, obtain, or share their biometric identifiers.

The above acts and practices constitute multiple violations of BIPA. As a result of these violations, our clients demand the following:

# Labaton
# Sucharow

**Confidential Communication Pursuant to TikTok Inc.'s Terms of Use, Federal Rule of Evidence 408, and Illinois' Rule of Evidence 408.**

March 31, 2021
Page 2

> 1. TikTok collect, store, use, and/or share biometric identifiers or biometric information in compliance with BIPA;
>
> 2. TikTok immediately destroy the faceprints of each of our clients; and
>
> 3. TikTok pay compensation for its violations of BIPA. BIPA provides for statutory damages of $5,000.00 for each intentional or reckless violation pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 for each negligent violation pursuant to 740 ILCS 14/20(1). Upon information and belief, TikTok's violations of BIPA were intentional or, at the very least, reckless.

Our clients welcome the opportunity to resolve these matters amicably through an informal meeting or mediation. However, if we cannot resolve these matters within 30 days of receipt of this letter, our clients will exercise their individual rights to arbitrate in accordance with TikTok's terms and conditions.

## In Re: TikTok, Inc., Consumer Privacy Litigation Proposed Settlement

Our clients' claims are not subject to the proposed settlement pending before the court in *In Re: TikTok, Inc., Consumer Privacy Litigation* ("Proposed Settlement").

The Proposed Settlement is preempted by the Federal Arbitration Act ("FAA"), which preempts any state law or rule that would abrogate a valid binding arbitration agreement. The FAA provides that arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "The overarching purpose of the FAA . . . is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011). This "liberal federal policy favoring arbitration agreements" applies "notwithstanding any state substantive or procedural policies to the contrary." *Id.* at 346 (quotation marks omitted). The FAA applies to any arbitration agreement that is "written" and in a contract "evidencing a transaction involving commerce." 9 U.S.C. § 2. Both criteria are met here. The arbitration provision is in writing and the use of the online TikTok platform involves interstate commerce: "[C]ourts have consistently found that use of the Internet necessarily involves interstate communications and therefore constitutes the use of a facility of interstate commerce." *Adams v. United States*, 2009 WL 2060089, at *6 (S.D. Ill. July 14, 2009) (quotation marks omitted); see also *United States v. Borrero*, 771 F.3d 973, 975 (7th Cir. 2014) (recognizing that the Internet is a means of interstate commerce). As a result, TikTok's Terms of Service are valid and binding on TikTok, thus requiring informal dispute resolution and/or arbitration as the sole remedy for our clients' claims. We trust that TikTok has no objection to proceeding in

# Labaton Sucharow

**Confidential Communication Pursuant to TikTok Inc.'s Terms of Use, Federal Rule of Evidence 408, and Illinois' Rule of Evidence 408.**

March 31, 2021
Page 3

arbitration, since it consistently argued that claims against it are subject to an arbitration provision and class waiver in multiple status conferences, a response to a motion for final approval of a settlement, and was, in fact, ordered to finally file its motion to compel arbitration in a case with essentially the same allegations.[1]

Although our clients, who have elected to pursue arbitration, are not subject to the Proposed Settlement, the proposed opt out procedure violates due process. In *Phillips Petroleum Co. v. Shutts*, the Supreme Court held that for class settlements, "due process requires opt-out rights for class members." 472 U.S. 797, 812 n.3 (1985). The Proposed Settlement is procedurally unfair because its burdensome opt-out requirements violate due process. TikTok is requiring users who wish to exercise their due process right to opt-out by mailing a timely letter to a P.O. Box in Pennsylvania that among other things, identifies the action, provides full name, address email address and telephone number, and includes a signature and the date it was signed. The terms of the opt-out provision specifically exclude "mass" or "class" opt-outs. Courts routinely find these stringent opt-out provisions to be unfair and unduly burdensome.[2] *See Arena v. Intuit Inc.*, 2021 WL 834253, at *11 (N.D. Cal. Mar. 5, 2021).

Pursuant to the strict mandates of the FAA, please let us know by **April 2** if you do not agree that the clients referenced above are automatically opted-out of the *In Re: TikTok, Inc., Consumer Privacy Litigation* settlement, if the Proposed Settlement is eventually preliminarily and finally approved. Otherwise, we will take immediate action to protect our clients' rights.

You may contact me by email, at jgardner@labaton.com, or 212-907-0839 if you would like to discuss.

Sincerely yours,

Jonathan Gardner

Cc:     Anthony J Weibell

---

[1] *See T.K., et al v. Bytedance Technology Co., Ltd, et al*, Case No.: 1:19-CV-07915, *A.S. v. TikTok Inc. et al*, Case No. 3:2020-cv-00457, *In Re: TikTok, Inc., Consumer Privacy Litigation*, Case No.: 1:2020-cv-04699, and *Hong v. ByteDance, Inc.*, A Corporation, et al (MDL 2948) later known as *In re: TikTok, Inc. Privacy Litigation*, Case No.: 5:2019-cv-07792.

[2] Indeed, our concerns with the circumstances, fairness, and adequacy of this settlement and, specifically, the opt-out process, would likely apply to all eligible class members, not only our clients.

# Labaton
# Sucharow

**Confidential Communication Pursuant to TikTok Inc.'s Terms of Use, Federal Rule of Evidence 408, and Illinois' Rule of Evidence 408.**

March 31, 2021
Page 4

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050
Email: aweibell@wsgr.com
*Counsel for TikTok Inc.*

**EXHIBIT A**
**Confidential Communication Pursuant to TikTok Inc.'s Terms of Use,**
**Federal Rule of Evidence 408, and Illinois' Rule of Evidence 408**

| First Name | Last Name | Email |
|---|---|---|
| | | |

| First Name | Last Name | Email |
|------------|-----------|-------|
| | | |
| Brian | Behnken | |
| | | |



| First Name | Last Name | Email |
| --- | --- | --- |



| First Name | Last Name | Email |
|---|---|---|



| First Name | Last Name | Email |
|------------|-----------|-------|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Joshua | Dugan | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |



| First Name | Last Name | Email |
|---|---|---|



| First Name | Last Name | Email |
|---|---|---|









| First Name | Last Name | Email |
|---|---|---|

| First Name | Last Name | Email |
|---|---|---|





| First Name | Last Name | Email |
|---|---|---|



| First Name | Last Name | Email |
|------------|-----------|-------|



| First Name | Last Name | Email |
|------------|-----------|-------|

| First Name | Last Name | Email |
|---|---|---|





| First Name | Last Name | Email |
|---|---|---|



| First Name | Last Name | Email |
|------------|-----------|-------|





| First Name | Last Name | Email |
|------------|-----------|-------|
|            |           |       |



| First Name | Last Name | Email |
|---|---|---|

| First Name | Last Name | Email |
|------------|-----------|-------|
|            |           |       |