# Exhibit E

Ekwan E. Rhow - State Bar No. 174604
    erhow@birdmarella.com
Thomas R. Freeman - State Bar No. 135392
    tfreeman@birdmarella.com
Marc E. Masters - State Bar No. 208375
    mmasters@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

*Attorneys for Plaintiff Misty Hong*

DAVID S. STEUER, State Bar No. 127059
ANTHONY J WEIBELL, State Bar No. 238850
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100
Email:  aweibell@wsgr.com; dsteuer@wsgr.com;
ckowalk@wsgr.com

*Attorneys for all Defendants*

[Additional Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| MISTY HONG, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        vs.<br><br>BYTEDANCE, INC., a corporation, TIKTOK, INC., a corporation; BEIJING BYTEDANCE TECHNOLOGY CO. LTD., a privately-held company; and MUSICAL.LY, a corporation.<br><br>        Defendants. | CASE NO. 5:19-cv-07792-LHK<br><br>Hon. Lucy H. Koh<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:        April 22, 2020 |

The parties jointly submit this Joint Case Management Conference Statement in compliance with the Standing Order for All Judges of the Northern District of California, Contents of Joint Case Management Statement.

**I.** **JURISDICTION & SERVICE**

    **A.** **Plaintiff's Position**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) & 1367 because: (i) this is a class action in which the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs; (ii) there are 100 or more class members; and (iii) some members of the class are citizens of states different from some Defendants, and also because two Defendants are citizens or subjects of a foreign state.

This Court has personal jurisdiction over Defendants because: (i) they transact business in the United States, including in this District; (ii) they have substantial aggregate contacts with the United States, including in this District; (iii) they engaged and are engaging in conduct that has and had a direct, substantial, reasonably foreseeable, and intended effect of causing injury to persons throughout the United States, including in this District, and purposely availed themselves of the laws of the United States.

In accordance with 28 U.S.C. § 1391, venue is proper in this District because: (i) a substantial part of the conduct giving rise to Plaintiff's claims occurred in and/or emanated from this District; (ii) Defendants transact business in this District; (iii) one Defendant has its principal place of business in this District; (iv) two Defendants have offices in this District; and (v) Plaintiff resides in this District.

No parties remain to be served.

    **B.** **Defendants' Position**

Defendant TikTok, Inc., the operator of the TikTok—Make Your Day app ("the App") intends to file a motion to compel arbitration, as it believes Plaintiff agreed to arbitrate any claims arising from her use of the App. If any part of this action is not referred to arbitration, foreign defendants Beijing Bytedance Technology Co., Ltd. and Musical.ly ("the Foreign Defendants") will move to dismiss for lack of personal jurisdiction as the Foreign Defendants are not subject to

personal jurisdiction in California because they are not incorporated here, they do not have their principal place of business here, and they do not operate the TikTok App. Similarly, while defendant Bytedance Inc. does have its headquarters in this District, this defendant is not a proper defendant in this action because it plays no role in the operation of the App. Plaintiff appears to have simply named every entity it could find with any corporate relationship to defendant TikTok, Inc. At a minimum, Plaintiff should drop all defendants but TikTok, Inc. from the amended complaint Plaintiff intends to file on May 11, 2020 to avoid wasting the Court's and the parties' resources on needless motion practice to resolve these issues.

## II. FACTS

### A. Plaintiff's Position

This is a data privacy case involving the surreptitious taking of personally-identifiable data, and the transmission of that data to the People's Republic of China, where Defendants are obligated by law to provide it to the Chinese government. Defendants took the data through the popular TikTok app, which has been banned by the Department of Defense for security reasons, and is the subject of intense concern by other parts of the United States government.

Defendant Beijing ByteDance was founded in 2012 and is worth approximately $75 billion. Defendants Musical.ly and Musical.ly, Inc. launched the highly-popular social media and social networking app "Muscial.ly" in 2014. This app allows its users to (i) create video selfies of themselves dancing and/or lip-syncing with a musical soundtrack in the background, and (ii) share such videos over the internet through the app. In 2016, Defendant Beijing ByteDance launched its own app for the Chinese market ("Douyin"), which mimicked the Musical.ly app. By 2017, Defendant Beijing ByteDance introduced an English-language version of the Douyin app outside China under the name "TikTok."

