# EXHIBIT C

EDELSON PC
Jay Edelson (*pro hac vice*)
Benjamin H. Richman (*pro hac vice*)
Alexander G. Tievsky (*pro hac vice*)
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Telephone: (312) 589-6370
Fax: (312) 589-6379
jedelson@edelson.com

ROBBINS GELLER RUDMAN & DOWD LLP
Shawn A. Williams (213113)
John H. George (292332)
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 288-4545
Fax: (415) 288-4534
shawnw@rgrdlaw.com

LABATON SUCHAROW LLP
Michael P. Canty (*pro hac vice*)
Corban S. Rhodes (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Fax: (212) 818-0477
mcanty@labaton.com

COOLEY LLP
Michael G. Rhodes (116127)
Whitty Somvichian (194463)
101 California Street, 5th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Fax: (415) 693-2222
rhodesmg@cooley.com

MAYER BROWN LLP
Lauren R. Goldman (*pro hac vice*)
Michael Rayfield (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2500
lrgoldman@mayerbrown.com

John Nadolenco (181128)
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 229-9500
jnadolenco@mayerbrown.com

Counsel for the parties

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION | Master File No. 3:15-cv-03747-JD |
| | CLASS ACTION |
| This Document Relates To: | NOTICE OF AMENDED STIPULATION OF CLASS ACTION SETTLEMENT |
| ALL ACTIONS. | |

1        In connection with the hearing scheduled for July 23, the parties advise the Court that they

2  have revised their stipulation of settlement (including a revised settlement amount).  A true and

3  correct copy of the revised stipulation of settlement is attached hereto as **Exhibit A**.

4

5  DATED:  July 22, 2020

                                    COOLEY LLP

6                                      Michael G. Rhodes (116127)

                                    Whitty Somvichian (194463)

7

8                                  */s/ Michael G. Rhodes*

                                         Michael G. Rhodes

9                                    Counsel for Defendant Facebook, Inc.

10                                  101 California Street, 5th Floor

                                    San Francisco, CA 94111-5800

11                                  Telephone: 415/693-2000

                                    415/693-2222 (fax)

12

13  DATED:  July 22, 2020

                                    LABATON SUCHAROW LLP

14                                  Michael P. Canty (*pro hac vice*)

                                    Corban S. Rhodes (*pro hac vice*)

15

16                                 */s/ Michael P. Canty*

                                         Michael P. Canty

17                                    Counsel for Plaintiffs and the Class

18                                  140 Broadway

                                    New York, NY  10005

19                                  Telephone:  212/907-0700

                                    212/818-0477 (fax)

20

21  DATED:  July 22, 2020

                                    ROBBINS GELLER RUDMAN & DOWD LLP

22                                  Paul J. Geller (*pro hac vice*)

23                                 */s/ Paul J. Geller*

                                         Paul J. Geller

24                                  Counsel for Plaintiffs and the Class

25                                  120 East Palmetto Park Road, Ste. 500

26                                  Boca Raton, FL 33432

                                  Telephone:  561/750-3000

27                                  561/750-3364 (fax)

28

DATED:  July 22, 2020

EDELSON PC
Jay Edelson (*pro hac vice*)
Benjamin Richman (*pro hac vice*)
Alexander G. Tievsky (*pro hac vice*)
Rafey Balabanian
Lily Hough


*/s/ Jay Edelson*
Jay Edelson
Counsel for Plaintiffs and the Class

350 North LaSalle Street, 14th Floor
Chicago, IL  60654
Telephone:  312/589-6370
312/589-6378 (fax)

123 Townsend Street
San Francisco, CA 94107
Telephone: 415/212-9300
415/373-9435 (fax)

## **ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), all signatories concur in filing this Stipulated Request.

Dated: July 22, 2020

*/s/ Michael G. Rhodes*
Michael G. Rhodes

230466363

# EXHIBIT A

EDELSON PC
Jay Edelson (*pro hac vice*)
Benjamin H. Richman (*pro hac vice*)
Alexander G. Tievsky (*pro hac vice*)
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Telephone: (312) 589-6370
Fax: (312) 589-6379
jedelson@edelson.com

ROBBINS GELLER RUDMAN & DOWD LLP
Shawn A. Williams (213113)
John H. George (292332)
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 288-4545
Fax: (415) 288-4534
shawnw@rgrdlaw.com

LABATON SUCHAROW LLP
Michael P. Canty (*pro hac vice*)
Corban S. Rhodes (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Fax: (212) 818-0477
mcanty@labaton.com

COOLEY LLP
Michael G. Rhodes (116127)
Whitty Somvichian (194463)
101 California Street, 5th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Fax: (415) 693-2222
rhodesmg@cooley.com

MAYER BROWN LLP
Lauren R. Goldman (*pro hac vice*)
Michael Rayfield (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2500
lrgoldman@mayerbrown.com

John Nadolenco (181128)
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 229-9500
jnadolenco@mayerbrown.com

Counsel for the parties

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re FACEBOOK BIOMETRIC INFORMATION PRIVACY LITIGATION | Master File No. 3:15-cv-03747-JD |
| This Document Relates To: | CLASS ACTION |
| ALL ACTIONS. | AMENDED STIPULATION OF CLASS ACTION SETTLEMENT |

1    This Amended Stipulation of Class Action Settlement is entered into by and among

2  Plaintiffs Nimesh Patel, Adam Pezen, and Carlo Licata (together "Plaintiffs") for themselves

3  individually and as appointed representatives of the Class certified by the Court, and

4  Defendant Facebook, Inc. ("Facebook" or "Defendant").[1] This Settlement Agreement is

5  intended by the Plaintiffs and Facebook, (collectively, the "Parties") to fully, finally, and

6  forever resolve, discharge, and settle the Released Claims upon and subject to the terms and

7  conditions in this Agreement, and is subject to the approval of the Court.

8  **I.    RECITALS**

9    1.    On April 1, 2015, Plaintiff Carlo Licata filed a putative class action complaint

10  against Facebook in the Circuit Court of Cook County, Illinois, alleging violations of the Illinois

11  Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), related to the alleged

12  unauthorized collection and storage of his biometric data, which Facebook removed to the United

13  States District Court for the Northern District of Illinois. Shortly thereafter, Adam Pezen and

14  Nimesh Patel brought similar claims in the United States District Court for the Northern District

15  of Illinois.

16    2.    On July 1, 2015, Facebook moved to transfer venue to the United State District

17  Court for the Northern District of California. On July 29, 2015, the Pezen and Patel cases, along

18  with the removed Licata case, were transferred to this Court, and consolidated into this Action.

19  On August 28, 2015, the Parties filed a consolidated class action complaint against Facebook.

20    3.    On October 9, 2015, Facebook moved to dismiss the consolidated class action

21  complaint. The Court converted a portion of defendant's motion to dismiss into a summary

22  judgment motion under Rule 56. Following expedited discovery and an evidentiary hearing, the

23  Court denied Defendants' motion on May 5, 2016.

24    4.    On June 29, 2016, Facebook filed a motion to dismiss under Rule 12(b)(6) and Rule

25  12(h)(3) for lack of subject matter jurisdiction under the Supreme Court's decision in <u>Spokeo, Inc.</u>

---

[1]    Unless otherwise specified, capitalized terms shall have the definitions ascribed to them in Section I, *infra*.

1  v. Robins, 136 S. Ct. 1540 (2016). On February 7, 2017, the Rules 12(b)(6) and 12(h)(3) motion

2  was administratively terminated with leave to renew pending the Ninth Circuit's decision in

3  Spokeo on remand from the Supreme Court.

4       5.     Subsequently, the Parties conducted significant fact and expert discovery, including

5  a second round of depositions of all plaintiffs, the Parties' respective experts, and Facebook fact

6  witnesses, bringing the total number of depositions taken and/or defended to eleven. The Parties

7  filed three motions to compel and/or for protective orders. Additionally, Plaintiffs and their experts

8  conducted seven weeks of on-site review of Facebook's source code relevant to the claims and

9  defenses in the Action.

10       6.     On September 28, 2017, Facebook again renewed its motion to dismiss for lack of

11  subject matter jurisdiction, which the Court denied on February 26, 2018.

12       7.     On December 8, 2017, Plaintiffs moved for class certification. On April 16, 2018,

13  the Court granted Plaintiffs' motion for class certification, in part, by certifying a class consisting

14  of: "Facebook users located in Illinois for whom Facebook created and stored a face template after

15  June 7, 2011." The Court ordered that notice to the Class be provided to all persons present in

16  Illinois sixty (60) continuous days by email through a third-party administrator as well as by jewel

17  notification and the Facebook newsfeed by Facebook. On April 30, 2018, Facebook sought

18  permission to appeal the class certification order under Rule 23(f) by the United States Court of

19  Appeals for the Ninth Circuit ("Ninth Circuit").

20       8.     On December 8, 2017, Facebook moved for summary judgment based on Illinois'

21  Extraterritoriality Doctrine and the Dormant Commerce Clause. On March 16, 2018, Facebook

22  filed another motion for summary judgment raising statutory arguments under BIPA. Plaintiffs

23  also moved for summary judgment that same day. On May 14, 2018, the Court denied the three

24  outstanding summary judgment motions.

25       9.     The Action was scheduled for a jury trial set to begin on July 9, 2018. On May 17,

26  2018, eight Motions in *Limine* were exchanged by the Parties, pursuant to the Court's standing

27  order.

28

10.     On May 24, 2018, the Court issued an order stating that pre-trial class notice must be published no later than May 31, 2018. On May 29, 2018, the Court denied Facebook's motion for a stay. On May 25, 2018, Facebook made an emergency motion in the Ninth Circuit, asking that court to stay the district court proceedings pending consideration of its 23(f) petition. This motion was granted and the appeal proceeded in the Ninth Circuit.

11.     Plaintiffs, Defendants, and multiple Amici Curiae briefed the issues for appeal and the Ninth Circuit held an oral argument on June 12, 2019. On August 8, 2019, the Ninth Circuit affirmed this Court's order granting class certification. On September 9, 2019, Facebook petitioned the Ninth Circuit for rehearing or rehearing *en banc*, which was denied. On December 2, 2019, Facebook filed a petition for a writ of certiorari with the Supreme Court of the United States. On Facebook's motion, the Ninth Circuit stayed issuance of its mandate pending the Supreme Court's resolution of its petition. On January 21, 2020 the Supreme Court denied Facebook's petition.

