IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION | MDL No. 2948 |
| | Master Docket No. 20-cv-4699 |
| | Judge John Z. Lee |
| This Document Relates to All Cases | Magistrate Judge Sunil R. Harjani |

**MARK S.'s REPLY IN SUPPORT OF INITIAL OBJECTIONS TO PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Objector Mark S. files this reply in support of his Initial Objections to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (the "Initial Objections") (Dkt. 126) for the limited purpose of clarifying and updating the Court on an issue it raised during the preliminary approval hearing – namely, the relationship between *T.K. v. ByteDance Tech. Co., Ltd.* ("*T.K.*"), No. 1:19-cv-7915 (N.D. Ill.), and this matter (the "MDL"). *See* Dkt. 138-5 at 31:18-24.[1] In his Initial Objections, Mark S. stated that: (a) the court in *T.K.* preliminarily enjoined *T.K.* settlement class members from bringing any new class actions or amending an existing class action to assert any claim arising out of or related to *T.K.* or the subject matter of the *T.K.* complaint; and (b) Plaintiffs' counsel in the MDL did not amend their class allegations to include *T.K.* class members until the objection process in *T.K.* – well after the preliminary injunction was entered. Dkt. 126 at 5-6. Mark S. also advised this Court of his pending motion in *T.K.* to enforce the preliminary injunction, which details the alleged preliminary injunction violations by *T.K.* class members who pursued claims in the MDL ("Minor Class Representatives"). *Id.* at 6; *see also* Dkt. 59 (attaching Motion to Enforce Preliminary Injunction).

---

[1] Citations to docketed entries are to the CM/ECF-stamped page numbers.

1

The court in *T.K.* has not yet ruled on the motion to enforce the preliminary injunction. However, on April 14, 2021 – after the Initial Objections and this Court's preliminary approval hearing, the court in *T.K.* noted in a Minute Order that "certain claims within the [MDL] may fall within the scope of the Proposed Settlement's release clause . . . and the associated preliminary injunction entered by this Court . . . ." *T.K.* Dkt. 65. The court set a status hearing on April 21, 2021 to discuss "case overlap, the nature of any revised injunctive relief, and a reasonable procedure for moving the case forward (including whether the parties have any agreement or wish to revise the release clause to exclude claims in [the MDL]." *Id.*

Neither in Plaintiffs' Supplemental Memorandum in Further Support of Their Motion for Preliminary Approval of Class Action Settlement (Dkt. 137) nor at the preliminary approval hearing (Dkt. 138-5 (hearing transcript)) did the Minor Class Representatives acknowledge or address through their counsel their seeming violation of the *T.K.* preliminary injunction. The omission is not academic.

As Defendants first revealed in their supplemental memorandum (Dkt. 139), defense counsel made it known during MDL settlement negotiations that they believed that *T.K.* class members were enjoined from pursuing claims in the MDL. *See id.* at 4-5. Saddled with the very real possibility that they violated the *T.K.* preliminary injunction, the Minor Class Representatives and their counsel necessarily were in a weakened and conflicted position throughout the MDL settlement negotiations – *i.e.*, if they did not reach a settlement, they might have to litigate their seeming injunction violation – a fact unique to the putative representatives. From that weakened and conflicted position, and without obtaining independent representation for the Minor Subclass, counsel for the Minor Class Representatives agreed to a settlement that did not take into account the unique strengths of the Minor Subclass' claims or the unique

interests of the Minor Subclass, as described in the Initial Objections. *See* Dkt. 126 at 7-9. Notably, even if the court in *T.K.* modifies the preliminary injunction at some future date, the facts and conflict underlying the proposed MDL settlement will remain the same.

During the preliminary approval hearing, the Court observed that the majority of putative class representatives are minors who are being represented by their guardians and parents and asked counsel for Objector Mark S. whether it is "reasonable to believe that the attorneys who are representing those minor class representatives espoused . . . or advocated their interests as part of this settlement process." *See* Dkt. 138-5 at 29:1-10. Mark S. respectfully submits that the above-described facts and conflict precluded the attorneys representing the Minor Class Representatives from effectively advocating on behalf of the entire Minor Subclass – as the proposed settlement reveals.[2]

In conclusion, and without waiving his other objections, for the reasons set forth herein and in his Initial Objections, Mark S. respectfully submits that the proposed settlement fails to satisfy Rule 23(a)(4)'s adequacy requirement.

Dated: April 16, 2021

Respectfully submitted,
MARK S.

By:  /s/ Scott R. Drury
SCOTT R. DRURY

Mike Kanovitz
Scott R. Drury
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
drury@loevy.com

---

[2] At the hearing, counsel for Mark S. stated, *inter alia*, that regardless of the fact that minors are named plaintiffs, under Supreme Court precedent, "a conflict arises when the interests of those that are in a single class are not aligned," as is the case here. *Id.* at 29:16-23 (*referencing Amchem Prod. v. Windsor*, 521 U.S. 591 (1997)).

## **CERTIFICATE OF SERVICE**

I, Scott R. Drury, an attorney, hereby certify that on April 16, 2021, I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Scott R. Drury
*One of the attorneys for Mark S.*