IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILILNOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: TIKTOK, INC., | ) | |
| CONSUMER PRIVACY | ) | MDL No. 2948 |
| LITIGATION | ) | |
| | ) | Master Docket No. 20 C 4699 |
| | ) | |
| | ) | Judge John Z. Lee |
| | ) | |
| | ) | Magistrate Judge Sunil R. Harjani |
| This Document Relates to All Cases | ) | |

**ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT**

WHEREAS, this matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, under Federal Rule of Civil Procedure 23(e), with Plaintiffs having submitted the Parties' Settlement Agreement and its exhibits, supporting Declarations and other submissions;

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Settlement Agreement; and

WHEREAS, the Court has determined that there is a sufficient basis for granting preliminary approval of the Settlement, authorizing dissemination of notice, and authorizing the steps needed to determine whether the Settlement should be finally approved and the litigation dismissed, as set forth in the Court's memorandum opinion and order of September 30, 2021.

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1. <u>Preliminary findings</u>. The Court, having conducted a preliminary assessment of the Settlement Agreement and found it to be within the range of fairness, reasonableness, and adequacy under Rule 23(e)(2) of the Federal Rules of Civil Procedure, therefore grants preliminary approval of the Settlement Agreement.

2. <u>Provisional Certification of Settlement Class</u>. Pursuant to Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure and for purposes of settlement only, the Court hereby provisionally certifies this action as a class action on behalf of the following Settlement Class, consisting of all persons who are members of the Nationwide Class and/or Illinois Subclass:

> **NATIONWIDE CLASS**
> All persons who reside in the United States who used the App—the TikTok video-sharing application (or its Musical.ly predecessor) distributed in the U.S.—prior to September 30, 2021.
>
> **ILLINOIS SUBCLASS**
> All persons who reside in the State of Illinois and used the App — the TikTok video-sharing application (or its Musical.ly predecessor) distributed in the U.S.— in the State of Illinois to create videos prior to September 30, 2021.

Excluded from the Settlement Class are: (i) TikTok, its parent, subsidiaries, successors, affiliates, officers, and directors; (ii) the judge(s) to whom the Civil Actions are assigned and any member of the judge's or judges' immediate family; (iii) persons who have settled with and released TikTok from individual claims substantially similar to those alleged in the Civil Actions; (iv) persons who submit a valid and timely Request for Exclusion; and (v) all Class Counsel and counsel of record in the Civil Actions.

In connection with provisional class certification, the Court finds as follows for settlement purposes only: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact or law common to the Settlement Class; Plaintiffs' claims are typical of the claims of the Settlement Class Members Plaintiffs seek to represent; Plaintiffs are capable of fairly and adequately protecting the interests of all members of the Settlement Class; and common questions of law and fact predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation and certification of the Settlement Class appears to be superior to other available means for the fair and efficient settlement of the claims of the Settlement Class.

3. <u>Appointment of Class Representatives</u>. Pursuant to Rule 23(a)(4) of the Federal

Rules of Civil Procedure, the Court hereby finds that, for purposes of the Settlement, Class Representatives are members of the Settlement Class and that, for Settlement purposes only, they will adequately represent the interests of the Settlement Class Members. The Court hereby appoints Plaintiffs as Class Representatives of the Settlement Class.

4. <u>Appointment of Class Counsel</u>. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure and having reviewed the submissions of Plaintiffs' Interim Co-Lead Counsel and the work performed by them thus far in this litigation, the Court finds that Katrina Carroll, Ekwan Rhow and Elizabeth Fegan will fairly and adequately represent the interests of the Settlement Class. Accordingly, the Court hereby appoints Katrina Carroll, Ekwan Rhow and Elizabeth Fegan as Class Counsel for the Settlement Class.

5. <u>The Fairness Hearing</u>. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a Fairness Hearing on May 18, 2022, at 1:00 p.m., in person (subject to change at a later date), to determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court; to determine whether a Final Judgment should be entered; to determine whether the proposed plan of allocation is fair, reasonable, and adequate and should be approved; and to determine the fees that should be awarded to Class Counsel and the incentive awards that should be awarded to the Class Representatives. The Final Approval Hearing may be postponed, adjourned, or continued by further order of this Court, without further notice to the parties or members of the Settlement Class.

6. <u>Appearance at Fairness Hearing</u>. Attendance at the Fairness Hearing by Settlement Class Members, including individuals objecting to the Settlement, is not necessary; however, any persons intending to appear and wishing to be heard are required to provide written notice of their intention to appear at the Fairness Hearing no later than May 4, 2022. Persons who do not intend to oppose the Settlement, attorneys' fees and expenses, or service awards need not take any action to indicate their approval.

