IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION, <br><br> This document relates to all cases | MDL No. 2948 <br><br> Master Docket No. 20 C 4699 <br><br> Judge John Z. Lee <br><br> Magistrate Judge Sunil R. Harjani |

## CLASS MEMBER EDELSON PC'S MOTION TO SEAL AND TO EXCUSE SERVICE OF UNREDACTED BRIEF

Pursuant to Local Rule 26.2(c) and (e), Class Member Edelson PC hereby moves to file its Motion to Vacate or Modify the Preliminary Injunction under seal, and to excuse filing the unredacted brief on the other parties in this action. In support of its motion, it states as follows:

1. As a general matter, "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). However, "[t]hat interest does not always trump the property and privacy interests of the litigants," and it can be overridden for good cause. *Id.* "The privacy interests of non-parties weigh more heavily than do the privacy interests of the parties." *Brown v. Bd. of Trustees of Univ. of Illinois*, No. 19-2020, 2020 WL 10355053, at *2 (C.D. Ill. May 20, 2020).

2. Here, there is good cause to seal Edelson's motion. Edelson is not a party to this litigation in the traditional sense; it is an absent class member. *See Devlin v. Scardelletti*, 536 U.S. 1, 10 (2002) (explaining that absent class members are not parties for all purposes). Edelson is in the process of resolving a dispute before an arbitrator in a fully confidential proceeding. The dispute has arrived in this Court only because the preliminary injunction entered in this case may

prevent Edelson from proceeding in the arbitration because of the manner in which the injunction applies indiscriminately to all absent class members. Edelson should not have to reveal the nature of this arbitration to the public just because the parties to this action obtained an unnecessarily broad injunction. *See Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) ("People who want secrecy should opt for arbitration.").

3. Further, Edelson would be unfairly prejudiced by having to file this document in the public record. Unlike cases where a party seeks to enforce an arbitration award, *see Doe, Inc. v. Roe*, No. CV 1:21-MC-00043, 2021 WL 3622423, at *3 (D.D.C. Apr. 28, 2021), Edelson has been forced to bring this motion to court through no fault of its own. Further, to maintain the confidentiality of the arbitration, Edelson made every attempt to avoid the necessity of filing its motion to vacate, including by requesting that the arbitration be postponed until the preliminary injunction expired. However, another party opposed that request and the arbitrator sided with that party. Instead, the arbitrator ordered Edelson both to seek relief from the Court with respect to the preliminary injunction and to do so under seal. Under these circumstances, Edelson's interest in maintaining the confidentiality of the arbitration outweighs any interest the public might have in understanding its details.

4. Separately from the issue of sealing the motion from public view, there is also concern about providing copies of the unredacted motion to the parties and their counsel. Absent a court order otherwise, Edelson would be required to serve its unredacted motion on dozens of parties and over 50 attorneys who would otherwise not have a right to know the nature of this arbitration. Local Rule 26.2(e) (requiring service of unredacted brief on all parties "unless otherwise ordered for good cause shown"). This is a problem, because another party to the arbitration has refused to consent to service of the unredacted document on the other parties in

2

this action (although it has agreed to permit the Court to see it). The arbitrator's command to file the motion combined with the other party's refusal to consent to service puts Edelson in a difficult position. It has no choice but to seek relief from the Court, but it risks a breach of contract claim if it serves the unredacted brief on the parties to this action. Accordingly, Edelson is left with no choice but to request that the unredacted portions of the motion be examined on an *ex parte* basis, which can be permitted to protect confidentiality. *See, e.g.*, *In re Equip. Acquisition Res., Inc.*, 803 F.3d 835, 838 (7th Cir. 2015) (affirming where district court reviewed *ex parte* factual declarations); *Rosenthal Collins Grp., LLC v. Trading Techs. Int'l, Inc.*, No. 05 C 4088, 2008 WL 4542948, at *2 (N.D. Ill. Aug. 15, 2008) (reviewing confidential information *in camera*).

     5.     If the Court is not inclined to excuse service, Edelson requests that the Court enter a clear order requiring it to serve the unredacted document on the parties to this action. Edelson will comply with such an order.

**WHEREFORE,** Edelson PC respectfully requests that the Court enter an order 1) sealing Edelson's Motion to Vacate or Modify the Preliminary Injunction; 2) excusing service of the unredacted copy of that motion; and 3) granting any such further relief that the Court deems reasonable and just.

                                    Respectfully submitted,

                                    **EDELSON PC**,

Date: November 26, 2021         /s/Ryan D. Andrews

                                  Jay Edelson
                                  jedelson@edelson.com
                                  Ryan D. Andrews
                                  randrews@edelson.com
                                  EDELSON PC
                                  350 North LaSalle Street, 14th Floor

Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378