IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION, <br><br><br> This Document Relates to All Cases | MDL No. 2948 <br><br> Master Docket No. 20-cv-4699 <br><br> Judge John Z. Lee <br><br> Magistrate Judge Sunil R. Harjani |

**URGENT MOTION FOR LIMITED RECONSIDERATION OF
COURT'S NOVEMBER 29, 2021, ORDER**

Lead Class Counsel respectfully requests that the Court grant limited reconsideration of its November 29, 2021 order (ECF No. 168) granting Class Member Edelson PC's Motion To Seal and To Excuse Service of Unredacted Brief, and order Edelson PC ("Edelson") to serve Class Counsel with a copy of the Unredacted Brief immediately. This motion is urgent because this Court granted Plaintiffs just 7 days to file a response to the now-sealed "Class Member Edelson PC's Motion To Vacate or Modify Preliminary Injunction" (ECF No. 166). In support thereof, Class Counsel states as follows:

1. On September 28, 2020, this Court entered Case Management Order No. 3: Appointing Lead Counsel, Plaintiffs' Liaison Counsel, and Plaintiffs' Steering Committee ("Appointment Order," ECF No. 94). The Appointment Order appointed Elizabeth Fegan, Ekwan Rhow, and Katrina Carroll as Co-Lead Counsel, Shannon McNulty as Liaison Counsel, and Jonathan Jagher, Michael Gervais, Albert Chang, Megan Jones, and Amanda Klevorn as Plaintiffs' Steering Committee (collectively, "Class Counsel").

2. On October 1, 2021, this Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order," ECF No. 162). The Preliminary Approval Order provided in pertinent part:

> Pending final determination of whether the Settlement should be approved, all Settlement Class Members are preliminarily enjoined unless and until they have timely and properly excluded themselves from the Settlement Class from (i) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims….

ECF No. 162, ¶ 21.

3. On November 26, 2021, Edelson filed a motion titled "Class Member Edelson PC's Motion To Vacate or Modify Preliminary Injunction" (ECF No. 166) and further sought to seal and excuse service of copies of the unredacted brief (ECF No. 167).

4. On November 29, 2021, this Court granted the motion to seal and set a briefing schedule on the motion to vacate. ECF No. 168.

5. Thus, Class Counsel has not been served with copies of the unredacted brief.

6. Class Counsel requests that the Court reconsider the motion to seal, and order Edelson to serve copies of the unredacted brief on Class Counsel for several reasons.

7. First, pursuant to the Class Action Settlement Agreement (ECF No. 122-1), the Preliminary Approval Order defined the Settlement Classes, and expressly excluded from the definition "all Class Counsel and counsel of record in the Civil Actions." *Id.* ¶ 2.

8. Edelson is counsel of record in the civil actions. *E.g.,* ECF Nos. 125, 128. Accordingly, Edelson is not a Settlement Class Member.

9. Given that Edelson is not a Settlement Class Member, the preliminary injunction in the Preliminary Approval Order does not enjoin it. *See* ECF No. 162, ¶ 21 ("…all *Settlement Class Members* are preliminarily enjoined unless…") (emphasis added).

10. Second, the injunction is limited to actions "relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims…." ECF No. 162, ¶ 21.

11. The Class Action Settlement Agreement defines "Defendants' Released Parties" as:

> the current defendants in the Civil Actions, as well as any and all of their current or former directors, officers, members, administrators, agents, representatives, servants, employees, attorneys, parents, subsidiaries, affiliates, divisions, branches, units, shareholders, successors, predecessors, assigns, and all other individuals and entities acting on their behalf.

ECF No. 122-1, ¶ 2.10.

12. Class Counsel understands from Defendants' Counsel that none of the Defendants' Released Parties is involved in any arbitration with Edelson.

13. None of the Class Counsel or their clients are involved in any arbitration with Edelson.

14. Accordingly, without access to the unredacted brief, Class Counsel does not see any basis for Edelson's position that it is subject to the preliminary injunction motion or that the injunction affects any pending arbitration.

15. There is no Federal Rule of Civil Procedure, local rule, or provision of the protective order in this case that permits counsel to an objector (or Settlement Class Member) to proceed ex parte without service of unredacted briefs on Class Counsel.

16. In order to adequately protect the Settlement Classes and respond to the pending motion, Class Counsel should understand the full basis for the motion to vacate in crafting their response.

17. Edelson's attempt to proceed ex parte should be rejected.

WHEREFORE, Class Counsel respectfully requests that the Court order Edelson PC to serve Class Counsel and Defendants' Counsel with the unredacted Motion To Vacate or Modify Preliminary Injunction (ECF No. 166) immediately and grant such other and further relief as this Court deems appropriate.

Dated: November 30, 2021

Respectfully Submitted,

By: /s/ Elizabeth A. Fegan
Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

By: /s/ Katrina Carroll
Katrina Carroll
CARLSON LYNCH, LLP
111 W. Washington St.
Suite 1240
Chicago IL 60602
312.750.1265
kcarroll@carlsonlynch.com

By: /s/ Ekwan Rhow
Ekwan Rhow
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067
(310) 201-2100
erhow@birdmarella.com

4

*Plaintiffs' Co-Lead Counsel*

Jonathan Jagher
Freed Kanner London & Millen LLC
923 Fayette Street
Conshohocken, PA 19428
(610) 234-6487
jjagher@fklmlaw.com

Michael Gervais
Susman Godfrey LLP
1900 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
(310) 789-3100
mgervais@susmangodfrey.com

Albert Y. Chang
Bottini & Bottini, Inc.
7817 Ivanhoe Avenue
Suite 102
La Jolla, CA 92037
(858) 914-2001
achang@bottinilaw.com

Megan E. Jones
Hausfeld LLP
1700 K Street NW, Suite 650
Washington, D.C. 20006
(202) 540-7200
mjones@hausfledllp.com

Amanda K. Klevorn
Burns Charest LLP
365 Canal Street
Suite 1170
New Orleans, LA 70130
(504) 799-2845
aklevorn@burnscharest.com

*Plaintiffs' Steering Committee*

Shannon Marie McNulty
Clifford Law Offices, P.C.
120 North LaSalle Street, Suite 3100

5

Chicago, IL 60602
(312) 899-9090
smm@cliffordlaw.com

*Plaintiffs' Liaison Counsel*

## **CERTIFICATE OF SERVICE**

I, Elizabeth Fegan, an attorney, affirm that the foregoing was filed on November 30, 2021, via ECF, which automatically served all counsel of record.

November 30, 2021                                      By: */s/ Elizabeth A. Fegan*
                                                                                    Elizabeth Fegan