IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION, | MDL No. 2948 <br><br> Master Docket No. 20-cv-4699 <br><br> Judge John Z. Lee <br><br> Magistrate Judge Sunil R. Harjani |
| This Document Relates to All Cases | |

**PLAINTIFFS' OPPOSITION TO EDELSON PC'S MOTION TO VACATE OR MODIFY PRELIMINARY INJUNCTION**

Plaintiffs respectfully submit this opposition to Edelson PC's ("Edelson") motion to Vacate or Modify Preliminary Injunction (ECF No. 166).

I. INTRODUCTION

Edelson's motion to vacate or modify the preliminary injunction in the Preliminary Approval Order[1] should be denied for several reasons.

First, the injunction applies only to class members. Edelson, as counsel of record in this case, is not one. That alone is dispositive.

Second, by its plain terms and design, the injunction does not apply to the arbitration at issue. That arbitration does not relate to the claims or facts "giving rise to" this action. And no party with standing to enforce the preliminary injunction has ever taken the position that it does.

---

[1] Order Granting Preliminary Approval of Class Action Settlement (ECF No. 162)

In contravention of this Court's standing order,[2] Edelson did not contact Class Counsel or Defendants' Counsel before filing its motion. Had Edelson done so, the parties would have unanimously agreed that the injunction does not apply to the unrelated arbitration, obviating the need for any motion practice.

Thus, the entire motion appears to have been manufactured solely for the purpose of publicly airing accusations about an otherwise-confidential arbitration—one that has nothing to do with the real parties in interest here or the settlement. The motion should therefore be denied as moot and in violation of the Court's standing order.

Third, Edelson's motion should be denied because Edelson lacks standing to challenge the preliminary injunction. Edelson is not a class member, nor was it aggrieved by the injunction.

Finally, the preliminary injunction is, as Edelson concedes, a common feature in class action settlements. Unlike the injunction underlying the authority cited by Edelson, the preliminary injunction here enjoins only those who choose to be enjoined and allows any others to opt out and pursue other proceedings. It is proper and there is no reason to vacate or modify it, let alone to do so at the request of a law firm that is neither a class member nor a party to an enjoined proceeding.

## II.     RELEVANT PROVISIONS

The Preliminary Approval Order provided in pertinent part:

> Pending final determination of whether the Settlement should be approved, all Settlement Class Members are preliminarily enjoined unless and until they have timely and properly excluded themselves from the Settlement Class from (i) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or

---

[2] *See* Procedures to be followed in cases assigned to Judge John Z. Lee, Court website ("Before filing a motion, the movant's counsel must ask opposing counsel whether there is an objection to the motion.").

2

>other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims….

Preliminary Approval Order, ¶ 21.

"Released Claims" include those "arising from or related to the Civil Actions or the collection and use of any user data, including biometric data . . . that were, could have been, or could be asserted by the Releasing Parties." Class Action Settlement Agreement ("Settlement Agreement"), ECF No. 122-1, ¶ 2.30. *See also* Preliminary Approval Order, p. 1 ("unless otherwise defined, all terms herein have the same meanings as set forth in the Settlement Agreement").

Settlement Class is defined as "all persons who are members of the Nationwide Class and/or Illinois Subclass" and excludes "all Class Counsel and counsel of record in the Civil Actions." Preliminary Approval Order, ¶ 2. *See also* Settlement Agreement, ¶ 2.6 ("'Class Member' means any person who qualifies under the definition of the Class, excluding . . . all Class Counsel and counsel of record in the Civil Actions."); ¶ 2.4 ("'Class' means all persons who are members of the Nationwide Class and/or Illinois Subclass. . . ."); and ¶¶ 2.17 and 2.19 (defining Nationwide Class and Illinois Subclass).

"'Civil Actions' mean all of the civil actions that have been, will be, or could be initiated relating to the allegations or subject matter at issue in any pleading filed in any action that is included in or related to *In Re: TikTok, Inc., Consumer Privacy Litigation*, MDL No. 2948." Settlement Agreement, ¶ 2.3.

Releasing Parties include the defendants, class representatives, and class members. Settlement Agreement, ¶¶ 2.11, 2.26.

3

### III. ARGUMENT

Edelson's motion should be rejected. Edelson is not subject to the preliminary injunction, the arbitration is not subject to the preliminary injunction, Edelson lacks standing to challenge the preliminary injunction, and the preliminary injunction is proper.

#### A. Edelson is not enjoined because it is not a class member.

The Preliminary Approval Order defined the Settlement Classes, and expressly excluded from the definition "all Class Counsel and counsel of record in the Civil Actions." Preliminary Approval Order, ¶ 2. *See also* Settlement Agreement, ¶ 2.6.

