IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION, | MDL No. 2948 |
| | Master Docket No. 20 C 4699 |
| | Judge John Z. Lee |
| This document relates to all cases | Magistrate Judge Sunil R. Harjani |

**CLASS MEMBER EDELSON PC'S REPLY
IN SUPPORT OF MOTION TO VACATE OR MODIFY PRELIMINARY INJUNCTION**

Unable to justify the propriety or breadth of the injunction under either Rule 65 or Seventh Circuit precedent, Class Counsel (with the support of TikTok) offer a handful of arguments as to why the injunction should remain in effect and unmodified. None are remotely persuasive. First, Edelson PC ("Edelson") is not excluded from being a Class Member because it has never been, nor could be, "counsel of record" pursuant to this Court's local rules. Next, Class Counsel claim the broad injunction doesn't actually cover anything beyond disputes about "TikTok's collection or use of data." But Class Counsel's post hoc view of what the injunction covers—based solely by reference to outside documents—conflicts with what the broad language of who the injunction covers, what the injunction prohibits, and what has transpired in the arbitration. Finally, both Rule 65 and *Adkins* clearly prohibit the issuance of an injunction, without clear findings of fact and law showing why it was issued and what it covers. It is uncontested that the requirements for the entry of a preliminary injunction were not met. The injunction should be vacated and if Class Counsel and TikTok want to attempt justify a new

1

injunction, it should be modified to make clear it only applies to proceedings against TikTok related to its data collection.[1]

I. **Edelson is a Class Member and therefore Has Standing**

Class Counsel's sole argument that Edelson is not a Class Member and therefore lacks standing is its claim that the firm is "counsel of record" in this case making it subject to an exclusion from the class. This argument is based on the fact that lawyers from the Edelson firm appeared as counsel to their client, Dennis Litteken, who filed an objection. But Class Counsel misunderstands the nature of attorney appearances in this district, which makes clear that firm appearances are prohibited.

Local Rule 83.16(c) provides in relevant part (emphasis added):

> **Appearance forms are to list only the name of an individual attorney.** The Clerk is directed to bring to the attention of the assigned judge any appearance form listing a firm of attorneys rather than an individual attorney. For the purposes of this rule, an individual attorney who practices as a professional corporation may file the appearance as the professional corporation.

Edelson PC cannot therefore be "counsel of record" in this Court. It is forbidden. If Class Counsel meant to exclude entire law firms and not the individual lawyers, then they should have said so. *White v. Emp. Ret. Plan of Amoco Corp.*, No. 96 C 4298, 2001 WL 1204193, at *1 n.1 (N.D. Ill. Oct. 10, 2001) ("Mr. Yaker is a member of the general bar of the Northern District of

---

[1] Class Counsel and TikTok seek to sidestep justifying their improper injunction by claiming Edelson disregarded its prefiling obligations so it could publicly discuss aspects of the arbitration. As explained in its motion to seal, that's false. Edelson requested to stay the arbitration until the injunction expired, which would have publicly avoided raising any of these issues. ▮▮▮▮ expressly opposed that request and Edelson was ordered by the arbitrator to come to this Court for clarification. Indeed, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Not that it would have made a difference. Although Edelson was skeptical the parties could make the requisite showing, it offered to not oppose a renewed request for an injunction that was properly justified, contained the required findings, and was clear that in only applied to proceedings *against TikTok*. That offer was rejected.

2

Illinois, but not the trial bar, and should know that under Local Rule 83.16(c) appearances by firms are prohibited."); *Reddick v. Bloomingdale Police Officers*, No. 96 C 1109, 2003 WL 1733560, at *1 n.1 (N.D. Ill. Apr. 1, 2003) ("Under Local Rule 83.16(c) of the Northern District of Illinois, only individual attorneys, not law firms, are permitted to appear on behalf of parties.") As a Class Member, Edelson is "aggrieved" by being forced to risk contempt of court (and payment of fees to an adverse party) based on injunction that on its face appears to cover its ongoing arbitration. Given the steps Ms. Carroll had already taken in response to Edelson attorneys representing a client in an objection to the settlement, it seemed certain she would use the injunction to ▮▮▮▮▮▮▮▮ into that conduct. (*See* Declaration of Jay Edelson, attached at Exhibit A.)

    **II.    Edelson's Counterclaims and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in the Arbitration Arise from and are related to its Client's Objection to the Released Claims in this Case**

Next, Class Counsel argues that despite the expansive language of the injunction, it only covers disputes about "TikTok's collection or use of data" and not any aspect of the arbitration. But Class Counsel's stated limitation on the injunction is based on a series of cross-referencing definitions contained in their settlement agreement, not the injunction. (Dkt. 175 at 2-3.) Rule 65 prohibits the reference to outside documents to prevent the type of verbal gymnastics Class Counsel use to recast their injunction as being narrower than the terms suggest. Fed. R. Civ. P. 65(d)(1)(C) (requiring an injunction to "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.") The injunction should be vacated or modified on that basis alone.

