

January 24, 2022

United States District Court for the Northern District of Illinois
Eastern Division
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, IL 60604
Submitted Electronically Per General Order 21-0027 via ECF at
Temporary_E-Filing@ilnd.uscourts.gov


RE:    *TikTok, Inc., Consumer Privacy Litigation*
       MDL No. 2948
       20-cv-4699
       **Objection and Notice of Intention to Appear at Fairness Hearing**

Dear Judge Lee:

**I am a member of the nationwide class.  Included with this objection is sufficient evidence of standing:**

I started using the application April 10, 2021.

I have included a screenshot from Apple's App Store showing the initial installation date of TikTok on my iPhone; *to wit*, on April 10, 2021.

I have included a screenshot of the verification code text message received from TikTok on April 10, 2021, at 8:53 am, verifying my account.

My TikTok profile name is "@newimage1400."  I have included a screenshot of the profile page of my TikTok account.

 The phone number associated with my TikTok account is 786.676.1018.   To the best of my recollection, I did not use an email address for the TikTok account, just my phone number. To the extent I did also provide an email address it to TikTok, it would have been favrileglass1@gmail.com.  Due to a technical issue, I have been locked out of the gmail account for some time.

Approximately, nine weeks ago, I received a class action settlement notice at my TikTok "inbox."  I have included a screen shot from my "inbox" reflecting the notification.

I have included my full name, address, email and telephone number below.

1

I have included a copy of the proof of claim filed on January 23, 2022, to participate in the settlement, should it be granted final approval. My claim ID is: TKT51112574. My confirmation code: 7x3er2y15Z45.

My objections apply to the Nationwide Class and the attorneys' fees sought by counsel. My objections also apply as to the Notice overall as to attorneys' fees.

To the extent that counsel have questions about my objection or my account, they may take my deposition, but virtually. It must be scheduled on mutually agreeable dates. Class counsel is encouraged to meet and confer to set a date and time, if needed. I waive service of any subpoena. Simply send it, along with any all documents responsive to my objection or relating to the fairness hearing to my email address.

**The Notice to the class as to the attorneys' fees sought by counsel violates due process.**

The Court has instructed that the fee application of Class counsel be filed on March 31, 2022. However, the objection deadline is January 31, 2022. As the case is now scheduled, the fee petition will be filed after the objection deadline. This sequence of events violates due process, the express terms of Fed. R. Civ. P. 23(h) and the decision in *Mercury Interactive Corp. Sec. Litig. v. Mercury Interactive Corp*., 618 F.3d 988, 993-94 (9th Cir. 2010).

The Seventh Circuit has not stated a requirement that applications for attorneys' fees in class action settlements must precede the objection deadline. "Allowing class members an opportunity thoroughly to examine counsel's fee motion, inquire into the bases for various charges and ensure that they are adequately documented and supported is essential for the protection of the rights of class members. It also ensures that the district court, acting as a fiduciary to the class, is presented with adequate, and adequately-tested, information to evaluate the reasonableness of a proposed fee." *Mercury Interactive Corp. Sec. Litig. v. Mercury Interactive Corp*., 618 F.3d 988, 993-94 (9th Cir. 2010).

None of the fee application materials are posted on the website, in time for the objection deadline. There is insufficient time between the anticipated date of posting of the application and the fairness hearing. I request that the fairness hearing be reset to a later date, to allow sufficient opportunity to review the fee application. Considering the fee application may be quite voluminous combined with the fact the Notice does not specifically state the amount of fees sought, a meaningful opportunity to review and respond is required. *See, e.g., Mercury Interactive Corp. Sec. Litig. v. Mercury Interactive Corp*., 618 F.3d 988, 993-94 (9th Cir. 2010)["The plain text of the rule requires that any class member be allowed an opportunity to object to the fee 'motion' itself, not merely to the preliminary notice that such a motion will be filed. In this case, although notice of the motion was provided to the class, class members were deprived of an adequate opportunity to object to the motion itself, because by the time they were served with the motion, the time within which they were required to file their objections had already expired."] The lack of transparency is remarkable. There is no

reason the fee application could not have been filed prior to the objection deadline. The error here is not harmless and I have been precluded from objecting.

**While the overall amount obtained may be fair, adequate and reasonable, especially when considered with the injunctive relief, this settlement cannot be approved due to structural problems:**

The Court preliminarily approved a Nationwide Class and the Illinois Subclass.

