IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION | ) ) ) ) ) ) ) ) | MDL No. 2948 |
| | | Master Docket No. 20-cv-4699 |
| | | Judge John Z. Lee |
| This Document Relates to All Cases | | Magistrate Judge Sunil R. Harjani |

**OBJECTOR MARK S.'s MOTION FOR LEAVE TO SEAL PORTIONS OF OBJECTIONS TO CLASS ACTION SETTLMENT BY MARK S., AS PARENT AND LEGAL GUARDIAN OF HIS MINOR SON, A.S.**

Pursuant to Fed. R. Civ. P. 5.2 and Local Rules 5.8 and 26.2, Objector Mark S. respectfully moves the Court for leave to file portions of the Objections to Class Action Settlement by Mark S., as Parent and Legal Guardian of His Minor Son, A.S. (the "Objections") (Dkt. 187) under seal, *nunc pro tunc* to January 30, 2022. In support of this motion, Objector Mark S. states as follows:

1.      On January 30, 2022, Mark S. filed the Objections, as parent and legal guardian of his minor son, A.S. Dkt. 187. To protect the confidential nature of a limited amount of information, Mark S. redacted that information from the public filing and provided the Court, Plaintiffs' leadership counsel and defense counsel with a non-redacted version of the filing.

2.      The specific information that was redacted was: (a) Mark S.'s last name and signature; (b) the full name of A.S., who is a minor; (c) Mark S.'s address and telephone number; (d) A.S.'s date of birth; (e) the TikTok usernames A.S. believed he used.

3.      Pursuant to Fed. R. Civ. P. 5.2, a public filing may not include the full birthdate of an individual or the full name of a minor. *See* Fed. R. Civ. P. 5.2.

1

4.    Pursuant to Local Rule 26.2, the Court may for good cause shown allow documents to be filed under seal. *See* L.R. 26.2(b).

5.    Good cause exists to allow the limited personal information redacted from the Objections to be filed under seal. Disclosure of Mark S.'s last name would defeat the purpose of keeping A.S.'s name confidential, as required by Fed. R. Civ. P. 5.2. Further, public disclosure of Mark S.'s address and telephone number or A.S.'s TikTok usernames could also lead to the disclosure of A.S.'s identity or provide ways for A.S. to be contacted.[1] While Fed. R. Civ. P. 5.2 allows the year of a birthdate to be disclosed in a public filing, it does not require it. *See* Fed. R. Civ. P. 5.2(a)(2) (public filing may include only the year of birth).

6.    Accordingly, for good cause shown, Mark S. respectfully requests leave to file the Objections under seal, *nunc pro tunc* to January 30, 2022.

WHEREFORE, Objector Mark S. respectfully moves the Court for leave to file the Objections under seal, *nunc pro tunc* to January 30, 20202.

Dated: February 1, 2022

Respectfully submitted,

MARK S., as parent and legal
guardian of his minor son, A.S.,

By:    /s/ Scott R. Drury
       SCOTT R. DRURY
       *Counsel for Objector Mark S.*

Mike Kanovitz
Scott R. Drury
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
drury@loevy.com

---

[1] Mark S. notes that Objector Dennis Littekin redacted similar information. *See* Dkt. 184 at 5.

**CERTIFICATE OF SERVICE**

I, Scott R. Drury, an attorney, hereby certify that, on February 1, 2022, I filed the foregoing

document using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Scott R. Drury
SCOTT R. DRURY