# EXHIBIT 3

Case: 1:20-cv-04699 Document #: 197-3 Filed: 03/31/22 Page 2 of 5 PageID #:3661

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAMONT DAVIS, NAKEA BLOUNT, and SHAMIKKAH SLAUGHTER, on behalf of themselves and all other persons similarly situated, known and unknown,

              Plaintiffs,

      v.

HEARTLAND EMPLOYMENT SERVICES, LLC,

              Defendant.

No. 19-cv-00680
Judge Franklin U. Valderrama

**Final Approval Order**

This matter coming before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement and Plaintiffs' Motion for Attorney Fees, Litigation Costs, Settlement Administration Costs, and Service Awards, the Court having reviewed and considered the motions, including all supporting documents, and the Court having conducted a final approval hearing on October 25, 2021,

IT IS ORDERED as follows:

1.    The Court has jurisdiction over the subject matter of this action and the settlement pursuant to 28 U.S.C. §§1331 and 1367.

2.    Capitalized terms not otherwise defined in this Final Approval Order are defined in the Parties' Settlement Agreement.

3.     The Court-approved Notice of Class Action Settlement and accompanying Claim Form (Notice) were distributed by the Settlement Administrator to Settlement Class Members by direct mail and, where available, by text message and email. The Settlement Administrator also established a publicly-available settlement website with the Notice, settlement documents, a mechanism to submit electronic Claim Forms, answers to frequently asked questions, and avenues for Settlement Class Members to seek more information. The Notice and the methods of distribution satisfy due process, the requirements of Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, and constitute the best notice practicable under the circumstances.

4.     The Court grants final certification of the class that the Court previously certified for settlement purposes in its Preliminary Approval Order. The class is defined as follows:

> All hourly employees of Defendant who enrolled in or used a finger-scan timekeeping system while working for Defendant in Illinois between December 18, 2013 and April 23, 2019, excluding those persons subject to individual arbitration agreements who did not opt-out of those arbitration agreements ("Settlement Class" or "Settlement Class Members").

5.     Only one Settlement Class Member excluded himself from the Settlement and only one Settlement Class Member submitted an objection.

6.     Based on his valid request for exclusion, Settlement Class Member Anthony Nemeth is excluded from the Settlement Class. Mr. Nemeth is not bound by the Settlement Agreement.

7.     The Court overrules the objection of Aida Echavez because it is untimely and does not question the fairness or adequacy of the Settlement.

8.     The Court finds the settlement memorialized in the Settlement Agreement and filed with the Court is fair, reasonable, and adequate, and in the best interests of Settlement Class Members. The Court finds that: (a) the strength of the Settlement Class Representatives' and Settlement Class Members' claims weighed against the Defendant's defenses and the complexity, length, and expense of further litigation support approval of the Settlement; (b) the Gross Fund of $5,418,000.00 as set forth in the Settlement Agreement is a fair, reasonable, and adequate settlement of the claims; (c) the Settlement was reached pursuant to arm's-length negotiations between the parties; (d) the support for the Settlement expressed by Settlement Class Counsel, who have significant experience representing parties in complex class actions, including those involving Biometric Information Privacy Act claims, weighs in favor of approval of the Settlement; (e) the absence of any meritorious objections to the Settlement by Settlement Class Members supports approval of the Settlement; and (f) the Action has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

9.     The Parties and the Settlement Administrator are ordered to comply with the terms of the Settlement Agreement.

10.     The Court awards $56,670.00 to the Settlement Administrator, Analytics Consulting LLC, for its work administering the Settlement, which is payable from the Gross Fund as described in the Settlement Agreement.

11.     The Settlement Administrator shall issue payments to all Settlement Class Participants from the Net Fund as described in the Settlement Agreement. The Settlement Administrator shall treat as timely all valid claims received by October 13, 2021. Any claims received after October 13, 2021 are untimely and will not be paid.

12.     The Court awards Settlement Class Counsel $1,777,110.00 in attorneys' fees and $28,249.66 in litigation costs, which are payable from the Gross Fund as described in the Settlement Agreement.

13.     The Court awards Settlement Class Representatives Lamont Davis, Nakea Blount, and Shamikkah Slaughter $10,000.00 each as Service Awards, which are payable from the Gross Fund as described in the Settlement Agreement.

14.     Funds from checks not cashed by Settlement Class Participants within the 150-day deadline shall be distributed to the Here to Help Fund, a Section 501(c)(3) charity.

15.     This matter is dismissed without prejudice. The dismissal shall automatically convert to one with prejudice seven (7) days after Plaintiffs file a declaration with the Court from the Settlement Administrator confirming that Defendant has fully funded the Gross Fund.

16.     While this matter is dismissed without prejudice, the Court retains jurisdiction solely with respect to the interpretation, implementation, and enforcement of the terms of the Parties' Settlement Agreement.

17.     Once this case is dismissed with prejudice, the Court will not have jurisdiction to enforce the Settlement Agreement. *See Natkin v. Winfrey*, 2015 WL 8484511, at *2 (N.D. Ill. Dec. 8, 2015) ("The Seventh Circuit has declared in no uncertain terms: '[W]hen a suit is dismissed with prejudice, it is gone, and the district court cannot adjudicate disputes arising out of the settlement that led to the dismissal merely by stating that it is retaining jurisdiction.'") (quoting *Dupuy v. McEwen*, 495 F.3d 807, 809 (7th Cir. 2007)).


Dated:  October 25, 2021

United States District Judge
Franklin U. Valderrama

5