# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRENDA WICKENS, on behalf of herself and all other plaintiffs similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> THYSSENKRUPP CRANKSHAFT CO, LLC <br><br> Defendant. | ) ) ) ) ) ) ) Case No.: 1:19-cv-6100 ) ) ) ) ) ) |

## **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

The above-captioned matter (the "Action") having come before the Court on Plaintiff's Motion For Final Approval of Class Action Settlement, the terms of which are set forth in the Settlement Agreement between Plaintiff Brenda Wickens ("Plaintiff") and Thyssenkrupp Crankshaft Co, LLC ("Thyssenkrupp" or "Defendant") (collectively referred to as the "Parties") and Plaintiff's Motion for Attorneys' Fees, Expenses, and Incentive Award, having been advised in the premises, and having duly considered the papers and arguments of all interested parties, and having held a Final Approval Hearing on January 26, 2021 hereby orders:

1. Unless defined herein, all capitalized terms in this Order shall have the respective meanings ascribed to the same terms in the Settlement Agreement.

2. This Court has subject-matter jurisdiction to approve the Settlement Agreement, including all attached exhibits, and personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

3. On November 12, 2020, this Court preliminarily approved the Settlement Agreement.

4. Notice to the Settlement Class has been provided to the fullest extent reasonably possible in accordance with the Court's Preliminary Approval Order, and the substance of and dissemination program for the Notice, which included direct notice through the U.S. Mail, which provided the best practicable notice under the circumstances and was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and their rights to object to or exclude themselves from the Settlement Agreement and to appear at the Final Approval Hearing; was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and fulfilled the requirements of Federal Rule of Civil Procedure 23 and due process.

5. The Settlement Agreement was the result of arm's-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this and is supported by Plaintiff and Class Counsel. The Class Representatives and Class Counsel adequately represented the Settlement Class for purposes of entering in to and implementing the Settlement Agreement. Based upon The Fish Law Firm, P.C.'s experience in litigating class action, employment litigation, and claims under the Biometric Information Privacy Act and the Fair Labor Standard Act, Class Counsel's preliminary appointment is confirmed.

6. The Settlement Agreement is fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class in light of complexity, expense, and duration of the litigation and the risks involved in establishing liability and damages in maintaining the class action through trial and appeal.

7. The Settlement consideration constitutes fair value given in exchange for the Released Claims against the Released Parties. The Court finds the consideration to be paid to Settlement Class Members is reasonable, considering the facts and circumstances of the claims

and affirmative defenses available in the Action and potential risks and likelihood of success of alternatively pursing litigation on the merits.

8. No Settlement Class Member has objected to any of the terms of the Settlement Agreement.

IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED THAT:

9. The Settlement Agreement is finally approved as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members. The Parties are directed to implement and consummate the Settlement Agreement according to its terms and conditions. The Parties and Settlement Class Members are bound by the terms and conditions of the Settlement Agreement except as to the Class Members who opted out.

10. The Settlement Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms.

11. Other than as provided in the Settlement Agreement and this Order, the Parties shall bear their own costs and attorneys' fees.

12. Upon the Effective Date of the Settlement Agreement, Plaintiff and Settlement Class Members by operation of this Final Judgement shall be fully bound by the release set forth in the Parties' Settlement Agreement and are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any released claim under the parties Settlement Agreement.

13. The Parties may, without further approval from the Court, agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits) that (i) shall be consistent in all material respects with this Final Judgement; and (ii) do not limit the rights of the Settlement Class Members.

14. The Court awards to Class Counsel $298,000 as a fair and reasonable attorneys' fee, which shall include all attorneys' fees associated with the Action. In addition, Class Counsel shall receive reimbursement of costs in the amount of $804.38 associated with the Action. These amounts shall be paid out of the Settlement Fund as called for in the Parties' Settlement Agreement.

15. The Court awards to the Class Representative an incentive award of $7,500 for her time and effort serving the Settlement Class in this Action. This amount shall be paid from the Settlement Fund pursuant to the terms of the Settlement Agreement. The Court has considered *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244, 1264 (11th Cir. 2020), and its reasoning regarding incentive award and declines to follow it for the reasons stated on the record at the January 26, 2021 hearing. *See In Matter of Cont'l Illinois Sec. Litig.*, 962 F.2d 566, 571 (7th Cir. 1992); *Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 600 (N.D. Ill. 2011).

16. The Court approves the payment of the fees and expenses incurred by the Settlement Administrator as approved by Class Counsel. This amount shall be paid from the Escrow Account pursuant to the terms of the Settlement Agreement.

17. Without affecting the finality of this Final Judgment for purposes of appeal, the Court retains jurisdiction as to all matters related to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Judgment, and or any other necessary purpose.

**IT IS ORDERED**

Dated: January 26, 2021  _____

Robert M. Dow, Jr.

United States District Judge