# EXHIBIT 10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KATHERINE MARTINEZ, individually and behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NANDO'S RESTAURANT GROUP, INC.,<br><br>Defendant. | Case No. 1:19-cv-07012<br><br>Honorable Sara L. Ellis |

**FINAL APPROVAL ORDER, FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

The above-captioned matter (the "Action") having come before the Court on Plaintiff's Motion For Final Approval of Class Action Settlement, the terms of which are set forth in the Class Action Settlement, as amended by the Parties' Stipulation Regarding Inadvertently Omitted Class Members (the "Settlement Agreement") between Plaintiff Katherine Martinez ("Plaintiff") and Nando's Restaurant Group, Inc. ("Nando's" or "Defendant") (collectively referred to as the "Parties") and Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement, for Attorneys' Fees, Expenses, and Incentive Awards, having been advised in the premises, and having duly considered the papers and arguments of all interested parties, and having held a Final Approval Hearing on October 28, 2020 hereby orders:

1. Unless defined herein, all capitalized terms in this Order shall have the respective meanings ascribed to the same terms in the Settlement Agreement.

2. This Court has subject-matter jurisdiction to approve the Settlement Agreement, including all attached exhibits, and personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

3. On June 22, 2020, this Court preliminarily approved the Settlement Agreement and certified, for settlement purposes, the Settlement Class defined "all individuals who worked at a Nando's restaurant in Illinois and who enrolled in the fingertip scanning feature of the Point of Sale device at any Nando's location in the state of Illinois from May 20, 2015 to October 1, 2019."

4. Notice to the Settlement Class has been provided to the fullest extent reasonably possible in accordance with the Court's Preliminary Approval Order, and the substance of and dissemination program for the Notice, which included direct notice through the U.S. Mail, which provided the best practicable notice under the circumstances and was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and their rights to object to or exclude themselves from the Settlement Agreement and to appear at the Final Approval Hearing; was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and fulfilled the requirements of Federal Rule of Civil Procedure 23 and due process.

5. The Settlement Agreement was the result of arm's-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this and is supported by Plaintiff and Class Counsel. The Class Representatives and Class Counsel adequately represented the Settlement Class for purposes of entering in to and implementing the Settlement Agreement. Class Counsel's preliminary appointment is confirmed.

6. The Settlement Agreement is fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class in light of complexity, expense, and duration of the litigation and the risks involved in establishing liability and damages in maintaining the class action through trial and appeal.

7.      The Settlement consideration, including the Maximum Gross Settlement Amount of One Million Seven Hundred Eighty-Seven Thousand Dollars and No Cents ($1,787,000.00 ) constitutes fair value given in exchange for the Released Claims against the Released Parties. The Court finds the Settlement Formula and the consideration to be paid to Settlement Class Members is reasonable, considering the facts and circumstances of the claims and affirmative defenses available in the Action and potential risks and likelihood of success of alternatively pursing litigation on the merits.

8.      No Settlement Class Member has objected to any of the terms of the Settlement Agreement. The sole member of the Settlement Class who has opted-out of the Settlement is Aashin A. Amin.

IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED THAT:

9.      The Settlement Agreement is finally approved as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members. The Parties are directed to implement and consummate the Settlement Agreement according to its terms and conditions.

10.     The Settlement Class is certified for purposes of settlement only.

11.     The sole member of the Settlement Class who has opted-out of the Settlement is: Aashin A. Amin

12.     The Parties and Settlement Class Members are bound by the terms and conditions of the Settlement Agreement

13.     The Settlement Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms.

14.     Other than as provided in the Settlement Agreement and this Order, the Parties shall bear their own costs and attorneys' fees.

3

15. Upon the Effective Date of the Settlement Agreement, Plaintiff and Settlement Class Members by operation of this Final Judgement shall be fully bound by the release set forth in the Parties' Settlement Agreement and are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any Released Claim under the Parties' Settlement Agreement.

16. The Parties may, without further approval from the Court, agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits) that (i) shall be consistent in all material respects with this Final Judgement; and (ii) do not limit the rights of the Settlement Class Members.

17. The Court awards to Class Counsel $595,666.67 as a fair and reasonable attorneys' fee, which shall include all attorneys' fees associated with the Action. In addition, Class Counsel shall receive reimbursement of costs in the amount of $902.47 associated with the Action. These amounts shall be paid out of the Settlement Fund as called for in the Parties' Settlement Agreement.

18. The Court awards to the Class Representative a Service Award of $7,500 for his time and effort serving the Settlement Class in this Action. This amount shall be paid from the Settlement Fund pursuant to the terms of the Settlement Agreement.

19. The Court approves the payment of the fees and expenses incurred by the Settlement Administrator as approved by Class Counsel. This amount shall be paid from the Qualified Settlement Fund pursuant to the terms of the Settlement Agreement.

20. The Court dismisses the Action on the merits and with prejudice.

21. The Court finds that Defendant's sole continuing obligation in respect to this litigation shall be to duly perform the duties and obligations expressly made by it under the Parties' Settlement Agreement.

22. Without affecting the finality of this Final Judgment for purposes of appeal, the Court retains jurisdiction as to all matters related to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Judgment, and or any other necessary purpose.

**IT IS ORDERED**.

ENTERED: October 27, 2020

JUDGE: Sara L. Ellis

4813-0330-7471.1 104792.1002

5