# EXHIBIT 11

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DAVID CORNEJO, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>AMCOR RIGID PLASTICS USA, LLC, a Delaware limited liability company.<br><br>*Defendant*. | Case No.: 18-cv-07018<br><br>Hon. Martha M. Pacold |

### ORDER GRANTING FINAL APPROVAL
### OF CLASS ACTION SETTLEMENT AGREEMENT,
### GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

This matter coming before the Court on Plaintiff's Motion for and Memorandum in Support of Final Approval of Class Action Settlement, good cause being shown, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. Unless defined herein, all capitalized terms in this Order shall have the respective meanings ascribed to the same terms in the Settlement Agreement.

2. This Court has subject-matter jurisdiction to approve the Settlement Agreement, including all attached exhibits, and personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

1. On May 21, 2020, this Court preliminarily approved the Settlement Agreement, and certified, for settlement purposes, the Settlement Class consisting of: "all employees or independent contractors of Defendant who used a finger scanner for timekeeping purposes in the State of Illinois between September 11, 2013 and [May 21, 2020]," with certain exclusions. (Dkt.

46.) This Court now affirms certification of the Settlement Class for settlement purposes only.

2. Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order, and the substance of and dissemination program for the Notice—which included direct notice via e-mail, U.S. Mail, the creation of the Settlement Website, and a toll-free phone number—provided the best practicable notice under the circumstances; was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and their rights to object to or exclude themselves from the Settlement Agreement and to appear at the Final Approval Hearing; was reasonable, and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and fulfilled the requirements of Federal Rule of Civil Procedure 23 and due process.

3. The Settlement Agreement was the result of arm's-length negotiations conducted by experienced attorneys familiar with the legal and factual issues of this case and is supported by the Class Representative and Class Counsel. The Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement. Class Counsel's and the Class Representative's appointment is confirmed.

4. The Settlement Agreement is fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class in light of the complexity, expense, and duration of the litigation and the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal.

5. The Settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Released Claims. The Court finds that the consideration to be paid to Settlement Class Members is reasonable, considering the facts and

circumstances of the claims and defenses available in the Action and the potential risks and likelihood of success of alternatively pursuing litigation on the merits.

6. No Settlement Class Member has objected to any of the terms of the Settlement Agreement, and no members of the Settlement Class have submitted timely requests for exclusion.

7. The Parties are directed to implement and consummate the Settlement Agreement according to its terms and conditions. The Parties and Settlement Class Members are bound by the terms and conditions of the Settlement Agreement.

8. The Settlement Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms.

9. Other than as provided in the Settlement Agreement and this Order, the Parties shall bear their own costs and attorneys' fees.

10. Subject to the terms and conditions of the Settlement Agreement, this Court hereby enters a Final Judgment and dismisses the Action on the merits and with prejudice.

11. Upon the Effective Date of the Settlement Agreement and in accordance with the release provisions set forth more fully therein, Plaintiff and Settlement Class Members and their respective present or past heirs, executors, estates, administrators, assigns, agents, consultants, independent contractors, insurers, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these persons and entities, and each of them, shall be deemed to have released, and by operation of this Final Judgment shall have fully, finally, and forever released, acquitted, relinquished and discharged any and all actual, potential, filed, unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action,

3

damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations (including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, arising from 740 ILCS 14/15(a) and 740 ILCS 14/15(b), Defendant's alleged failure to provide a retention policy concerning biometric identifiers and/or biometric information, and Defendant's alleged failure to obtain informed consent to possess, collect, or store biometric identifiers and/or biometric information, against Amcor Rigid Packaging USA, LLC p/k/a Amcor Rigid Plastics USA, LLC ("Amcor"), and all of its present or former heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, holding companies, investors, sister and affiliated companies, divisions, associates, affiliated and related entities, employers, employees, agents, representatives, consultants, independent contractors, directors, managing directors, officers, partners, principals, members, attorneys, vendors, accountants, fiduciaries, financial and other advisors, investment bankers, insurers, reinsurers, employee benefit plans, underwriters, shareholders, lenders, auditors, investment advisors, and any and all present and former companies, firms, trusts, corporations, officers, directors, other individuals or entities in which Amcor has a controlling interest or which is affiliated with any of them, or any other representatives of any of these persons and entities, as well as all persons acting by, through, under or in concert with any of these persons or entities. This Release does not extend to any other claims, including claims arising from 740 ILCS 14/15(c), 740 ILCS 14/15(d), or 740 14/15(e) or arising from the facts underlying those claims, including any sale, lease, trade or profit by Defendant from biometric identifiers and/or information; any disclosure, redisclosure or other dissemination of biometric identifiers and/or information, or Defendant's security practices concerning biometric identifiers and/or information.

12. All Settlement Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on the Released Claims.

13. Upon the Effective Date, the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members and Releasing Parties.

14. The Parties may, without further approval from the Court, agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits) that (i) shall be consistent in all material respects with this Final Judgment; and (ii) do not limit the rights of Settlement Class Members.

15. The Court awards to Class Counsel $57,400.00 as a fair and reasonable attorneys' fee, which shall include all attorneys' fees and reimbursable expenses associated with the Action. This amount shall be paid from the Escrow Account pursuant to the terms in the Settlement Agreement.

16. The Court awards to the Class Representative an incentive award of $5,000.00 for his time and effort serving the Settlement Class in this Action. This amount shall be paid from the Settlement Fund pursuant to the terms in the Settlement Agreement.

17. All payments made to Settlement Class Members pursuant to the Settlement Agreement that are not cashed within ninety (90) days of issuance shall be paid to the American Civil Liberties Union as *cy pres* recipient.

18. Without affecting the finality of this Final Judgment for purposes of appeal, the Court retains jurisdiction as to all matters related to the administration, consummation,

5

enforcement, and interpretation of the Settlement Agreement and this Final Judgment, and for any other necessary purpose.

IT IS SO ORDERED, this 10th day of September, 2020.

/s/Martha M. Pacold
THE HON. MARTHA M. PACOLD
UNITED STATES DISTRICT JUDGE