# EXHIBIT 12

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSUE ALVARADO, on behalf of himself and all other persons similarly situated, known and unknown, | ) ) ) | Case No. 18-cv-07756 |
| Plaintiff, | ) ) ) | Judge Rebecca R. Pallmeyer |
| v. | ) ) ) | |
| INTERNATIONAL LASER PRODUCTS, INC., INTERNATIONAL TONER CORP., and CRAIG FUNK, individually | ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

On January 24, 2020, the Court heard an unopposed motion for final approval of a class and collective action settlement by Named Plaintiff Josue Alvarado ("Class Representative"), on behalf of himself and all others similarly situated. The Court has read and considered the Unopposed Motion for Final Approval of Class And Collective Action Settlement Agreement, the supporting memorandum of law, Plaintiff's Memorandum of Law in Support of his Request for an Award of Attorneys' Fees and Litigation Expenses, and other related materials submitted by the Class Representative, has heard the parties' presentation at the hearing on final approval, and is otherwise fully informed in the premises:

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Unless otherwise defined herein, all terms used in this Order (the "Final Approval Order") will have the same meaning as defined in the Parties' Settlement Agreement for Class and Collective Action Claims ("Settlement Agreement"). The terms of the Settlement Agreement (ECF No. 61-1, Ex. 1) are hereby incorporated by reference into this Order.

2. This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, including all Class Members, certified by Order dated June 19, 2019 and defined in the order granting preliminary approval (ECF No. 64), as follows:

> All hourly employees employed by Defendants in Illinois between November 21, 2015 and February 17, 2019, who were not paid overtime wages at a rate of one-and-one-half times their regular rate of pay for all time they worked over forty (40) hours in one or more individual work weeks during the IMWL Class Period. ("IMWL Class Members")
>
> All persons who worked for Defendants in Illinois between November 21, 2013 and May 20, 2018, who scanned their fingerprints in Defendants' time keeping system without first executing a written release. ("BIPA Class Members")

All IMWL Class Members are identified on Exhibit A to the Settlement Agreement. ECF No. 61-1, Ex. 1, Agreement, Ex. A. All BIPA Class Members are identified on Exhibit B to the Settlement Agreement. ECF No. 61-1, Ex. A, Agreement, Ex. B.

3. The Notice of Class Action Settlement sent to BIPA Class Members who are also IMWL Class Members (the "Combined Notice") and the Notice of Class Action Settlement sent to BIPA Class Members, only ("the BIPA Notice") adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, their right to request exclusion from the Settlement and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing. The Notice Materials also adequately informed the Class Members of the contact information for the Settlement Administrator and Class Counsel. Thus, the Court finds that the Notice Materials provided to the Class Members satisfied the requirements of Fed. R. Civ. P. Rule 23(e)(1)(B).

4. The Court hereby finally approves the Parties' Settlement Agreement for Class and Collective Action Claims and the Settlement of the Illinois Minimum Wage Law and Biometric

Information Privacy Act class action claims as fair, reasonable, and adequate.

5. The Court finds that the settlement memorialized in the Settlement Agreement and filed with the Court is fair, reasonable, and adequate, and in the best interests of the Class Members. The Court finds that: (a) the strength of the Class Representative's and Class Members' claims weighed against the Defendants' defenses and the complexity, length and expense of further litigation support approval of the Settlement; (b) the Gross Settlement Amount of $895,788.74 as set forth in the Settlement Agreement is a fair, reasonable and adequate settlement of the claims; (c) the Settlement was reached pursuant to arm's-length negotiations between the parties; (d) the support for the Settlement expressed by Class Counsel, who have significant experience representing parties in complex class actions, including those involving wage and hour and biometric act claims, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Class Members supports approval of the Settlement; and (f) the Litigation has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

6. The Court further finds that, with regard to the Fair Labor Standards Act ("FLSA") claims in the case, the proposed settlement is a fair and reasonable resolution of a *bona fide* dispute. In particular, the Court finds the proposed settlement fair and reasonable in light of the complexity, expense, and likely duration of continued litigation; the stage of the proceedings; the risks of establishing liability and/or damages at trial; the risks of maintaining the Action through the trial; the reasonableness of the settlement fund in light of the best possible recovery; and the reasonableness of the settlement fund in light of all the risks of litigation. IMWL Class Members' settlement checks shall contain a limited endorsement on the back of the check as provided in the Settlement Agreement. An IMWL Class Member's endorsement on the settlement check and/or

the negotiation (i.e., cashing or depositing) of the check by an IMWL Class Member will act as a properly filed Consent to join the FLSA claims in this lawsuit and an agreement to be bound by the Settlement.

7. As identified in the declaration of due diligence by Caroline P. Barazesh, filed on January 17, 2020, the Court finds that no Class Member requested exclusion from the Settlement. Thus, all Class Members are bound by the terms of the Settlement Agreement, are entitled to participate in the monetary portion of the Settlement, and are bound by the terms of the release set forth in Sections IV.3.d-e of the Settlement Agreement. In addition, the Class Representative and Defendants are bound by the terms of the general release of all claims set forth in Section IV.3.b of the Settlement Agreement, and the Opt-in Plaintiffs are bound by the terms of the release set forth in Section IV.3.c of the Settlement Agreement.

8. Pursuant to Section IV.7 of the Settlement Agreement, Defendants are hereby ordered to deposit $895,788.74 into the Qualified Settlement Fund established by the Settlement Administrator by no later than 7 days from entry of this order.

9. By no later than 14 days after entry of this order, Defendants shall deposit the employer's share of applicable payroll taxes, as calculated by the Settlement Administrator, into the Qualified Settlement Fund.

10. By no later than 14 days after entry of this order, Defendants shall pay the cost of the settlement administration directly to the Settlement Administrator, separate and apart from the Gross Settlement Amount.

11. The Court approves the payment to the Class Representative in the amount of $10,000 to resolve his individual retaliation claim under the FLSA, as set forth in Section IV.6.c of the Settlement Agreement.

12. The Court approves the Service Award to the Class Representative in the amount of $5,000 and Service Awards to Opt-in Plaintiffs Guadalupe Carrillo Lopez and Wagner Mendez in the amount of $500, each, as set forth in Section IV.9.d of the Settlement Agreement.

13. The Court approves Class Counsel's request for attorneys' fees in the amount of $313,526.06 and for litigation expenses in the amount of $1,355.81 as set forth in Plaintiff's Memorandum of Law in Support of Request for an Award of Attorneys' Fees and Litigation Expenses (ECF No. 65).

14. The Court retains jurisdiction to interpret, implement, and enforce the terms of the Settlement Agreement.

15. The Court grants final approval of the Settlement and hereby dismisses this case without prejudice, but with leave to reinstate on or before April 7, 2020. If the Action is not reinstated on or before April 7, 2020, the dismissal without prejudice automatically shall convert to a dismissal with prejudice on April 8, 2020.

IT IS SO ORDERED.

ENTER:

Dated: January 24, 2020

*(signature)*
THE HONORABLE REBECCA R. PALLMEYER
United States District Judge