# EXHIBIT 14

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| MARTIN KUSINSKI, JAMES BRYSKI, and FELIPE BERNAL individually and on behalf of all others similarly situated,<br>*Plaintiffs*,<br><br>v.<br><br>ADP, LLC, a Delaware limited liability company,<br>*Defendant*. | JUDGE DAVID B. ATKINS<br><br>FEB 1 0 2021<br><br>Circuit Court-1879<br><br>Case No. 2017-CH-12364<br>(consolidated with 2018-CH-07139 and 2019-CH-01612)<br>Calendar 16<br>Hon. David B. Atkins |

## FINAL APPROVAL ORDER AND JUDGMENT

This matter coming to be heard on Plaintiffs Martin Kusinski, James Bryski, and Felipe Bernal's Motion for Final Approval of Class Action Settlement (the "Motion") and Plaintiffs' Motion and Memorandum of Law for Attorneys' Fees, Expenses, and Incentive Awards, due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:

1. Unless otherwise noted, all capitalized terms in this Final Approval Order and Judgment (the "Final Approval Order") shall have the same meaning as ascribed to them in the Stipulation of Class Action Settlement ("Settlement Agreement") between Plaintiffs Martin Kusinski, James Bryski, and Felipe Bernal ("Plaintiffs"), for themselves individually and on behalf of the Settlement Class, and Defendant ADP, LLC ("Defendant" or "ADP"). Plaintiffs and Defendant are each referred to as a "Party" and are collectively referred to herein as the "Parties."

2. This Court has jurisdiction over the subject matter of the Action and personal jurisdiction over all parties to the Action, including all Settlement Class Members.

3. The Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated November 6, 2020. At that time, the Court preliminary certified a class of the following individuals:

> All individuals who scanned their finger or hand on an ADP-branded finger- or hand-scan timeclock in the state of Illinois between June 5, 2013 and November 6, 2020.

> Excluded from the Settlement Class are: (1) any Judge or Magistrate presiding over this Action and members of their families, (2) the defendant, defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which

1

the defendant or its parents have a controlling interest, (3) persons who properly execute and file a timely request for exclusion from the Settlement Class, and (4) the legal representatives, successors or assigns of any such excluded persons.

Pursuant to 735 ILCS 5/2-801 and 2-802, the Court finally certifies, for settlement purposes only, the Settlement Class.

4. The Court has read and considered the papers filed in support of this Motion for entry of the Final Approval Order, including the Settlement Agreement and Exhibits thereto and supporting declarations.

5. The Court held a Final Approval Hearing on February 10, 2021, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement.

6. Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the Final Approval Hearing, the Court now gives final approval of the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, was entered into in good faith, and is in the best interests of the Settlement Class in light of the complexity, expense, and duration of the litigation and the risks involved in establishing liability and damages in maintaining the class action through trial and appeal. The complex legal and factual posture of the Action, and the fact that the Settlement Agreement is the result of arms-length negotiations between experienced attorneys familiar with the legal and factual issues of this case, presided over by a neutral mediator, further support this finding.

7. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Released Claims against the Released Parties. The Court finds that the consideration to be paid to Settlement Class Members is reasonable, considering the facts and circumstances of the claims and affirmative defenses available in the Action and the potential risks and likelihood of success of alternatively pursuing litigation on the merits.

8. The persons who are listed on Exhibit 1 to this Order have made timely and valid requests for exclusion and are excluded from the Settlement Class and are not bound by this Final Approval Order.

9. For settlement purposes only, the Court confirms the appointment of Plaintiffs Martin Kusinski, James Bryski, and Felipe Bernal as Class Representatives of the Settlement Class.

10. For settlement purposes only, the Court confirms the appointment of the following counsel as Class Counsel, and finds they are experienced in class litigation and have adequately represented the Settlement Class:

> Jay Edelson
> J. Eli Wade-Scott
> EDELSON PC

350 North LaSalle Street, 14th Fl.
Chicago, Illinois 60654
Tel: 312-589-6370
jedelson@edelson.com

James B. Zouras
Ryan Stephan
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
Tel: 312-233-1550
jzouras@stephanzouas.com

Myles McGuire
Evan Meyers
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, Illinois 60601
Tel: 312-893-7002
mmcguire@mcgpc.com

11. With respect to the Settlement Class, this Court finds, for settlement purposes only, that: (a) the Settlement Class defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class, and those common questions predominate over any questions affecting only individual members; (c) the Class Representatives and Class Counsel have fairly and adequately protected, and will continue to fairly and adequately protect, the interests of the Settlement Class; and (d) certification of the Settlement Class is an appropriate method for the fair and efficient adjudication of this Action.

12. The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances; was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and their rights to object to or exclude themselves from the Settlement Class and to appear at the Final Approval Hearing; was reasonable, and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and fully satisfied the requirements of 735 ILCS 5/2-803, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.

13. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Parties and Settlement Class Members are bound by the terms and conditions of the Settlement Agreement.

