UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3
Eastern Division

TikTok, Inc., Consumer Privacy Litigation, et al.
                                       Plaintiff,

v.                                                  Case No.: 1:20−cv−04699
                                                                 Honorable John Z. Lee

TikTok Inc., et al.
                                       Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, August 22, 2022:

      MINUTE entry before the Honorable John Z. Lee:Litteken's counsel's motion to vacate the preliminary injunction contained in the Court's scheduling order [165][166] is denied. In order to challenge the injunction, Edelson must be a class member, who is aggrieved by the injunction. See Douglas v. W. Union Co., 955 F.3d 662, 665 (7th Cir. 2020). Edelson cannot establish either prerequisite. First, Edelson has not shown that it is a member of the Nationwide Class or the Illinois Subclass. Edelson alleges that "it has used the TikTok App to share videos as part of its social media outreach," Mot. Vacate Prelim. Inj. at 2, ECF No. 166, but it has not provided any evidence for this claim, such as a username, video links, or dates of its alleged use, or even an affidavit stating that it has used the App. See Mullins v. Direct Digit., LLC, 795 F.3d 654, 66869 (7th Cir. 2015) (plaintiff has the burden of establishing class membership, which can be met by affidavit); Boundas v. Abercrombie & Fitch Stores, Inc., 280 F.R.D. 408, 41718 (N.D. Ill. 2012) (requiring either documentary evidence or an affidavit to establish class membership). Second, the injunction does not bar Edelson's participation in the arbitration at issue. By its plain terms, the injunction only prevents Class Members from involvement in litigation "relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims." Order Granting Prelim. Approval 21, ECF No. 162 (emphasis added). This language is naturally read to bar only claims that concern alleged data privacy violations stemming from use of the App. See In re Nat'l Football League Players' Concussion Inj. Litig., 301 F.R.D. 191, 204 (E.D. Pa. 2014) (stating that the purpose of an anti−suit injunction in MDL settlement proceedings is to prevent "parallel litigation in other fora" that "presents a genuine threat to the jurisdiction of the federal court" and may endanger the settlement (emphasis added) (quoting In re Diet Drugs, 282 F.3d 220, 235 (3d Cir. 2002))). From the parties' description of the arbitration proceedings that prompted Edelson to file this motion, it is clear that the arbitration dispute presents no "genuine threat" to the Court's jurisdiction over this case. Id. Furthermore, in light of the Court's previous order [233], Movant Christina Travis&#039;s motion for leave to file under seal [222] is granted.(ca, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.