IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION | MDL No. 2948 <br><br> Master Docket No. 20 C 4699 <br><br> Judge John Z. Lee <br><br> Magistrate Judge Sunil R. Harjani |
| This Document Relates to All Cases | |

## ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, this matter came before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement, ECF No. 195, and Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Class Representative Service Awards, ECF No. 197.

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Settlement Agreement, ECF No. 122-1.

WHEREAS, after carefully considering the motions, all supporting papers, the arguments of counsel, and all objections, the Court issued a Memorandum Opinion and Order granting final approval of the Settlement Agreement and Plaintiffs' fee petition on July 28, 2022 ("Final Approval Order"), ECF No. 261.

Now, in consideration of the entire record herein, IT IS HEREBY ORDERED THAT:

1. <u>Jurisdiction</u>. This Court has subject matter jurisdiction over this action and personal jurisdiction over the Parties in this action.

2. <u>Class Certification</u>. The Nationwide Class and Illinois Subclass, as defined in the Court's Preliminary Approval Order, ECF No. 161, and the Final Approval Order, are certified for settlement purposes only pursuant to Federal Rule of Civil Procedure 23, and are defined as follows:

**NATIONWIDE CLASS**

All persons who reside in the United States who used the App—the TikTok video sharing application (or its Musical.ly predecessor) distributed in the United States—prior to September 30, 2021.

**ILLINOIS SUBCLASS**

All persons who reside in the State of Illinois and used the App—the TikTok video-sharing application (or its Musical.ly predecessor) distributed in the U.S.—in the State of Illinois to create videos prior to September 30, 2021.[1]

Certification of the Settlement Class is appropriate pursuant to Federal Rule of Civil Procedure 23 for the reasons set forth in the Preliminary Approval Order and the Final Approval Order. Specifically, the Court concludes that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact or law common to the Settlement Class; Plaintiffs' claims are typical of the claims of the Settlement Class Members that Plaintiffs

---

[1] Excluded from the Settlement Class are: (i) TikTok, its parent, subsidiaries, successors, affiliates, officers, and directors; (ii) the judge(s) to whom the Civil Actions are assigned and any member of the judge's or judges' immediate family; (iii) persons who have settled with and released TikTok from individual claims substantially similar to those alleged in the Civil Actions; (iv) persons who submit a valid and timely Request for Exclusion; and (v) all Class Counsel and counsel of record in the Civil Actions.

seek to represent; Plaintiffs are capable of fairly and adequately protecting the interests of all members of the Settlement Class; and common questions of law and fact predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation, and certification of the Settlement Class appears to be superior to other available means for the fair and efficient settlement of the claims of the Settlement Class.

3. <u>Class Representatives</u>. The Court confirms the appointment of the following individuals as Class Representatives: Katherine Czajka; Misty Hong; Aparna Iyer; Brandy Johnson; Morgan Kukovec; Karina Quinteiro; and Meghan Smith; and minors A.S. *ex rel.* Laurel Slothower; A.S. *ex rel.* A.S.; A.R.; G.R.; C.W.; I.W.; P.S.; M.T.W.; N.T.; L.T.; S.P.; J.P.; K.P.; G.P.; L.M.; A.J.; E.R.; R.S.; J.S.; S.A.; L.B.; L.P.; M.P.; A.O.; H.S.; K.M.; C.H.; and D.M.

4. <u>Plaintiffs' Counsel.</u> The Court confirms the appointment of the following attorneys to represent the Settlement Class in the following roles: Katrina Carroll, Ekwan Rhow, and Elizabeth Fegan as Co-Lead Counsel; Shannon Marie McNulty as Liaison Counsel; and Jonathan Jagher, Megan E. Jones, Michael Gervais, Amanda K. Klevorn, and Albert Y. Chang as the remaining members of the Plaintiffs' Executive Committee.

5. <u>Notice</u>. The Class Notice was disseminated in accordance with the procedures required by the Court's Order Granting Preliminary Approval, ECF No. 162, as set forth in the Declaration and Supplemental Declaration of Steven Platt of Angeion Group LLC Re: Settlement Administration, ECF Nos. 196, 241,

3

in accordance with applicable law, satisfied the requirements of Rule 23(e) and due process, and constituted the best notice practicable for the reasons discussed in the Preliminary Approval Order and Final Approval Order.

6. <u>Fairness Hearing</u>. The Court held a Fairness Hearing on May 18, 2022 to consider the fairness, reasonableness, and adequacy of the proposed Settlement, and adequate notice of the proceedings was given to Settlement Class Members, with a full opportunity to participate in the Fairness Hearing.

7. <u>Objections</u>. The Court has carefully considered and overruled any objections to the Settlement as reflected in its Final Approval Order.

