FILED: 04/10/2023
Judge Rebecca R. Pallmeyer
Magistrate Judge Sunil R. Harjani
Lead case Number: 1:20-cv-04699
AEE



FILED
4/10/2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION**                    MDL No. 2948

## TRANSFER ORDER

**Before the Panel**:  Plaintiffs in five actions listed on Schedule A move under Panel Rule 7.1 to vacate the orders conditionally transferring the actions to the Northern District of Illinois for inclusion in MDL No. 2948.  Defendant TikTok Inc., on behalf of itself and its affiliates[1] (collectively, TikTok), opposes the motions.

The actions initially centralized in MDL No. 2948 involved allegations that TikTok, through its popular social networking app, engaged in "the scanning, capture, retention, and dissemination of the facial geometry and other biometric information of users of the app."  *In re TikTok, Inc., Consumer Privacy Litig.*, 481 F. Supp. 3d 1331, 1331 (J.P.M.L. 2020).  The litigation was assigned to Judge John Z. Lee in the Northern District of Illinois.  The MDL appears to have expanded in scope after centralization to include claims that the TikTok app captured certain additional types of data.[2]  On July 28, 2022, the court approved a class settlement that resolved the then-pending actions.  The actions now before the Panel were filed in the Fall of 2022 and involve allegations that the web browser within the TikTok app (the "in-app browser") tracks users' activities on third-party websites and captures all data entered on such websites through JavaScript code inserted by the browser.  Plaintiffs assert claims under the Federal Wiretap Act or state anti-wiretapping statutes, as well as claims for violation of state data privacy and consumer protection laws and common-law claims for invasion of privacy or unjust enrichment.

---

[1]  Bytedance Inc., Beijing Douyin Information Service Co. Ltd. a/k/a ByteDance Technology Co. Ltd; and Douyin Ltd. a/k/a ByteDance Ltd. also are named in one or more of the five actions.

[2]  *See, e.g.,* Consol. Am. Class Action Compl. in *In re TikTok, Inc., Consumer Privacy Litig.*, No. 1:20-cv-4699, ECF doc. 114, ¶ 156 (N.D. Ill. Dec. 18, 2020) (alleging that TikTok used automated software and other technologies to harvest users' private, non-public, and confidential data and information, including usernames, passwords, ages, birthdates, e-mail addresses, profile images, messages sent through the app, phone and social network contacts, and "browsing histor[ies]").

In opposing transfer to MDL No. 2948, plaintiffs argue that their actions involve questions of fact and legal claims distinct from those involved in the MDL. Quoting the language of the order centralizing MDL No. 2948, plaintiffs contend that the MDL included only claims relating to biometric data collected through the video-sharing functions of the app and did not encompass the claims asserted in the in-app browser actions. They further argue that their claims relate to conduct by TikTok that was not disclosed until after the class settlement in MDL No. 2948 had been approved and that the in-app browser claims consequently could not have been raised, or resolved, in the MDL. Plaintiffs maintain that their in-app browser actions should not be included in MDL No. 2948, but instead should be centralized separately, along with similar in-app browser actions, as a new MDL.[3] In response, TikTok points to language in the MDL No. 2948 consolidated class complaint, the settlement agreement, and the orders approving the MDL settlement,[4] and argues that the MDL, and the settlement approved therein, included claims relating to *all* data that TikTok allegedly collected through the app without users' consent.

The question of whether the in-app browser actions were resolved by the MDL class settlement goes to the merits of the actions and is not before us. *See, e.g., In re Uber Technologies Inc., Data Sec. Breach Litig.*, 304 F. Supp. 3d 1351, 1353-54 (J.P.M.L. 2018) ("[A]n assessment of the merits of the actions is beyond the Panel's authority"). Instead, determining whether the in-app browser actions fall within the scope of the MDL settlement is a task properly left to the transferee court. We repeatedly have held that "[a]ctions involving matters relating to a settlement reached in an MDL are appropriate for transfer to that MDL under 28 U.S.C. § 1407." Transfer Order in *Morrison v. Blasingame Burch Garrard & Ashley, P.C.*, C.A. No. 1:17-00165 (E.D. Tenn.), MDL No. 2187, ECF doc. 2315 (J.P.M.L. Oct. 4, 2017) (denying motion to vacate CTO).[5] Transferee courts, too, have expressed a strong interest in

---

[3] Plaintiff in one of the five actions separately moved to centralize the in-app browser actions in the Central District of California. In an order issued concurrently with this order, we deny that motion. *See* Order Denying Transfer in *In re TikTok In-App Browser Consumer Privacy Litig.*, MDL No. 3067 (J.P.M.L. Apr. 7, 2023).

