BARRACK, RODOS & BACINE
STEPHEN R. BASSER (121590)
SAMUEL M. WARD (216562)
600 West Broadway, Suite 900
San Diego, CA  92101
Telephone:  (619) 230-0800
Facsimile:   (619) 230-1874

*Attorneys for Plaintiff Michael Moody*
*Additional Counsel on Signature Page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK INC. CONSUMER PRIVACY LITIGATION | MDL No. 2948 <br> Master Docket No. 20 C 4699 |
| This Document Relates to: <br><br> Moody v. TikTok, Inc.    23 c 2465 | **Plaintiff Michael Moody's Brief in Response to the Court's Order of July 12, 2023** |

## I.     Introduction

On February 13, 2023, plaintiff Michael Moody ("Moody") filed the above-captioned action in the United States District Court for the Central District of California (the "*Moody* Action").[1] As alleged in the complaint filed in the *Moody* Action, through the use of an in-app website browser embedded in the TikTok App, Defendants were intercepting valuable data and personal information without the consent of plaintiff and others similarly situated. This in-app browser is designed to bypass the default internet browser installed on a cellular phone, computer, or other internet device, instead routing all web traffic accessed via the TikTok app through the in-app browser. On February 27, 2023, Michael Moody filed an amended complaint on behalf of the following Nationwide class and Illinois class:

> Nationwide Class:
>
> All individuals who **created TikTok accounts after September 30, 2021 and who utilized the TikTok App to access external websites** via the In-App Browser and, as a result, had their User Data expropriated by Defendants without their knowledge or consent.
>
> Illinois Class
>
> All Citizens of Illinois who **created TikTok accounts after September 30, 2021 and who utilized the TikTok App to access external websites** via the In-App Browser and, as a result, had their User Data expropriated by Defendants without their knowledge or consent.

*Moody* Action, Case No. 1:23cv2465, Dkt. No. 17 at ¶¶ 39-40 (emphasis added).

On July 12, 2023, this Court ordered the parties to submit briefs on the question of whether the "in-app browser" claims should be dismissed on the basis of the Settlement Agreement entered into in a prior class action entitled, *In re TikTok, Inc., Consumer Privacy Litigation*, Case No. 1:20-cv-04699 (the "2020 Action"). As set forth in detail below, the Settlement Agreement entered in

---

[1]     On April 19, 2023, the *Moody* Action was transferred to this court pursuant to a Conditional Transfer Order issued by the United States Judicial Panel on Multidistrict Litigation and assigned case no. 1:23cv2465, relating to MDL 2948. *Moody* Action, Case No. 1:23cv2465, Dkt. No. 22.

the 2020 Action defines its Settlement Class as excluding users who created accounts **after** September 30, 2021. As a result, the Settlement Class in the 2020 Action does not, did not, and was not intended to include the current and different Nationwide Class and Illinois Class pleaded in the *Moody* Action, filed in 2023. For that reason, the claims pleaded in the *Moody* Action are not barred or released by virtue of the Settlement Agreement, no consideration for any such release was paid or given to the *Moody* Action Nationwide Class or Illinois Class, as defined, and their claims should not be dismissed on the basis of the Settlement Agreement or judgement finally approving the settlement of the 2020 Action.

## II.     The 2020 Action Covered a Settlement Class Distinct from the *Moody* Action

In 2020, actions were filed in several jurisdictions against, *inter alia*, TikTok, Inc., ByteDance, Inc., and Musical.ly, Inc., alleging that the TikTok app, then one of the most popular apps for either the Android or iOS operating systems, was capturing sundry forms of user data and user interactions with the app including:

> . . . unique identifying information, biometric data and information, images, video and digital recordings, audio recordings, clipboard data, geolocation, names, e-mail addresses, passcodes, social media accounts, messaging services, telephone numbers, and other private, nonpublic, or confidential data . . . .

Dkt. No. 114 at 3.

Following motion practice before the Judicial Panel on Multidistrict Litigation, the various actions relating to the TikTok App were transferred to the Northern District of Illinois and consolidated in the 2020 Action.

On February 25, 2021, the plaintiffs in the 2020 Action filed a Motion for Preliminary Approval of Class Action Settlement. Dkt. No. 122. That motion was supported by a Settlement Agreement and Release (the "Settlement Agreement"), which defined both a Nationwide Class and an Illinois Subclass (collectively the "Settlement Class") that were subject to, bound by, and

the beneficiaries of, the Settlement Agreement.  The 2020 Action's Settlement Class is specifically limited to TikTok users who used the App to "**prior to issuance of the Preliminary Approval Order** [,]" which was issued on October 1, 2021.  Thus, as set forth in detail below, by definition, the Nationwide Class and the Illinois Subclass comprising the Settlement Class in the 2020 Action do not, did not, and were not intended to include the new and different class pleaded in the *Moody* Action.[2]

> Nationwide Class: All persons who reside in the United States who used the App ***prior to issuance of the Preliminary Approval Order***.