In August 2018, after having acquired Defendants Musical.ly and Musical.ly, Inc., Defendant Beijing ByteDance combined the Musical.ly app with its TikTok app, merging all existing accounts and data into a single app under the retained "TikTok" name (the "App"). The App has become one of the world's fastest-growing social media platforms and a global phenomenon with a massive American audience. It has been downloaded more than 1.3 billion

times worldwide, and more than 140 million times in the United States.

One key to Defendants' financial success is the targeted advertising that they run through the App. Such targeted advertising relies heavily upon knowledge of each user's preferences, and such knowledge is gleaned from private and personally-identifiable information the Defendants clandestinely acquire about each user. Other ways in which Defendants have unjustly monetized this private and personally-identifiable information is through the development of patents and artificial intelligence.

The private and personally-identifiable information taken from users without their knowledge or consent, and collected by Defendants in living dossiers organized by user, includes: (1) user videos that were never saved or posted online by the users; (2) biometric data; (3) highly-specific physical location tracking data; (4) highly-specific device ID data that allows Defendants to track users' digital movements around the internet; (5) username, password, age/birthday, email address, and user-generated content; (6) phone and social network contacts; (7) browsing history and cookies; and (8) users' private and personally-identifiable information stored in their other social media accounts, including Facebook, Google and Twitter.

The App begins taking private and personally-identifiable information immediately upon the completion of the download process and before users even have the opportunity to sign-up and create an account. Even when users stop using the App and close it, Defendants continue to harvest private and personally-identifiable information through the App. And, critically, both the core App and certain third-party analytic libraries embedded within the App transmit private and personally-identifiable information from users' devices to servers located in China that are owned by Defendants and other Chinese tech giants. Pursuant to Chinese law, Defendants and these other Chinese tech giants are obligated to make such information available to the Chinese government.

The United States government has revealed its deep concern with the App in a variety of ways. Two senators wrote a letter to the Acting Director of National Intelligence describing the national security risks associated with the App. The Committee on Foreign Investment in the United States is reviewing Defendant Beijing ByteDance's acquisition of Defendants Musical.ly and Musical.ly, Inc. The Senate Judiciary Subcommittee on Crime and Terrorism held a hearing

that Defendants refused to attend, and its Chairman loudly criticized Defendants for their absence. Additionally, the United States military has banned the use of the App and there are plans to prohibit federal employees from downloading the App on government devices.

**B.  Defendants' Position**

The "TikTok - Make Your Day" short-form-video-sharing app ("the App") is one of the most popular apps of its time. Like most other popular apps, it is free to use and supported by advertising revenues. With its unprecedented rise in popularity, the App has also become the target of competitive attacks from competitors who are losing market share to the App and political attacks from politicians seeking to generate "buzz" for themselves and their campaigns in an election year by attacking TikTok because it has some Chinese affiliations. The present lawsuit is based on (and quotes) the same anti-Chinese rhetoric, conjecture, supposition, and innuendo that originated with these political and competitive attacks.

Plaintiff's accusations about data collection from the App and conjectural use of that data are factually mistaken and factually misplaced. For example, the App does not collect and store any biometric identifiers from its users (such as facial recognition profiles) and does not give access to any U.S. user data to the Chinese government (nor is it required to by law any more than it would be required to turn over user data in response to a U.S. government subpoena). And users are required to affirmatively grant permission on their mobile device before the App can collect any video data or GPS location data from them—whether they choose to register for a TikTok account or not. The App's privacy policy also fully discloses that user data will be shared with TikTok's corporate affiliates and third-party business partners and service providers, as is standard with free social networking apps that have a business model based on advertising. As with most large consumer-facing businesses, some of these affiliates, partners, and service providers are located in other countries. None of these facts are actionable under the law.

**III.  LEGAL ISSUES**

**A.  Plaintiff's Position**

Defendants have indicated that they intend to file the following four motions: (1) a motion to compel arbitration; (2) a motion to dismiss based on users' purported consent; (3) a motion to

dismiss based on a purported failure to plead the elements of certain causes of action; and (4) a motion to dismiss for lack of personal jurisdiction over the two Defendants located in China. These motions raise the following potentially disputed points of law.