12.     The Parties attempted to resolve this dispute through mediation three times during these proceedings. First, on May 16, 2017, the Parties exchanged statements and attended a private mediation with Judge Layn Phillips (ret.), but were unable to reach a resolution. On May 4, 2018, the Parties again participated in a Court-ordered mediation before Magistrate Judge Donna M. Ryu, but were unable to reach an agreement. On January 15, 2020, the Parties participated in a third mediation with Ambassador Jeff L. Bleich (ret.) in San Francisco. After considerable arms-length negotiations, the Parties were able to reach an agreement to resolve this Action.

13.     The Parties presented the Court with an agreement to resolve this matter and requested preliminary approval. On June 4, 2020, this Court denied preliminary approval without prejudice and provided the Parties with a list of concerns with the originally drafted agreement and exhibits. Thereafter, the Parties, with further and substantial assistance of Ambassador Bleich (ret.), involving extensive additional negotiations and numerous communications under his supervision over the ensuing weeks, continuing to just a few days ago, were able to reach a revised Settlement that addresses the Court's stated concerns.

14.     Plaintiffs and Class Counsel believe that the claims asserted in the Action have merit, that they would have ultimately succeeded at trial and on any subsequent appeal. But

Plaintiffs and Class Counsel recognize that Facebook has raised relevant factual and legal defenses that pose risks to the Class, namely: (i) obstacles to an aggregate recovery for Class members; and (ii) issues of law would be reviewed de novo on appeal even after Plaintiffs prevailed at trial. Class Counsel have also taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulty and delay inherent in such litigation and the appeals that would follow any judgment in favor of the Class. Class Counsel believe that this Agreement eliminates uncertainty in the outcome and presents an exceptional result for the Class, and one that will be provided without delay. Therefore, Plaintiffs believe that it is in the best interest of the Class to settle the Action and that the Released Claims be fully and finally compromised, settled, and resolved with prejudice, and barred pursuant to the terms and conditions set forth in this Settlement Agreement.

15. Facebook denies all allegations of wrongdoing and liability and denies all material allegations in the consolidated complaint and strongly believes that it would prevail in any trial on the merits, but has similarly concluded that this Settlement Agreement is desirable to avoid the time, risk, and expense of defending protracted litigation, and to avoid the risk posed by the Class's claims for substantial damages. Facebook thus desires to resolve finally and completely resolve the pending claims of Plaintiffs and the Class.

16. NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, the Class, and Defendant that, subject to the approval of the Court after a hearing as provided for in this Settlement, and in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Released Claims shall be fully and finally compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in this Settlement Agreement.

## II. AGREEMENT

### a. Definitions

1.1 As used herein, in addition to any definitions set forth elsewhere in this Settlement Agreement, the following terms shall have the meanings set forth below:

1.2    "Action" means the consolidated case captioned <u>In re Facebook Biometric Information Privacy Litigation</u>, No. 3:15-cv-03747-JD (N.D. Cal.).

1.3    "Agreement" or "Settlement Agreement" means this Amended Stipulation of Class Action Settlement.

1.4    "Approved Claim" means a Claim Form submitted by a Class Member that is timely and submitted in accordance with the directions on the Claim Form and the terms of this Agreement, or is otherwise accepted by the Court and satisfies the conditions of eligibility for a Settlement Payment as set forth in this Agreement.

1.5    "Claim Form" means the document substantially in the form attached hereto as Exhibit A, as approved by the Court. Class Members who wish to file a claim for a Settlement Payment must submit a Claim Form which will be available in paper and electronically, including the ability to click on a link directly within the jewel and newsfeed notices on Facebook.com and be taken to the Settlement Website. The Claim Form will require a claiming Class Member to provide the following information: (i) full name, (ii) current U.S. Mail address, (iii) the email address or telephone number associated with their Facebook account, and (iv) if necessary, to provide additional information about the time in which they were located in Illinois as well as their Facebook use. The electronic Claim Form will provide Class Members with the option of having their Settlement Payment transmitted to them electronically, through Automated Clearing House ("ACH") direct deposit, or other reliable means.

1.6    "Claims Deadline" means the date by which all Claim Forms must be postmarked or submitted electronically to be considered timely, and shall be set as a date no later than sixty (60) calendar days following the Notice Date, subject to Court approval. The Claims Deadline shall be clearly set forth in the order preliminarily approving the Settlement, as well as in the Notice and the Claim Form.

1.7    "Class" means the class previously certified by the Court: Facebook users located in Illinois for whom Facebook created and stored a face template after June 7, 2011 up to the date of the Preliminary Approval Order. (Dkt. 333.) Excluded from the class: (1) any Judge, Magistrate, or mediator presiding over this Action and members of their immediate families, (2) the Defendant,

1    Defendant's employees, Defendant's subsidiaries, parent companies, successors, predecessors,

2    and any entity in which Facebook or its affiliates have a controlling interest, (3) persons who

3    properly execute and file a timely request for exclusion from the Class, (4) Class Counsel, and (5)

4    the legal representatives, successors or assigns of any such excluded persons.

5         1.8    "Class Counsel" means the law firms of Edelson PC; Robbins Geller Rudman &

6    Dowd LLP; and Labaton Sucharow LLP.

7         1.9    "Class Member" means a person who falls within the definition of the Class and

8    who does not submit a valid request for exclusion.

9         1.10   "Class Representatives" means Plaintiffs Carlo Licata, Nimesh Patel, and Adam

10   Pezen.

11        1.11   "Court" means the United States District Court for the Northern District of

12   California, San Francisco Division, the Honorable James Donato presiding, or any judge who shall

13   succeed him as the judge assigned to the Action.

14        1.12   "Defendant" or "Facebook" means Defendant Facebook, Inc., a Delaware

15   corporation.

16        1.13   "Defendant's Counsel" or "Facebook's Counsel" means the law firms of Cooley

17   LLP and Mayer Brown LLP.

18        1.14   "Escrow Account" means the separate, interest-bearing escrow account to be

19   established by Class Counsel, or by the Settlement Administrator under terms acceptable to Class

20   Counsel, at Citibank, N.A., which shall be the "Escrow Agent." The Settlement Amount shall be

21   deposited into the Escrow Account and the money shall be invested in the following types of

22   accounts and/or instruments and no other: (a) demand deposit accounts; (b) time deposit accounts

23   and certificates of deposit; (c) United States Treasury bills; or (d) other instruments backed by the

24   full faith and credit of the United States Government. The costs of establishing and maintaining

25   the Escrow Account shall be paid from the Settlement Fund.

26        1.15   "Fee Award" means the amount of attorneys' fees and expenses awarded to Class

27   Counsel by the Court to be paid out of the Settlement Fund.

28

STIPULATION OF CLASS ACTION SETTLEMENT - 3:15-cv-03747-JD                                    - 6 -

1.16 "Final" means one business day after the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari.

1.17 "Final Approval Hearing" means the hearing before the Court where the Parties will request that the Final Judgment be entered by the Court finally approving the Settlement as fair, reasonable and adequate, and approving the Fee Award and the incentive awards to the Class Representatives.

1.18 "Final Judgment" means the final judgment to be entered by the Court approving the settlement of the Action in accordance with this Settlement Agreement after the Final Approval Hearing.

1.19 "Net Settlement Fund" means the Settlement Fund, plus any interest or investment income earned on the Settlement Fund, less any Fee Award, incentive awards to the Class Representatives, Taxes and Tax Expenses, and Estimated Settlement Administration Expenses.

1.20 "Notice" means the notices of this proposed Settlement and Final Approval Hearing, which are to be disseminated to the Class substantially in the manner set forth in this Settlement Agreement and approved by the Court, fulfilling the requirements of Due Process and Rule 23, and are substantially in the form of Exhibits C, D, E, F, G, and H attached hereto.

1.21 "Notice Date" means the date by which the Notice is disseminated to the Class, which shall be a date no later than thirty five (35) calendar days after entry of Preliminary Approval.

1.22 "Objection/Exclusion Deadline" means the date by which a written objection to the Settlement or a request for exclusion by a person within the Class must be made, which shall be designated as a date no later than sixty (60) calendar days after the Notice Date and no sooner than fourteen (14) calendar days after the request for the Fee Award is filed with the Court and posted to the Settlement Website, or such other date as ordered by the Court.

1.23 "Plaintiffs" means Carlo Licata, Nimesh Patel, and Adam Pezen.

1.24 "Preliminary Approval" means that an order has been issued by the Court ("Preliminary Approval Order") making each of the following rulings: (i) preliminarily approving the Agreement and finding that the Settlement is within the range of potential final approval as fair, reasonable, and adequate; (ii) confirming certification of the Class, for settlement purposes; and (iii) approving the form and manner of the Notice and directing that Notice be sent to the Class.

1.25 "Released Claims" means any and all claims or causes of action, whether known or unknown (including "Unknown Claims" as defined below), arising from or related to Plaintiffs' allegations regarding the alleged collection, storage, or dissemination of biometric data related to facial recognition technology from Facebook users located in Illinois, including all claims and issues that were litigated in the action or that could have been brought in the Action and claims for any violation of the Illinois Biometric Information Privacy Act ("BIPA") or other Illinois statutory or common law related to facial recognition.

1.26 "Released Parties" means Facebook, Inc. and Face.com, and their respective present or former administrators, predecessors, successors, assigns, parents, subsidiaries, holding companies, investors, divisions, associates, employees, agents, representatives, consultants, independent contractors, directors, managing directors, officers, partners, principals, members, attorneys, vendors, accountants, fiduciaries, financial and other advisors, investment bankers, insurers, reinsurers, employee benefit plans, underwriters, shareholders lenders, auditors, investment advisors, and former companies but excluding any entities in which Facebook or Face.com had or has a controlling interest or are affiliated with that did not use the Tag Suggestions feature such as Instagram, Inc., WhatsApp Inc., and Oculus VR Inc.

1.27 "Releasing Parties" means Plaintiffs and the Class Members and their respective present or past heirs, executors, estates, administrators, trustees, assigns, agents, consultants, independent contractors, insurers, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these persons and entities.

1.28 "Settlement Administration Expenses" means the expenses incurred by the Settlement Administrator in providing Notice, processing claims, responding to inquiries from members of the Class, providing Settlement Payments, related services, and the costs of the Escrow Account. The Settlement Administrator anticipates the total cost of Settlement Administration to be approximately $1,750,195.00 ("Estimated Settlement Administration Expenses"), which will be set aside from the Settlement Fund.

1.29 "Settlement Administrator" means Gilardi & Co. LLC, subject to approval of the Court, which will provide certain aspects of the Notice, Settlement Website, as well as the processing of Approved Claims as Settlement Payments to Class Members as set forth in this Agreement.