7. <u>Objection and Opt-Out Deadline</u>. Settlement Class Members who wish to object

or opt out of the Settlement by submitting a Request for Exclusion must do so by the Opt-Out and Objection Deadline of January 31, 2022. Absent good cause shown, this deadline will not be extended by any General Order of the United States District Court for the Northern District of Illinois, such as Amended General Order 20-0012, entered on March 17, 2020, and subsequent related orders. Settlement Class Members may <u>not</u> both object and request exclusion. If a Settlement Class Member submits both a Request for Exclusion and an objection, the request for exclusion will control.

8. <u>Deadline to Respond to Objections, Motion for Final Approval and Applications for Attorneys' Fees and Service Awards</u>. Class Counsel shall file papers in support of final approval of the Settlement, including responses to any written objections, together with applications for attorneys' fees and service awards by no later than March 31, 2022. Defendants may, but are not required to, file papers in support of final approval of the Settlement, so long as they do so by March 31, 2022.

9. <u>Objections</u>. Any Settlement Class Member who intends to object to any aspect of the Settlement, including a request for attorneys' fees and expenses to Class Counsel, or service awards to the Class Representatives, must file a written statement of the objection(s) with the Court no later than the Opt-Out and Objection Deadline. The written statement must include: (i) the name of the Action and a description of the objection(s), including any evidence and applicable legal authority and any supporting evidence the objector wishes to introduce; (ii) the objector's full name, address, email address, telephone number, mobile telephone number(s) for the Class Member's device(s) used to access the App, and any and all TikTok usernames used; (iii) whether the objection applies only to the objector, a specific subset of the Settlement Class, or the entire Settlement Class; (iv) the identity of all counsel who represent the objector, including former or current counsel who may be entitled to compensation for any reason related to the objection, along with a statement of the number of times in which that counsel has objected to a class action settlement within five years preceding the submission of the objection, the caption of the case for

each prior objection, and a copy of any relevant orders addressing the objection; (v) all agreements that relate to the objection or the process of objecting, between the objector or objector's counsel and any other person or entity; (vi) the objector (and the objector's attorney's) signature on the written objection; and (vii) a declaration under penalty of perjury that the information provided by the objector and objector's counsel is true and correct.

Objection papers must be filed electronically with the Court or filed by delivery to:

> Clerk
> United States District Court for the
> Northern District of Illinois
> 219 South Dearborn
> Chicago, IL 60604

The Clerk shall add to the electronic docket for this action any such objections filed by delivery and not filed electronically.

Such papers must also be served by mail on Class Counsel, Defense Counsel and the Settlement Administrator listed below:

ON BEHALF OF CLASS COUNSEL:

Katrina Carroll
**CARLSON LYNCH LLP**
111 West Washington Street
Suite 1240
Chicago, IL 60602

Elizabeth A. Fegan
**FEGAN SCOTT LLC**
150 South Wacker Drive, 24th Floor
Chicago, IL 60606

Ekwan Rhow
**BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067

ON BEHALF OF DEFENDANTS:

Anthony J Weibell
**WILSON SONSINI GOODRICH & ROSATI, P.C.**

650 Page Mill Road
Palo Alto, CA 94304-1050

SETTLEMENT ADMINISTRATOR:

*Musical.ly and/or TikTok Class Action*
Attn: Objections
P.O. Box 58220
Philadelphia, PA 19102

10. <u>Requests for Exclusion ("Opt-Outs")</u>. Any Settlement Class Member who does not wish to participate in the Settlement must submit a Request for Exclusion to the Settlement Administrator stating his or her intention to be excluded from the Settlement. For a Request for Exclusion to be valid, it must set forth: (i) the name of the Action; (ii) the person's or entity's full name, address, email address and telephone number; (iii) a specific statement of the person's or entity's intention to be excluded from the Settlement; (iv) the identity of the person's or entity's counsel, if represented; and (v) the person's or entity's authorized representative's signature and the date on which the request was signed.

11. <u>Effect of Settlement Agreement</u>. Except for those members of the Settlement Class who timely and properly submit a Request for Exclusion, all members of the Settlement Class will be deemed Settlement Class Members for all purposes under the Settlement Agreement, and upon the entry of the Final Approval Order and Judgment will be bound by its terms and by all proceedings, orders, and judgments in this Action, regardless of whether such Settlement Class Member submits a claim or receives any monetary relief from the Settlement, or has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

12. <u>Settlement Administrator</u>. Pursuant to the Settlement Agreement, Angeion Group is hereby appointed as Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

6

13. <u>Settlement Fund</u>. Within 30 days after entry of this Order, TikTok shall pay the Settlement Administrator the sum of Two Million Dollars ($2,000,000) to be used by the Settlement Administrator for costs associated with the implementation of the Notice Plan. Within 90 days after entry of this Order, TikTok shall cause to be deposited Ninety Million Dollars ($90,000,000) into a Qualified Settlement Fund established by the Settlement Administrator. If the Settlement Agreement is terminated by its terms, either because final approval of the Settlement Agreement is not granted by this Court or is later vacated on appeal, or otherwise, the Settlement Fund shall revert back to TikTok, and the Settlement Administrator shall promptly refund to TikTok all unspent funds paid to the Settlement Administrator.