Edelson is counsel of record in the civil actions. *E.g.,* ECF Nos. 125 and 128 (notices of appearance); Mot. at 2. Accordingly, Edelson is not a Settlement Class Member.

Because Edelson is not a Settlement Class Member, the preliminary injunction does not enjoin it. *See* ECF No. 162, ¶ 21 ("…all *Settlement Class Members* are preliminarily enjoined unless…") (emphasis added). For this reason alone, Edelson's motion should be denied.

#### B. The arbitration is not enjoined because it is not "related to" or "arising from" the action or its underlying facts.

Nothing in Edelson's motion suggests that the arbitration is enjoined by the preliminary injunction. None of the defendants or their counsel is a party to the arbitration. None of the class representatives or their counsel is a party to the arbitration. Nothing in the motion suggests that the arbitration is related to TikTok's collection or use of user data at all. The injunction simply does not apply to the arbitration.

The injunction does not, as Edelson contends, enjoin any action "even conceivably related to the issues in this case." Mot. at 5, 6. (Even if it did, it would be an untenable stretch to suggest the arbitration relates to the "issues" in this case). The injunction is limited to those actions "based

4

on, relating to or arising out of the <u>claims and causes of action</u> or the <u>facts and circumstances giving rise to</u>" this case or the collection and use of user data. *Supra* (emphasis added).

At best, Edelson attempts to draw an attenuated and unfounded link between its failed objection in this case and its role as a ▮▮▮ in the unrelated arbitration. The arbitration concerns ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, who is not class counsel in this case, stemming from unrelated ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. According to Edelson's unsworn and unsupported story, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[3]

Setting aside the many holes in that plot, it is objectively untrue. The arbitration ▮▮▮ retained counsel for that dispute in 2019 – before this case was even filed. Declaration of ▮▮▮▮▮.[4]

In any event, Edelson's narrative is irrelevant. Neither the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are enjoined; they are not related to this data privacy case's claims, causes of action, or underlying facts and circumstances. Because the arbitration is not enjoined, Edelson's motion should be denied.

---

[3] In fact, it is Edelson that now uses this public proceeding to make accusations about the unrelated ▮▮▮▮▮ in an otherwise-confidential arbitration. While information about that ▮▮▮▮▮ is largely redacted, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[4] Edelson's motion makes a number of other untrue or grossly distorted ad hominem attacks. Plaintiffs do not address them here as they have nothing to do with the underlying motion, though Ms. Carroll has filed a declaration responding to Edelson's speculative accusations. If the Court has any concern that Edelson's claims have any bearing on this case or the class, Class Counsel would be pleased to further address them.

### C. Edelson lacks standing to challenge the preliminary injunction.

The preliminary injunction does not apply at all to Edelson, let alone to its unrelated arbitration. Nevertheless, after several pages of irrelevant and imaginative claims regarding one of class counsel, Edelson ultimately contends that the preliminary injunction is improper and should be vacated or modified to accommodate Edelson. Edelson lacks standing to make that challenge.

To have standing to challenge the preliminary injunction, Edelson must be both a class member and aggrieved by the injunction. *See Douglas v. W. Union Co.*, 955 F.3d 662, 665 (7th Cir. 2020) (non-class member lacks standing and cannot be aggrieved by settlement-related rulings); *In re NCAA Student-Athlete Concussion Injury Litig.*, 332 F.R.D. 202, 219 (N.D. Ill. 2019) (Lee, J.) (those who are not class members or who have opted out lack standing to object to a settlement); *Broomfield v. Craft Brew All., Inc.*, No. 17-cv-01027, 2020 U.S. Dist. LEXIS 74801, at *61 (N.D. Cal. Feb. 5, 2020) ("Objectors must establish Article III standing to object, which requires an injury . . . that is redressable . . . . In the class action context, 'the objecting class member must be 'aggrieved by the [settlement provision].'") (citations omitted); *Shah v. Zimmer Biomet Holdings*, No. 3:16-cv-815, 2020 U.S. Dist. LEXIS 171925, at *25 (N.D. Ind. Sep. 18, 2020) (overruling objection of non-class member for lack of standing and lack of merit); Fed. R. Civ. P. 23(e)(5) (only class members may object to settlements).

Edelson is neither a class member nor is it aggrieved. *Supra.* It thus lacks standing to challenge the preliminary injunction, and its motion should be denied for this reason, too.