But Class Counsel's only argument around the expansive language of the injunction entered by the Court is to cast doubt on the claims at issue in the arbitration. This Court enjoined

all class members from "participating . . . in any . . . arbitration . . . based on relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims." (Dkt. 162 at ¶ 21.) As demonstrated above, Edelson is a Class Member, it is in an arbitration, and that arbitration includes several issues related to the released claims. If Class Counsel and TikTok wanted a narrower injunction that only covers claims against TikTok related to its data collection it could have easily written such an injunction. They didn't and can't now claim to narrow the sweeping injunction entered by the Court.

Instead, Class Counsel responds by calling Edelson's claims about the arbitration an "attenuated," "unfounded," "unsworn[2] and unsupported story" containing "grossly distorted ad hominin attacks" that are "objectively untrue." Contrary to their list of adjectives and the declarations purportedly supporting them, Edelson's "narrative" is well-supported. (*See generally* Edelson Decl.)

Edelson's counterclaims ███████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

---

[2]   Without a hint of irony, Ms. Carroll's declaration which claims Edelson's motion lacks "factual support" is comprised of roughly half hearsay statements of her husband. (Dkt. 175-2 ¶¶ 6, 8-14.) *See* Fed. R. Evid. 802.


As such, ▮ and Carroll's actions are contrary to their declarations and Class Counsel's claim that Edelson's counterclaims in the arbitration fall outside the broad scope of the injunction.

### III. Class Counsel Did Not and Cannot Justify the Preliminary Injunction

Class Counsel argues that the injunction is proper because this Court has the power to enjoin parallel proceedings, that 34 preliminary approval orders since the 2015 *Adkins* decision have contained an injunction, and that *Adkins* doesn't apply because the injunction there didn't allow opt outs. All of this is wrong or irrelevant.

Edelson is not claiming that an injunction can *never* be part of a preliminary approval order in a class action. But what Rule 65 requires, as *Adkins* makes plain, undisputedly didn't happen here. Neither Class Counsel nor TikTok actually moved for an injunction, the issue of an

injunction in this case was never discussed at either preliminary approval hearing, no reason was presented in the order as to why it was issued, no legal standard was identified, no findings of fact or law were made, no likelihood of success on the merits or irreparable harm was found, and no equities were weighed. *See Adkins v. Nestle Purina PetCare Co.*, 779 F.3d 481, 483 (7th Cir. 2015); *see also In re Jimmy John's Overtime Litig.*, 877 F.3d 756, 769 (7th Cir. 2017) ("Here, plaintiffs argue that the district court abused its discretion by failing to consider the traditional factors for granting an injunction and failing to make the requisite findings of fact and conclusions of law. We agree.") The absence of these findings is fatal and the injunction should be vacated.

Class Counsel and TikTok offer no real response for this failure. Instead, they attempt to justify their sneaking a preliminary injunction into a counsel-drafted order by pointing to 34 other instances where they say similar injunctions were included in preliminary approval orders. (*See* dkt. 175-1.) But "everybody does it" isn't a defense for submitting to the Court a proposed order that contains a provision that plainly violates Rule 65 and binding precedent. *See In re White Crane Trading Co., Inc.*, 170 B.R. 694, 705 (Bankr. E.D. Cal. 1994) ("A party should never present a court with a proposed order that would authorize the impermissible.")[3]

It's also not the case that courts in this district routinely enter such orders without question, as Class Counsel suggests. For a recent example, consider *Hill v. Mercy Health System Corp.*, No. 20cv50286, 2021 WL 5832787 (N.D. Ill. Nov. 24, 2021). There plaintiffs' counsel submitted a proposed order that, like the one in this case, contained an injunction that had not been previously raised or supported in any manner. *Id.* The district court, sua sponte, questioned

---

[3] In fact, the chart submitted further demonstrates their misunderstanding of the issue given it doesn't include whether the requisite oral or written findings were made justifying the issuance of the injunctions listed.

its authority to enter such an injunction. After rejecting various belated excuses offered by the parties—including a list of other cases where an injunction had been entered as part of the preliminary approval of a class action—the court refused to enter the order containing the preliminary injunction. *Id.* at *2. ("The parties have provided no legal bases for that request nor any facts upon which a proper injunction could be entered.")

Finally, Class Counsel claim that *Adkins* can be ignored because the injunction there didn't allow members of a class certified in state court before the settlement of the federal action to opt out. The ability to opt out had absolutely nothing to do with the Court's ruling about the whether the district court erred in entering the injunction without providing the required findings. *Hill*, 2021 WL 5832787 at *2-3.

Accordingly, Edelson's motion to vacate or modify the injunction should be granted.

Respectfully submitted,

**EDELSON PC**,

Date: December 14, 2021         /s/Ryan D. Andrews

Jay Edelson
jedelson@edelson.com
Ryan D. Andrews
randrews@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378