"The Settlement Agreement provides for monetary relief in the form of a $92 million escrow account that Defendants would fund within 90 days for the benefit of Settlement Class members. Settlement Agreement § 4.1. After deducting all Court-approved [*16] settlement-related costs and fees, including reasonable attorneys' fees, the fund would be divided into a total number of pro rata shares equal to the sum of (1) the number of Nationwide Class members (an estimated 89 million persons) who submit a valid claim and (2) five times the number of Illinois Subclass members (an estimated 1.4 million persons, all members of the Nationwide Class as well) who submit a valid claim. Id. §§ 4.5, 5.2-5.3, 13.1; id., Ex. C, Plan of Allocation and Distribution of Settlement Funds at 2, ECF No. 122-3. In this way, members of the Nationwide Class would each receive one share, while members of the Illinois Subclass would each receive one share (for being members of the National Class) plus five additional shares, for six shares overall." *In re Tiktok, Inc., Consumer Privacy Litig.*, 2021 U.S. Dist. LEXIS 188949 (Memorandum, dated September 30, 2021). The Plan of Allocation further clarifies that "Each Authorized Claimant who is a member of the Nationwide Class and is not a member of the Illinois Subclass shall be paid one *pro rata* share."

In spite significant differences in scope and payout, the Settlement Release is the same for all persons. There is no reason offered in the Notice as to why there is a distinct Illinois Subclass when other States have similar laws that could justify unique payouts and the creation of artificial classes too, with even greater payments.

The preliminary approval order lumps the Nationwide Class and the Illinois Subclass into a combined, so-called Settlement Class. It then appointed the same named representatives and counsel to represent the Settlement Class, irrespective of conflicts between the Nationwide Class and the Subclass. But the diversity the Court sought to encourage was defeated by the irreconcilable conflicts and inadequacy of representation. By being a member of both the Nationwide Class and an extra Subclass, this made the claims of the Subclass antagonistic towards the much larger class. This is underscored with respect to the Plan of Allocation and granting each Subclass member six shares.

Rule 23(c)(4) states that when appropriate, a class may be divided into Subclasses with each Subclass treated as a separate class. This means that each of the Subclasses must independently meet the requirements of Rule 23 for maintenance of a class action. See 7B Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure: Civil § 1790

3

(1986). A failure to meet any of the requirements set out in Rule 23 will result in the Court denying certification of a Subclass.

By using overlapping counsel between two disparate classes, the attorneys and named representatives are unable to show they can be adequate representatives for any one class. Generally, the adequacy of the representation depends on two factors: (1) the named Plaintiffs must appear to be able to prosecute the action vigorously through qualified, experienced and competent counsel, and (2) the named Plaintiffs must not have interests antagonistic to those of the class.

The Subclass was somehow able to extract concessions, likely due to the fact this case was filed in Illinois and have the same attorneys. By approving this Settlement, the Court would be treating class members disparately and inconsistently, based simply on where they live and/or used the application. Such an approach defeats a nationwide class action, with each individual state, assuming it had adequate representation, which they do not, requiring its own unique Subclass and larger share of the recovery. Of course, since the attorneys here are, in large measure based in Illinois, along with this Court, it is fairly easy to deduce why this disparate treatment is occurring. But this Court should be skeptical of unique payouts to Illinois residents or users of TikTok who happened to use the application in Illinois, at the expense of class members living in the rest of the nation. In structuring the settlement in this manner, there is inadequacy of representation because the Illinois Subclass has antagonistic interests to the Nationwide Class, five times over. See, *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 827.F.3d 223 (2nd Cir. 2016).

Additionally, the Illinois Subclass cannot be certified because it requires the Court to make individualized determinations as to whether a person "used the App in the State of Illinois to create videos." See, *e.g.*, *Ayala v. U.S/ Xpress Enters.*, 2016 U.S. Dist. LEXIS 181118, 2016 WL 7586910, at * 8 (C.D. Cal. Dec. 22, 2016)(denying class certification on predominance grounds because "the Court would have to conduct individualized inquiries into whether each putative Class Member took meal and rest breaks, and if they did not, the reasons why.")

Here, the Court would have to determine whether the use was in Illinois during the class period and whether the use related to the creation of videos, whatever this means. Does it mean, for example, a person who travelled through O'Hara to change planes to one destined for Iowa who happens to use TikTok while waiting to board a new plane at O'Hara is a member of the Subclass, even if they only filmed video in Iowa? Let' say, they were editing video at O'Hara that was filmed somewhere else? How about if they accessed the app at O'Hara but did not take video but did take a photograph to be incorporated into a later video? What about if they filmed video in O'Hara and were using TikTok, but their video was not going to be used on TikTok, but then they decide to use it that way after all? What if the video is filmed at O'Hara not to be used on TikTok but then, while the person is in Iowa, uploads the video to TikTok? There are too many permutations requiring individual determinations only exacerbated by the ambiguity of the Subclass definition. To the extent the Subclass is ambiguous, so is the Notice

and Settlement Agreement. This would be another reason this settlement should not be approved.

The scope of the Subclass matters to Nationwide class members since the five extra shares granted to a Subclass member results in a corresponding reduction in funds available to non-Subclass members.

Further, to the extent that each state has unique laws, such as Illinois, that arguably may be advanced against TikTok, Inc., then this only underscores that a nationwide class should not be certified, because of issues relating to typicality of claims and lack of superiority of a nationwide class action.