14. The Court dismisses the Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

15. In this Order:

a. "Released Claims" means any and all actual, potential, filed, unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the Illinois Biometric Information Privacy Act or other federal, state, local, statutory or common law or any other law, against the Released Parties, or any of them, arising out of or relating to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the collection, capture, storage, use, profit from, possession, disclosure, and/or dissemination of biometric data, including all claims that were brought or could have been brought in the Action, belonging to any and all Releasing Parties.

b. "Released Parties" means ADP and its past, present and future, direct and indirect heirs, assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, divisions, officers, directors, shareholders, agents, employees, attorneys, insurers, reinsurers, benefit plans, predecessors, successors, managers, administrators, executors and trustees.

Released Parties shall not include any entity that manufactured, sold, or otherwise provided ADP with any finger-scan or hand-scan technology, or any portion thereof (whether software or hardware), even if such an entity would fall within this definition. This exclusion includes, but is not limited to, Kronos Incorporated.

Released Parties shall not include ADP's clients, even if such client would fall within this definition. This exclusion includes, but is not limited to, all Illinois employers or other entities to whom ADP leased, sold, or otherwise provided finger-scan or hand-scan timeclocks, and any service involving finger or hand data related to such timeclocks.

Notwithstanding the foregoing exclusions, ADP and its parents, subsidiaries, affiliates, and business units, and their respective officers, directors, and employees are Released Parties.

c. "Releasing Parties" means Plaintiffs and other Settlement Class Members and their respective past, present and future heirs, children, spouses, beneficiaries, conservators, executors, estates, administrators, assigns, agents, consultants, independent contractors, insurers, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these persons and entities.

16. Upon the Effective Date, the Releasing Parties shall be deemed to have released, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished and completely discharged any and all Released Claims against the Released Parties, or any of them.

17. The Court further adjudges that, upon entry of this Order, the Settlement Agreement and the above-described release of the Released Claims will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members who did not validly and timely exclude themselves from the Settlement, and their respective predecessors, successors, affiliates, spouses, heirs, executors, administrators, agents and assigns of each of the foregoing, as set forth in the Settlement Agreement. The Released Parties may file the Settlement Agreement and/or this Final Approval Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. Plaintiffs and Settlement Class Members who did not validly and timely request exclusion from the Settlement are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against any of the Released Parties.

19. The Court approves payment of attorneys' fees, costs and expenses to Class Counsel in the amount of $8,750,000.00. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs and expenses and in response to any timely filed objections thereto, finds the award of attorneys' fees, costs and expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Settlement Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel. Third, the Court concludes that the Settlement was negotiated in good faith at arms-length without collusion, and that the negotiation of the attorneys' fees only followed agreement on the settlement benefits for the Settlement Class Members. Finally, the Court notes that the Notice specifically and clearly advised the Settlement Class that Class Counsel would seek an award up to the amount sought.

20. The Court approves incentive awards in the amount of $7,500.00 (Seven Thousand Five Hundred Dollars) for each of the Class Representatives, and specifically finds such amounts to be reasonable in light of the services performed by Plaintiffs for the Settlement Class, including taking on the risks of litigation and helping achieve the results to be made available to the Settlement Class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

21. Consistent with the preliminary approval order, an administrative summary reflecting, among other things, the total number of class members, the number of class members to whom checks were mailed and the amount thereof, and the number and amount of uncashed checks (after 90 days) shall be provided to the Court by July 19, 2021. The Court shall make a *cy pres* determination at a hearing on July 26, 2021 at 10:30 AM.

22. Neither this Final Approval Order, nor the Settlement Agreement, nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission

5

or concession by or against Defendant or any of the other Released Parties of any fault, omission, liability, or wrongdoing, or of the validity of any of the Released Claims as set forth in the Settlement Agreement. This Final Approval Order is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by Defendant or any of the other Released Parties. The Final Approval Order approving the Settlement does not constitute any position, opinion, or determination of this Court, one way or another, as to the merits of the claims or defenses of Plaintiffs, the Settlement Class Members, or Defendant.

23. There have been no objections to the Settlement. The Court finds that no reason exists for delay in entering this Final Approval Order. Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order.

24. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all Exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Approval Order and do not limit the rights of the Settlement Class Members.

25. Without affecting the finality of this Final Approval Order for purposes of appeal, the Court retains jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Approval Order, and for any other necessary purpose.

26. For clarity, the deadlines set forth above are:

Administrative Summary: **July 19, 2021**

Cy pres award determination: **July 26, 2021** at **10:30 a.m.** (the parties should check with the Court for information regarding whether the Court has resumed in-person appearances or is still operating remotely).

JUDGE DAVID B. ATKINS

ENTERED: FEB 1 0 2021

Circuit Court-1879

_____
Judge David B. Atkins

6

# EXHIBIT 1

Michael Nolan
Randolph Middleton
Richard Lanham
Dayshawn Williams
Lauren Knight
Michael Sikora
Derek Sosa
Danielle Oakes
Russell Wolf
Marisol Leon-Valleciollo
Iris Rosales
Christina Menig
Curtis Harms
Sarah Schmieder
Parris Riley James
Smutz James Andrews Jr
Theodore Swanson