8. <u>Fairness of the Settlement</u>. The Court concludes that the Settlement is a fair, reasonable, and adequate compromise of the claims asserted in this action for the reasons set forth in the Final Approval Order. Specifically, the Court has considered each of the factors in Rule 23(e)(2) and each of the factors set forth in *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014). The factors the Court has considered include: "(1) the strength of the case for plaintiffs on the merits, balanced against the extent of [the] settlement offer; (2) the complexity, length, and expense of further litigation; (3) the amount of opposition to the settlement; (4) the reaction of members of the class to the settlement; (5) the opinion of competent counsel; and (6) [the] stage of the proceedings and the amount of discovery completed." *Id*. The Court has found that these factors supported final approval. The Court has also carefully considered Plaintiffs' request for 33.33% of the gross Settlement Fund in attorneys' fees to Class Counsel plus actual costs; and $2,500 for each Class Representative as service

awards in connection with this Action.

9. <u>Plaintiffs' Attorneys' Fees</u>. The Court concludes that attorneys' fees and costs should be awarded from the net settlement fund of $87,843,787.95 as calculated in the Final Approval Order. The Court concludes that one-third of the net settlement fund, which amounts to $29,279,203.44, is reasonable under Rule 23 for the award of attorneys' fees based on, *inter alia,* the amount of work performed in this case and the risk involved. Further, the lodestar cross-check, as set forth in the Final Approval Order, confirms the reasonableness of the award. The Court orders the allocation of the fee award as set forth in the Final Approval Order.

10. <u>Litigation Expenses</u>. The Court finds that Class Counsel's request for reimbursement of $789,944.00 in litigation expenses is reasonable under Rule 23 and in line with private market standards, and orders reimbursement of the same as set forth in the Final Approval Order.

11. <u>Objectors' Fees</u>. The Court further awards objector Mark S's counsel, Loevy & Loevy ("Loevy"), $100,000 in attorney's fees, which is reasonable based on Loevy's timesheets, because it approximates the percentage of Loevy's time that was devoted to improving the notice program for the benefit of the Class.

12. <u>Service Awards</u>. Finally, the Court approves the request for service awards of $2,500 for the Class Representatives, $1,500 to objector Mark S., and $1,000 to objector Litteken, as reasonable under Rule 23, and awards payment as set forth in the Final Approval Order.

13. <u>Effect of Vacatur on Class Certification</u>. If the Final Approval Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Order certifying a Settlement Class shall be vacated *nunc pro tunc*.

14. <u>Binding of Parties</u>. All Parties are bound by the Final Approval Order, this Order and Final Judgment, and the Settlement Agreement.

15. <u>Monetary Relief</u>. The Court orders the Parties to distribute the proceeds of the Settlement Fund to Class Members who filed valid claims according to the process set forth in the Plan of Allocation, ECF No. 122-3.

16. <u>Affirmative Obligations</u>. Pursuant to the Settlement Agreement, §§ 6.1–6.4, the parties have agreed that Defendants shall refrain from the following, unless disclosed in the TikTok Privacy Policy:

   a. Using the TikTok App ("App") to collect or store a user's biometric information or identifiers (as defined by applicable law);

   b. Using the App to collect geolocation or GPS data;

   c. Using the App to collect information in user's clipboards;

   d. Using the App to transmit United States user data outside of the United States;

   e. Storing United States user data in databases outside of the United States; or

   f. Pre-uploading United States user-generated content.

Additionally, Defendants are required to:

    g. Delete all pre-uploaded user-generated content collected from users who did not "save" or "post" the content;

    h. Require newly designed training on compliance with data privacy laws and company procedures for all relevant incoming employees and contractors, and annual training thereafter; and

    i. Provide a written verification under oath of compliance with the foregoing within ninety (90) days of the Effective Date of the Settlement Agreement.

17. <u>Binding of Class Members</u>. All Class Members, except those who timely opted out and as otherwise set forth in the Final Approval Order, are bound by the Final Approval Order and this Order and Final Judgment.

18. <u>Motion to Accept Opt-Outs</u>. With respect to the 851 requests for exclusion in Exhibit B and Exhibit E to the motion to accept opt-outs, ECF No. 207, that were previously deemed invalid by the Settlement Administrator Angeion as "mass" opt-outs, the Court orders Angeion to accept these 851 opt-out requests, subject to a determination that they meet the remaining opt-out criteria enumerated on page 42 of the Final Approval Order.

19. <u>Amendments to Settlement Agreement</u>. The Parties are authorized, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement as (i) shall be consistent in all material respects with the Final Order and Judgment and (ii) do not limit the rights of the Parties or Class Members.