[4] For example, the settlement agreement in the MDL provides that the "Released Claims" include "any and all claims . . . whether known or unknown . . . arising from or related to . . . the collection and use of any user data . . . on any grounds whatsoever . . . that were or could have been, or could be asserted by the Releasing Parties." *See* Settlement Agt. in *In re TikTok*, *supra*, ECF doc. 122-1, ¶ 2.30 (N.D. Ill. Feb. 25, 2021).

[5] *See also* Transfer Order in *Hernandez v. Nat'l Football League, et al.*, C.A. No. 1:17-12244 (D. Mass.), MDL No. 2323, ECF doc. 704 (J.P.M.L. Feb. 1, 2018) (denying motion to vacate CTO; whether plaintiff was a member of the settlement class in the MDL "will require interpretation of the MDL . . . settlement agreement—a task most appropriate for the transferee court, which approved the settlement"); Transfer Order in *Murphy v. Biomet, Inc., et al.*, C.A. No. 1:15-492 (N.D. Ohio), MDL No. 2391, ECF doc. 917 (J.P.M.L. June 8, 2015) (denying motion to vacate CTO; noting that "disputes about the settlement agreement" in an MDL are properly transferred to the MDL court).

- 3 -

presiding over questions arising under settlements reached in their MDLs, to ensure that the settlements are interpreted in a consistent manner and properly enforced. *See, e.g., In re Vioxx Prods. Liab. Litig.*, MDL No. 1657, 2011 WL 5900797, at *3 (E.D. La. Nov. 23, 2011) (declining to remand an action where "[t]he allegations in the Complaint implicate [the transferee] Court's supervision of the Master Settlement Agreement"). Indeed, the transferee court in MDL No. 2948 expressly retained jurisdiction over the interpretation and enforcement of the class settlement in its order and final judgment.

Plaintiffs argue that including the in-app browser actions in MDL No. 2948 would be inefficient because the MDL has largely concluded and Judge Lee, who certified the settlement class and approved the settlement in MDL No. 2948, no longer presides over the MDL.[6] They contend that Judge Rebecca R. Pallmeyer, to whom the MDL now is assigned, is no better situated than any other court to manage these claims. We are not persuaded by these arguments. The reassignment of the MDL to Judge Pallmeyer does not change the fact that the transferee court retained jurisdiction to interpret and enforce the settlement. Judge Pallmeyer has familiarized herself with the proceedings in MDL No. 2948, as well as with the factual allegations and legal claims in the in-app browser actions and the parties' positions regarding the actions' relationship to the MDL litigation. Moreover, discovery taken in the MDL may prove to be relevant to plaintiffs' claims and TikTok's defenses. For example, in its order granting preliminary approval of the MDL No. 2948 settlement, the transferee court noted that plaintiffs had taken and evaluated substantial discovery, including "the results of a weeks'-long, on-site inspection of TikTok's source code conducted by a world-renowned expert."[7]

Consequently, after considering the argument of counsel, we find that these actions share common questions of fact with the actions previously transferred to MDL No. 2948, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The initial question in the in-app browser actions will be whether the claims asserted in those actions were released pursuant to the MDL No. 2948 settlement. Should Judge Pallmeyer decide that some or all of the claims survive, the in-app browser actions may proceed before her as part of MDL No. 2948.

---

[6] Judge Lee was confirmed to the U.S. Court of Appeals for the Seventh Circuit in September 2022.

[7] *See In re TikTok, Inc., Consumer Privacy Litig.*, 565 F. Supp. 3d 1076, 1080 (N.D. Ill. Sept. 30, 2021).

- 4 -

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Rebecca R. Pallmeyer for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____

Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

**IN RE: TIKTOK, INC., CONSUMER PRIVACY
LITIGATION**                                              MDL No. 2948

## SCHEDULE A

### Central District of California

1:23-cv-02248     RECHT, ET AL. v. TIKTOK, INC., ET AL., C.A. No. 2:22-08613

1:23-cv-02250     ARROYO v. TIKTOK, INC., ET AL., C.A. No. 2:22-09300

### District of New Jersey

1:23-cv-02260     FLEMING v. TIKTOK, INC., ET AL., C.A. No. 2:22-07370

### Southern District of New York

1:23-cv-02262     E.K. v. TIKTOK, INC., ET AL., C.A. No. 7:22-10574

### Eastern District of Pennsylvania

1:23-cv-02264     KOWALSKI v. TIKTOK, INC., ET AL., C.A. No. 2:22-04947