> Illinois Subclass: All persons who reside in the State of Illinois and used the App in the State of Illinois to create videos ***prior to issuance of the Preliminary Approval Order***.

Dkt. No. 122-1 at 2.17, 2.19 (emphasis added). The Settlement Agreement further defined "Released Claims" as applying only to the "Releasing Parties." *Id*. at 2.25, 2.30. "Plaintiffs' Releasing Parties" were defined as "Class Representatives and all Class Members . . . ." *Id.* at 2.26. On September 30, 2021, the court in the 2020 Action issued a memorandum granting approval of the motion for preliminary approval. Dkt. No. 161 at 33. Thereafter, on October 1, 2021, the court in the 2020 Action entered an Order Granting Preliminary Approval of Class Action Settlement, effectively cutting off the definition of the class as pertaining to those who had begun using the TikTok App prior to October 1, 2021.[3] Dkt. No. 162.

---

[2]    The Illinois Subclass is further narrowed in that it includes only TikTok users who used the app "***to create videos prior to issuance of the Preliminary Approval Order***." (emphasis added).

[3]    To the extent that Defendants contend that the Prior TikTok Settlement binds Moody and the class Moody seeks to represent, such argument should be weighed under the laws of the State of California, based on the choice of law clause included in the Prior TikTok Settlement Agreement. *See* Dkt. No. 122-1 at 16.2.

### III. The Moody Action Falls Outside the Definition of the Settlement Class Definition in the 2020 Action

On February 13, 2023, plaintiff Moody filed the *Moody* Action in the United States District Court for the Central District of California. The *Moody* Action alleged that, through the use of an in-app website browser embedded in the TikTok App, Defendants were intercepting valuable data and personal information without the consent of plaintiff and the class. This in-app browser is designed to bypass the default internet browser installed on a cellular phone, computer, or other internet device, instead routing all web traffic accessed via the TikTok app through the in-app browser.

On February 27, 2023, Moody filed an amended complaint on behalf of the following class and subclass:

Nationwide Class:

All individuals who created TikTok accounts after September 30, 2021 and who utilized the TikTok App to access external websites via the In-App Browser and, as a result, had their User Data expropriated by Defendants without their knowledge or consent.

Illinois Class

All Citizens of Illinois who created TikTok accounts after September 30, 2021 and who utilized the TikTok App to access external websites via the In-App Browser and, as a result, had their User Data expropriated by Defendants without their knowledge or consent.

*Moody* Action, Case No. 1:23cv2465, Dkt. No. 17 at ¶¶ 39-40. Neither of the above-captioned classes are included in the class definitions that are subject to the Settlement Agreement or comprising the Settlement Class of the 2020 Action. Nor were the claims of the *Moody* Action released by virtue of the Settlement Agreement reached in the 2020 Action.

### IV. The Plaintiff and the Class in the *Moody* Action Are Not Subject to, Beneficiaries of, or Releasors Respecting, the Settlement Agreement in the 2020 Action

Michael Moody's Brief in Response to the Court's Order of July 12, 2023

"The basically contractual nature of consent judgments has led to general agreement that preclusive effects should be measured by the intent of the parties." (18A Wright *et al*., Federal Practice and Procedure (3d ed. 2017) Jurisdiction and Related Matters, § 4443, pp. 254–255. Consistent with that, the California Supreme Court has held that "an agreement giving rise to a judgment should control the preclusive effect of that judgment." *Grande v. Eisenhower Medical Center*, 13 Cal. 5th 313, 321 (Cal. 2022). In *Grande*, the California Supreme Court gave a thoughtful overview of claim preclusion in the context of application of prior settlements.

> We have described claim preclusion as applying "only when 'a second suit involves (1) the same cause of action (2) *between the same parties [or their privies]* (3) after a final judgment on the merits in the first suit.'"

*Grande*, 13 Cal. 5th at 133-134, *quoting Samara v. Matar,* 5 Cal.5th 322, 327 (2018).

The intent of the parties to the settlement in the 2020 Action is established by the plain language of the class definitions adopted by the Settlement Agreement in that action. In the Settlement Agreement, both the Nationwide Class and the Illinois Subclass are specifically limited to TikTok users who used the App "**prior to issuance of the Preliminary Approval Order** [,]" which was issued on October 1, 2021. Thus, by definition, the Nationwide Class and the Illinois Subclass specifically does not include or encompass the class pleaded in the *Moody* Action. Significantly, the Illinois Subclass in the 2020 Action is further narrowed in that it includes only TikTok users who used the app "***to create videos prior to issuance of the Preliminary Approval Order***" (emphasis added). This differentiates the 2020 Action substantially from the *Moody* Action in that the *Moody* Action is unrelated to the video creation features of the TikTok App.