Arbitration: *First*, Plaintiff never signed up for a TikTok account and thus never assented to the Terms of Service containing the arbitration provision. *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ.*, 489 U.S. 468 (1989); *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171 (9th Cir. 2014). *Second*, additional plaintiffs who are minors will be added in an amended complaint, and they have disaffirmed the arbitration agreement. *T.K. v. Adobe Sys.*, 2018 WL 1812200 (N.D. Cal. 2018). *Third*, the hyperlink to the Terms of Service and the disclosure/warning accompanying that hyperlink are each insufficiently conspicuous to infer assent. *Arena v. Intuit Inc.*, 2020 WL 1189849 (N.D. Cal. 2020); *Colgate v. Juul Labs, Inc.*, 402 F.Supp.3d 728 (N.D. Cal. 2019); *Cullinane v. Uber Technologies, Inc.*, 893 F.3d 53 (1st Cir. 2018). *Fourth*, the complaint seeks public injunctive relief, a type of claim that cannot be waived under *McGill v. Citibank, N.A.*, 2 Cal.5th 945 (2017), and the unenforceability of that waiver triggers a contractual "poison pill" provision that nullifies the arbitration agreement in its entity. *McCardle v. AT&T Mobility*, 2017 WL 4354998 (N.D. Cal. 2017), *aff'd*, 772 F. App'x. 575 (9th Cir. 2019); *Roberts v. AT&T Mobility*, 2018 WL 1317346 (N.D. Cal. 2018). While Defendants have indicated that they may file a motion to stay this case pending the United States Supreme Court's possible review of the *McGill* rule, such a motion would be both highly speculative and ultimately pointless because the *McGill* rule is only one of several reasons that Defendants' motion to compel arbitration will fail. *Fifth*, the arbitration provision is unconscionable. *Pinnacle Museum Tower Assn. v. Pinnacle Market Development,* 55 Cal.4th 223 (2012); *Higgins v. Superior Court,* 140 Cal.App.4th 1238 (2006).

Consent: The Privacy Policies for adults and minors are also subject to the same flaws undermining the arbitration provision (above). Additionally, the Privacy Policies are too vague and ambiguous to place a reasonable user on notice. *Backhaut v. Apple*, 74 F.Supp.3d 1033 (N.D. Cal. 2014); *Doe v. SuccessfulMatch.com*, 70 F.Supp.3d 1066 (N.D. Cal. 2014). Further, the Privacy Policy for adults does not provide adequate disclosure of the conduct at issue, and the

Privacy Policy for minors is even narrower in scope. Finally, the scope of any alleged consent under the Privacy Policies is narrowly circumscribed by the stated purpose of the data siphoning, which has nothing to do with what Defendants are actually using the data for. *In re Google Inc.*, 2013 WL 5423918 (N.D. Cal. 2013); *Opperman v. Path, Inc.*, 205 F.Supp.3d 1064 (N.D. Cal. 2016).

Personal Jurisdiction: Defendants Bytedance, Inc. and TikTok, Inc. are headquartered in California. Defendants Beijing ByteDance and Musical.ly, headquartered overseas, are subject to specific jurisdiction in California because they engaged and are engaging in conduct that has and had a direct, substantial, reasonably foreseeable, and intended effect of causing injury to persons throughout the United States, including in this District, and purposely availed themselves of the laws of the United States.

**B.     Defendants' Position**

The legal issues in dispute that will be addressed in Defendants' motion to compel arbitration, motion to dismiss for lack of personal jurisdiction, and motion to dismiss for failure to state a claim are too numerous to list with citations to statutes and authorities in this statement, but the following is a summary of the disputed points of law:

- There is no law that prohibits a U.S. company from sharing its customer data with affiliates in other countries, even China.
- There is no invasion of any personal right when an app shares user data with affiliates, service providers, and business partners if the app's posted privacy policy discloses that the app will share it with them.
- There is no invasion of a personal right when accessing and collecting user videos where, as here, the user has affirmatively granted permission for the app to access this content.
- Plaintiff is bound by the arbitration and class action waiver clauses of the App's Terms of Service.
- Aside from TikTok, Inc., which operates the App, Plaintiff has sued the wrong defendants.