1.30 "Settlement Fund" means the non-reversionary cash fund that shall be funded by Facebook in the total amount of six hundred fifty million US dollars ($650,000,000.00) (the "Settlement Amount") to be deposited into the Escrow Account, plus all interest earned thereon. The following shall be paid from the Settlement Fund: All Settlement Payments as a result of Approved Claims made by Class Members, Settlement Administration Expenses, Taxes and Tax Expenses, any incentive awards to the Class Representatives, and any Fee Award to Class Counsel. The Settlement Fund shall be kept in the Escrow Account until such time as the above-listed payments are made. The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account. Class Counsel and/or the Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and causing the payment of all Taxes that may be due on such earnings. The Settlement Fund represents the total extent of Facebook's monetary obligations under this Agreement. In no event shall Facebook's total monetary obligation with respect to this Agreement exceed or be less than six hundred fifty million dollars ($650,000,000.00). The Parties, the Escrow Agent, and the Settlement

Administrator agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Settlement Administrator shall timely make such elections as necessary or advisable to carry out this provision, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Class Counsel and/or the Settlement Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

1.31 "Settlement Payment" means the payments to be made in response to Approved Claims. Each individual who submits an Approved Claim will receive a pro rata portion of the Net Settlement Fund.

1.32 "Settlement Website" means the website to be created, launched, and maintained by the Settlement Administrator, which will provide access to relevant case documents including the Notice, Claim Form, and other relevant documents.

1.33 "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants). All (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Parties or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this Agreement (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Agreement ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Parties and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration

of the Settlement Fund and shall be timely paid by the Escrow Agent, as instructed by Class

Counsel and/or the Settlement Administrator, out of the Settlement Fund without prior order from

the Court and the Settlement Administrator shall be authorized (notwithstanding anything herein

to the contrary) to withhold from distribution to Class Members with Approved Claims any funds

necessary to pay such amounts, including the establishment of adequate reserves for any Taxes

and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg.

§1.468B-2(l)(2)); neither the Released Parties nor their counsel are responsible nor shall they have

any liability for any Taxes or Tax Expenses. The Parties hereto agree to cooperate with the

Settlement Administrator, the Escrow Agent, each other, and their tax attorneys and accountants

to the extent reasonably necessary to carry out the provisions of this Agreement. For the purpose

of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated

thereunder, Class Counsel shall be the "administrator."  Class Counsel and/or the Settlement

Administrator shall timely and properly file all informational and other tax returns necessary or

advisable with respect to the Settlement Fund and Escrow Account (including, without limitation,

the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described

in this Agreement) shall be consistent with this section and in all events shall reflect that all Taxes

(including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund

shall be paid out of the Settlement Fund as provided in this Agreement.

1.34    "Unknown Claims" means claims that could have been raised in the Action and

that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or

her, might affect his or her agreement to release the Released Parties or the Released Claims or

might affect his or her decision to agree, object or not to object to the Settlement, or seek exclusion

from the Class. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall

have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions,

rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE
> CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO
> EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE
> RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE

MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

### b. Settlement Relief

2.1     Facebook shall pay or cause to be paid into the Escrow Account the Settlement Amount ($650,000,000.00) within fourteen (14) calendar days after the issuance of an order from the Court finally approving the Settlement.

2.2     Class Members shall have until the Claims Deadline to submit a Claim Form. Each Class Member with an Approved Claim shall be entitled to a Settlement Payment.

2.3     Within sixty (60) calendar days after the Effective Date, or such other date as the Court may set, the Settlement Administrator shall send Settlement Payments from the Settlement Fund by check or electronic deposit, as elected by the Class Member with an Approved Claim.

2.4     Each payment issued to a Class Member via check will state on the face of the check that it will become null and void unless cashed within ninety (90) calendar days after the date of issuance.

2.5     In the event that an electronic deposit to a Class Member is unable to be processed, the Settlement Administrator shall attempt to contact the Class Member within thirty (30) calendar days to correct the problem.

2.6     To the extent that a check issued to a Class Member is not cashed within ninety (90) calendar days after the date of issuance or an electronic deposit is unable to be processed within ninety (90) calendar days of the first attempt, such funds shall remain in the Settlement

1    Fund and shall be apportioned pro rata to participating Class Members in a second distribution, if

2    practicable. To the extent that any second distribution is impracticable or second-distribution funds

3    remain in the Settlement Fund after an additional ninety (90) calendar days, such funds shall revert

4    to the American Civil Liberties Union of Illinois, as approved by the Court.

5          2.7    No amount paid by Defendant into the Escrow Account shall revert to Defendant

6    unless the Settlement is terminated in accordance with sections 7.1 or 4.6. In no event shall any

7    such amount be paid to any Class Counsel except for the amount of an approved Fee Award.

8          2.8    Within twenty one (21) calendar days after the distributions referenced in this

9    Section 2.1, the parties will file with the Court a Post-Distribution Accounting as contemplated in

10   the Northern District of California Procedural Guidance for Class Action Settlements

11   (https://www.cand.uscourts.gov/for=s/procedural-guidance-for-class-action-settlements/).

12         2.9    Prospective Relief:  Without admitting any liability or that it is required by law to

13   do so, Facebook shall take the following steps in connection with this Settlement:

14             (a)    Except as provided below, Facebook will (i) set the Face Recognition

15   setting for Class Members to "off" within ninety (90) calendar days of the Effective Date, and (ii)

16   will delete existing face templates for Class Members unless Facebook obtains a Class Member's

17   express consent to set their Face Recognition setting to "on" within one hundred eighty (180)

18   calendar days of the Effective Date.  In obtaining express consent, Facebook will disclose how it

19   will use the face templates that may be created for a Class Member, in a disclosure that is separate

20   and apart from any existing "privacy policy," "data policy," "statement of rights and

21   responsibilities" page, or other similar general document and substantially in the form attached as

22   Exhibit B.  The disclosure specific to Face Recognition referenced in the foregoing sentence will

23   allow Class Members to dismiss the disclosure without taking an affirmative action, but if a Class

24   Member dismisses the disclosure without taking other action, their Face Recognition setting will

25   remain "off" and their face template will be deleted as set forth above.  If, following the Final

26   Approval Hearing, there is an appeal solely with respect to the Fee Award and no other issues,

27   Facebook will implement the steps referenced in this Section 2.9(a) within ninety (90) calendar

28   days of Final Approval.

(b)     The foregoing requirements will not apply to Class Members (1) who signed up for Facebook after September 3, 2019 or (2) who manually enabled Face Recognition for themselves, after Facebook had disabled it for those Class Members.

(c)     In addition, within ninety (90) calendar days of the Effective Date, Facebook will delete the face templates of any Class Members who have had no activity on Facebook for a period of three years as of the Effective Date, without going through the process set forth in Section 2.9(a)(ii) above.

### c.     Release

3.1     The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

3.2     Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

3.3     Upon the Effective Date, the Released Parties shall by operation of the Final Judgment have, fully, finally, and forever released, relinquished, and discharged all claims against Plaintiffs, the Class, and Class Counsel that arise out of or relate in any way to the commencement, prosecution, settlement or resolution of the Action, except for claims to enforce the terms of the Settlement.

### d.     Notice To The Class

4.1     Class Notice List. Within fourteen (14) calendar days of the Preliminary Approval Order, Facebook will provide to the Settlement Administrator a list of the names and e-mail addresses, or telephone numbers for all Facebook users who, based on Facebook's data, (1) had a predicted home location in Illinois for one hundred eighty-three (183) or more consecutive days between June 7, 2011 to the date of the Preliminary Approval Order, (2) identified themselves as being the age of eighteen or over in the period when their predicted home location was in Illinois, and (3) had six (6) or more days in which they were active on Facebook during the period when their predicted home location was in Illinois (the "Class Notice List"). Facebook will provide information, based on its available data, on whether Facebook has a record that a face template

existed for that person. The Settlement Administrator shall keep the Class Notice List and all personal information obtained therefrom, including the identity, mailing, and e-mail addresses of all persons strictly confidential. The Class Notice List may not be used by the Settlement Administrator for any purpose other than advising specific individual Class Members of their rights, mailing Settlement Payments, and otherwise effectuating the terms of the Settlement Agreement or the duties arising thereunder, including the provision of Notice of the Settlement

4.2     The Notice shall be disseminated in the same manner as was approved by the Court after class certification:

(a)     Email Notice by Settlement Administrator. No later than the Notice Date, the Settlement Administrator shall send Notice via email substantially in the form attached as Exhibit C, with a link to a Spanish language version to all Class Members to each email address on the Class Notice List.

(b)     Jewel and News Feed Notice by Facebook.  No later than the Notice Date, Facebook shall, at its own cost, make Notice available via jewel notification and placement on the News Feed of each person on the Class Notice List, substantially in the form attached as Exhibits D and E.

(c)     Reminder Notice. No later than date fourteen days before the Claims Deadline the Settlement Administrator shall send reminder notice via email to all Class Members to each email address on the Class Notice List substantially in the form attached as Exhibit C, with a link to a Spanish language version.

(d)     Publication Notice. No later than the Notice Date, the Settlement Administrator shall arrange for the placement of ads in the following manner:  1x Chicago Tribune (1/8th page; Classified) and 1x Chicago Sun-Times (1/4th tabloid page; Main News) in the forms attached as Exhibit F.

(e)     Settlement Website. Expeditiously after preliminary approval of the Settlement and the notice program, the Notice shall be provided on a website, which shall be administered and maintained by the Settlement Administrator and shall include the ability to file Claim Forms on-line. The Notice provided on the Settlement Website will be in English and

Spanish and shall be substantially in the form attached as Exhibit G. The Settlement Website will be periodically updated to provide the estimated pro rata payment amount based on the number of participating Class Members. The content of the Settlement Website and any materials posted on the Settlement Website shall be subject to approval of Class Counsel and Defendant's Counsel.

(f)    Targeted Internet Ad Campaign. The Settlement Administrator shall arrange for an Internet banner ad campaign generating approximately 27.1 million impressions targeting Illinois Facebook users and Illinois adults 25-54 years of age via the Google Display Network. The banner ads shall be substantially in the form attached as Exhibit H.

(g)    CAFA Notice. Defendant will coordinate updated compliance with 28 U.S.C. § 1715 at its own cost.

4.3    The Notice shall advise the Class of their rights, including the right to be excluded from the Class, comment upon, and/or object to the Settlement Agreement, any of its terms, or the request for the Fee Award. The Notice shall specify that any objection to the Settlement Agreement and/or the request for the Fee Award, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Class Member making the objection files copies of such papers he or she proposes to be submitted at the Final Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a Class Member represented by counsel, files any objection through the Court's CM/ECF system.