14. <u>Class Notices</u>. The Court approves, as to form and content, the proposed Class Notices submitted to the Court. The Court finds that the Settlement Class Notice Program outlined in the Declaration of Steven Weisbrot on Settlement Notices and Notice Plan (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets all requirements of applicable law, Federal Rule of Civil Procedure 23, and due process.

15. <u>Settlement Website</u>. The Court directs the Settlement Administrator to establish a Settlement website, which shall make available copies of this Order, Class Notices, the Settlement Agreement and all Exhibits thereto; instructions on how to submit Claims online, by email, or by mail; Orders of the Court pertaining to the Settlement; and such other information as may be of assistance to Settlement Class Members or required under the Settlement Agreement.

16. <u>Notice Program</u>. The Settlement Administrator is ordered to commence the Notice Plan within 45 days of the entry of this Order ("Notice Date"). The Notice Program shall be

completed by the Claims Deadline of March 1, 2022.

17. <u>Opt-Out List</u>. The Settlement Administrator shall provide the Opt-Out List to Class Counsel and Defense Counsel no later than ten (10) days after the Opt-Out and Objection Deadline.

18. <u>Accompanying Affidavit</u>. The Settlement Administrator shall provide Class Counsel an affidavit attesting to the completeness and accuracy of the Opt-Out List, which shall be filed by Class Counsel no later than fourteen (14) days prior to the Fairness Hearing.

19. <u>Class Action Fairness Act Notice</u>. The Settlement Administrator shall notify the appropriate state and federal officials of the Settlement Agreement pursuant to the Class Action Fairness Act, 28, U.S.C. § 1715 ("CAFA") on or before March 8, 2021 (ten (10) days after filing of the Settlement Agreement with the Court). Within fifteen (15) days after the Notice Date, the Settlement Administrator shall provide a declaration to the Court attesting to the measures undertaken to provide notice as directed by CAFA.

20. <u>Stay Pending Final Approval</u>. Pending final determination of whether the Settlement should be approved, all discovery and all proceedings in the Action unrelated to the approval of the Settlement are stayed.

21. <u>Preliminary Injunction</u>. Pending final determination of whether the Settlement should be approved, all Settlement Class Members are preliminarily enjoined unless and until they have timely and properly excluded themselves from the Settlement Class from (i) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims; (ii) filing, commencing, participating in or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself

(including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims. Any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Defendants, any other Released Person and Class Counsel as a result of the violation. This injunction does not apply to participation in the class settlement preliminarily approved on December 19, 2019, in *T.K., et al. v. Bytedance Technology Co., Ltd, et al.*, No. 19 C 7915 (N.D. Ill.). This provision does not prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

22. <u>Termination of Settlement</u>. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is terminated in accordance with the Settlement Agreement.

23. <u>Use of Order</u>. This Order and any filings or proceedings associated with this Order or the Settlement shall not be used by any Party as, or offered or received as evidence of, a presumption, concession or an admission of liability or of the suitability of the Action or any part of it for class treatment in any litigation (including any arbitration or other adversarial process), hearing, or trial; provided, however, that reference may be made to the Settlement Agreement and the Settlement provided for therein solely as may be necessary to effectuate the Settlement Agreement.

24. <u>Reasonable Procedures to Effectuate the Settlement</u>. Counsel are hereby authorized

9

to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, changes to the form or content of the Class Notice and Claim Forms and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Settlement Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the Settlement Class.

25. <u>Schedule of Future Events</u>. Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| **October 1, 2021** | Date of Order Granting Preliminary Approval |
| **November 15, 2021** | Date for Commencement of Notice |
| **November 30, 2021** | Deadline for Settlement Administrator to provide a declaration to the Court attesting to the measures undertaken to provide notice as directed by CAFA |
| **January 31, 2022** | Opt-Out and Objection Deadline |
| **February 11, 2022** | Deadline for Settlement Administrator to provide the Opt-Out List to Class Counsel and Defense Counsel |
| **March 1, 2022** | Claims Deadline |
| **March 31, 2022** | Deadline for Plaintiffs' Motion and Memorandum in Support of Final Approval, including responses to any Objections |
| **March 31, 2022** | Deadline to file Motion for Attorneys' Fees and Service Award |
| **May 31, 2022** | Deadline for Class Counsel to file Opt-Out List and proof of Class Notice |
| **April 14, 2022** | Deadline for any responses to Plaintiffs' Motion and Memorandum in Support of Final Approval and Motion for Attorneys' Fees and Service Award |
| **May 4, 2022** | Deadline for giving written notice of intent to be heard at Fairness Hearing |
| **May 18, 2022** | Fairness Hearing 1:00 p.m. in person |

**IT IS SO ORDERED.**          **ENTERED:  10/1/21**

_____

**John Z. Lee**
**United States District Judge**

11