### D. The preliminary injunction is an appropriate and common class settlement provision.

As Edelson concedes in its motion, the preliminary injunction included in the Preliminary Approval Order is "a relatively common feature in class action settlements." Mot. at 7. The Seventh Circuit has held that district courts presiding over MDL proceedings may "issu[e]

6

injunctions [against parallel proceedings] to protect the integrity of their rulings, including pretrial rulings like discovery orders, as long as the injunctions are narrowly crafted to prevent specific abuses which threaten the court's ability to manage the litigation effectively and responsibly." *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1203 (7th Cir. 1996). "Where a litigant's success in a parallel state court action would make a nullity of the district court's ruling, and render ineffective its efforts effectively to manage the complex litigation at hand, injunctive relief is proper." *Id.* at 1202.

Accordingly, courts in this District routinely enter injunctions to prevent class members from instigating parallel litigation unless or until they have opted out of a class settlement. *See, e.g., T.K., et al v. Bytedance Tech. Co., Ltd*, No. 19-07915, ECF No. 13, ¶ 16 (N.D. Ill. Dec. 19, 2019); *Albrecht v. Oasis Power, LLC*, No. 1:18-cv-1061, 2019 U.S. Dist. LEXIS 162876, at *19 (N.D. Ill. Sep. 24, 2019). In fact, attached is a chart listing an additional 32 preliminary approval orders from the Northern District of Illinois that include such injunctions, along with the text of those injunctions. Exhibit A.

Notably, all of these injunctions post-date the *Adkins* case cited by Edelson. *Adkins v. Nestlé Purina Petcare Co.*, 779 F.3d 481, 482 (7th Cir. 2015). Indeed, *Adkins* is inapposite because the injunction there stayed an existing parallel state court class action that had been pending for two years and was certified *before* the federal action, even though the class member who brought that state action wanted to opt out of the federal settlement and continue to proceed in state court. Specifically, the injunction read:

> This Order bars and enjoins all Settlement Class Members from commencing or prosecuting any action asserting any Released Claims, and stays any actions or proceedings brought by any Member of the Settlement Class asserting any Released Claims as of three (3) days after the date of this Order.

*Adkins v. Nestlé Purina Petcare Co.*, No. 12-02871, ECF No. 195, ¶¶ 22 (N.D. Ill. Oct. 28, 2014).

7

In contrast, here, the injunction is voluntary: class members can choose to opt out of the class action and pursue their own separate actions or they can choose to be bound by the Settlement and the injunction that goes with it. As this Court recognized in granting preliminary approval to the settlement, the preliminary injunction here does not seek "to enjoin a class member, who had sought to opt out, from arbitrating its claim before the settlement was finally approved." ECF No. 161, p. 32. It only enjoins those who choose to be enjoined and to not opt out.

The routine injunction in the Preliminary Approval Order is appropriate, and Edelson's motion should be denied for this additional reason.

## IV. CONCLUSION

For the foregoing reasons, Edelson's motion should be denied.

Dated: December 7, 2021

Respectfully Submitted,

By: */s/ Elizabeth A. Fegan*
Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

By: */s/ Katrina Carroll*
Katrina Carroll
CARLSON LYNCH, LLP
111 W. Washington St.
Suite 1240
Chicago IL 60602
312.750.1265
kcarroll@carlsonlynch.com

By: */s/ Ekwan Rhow*
Ekwan Rhow
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067

(310) 201-2100
erhow@birdmarella.com

*Plaintiffs' Co-Lead Counsel*

Jonathan Jagher
Freed Kanner London & Millen LLC
923 Fayette Street
Conshohocken, PA 19428
(610) 234-6487
jjagher@fklmlaw.com

Michael Gervais
Susman Godfrey LLP
1900 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
(310) 789-3100
mgervais@susmangodfrey.com

Albert Y. Chang
Bottini & Bottini, Inc.
7817 Ivanhoe Avenue
Suite 102
La Jolla, CA 92037
(858) 914-2001
achang@bottinilaw.com

Megan E. Jones
Hausfeld LLP
1700 K Street NW, Suite 650
Washington, D.C. 20006
(202) 540-7200
mjones@hausfedllp.com

Amanda K. Klevorn
Burns Charest LLP
365 Canal Street
Suite 1170
New Orleans, LA 70130
(504) 799-2845
aklevorn@burnscharest.com

*Plaintiffs' Steering Committee*

Shannon Marie McNulty

9

        Clifford Law Offices, P.C.
        120 North LaSalle Street, Suite 3100
        Chicago, IL 60602
        (312) 899-9090
        smm@cliffordlaw.com

*Plaintiffs' Liaison Counsel*