To the extent a class may be appropriately certified, it would seem to be for a Nationwide class with equal treatment of the claims based on the exact same release. Since the action is based on the creation of a Subclass that cannot be certified, the Court should decline finding that the settlement, as proposed is fair, adequate and reasonable.

**I have complied with the Notice procedure for submittal of objections:**

The Notice states an "objection must include (i) a detailed statement of the Class Member's objection(s), as well as the specific reasons, if any, for each objection, including any evidence and legal authority the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of his/her objections(s); (ii) the Class Member's full name, address and telephone number; and (iii) information demonstrating that the Class Member is entitled to be included as a member of the Class." I have met the requirements set forth in the Notice.

The Settlement Agreement contains additional terms at p. 12 which makes the objection requirements confusing. However, the additional terms do not apply to me since I am in *pro se*. See, *to wit*, Settlement Agreement; "(iv) the identity of all counsel who represent the objector, including former or current counsel who may be entitled to compensation for any reason related to the objection, along with a statement of the number of times in which ***that counsel*** has objected to a class action settlement within five years preceding the submission of the objection, the caption of the case for each prior objection, and a copy of any relevant orders addressing the objection." (emphasis added). I have no agreements with any other person as contemplated by the Notice.

Pursuant to the Notice, I declare under penalty of perjury of the laws of the United States that the foregoing factual matters are true and correct.

*steven helfand*
_____
STEVEN FRANKLYN HELFAND

5

410 Southeast 16th Court, Apartment 730
Fort Lauderdale, Florida 33316
786-676-1018
Steven.Helfand1400@outlook.com

cc: This document was served on the following persons electronically and first-class mail:

| Katrina Carroll<br>CARLSON LYNCH LLP<br>111 West Washington Street<br>Suite 1240<br>Chicago, Illinois 60602<br>kcarroll@carlsonlynch.com | Anthony J. Weibell<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>aweibell@wsgr.com |
|---|---|
| Jonathan M. Jagher<br>FREED KANNER LONDON & MILLEN LLC<br>923 Fayette Street<br>Conshohocken, PA 19428<br>jjagher@fklmlaw.com | Elizabeth A. Fegan<br>Fegan Scott LLC<br>150 South Wacker Drive<br>24th Floor<br>Chicago, IL 60606<br>beth@feganscott.com |
| Ekwan E. Rhow<br>Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.<br>1875 Century Park East<br>23rd Floor<br>Los Angeles, CA 90067<br>erhow@birdmarella.com | Musical.ly and/or TikTok Class Action<br>Attn: Objections<br>P.O. Box 58220<br>Philadelphia, PA 19102<br>Info@tiktokdataprivacysettlement.com |

  I declare under penalty of perjury of the laws of the United States that the foregoing factual matters are true and correct.

*steven helfand*
STEVEN FRANKLYN HELFAND
410 Southeast 16th Court, Apartment 730
Fort Lauderdale, Florida 33316
786-676-1018
Steven.Helfand1400@outlook.com

6









# In Re: TikTok, Inc., Consumer Privacy Litigation

MDL No. 2948, 20-cv-4699

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

MENU                                                                 SUBMIT A CLAIM

## Your Claim Form has been submitted successfully.

Please *print* this page for your records.

### Your Claim Details

Submitted Claim ID: **TKT51112574**

Confirmation Code: **7x3er2y15Z45**

**You will need the above Submitted Claim ID and Confirmation Code if you would like to edit your Claim at a later time, so please print this page for your records.**

#### CLAIM INFORMATION

Class Member's First Name **Steven**

Class Member's Last Name **Helfand**

Street Address **410 SE 16th Court**

City **fort lauderdale**

State **FL**

| | |
|---|---|
| Zip Code | **33316** |
| Current Phone Number | **786-676-1018** |
| Current Email Address | **steven.helfand1400@outlook.com** |
| Parent/Guardian First Name: | **Steven** |
| Parent/Guardian Last Name: | **Helfand** |
| Mobile Phone Number Associated with your TikTok Account: | **786-676-1018** |
| Do you currently reside in the United States?: | **Yes** |
| Are you both (1) a resident of Illinois (2) who used the TikTok – Make Your Day video-sharing application (and/or its Musical.ly predecessor) to create videos while living in Illinois?: | **No** |
| Did you use the TikTok - Make Your Day video-sharing application (and/or its Musical.ly predecessor) distributed in the U.S. prior to September 30, 2021?: | **Yes** |
| TikTok Username 1: | **newimage1400** |
| Payment Method: | **E-MasterCard** |
| Signature | **Steven Helfand** |
| Date | **2022-01-23 16:17:06** |

If you have any questions regarding your Claim, please provide the Submitted Claim ID listed above and email us at Info@tiktokdataprivacysettlement.com

Click here to edit your Claim.

Print    Home

Copyright © 2022    Privacy Policy