20. <u>Dismissal of Actions</u>. The Court dismisses, on the merits and with

prejudice, the above-captioned action, all member cases related to and/or consolidated with this action, and all claims currently pending before it belonging to Class Members who did not request exclusion from the Class in the time and manner provided for in the Class Notice ("Settlement Class Members").

21. <u>Release of Plaintiffs' Claims</u>. As of the Effective Date of the Settlement Agreement, Plaintiffs' Releasing Parties (as defined in the Settlement Agreement) irrevocably release, waive, and forever discharge and hold harmless Defendants' Released Parties of and from any and all Released Claims (as defined in the Settlement Agreement), which they have or may hereafter have.

22. <u>Release of Defendants' Claims</u>. As of the Effective Date of the Settlement Agreement, Defendants' Releasing Parties (as defined in the Settlement Agreement) irrevocably release, waive, and forever discharge and hold harmless Plaintiffs' Released Parties of and from any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands of any kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they have or may claim now or in the future to have, relating to the institution, prosecution, or settlement of the Civil Action, except for claims relating to the enforcement of the Settlement or this Agreement, and for the submission of false or fraudulent claims for Settlement benefits.

23. <u>Exclusive Remedy</u>. Upon issuance of the Final Approval Order and

8

this Order and Final Judgment: (i) the Settlement shall be the exclusive remedy for Settlement Class Members; (ii) Defendants' Released Parties shall not be subject to liability or expense of any kind to any of Plaintiffs' Releasing Parties for reasons related to the Civil Actions except as set forth herein; and (iii) Plaintiffs' Releasing Parties shall be permanently barred from initiating, asserting, or prosecuting any and all released claims against Defendants' Released Parties.

24. <u>No Further Litigation</u>. All members of the Class who did not make a valid request for exclusion in the time and manner provided in the Class Notice, or as otherwise set forth in the Final Approval Order, are barred from commencing or prosecuting any action, suit, proceeding, claim or cause of action in any jurisdiction or court against Defendants' Released Parties based upon, relating to, or arising out of, any of the Released Claims.

25. <u>Use of Settlement Agreement</u>. Neither the Settlement Agreement, nor any acts performed in furtherance of the Settlement Agreement, nor any documents executed in furtherance of the Settlement Agreement may be deemed or used as evidence of an admission or other statement supporting: (a) the validity of any claim made by Plaintiffs, Class Members, or Class Counsel (including the appropriateness of class certification); (b) any wrongdoing or liability of the releasees; or (c) any fault or omission of the releasees in any court, administrative agency, or other proceeding. Further, neither the Settlement Agreement (nor any Addendum thereto) shall be offered or be admissible in evidence against Defendants' Released Parties or cited or referred to in any action or proceeding,

9

except in an action or proceeding that is in furtherance of its terms or brought to enforce its terms.

28. <u>Effect of Vacatur</u>. If this Order and Final Judgment, other than those portions relating in any way to the award of attorneys' fees, costs, expenses, or incentive awards, is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Order and Final Judgment shall be deemed vacated and shall have no force or effect whatsoever.

27. <u>Continuing Jurisdiction</u>. Without affecting the finality of the Final Approval Order or this Order and Final Judgment in any way, the Court reserves continuing jurisdiction over matters relating to the Settlement, including, without limitation, the administration, interpretation, effectuation and/or enforcement of the Settlement, the Settlement Agreement, and this Final Order and Judgment.

28. <u>Corrections</u>. Pursuant to Federal Rule of Civil Procedure 60(a), the Court hereby corrects the names and parent companies of the defendants in the Civil Actions as displayed on the Court's docket and in the Final Approval Order to reflect the correct and current legal names of those entities as follows: (i) the correct name of the entity named in the Civil Actions as "TikTok, Inc." is "TikTok Inc."; (ii) the correct name of the entity named in the Civil Actions as "Musical.ly" or "TikTok, Ltd." is "TikTok Ltd."; (iii) the correct name of the entity named in the Civil Actions as "Beijing ByteDance Technology Co., Ltd." or "Beijing ByteDance Technology Co. Ltd." is "Beijing Douyin Information Service Co. Ltd."; (iv) the correct name of the entity named in the Civil Actions as "ByteDance, Inc."

`Case: 1:20-cv-04699 Document #: 264 Filed: 08/22/22 Page 11 of 11 PageID #:13160`

is "ByteDance Inc."; and (v) the correct name of the foreign parent company of TikTok Ltd. that is not a named defendant in the Civil Actions but that is named as "ByteDance, Inc." on page 1, line 8 of the July 28, 2022 Final Approval Order is "ByteDance Ltd.," a Cayman Islands company.

**IT IS SO ORDERED.**          **ENTERED: 8/22/22**

_____
**John Z. Lee**
**United States District Judge**