Even if one were to concede that the *Moody* Action involves the same cause of action as the Prior TikTok Settlement, which it does not, that agreement is not between the same party or their privies as the *Moody* Action. In *Grande*, the lower court found, and the California Supreme recognized, that "'the language in the release clause cannot reasonably be construed to extend to

claims Plaintiff may have against [the defendant] in this case." The court further concluded that because the defendant was "not in privity with [the prior defendant], as that term is understood for claim preclusion (*res judicata*) purposes, Plaintiff's claim against [the defendant] in this case is not barred by the Final Judgment" in the first action.'" *Grande v. Eisenhower Medical Center*, 13 Cal. 5th at 320. Similarly, in *Morse v. Marie Callender Pie Shop, Inc.*, Case No. 099-CV-13005— JLS(POR), 2010 U.S. Dist. LEXIS 158673, *25 (S.D. Cal. Mar. 1, 2010)*, the court held that defendant had failed to meet "its burden of establishing privity between Plaintiff in this case and the [prior action's] plaintiffs" where "there are many more dissimilarities, ***including the definition of the class*** of employees, ***the class period, and the class counsel***." (emphasis added). The same is true here, the class in the prior action specifically excludes the class defined in the *Moody* Action, an action that was brought years later by different counsel.

Courts recognize that sound public policy must underlie application claim preclusion or collateral estoppel. The Court should consider "whether [] application [of collateral estoppel] in particular circumstances would be fair to the parties and constitutes sound judicial policy." *Lucido v. Superior Court*, 51 Cal. 3d 335, 343 (Cal. 1990); *see also Morse*, 2010 U.S. Dist. LEXIS 158673, *10-*11 (same). Courts have regularly recognized that where class definitions diverge, claim preclusion or collateral estoppel based on a prior action is inappropriate. For example, in *Prieto v. United States Bank Nat'l Assn.*, Case No. CIV S-09-901 KJM EFB, 2012 U.S. Dist. LEXIS 141891, *17-19 (E.D. Cal. Sept. 300, 2012), the court rejected an attempt to extend a prior settlement to cover employees who did not fall within the ambit of the prior settlement:

> the [] release and settlement agreement must be interpreted to effectuate the intent of the parties in the context of the overall action. As noted, the [] release bound class members, who were defined as all hourly employees of U.S. Bank who worked at a U.S. Bank California in-store branch, during a Sunday shift, during the period April 9, 2003, through the date of judgment in that case; and (2) all hourly employees of a U.S. Bank who worked a shift of more than five hours at a U.S.

> Bank California in-store branch during the same period. The settlement agreement and release and the 'matter to which it relates' concerns only the overtime claims of non-exempt employees. Any claims about overtime payment due to exempt employees who were misclassified arise from a different factual predicate.

Here, the distinction between the class in the 2020 Action and that pled in the *Moody* Action is even more clear and more reflective of the intent of the parties to the 2020 Action.[4]

Even where a class definition is crafted specifically to avoid collateral estoppel, courts recognize that defining a class to exclude prior classes is appropriate:

> The Plaintiff in this case has narrowed the proposed definition in an attempt to overcome this defect and meet the class requirements under Rule 23. Based on the pleadings, the Court cannot conclude as a matter of law that the class definition in this case is identical to the class definition in *Creese* and that collateral estoppel applies to bar this action.

*Bova v. Wash. Mut. Bank*, Case No. 07cv2410 WQH (JMA), 2008 U.S. Dist. LEXIS 117291, *15-16 (S.D. Cal. Nov. 3, 2008).

## V.    Conclusion

For the reasons set forth above, by the plain language of the Settlement Agreement in the 2020 Action, the members of the class defined in the *Moody* Action are not included in the Settlement Class and are excluded from that 2020 Action. The members of the class pleaded in the *Moody* Action were not beneficiaries of the Settlement Agreement in the 2020 Action, were not parties to the 2020 Action, and were not represented in the 2020 Action. As there is no basis on which the Settlement Agreement in the 2020 Action can be applied to bar their claims, the

---

[4]     It is also clear that the class alleged in the *Moody* Action received no consideration for the release negotiated in the 2020 Action and indeed, could not assert that they were entitled to be compensated because the class members in the *Moody* Action did not create TikTok accounts or use the TikTok App until after September 30, 2021.

Settlement Agreement in the 2020 Action does not provide a basis for the dismissal of the claims in the *Moody* Action by virtue of the Settlement of the 2020 Action.

Dated: August 11, 2023

Respectfully submitted
*/s/ Stephen R. Basser*
Stephen R. Basser

**BARRACK RODOS & BACINE**
Stephen R. Basser
E-mail: sbasser@barrack.com
Samuel M. Ward
E-mail: sward@barrack.com
One America Plaza
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
Facsimile: (619) 230-1874

John G. Emerson
jemerson@emersonfirm.com
**EMERSON FIRM, PLLC**
2500 Wilcrest Drive, Suite 300
Houston, TX 77042
Telephone: (800) 551-8649
Facsimile: (501) 286-4659

*Attorneys for Plaintiff Moody and the*
*Putative Nationwide Class and Illinois Class*