7

- This Court lacks personal jurisdiction over the Foreign Defendants.
- The class action waiver in the App's Terms of Service precludes Plaintiff from asserting claims on behalf of a class.
- The scope of the injunctive relief requested in Plaintiff's Complaint is improper and should be stricken because it seeks to enjoin lawful conduct, such as the collection and use of user data where such collection and use is lawful and beneficial if adequately disclosed.
- Plaintiff has failed to state a claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.
- Plaintiff has failed to state a claim under the California Comprehensive Data Access and Fraud Act, Cal. Pen. C. § 502.
- Plaintiff has failed to state a claim under the California Constitution.
- Plaintiff has failed to state a claim for intrusion upon seclusion.
- Plaintiff has failed to state a claim under the California Unfair Competition Law.
- Plaintiff has failed to state a claim under the California False Advertising Law.
- Plaintiff has failed to state a claim for negligence.
- Plaintiff has failed to state a claim for restitution / unjust enrichment.
- The putative class cannot be certified under Rule 23 because Plaintiff alleges to be in such a unique position (a user who downloaded the app, refused to create an account, created videos with the app anyway, but chose to neither save nor upload those videos) that there is no typicality, commonality, or adequacy present sufficient to satisfy the prerequisites of Rule 23(a).
- Defendants are entitled to judgement in their favor on Plaintiff's claims in whole or in part based upon their respective affirmative defenses.

## IV. __MOTIONS__

### A. __Plaintiff's Position__

There are no pending motions. Defendants' potential motions are listed above. Plaintiff may need to file discovery motions depending on the responses Defendants provide to pending

discovery requests.

**B.    Defendants' Position**

Defendants have not yet seen the amended complaint that Plaintiff states she intends to file on May 11, 2020. At the present time, Defendants anticipate filing the following motions:

1. Motion to compel arbitration and dismiss or stay this action pending arbitration;

2. Motion to dismiss the Foreign Defendants for lack of personal jurisdiction; and

3. Motion to dismiss for failure to state a claim under Fed R. Civ. P. 12(b)(6), including a motion to dismiss or strike some of Plaintiff's claim for injunctive relief.

## V.    AMENDMENT OF PLEADINGS

**A.    Plaintiff's Position**

The original complaint will be amended to add parties and claims. Additional parties will include one or more California parent/child tandems as well as an Illinois adult and an Illinois parent/child tandem. New claims may include those under (i) the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/ *et seq.*, (ii) the California Consumer Privacy Act ("CCPA"), Cal. Civ. Code § 1798.100 *et seq.*, (iii) the Wiretap Act, 18 U.S.C. §2510 *et seq.*; (iv) the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code §§ 631, 632; (v) trespass to chattels/personal property; (vi) larceny under Cal. Pen. Code §§ 484, 496; and (vii) other privacy-related statutes and common law.

Plaintiff's counsel request that the Court grant a May 11, 2020 deadline to file the amended complaint, and that the Court order Defendants to respond within 30 days.

**B.    Defendants' Position**

In light of the difficulties posed by the current shelter-in-place orders, Defendants do not oppose Plaintiff's request to take until May 11, 2020 to amend the complaint, but any such amendment should focus on eliminating the defects in the complaint, not multiplying them. Contrary to Rule 11 and notions of judicial efficiency, Plaintiff proposes amending her complaint to add an additional *seven* causes of action to the *eight* already asserted, including claims that Plaintiff's counsel knows lack a Rule 11 basis, such as "larceny" and violations of Illinois' BIPA and the CCPA. Plaintiff should instead focus her amendments on removing improper defendants,

1  such as the foreign defendants who do not operate the App, and removing improper claims that

2  cannot be stated upon the facts alleged.

3       In light of the proposal by Plaintiff to add additional plaintiffs to this action, and her

4  contention that she never agreed to the arbitration agreement in the TikTok Terms of Service,

5  Defendants would respectfully request (given the unknown and indefinite duration of the current

6  shelter-in-place orders) that they be given 45 days following the filing of the amended complaint

7  to, pursuant to 9 U.S.C. § 4, obtain discovery from the plaintiff(s) limited to their allegation that

8  they never registered for the App or agreed to the App's terms of service and arbitration

9  agreement, and to then file a motion to compel arbitration if it appears those allegations are

10  incorrect.

11       If the motion to compel arbitration is filed, and if for any reason the motion to compel

12  arbitration is denied in whole or in part, Defendants expect to file their Rule 12(b)(2) and Rule

13  12(b)(6) motions within 30 days thereafter.