4.4    Any Class Member who intends to object to this Agreement and/or the request for a Fee Award, must present the objection in writing only to the Court, which must be personally signed by the objector, and must include: (1) the objector's name, address, and email; (2) an explanation of the basis upon which the objector claims to be a Class Member; (3) whether the objection applies only to the objector, a subset of the Class, or the entire Class; (4) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (5) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection, who must enter an appearance with the Court in

accordance with the Local Rules; and (6) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel).

4.5     A Class Member may request to be excluded from the Class by sending a written request that is received on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice. To exercise the right to be excluded, a Class Member must timely send a written request for exclusion to the Settlement Administrator providing his/her name, address and email; a signature, the name and number of the Action, and a statement that he or she wishes to be excluded from the Class for purposes of this Settlement. In light of the COVID-19 pandemic, the Settlement Administrator shall create a dedicated e-mail address to receive exclusion requests electronically. A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the person(s) serving such a request remain a member(s) of the Class and shall be bound as a Class Member by this Agreement, if approved. Any member of the Class who validly elects to be excluded from this Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. The request for exclusion must be personally signed by the person requesting exclusion. So-called "mass" or "class" opt-outs shall not be allowed. To be valid, a request for exclusion must be postmarked or received by the date specified in the Notice.

4.6     If the number of Class Members who request exclusion exceeds twenty five thousand (25,000), then Facebook may, in its sole discretion, notify Class Counsel in writing that it has elected to terminate this Settlement Agreement.  Such notification of intent to terminate the Settlement Agreement must be provided a minimum of seven (7) calendar days before the filing deadline for the motion seeking Final Approval.  If this Settlement Agreement is terminated, it will be deemed null and void ab initio.

4.7     The Final Approval Hearing shall be no earlier than ninety (90) calendar days after the Notice described in Paragraph 4.2(d) is provided.

### e.    Settlement Administration

5.1    The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by providing Notice and processing Claim Forms in a reasonable, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. Without limiting the foregoing, the Settlement Administrator shall:

(a)    Receive requests to be excluded from the Class and promptly provide Class Counsel and Defendant's Counsel copies thereof.  If the Settlement Administrator receives any exclusion forms after the deadline for the submission of such forms, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel;

(b)    Provide weekly reports to Class Counsel regarding the number of Claim Forms received and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator;

(c)    Make available for inspection by Class Counsel the Claim Forms received by the Settlement Administrator at any time upon reasonable notice; and

5.2    The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud, including by cross-referencing Approved Claims with the Class List. The Settlement Administrator shall determine whether a Claim Form submitted by a Class Member is an Approved Claim and shall reject Claim Forms that fail to (a) comply with the instructions on the Claim Form or the terms of this Agreement, or (b) provide full and complete information as requested on the Claim Form. In the event a person submits a timely Claim Form by the Claims Deadline but the Claim Form is not otherwise complete, then the Settlement Administrator shall give such person reasonable opportunity to provide any requested missing information, which information must be received by the Settlement Administrator no later than twenty-eight (28) calendar days after the

Claims Deadline. In the event the Settlement Administrator receives such information more than twenty-eight (28) calendar days after the Claims Deadline, then any such claim shall be denied. The Settlement Administrator may contact any person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form. Class Counsel and Defendant's Counsel shall both have the right to challenge the acceptance or rejection of a Claim Form submitted by a Class Member by the Settlement Administrator. The Settlement Administrator shall follow any joint decisions of Class Counsel and Defendant's Counsel as to the validity of any disputed submitted Claim Form. Where Class Counsel and Defendant's Counsel disagree as to the validity of a submitted Claim Form, the Settlement Administrator will resolve the dispute and the Claim Form will be treated in the manner designated by the Settlement Administrator.

### f. Preliminary Approval And Final Approval

6.1    Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for entry of Preliminary Approval of the settlement set forth in this Agreement, which order shall set a Final Approval Hearing date and approve the Notice and Claim Form for dissemination substantially in the form of Exhibits A, C, D, E, F, G, and H hereto. The order granting Preliminary Approval shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Final Judgment set forth below and do not limit or impair the rights of the Class.

6.2    After Notice is given, the Parties shall request and seek to obtain from the Court a Final Judgment, which will (among other things):

(a)    find that the Court has personal jurisdiction over all Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto;

(b)    approve the Settlement Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and

provisions; and declare the Agreement to be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and the Releasing Parties with respect to the Released Claims;

        (c)     find that the Notice implemented pursuant to the Agreement (i) constitutes the best practicable notice under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to object to the Settlement or exclude themselves from the Class, and to appear at the Final Approval Hearing; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

        (d)     find that the Class Representatives and Class Counsel adequately represent the Class for purposes of entering into and implementing the Agreement;

        (e)     dismiss the Action (including all individual claims and Class claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

        (f)     incorporate the Releases set forth above, make the Releases effective as of the Effective Date, and forever discharge the Released Parties from the Released Claims as set forth herein;

        (g)     permanently bar and enjoin all Class Members who have not properly sought exclusion from the Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

        (h)     without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

        (i)     incorporate any other provisions, as the Court deems necessary and just

6.3     The Parties shall, in good faith, cooperate, assist and undertake all reasonable actions and steps in order to accomplish these required events on the schedule set by the Court, subject to the terms of this Settlement Agreement.

### g.     Termination Of The Settlement Agreement

7.1     Subject to Paragraphs 9.1-9.3 below, Defendant or the Class Representatives on behalf of the Class, shall have the right to terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within twenty-one (21) calendar days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect or a ruling conditionally approving this Agreement subject to proposed changes to, or additions of, material terms (including, but not limited to, changes or additions to the Prospective Relief set forth in Section 2.9, the notice provisions of Section 4.2, and the definition of "Released Claims"); (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; (v) the date upon which an Alternative Judgment, as defined in Paragraph 9.1(d) of this Agreement is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (vi) the date Facebook terminates the Settlement Agreement pursuant to Paragraph 4.6 above.

### h.     Incentive Awards And Class Counsel's Attorneys' Fees And Payment Of Expenses

8.1     Defendant agrees to pay Class Counsel reasonable attorneys' fees and expenses incurred in the Action as the Fee Award. The amount of the Fee Award shall be determined by the Court based on petition from Class Counsel. Without the Parties having discussed the issue of attorneys' fees at any point in their negotiations, and with no consideration given or received, Class Counsel has agreed to limit its petition for attorneys' fees to no more than twenty percent (20%) of the settlement fund in the Parties' May 4, 2020 settlement, plus reimbursement of expenses. Payment of the Fee Award shall be made from the Settlement Fund and should Class Counsel seek or be awarded less than this amount, the difference in the amount sought and/or the amount

ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund for distribution to eligible Class Members. Defendant is not responsible for Class Counsel's allocation of the Fee Award amongst themselves. Class Counsel agree that the Fee Award shall be equally divided among the three (3) firms comprising Class Counsel. Labaton Sucharow's allocation from the Fee Award will also be used by Labaton Sucharow to compensate its former liaison counsel, Law Offices of Norman Rifkind.

8.2     Any Fee Award by the Court shall be paid from the Settlement Fund to Class Counsel within fourteen (14) days after entry of the Final Judgment and an order awarding such attorneys' fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the awarded fees and expenses, the Settlement, or any part thereof.  Payment of the Fee Award shall be made via wire transfer to an account or accounts designated by Class Counsel after providing necessary information for electronic transfer. The Fee Award paid to Class Counsel will be subject to potential repayment pursuant to the terms set forth below.

8.3     Each Class Counsel's law firm receiving any portion of a Fee Award, as a condition of receiving such payment, agrees on behalf of itself and each equity partner and/or shareholder of it that the law firm and its equity partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph. Class Counsel executing this Settlement stipulate, warrant, and represent that they have actual authority to enter into the obligations set forth in this paragraph on behalf of the law firms indicated below, and the shareholders, members, and/or partners of those law firms respectively. In the event that the Effective Date does not occur, or the Final Judgment or the order granting a Fee Award is reversed or modified by a final non-appealable order, or this Agreement is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes final and not subject to review, and in the event that the Fee Award has been paid to any extent, then: (a) Class Counsel with respect to the Fee Award paid shall within thirty (30) business days from receiving notice from Defendant's Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus

interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification. If the Fee Award is reduced on appeal, but all other terms of the Agreement remain in full effect, Class Counsel shall repay the portion of the Fee Award by which it is reduced and any interest earned thereon at the same rate as earned on the Settlement Fund. This partial repayment of the Fee Award shall be applied to the Net Settlement Fund and distributed in accordance with the terms of the Agreement. If Class Counsel fails to repay any portion of the Fees Award as required by this paragraph, the Court shall, upon application by Defendant and notice to Class Counsel, issue such orders as appropriate to compel compliance by Class Counsel and their respective law firms, and shall award reasonable attorneys' fees and expenses incurred by Defendant in connection with the enforcement of this paragraph. Neither the death, incapacitation, personal bankruptcy, or disbarment of any of Class Counsel nor the dissolution, winding up, bankruptcy, merger, acquisition, or other change in the composition or solvency of their law firms shall in any way affect the obligations of Class Counsel in this paragraph. All obligations set forth in this paragraph shall expire upon the Effective Date.

8.4     Counsel intend to file a motion for Court approval of awards to the Class Representatives, to be paid from the Settlement Fund. With no consideration having been given or received, Class Representatives agree to seek no more than seven thousand five hundred dollars ($7,500) each from the Court as the award. Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund.

## i.     Conditions Of Settlement, Effect Of Disapproval, Cancellation Or Termination

9.1     The effective date of this Settlement Agreement (the "Effective Date") shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

(a)     The Parties and their counsel have executed this Agreement;

(b)     The Court has granted Preliminary Approval;

(c)     The Court has entered an order finally approving the Agreement, following Notice to the Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment consistent with this Agreement in all material respects;

(d)     Facebook has funded the Settlement Fund; and

(e)     The Final Judgment has become Final, as defined by this Agreement, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment"), and that has the approval of the Parties, such Alternative Judgment becomes final and unappealable.

9.2     If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 7.1 unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Parties. Notwithstanding anything herein, the Parties agree that the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel and/or the awards to Plaintiffs set forth in Paragraph 8 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

9.3     If this Settlement Agreement is terminated or fails to become effective for the reasons set forth above, the Parties shall be restored to their respective positions as of the date of the signing of this Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, nunc pro tunc, and the Parties shall be returned to the status quo ante as if this Settlement Agreement had never been entered into.