14  **VI.**    **EVIDENCE PRESERVATION**

15       The parties' counsel have reviewed the Guidelines Relating to the Discovery of

16  Electronically Stored Information, and have met and conferred pursuant to Fed. R. Civ. P. 26(f)

17  regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues

18  reasonably evident in this action.

19  **VII.**    **DISCLOSURES**

20       The parties have exchanged initial disclosures under Fed. R. Civ. P. 26. Plaintiff disclosed

21  a list of individuals likely to have discoverable information, a list of potentially relevant

22  documents, data compilations and tangible things, and a statement of the types of damages that

23  Plaintiff seeks. Plaintiff also represented that she is unaware of any relevant insurance policies.

24  Defendants provided a short list of potential witnesses and relevant documents. Defendants also

25  stated that they had no damages computation and that they are awaiting a "potential coverage

26  decision." (According to Defendants' counsel, a negative decision was subsequently reached

27  regarding insurance coverage.)

28

## VIII. <u>DISCOVERY</u>

### A. <u>Plaintiff's Position</u>

Plaintiff served each of the four named defendants with a set of requests for production and a set of interrogatories on March 2, 2020, and Plaintiff agreed to extend the deadline for Defendants' responses to April 20, 2020. In addition to these written discovery requests, Plaintiff anticipates serving additional requests for production, interrogatories and requests for admission. Plaintiff also anticipates deposing Rule 30(b)(6) designee(s) for each Defendant as well as certain executives, engineers and employees presently and/or formerly employed by Defendants. There will be third party discovery as well, including but not limited to: (1) entities and individuals engaged in business activities – such as targeted advertising – with Defendants; (2) the owners of the analytic libraries embedded within the App; (3) outside consultants hired by Defendants to analyze their data storage and transmission practices; and (4) entities with knowledge of Defendants' data practices and the value of such data.

The parties are negotiating a stipulated protective order for litigation involving highly sensitive confidential information that is based in large part on the model provided by the Northern District of California. Plaintiff anticipates reaching an agreement in the near term but, if not, Plaintiff will file a noticed motion asking the Court to enter such a protective order.

Plaintiff proposes the following discovery plan under Fed. R. Civ. P. 26(f)(3):

(A) No changes to the disclosure requirements under Rule 26(a).

(B) Discovery should be completed by Spring 2021 as set forth below. Discovery will be needed on the topics raised in the complaint and summarized in the fact section above. There is no current need for phased discovery.

(C) The parties should abide by the Guidelines for the Discovery of Electronically Stored Information that are promulgated by the United States District Court for the District of California, as well as the representation made during the February 12, 2020 discussions between counsel for the parties. To the extent that Defendants believe there is any tension between (i) their preservation obligations in this action and (ii) a court order, statutory requirement or other legal obligation, it is incumbent upon Defendants to raise that issue in a timely fashion, allow for

counsel to meet and confer in order to attempt to resolve the issue, and if necessary, allow for motion practice in this action to resolve any dispute among the parties.

(D) There are currently no known claims of privilege.

(E) Plaintiff believes that, given the number of Defendants and issues in the case, it may be necessary to expand the number of depositions beyond ten (10). Plaintiff believes the parties should continue to meet and confer on this issue as the identity of the deponents becomes clearer.

Plaintiff does not agree with Defendants that merits discovery should await resolution of Defendants' various planned motions. Any requested stay should be supported by a noticed motion to be heard in a timely fashion. Plaintiff also does not believe that Defendants' stated intent to serve incomplete discovery responses on April 20 is appropriate or necessary.

**B.** **Defendants' Position**

Discovery on the merits should await resolution of the motion to compel arbitration, motion to dismiss for lack of personal jurisdiction, and any challenge to the pleadings to avoid wasting court and party resources. Nevertheless, Defendants have expended considerable resources since receiving Plaintiff's discovery requests to preserve, collect, and prepare to produce information responsive to those requests. Defendants' forthcoming responses to those requests (to be served April 20) will identify the documents it intends to produce, pending a determination on the arbitration issue and jurisdictional issues, and information that cannot be produced without a further meet and confer between the parties.

If this action does proceed to discovery, Defendants will need to seek discovery concerning Plaintiff's downloading, access, and use of the App; Plaintiff's registration of an account on the App; Plaintiff's interaction with the App's Terms of Service, Privacy Policy, and other agreements; Plaintiff's understanding of how the App operates; and Plaintiff's alleged damages.