9.4     In the event the Settlement is terminated or fails to become effective for any reason, the Settlement Fund, together with any earnings thereon at the same rate as earned by the

1  Settlement Fund, less any Taxes paid or due, less Settlement Administrative Expenses actually
2  incurred and paid or payable from the Settlement Fund, shall be returned to Facebook within thirty
3  (30) calendar days after written notification of such event in accordance with instructions provided
4  by Defendant's Counsel to Class Counsel. At the request of Defendant's Counsel, Class Counsel
5  or their designees shall apply for any tax refund owed on the amounts in the Settlement Fund and
6  pay the proceeds, after any deduction of any fees or expenses incurred in connection with such
7  application(s), of such refund to Facebook or as otherwise directed.

8  **j.    Miscellaneous Provisions**

9  10.1    The Parties (a) acknowledge that it is their intent to consummate this Settlement
10  Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the
11  extent reasonably necessary to effectuate and implement all terms and conditions of this
12  Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and
13  conditions of this Agreement, to secure final approval, and to defend the Final Judgment through
14  any and all appeals. Class Counsel and Defendant's Counsel agree to cooperate with one another
15  in seeking Preliminary Approval, and entry of the Final Judgment, and promptly to agree upon and
16  execute all such other documentation as may be reasonably required to obtain final approval of the
17  Agreement.

18  10.2    The Parties intend this Settlement Agreement to be a final and complete resolution
19  of all disputes between them with respect to the Released Claims by Plaintiffs, the Class and each
20  or any of them, on the one hand, against the Released Parties, and each or any of the Released
21  Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action
22  was brought by Plaintiffs or defended by Defendant, or each or any of them, in bad faith or without
23  a reasonable basis.

24  10.3    Each signatory to this Agreement and warrants (a) that he, she, or it has all requisite
25  power and authority to execute, deliver and perform this Settlement Agreement and to consummate
26  the transactions contemplated herein, (b) that the execution, delivery and performance of this
27  Settlement Agreement and the consummation by it of the actions contemplated herein have been
28  duly authorized by all necessary corporate action on the part of each signatory, and (c) that this

Settlement Agreement has been duly and validly executed and delivered by each signatory and constitutes its legal, valid and binding obligation.

10.4 The Parties have relied upon the advice and representation of counsel, selected by them, concerning the claims hereby released. The Parties have read and understand fully this Settlement Agreement and have been fully advised as to the legal effect hereof by counsel of their own selection and intend to be legally bound by the same.

10.5 Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

(a) is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(b) is, may be deemed, or shall be used, offered or received against Defendant, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

(c) is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release,

good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(d)     is, may be deemed, or shall be construed against Plaintiffs, the Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

(e)     is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs, the Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

10.6    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

10.7    The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Settlement Agreement.

10.8    All of the Exhibits to this Settlement Agreement are material and integral parts hereof and are fully incorporated herein by reference.

10.9    This Settlement Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

10.10  Except as otherwise provided herein, each Party shall bear its own attorneys' fees and costs incurred in any way related to the Action.

10.11  Plaintiffs represent and warrant that they have not assigned any claim or right or interest relating to any of the Released Claims against the Released Parties to any other person or party and that they are fully entitled to release the same.

10.12  Each counsel or other person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any party hereto, hereby warrants and represents that such person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Settlement Agreement to effectuate its terms.

10.13  This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signature by digital, facsimile, or in PDF format will constitute sufficient execution of this Settlement Agreement. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

10.14  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Settlement Agreement.

10.15  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of California without reference to the conflicts of laws provisions thereof.

10.16  This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Settlement Agreement, it shall not be construed more strictly against one Party than another.

10.17  Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the following counsel. For Plaintiffs: Rafey S. Balabanian, Edelson PC, 123 Townsend Street, Suite 100, San Francisco, California 94107; Paul J. Geller, Robbins Geller Rudman and

Dowd LLP, 120 East Palmetto Park Road, Ste. 500, Boca Raton, FL 33432; Michael P. Canty, Labaton Sucharow LLP; 140 Broadway, New York, New York 10005. For Facebook: Michael Rhodes, Cooley LLP, 101 California Street, 5th Floor, San Francisco, California 94111.

10.18   Under no circumstances will Facebook have any liability for Taxes or Tax Expenses under the Settlement.  Plaintiffs, Class Counsel and, Class Members, and the recipients of cy pres funds are responsible for any taxes on their respective recoveries or awards.  Nothing in this Agreement, or statements made during the negotiation of its terms, shall constitute tax advice by Facebook or Facebook's counsel.

10.19   All time periods and dates described in this Agreement are subject to the Court's approval. These time periods and dates may be changed by the Court or by the Parties' written agreement without notice to the Class.  The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any provision of this Agreement.

**[SIGNATURES APPEAR ON FOLLOWING PAGE]**

DATED:  July $\overset{22}{\rule{1cm}{0.4pt}}$, 2020

CARLO LICATA

_Carlo Licata_
_____
Carlo Licata
Plaintiff

DATED:  July ___, 2020

NIMESH PATEL

_____
Nimesh Patel
Plaintiff

DATED:  July ___, 2020

ADAM PEZEN

_____
Adam Pezen
Plaintiff

DATED:  July ___, 2020

ROBBINS GELLER RUDMAN & DOWD LLP
Shawn A. Williams
John H. George
Patrick J. Coughlin
Ellen Gusikoff Stewart
Lucas F. Olts
Randi D. Bandman
Paul J. Geller (*pro hac vice*)
Stuart A. Davidson (*pro hac vice*)
Christopher C. Gold (*pro hac vice*)

_____
Paul J. Geller
Counsel for Plaintiffs and the Class

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

DATED: July ___, 2020

CARLO LICATA

_____
Carlo Licata
Plaintiff

DATED: July 22, 2020

NIMESH PATEL

_____
Nimesh Patel
Plaintiff

DATED: July 22, 2020

ADAM PEZEN

_____
Adam Pezen
Plaintiff

DATED: July ___, 2020

ROBBINS GELLER RUDMAN & DOWD LLP
Shawn A. Williams
John H. George
Patrick J. Coughlin
Ellen Gusikoff Stewart
Lucas F. Olts
Randi D. Bandman
Paul J. Geller (*pro hac vice*)
Stuart A. Davidson (*pro hac vice*)
Christopher C. Gold (*pro hac vice*)

_____
Paul J. Geller
Counsel for Plaintiffs and the Class

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

1   DATED: July ___, 2020

2

3

4   DATED: July ___, 2020

5

6

7

8

9   DATED: July ___, 2020

10

11

12

13  DATED: July ___, 2020

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CARLO LICATA

_____
                    Carlo Licata
Plaintiff

NIMESH PATEL

_____
                    Nimesh Patel
Plaintiff

ADAM PEZEN

_____
                    Adam Pezen
Plaintiff

ROBBINS GELLER RUDMAN & DOWD LLP
Shawn A. Williams
John H. George
Patrick J. Coughlin
Ellen Gusikoff Stewart
Lucas F. Olts
Randi D. Bandman
Paul J. Geller (*pro hac vice*)
Stuart A. Davidson (*pro hac vice*)
Christopher C. Gold (*pro hac vice*)

_____
                    Paul J. Geller
Counsel for Plaintiffs and the Class

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

DATED: July ___, 2020

CARLO LICATA

_____
Carlo Licata
Plaintiff

DATED: July ___, 2020

NIMESH PATEL

_____
Nimesh Patel
Plaintiff

DATED: July ___, 2020

ADAM PEZEN

_____
Adam Pezen
Plaintiff

DATED: July 22, 2020

ROBBINS GELLER RUDMAN & DOWD LLP
Shawn A. Williams
John H. George
Patrick J. Coughlin
Ellen Gusikoff Stewart
Lucas F. Olts
Randi D. Bandman
Paul J. Geller (*pro hac vice*)
Stuart A. Davidson (*pro hac vice*)
Christopher C. Gold (*pro hac vice*)

_____
Paul J. Geller
Counsel for Plaintiffs and the Class

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

1

DATED:  July ___, 2020

LABATON SUCHAROW LLP
Michael P. Canty (*pro hac vice*)
Corban S. Rhodes (*pro hac vice*)

2

3

4

_____
Michael P. Canty

5

Counsel for Plaintiffs and the Class

6

140 Broadway
New York, NY  10005
Telephone:  212/907-0700
212/818-0477 (fax)

7

8

9

DATED:  July ___, 2020

EDELSON PC
Jay Edelson (*pro hac vice*)
Benjamin Richman (*pro hac vice*)
Alexander G. Tievsky (*pro hac vice*)
Rafey Balabanian
Lily Hough

10

11

12

13

14

_____
Jay Edelson

Counsel for Plaintiffs and the Class

15

16

350 North LaSalle Street, 14th Floor
Chicago, IL  60654
Telephone:  312/589-6370
312/589-6378 (fax)

17

18

19

123 Townsend Street
San Francisco, CA 94107
Telephone: 415/212-9300
415/373-9435 (fax)

20

21

22

23

24

25

26

27

28

1    DATED:  July ___, 2020

2                                              LABATON SUCHAROW LLP
                                               Michael P. Canty (*pro hac vice*)
3                                              Corban S. Rhodes (*pro hac vice*)

4    _____
                                                        Michael P. Canty
5                                              Counsel for Plaintiffs and the Class

6                                              140 Broadway
                                               New York, NY  10005
7                                              Telephone:  212/907-0700
                                               212/818-0477 (fax)
8

9    DATED:  July 22, 2020

10                                             EDELSON PC
                                               Jay Edelson (*pro hac vice*)
10                                             Benjamin Richman (*pro hac vice*)
                                               Alexander G. Tievsky (*pro hac vice*)
11                                             Rafey Balabanian
                                               Lily Hough
12

13   _____
                                                        Jay Edelson
14                                             Counsel for Plaintiffs and the Class

15

16                                             350 North LaSalle Street, 14th Floor
                                               Chicago, IL  60654
17                                             Telephone:  312/589-6370
                                               312/589-6378 (fax)
18

19                                             123 Townsend Street
                                               San Francisco, CA 94107
20                                             Telephone: 415/212-9300
                                               415/373-9435 (fax)
21

22

23

24

25

26

27

28

1   DATED:  July  22, 2020

2

3

4

5

6

7   **APPROVED AS TO FORM**

8

9   DATED:  July ___, 2020

10

11

12

13

14

15

16

17

18  230385939

19

20

21

22

23

24

25

26

27

28

Facebook, Inc.