**IX.** **CLASS ACTIONS**

**A.** **Plaintiff's Position**

Plaintiff's counsel has reviewed the Procedural Guidance for Class Action Settlements. Plaintiff proposes that Plaintiff file her motion for class certification within a year of the Court's orders concerning Defendants' motions to compel arbitration and to dismiss.

Plaintiff and the other soon-to-be-added plaintiffs each satisfy the commonality, typicality and adequacy requirements, and individual issues do not predominate. Because these class certification issues are not yet ripe, they can be addressed at greater length at a later date.

**B.**     **Defendants' Position**

The TikTok App's Terms of Service contains a class action waiver which precludes Plaintiff from asserting her claims on behalf of a class of plaintiffs. Even if Plaintiff were not contractually precluded from asserting class claims, the alleged putative class could not be certified under the requirements of Rule 23 because the claims of the putative class members lack sufficient commonality, Plaintiff's claims are not typical of the putative class, Plaintiff is not an adequate representatives of the putative class, and individual issues will predominate. Specifically, Plaintiff alleges that she is in a peculiar and unusual position because she downloaded the app, did not notice its privacy policy, did not create a user account, created videos with the app anyway, and then chose not to save or upload those videos. Plaintiff also downloaded a version of the app that has long been replaced with an updated version that does not include most of the features of which Plaintiff complains. Accordingly, Plaintiff is not in the same position as the typical user who either creates an account or never uses the app to create any user content.

Counsel of record for the Defendants have reviewed the Procedural Guidance for Class Action Settlements.

**X.**     **RELATED CASES**

**A.**     **Plaintiff's Position**

While not related cases under the Local Rules, Plaintiff notes in the interest of completeness that there are at least three other lawsuits against Defendants raising certain privacy issues, including the following: (i) *United States v. Musical.ly et al.*, Case No. 2:19-cv-01439 (United States District Court, Central District of California); (ii) *B.M. through her mother Ashley Scott v. Musical.ly et al.*, Case No. 2:19-cv-06851 (United States District Court, Central District of California); and (iii) *T.K. through her motion Sherri Leshore et al. v. ByteDance Technology Co., Ltd. et al.*, Case No. 1:19-cv-07915 (United States District Court, Northern District of Illinois). The first case was resolved through a Stipulated Order for Civil Penalties, Permanent Injunction,

and Other Relief. The second case was dismissed by plaintiff. There is an Order Granting Preliminary Approval of Class Settlement and Direction of Notice under Rule 23(e) in the third case.

### B. Defendants' Position

Currently, this action is not related to any other action. If Plaintiff attempts to certify a class that includes children under 13 who used the app and allegedly had their personal information collected without consent, this action would be related to *T.K. v. ByteDance Technology Co., Ltd. et al.*, Case No. 1:19-cv-07915 (N.D. Ill.). Final approval of a class settlement in that action is pending and has been delayed by COVID-19 orders. There are no other related actions currently pending.

## XI.   RELIEF

### A.   Plaintiff's Position

Plaintiff seeks an order for injunctive relief, including but not limited to the following two items:

***First***, Defendants shall be enjoined from: (i) transmitting user data to China, to other locations or facilities where such user data is accessible from within China, and/or to anyone outside the defendant companies; (ii) taking users' videos and biometric data without advanced notice to, and the prior written consent of, such users; and (iii) taking location tracking data, device ID data, personally-identifiable data and any other user data except that which Defendants can show to be reasonably necessary for the lawful operation of the App within the United States.

***Second***, Defendants shall: (a) destroy the data they already have taken in violation of law; (b) remove from the App all SDKs based in China or whose data is otherwise accessible from within China; (c) implement protocols to ensure that no data of U.S. users is transmitted to, or otherwise accessible from within, China; (d) hire third-party monitors for a period of at least five years to ensure that all of the above steps have been taken; and (e) provide written verifications on a quarterly basis to the court and counsel for the Plaintiffs in the form of a declaration under oath that the above steps have been satisfied.

Because discovery has not yet occurred and because Plaintiff has not yet had complete

access to information relating to, among other things, the total number of potential class members subjected to Defendants' unlawful conduct, and the profits and revenues Defendants derived from the targeted advertising, patents and artificial intelligence based upon users' private and personally identifiable information, any computation or estimate of any category of damages is premature. Nonetheless, Plaintiff and the proposed class and sub-classes seek actual damages, statutory damages, punitive damages, disgorgement, restitution, and attorneys' fees and costs.