*Paul Grewal*
_____
Paul Grewal

Vice President & Deputy General Counsel

COOLEY LLP
Michael G. Rhodes (116127)
Whitty Somvichian (194463)

_____
Michael G. Rhodes
Counsel for Defendant Facebook, Inc.

101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: 415/693-2000
415/693-2222 (fax)

DATED:  July ___, 2020

Facebook, Inc.

_____
Paul Grewal

Vice President & Deputy General Counsel

**APPROVED AS TO FORM**

DATED:  July _22_, 2020

COOLEY LLP
Michael G. Rhodes (116127)
Whitty Somvichian (194463)

_____
Michael G. Rhodes
Counsel for Defendant Facebook, Inc.

101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: 415/693-2000
415/693-2222 (fax)

230385939

# Exhibit A

Once individuals access the website, the first step is to provide the email address or phone number associated with their Facebook account. If an individual comes to the website by clicking a link in the email notice, the email or cell phone number associated with their account will be prepopulated. (See screenshot below)



Next, the individuals are required to provide their name and address. (See screenshot below)



Afterwards, the individual are required to choose a payment type to receive the settlement funds. Depending on their selection, the individuals are required to provide additional information regarding their selected payment type. There are 4 different payment options:

1. **Check**: No additional information is required. The check will be payable to the individual's full name and it will be mailed to the address provided in the previous steps. (See the following screenshot)



2. **Zelle**: The individual is required to provide their email address associated with their Zelle account. (See the following screenshot)

3. **Paypal**: The individual is required to provide their email address associated with their Paypal account. (See the following screenshot)



4. **Direct Deposit:** The individual is required to provide routing number, account number, bank name and account type. (See the following screenshot)



Based on the email associated with their Facebook account, there are 3 possible scenarios:

1. The email is found in Facebook's records and Facebook has a record of a face template:

   If the email is on the Class List and the existence of a face template has been confirmed, individuals are required to fill out an affirmation confirming their residence in the state of Illinois during the approved time period. (See the following screenshot)



Afterwards, a submission confirmation is displayed accompanied by the individual's claim number. (See the following screenshot)

Your claim has been submitted. Your Claim Number is: FBY-00000000004

Please note your Claim Number and date of filing for your records.

Please include the above Claim Number in all future correspondence with the Settlement Administrator.

If an email was provided, a confirmation email will be sent to you shortly.

2. The email is on the Class List, but Facebook has no records that a face template was created.

In this case, individuals are required to fill out an affirmation confirming their residence in the state of Illinois during the approved time period and that they uploaded an image of their face during that time.

---

This Claim Form Must Be Submitted Online Or Postmarked By **[DEADLINE]**.

## Claim Form

### Class Member Affirmation

Your information was not identified as being associated with a class member. You can still submit a Claim by providing additional information to help us determine if you are eligible.

☑ **Between June 7, 2011 and [DATE OF PRELIMINARY APPROVAL ORDER], I lived in the state of Illinois for a period of at least 183 days (6 months) and had a Facebook account during that time.**

☑ **During the time I lived in Illinois, I uploaded at least one Facebook profile picture that included my face, or was tagged in at least one photo with my face.**

\* ☑ **By submitting this Claim I affirm under penalty of perjury that, to the best of my knowledge, each box I check and the information I provide is true and accurate.**

**Agree and Submit**

\*Required

---

Once they check the 3 boxes and click on "Agree and Submit", a submission confirmation is displayed accompanied by the individual's claim number. (See the following screenshot)

---

**Your claim has been submitted. Your Claim Number is: FBY-0000000035**

Please note your Claim Number and date of filing for your records.

Please include the above Claim Number in all future correspondence with the Settlement Administrator.

If an email was provided, a confirmation email will be sent to you shortly.

---

3. The email address provided is not found in Facebook's records.

   In this case, the individual is required to provide the approximate dates and address where they lived in Illinois during the approved time period. (See the following screenshot)

---

This Claim Form Must Be Submitted Online Or Postmarked By **[DEADLINE]**.

## Claim Form

### Class Member Affirmation

Your information was not identified as being associated with a class member. You can still submit a Claim by providing additional information to help us determine if you are eligible. Check each box that applies and provide the information requested.

☑ **Between June 7, 2011 and [DATE OF PRELIMINARY APPROVAL ORDER], I lived in the state of Illinois for a period of at least 183 days (6 months) and had a Facebook account during that time.**

Provide the approximate dates and addresses where you lived in Illinois during that time:

| *Start Date | *End Date |
|---|---|
| 01/24/2011 | 07/04/2017 |

☐ **The address is the same address in the previous page.**

| *Primary Address | Primary Address Continued |
|---|---|
| 321 N Dearborn St | |

| *City | *State | *Zip |
|---|---|---|
| Chicago | Illinois | 60654 |

☐ **I have an additional address.**

☑ **During the time I lived in Illinois, I uploaded at least one Facebook profile picture that included my face or was tagged in at least one photo with my face.**

* ☑ **By submitting this Claim I affirm under penalty of perjury that, to the best of my knowledge, each box I check and the information I provide is true and accurate.**

**Agree and Submit**

*Required

---

Once the individual provides all the required information and checks the remaining boxes, they click on "Agree and Submit" to finalize the submission. Finally, a submission confirmation is displayed accompanied by the individual's claim number. (See the following screenshot)

---

**Your claim has been submitted. Your Claim Number is: FBY-00000000030**

Please note your Claim Number and date of filing for your records.

Please include the above Claim Number in all future correspondence with the Settlement Administrator.

If an email was provided, a confirmation email will be sent to you shortly.

# **Exhibit B**

**EXHIBIT B**

**Screen 1**



×

## Please Review the Face Recognition Setting

Your face recognition setting is off. We want to let you know what face recognition is and how we use it, and then you can decide whether to turn it on or keep it off.

### How We Use Face Recognition

If you turn this setting on, we'll create your face recognition template and use it in the following types of ways:

- Find photos and video you're in so we can help you review or share content, suggest tags, and provide more relevant content and feature recommendations.

- Help protect you and others from impersonation and identity misuse, and improve platform reliability.

- Provide accessibility features by telling people with visual impairments who's in a photo or video.

### What We Collect

Face recognition is a technology that analyzes photos and videos you're in to calculate a unique number, called a "template." When your face recognition setting is on, we create and use your template to compare it to analyses of other photos or video to recognize if you appear in that content.

We don't share your template with anyone. We'll keep your template while your account is active but will delete it if you turn your face recognition setting off.

**Continue**

**Screen 2 – Reached Only By Class Members That Click "Continue"**



## Do you want to turn on the face recognition setting?

To understand how we use face recognition, please see the previous page. These examples help explain how your experience changes if you turn the setting on or keep it off. You can always manage this later in Settings.

### When this setting is on:

- We can notify you about photos you're in but haven't been tagged in.
- We can help protect against someone using your photo to impersonate you.
- We can tell people with visual impairments when you're in a photo or video through a screen reader.

### When this setting is off:

- We'll still notify you when someone tags you in a photo.
- We won't be able to use face recognition to help stop someone from impersonating you, but we'll continue to work to protect your account in other ways.
- People with visual impairments will be told you're in a photo only if you're tagged.

Back                    Keep Off    Turn On

# Exhibit C

Case: 1:20-cv-03566-DMR [filed: Official Notice from the United States District Court 08/20/20 21 of 37. PageID #:2953
for the Northern District of California

*español*

# Facebook users in Illinois may be entitled to payment if their face appeared in a picture on Facebook after June 7, 2011

*Don't worry, you are not being sued. This is an official court notice, not an ad for a lawyer*

Facebook, Inc. has settled a class action that claimed Facebook violated Illinois law by collecting and storing biometric data of Facebook users in Illinois without the proper notice and consent, as part of its "Tag Suggestions" feature and other features involving facial recognition technology. Facebook denies it violated any law. You can fill out a short claim form and potentially get an estimated $200 - $400 by clicking below.

> ## Claim now

## Am I A Class Member?

The Court decided that all people who fit this definition are included in the Class: "All people who resided in Illinois for whom Facebook created and stored a face template after June 7, 2011." Facebook's records show that you are likely a class member.

To file a valid claim under the Settlement, you must have lived in the State of Illinois for a period of at least 183 days (6 months). Time spent traveling or taking a vacation outside of Illinois can be included in this time period and does not make you ineligible.

For more information, please **www.facebookbipaclassaction.com**

## What can I get?

If you believe you are a class member you can fill out a short claim form and potentially receive approximately $200 to $400 from a $650 million Settlement Fund. The amount you receive may be less than or greater than this amount depending on the number of valid claims filed. This fund will also be used to pay the costs of notifying people about the settlement, the lawyers' fees, award payments to the users who helped bring the lawsuit, and certain taxes.

The Settlement also requires Facebook to turn "off" the Facial Recognition setting and delete face templates for most Class Members unless they turn it back "on."

## How do I get my money?

You have to fill out a short claim form by [deadline]. You can fill one out now by **clicking here**. Or, you may submit one online at **www.facebookbipaclassaction.com**. Submitting a claim online is easy, secure, and completely free. You can also get a claim form by calling toll free, **1 800-000-0000**.

## What are my other options?

If you are part of the Class but do not want money from the Settlement and want to keep your right to file your own lawsuit against Facebook for any of the issues or claims in the case, you must exclude yourself from the Class no later than **[objection/exclusion deadline].**

If you stay in the Class, you may object to any aspect of the Settlement, including the requests for attorneys' fees, costs, expenses, and awards to the Class Representatives. You and/or your lawyer also have the right to appear before the Court. Your written object on must be filed no later than [object on/exclusion deadline]. Specific instructions about how to object or exclude yourself from the Class are available at **www.facebookbipaclassaction.com.**

If you do nothing, and the Court approves the Settlement, you will receive no money, but will be bound by all orders of the Court and judgments in this case. In addition, you will no longer be able to file your own lawsuit against Facebook for any of the issues or claims in the case.

## Do I have a lawyer?

The Court has appointed lawyers from the firms Edelson PC ("Edelson"), Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), and Labaton Sucharow LLP ("Labaton Sucharow") to represent the Class as "Class Counsel." You do not have to pay Class Counsel or anyone else to part cipate. Class Counsel intend to request that the Court award them attorneys' fees from the original settlement fund not to exceed 20%, plus litigation costs and expenses. If you want to be represented by your own lawyer in this case, you may hire one at your expense. Adam Pezen, Nimesh Patel, and Carlo Licata are Class Members like you and the Court appointed them as the "Class Representatives." They will request awards not to exceed $7,500 each for their service on behalf of the Class.