      **B.**    <u>Defendants' Position</u>

Defendants dispute that Plaintiff has suffered any injury to be redressed or that Plaintiff is otherwise entitled to any relief. Defendants will seek legal fees, costs and other expenses to the extent permitted by applicable law. Damages in this case will be a subject of expert discovery.

## XII.   <u>SETTLEMENT AND ADR</u>

The Parties have conferred with respect to ADR options pursuant to ADR L.R. 3-5. The parties attended a mediation before former United States District Judge Layn Phillips of Phillips ADR on April 6, 2020. No settlement was reached. Both resolution of Defendants' anticipated early motions and further development of fact discovery have the potential to motivate the parties to engage in further settlement negotiations.

## XIII.   <u>CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES</u>

Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment: ___ Yes __X_ No

## XIV.   <u>OTHER REFERENCES</u>

      **A.**    <u>Plaintiff's Position</u>

No other references are suitable.

      **B.**    <u>Defendants' Position</u>

In the unlikely event that the class settlement in *T.K. v. ByteDance Technology Co., Ltd. et al.*, Case No. 1:19-cv-07915 (N.D. Ill.) is not finally approved by the court, Defendants may file a motion for transfer under 28 U.S.C. § 1407 with the Judicial Panel on Multidistrict Litigation to have that action transferred to this Court or vice versa.

**XV.** **NARROWING OF ISSUES**

    **A.** **Plaintiff's Position**

        There is no need to bifurcate issues, claims or defenses. Plaintiff's counsel does not believe that any narrowing of issues is needed at this time.

    **B.** **Defendants' Position**

        All of the issues in this action are subject to mandatory arbitration under the TikTok App's Terms of Service. Even if the action were not referable to arbitration, the action would need to be dismissed for failure to state a claim. If the action were to proceed past the pleadings phase, the remainder of the action could be resolved on summary judgment.

**XVI.** **EXPEDITED TRIAL PROCEDURE**

        At this time, the parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**XVII.** **SCHEDULING**

    **A.** **Plaintiff's Position**

        Plaintiff proposes the following schedule:

        (1) Designation of experts: December 18, 2020

        (2) Discovery cutoff: March 19, 2021

        (3) Hearing of dispositive motions: June 30, 2021

        (4) Pretrial conference: September 30, 2021

        (5) Trial: October 18, 2021

        As noted above, Plaintiff does not believe that merits discovery should be stayed. Nor does Plaintiff believe that the phased briefing schedule proposed by Defendants serves any purpose other than delay. Defendants should file their anticipated motions within 30 days from the date the amended complaint is filed. At a minimum, there is no reason why one Defendant's filing of a motion to compel arbitration should relieve the other three Defendants from their obligation to respond to the amended complaint by filing their motion to dismiss for lack of personal jurisdiction. That is a threshold issue for those three Defendants.

## B. **Defendants' Position**

Because this action is subject to arbitration, and also to dismissal as to the Foreign Defendants for lack of personal jurisdiction, merits discovery should await resolution of the motion to compel arbitration and any subsequent challenge to the pleadings. If any part of the action survives after that point, the Parties can meet and confer regarding an appropriate schedule for the action. Nevertheless, if the Court would instead prefer to set a schedule now, Defendants propose the following schedule to give sufficient time for resolution of the anticipated motions:

| **Event** | **Proposed Date** |
| --- | --- |
| Deadline for Plaintiff to file Amended Complaint | 5/11/20 |
| Deadline for Defendants to file Motion to Compel Arbitration (or Rule 12(b)(2) and 12(b)(6) motions if no motion to compel arbitration) | 6/25/20 |
| Deadline for Defendants to file Rule 12(b)(2) and 12(b)(6) motions | 30 days after the Court rules on the Motion to Compel Arbitration |
| Class Discovery Start Date | 9/30/20 or 14 days after Defendants file their answer |
| Plaintiff to designate experts in support of class certification pursuant to Fed. R. Civ. Proc. 26(a)(2)(A) | 10/21/20 or 21 days after Class Discovery Start Date |
| Defendants to designate experts in opposition to class certification pursuant to Fed. R. Civ. Proc. 26(a)(2)(A) | 11/4/20 or 35 days after Class Discovery Start Date |
| Deadline for Plaintiff to file Motion for Class Certification | 12/9/20 or 70 days after Class Discovery Start Date |
| Deadline for Defendants to file Opposition to Motion for Class Certification | 1/13/21 or 105 days after Class Discovery Start Date |
| Deadline for Plaintiff to file Reply in Support of Motion for Class Certification | 1/27/21 or 119 days after Class Discovery Start Date |