## When will the court consider the proposed settlement?

The Court has scheduled a hearing on the fairness of Settlement at [time] on [month] day, 2020 at the Philip Burton Federal Building and Courthouse, 450 Golden Gate Avenue, Courtroom 11, 19th Floor, San Francisco, CA 94102. The Court will consider whether to approve the Settlement; any objections; and the requests for awards to the Class Representatives, and attorneys' fees, costs and expenses to Class Counsel. The briefs and declarations in support of these requests will be posted on the website on [date]. You may ask to appear at the hearing but you do not have to. The date, time and location of the hearing may change. Please review the website for any updated information regarding the final hearing.

## How do I get more information?

This notice is only a summary. For more information about the case and the Settlement, visit **www.facebookbipaclassaction.com** or contact the administrator at 1-866-637-9458, write to In re Facebook Biometric Information Privacy Litigation, Settlement Administrator, c/o [address], or call Class Counsel Edelson (866) 354-3015, Robbins Geller (800) 449-4900, and Labaton Sucharow (888) 219-6877.

PLEASE DO NOT CALL OR WRITE THE COURT OR FACEBOOK
FOR INFORMATION OR ADVICE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS

# **<u>Exhibit D</u>**

7:14

    

# Notifications

**New**

 Court notice: You may be entitled to payment in a class action over FB's face recognition technology

Just now

# **Exhibit E**

6:27 87%

# facebook

 

    

 ✕

## Legal Notice

You may be entitled to a payment from a class action of Illinois Facebook users claiming that Facebook violated Illinois law by collecting and storing biometric information through its use of face recognition technology without adequate prior notice or consent. Facebook denies the allegations. If you are a Class Member, the lawsuit affects your rights.

**INFO & CLAIM**

# <u>Exhibit F</u>

*Court Ordered Legal Notice*

## FACEBOOK USERS IN ILLINOIS MAY BE ENTITLED TO A PAYMENT IF THEIR FACE APPEARED IN A PICTURE ON FACEBOOK AFTER JUNE 7, 2011

Facebook, Inc. has settled a class action that claimed Facebook violated Illinois law by collecting and storing biometric data of Facebook users in Illinois without the proper notice and consent, as part of its "Tag Suggestions" feature and other features involving facial recognition technology. Facebook denies it violated any law. For more information, please www.facebookbipaclassaction.com.

### AM I A CLASS MEMBER?

The Court decided that all people who fit this definition are included in the Class: "Facebook users located in Illinois for whom Facebook created and stored a face template after June 7, 2011." To file a valid claim under the Settlement, you must have lived in the State of Illinois for a period of at least 183 days (6 months).

### WHAT CAN PEOPLE GET FROM THE SETTLEMENT?

If you believe you are a class member you can fill out a short claim form and potentially receive approximately $200 to $400 from a $650 million Settlement Fund. The amount you receive may be less than or greater than this amount depending on the number of valid claims filed. This fund will also be used to pay the costs of notifying people about the settlement, the lawyers' fees, award payments to the users who helped bring the lawsuit, and certain taxes. The Settlement also requires Facebook to turn "off" the Facial Recognition setting and delete face templates for most Class Members unless they turn it back "on."

### WHAT ARE MY RIGHTS & OPTIONS?

**File a claim.** The only way to get money is to fill out a short claim form. If the Court approves the Settlement, you will be bound by all orders and judgments in the case. **Do Nothing.** You will get no money, but will be bound by all orders and judgments in the case. **Exclude Yourself.** If you do not want money from the Settlement and want to keep your right to file your own lawsuit against Facebook for any of the issues or claims in the case, you must exclude yourself from the Class. **Object.** You can also object to the Settlement and Class Counsel's request for attorneys' fees and expenses if you disagree with them. All claims, requests for exclusion, and objections must be received by [Claim/Exclusion/Objection Deadline]. The Court has appointed lawyers from the firm Edelson PC, Robbins Geller Rudman & Dowd LLP, and Labaton Sucharow LLP to represent you as "Class Counsel." The lawyers will request to be paid from the Settlement Fund. You can hire your own lawyer, but you'll need to pay your own legal fees.

The Court will hold a final hearing on the Settlement of this case at [time] on [month] day, 2020 at the Philip Burton Federal Courthouse, 450 Golden Gate Ave, Courtroom 11, 19th floor, San Francisco, CA 94102. You can go to this hearing, but you do not have to. The Court will hear any objections, determine if the Settlement is fair, and consider Class Counsels' request for attorneys' fees of up to 20% of the original settlement fund plus expenses, and an incentive award to the Class Representatives. Any money not awarded will stay in the Settlement Fund to pay Class Members who file valid claims. Class Counsels' request for fees, expenses, and an incentive award will be posted on the settlement website after they are filed.

### HOW DO I GET MORE INFORMATION?

This notice is only a summary. For information, including the Settlement other legal documents, visit www.facebookbipaclassaction.com or contact the administrator at 1-866-###-####. Please do not contact the Court or Facebook.

# **Exhibit G**

Official Notice from the United States District Court for the Northern District of California

# Facebook users in Illinois may be entitled to payment if their face appeared in a picture on Facebook after June 7, 2011

**Don't worry, you are not being sued. This is an official court notice, not an ad for a lawyer.**

Facebook, Inc. has settled a class action that claimed Facebook collected and stored the biometric data of Facebook users in Illinois without the proper notice and consent in violation of Illinois law as part of its "Tag Suggestions" feature and other features involving facial recognition technology.

You are included in the Settlement if you are or were a Facebook user located in Illinois and Facebook created and stored a face template for you after June 7, 2011.

Included users can fill out a short claim form and receive approximately $200 to $400 per person from a $650 million Settlement Fund. This fund will also be used to pay the costs of notifying people about the Settlement, the lawyers' fees, awards to the users who helped bring the lawsuit, and certain taxes.

The Settlement also requires Facebook to turn "off" its Facial Recognition setting and delete face templates for most users unless they turn it back "on."

If you are included, your legal rights are affected whether you act or do not act. Read this Notice carefully.

The Court in charge of this case hasn't decided if the Settlement is fair yet. Payments will be made only if the Court decides the Settlement is fair and approves the Settlement.

# Your Legal Rights and Options in this Lawsuit

### 1. Fill Out a Claim Form

The only way to get a payment.  You must submit a valid Claim Form either online or by mail by _____, 2020.

### 2. Object

Write to the Court about why you do not like something about the Settlement by _____, 2020.

### 3. Ask to be excluded from the Class

If you don't want to be a part of the Settlement, you must send a written request to be excluded. You won't get any money or other benefits, but you will keep any rights to sue Facebook yourself for the same legal issues in this lawsuit.

### 4. Go to a hearing on _____, 2020

You can ask to speak to the Court about your opinion of the Settlement, including the amount of lawyers' fees. Written requests to speak must be received by the Court by _____, 2020.

### 5. Do nothing

You won't get any money and you will lose any rights to sue Facebook yourself for the same legal issues in this lawsuit.

# Basic Information

### 6. Why should I read this Notice?

This notice explains the lawsuit, the Settlement, your rights, what payments are available, and how to get them.

The Hon. James Donato of the United States District Court for the Northern District of California is in charge of this class action. The lawsuit is known as In re Facebook Biometric Information Privacy Litigation, Case No. 3:15-CV-03747-JD.

### 7. What is this lawsuit about?

Facebook users in Illinois sued Facebook claiming that its "Tag Suggestions" feature and other features involving facial recognition technology violated the Illinois Biometric Information Privacy Act ("BIPA". That law says companies can't collect, store, or give out "biometric data," which includes things like face or fingerprint scans, without first giving notice and getting consent. This case alleges that Facebook used facial recognition technology to create face templates—unique template that can be used to identify users in photos—that these templates are covered by BIPA, and that Facebook did this without the proper notice and consent. Facebook denies all allegations of wrongdoing and liability.

### 8. What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of other people who have similar claims. These people together are a "Class" or "Class Members." One court resolves the issues in the case for everyone in the Class – except for those people who choose to exclude themselves from the Class. In this case, the Court appointed Nimesh Patel, Adam Pezen, and Carlo Licata as the Class Representatives. These individuals are each from Illinois and claim that they had face templates created and stored by Facebook.

### 9. Why is there a Settlement?

Facebook and the Class Representatives spent more than five years in Court fighting this case. Shortly before trial, both sides agreed to a settlement. The Settlement gives Class Members guaranteed payments now whereas in a trial, Class Members might get nothing or might only get payments years from now. Because there is a settlement, the Court has not decided who should win the case.

# Who Is Included in the Settlement

To see if you can get a payment, you first need to determine whether you are included in this lawsuit.

## 10. Am I Included as part of the Class?

The Court decided that all people who fit this definition are included in the Class: "Facebook users located in Illinois for whom Facebook created and stored a face template after June 7, 2011."

To receive money under the Settlement, you must have lived in the State of Illinois for a period of at least 183 days (6 months after June 7, 2011. Time spent traveling or taking a vacation outside Illinois can be included in this time period and does not make you ineligible.

Facebook's records were used to identify certain Class Members who should have received notice through email or on Facebook. If you didn't get a notice and think you're included, you might be part of the Class if you are a current or former Facebook user in Illinois who uploaded a photograph of yourself or were "tagged" in photograph on Facebook after June 7, 2011. Not everybody in Illinois who uses Facebook is included. If photographs of you that were uploaded to Facebook (by yourself or others after June 7, 2011 did not result in the creation of a face template while you lived in Illinois, you are not part of the Class. For more information, please visit **www.facebookbipaclassaction.com**

## 11. Are there exceptions to being included?

Some users are excluded because they work for Facebook or are related to the judges or lawyers in the case. The Settlement Agreement has a list of the categories of people who are excluded.  Of course, users who request to be excluded (this process is explained below) aren't included either.

## 12. I'm still unsure if I am included.

If you are still not sure whether you are included, you can get free help at www. [website].com, by calling the Settlement Administrator at [1-800-###-####] or by calling the lawyers appointed to represent Class Members in this case, Edelson PC ("Edelson" of Chicago, Illinois (866) 354-3015, Robbins Geller Rudman & Dowd LLP ("Robbins Geller" of San Francisco, California (800) 449-4900, and Labaton Sucharow LLP ("Labaton Sucharow" of New York, New York (888) 219-6877. Please do not contact the Court or Facebook.