| Hearing on Motion for Class Certification | 2/10/21 or 133 days after Class Discovery Start Date or as the Court's calendar permits |
|---|---|
| Merits Discovery Start Date | 2/24/21 or 1 day after order re class certification |
| Merits Discovery End Date | 7/14/21 or 140 days after Merits Discovery Start Date |
| Deadline for Plaintiff to designate experts for trial pursuant to Fed. R. Civ. Proc. 26(a)(2)(A) | 7/28/21 or 14 days after Merits Discovery End Date |
| Deadline for Defendants to designate experts for trial pursuant to Fed. R. Civ. Proc. 26(a)(2)(A) | 8/11/21 or 28 days after Merits Discovery End Date |
| Deposition of Experts Complete | 9/8/21 or 56 days after Merits Discovery End Date |
| Dispositive Motions | 10/20/21 or 42 days after Deposition of Experts Complete |
| Oppositions to Dispositive Motions | 12/1/21 or 42 days after motions filed |
| Replies in Support of Dispositive Motions | 12/29/21 or 28 days after motions filed |
| **Trial Date** | **5/1/22 or 91 days after ruling on dispositive motions** |

## XVIII. TRIAL

### A. Plaintiff's Position

Plaintiff requests a jury trial and anticipates that 3-4 weeks will be required to conduct that trial.

### B. Defendants' Position

Defendants anticipate one week for trial and are willing to stipulate to a bench trial.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

### A. Plaintiff's Position

Plaintiff has filed the Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-15. Plaintiff has no changes to that Certification.

B.     **Defendants' Position**

Defendants have filed the Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-15. That certification identified the following potentially interested non-parties: ByteDance Ltd., TikTok Ltd., TikTok LLC, and Bytedance Co., Ltd.

## XX.     PROFESSIONAL CONDUCT

The parties' counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED:  April 15, 2020          By:   */s/ Marc E. Masters*

Ekwan E. Rhow - State Bar No. 174604
  erhow@birdmarella.com
Thomas R. Freeman - State Bar No. 135392
  tfreeman@birdmarella.com
Marc E. Masters - State Bar No. 208375
  mmasters@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

DATED:  April 15, 2020          By:   */s/ Jonathan M. Rotter*

Marc L. Godino – State Bar No. 182689
Jonathan M. Rotter – State Bar No. 234137
Pavithra Rajesh – State Bar No. 323055
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067-2561
Telephone: (310) 201-9150
info@glancylaw.com

Attorneys for Plaintiff Misty Hong

1       DATED: April 15, 2020       By:     */s/ Anthony J Weibell*

2       DAVID S. STEUER, State Bar No. 127059

3       ANTHONY J WEIBELL, State Bar No. 238850
      CURTIS S. KOWALK, State Bar No. 324770

4       WILSON SONSINI GOODRICH & ROSATI
      Professional Corporation

5       650 Page Mill Road
      Palo Alto, CA 94304-1050

6       Telephone: (650) 493-9300
      Facsimile: (650) 565-5100

7       Email: aweibell@wsgr.com; dsteuer@wsgr.com;
      ckowalk@wsgr.com

8

9       VICTOR JIH, State Bar No. 186515
      RYAN S. BENYAMIN, State Bar No. 322594

10       WILSON SONSINI GOODRICH & ROSATI
      Professional Corporation

11       633 West Fifth Street, Suite 1550
      Los Angeles, CA 90071-2027

12       Telephone: (323) 210-2900
      Facsimile: (866) 974-7329

13       Email: vjih@wsgr.com; rbenyamin@wsgr.com

14       *Attorneys for Defendants*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 15th day of April 2020, I electronically filed the foregoing Joint Case Management Conference Statement with the Clerk of the Court using the CM/ECF system, thereby serving all parties and counsel of record.

*/s/ Marc E. Masters*
Marc E. Masters