# The Settlement Benefits

## 13. What does the Settlement provide?

Facebook will pay $650 million to settle this case. That money will go into a "Settlement Fund" to pay for everything related to the Settlement. Most of the money will go to Class Members who submit valid claim forms (more about that in the question below. The rest will be used to pay the costs of notifying people about the Settlement, the lawyers' fees, awards to the Class Representatives who helped bring the lawsuit, and certain taxes.

Facebook will also turn "off" its Face Recognition feature for most Class Members. If those Class Members don't turn Face Recognition back on, Facebook will delete all existing face templates for those users.

Some Class Members who already turned Face Recognition back "on" for themselves, including Class Members who recently signed up for Facebook, won't have their Face Recognition setting turned off.

Finally, Facebook will delete any face templates of any Class Members who have had no activity on Facebook for a period of three years.

## 14. How much will my payment be?

Payments will likely be approximately $200 to $400 per person. We can't give you an exact number right now because the payment amounts depend on how many Class Members file valid claims and the amount of fees, costs, expenses, and awards deducted from the Settlement Fund. The Settlement Website will periodically be updated to provide the estimated payment amount based on the number of participating Class Members.

## 15. How can I get a payment?

To get a payment you have to complete and submit a valid Claim Form **no later than [Claims Deadline].** Please file your claim electronically on **www.facebookbipaclassaction.com.** Not only is submitting online easier and more secure, but it is completely free and takes only minutes. You can get payment by a check or electronically through Zelle, PayPal, and direct deposit.

If you want to get a paper copy of the Claim Form, you can go to **www.facebookbipaclassaction.com** or call toll free, 1-800-000-0000.

## 16. When will I get my payment?

We can't give you a date yet. Payments will be made about two months after the Court approves the Settlement. The court will consider final approval of the Settlement on [Final Approval Hearing Date.] Even if the Court approves the Settlement there may be appeals. It is always uncertain whether and when appeals can be resolved, and resolving them can take more than a year.

All checks will expire and become void 90 days after they are issued. If there is any money left because of uncashed checks or returned electronic payments, you may get a second payment if you filed a valid claim. If there is money left after the second payments, that money may be donated to the American Civil Liberties Union of Illinois to be used for their efforts protecting biometric privacy rights.

The Settlement Website will be updated to inform Class Members of the progress of the Settlement. Please be patient.

# What happens if you remain in the Settlement

## 17. What am I giving up if I stay in the Class?

Unless you exclude yourself, you are staying in the Class. That means that if the Court approves the Settlement, you are giving up the right to file your own lawsuit against, or seek further money from, Facebook for any of the issues or claims in the case--whether or not you are currently aware of those claims.

The specific scope of the claims you are releasing is in paragraph 1.25 of the Settlement Agreement, which is available through the "Court Documents" link on the Settlement Website. If you have any questions, you can talk to the lawyers listed in Question 19 for free, or you can, of course, talk to your own lawyer if you have questions about what the release means.

## 18. What happens if I do nothing at all?

If you are a Class Member and do nothing (meaning you don't submit a Claim Form and don't exclude yourself, you will not get anything from this Settlement and you will release your claims as explained above).

# The Lawyers Representing you

### 19. Do I have a lawyer in this case?

The Court has appointed the law firms of Edelson (866) 354-3015, Robbins Geller (800) 449-4900, and Labaton Sucharow (888) 219-6877 to represent you and all Class Members. These firms are called "Class Counsel." The law firms are experienced in handling similar class action cases. More information about Edelson, Robbins Geller, and Labaton Sucharow, their practices, and their lawyers' experience is available at www.edelson.com, www.rgrdlaw.com, and www.labaton.com.

They believe, after fighting with Facebook in Court for several years, that the Settlement Agreement is fair, reasonable, and in the best interests of the Class. You will not be separately charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

### 20. How will the lawyers be paid?

The Court will determine how much Class Counsel will be paid for attorneys' fees, costs, and expenses in this case. The amounts will be paid from the $650 million Settlement Fund. Class Counsel will apply for an attorney's fee award of no more than twenty percent of the original $550 million settlement fund, plus costs and expenses. Labaton Sucharow will use money from its share of what is awarded to pay the Offices of Norman Rifkind.

Class counsel will also ask the Court to approve awards of up to $7,500 each to compensate the Class Representatives for their services on behalf of the Class.

Class Counsel's application for an award of attorney's fees, costs, and expenses and the class representative awards will be made available on the "court documents" page at www.facebookbipaclassaction.com on [date].

# Excluding Yourself from the Class

### 21. How do I get out of the Settlement?

To exclude yourself from the Class, and no longer be part of the Settlement, you must mail, email, or deliver a letter stating that you want to be excluded from the Class in *In re Facebook Biometric Information Privacy Litigation*, Case No. 3:15-cv-03747-JD. Your request for exclusion must include your name, address, email address, and your signature. If your email address is different than the email address associated with your Facebook account, please also include an email address associated with your account or a mobile phone number associated with your account. You must mail or email your exclusion request **no later than [objection/exclusion deadline]**, to:

In re Facebook Biometric Privacy Settlement Administrator
[email & U.S. Mail Address]

**22. If I do not exclude myself, can I sue Facebook for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Facebook for the claims being resolved by this Settlement. If you have a pending case against Facebook, please speak with your attorney immediately.

**23. If I exclude myself, can I still get anything from the Settlement?**

No. If you exclude yourself, you should not submit a Claim Form to ask for a payment because you will no longer be eligible for any.

# Objecting to or Commenting on the Settlement

**24. How do I object or comment on the Settlement or the request for attorneys' fees, costs, expenses, and incentive awards?**

You can comment on, or object to, the Settlement, Class Counsel's request for attorney's fees, costs and expenses, and/or the request for service awards for the Class Representatives.

You can ask the Court to deny approval of the Settlement. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no payments will be made now, and the litigation will continue. If that is what you want to happen, you must object.

Any objection to the proposed Settlement must be in writing. If you file a written objection before the deadline, you may, but don't have to, appear at the Final Approval Hearing. If you want to appear, you can do so yourself or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.
All written objections must contain the following:

- The name and case number of this lawsuit (*In re Facebook Biometric Information Privacy Litigation*, Master File No. 3:15-CV-03747-JD);

- Your full name, mailing address, email address, and telephone number;

- If you use a different email address or telephone number for your Facebook account please also provide that information;

- An explanation of why you believe you are a Class Member;

- A statement that identifies whether you are objecting only on your own behalf, on behalf of a subsection of the Class, or on behalf of the Class as a whole;

- All reasons for your objection or comment, including all citations to legal authority and evidence supporting the objection;

- Whether you intend to personally appear and/or testify at the Final Approval Hearing (either personally or through counsel), and what witnesses you will ask to speak;

- The name and contact information of any and all attorneys representing, advising, and/or assisting you, including any counsel who may be entitled to compensation for any reason related to your objection or comment, who must an appearance with the Court in accordance with the Local Rules; and

- Your handwritten or electronically imaged signature. An attorney's signature, or typed signature, is not sufficient.

To be considered by the Court, your comment or objection must be received by the Court either by mailing it to the Class Action Clerk, United States District Court for the Northern District of California, Phillip Burton Federal Building & U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing it in person at any location of the United States District Court for the Northern District of California. To be considered, your comment or objection must be filed or postmarked on or before the [objection/exclusion deadline]

## 25. What is the difference between objecting and excluding myself from the Class?

Objecting means that you disagree with some aspect of the Settlement and think the Court should not approve the Settlement. An objection, or a comment, allows your views to be heard in court. You can object only if you stay in the Class.

Excluding yourself from the Class means that you are no longer a Class Member and do not want the Settlement to apply to you. If you exclude yourself, you lose any right to receive any payments or benefits from the Settlement or to object to the Settlement because the case no longer affects you.

# The Court's Final Approval Hearing

## 26. When and where will the Court decide whether to approve the Settlement?

The Court is scheduled to hold the Final Approval Hearing on _____, 2020 at ___.p.
in Courtroom 11 of the United States Courthouse, 450 Golden Gate Ave.,19th Floor,
San Francisco, CA. The hearing may be rescheduled to a different date or time or
location without another notice to Class Members. Especially given the national health
emergency, the date, time and location of the hearing may be subject to change, as will
the manner in which Class Members might appear at the hearing. Please review
the Settlement Website for any updated information regarding the final hearing.

At the Final Approval Hearing, the Court will consider whether the Settlement is fair,
reasonable and adequate. If there are objections, the Court will consider them. The
Court may listen to people who appear at the hearing and who have provided notice
of their intent to appear at the hearing. The Court may also consider Class Counsel's
application for attorney's fees, costs and expenses and for service awards to Class
Representatives.

## 27. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at
your own expense if you wish.  If you submit a written objection or comment, you do not
have to come to the Court to talk about it. As long as you submit your written objection
or comment on time, and follow the requirements above, the Court will consider it.
You may also pay your own attorney to attend, but it is not required.

## 28. May I speak at the Final Approval Hearing?

Yes. You may ask the Court for permission to speak at the Final Approval Hearing.
At the hearing, the Court may hear any objections and arguments concerning the
fairness of the Settlement and/or Class Counsel's request for attorneys' fees, costs,
expenses, and incentive awards.

To do so, you must include in your objection or comment a statement saying that it
is your "Notice of Intent to Appear in *In re Facebook Biometric Information Privacy
Litigation*, Case No. 3:15-cv-03747-JD. It must include your name, address, email,
telephone number and signature as well as the name and address of your lawyer, if one
is appearing for you. Your submission and notice of intent to appear must be filed with
the Court and be received no later than [objection/exclusion deadline].

You cannot speak at the hearing if you exclude yourself from the Class.

# Getting More Information

### 29. How do I get more information?

This notice summarizes the proposed Settlement. More details are in the Stipulation of Class Action Settlement, in the Court's orders, and other relevant documents, which are available online at **www.facebookbipaclassaction.com**.

You can also get information about this case by accessing the Court docket, for a fee, through the Court's Public Access to Court Electronic (PACER system at https://ecf. cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, San Francisco Courthouse, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

You may also contact the Settlement Administrator at 1-866-637-9458 or write to *In re Facebook Biometric Information Privacy Litigation*, Settlement Administrator, c/o Gilardi & Co LLC, P.O. Box 404002, Louisville, KY 40233-4002, or call Class Counsel Edelson (866 354-3015, Robbins Geller (800 449-4900, and Labaton Sucharow (888 219-6877.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

All questions regarding the Settlement or claims process should be directed to the Settlement Administrator or to Class Counsel.

By order of the United States District Court for the Northern District of California

# Exhibit H





